GIBSON, DUNN & CRUTCHER, LLP
Robert E. Cooper, SBN 35888
 *rcooper@gibsondunn.com*
Wayne M. Barsky, SBN 116731
 *wbarsky@gibsondunn.com*
H. Mark Lyon, SBN 162061
 *mlyon@gibsondunn.com*
Y. Ernest Hsin, SBN 201668
 *ehsin@gibsondunn.com*
2029 Century Park East
Los Angeles, California 90067-4276
Telephone:  (310) 552-8500
Facsimile:   (310) 557-8741

GIBSON, DUNN & CRUTCHER, LLP
Josh A. Krevitt, SBN 208552
 *jkrevitt@gibsondunn.com*
200 Park Avenue
New York, New York 10166
Telephone: (212) 351-3500
Facsimile:  (212) 351-6390

GIBSON, DUNN & CRUTCHER, LLP
David A. Segal, SBN 166635
 *dsegal@gibsondunn.com*
3161 Michelson Drive
Irvine, California 92612-4412
Telephone: (949) 351-3800
Facsimile: (949) 351-4220

[Additional Counsel Listed on Signature Page]

Attorneys for Defendant and Counterclaim
Plaintiff Emulex Corporation

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BROADCOM CORPORATION,<br><br>                 Plaintiff,<br><br>        vs.<br><br>EMULEX CORPORATION,<br><br>                 Defendant.<br><br>And Related Counterclaims. | Case No. SACV 09-1058-JVS (ANx)<br><br>**EMULEX CORPORATION'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO FIRST AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

For its answer to Plaintiff Broadcom Corporation's First Amended Complaint for Patent Infringement (the "First Amended Complaint"), Emulex Corporation ("Emulex") responds as follows:

## JURISDICTION AND VENUE

1.      Responding to the allegations in paragraph 1 of the First Amended Complaint, Emulex admits that Plaintiff's claims purport to arise under the patent laws of the United States, and that Plaintiff seeks to invoke the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Except as expressly admitted herein, Emulex denies the allegations of paragraph 1.

2.      Responding to the allegations in paragraph 2, Emulex admits that its principal place of business is located in Costa Mesa, California, and that the district court has personal jurisdiction over Emulex in this action.  Except as expressly admitted herein, Emulex denies the allegations of paragraph 2.

3.      Responding to the allegations in paragraph 3, Emulex admits that venue is proper in this action.  Except as expressly admitted herein, Emulex denies the allegations of paragraph 3.

## PARTIES

4.      Responding to the allegations in paragraph 4 of the First Amended Complaint, Emulex is without sufficient information to form a belief as to the truth of the allegations in paragraph 4 of the First Amended Complaint and therefore denies the allegations in that paragraph.

5.      Responding to the allegations in paragraph 5 of the First Amended Complaint, Emulex admits that it is a corporation organized and existing under the laws of the state of Delaware and that its corporate headquarters are located at 3333 Susan Street, Costa Mesa, California 92626.

## ALLEGED FACTS

6.      Responding to the allegations in paragraph 6 of the First Amended Complaint, Emulex admits that Plaintiff's claims purport to arise under the patent laws

of the United States.  Except as expressly admitted herein, Emulex denies the allegations in paragraph 6.

7.      Responding to the allegations in paragraph 7 of the First Amended Complaint, Emulex admits that U.S. Patent No. 7,239,636 ("the '636 patent") is entitled "Multiple Virtual Channels for Use in Network Devices" and issued on July 3, 2007 with Shiri Kadambi and seven other individuals named as inventors.  Emulex admits that a copy of the '636 patent appears to be attached to the Complaint as Exhibit A.  Except as expressly admitted herein, Emulex is without sufficient information to admit or deny the allegations in paragraph 7 of the First Amended Complaint, and therefore denies those allegations.

8.      Responding to the allegations in paragraph 8 of the First Amended Complaint, Emulex admits that U.S. Patent No. 7,295,555 ("the '555 patent") is entitled "System and Method for Identifying Upper Layer Protocol Message Boundaries" and issued on November 13, 2007 with Uri Elzur named as inventor. Emulex denies that the patent attached as Exhibit B to the First Amended Complaint is a true and correct copy of the '555 patent, as it omits a Certificate of Correction dated April 22, 2008.  Except as expressly admitted herein, Emulex is without sufficient information to admit or deny the allegations in paragraph 8 of the First Amended Complaint, and therefore denies those allegations.

9.      Responding to the allegations in paragraph 9 of the First Amended Complaint, Emulex admits that U.S. Patent No. 6,766,389 ("the '389 patent") is entitled "System on a Chip for Networking" and issued on July 20, 2004 with Mark D. Hayter and two other individuals named as inventors.  Emulex admits that a copy of the '389 patent appears to be attached to the First Amended Complaint as Exhibit C. Except as expressly admitted herein, Emulex is without sufficient information to admit or deny the allegations in paragraph 9 of the First Amended Complaint, and therefore denies those allegations.

10.    Responding to the allegations in paragraph 10 of the First Amended Complaint, Emulex admits that U.S. Patent No. 7,471,691 ("the '691 patent") is entitled "Fibre Channel Arbitrated Loop Bufferless Switch Circuitry to Increase Bandwidth Without Significant Increase in Cost" and issued on December 30, 2008 with Alistair D. Black and Kurt Chan named as inventors.  Emulex admits that a copy of the '691 patent appears to be attached to the First Amended Complaint as Exhibit D. Except as expressly admitted herein, Emulex is without sufficient information to admit or deny the allegations in paragraph 10 of the First Amended Complaint, and therefore denies those allegations.

11.    Responding to the allegations in paragraph 11 of the First Amended Complaint, Emulex admits that U.S. Patent No. 7,450,500 ("the '500 patent") is entitled "Fibre Channel Arbitrated Loop Bufferless Switch Circuitry to Increase Bandwidth Without Significant Increase in Cost" and issued on November 11, 2008 with Alistair D. Black and Kurt Chan named as inventors.  Emulex admits that a copy of the '500 patent appears to be attached to the First Amended Complaint as Exhibit E. Except as expressly admitted herein, Emulex is without sufficient information to admit or deny the allegations in paragraph 11 of the First Amended Complaint, and therefore denies those allegations.

