BOB STEINBERG (SBN 126407)
(bob.steinberg@lw.com)
NEIL RUBIN (SBN 250761)
(neil.rubin@lw.com)
LATHAM & WATKINS LLP
355 South Grand Avenue
Los Angeles, CA  90071
Telephone:  (213) 485-1234
Facsimile:  (213) 891-8763

MICHAEL W. DE VRIES (SBN 211001)
(mike.devries@lw.com)
ANDREW J. FOSSUM (SBN 250373)
(andrew.fossum@lw.com)
LATHAM & WATKINS LLP
650 Town Center Drive, 20th  Floor
Costa Mesa, CA  92626
Telephone:  (714) 540-1235
Facsimile:  (714) 755-8290

WILLIAM F. LEE (admitted *pro hac vice*)
(william.lee@wilmerhale.com)
DOMINIC E. MASSA (admitted *pro hac vice*)
(dominic.massa@wilmerhale.com)
JOSEPH J. MUELLER (admitted *pro hac vice*)
(joseph.mueller@wilmerhale.com)
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA  02129
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000

Attorneys for Plaintiff
BROADCOM CORPORATION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BROADCOM CORPORATION,** | Case No.  SACV 09-1058-JVS (ANx) |
| **Plaintiff,** | **PLAINTIFF BROADCOM CORPORATION'S ANSWER TO EMULEX'S COUNTERCLAIMS TO FIRST AMENDED COMPLAINT** |
| v. | |
| **EMULEX CORPORATION,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | Judge:    Hon. James V. Selna |
| **And Related Counterclaims.** | |

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, plaintiff Broadcom Corporation ("Broadcom") hereby responds to the allegations contained in the counterclaims of defendant Emulex Corporation ("Emulex") to Broadcom's First Amended Complaint, and in doing so denies the allegations of the counterclaims except as specifically stated below. The paragraph numbers below correspond to those in Emulex's pleading.

## JURISDICTION AND VENUE

1. Admitted.
2. Admitted.
3. Admitted.

## THE PARTIES

4. Admitted.
5. Admitted.

## SUMMARY

Broadcom admits that Broadcom offered to acquire Emulex. Broadcom admits that Broadcom has sued Emulex for infringement of Broadcom's patents. Broadcom denies the remaining allegations of the unnumbered summary paragraph of Emulex's counterclaims.

## FIRST COUNTERCLAIM

**(Declaratory Judgment of Invalidity and Non-Infringement of U.S. Patent No. 7,239,636)**

6. Broadcom incorporates by reference, as if fully set forth herein, its responses to paragraphs 1 through 5 of its Answer.
7. Admitted.
8. Admitted.
9. Broadcom admits that Emulex purports to deny that it has infringed or is infringing the '636 patent, directly or indirectly, and either literally or by

application of the doctrine of equivalents.  Broadcom denies that Emulex has not infringed and is not infringing.

10. Admitted.

11. Broadcom admits that Emulex purports to request a declaration from the Court that it has not infringed, and is not infringing, any valid claim of the '636 patent, directly or indirectly, and either literally or by application of the doctrine of equivalents.  Broadcom denies that Emulex has not infringed and is not infringing the '636 patent, and further denies that Emulex is entitled to a declaratory judgment of noninfringement with respect to any claim of the '636 patent.

12. Broadcom admits that Emulex purports to request a declaration from the Court that each claim of the '636 patent is invalid for failure to comply with one or more of the requirements and conditions for patentability set forth in the patent laws.  Broadcom denies that any claim of the '636 patent is invalid, and further denies that Emulex is entitled to a declaratory judgment of invalidity with respect to any claim of the '636 patent.

