UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-01058-JVS (ANx) | Date | April 5, 2010 |
|---|---|---|---|
| Title | Broadcom Corp. v. Emulex Corp., et al. | | |

| Present: The Honorable | James V. Selna | |
|---|---|---|
| Lori Anderson for Karla J. Tunis | | N/A |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**  (IN CHAMBERS) MINUTE ORDER RE MOTION TO DISQUALIFY EXPERT CONSULTANT [74]

Plaintiff Broadcom Corporation ("Broadcom") moves the Court to disqualify Kurt Chan ("Chan") from serving as a consultant for Defendant Emulex Corporation ("Emulex"). Emulex opposes.

I.      BACKGROUND

Chan is a named inventor of two of the patents at issue in this case—U.S. Patent Nos. 7,450,500 ("the '500 Patent") and 7,471,691 ("the '691 Patent"). Both originated from U.S. Patent Application No. 09/195,846 ("the '846 Application") formerly owned by Gadzoox Networks, Inc. ("Gadzoox"), Chan's former employer. Chan worked at Gadzoox from December 1995 to December 1999, serving as the Vice President of Engineering. He participated in the development of "Fibre Channel" technology and assisted in the prosecution of the '846 Application .

As a condition of his employment with Gadzoox, Chan was required to sign a confidentiality agreement which prohibited him from disclosing any "information relating to [Gadzoox's] research and development, . . . inventions, works of authorship, formulas, creations and discoveries."  (Mueller Decl., Ex. 2 at 1.)  Chan also agreed to assign to Gadzoox any inventions he "[made] or conceived[d] of, either alone or jointly with others, at any time during employment by [Gadzoox]."  (Id., Ex. 2 at 2.)  Finally, Chan agreed, "for the term of this [employment] Agreement and thereafter, to assist [Gadzoox], at [Gadzoox's] expense, in registering and protecting [Gadzoox's] rights in any Inventions assigned by me to [Gadzoox]."  (Id.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 09-01058-JVS (ANx) | Date | April 5, 2010 |
| Title | Broadcom Corp. v. Emulex Corp., et al. | | |

Several years after Chan's 1999 departure, Gadzoox declared bankruptcy and, in January 2003, Broadcom purchased Gadzoox's intellectual property, including the rights to the '846 Application, which led to the '500 and '691 Patents. Emulex has recently retained Chan as a litigation consultant in defending this patent infringement suit asserted by Broadcom. Broadcom now seeks to have Chan disqualified as Emulex's consultant.

## II. LEGAL STANDARD

"Federal courts have the inherent power to disqualify expert witnesses to protect the integrity of the adversary process, protect privileges that otherwise may be breached, and promote public confidence in the legal system." Hewlett-Packard Co. v. EMC Corp., 330 F. Supp. 2d 1087, 1092 (N.D. Cal. 2004). "However, disqualification is a drastic measure that courts should impose only hesitantly, reluctantly, and rarely." Id. Generally, disqualification is appropriate where "(1) the adversary had a confidential relationship with the expert and (2) the adversary disclosed confidential information to the expert that is relevant to the current litigation." Id. at 1093. Disqualification is warranted only where both conditions apply. Id. The Court should also consider prejudice to both parties and whether disqualification would promote the integrity of the legal process. Id.

## III. DISCUSSION

### A. Confidential Relationship

The first consideration is whether there was a confidential relationship between Broadcom and Chan. This may be shown by the existence of a formal confidentiality agreement. See id.

It is undisputed that Chan signed a confidentiality agreement with Gadzoox, agreeing not to disclose any information related to research and development. Moreover, Chan served as Vice President of Engineering at Gadzoox and, in that capacity, received confidential information related to the technology described in the '846 Application. There can be little dispute that Chan had a confidential relationship with Gadzoox.

However, Emulex argues that Chan never had a confidential relationship with Broadcom because Chan had left Gadzoox three years before Broadcom purchased

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-01058-JVS (ANx) | Date | April 5, 2010 |
|---|---|---|---|
| Title | Broadcom Corp. v. Emulex Corp., et al. | | |

Gadzoox's assets. Broadcom maintains that it, as Gadzoox's successor-in-interest, is a beneficiary of Gadzoox's confidential relationship with Chan.