12.    Responding to the allegations in paragraph 12 of the First Amended Complaint, Emulex admits that U.S. Patent No. 6,424,194 ("the '194 patent") is entitled "Current-Controlled CMOS Logic Family" and issued on July 23, 2002 with Armond Hairapetian named as inventor.  Emulex denies that the patent attached as Exhibit F to the First Amended Complaint is a true and correct copy of the '194 patent, as it omits a Certificate of Correction dated August 28, 2007.  Except as expressly admitted herein, Emulex is without sufficient information to admit or deny the allegations in paragraph 12 of the First Amended Complaint, and therefore denies those allegations.

13.     Responding to the allegations in paragraph 13 of the First Amended Complaint, Emulex admits that U.S. Patent No. 7,038,516 ("the '516 patent") is entitled "Current-Controlled CMOS Logic Family" and issued on May 2, 2006 with Armond Hairapetian named as inventor.  Emulex admits that a copy of the '516 patent appears to be attached to the First Amended Complaint as Exhibit G.  Except as expressly admitted herein, Emulex is without sufficient information to admit or deny the allegations in paragraph 13 of the First Amended Complaint, and therefore denies those allegations.

14.     Responding to the allegations in paragraph 14 of the First Amended Complaint, Emulex admits that U.S. Patent No. 7,486,124 ("the '124 patent") is entitled "Current-Controlled CMOS Logic Family" and issued on February 3, 2009 with Armond Hairapetian named as inventor.  Emulex admits that a copy of the '124 patent appears to be attached to the First Amended Complaint as Exhibit H.  Except as expressly admitted herein, Emulex is without sufficient information to admit or deny the allegations in paragraph 14 of the First Amended Complaint, and therefore denies those allegations.

15.     Responding to the allegations in paragraph 15 of the First Amended Complaint, Emulex admits that U.S. Patent No. 7,215,169 ("the '169 patent") is entitled "Current-Controlled CMOS Logic Family" and issued on May 8, 2007 with Armond Hairapetian named as inventor.  Emulex admits that a copy of the '169 patent appears to be attached to the First Amended Complaint as Exhibit I.  Except as expressly admitted herein, Emulex is without sufficient information to admit or deny the allegations in paragraph 15 of the First Amended Complaint, and therefore denies those allegations.

16.     Responding to the allegations in paragraph 16 of the First Amended Complaint, Emulex admits that U.S. Patent No. 7,313,623 ("the '623 patent") is entitled "System and Method for TCP/IP Offload Independent of Bandwidth Delay Product" and issued on December 25, 2007 with Uri Elzur and three other individuals

named as inventors.  Emulex admits that a copy of the '623 patent appears to be attached to the First Amended Complaint as Exhibit J.  Except as expressly admitted herein, Emulex is without sufficient information to admit or deny the allegations in paragraph 16 of the First Amended Complaint, and therefore denies those allegations.

17.    Responding to the allegations in paragraph 17 of the First Amended Complaint, Emulex admits that U.S. Patent No. 7,058,150 ("the '150 patent") is entitled "High-Speed Serial Data Transceiver and Related Methods" and issued on June 6, 2006 with Aaron W. Buchwald and six other individuals named as inventors. Emulex admits that a copy of the '150 patent appears to be attached to the First Amended Complaint as Exhibit K.  Except as expressly admitted herein, Emulex is without sufficient information to admit or deny the allegations in paragraph 17 of the First Amended Complaint, and therefore denies those allegations.

18.    Responding to the allegations in paragraph 18 of the First Amended Complaint, Emulex is without sufficient information to admit or deny the allegations in paragraph 18 of the First Amended Complaint, and therefore denies those allegations.

19.    Emulex denies the allegations in paragraph 19 of the First Amended Complaint.

20.    Responding to the allegations in paragraph 20 of the First Amended Complaint, Emulex admits that its subsidiaries ESL, EDM, and EDI design, make, use, sell, and/or support networking infrastructure solutions.

21.    Responding to the allegations in paragraph 21 of the First Amended Complaint, Emulex admits that its subsidiaries ESL, EDM, and EDI design, make, use, sell, and/or support fibre channel based connectivity products.

22.    Responding to the allegations in paragraph 22 of the First Amended Complaint, Emulex admits that its subsidiaries ESL, EDM, and EDI design, make, use, sell, and/or support application-specific integrated circuits ("ASICs") which contain embedded Serializers/Deserializers.

23.     Responding to the allegations in paragraph 23 of the First Amended Complaint, Emulex admits that its subsidiaries ESL, EDM, and EDI design, make, use, sell, and/or support converged network adapters under the trademark "LightPulse".

24.     Responding to the allegations in paragraph 24 of the First Amended Complaint, Emulex admits that its subsidiaries ESL, EDM, and EDI design, make, use, sell, and/or support universal converged network adapters under the trademark "OneConnect".

25.     Responding to the allegations in paragraph 25 of the First Amended Complaint, Emulex admits that its subsidiaries ESL, EDM, and EDI design, make, use, sell, and/or support embedded storage networking products, which include embedded storage processors, embedded storage controllers, and embedded storage switches.

26.     Responding to the allegations in paragraph 26 of the First Amended Complaint, Emulex admits that its subsidiaries ESL, EDM, and EDI design, make, use, sell, and/or support embedded storage switches under the trademarks "InSpeed" and "FibreSpy".

27.     Responding to the allegations in paragraph 27 of the First Amended Complaint, Emulex admits that its subsidiaries ESL, EDM, and EDI design, make, use, sell, and/or support converged network adapters which are integrated into devices made, used, and/or sold by original equipment manufacturers ("OEMs").

28.     Responding to the allegations in paragraph 28 of the First Amended Complaint, Emulex admits that its subsidiaries ESL, EDM, and EDI design, make, use, sell, and/or support embedded storage networking products which are integrated into devices made, used, and/or sold by OEMs.