Broadcom admits that on April 18, 2007, the European Patent Office issued a summons to Broadcom to attend oral proceedings concerning an opposition seeking revocation of European Patent EP 1 280 302 B.  Broadcom admits that summons included a three-page description of the "matters to be discussed." Broadcom admits that, prior to issuance of the '636 patent on July 3, 2007, Broadcom did not provide copies to the U.S. Patent and Trademark Office ("Patent Office") of the opposition, the subpoena, or the three pages of "matters to be discussed" in this European Patent Office proceeding; however, Broadcom had previously submitted to the Patent Office all of the nine documents, D1-D9, referred to in the "matters to be discussed," in Information Disclosure Statements mailed December 15, 2003 and May 10, 2006.  Broadcom admits that the European patent identified above was revoked by the EPO in a Decision dated

November 21, 2007.  Broadcom denies that any or all of the recited events in the European Patent Office constitute grounds for invalidating the '636 patent in the United States.  Broadcom denies the remainder of the allegations of paragraph 12.

## SECOND COUNTERCLAIM

### (Declaratory Judgment of Invalidity and Non-Infringement of U.S. Patent No. 7,295,555)

13. Broadcom incorporates by reference, as if fully set forth herein, its responses to paragraphs 1 through 5 of its Answer.

14. Admitted.

15. Admitted.

16. Broadcom admits that Emulex purports to deny that it has infringed or is infringing the '555 patent, directly or indirectly, and either literally or by application of the doctrine of equivalents.  Broadcom denies that Emulex has not infringed and is not infringing.

17. Admitted.

18. Broadcom admits that Emulex purports to request a declaration from the Court that it has not infringed, and is not infringing, any valid claim of the '555 patent, directly or indirectly, and either literally or by application of the doctrine of equivalents.  Broadcom denies that Emulex has not infringed and is not infringing the '555 patent, and further denies that Emulex is entitled to a declaratory judgment of noninfringement with respect to any claim of the '555 patent.

19. Broadcom admits that Emulex purports to request a declaration from the Court that each claim of the '555 patent is invalid for failure to comply with one or more of the requirements and conditions for patentability set forth in the patent laws.  Broadcom denies that any claim of the '555 patent is invalid, and further denies that Emulex is entitled to a declaratory judgment of invalidity with respect to any claim of the '555 patent.

## THIRD COUNTERCLAIM

**(Declaratory Judgment of Invalidity and Non-Infringement**

**of U.S. Patent No. 6,766,389)**

20. Broadcom incorporates by reference, as if fully set forth herein, its responses to paragraphs 1 through 5 of its Answer.

21. Admitted.

22. Admitted.

23. Broadcom admits that Emulex purports to deny that it has infringed or is infringing the '389 patent, directly or indirectly, and either literally or by application of the doctrine of equivalents. Broadcom denies that Emulex has not infringed and is not infringing.

24. Admitted.

25. Broadcom admits that Emulex purports to request a declaration from the Court that it has not infringed, and is not infringing, any valid claim of the '389 patent, directly or indirectly, and either literally or by application of the doctrine of equivalents. Broadcom denies that Emulex has not infringed and is not infringing the '389 patent, and further denies that Emulex is entitled to a declaratory judgment of noninfringement with respect to any claim of the '389 patent.

26. Broadcom admits that Emulex purports to request a declaration from the Court that each claim of the '389 patent is invalid for failure to comply with one or more of the requirements and conditions for patentability set forth in the patent laws. Broadcom denies that any claim of the '389 patent is invalid, and further denies that Emulex is entitled to a declaratory judgment of invalidity with respect to any claim of the '389 patent.

## FOURTH COUNTERCLAIM

**(Declaratory Judgment of Invalidity and Non-Infringement**

**of U.S. Patent No. 7,471,691)**

27. Broadcom incorporates by reference, as if fully set forth herein, its responses to paragraphs 1 through 5 of its Answer.

28. Admitted.

29. Admitted.

30. Broadcom admits that Emulex purports to deny that it has infringed or is infringing the '691 patent, directly or indirectly, and either literally or by application of the doctrine of equivalents. Broadcom denies that Emulex has not infringed and is not infringing.

31. Admitted.

32. Broadcom admits that Emulex purports to request a declaration from the Court that it has not infringed, and is not infringing, any valid claim of the '691 patent, directly or indirectly, and either literally or by application of the doctrine of equivalents. Broadcom denies that Emulex has not infringed and is not infringing the '691 patent, and further denies that Emulex is entitled to a declaratory judgment of noninfringement with respect to any claim of the '691 patent.