Although most of the disqualification cases involve employees who previously worked for the moving party, the Court sees no reason why the same principles should not apply to a prior employer's successor-in-interest. See Space Sys./Loral v. Martin Marietta Corp., No. 95-20122 SW, 1995 WL 686369, at *2 (N.D. Cal. Nov. 15, 1995) (disqualifying expert who worked for adversary's predecessor). The primary reason courts look for a confidential relationship is to determine whether it was reasonable to divulge confidential information to the party to be disqualified. See Koch Refining Co. v. Jennifer L.Boudreau MV, 85 F.3d 1178, 1182 (5th Cir. 1996); Hewlett-Packard Co., 330 F. Supp. 2d at 1092. The focus is on whether the disclosure was reasonable at the time; it is irrelevant that the subsequent successor-in-interest never directly employed the party. Cf. City of Rialto v. U.S. Dep't of Def., 492 F. Supp. 2d 1193, 1201 (C.D. Cal. 2007) ("Normally, the transfer of control over the corporation would also result in a transfer of the attorney-client privilege."). When Broadcom purchased Gadzoox's intellectual property, it became a beneficiary of Chan's confidential relationship with Gadzoox with respect to the research and development of that intellectual property.[1]

    B.    Confidential Information

"Confidential information essentially is information 'of either particular significance or [that] which can be readily identified as either attorney work product or within the scope of the attorney-client privilege.'" Hewlett-Packard, 330 F. Supp. 2d at 1094. The moving party must "point to specific and unambiguous disclosures that if revealed would prejudice the party." Id.

Broadcom points out that Chan, as a named inventor of the patents at issue, received confidential information related to the development of the relevant technology and participated in privileged communications during patent prosecution. Courts routinely disqualify consultants who were named inventors or involved in the

---

[1] The rule for which Emulex argues would substantially undermine the value of a purchase of intellectual property. A patent would be worth far less if upon sale all protections for confidential information associated with the patent evaporated. The law of experts does not require such an untoward result.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 09-01058-JVS (ANx) | Date | April 5, 2010 |
| Title | Broadcom Corp. v. Emulex Corp., et al. | | |

development of patents being asserted by the adverse party. See, e.g., 3D Sys., Inc. v. Envisiontec, Inc., No. 05-74891, 2008 WL 4449595, at *1, *3 (E.D. Mich. Oct. 1, 2008) (disqualifying co-inventor of patent); Sensomatic Elecs. Corp. v. WG Sec. Prods., Inc., No. 2:04-Cv-167, 2006 WL 5111116, at *2-3 (E.D. Tex. Feb. 9, 2006) (same); Eastman Kodak Co. v. Agfa-Gevaert N.V., No. 02-CV-6564, 2003 WL 23101783, at *2-5 (W.D.N.Y. Dec. 4, 2003) (disqualifying former employee who worked on invention). In this context, at least one court has held that:

> it is enough that [the expert] worked for ten (10) years at [the patentee plaintiff] and agreed to keep confidential what he learned there, as well as being a named inventor on a number of the patents asserted, to say that he ought not be allowed to offer expert testimony in this case. [The defendant] should look elsewhere for its expert.

3D Systems, 2008 WL 4449595, at *3.

Emulex argues that Chan only received confidential information from Gadzoox, and never received confidential information from Broadcom, such as litigation strategies or work product. It contends that "the chances are remote that any Gadzoox privileged information substantially overlaps with Broadcom's current case strategy." (Opp'n Br. 4.) The Court disagrees. Broadcom need not show that Chan received direct information about its current litigation strategy. "The critical question . . . is whether [Chan] received confidential information 'that is relevant' to the current patent litigation during his lengthy employment with [Gadzoox]. See Eastman Kodak, 2003 WL 23101783, at *2 (citing Wang Labs., Inc. v. CFR Assocs., 125 F.R.D. 10, 13 (D. Mass. 1989) (emphasis in original).