29.     Emulex denies the allegations in paragraph 29 of the First Amended Complaint.

30.     Emulex denies the allegations in paragraph 30 of the First Amended Complaint.

31.     Emulex denies the allegations in paragraph 31 of the First Amended Complaint.

32.     Emulex denies the allegations in paragraph 32 of the First Amended Complaint.

33.     Emulex denies the allegations in paragraph 33 of the First Amended Complaint.

**COUNT ONE – ALLEGED INFRINGEMENT OF THE '636 PATENT**

34.     Responding to the allegations in paragraph 34 of the First Amended Complaint, Emulex re-alleges and incorporates by reference its responses set forth in paragraphs 1 through 33 of this Answer as if fully set forth herein.

35.     Emulex denies the allegations in paragraph 35 of the First Amended Complaint.

36.     Emulex denies the allegations in paragraph 36 of the First Amended Complaint.

37.     Emulex denies the allegations in paragraph 37 of the First Amended Complaint.

38.     Emulex denies the allegations in paragraph 38 of the First Amended Complaint.

39.     Emulex denies the allegations in paragraph 39 of the First Amended Complaint.

**COUNT TWO – ALLEGED INFRINGEMENT OF THE '555 PATENT**

40.     Responding to the allegations in paragraph 40 of the First Amended Complaint, Emulex re-alleges and incorporates by reference its responses set forth in paragraphs 1 through 39 of this Answer as if fully set forth herein.

41.     Emulex denies the allegations in paragraph 41 of the First Amended Complaint.

42.     Emulex denies the allegations in paragraph 42 of the First Amended Complaint.

43.     Emulex denies the allegations in paragraph 43 of the First Amended Complaint.

44.     Emulex denies the allegations in paragraph 44 of the First Amended Complaint.

45.     Emulex denies the allegations in paragraph 45 of the First Amended Complaint.

**COUNT THREE – ALLEGED INFRINGEMENT OF THE '389 PATENT**

46.     Responding to the allegations in paragraph 46 of the First Amended Complaint, Emulex re-alleges and incorporates by reference its responses set forth in paragraphs 1 through 45 of this Answer as if fully set forth herein.

47.     Emulex denies the allegations in paragraph 47 of the First Amended Complaint.

48.     Emulex denies the allegations in paragraph 48 of the First Amended Complaint.

49.     Emulex denies the allegations in paragraph 49 of the First Amended Complaint.

50.     Emulex denies the allegations in paragraph 50 of the First Amended Complaint.

51.     Emulex denies the allegations in paragraph 51 of the First Amended Complaint.

**COUNT FOUR – ALLEGED INFRINGEMENT OF THE '691 PATENT**

52.     Responding to the allegations in paragraph 52 of the First Amended Complaint, Emulex re-alleges and incorporates by reference its responses set forth in paragraphs 1 through 51 of this Answer as if fully set forth herein.

53.     Emulex denies the allegations in paragraph 53 of the First Amended Complaint.

54.     Emulex denies the allegations in paragraph 54 of the First Amended Complaint.

55. Emulex denies the allegations in paragraph 55 of the First Amended Complaint.

56. Emulex denies the allegations in paragraph 56 of the First Amended Complaint.

57. Emulex denies the allegations in paragraph 57 of the First Amended Complaint.

**COUNT FIVE – ALLEGED INFRINGEMENT OF THE '500 PATENT**

58. Responding to the allegations in paragraph 58 of the First Amended Complaint, Emulex re-alleges and incorporates by reference its responses set forth in paragraphs 1 through 57 of this Answer as if fully set forth herein.

59. Emulex denies the allegations in paragraph 59 of the First Amended Complaint.

60. Emulex denies the allegations in paragraph 60 of the First Amended Complaint.

61. Emulex denies the allegations in paragraph 61 of the First Amended Complaint.

62. Emulex denies the allegations in paragraph 62 of the First Amended Complaint.

63. Emulex denies the allegations in paragraph 63 of the First Amended Complaint.

**COUNT SIX – ALLEGED INFRINGEMENT OF THE '194 PATENT**

64. Responding to the allegations in paragraph 64 of the First Amended Complaint, Emulex re-alleges and incorporates by reference its responses set forth in paragraphs 1 through 65 of this Answer as if fully set forth herein.

65. Emulex denies the allegations in paragraph 65 of the First Amended Complaint.

66. Emulex denies the allegations in paragraph 66 of the First Amended Complaint.

1   67.   Emulex denies the allegations in paragraph 67 of the First Amended

2   Complaint.

3   68.   Emulex denies the allegations in paragraph 68 of the First Amended

4   Complaint.

5   69.   Emulex denies the allegations in paragraph 69 of the First Amended

6   Complaint.

7   **COUNT SEVEN – ALLEGED INFRINGEMENT OF THE '516 PATENT**

8   70.   Responding to the allegations in paragraph 70 of the First Amended

9   Complaint, Emulex re-alleges and incorporates by reference its responses set forth in

10   paragraphs 1 through 69 of this Answer as if fully set forth herein.

11   71.   Emulex denies the allegations in paragraph 71 of the First Amended

12   Complaint.

13   72.   Emulex denies the allegations in paragraph 72 of the First Amended

14   Complaint.

15   73.   Emulex denies the allegations in paragraph 73 of the First Amended

16   Complaint.

17   74.   Emulex denies the allegations in paragraph 74 of the First Amended

18   Complaint.

19   75.   Emulex denies the allegations in paragraph 75 of the First Amended

20   Complaint.

21   **COUNT EIGHT – ALLEGED INFRINGEMENT OF THE '124 PATENT**

22   76.   Responding to the allegations in paragraph 76 of the First Amended

23   Complaint, Emulex re-alleges and incorporates by reference its responses set forth in

24   paragraphs 1 through 75 of this Answer as if fully set forth herein.

25   77.   Emulex denies the allegations in paragraph 77 of the First Amended

26   Complaint.

27   78.   Emulex denies the allegations in paragraph 78 of the First Amended

28   Complaint.

10

79.     Emulex denies the allegations in paragraph 79 of the First Amended Complaint.

80.     Emulex denies the allegations in paragraph 80 of the First Amended Complaint.

81.     Emulex denies the allegations in paragraph 81 of the First Amended Complaint.

**COUNT NINE – ALLEGED INFRINGEMENT OF THE '169 PATENT**

82.     Responding to the allegations in paragraph 82 of the First Amended Complaint, Emulex re-alleges and incorporates by reference its responses set forth in paragraphs 1 through 81 of this Answer as if fully set forth herein.