33. Broadcom admits that Emulex purports to request a declaration from the Court that each claim of the '691 patent is invalid for failure to comply with one or more of the requirements and conditions for patentability set forth in the patent laws. Broadcom denies that any claim of the '691 patent is invalid, and further denies that Emulex is entitled to a declaratory judgment of invalidity with respect to any claim of the '691 patent.

## FIFTH COUNTERCLAIM

**(Declaratory Judgment of Invalidity and Non-Infringement of U.S. Patent No. 7,450,500)**

34. Broadcom incorporates by reference, as if fully set forth herein, its responses to paragraphs 1 through 5 of its Answer.

35. Admitted.

36. Admitted.

37. Broadcom admits that Emulex purports to deny that it has infringed or is infringing the '500 patent, directly or indirectly, and either literally or by application of the doctrine of equivalents. Broadcom denies that Emulex has not infringed and is not infringing.

38. Admitted.

39. Broadcom admits that Emulex purports to request a declaration from the Court that it has not infringed, and is not infringing, any valid claim of the '500 patent, directly or indirectly, and either literally or by application of the doctrine of equivalents. Broadcom denies that Emulex has not infringed and is not infringing the '500 patent, and further denies that Emulex is entitled to a declaratory judgment of noninfringement with respect to any claim of the '500 patent.

40. Broadcom admits that Emulex purports to request a declaration from the Court that each claim of the '500 patent is invalid for failure to comply with one or more of the requirements and conditions for patentability set forth in the patent laws. Broadcom denies that any claim of the '500 patent is invalid, and further denies that Emulex is entitled to a declaratory judgment of invalidity with respect to any claim of the '500 patent.

## SIXTH COUNTERCLAIM

### (Declaratory Judgment of Invalidity and Non-Infringement of U.S. Patent No. 6,424,194)

41. Broadcom incorporates by reference, as if fully set forth herein, its responses to paragraphs 1 through 5 of its Answer.

42. Admitted.

43. Admitted.

44. Broadcom admits that Emulex purports to deny that it has infringed or is infringing the '194 patent, directly or indirectly, and either literally or by

application of the doctrine of equivalents. Broadcom denies that Emulex has not infringed and is not infringing.

45. Admitted.

46. Broadcom admits that Emulex purports to request a declaration from the Court that it has not infringed, and is not infringing, any valid claim of the '194 patent, directly or indirectly, and either literally or by application of the doctrine of equivalents. Broadcom denies that Emulex has not infringed and is not infringing the '194 patent, and further denies that Emulex is entitled to a declaratory judgment of noninfringement with respect to any claim of the '194 patent.

47. Broadcom admits that Emulex purports to request a declaration from the Court that each claim of the '194 patent is invalid for failure to comply with one or more of the requirements and conditions for patentability set forth in the patent laws. Broadcom denies that any claim of the '194 patent is invalid, and further denies that Emulex is entitled to a declaratory judgment of invalidity with respect to any claim of the '194 patent. Broadcom denies that the '194 patent is invalid in view of any or all of the references identified in the bullet pointed paragraphs that follow paragraph 47 of Emulex's counterclaims. Broadcom is without knowledge or information sufficient to know what meaning Emulex ascribes to the terms "publications," "known to," and "long before," and therefore denies the remainder of the allegations of paragraph 47.

## SEVENTH COUNTERCLAIM

### (Declaratory Judgment of Invalidity and Non-Infringement of U.S. Patent No. 7,038,516)

48. Broadcom incorporates by reference, as if fully set forth herein, its responses to paragraphs 1 through 5 of its Answer.

49. Admitted.

50. Admitted.

51.     Broadcom admits that Emulex purports to deny that it has infringed or is infringing the '516 patent, directly or indirectly, and either literally or by application of the doctrine of equivalents.  Broadcom denies that Emulex has not infringed and is not infringing.

52.     Admitted.

53.     Broadcom admits that Emulex purports to request a declaration from the Court that it has not infringed, and is not infringing, any valid claim of the '516 patent, directly or indirectly, and either literally or by application of the doctrine of equivalents.  Broadcom denies that Emulex has not infringed and is not infringing the '516 patent, and further denies that Emulex is entitled to a declaratory judgment of noninfringement with respect to any claim of the '516 patent.