Emulex's position runs contrary to the many cases disqualifying experts who were named inventors of the patents at issue, which all hold that involvement in a patentable invention gives a person access to confidential information relevant to subsequent litigation, regardless of when that litigation takes place. For example, in 3D Systems, the court disqualified a named inventor of several of the patents at issue even though the inventor had left the adversary's employ more than a decade prior to the litigation. 2008 WL 4449595, at *1, *3. And in Eastman Kodak, the court disqualified an expert because he was a former employee of the plaintiff and had worked on the technology at issue, even though the expert was not a named inventor and had not worked for the plaintiff for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-01058-JVS (ANx) | Date | April 5, 2010 |
|---|---|---|---|
| Title | Broadcom Corp. v. Emulex Corp., et al. | | |

well over a decade prior to the litigation. 2003 WL 23101783, at *2, *5.

None of the case cited by Emulex where an expert was not disqualified involved a party that worked on or invented the patent at issue. See In re JDS Uniphase Corp. Sec. Litig., No. C-02-1486 CW (EDL), 2006 WL 2845212, at *2-4 (no disqualification of consultant in securities case merely because consultant developed plaintiff's computer system); Hewlett-Packard, 330 F. Supp. 2d at 1096-97 (no disqualification of consultant where consultant had only briefly discussed patents with plaintiff in prior litigation); Space Systems/Loral, 1995 WL 686369, at *2-3 (disqualifying expert who was named inventor of patents at issue, but not disqualifying former employee who had only worked on technology well-removed from the patents at issue); see also Wang Labs., 125 F.R.D. at 13-14 (denying protective order barring all contact with consultant who was a former employee of adverse party, but barring any discussion of confidential information consultant received while employed).

Accordingly, the Court finds that Chan received confidential information related this the litigation while employed at Gadzoox.

C.  Prejudice to the Parties

The Court must also balance the potential prejudice to either party if the expert is or is not disqualified. Hewlett-Packard, 330 F. Supp. 2d at 1094. The Court may consider whether the non-moving party will be unduly burdened by having to find a new expert and whether the timing of disqualification will disrupt proceedings. Id. at 1095. "[T]he interest in disqualification must substantially outweigh the interest in nondisclosure and disqualification of the expert." Id. (citing Proctor & Gamble Co. v. Haugen, 184 F.R.D. 410, 414 (D. Utah 1999).

Broadcom points out that it will be prejudiced if Chan is not disqualified, because he signed a confidentiality agreement and an agreement to assist in enforcement of the patents at issue. Several courts have found that this presents sufficient unfairness to support disqualification. See, e.g., Sensormatic, 2006 WL 5111116, at *4 ("Should [the expert] continue in his employment [as a consultant] in this case, he will be acting under, at the very least, a potential conflict of interest. [He] will be forced to choose between complying with his agreements with [the patentee plaintiff] (to maintain confidentiality and to cooperate) and fully advising the party who seeks to use his services in this case (a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-01058-JVS (ANx) | Date | April 5, 2010 |
|---|---|---|---|
| Title | Broadcom Corp. v. Emulex Corp., et al. | | |

competitor of his former employer)."); Brett v. Hillerich & Bradsby Co., No. CIV-99-981-C, 2001 WL 36162670, at *1 (W.D. Okla. Oct. 5, 2001) ("[B]ecause [the expert] signed a nondisclosure agreement when he signed on with [the plaintiff] as a consultant, he is legally bound by that contract.").