83.     Emulex denies the allegations in paragraph 83 of the First Amended Complaint.

84.     Emulex denies the allegations in paragraph 84 of the First Amended Complaint.

85.     Emulex denies the allegations in paragraph 85 of the First Amended Complaint.

86.     Emulex denies the allegations in paragraph 86 of the First Amended Complaint.

87.     Emulex denies the allegations in paragraph 87 of the First Amended Complaint.

**COUNT TEN – ALLEGED INFRINGEMENT OF THE '623 PATENT**

88.     Responding to the allegations in paragraph 88 of the First Amended Complaint, Emulex re-alleges and incorporates by reference its responses set forth in paragraphs 1 through 87 of this Answer as if fully set forth herein.

89.     Emulex denies the allegations in paragraph 89 of the First Amended Complaint.

90.     Emulex denies the allegations in paragraph 90 of the First Amended Complaint.

11

91.     Emulex denies the allegations in paragraph 91 of the First Amended Complaint.

92.     Emulex denies the allegations in paragraph 92 of the First Amended Complaint.

93.     Emulex denies the allegations in paragraph 93 of the First Amended Complaint.

**COUNT ELEVEN – ALLEGED INRINGEMENT OF THE '150 PATENT**

94.     Responding to the allegations in paragraph 94 of the First Amended Complaint, Emulex re-alleges and incorporates by reference its responses set forth in paragraphs 1 through 93 of this Answer as if fully set forth herein.

95.     Emulex denies the allegations in paragraph 95 of the First Amended Complaint.

96.     Emulex denies the allegations in paragraph 96 of the First Amended Complaint.

97.     Emulex denies the allegations in paragraph 97 of the First Amended Complaint.

98.     Emulex denies the allegations in paragraph 98 of the First Amended Complaint.

99.     Emulex denies the allegations in paragraph 99 of the First Amended Complaint.

**ALLEGED DAMAGES**

100.    Emulex denies the allegations in paragraph 100 of the First Amended Complaint.

**INJUNCTIVE RELIEF**

101.    Emulex denies the allegations in paragraph 101 of the First Amended Complaint.

## PLAINTIFF'S PRAYER FOR RELIEF

Emulex denies that Plaintiff is entitled to any relief whatsoever, including any of the relief requested in its Prayer for Relief, as set forth in Section XVII of the First Amended Complaint.

## EMULEX'S AFFIRMATIVE DEFENSES

Without conceding that it bears the burden of proof on any of the matters raised below, Emulex asserts the following affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE
## (Non-Infringement)

Emulex is not infringing and has not infringed, directly or indirectly, either literally or by application of the doctrine of equivalents, any valid claim of any one of the patents-in-suit.

## SECOND AFFIRMATIVE DEFENSE
## (Invalidity)

The claims of the patents-in-suit are invalid for failure to satisfy one or more of the conditions and requirements of patentability set forth in 35 U.S.C. § 1 *et seq.*, including without limitation §§ 101, 102, 103, and 112.

## THIRD AFFIRMATIVE DEFENSE
## (Laches)

Plaintiff's claims are barred in whole or in part by the doctrine of laches. For example, and without in any way limiting the foregoing, the SOC 422 device was first announced by Emulex January 26, 2004. The '194 Patent was issued on July 23, 2002. Plaintiff unreasonably and inexcusably delayed filing suit for infringement of the '194 patent, to the material prejudice of Emulex.

## FOURTH AFFIRMATIVE DEFENSE
## (Patent Exhaustion)

Plaintiff's claims are barred by the doctrine of patent exhaustion. For example, and without in any way limiting the foregoing, Plaintiff entered into a settlement and

patent cross-license agreement with Intel Corporation in resolution of certain patent litigation between Plaintiff and Intel Corporation.  The IOP 502M and IOC 500S devices were an are manufactured by Intel Corporation and sold to Emulex.  Thus, the claims of the '389 patent are barred by the doctrine of patent exhaustion to the extent they are asserted against the IOP 502M and IOC 500S devices.

### FIFTH AFFIRMATIVE DEFENSE

### (License)

Plaintiff's claims are barred by licenses granted to suppliers of Emulex.  For example, and without in any way limiting the foregoing, the claims of the '389 patent asserted against the IOP 502M and IOC 500S devices are barred by the patent license agreement between Plaintiff and Intel Corporation.

### SIXTH AFFIRMATIVE DEFENSE

### (Equitable Estoppel)

Plaintiff's claims are barred by the doctrine of equitable estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

On information and belief, Plaintiff's claims are barred by the doctrine of unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

### (Participation in Standards-Setting Activities)

Plaintiff's claims, including but not limited to its claims for injunctive relief, are barred as a result of Plaintiff's participation in certain standards-setting activities and organizations.  Without in any way limiting the foregoing, Emulex provides the following examples:

*IEEE Activities:*  Plaintiff participated in the formulation of the Institute of Electrical and Electronics Engineers (IEEE) industry standard 802.1Qaz concerning "Virtual Bridged Local Area Networks" and relating to the DCB Capability Exchange Protocol ("DCBx").  The '636 patent was in existence during the formulation of this

14

industry standard.  Plaintiff filed a "Letter of Assurance for Essential Patent claims" with the IEEE on March 11, 2009 stating that Plaintiff would "grant a license under reasonable rates to an unrestricted number of applicants on a worldwide basis with reasonable terms that are demonstrably free of unfair discrimination."  Upon information and belief, one or more claims of the '636 patent, including but not limited to claim 18, were formulated and prosecuted by Plaintiff in an attempt to cover compliant implementations of the IEEE 802.1Qaz standard.