54.     Broadcom admits that Emulex purports to request a declaration from the Court that each claim of the '516 patent is invalid for failure to comply with one or more of the requirements and conditions for patentability set forth in the patent laws.  Broadcom denies that any claim of the '516 patent is invalid, and further denies that Emulex is entitled to a declaratory judgment of invalidity with respect to any claim of the '516 patent.

## EIGHTH COUNTERCLAIM

**(Declaratory Judgment of Invalidity and Non-Infringement of U.S. Patent No. 7,486,124)**

55.     Broadcom incorporates by reference, as if fully set forth herein, its responses to paragraphs 1 through 5 of its Answer.

56.     Admitted.

57.     Admitted.

58.     Broadcom admits that Emulex purports to deny that it has infringed or is infringing the '124 patent, directly or indirectly, and either literally or by application of the doctrine of equivalents.  Broadcom denies that Emulex has not

infringed and is not infringing.

59. Admitted.

60. Broadcom admits that Emulex purports to request a declaration from the Court that it has not infringed, and is not infringing, any valid claim of the '124 patent, directly or indirectly, and either literally or by application of the doctrine of equivalents. Broadcom denies that Emulex has not infringed and is not infringing the '124 patent, and further denies that Emulex is entitled to a declaratory judgment of noninfringement with respect to any claim of the '124 patent.

61. Broadcom admits that Emulex purports to request a declaration from the Court that each claim of the '124 patent is invalid for failure to comply with one or more of the requirements and conditions for patentability set forth in the patent laws. Broadcom denies that any claim of the '124 patent is invalid, and further denies that Emulex is entitled to a declaratory judgment of invalidity with respect to any claim of the '124 patent.

## NINTH COUNTERCLAIM

### (Declaratory Judgment of Invalidity and Non-Infringement of U.S. Patent No. 7,215,169)

9(62).* Broadcom incorporates by reference, as if fully set forth herein, its responses to paragraphs 1 through 5 of its Answer.

9(63). Admitted.

9(64). Admitted.

9(65). Broadcom admits that Emulex purports to deny that it has infringed or is infringing the '169 patent, directly or indirectly, and either literally or by application of the doctrine of equivalents. Broadcom denies that Emulex has not

---

* Emulex has used the paragraph numbers 62 through 68 twice in its counterclaims—once in its Ninth Counterclaim, and again in its Eleventh Counterclaim. To avoid confusion, Broadcom's Answer refers to the first set of these paragraphs as 9(62) through 9(68), and to the second set of these paragraphs as 11(62) through 11(68).

infringed and is not infringing.

9(66). Admitted.

9(67). Broadcom admits that Emulex purports to request a declaration from the Court that it has not infringed, and is not infringing, any valid claim of the '169 patent, directly or indirectly, and either literally or by application of the doctrine of equivalents. Broadcom denies that Emulex has not infringed and is not infringing the '169 patent, and further denies that Emulex is entitled to a declaratory judgment of noninfringement with respect to any claim of the '169 patent.

9(68). Broadcom admits that Emulex purports to request a declaration from the Court that each claim of the '169 patent is invalid for failure to comply with one or more of the requirements and conditions for patentability set forth in the patent laws. Broadcom denies that any claim of the '169 patent is invalid, and further denies that Emulex is entitled to a declaratory judgment of invalidity with respect to any claim of the '169 patent.

## TENTH COUNTERCLAIM

### (Declaratory Judgment of Invalidity and Non-Infringement of U.S. Patent No. 7,313,623)

69. Broadcom incorporates by reference, as if fully set forth herein, its responses to paragraphs 1 through 5 of its Answer.

70. Admitted.

71. Admitted.

72. Broadcom admits that Emulex purports to deny that it has infringed or is infringing the '623 patent, directly or indirectly, and either literally or by application of the doctrine of equivalents. Broadcom denies that Emulex has not infringed and is not infringing.