Emulex argues that the agreements Chan signed are unenforceable for several reasons. First, it argues that the agreement to assist Broadcom in the enforcement of the patents is unenforceable under California Labor Code section 2855, which prohibits enforcement of personal service contracts for longer than seven years. Cal. Lab. Code § 2855. Even if this was true, it does not affect Chan's obligations under the confidentiality agreements, which are not personal service contracts. Allowing Chan to consult for Broadcom's competitor would put him at risk of violating those agreements.[2]

Second, Emulex argues that preventing Chan from consulting with Emulex based on Chan's employment relationship with Gadzoox would violate California's prohibition on non-compete contracts. Cal. Bus. & Prof. Code § 16600 ("[E]very contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void."). This contention is without merit. Chan's agreement not to disclose confidential and privileged information does not restrain his ability to engage in a profession, trade or business. Indeed, he currently works for a competitor of Broadcom. (Chan Decl. ¶ 15; cf. Brett, 2001 WL 36162670, at *4 ("Defendant's reliance on restraint of trade cases to avoid the confidentiality agreements is misplaced; [the expert] is not restrained from practicing his trade, in fact it is uncontroverted that he is in competition with [the adverse party] . . . .").) And the agreement would not prevent him from consulting on other cases not involving patents on which he is a named inventor. The only thing he is prevented from doing is consulting for a party opposing the patents he invented, an activity which is not a profession, trade, or business.

The disqualification of Chan also presents little prejudice to Emulex. Emulex does not argue that it cannot find another expert on Fibre Channel technology and, given that

---

[2] Emulex also argues that compelling Chan to assist Broadcom is prohibited by California law barring specific performance of personal service contracts. See Cal. Civ. Code § 3390. This is irrelevant as Broadcom is not seeking to force Chan to assist in enforcing the patents, but rather is just seeking to prevent Chan from consulting with Emulex.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 09-01058-JVS (ANx) | Date | April 5, 2010 |
| Title | Broadcom Corp. v. Emulex Corp., et al. | | |

this case is at a relatively early stage of litigation, the retention of another expert is unlikely to disrupt the case schedule. Chan's disqualification as a consultant does not prevent Emulex from deposing Chan through formal discovery. See Sensormatic, 2006 WL 5111116, at *4.

Emulex argues that it would be prejudiced because an informal consulting arrangement is "more efficient and effective than being limited to a single seven-hour deposition with all the accompanying distractions and restrictions," and because Broadcom has itself retained a co-inventor of the same patents Chan helped develop. However, the "distractions and restrictions" that Emulex complains of serve the valuable purpose of safeguarding against the disclosure of confidential or privileged information. And the fact that Broadcom has its own co-inventor consultant is irrelevant because that arrangement presents no conflict-of-interest or confidentiality problems, unlike Emulex's retention of Chan.

Accordingly, the Court finds that the balance of equities favor disqualification.

D. Integrity of Legal Process

Finally, the Court considers policy concerns and the integrity of the legal process. In cases like this, "if experts are permitted to breach confidentiality agreements, they might be motivated 'to sell their opinions to the opposing parties or the highest bidder without concern about the potential confidentiality of their previous consultations.'" Hewlett-Packard, 330 F. Supp. 2d at 1095 (quoting Pinal Creek Group v. Newmont Mining Corp., 312 F. Supp. 2d 1212, 1227 (D. Ariz. 2004). Indeed, the parties here competed for Chan's services—which Emulex won because Chan's current employer felt its interests more aligned with Emulex—with little consideration given to Chan's prior confidential relationship with Broadcom's predecessor.

On the other hand, courts are concerned that "unscrupulous attorneys may attempt to create relationships with numerous potential experts at a nominal fee hoping to preempt the ability of their adversaries to obtain expert assistance." Id. (quoting Stencel v. Fairchild Corp., 174 F. Supp. 2d 1080, 1083 (C.D. Cal. 2001) However, this concern

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-01058-JVS (ANx) | Date | April 5, 2010 |
|---|---|---|---|
| Title | Broadcom Corp. v. Emulex Corp., et al. | | |

is not implicated here. Broadcom is only seeking to disqualify a co-inventor of the patents it is asserting. This would only affect a very narrow set of individuals and does not present a risk of Broadcom shopping to taint experts.

Accordingly, the Court finds that policy considerations favor disqualification.

IV.     CONCLUSION

For the foregoing reasons, the motion to disqualify Chan as a consultant is GRANTED.

IT IS SO ORDERED.

|  | 0 | : | 00 |
|---|---|---|---|
| Initials of Preparer | lma | | |