*IETF Activities:*  Plaintiff participated in the formulation of the Internet Engineering Task Force (IETF) industry standard RFC 5044 concerning "Virtual Marker PDU Aligned Framing for TCP Specification" and relating to the Marker PDU Alignment Protocol ("MPA").  The patent application which matured into the '555 patent was pending during the formulation of the standard RFC 5044.  Plaintiff filed a 3 document entitled "Broadcom's Statement About IPR claimed in draft-ietf-rddp-pa-01" with the IETF on September 2, 2004, stating that Plaintiff would "offer a non-exclusive license on reasonable and non-discriminatory terms (which may include defensive suspension rights) for only such portion of any product which is fully compliant with said IETF Standard, under any issued patent claims owned by Broadcom which would necessarily be infringed by a product solely because it is fully compliant with the IETF standard," and further listing U.S. Patent Application Serial No. 10/230,643, which later issued as the '555 patent.  Upon information and belief, one or more claims of the '555 patent, including but not limited to claim 1, were formulated and prosecuted by Plaintiff in an attempt to cover compliant implementations of the IETF RFC 5044 standard.

### NINTH AFFIRMATIVE DEFENSE

### (Six-Year Limitation on Damages)

Plaintiff's available remedies are limited by 35 U.S.C. § 286.

**TENTH AFFIRMATIVE DEFENSE**

**(Notice and Patent Number Marking)**

Plaintiff's available remedies are limited by 35 U.S.C. § 287.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Injunctive Relief Unavailable)**

Even if Plaintiff were to prevail on anyone or more of its claims in this action, it would not be entitled to injunctive relief because: a) Plaintiff has not suffered, and will not suffer, any irreparable injury; b) remedies available at law would be adequate to compensate for any alleged injury; c) considering the balance of hardships between the Plaintiff and Emulex, injunctive relief would not be warranted; and, (d) the public interest would be disserved by any form of injunctive relief.

For example, and without in any way limiting the foregoing, among the many specific facts rendering any prospective injunctive relief inappropriate are at least the following:

- Plaintiff does not have products which OEMs can use to replace the LP21000 family, LP21002 family, LP2105-CI, OneConnect™ Universal Converged Network Adapter, IOP 502M, IOC 500S, or SOC 422 products;

- Even if Emulex were found to be liable, remedies at law, such as a reasonable royalty, would be an adequate remedy. This is true notwithstanding the fact that Emulex's worldwide product revenue for the LP21000 family, LP21002 family, LP2105-CI, OneConnect™ Universal Converged Network Adapter, lOP 502M, IOC 500S, and SOC 422 products was, in the aggregate, approximately 7% of Emu lex's worldwide product revenue for the fiscal quarter ending September 27, 009.

**TWELVTH AFFIRMATIVE DEFENSE**

**(Failure to State a Claim Upon Which Relief Can Be Granted)**

Plaintiff's claims of alleged infringement of the patents-in-suit do not state a claim upon which relief can be granted because the specific allegations of plaintiff's

16

First Amended Complaint do not comport with facts that, after a reasonable and adequate investigation, are or should have been known by Plaintiff.

## EMULEX CORPORATION'S COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendant and Counterclaim Plaintiff Emulex Corporation (referred to herein, together with its direct and indirect subsidiaries, as "Emulex") alleges the following counterclaims against Plaintiff and Counterclaim Defendant Broadcom Corporation ("Broadcom").

## JURISDICTION AND VENUE

1. The counterclaims asserted herein arise under the patent laws of the United States, Title 35 U.S.C. §§ 1 *et seq.*, and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367(a).

2. This Court has personal jurisdiction over counterclaim defendant Broadcom because Broadcom resides in this judicial district, has its principal place of business in this district, and filed its Complaint for Patent Infringement in this judicial district.

3. Venue for this Counterclaim is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## THE PARTIES

4. Emulex is a corporation organized and existing under the laws of the state of Delaware, with its corporate headquarters located at 3333 Susan Street, Costa Mesa, California 92626.

5. On information and belief, Broadcom is a corporation organized and existing under the laws of the state of California, with its principal place of business located at 5300 California Avenue, Irvine, California 92617.

## SUMMARY

Unable to compete fairly with Emulex for the next generation of 10 gigabyte/second Enhanced Ethernet products, and having lost its bid to acquire Emulex

17

and its core technology through a hostile takeover, Broadcom now resorts to the irresponsible strategy of dredging its patent portfolio and suing Emulex for alleged infringement of a hodgepodge of invalid and irrelevant patents.  Many of the patents asserted by Broadcom are invalid due to prior art problems well-known to Broadcom. Moreover, the relief sought pursuant to many of the asserted patents is barred by licenses granted to the suppliers to Emulex, delays by Broadcom, Broadcom's participation in standards-setting activities, or some combination of the foregoing.  Not one of the patents is directed to Emulex's core business.  And, as will be proved at trial in this matter, no valid patent claim asserted by Broadcom is infringed by Emulex.

**FIRST COUNTERCLAIM**

**(Declaratory Judgment of Invalidity and Non-Infringement**

**of U.S. Patent No. 7,239,636)**

6.     Emulex incorporates by reference, as if fully set forth herein, paragraphs 1 through 5 of this Counterclaim.

7.     Broadcom asserts that it is the owner of all right, title and interest in and to United States Patent No. 7,239,636 ("the '636 patent"), entitled "Multiple Virtual Channels for Use in Network Devices."

8.     In an action filed on or about September 14, 2009, Broadcom filed a Complaint alleging, *inter alia*, that Emulex is infringing the '636 patent.

9.     Emulex denies that it has infringed, or is infringing, the '636 patent, directly or indirectly, and either literally or by application of the doctrine of equivalents.

10.    A substantial, actual, and continuing controversy has arisen and now exists between Emulex and Broadcom as to whether any of Emulex's acts, products, and/or services infringe, or have infringed, any valid claim of the '636 patent.

11.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Emulex requests a declaration from the Court that it has not infringed, and is not

infringing, any valid claim of the '636 patent, directly or indirectly, and either literally, or by application of the doctrine of equivalents.

12.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Emulex requests a declaration from the Court that each claim of the '636 patent is invalid for failure to comply with one or more of the requirements and conditions for patentability set forth in the patent laws, 35 U.S.C. §§ 100 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

For example, and without in any way limiting the foregoing, the U.S. patent application which issued as the '636 patent was also used as the basis for Broadcom's European Patent EP1280302A2 (the "European Counterpart"). On April 18,2007, prior to issuance of the '636 patent, the European Patent Office ("EPO") issued a summons to Broadcom to attend oral proceedings concerning an opposition seeking revocation of the European Counterpart. The summons included a three-page description of the "matters to be discussed." Prior to issuance of the '636 patent on July 3,2007, Broadcom did not provide copies to the U.S. Patent and Trademark Office of the opposition, the subpoena, or the three pages of "matters to be discussed."  The European Counterpart was revoked by the EPO on November 21, 2007.