73. Admitted.

74. Broadcom admits that Emulex purports to request a declaration from

the Court that it has not infringed, and is not infringing, any valid claim of the '623 patent, directly or indirectly, and either literally or by application of the doctrine of equivalents. Broadcom denies that Emulex has not infringed and is not infringing the '623 patent, and further denies that Emulex is entitled to a declaratory judgment of noninfringement with respect to any claim of the '623 patent.

75. Broadcom admits that Emulex purports to request a declaration from the Court that each claim of the '623 patent is invalid for failure to comply with one or more of the requirements and conditions for patentability set forth in the patent laws. Broadcom denies that any claim of the '623 patent is invalid, and further denies that Emulex is entitled to a declaratory judgment of invalidity with respect to any claim of the '623 patent. Broadcom denies that the '623 patent is invalid in light of any or all of the patents identified in the bullet pointed paragraphs that follow paragraph 75 of Emulex's counterclaims. Broadcom admits that each of the patents identified in the bullet pointed paragraphs that follow paragraph 75 lists Uri Elzur as an inventor, and that each was issued prior to the date on which the '623 patent was issued. Broadcom is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 75, and therefore denies them.

**ELEVENTH COUNTERCLAIM**

**(Declaratory Judgment of Invalidity and Non-Infringement**

**of U.S. Patent No. 7,058,150)**

11(62). Broadcom incorporates by reference, as if fully set forth herein, its responses to paragraphs 1 through 5 of its Answer.

11(63). Admitted.

11(64). Admitted.

11(65). Broadcom admits that Emulex purports to deny that it has infringed or is infringing the '150 patent, directly or indirectly, and either literally or by

or is infringing the '150 patent, directly or indirectly, and either literally or by application of the doctrine of equivalents. Broadcom denies that Emulex has not infringed and is not infringing.

11(66). Admitted.

11(67). Broadcom admits that Emulex purports to request a declaration from the Court that it has not infringed, and is not infringing, any valid claim of the '150 patent, directly or indirectly, and either literally or by application of the doctrine of equivalents. Broadcom denies that Emulex has not infringed and is not infringing the '150 patent, and further denies that Emulex is entitled to a declaratory judgment of noninfringement with respect to any claim of the '150 patent.

11(68). Broadcom admits that Emulex purports to request a declaration from the Court that each claim of the '150 patent is invalid for failure to comply with one or more of the requirements and conditions for patentability set forth in the patent laws. Broadcom denies that any claim of the '150 patent is invalid, and further denies that Emulex is entitled to a declaratory judgment of invalidity with respect to any claim of the '150 patent.

**PRAYER FOR RELIEF**

Broadcom denies that Emulex is entitled to any of the relief that it has requested.

Dated: April 5, 2010      By: _____
                               Dominic E. Massa

BOB STEINBERG (SBN 126407)
(bob.steinberg@lw.com)
NEIL RUBIN (SBN 250761)
(neil.rubin@lw.com)
LATHAM & WATKINS LLP
355 South Grand Avenue

| | |
|---|---|
| 1 | Facsimile: (213) 891-8763 |
| 2 | |
| 3 | MICHAEL W. DE VRIES (SBN 211001) (mike.devries@lw.com) |
| 4 | ANDREW J. FOSSUM (SBN 250373) (andrew.fossum@lw.com) |
| 5 | LATHAM & WATKINS LLP |
| 6 | 650 Town Center Drive, 20th Floor Costa Mesa, CA 92626 |
| 7 | Telephone: (714) 540-1235 |
| 8 | Facsimile: (714) 755-8290 |
| 9 | WILLIAM F. LEE (admitted *pro hac vice*) |
| 10 | (william.lee@wilmerhale.com) |
| 11 | DOMINIC E. MASSA (admitted *pro hac vice*) (dominic.massa@wilmerhale.com) |
| 12 | JOSEPH J. MUELLER (admitted *pro hac vice*) |
| 13 | (joseph.mueller@wilmerhale.com) WILMER CUTLER PICKERING |
| 14 | HALE AND DORR LLP |
| 15 | 60 State Street Boston, MA 02109 |
| 16 | Telephone: (617) 526-6000 |
| 17 | Facsimile: (617) 526-5000 |
| 18 | *Attorneys for Plaintiff* |
| 19 | BROADCOM CORPORATION |