## SECOND COUNTERCLAIM

### (Declaratory Judgment of Invalidity and Non-Infringement
### of U.S. Patent No. 7,295,555)

13.     Emulex incorporates by reference, as if fully set forth herein, paragraphs 1 through 5 of this Counterclaim.

14.     Broadcom asserts that it is the owner of all right, title and interest in and to United States Patent No. 7,295,555 ("the '555 patent"), entitled "System and Method for Identifying Upper Layer Protocol Message Boundaries."

15.     In an action filed on or about September 14, 2009, Broadcom filed a Complaint alleging, *inter alia*, that Emulex is infringing the '555 patent.

16.    Emulex denies that it has infringed, or is infringing, the '555 patent, directly or indirectly, and either literally or by application of the doctrine of equivalents.

17.    A substantial, actual, and continuing controversy has arisen and now exists between Emulex and Broadcom as to whether any of Emulex's acts, products, and/or services infringe, or have infringed, any valid claim of the '555 patent.

18.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Emulex requests a declaration from the Court that it has not infringed, and is not infringing, any valid claim of the '555 patent, directly or indirectly, and either literally, or by application of the doctrine of equivalents.

19.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Emulex requests a declaration from the Court that each claim of the '555 patent is invalid for failure to comply with one or more of the requirements and conditions for patentability set forth in the patent laws, 35 U.S.C. §§ 100 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

## THIRD COUNTERCLAIM

### (Declaratory Judgment of Invalidity and Non-Infringement
### of U.S. Patent No. 6,766,389)

20.    Emulex incorporates by reference, as if fully set forth herein, paragraphs 1 through 5 of this Counterclaim.

21.    Broadcom asserts that it is the owner of all right, title and interest in and to United States Patent No. 6,766,389 ("the '389 patent"), entitled "System on a Chip for Networking."

22.    In an action filed on or about September 14, 2009, Broadcom filed a Complaint alleging, *inter alia*, that Emulex is infringing the '389 patent.

23.    Emulex denies that it has infringed, or is infringing, the '389  patent, directly or indirectly, and either literally or by application of the doctrine of equivalents.

20

24.     A substantial, actual, and continuing controversy has arisen and now exists between Emulex and Broadcom as to whether any of Emulex's acts, products, and/or services infringe, or have infringed, any valid claim of the '389 patent.

25.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Emulex requests a declaration from the Court that it has not infringed, and is not infringing, any valid claim of the '389 patent, directly or indirectly, and either literally, or by application of the doctrine of equivalents.

26.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Emulex requests a declaration from the Court that each claim of the '389 patent is invalid for failure to comply with one or more of the requirements and conditions for patentability set forth in the patent laws, 35 U.S.C. §§ 100 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

## FOURTH COUNTERCLAIM

### (Declaratory Judgment of Invalidity and Non-Infringement
### of U.S. Patent No. 7,471,691)

27.     Emulex incorporates by reference, as if fully set forth herein, paragraphs 1 through 5 of this Counterclaim.

28.     Broadcom asserts that it is the owner of all right, title and interest in and to United States Patent No. 7,471,691 ("the '691 patent"), entitled "Fibre Channel Arbitrated Loop Bufferless Switch Circuitry to Increase Bandwidth Without Significant Increase in Cost."  Broadcom signed a January 21,2003 "Asset PurchasemAgreement" with Gadzoox Networks, Inc., pursuant to the Chapter 11 filings by that company in the United States Bankruptcy Court. The Asset Purchase Agreement included an assignment to Broadcom of the title to U.S. patent application 09/195,846, which is the parent of the patent application which later issued as the '691 patent.

29.     In an action filed on or about September 14, 2009, Broadcom filed a Complaint alleging, *inter alia*, that Emulex is infringing the '691 patent.

21

30.     Emulex denies that it has infringed, or is infringing, the '691 patent, directly or indirectly, and either literally or by application of the doctrine of equivalents.

31.     A substantial, actual, and continuing controversy has arisen and now exists between Emulex and Broadcom as to whether any of Emulex's acts, products, and/or services infringe, or have infringed, any valid claim of the '691 patent.

32.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Emulex requests a declaration from the Court that it has not infringed, and is not infringing, any valid claim of the '691 patent, directly or indirectly, and either literally, or by application of the doctrine of equivalents.

33.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Emulex requests a declaration from the Court that each claim of the '691 patent is invalid for failure to comply with one or more of the requirements and conditions for patentability set forth in the patent laws, 35 U.S.C. §§ 100 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

## FIFTH COUNTERCLAIM

### (Declaratory Judgment of Invalidity and Non-Infringement
### of U.S. Patent No. 7,450,500)

34.     Emulex incorporates by reference, as if fully set forth herein, paragraphs 1 through 5 of this Counterclaim.

35.     Broadcom asserts that it is the owner of all right, title and interest in and to United States Patent No. 7,450,500 ("the '500 patent"), entitled "Fibre Channel Arbitrated Loop Bufferless Switch Circuitry to Increase Bandwidth Without Significant Increase in Cost."  Broadcom signed a January 21, 2003 "Asset Purchase Agreement" with Gadzoox Networks, Inc., pursuant to the Chapter 11 filings by that company in the United States Bankruptcy Court.  The Asset Purchase Agreement included an assignment to Broadcom of the title to U.S. patent application 09/195,846, which is the parent of the patent application which later issued as the '500 patent.

36.     In an action filed on or about September 14, 2009, Broadcom filed a Complaint alleging, *inter alia*, that Emulex is infringing the '500 patent.

37.     Emulex denies that it has infringed, or is infringing, the '500 patent, directly or indirectly, and either literally or by application of the doctrine of equivalents.

38.     A substantial, actual, and continuing controversy has arisen and now exists between Emulex and Broadcom as to whether any of Emulex's acts, products, and/or services infringe, or have infringed, any valid claim of the '500 patent.

39.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Emulex requests a declaration from the Court that it has not infringed, and is not infringing, any valid claim of the '500 patent, directly or indirectly, and either literally, or by application of the doctrine of equivalents.

40.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Emulex requests a declaration from the Court that each claim of the '500 patent is invalid for failure to comply with one or more of the requirements and conditions for patentability set forth in the patent laws, 35 U.S.C. §§ 100 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

## SIXTH COUNTERCLAIM

### (Declaratory Judgment of Invalidity and Non-Infringement
### of U.S. Patent No. 6,424,194)

41.     Emulex incorporates by reference, as if fully set forth herein, paragraphs 1 through 5 of this Counterclaim.

42.     Broadcom asserts that it is the owner of all right, title and interest in and to United States Patent No. 6,424,194 ("the '194 patent"), entitled "Current-Controlled CMOS Logic Family."

43.     In an action filed on or about September 14, 2009, Broadcom filed a Complaint alleging, *inter alia*, that Emulex is infringing the '194 patent.

44.     Emulex denies that it has infringed, or is infringing, any valid claim of the '194 patent.

45.     A substantial, actual, and continuing controversy has arisen and now exists between Emulex and Broadcom as to whether any of Emulex's acts, products, and/or services infringe, or have infringed, any valid claim of the '194 patent.

46.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Emulex requests a declaration from the Court that it has not infringed, and is not infringing, any valid claim of the '194 patent, directly or indirectly, and either literally, or by application of the doctrine of equivalents.

47.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Emulex requests a declaration from the Court that each claim of the '194 patent is invalid for failure to comply with one or more of the requirements and conditions for patentability set forth in the patent laws, 35 U.S.C. §§ 100 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.  For example, and without in any way limiting the foregoing, the '194 patent is invalid in view of at least the following publications and patents known to Plaintiff long before the commencement of this lawsuit:

- Ewen, John F., et. al. (IBM Corporation), "WP 2.1: Single-Chip 1062Mbaud CMOS Transceiver for Serial Data Communication," IEEE International Solid State Circuits Conference, pp. 32-33,336 (1995);

- Fiedler, Alan, et. al. (LSI Logic Corp.), "FP 15.1: A 1.0625Gbps Transceiver with 2x-Oversampling and Transmit Signal Pre-Emphasis," 1997 IEEE International Solid-state Circuits Conference, pp. 238, 239, 464; and

- Fiedler, Alan (LSI Logic Corp.), U.S. Patent No. 5,726,588, entitled "Differential-To-CMOS Level Converter Having Cross-Over Voltage Adjustment."

## SEVENTH COUNTERCLAIM

### (Declaratory Judgment of Invalidity and Non-Infringement

### of U.S. Patent No. 7,038,516)

48.     Emulex incorporates by reference, as if fully set forth herein, paragraphs 1 through 5 of this Counterclaim.

49.     Broadcom asserts that it is the owner of all right, title and interest in and to United States Patent No. 7,038,516 ("the '516 patent"), entitled "Current-Controlled CMOS Logic Family."

50.     In an action filed on or about September 14, 2009, Broadcom filed a Complaint alleging, *inter alia*, that Emulex is infringing the '516 patent.

51.     Emulex denies that it has infringed, or is infringing, any valid claim of the '516  patent.

52.     A substantial, actual, and continuing controversy has arisen and now exists between Emulex and Broadcom as to whether any of Emulex's acts, products, and/or services infringe, or have infringed, any valid claim of the '516 patent.

53.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Emulex requests a declaration from the Court that it has not infringed, and is not infringing, any valid claim of the '516 patent, directly or indirectly, and either literally, or by application of the doctrine of equivalents.

54.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Emulex requests a declaration from the Court that each claim of the '516 patent is invalid for failure to comply with one or more of the requirements and conditions for patentability set forth in the patent laws, 35 U.S.C. §§ 100 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

# EIGHTH COUNTERCLAIM

## (Declaratory Judgment of Invalidity and Non-Infringement

## of U.S. Patent No. 7,486,124)

55.     Emulex incorporates by reference, as if fully set forth herein, paragraphs 1 through 5 of this Counterclaim.

56.     Broadcom asserts that it is the owner of all right, title and interest in and to United States Patent No. 7,486,124 ("the '124 patent"), entitled "Current-Controlled CMOS Logic Family."

57.     In an action filed on or about September 14, 2009, Broadcom filed a Complaint alleging, *inter alia*, that Emulex is infringing the '124 patent.

58.     Emulex denies that it has infringed, or is infringing, any valid claim of the '124  patent.

59.     A substantial, actual, and continuing controversy has arisen and now exists between Emulex and Broadcom as to whether any of Emulex's acts, products, and/or services infringe, or have infringed, any valid claim of the '124 patent.

60.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Emulex requests a declaration from the Court that it has not infringed, and is not infringing, any valid claim of the '124 patent, directly or indirectly, and either literally, or by application of the doctrine of equivalents.

61.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Emulex requests a declaration from the Court that each claim of the '124 patent is invalid for failure to comply with one or more of the requirements and conditions for patentability set forth in the patent laws, 35 U.S.C. §§ 100 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### NINTH COUNTERCLAIM

### (Declaratory Judgment of Invalidity and Non-Infringement

### of U.S. Patent No. 7,215,169)

62.     Emulex incorporates by reference, as if fully set forth herein, paragraphs 1 through 5 of this Counterclaim.

63.     Broadcom asserts that it is the owner of all right, title and interest in and to United States Patent No. 7,215,169 ("the '169 patent"), entitled "Current-Controlled CMOS Logic Family."

64.     In an action filed on or about September 14, 2009, Broadcom filed a Complaint alleging, *inter alia*, that Emulex is infringing the '169 patent.

65.     Emulex denies that it has infringed, or is infringing, any valid claim of the '169  patent.

66.     A substantial, actual, and continuing controversy has arisen and now exists between Emulex and Broadcom as to whether any of Emulex's acts, products, and/or services infringe, or have infringed, any valid claim of the '169 patent.

67.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Emulex requests a declaration from the Court that it has not infringed, and is not infringing, any valid claim of the '169 patent, directly or indirectly, and either literally, or by application of the doctrine of equivalents.

68.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Emulex requests a declaration from the Court that each claim of the '169 patent is invalid for failure to comply with one or more of the requirements and conditions for patentability set forth in the patent laws, 35 U.S.C. §§ 100 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

## TENTH COUNTERCLAIM

## (Declaratory Judgment of Invalidity and Non-Infringement

## of U.S. Patent No. 7,313,623)

69. Emulex incorporates by reference, as if fully set forth herein, paragraphs 1 through 5 of this Counterclaim.

70. Broadcom asserts that it is the owner of all right, title and interest in and to United States Patent No. 7,313,623 ("the '623 patent"), entitled "System and Method for TCP/IP Offload Independent of Bandwidth Delay Product."

71. In an action filed on or about September 14, 2009, Broadcom filed a Complaint alleging, *inter alia*, that Emulex is infringing the '623 patent.

72. Emulex denies that it has infringed, or is infringing, the '623 patent, directly or indirectly, and either literally or by application of the doctrine of equivalents.

73. A substantial, actual, and continuing controversy has arisen and now exists between Emulex and Broadcom as to whether any of Emulex's acts, products, and/or services infringe, or have infringed, any valid claim of the '623 patent.

74. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Emulex requests a declaration from the Court that it has not infringed, and is not infringing, any valid claim of the '623 patent, directly or indirectly, and either literally, or by application of the doctrine of equivalents.

75. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Emulex requests a declaration from the Court that each claim of the '623 patent is invalid for failure to comply with one or more of the requirements and conditions for patentability set forth in the patent laws, 35 U.S.C. §§ 100 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.  For example, and without in any way limiting the foregoing, the '623 patent is invalid in light of the following prior art patents, each of which is assigned to Intel Corporation, each of which lists Uri Elzur as the sole (or a joint) inventor, each of which issued before the '623 patent, and not one

28

of which was disclosed to the U.S. Patent Office during the prosecution of the '623 patent:

- • U.S. Patent No. 6,449,656, entitled "Storing a Frame Header," issued on September 10, 2002;
- • U.S. Patent No.7, 159,030, entitled "Associating a Packet With a Flow," issued on January 2, 2007; and
- • U.S. Patent No. 6,427,169, entitled "Parsing a Packet Header," issued on July 30, 2002.

## ELEVENTH COUNTERCLAIM

### (Declaratory Judgment of Invalidity and Non-Infringement
### of U.S. Patent No. 7,058,150)

62.    Emulex incorporates by reference, as if fully set forth herein, paragraphs 1 through 5 of this Counterclaim.

63.    Broadcom asserts that it is the owner of all right, title and interest in and to United States Patent No. 7,058,150 ("the '150 patent"), entitled "High-Speed Serial Data Transceiver and Related Methods."

64.    In an action filed on or about September 14, 2009, Broadcom filed a First Amended Complaint on or about February 23, 2010 alleging, *inter alia*, that Emulex is infringing the '150 patent.

65.    Emulex denies that it has infringed, or is infringing, any valid claim of the '150 patent.

66.    A substantial, actual, and continuing controversy has arisen and now exists between Emulex and Broadcom as to whether any of Emulex's acts, products, and/or services infringe, or have infringed, any valid claim of the '150 patent.

67.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Emulex requests a declaration from the Court that it has not infringed, and is not infringing, any valid claim of the '150 patent, directly or indirectly, and either literally, or by application of the doctrine of equivalents.

29

68.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Emulex requests a declaration from the Court that each claim of the '150 patent is invalid for failure to comply with one or more of the requirements and conditions for patentability set forth in the patent laws, 35 U.S.C. §§ 100 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

## PRAYER FOR RELIEF

WHEREFORE, Defendant and Counterclaim Plaintiff Emulex Corporation prays for judgment in this matter as follows:

A.  That Broadcom take nothing by its complaint;

B.  That Broadcom's First Amended Complaint in this action be dismissed with prejudice;

C.  That this Court enter judgment in favor of Emulex, and adverse to Broadcom, on each and every one of Broadcom's claims;

D.  That this Court determine and declare that Emulex is not now infringing, and has not infringed, any claim of the patents-in-suit, directly or indirectly, either literally or by application of the doctrine of equivalents;

E.  That this Court determine and declare that each of the patents-in-suit, and each claim therein, is invalid and unenforceable;

F.  That this Court determine that this case is exceptional under 35 U.S.C. § 285, and award Emulex its attorneys' fees, costs and all other expenses incurred in connection with this lawsuit; and,

G.  For such other and further relief to which Emulex may be entitled and which the Court deems just, proper and equitable.

**DEMAND FOR JURY TRIAL**

Defendant and Counterclaim Plaintiff Emulex Corporation hereby demands a trial by jury on all issues so triable.

Dated:  March 25, 2010

GIBSON, DUNN & CRUTCHER, LLP
Robert E. Cooper, SBN 35888
  rcooper@gibsondunn.com
Wayne M. Barsky, SBN 116731
  wbarsky@gibsondunn.com
H. Mark Lyon, SBN 162061
  mlyon@gibsondunn.com
Y. Ernest Hsin, SBN 201668
  ehsin@gibsondunn.com
2029 Century Park East
Los Angeles, California 90067-4276
Telephone:  (310) 552-8500
Facsimile:   (310) 557-8741

GIBSON, DUNN & CRUTCHER, LLP
Josh A. Krevitt, SBN 208552
  jkrevitt@gibsondunn.com
200 Park Avenue
New York, New York 10166
Telephone: (212) 351-3500
Facsimile:  (212) 351-6390

GIBSON, DUNN & CRUTCHER, LLP
David A. Segal, SBN 166635
  dsegal@gibsondunn.com
3161 Michelson Drive
Irvine, California 92612-4412
Telephone: (949) 351-3800
Facsimile: (949) 351-4220

EMULEX CORPORATION
Randall Wick, SBN 95584
  Randall.wick@emulex.com
3333 Susan Street
Costa Mesa, California 92626-7112
Telephone: (714) 885-3691
Facsimile: (714) 641-0172

By:   /s/ Wayne M. Barsky
                    Wayne M. Barsky

Attorneys for Defendant and Counterclaim Plaintiff Emulex Corporation

100831505_3.DOC

31