ROBERT E. COOPER, SBN 35888
RCooper@gibsondunn.com
WAYNE BARSKY, SBN 116731
WBarsky@gibsondunn.com
DAVID A. BATTAGLIA, SBN 130474
DBattaglia@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California 90071-3197
Telephone: (213) 229-7000
Facsimile:   (213) 229-7520

GIBSON, DUNN & CRUTCHER, LLP
JOSH A. KREVITT, SBN 208552
JKrevitt@gibsondunn.com
200 Park Avenue
New York, New York 10166
Telephone:  (212) 351-3500
Facsimile:  (212) 351-6390

DAVID A. SEGAL, SBN 166635
DSegal@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, California 92612-4412
Telephone: (949) 451-3800
Facsimile: (949) 451-4220

Attorneys for Defendant and
Counterclaimant Emulex Corporation

[Additional counsel on signature
page]

BOB STEINBERG, SBN 126407
bob.steinberg@lw.com
NEIL RUBIN, SBN 250761
neil.rubin@lw.com
LATHAM & WATKINS LLP
355 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 485-1234
Facsimile: (213) 891-8763

MICHAEL W. DE VRIES, SBN 211001
mike.devries@lw.com
LATHAM & WATKINS LLP
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone: (714) 540-1235

WILLIAM F. LEE (pro hac vice)
william.lee@wilmerhale.com
DOMINIC E. MASSA (pro hac vice)
dominic.massa@wilmerhale.com
JOSEPH J. MUELLER (pro hac vice)
joseph.mueller@wilmerhale.com
LOUIS W. TOMPROS (pro hac vice)
louis.tompros@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02129
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

Attorneys for Plaintiff and
Counterclaim Defendant
BROADCOM CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

BROADCOM CORPORATION,

Plaintiff,

vs.

EMULEX CORPORATION,

Defendant.

CASE NO. SACV 09-1058-JVS (ANx)

**JOINT STIPULATION RE EMULEX'S
MOTION TO COMPEL DEPOSITION
TESTIMONY PURSUANT TO RULE
30(B)(6) OF THE FEDERAL RULES
OF CIVIL PROCEDURE**

[Fed. R. Civ. P. 37; L. R. 37-2]

Hon. Arthur Nakazato

| | |
|---|---|
| And Related Counterclaims. | Hearing Date:        June 24, 2010<br>Hearing Time:        10:00 a.m.<br>Hearing Place:       Courtroom 6B<br><br>Discovery Cut-Off:   February 11, 2011<br>Motion Cut-Off:      May 13, 2011<br>Pretrial Conference: August 15, 2011<br>Trial Date:          September 20, 2011 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Gibson, Dunn &
Crutcher LLP

# TABLE OF CONTENTS

Page

I.     DEFENDANT'S INTRODUCTORY STATEMENT .............................................. 1

II.    PLAINTIFF'S INTRODUCTORY STATEMENT ............................................... 1

III.   DISPUTED DEPOSITION NOTICE ................................................................ 1

IV.    EMULEX'S CONTENTIONS REGARDING THE DISPUTED DEPOSITION ................... 3

       A.    Broadcom Faces a Heavy Burden to Avoid Producing a Witness Pursuant to
             Rule 30(b)(6). .......................................................................... 3

       B.    The Federal Rules Allow 30(b)(6) Testimony Concerning the Facts Underlying
             a Party's Contentions. ................................................................. 5

       C.    There Is No General 30(b)(6) Exception in Patent Cases. .......................... 6

       D.    Broadcom's Infringement Contentions Are No Substitute for 30(b)(6)
             Testimony. ............................................................................... 9

       E.    Broadcom's Own Conduct Confirms the Need for a Deposition. ................ 12

       F.    The Facts Underlying Broadcom's Infringement Contentions Are Not
             Protected By Privilege. ............................................................... 15

V.     BROADCOM'S CONTENTIONS REGARDING THE DISPUTED DEPOSITION ............. 17

Gibson, Dunn &
Crutcher LLP

i

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Abbott Lab. v. Alpha Therapeutic Corp.,*
  97-C-1292, 2001 U.S. Dist. LEXIS 8540 (N.D. Ill. Jan. 31, 2001) ...................... 12

*Alexander v. F.B.I.,*
  186 F.R.D. 113 (D. D.C. 1998) ................................................................ 10

*Alliance for Global Justice v. District of Columbia,*
  437 F.Supp.2d 32 (D.D.C. 2006) .............................................................. 4

*AMP Inc. v. Molex Inc.,*
  227 U.S.P.Q. 172 (N.D. Ill. 1985) ............................................................. 7

*AMP, Inc. v. Fujitsu Microelectronics, Inc.,*
  853 F. Supp. 808 (M.D. Pa. 1994) ............................................................ 7

*BB&T Corp. v. U.S.,*
  233 F.R.D. 447 (M.D.N.C. 2006) ......................................................... 10, 12

*Blankenship v. Hearst Corp.,*
  519 F.2d 418 (9th Cir.1975) .................................................................... 4

*Board of Regents v. Nippon Telephone and Telegraph Corp.,*
  No. A-01-CA-478 SS, 2004 U.S. Dist LEXIS 28819 (W.D. Tex. June 1,
  2004) ............................................................................................... 11

*Cable & Computer Tech.. Inc. v. Lockheed Saunders, Inc.,*
  175 F.R.D. 646 (C.D. Cal. 1997) .............................................................. 8

*Canal Barge Co. v. Commonwealth Edison Co.,*
  No. 98 C 0509, 2001 U.S. Dist. LEXIS 10097 (N.D. Ill. July 18, 2001) ............... 16

*CFTC v. Noble Metals Int'l.*
  67 F.3d 766 (9th Cir. 1995) .................................................................... 4

*Cubas v. Sky Chefs, Inc..*
  No. 2:04-CV-01099TS, 2006 U.S. Dist. LEXIS 19545 (D. Utah Apr. 10,
  2006) ............................................................................................... 12

*De Graffenried v. United States,*
  2 Cl. Ct. 640 (1983) ............................................................................. 7

*EEOC v. Burlington N. & Santa Fe Ry. Co.,*
  No. CIV-07-734-D, 2008 WL 4845308 (W.D. Okla. June 23, 2008) .................... 16

*EEOC v. Caesars Entertainment, Inc.,*
  237 F.R.D. 428 (D. Nev. 2006) ................................................................ 5

*Foster v. Hallco Mfg. Co., Inc.,*
  947 F.2d 469 (Fed. Cir. 1991) ................................................................. 9

*Foster-Miller, Inc. v. Babcock & Wilcox Canada,*
  210 F.3d 1 (1st Cir. 2000) ...................................................................... 11

*Founding Church of Scientology of Washington, D.C., Inc. v. Webster,*
  802 F.2d 1448 (D.C. Cir. 1986) .............................................................. 10

*Futures Trading Comm. v. Midland Rare Coin Exch. Inc.,*
  97-7422-CIV, 1999 U.S. Dist. LEXIS 16939 (S.D. Fla. July 28, 1999) ............... 12

Gibson, Dunn &
Crutcher LLP

ii

**Table of Authorities**
**(Continued)**

Page(s)

*Gray v. First Winthrop Corp.,*
  133 F.R.D. 39 (N. D. Cal. 1990) ................................................................ 5

*Great American Ins. Co. of New York v. Vegas Constr. Co., Inc.,*
  251 F.R.D. 534 (D. Nev. 2008) ................................................................ 10

*Hickman v. Taylor,*
  329 U.S. 495 (1947) ................................................................................ 4, 15

*Ierardi v. Lorillard, Inc.,*
  Civ. A. No. 90-7049, 1991 WL 158911 (E.D. Pa. Aug. 13, 1991) .................... 6, 11

*In re: Vitamins Antitrust Litig.,*
  216 F.R.D. 168 (D.D.C. 2003) ................................................................ 10

*Judicial Watch, Inc. v. Dep't of Commerce,*
  201 F.R.D. 265 (D.D.C. 2001) ................................................................ 16

*Marker v. Union Fid. Life Ins.,*
  125 F.R.D. 121 (M.D.N.C.1989) ................................................................ 11

*McCormick-Morgan, Inc. v. Teledyne Indus., Inc.,*
  134 F.R.D. 275 (N.D. Cal. 1991) ................................................................ 8

*Microsoft Corp. v. Suncrest Enter.,*
  No. C03-05424, 2006 WL 908757 (N.D. Cal. Jan. 6, 2006) ........................ 4

*Mill Run Tours, Inc. v. Khashoggi,*
  124 F.R.D. 547 (S.D.N.Y. 1989) ................................................................ 11

*Mitsui & Co. v. Puerto Rico Water Res. Auth.,*
  93 F.R.D. 62 (D.P.R.1981) ................................................................ 6

*Pastrana v. Local 9509, Comm'ns Workers of Am.,*
  2007 WL 2900477 (S.D. Cal. Sept. 28, 2007) ........................................ 15, 16

*Protective Nat'l Ins. Co. v. Commonwealth Ins. Co.,*
  137 F.R.D. 267 (D. Neb. 1989) ................................................................ 6

*Protective Nat'l Ins. Co. v. Commonwealth Ins. Co.,*
  137 F.R.D. 267 (D. Neb. 1989) ................................................................ 15

*Resolution Trust Corp. v. Sands,*
  151 F.R.D. 616 (N.D. Tex.1993) ................................................................ 6

*Sabre v. First Dominion Capital, LLC,*
  01 Civ. 2145, 2002 U.S. Dist. LEXIS 22193, (S.D.N.Y. Nov. 7, 2002) .................... 12

*Scott & Fetzer Co. v. Dile,*
  643 F.2d 670 (9th Cir. 1981) ................................................................ 3

*Security Ins. Co. of Hartford v. Trustmark Ins. Co.,*
  218 F.R.D. 29 (D. Conn. 2003) ................................................................ 5

*Smith v. General Mills, Inc.,*
  C2 04-705, 2009 WL 2525462 (S.D. Ohio Aug. 13, 2009) ........................ 5, 15

*SmithKline Beecham Corp. v. Apotex Corp.,*
  403 F.3d 1331 (Fed. Cir. 2005) ................................................................ 9

Gibson, Dunn &
Crutcher LLP

iii

**Table of Authorities**
**(Continued)**

Page(s)

*Smithkline Beecham Corp. v. Apotex Corp.,*
  No. 99-CV-4304, 2004 WL 739959 (E.D. Pa. Mar. 23, 2004) ................................ 7

*Sprint Commc'ns Co., L.P. v. Theglobe.com, Inc.,*
  236 F.R.D. 524 (D. Kan. 2006) ................................ 12

*Starlight Int'l, Inc. v. Herlihy,*
  186 F.R.D. 626 (D. Kan. 1999) ................................ 4

*State Farm Mut. Auto. Ins. Co. v. New Horizont, Inc.,*
  250 F.R.D. 203 (E.D. Pa. 2008) ................................ 13, 16

*Taylor v. Shaw,*
  No. 2:04-cv-01668-LDG-LRL, 2007 WL 710186 (D. Nev. Mar. 7, 2007) .............. 5

*Tri-State Hospital Supply v. United States,*
  226 F.R.D. 118 (D.D.C. 2005) ................................ 10

*U.S. v. McDonnell Douglas Corp.,*
  961 F. Supp. 1288 (E.D. Mo. 1997) ................................ 6

*United States v. Hansen,*
  233 F.R.D. 665 (S.D. Cal. 2005) ................................ 16

*United States v. Lawless,*
  709 F.2d 485 (7th Cir. 1983) ................................ 16

*United States v. Pepper's Steel & Alloys, Inc.,*
  132 F.R.D. 695 (S.D. Fla. 1990) ................................ 6

*United States v. Procter & Gamble Co.,*
  356 U.S. 677 (1958) ................................ 4

*United States v. Taylor,*
  166 F.R.D. 356 (M.D.N.C. 1996) ................................ 6, 12

*Upjohn v. United States,*
  449 U.S. 383 (1981) ................................ 15

**Rules**

Fed. R. Civ. P. 30(b)(6) ................................ 4, 10
Fed. R. Civ. P. 37(a)(2)(B) ................................ 4

Gibson, Dunn &
Crutcher LLP

Pursuant to L.R. 37-2, defendant Emulex Corporation ("Emulex") and plaintiff Broadcom Corporation ("Broadcom") submit this Joint Stipulation regarding Emulex's Motion to Compel Deposition Testimony Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure.

## I.    **DEFENDANT'S INTRODUCTORY STATEMENT**

By this lawsuit, Broadcom asserts that various Emulex and Emulex-related products either directly or indirectly infringe eleven of Broadcom's patents. Emulex served Broadcom with a Rule 30(b)(6) deposition notice seeking Broadcom's testimony concerning the "factual basis" behind Broadcom's contentions of "direct or indirect infringement. (hereinafter, "Topic 1"). (*See* Ex. B to the Declaration of David A. Battaglia attached hereto (hereinafter Battaglia Ex. B)). Broadcom has refused to designate a witness on this topic, notwithstanding the central relevance of this subject. More importantly, the only excuse Broadcom offers for refusing to produce such a witness is that Emulex is only entitled to this information in the form of either interrogatories or the conclusory and insufficient infringement contentions that Broadcom has served, and that it would be "burdensome" for Broadcom to produce a witness who can explain the facts underlying its infringement claims. Simply stated, Broadcom has not offered a legitimate basis to support its attempt to deprive Emulex of its right to obtain relevant discovery regarding the factual bases of the claims of infringement at the heart of this case. Emulex therefore respectfully requests that the Court order Broadcom to designate a witness to testify on this topic.

## II.    **PLAINTIFF'S INTRODUCTORY STATEMENT**

Broadcom has agreed to provide a witness in response to Emulex's 30(b)(6) notice on infringement. Emulex's motion is therefore moot.

## III.    **DISPUTED DEPOSITION NOTICE**

On April 30, 2010, Emulex served a Rule 30(b)(6) notice of deposition on Broadcom. (Battaglia Ex. B). It requested a witness to testify on the following subject:

Gibson, Dunn &
Crutcher LLP

1

> The factual basis for any contention asserted by Broadcom of direct or indirect infringement by Emulex of any Asserted Claim, including but not limited to each of the allegations of infringement in Broadcom's First Amended Complaint

*Id.*

On May 5, 2010, Broadcom served Broadcom's First Objections to Defendant Emulex Corporation's Notice of 30(b)(6) Deposition of Plaintiff Broadcom Corporation [Notice No. 2]. (Battaglia Ex. C). Broadcom stated, in relevant part:

> Broadcom objects to this Topic on the grounds that it is unduly burdensome, overly broad, and harassing, particularly because it is improper to obtain discovery regarding the bases for infringement contentions pursuant to a Federal Rule of Civil Procedure 30(b)(6) deposition, where the proper and only vehicle for such information is the infringement contentions that Broadcom has served (and will supplement as discovery progresses) pursuant to the Court's orders in this case.

*Id.* (hereinafter, Broadcom's "Objection").

Emulex's counsel responded on May 10, 2010, pointing out that contrary to Broadcom's assertion, courts frequently require a corporate party to produce a representative to testify about facts underlying causes of action asserted in a case. (Battaglia Ex. D).

On May 13, 2010, Broadcom's counsel sent a responsive letter, setting forth further arguments that a Rule 30(b)(6) deposition is an improper and overly burdensome method of acquiring information regarding the factual basis for Broadcom's infringement contentions. (Battaglia Ex. E).

Counsel for both parties then agreed by email that they would meet and confer about the Rule 30(b)(6) deposition. Counsel for both parties participated in a telephonic conference on this subject on Monday, May 17, 2010. (Battaglia ¶ 7) The parties were unable to come to a mutually acceptable compromise at that time. On May 19, 2010, Emulex's counsel sent an email to Broadcom's counsel outlining a proposed stipulation to avoid the need for a deposition. (Battaglia ¶ 8, Ex. G) On May 20, 2010, the parties continued to seek an agreement, but were unsuccessful (Battaglia

1  ¶¶ 8-9, Exs. F-G) and subsequently, and thus respectfully submit this dispute for the

2  Court's resolution.

3  ## IV.  EMULEX'S CONTENTIONS REGARDING THE DISPUTED

4  ## DEPOSITION

5  The current dispute goes to the heart of Broadcom's willingness to disclose the

6  factual basis of its claims of infringement.  It is not a peripheral or abstract subject that

7  Emulex seeks to explore.  Rather, Broadcom has necessitated bringing this matter to

8  the Court's attention because it refuses to provide a witness to testify regarding *the*

9  *factual bases of the infringement allegations in this case*.  Thus, Broadcom is

10  improperly seeking to prevent Emulex from learning the most basic and essential

11  information to its defense - the facts that Broadcom is aware of that support its claims

12  against Emulex.

13  Broadcom contends that it "is improper to obtain discovery regarding the bases

14  for infringement contentions pursuant to a Federal Rule of Civil Procedure 30(b)(6)

15  deposition." (Battaglia Ex. C).  Indeed, Broadcom makes the broad and unsupported

16  claim that "the proper and only vehicle for such information is the infringement

17  contentions that Broadcom has served." *Id.*  But Broadcom is incorrect as a matter of

18  law.  As set forth in greater detail below, Broadcom's position flies in the face of the

19  Federal Rules and a long line of well-reasoned case law holding that Rule 30(b)(6)

20  does require a plaintiff to produce a witness to testify concerning the factual basis of its

21  allegations.

22  **A.  Broadcom Faces a Heavy Burden to Avoid Producing a Witness Pursuant**

23  **to Rule 30(b)(6).**

24  The discovery and deposition provisions of the Federal Rules of Civil Procedure

25  make "'trial less a game of blind man's bluff and more a fair contest with the basic

26  issues and facts disclosed to the fullest practicable extent.'" *Scott & Fetzer Co. v. Dile*,

27  643 F.2d 670, 674 (9th Cir. 1981) (quoting *United States v. Procter & Gamble Co.*,

28

Gibson, Dunn &
Crutcher LLP

3

356 U.S. 677, 682 (1958). Thus, these Rules "are to be accorded a broad and liberal treatment." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947).

Rule 30(b)(6) provides, in pertinent part:

> A party may name as the deponent a public or private corporation [and t]he named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf . . . about information known or reasonably available to the organization.

Fed. R. Civ. P. 30(b)(6).

Once served with the deposition notice under Rule 30(b)(6), the responding party is required to produce a witnesses knowledgeable about the subject matter of the noticed topics or else prepare a representative witness to provide the party's knowledge concerning such topics. *See, e.g., Microsoft Corp. v. Suncrest Enter.*, No. C03-05424, 2006 WL 908757, at *1 (N.D. Cal. Jan. 6, 2006). *See also Alliance for Global Justice v. District of Columbia*, 437 F.Supp.2d 32, 37 (D.D.C. 2006) ("By its very nature, a Rule 30(b)(6) deposition notice requires the responding party to prepare a designated representative so that he or she can testify on matters not only within his or her personal knowledge, but also on matters reasonably known by the responding entity.") (citation omitted). And if it is necessary for the responding party to produce more than one witness to respond to questions concerning relevant areas of inquiry on the noticed topic, it must do so. *See, e.g., Starlight Int'l, Inc. v. Herlihy*, 186 F.R.D. 626, 638 (D. Kan. 1999) (corporation must produce "such number of persons as will satisfy the request").

On the other hand, if a party fails to "make a designation under Rule 30(b)(6)," the party seeking discovery may file a motion to compel under Rule 37. Fed. R. Civ. P. 37(a)(2)(B). *See also CFTC v. Noble Metals Int'l*, 67 F.3d 766, 770-71 (9th Cir. 1995) (imposing sanctions on a corporation for failing to tender a witness in response to a 30(b)(6) notice). Because of the need for fulsome discovery, the law places a "heavy burden" on parties that seek to show "why discovery should be denied."

Gibson, Dunn &
Crutcher LLP

4

1 | *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir.1975); *Gray v. First Winthrop*

2 | *Corp.*, 133 F.R.D. 39, 40 (N. D. Cal. 1990).  Here, Broadcom cannot meet this burden.

3 | **B.      The Federal Rules Allow 30(b)(6) Testimony Concerning the Facts**

4 | **Underlying a Party's Contentions.**

5 | As an initial matter, there is no question that a corporate party must produce a

6 | designated witness as to the factual basis for its legal position in response to a 30(b)(6)

7 | notice.  As Courts throughout the country have long recognized, "the facts that

8 | purportedly support [a party's] claims" are "properly discovered through a Rule

9 | 30(b)(6) deposition."  *Smith v. General Mills, Inc.*, C2 04-705, 2009 WL 2525462, *3-

10 | 4 (S.D. Ohio Aug. 13, 2009) (ordering party to produce 30(b)(6) witness on "the

11 | factual bases supporting the allegations" of the party's pleading).

12 | Indeed, innumerable courts have reached this conclusion.  For example:

13 | • In *Taylor v. Shaw*, No. 2:04-cv-01668-LDG-LRL, 2007 WL 710186, at *2-3

14 | (D. Nev. Mar. 7, 2007) the court refused to prevent a 30(b)(6) deposition

15 | concerning the "basis of plaintiffs' contentions" from going forward, because

16 | "courts seem to agree" that "a Rule30(b)(6) deposition concerning the facts

17 | underlying a party's allegations" is appropriate.

18 | • Similarly, in *EEOC v. Caesars Entertainment, Inc.*, 237 F.R.D. 428, 433-35

19 | (D. Nev. 2006), the court refused "to preclude inquiry into the factual bases

20 | for defendant's asserted position."  It found that "due to the affirmative duty

21 | imposed by Rule 30(b)(6) for the corporation to designate a witness to testify

22 | on matters known or reasonably available to the corporation, the defendant

23 | and its counsel control who will testify on its behalf and have the ability,

24 | indeed, the duty to properly educate the witness or witnesses who testify on

25 | its behalf."  *Id.* at 435.

26 | • In *Security Ins. Co. of Hartford v. Trustmark Ins. Co.*, 218 F.R.D. 29, 33-35

27 | (D. Conn. 2003), the court required a third-party defendant to name and

28 | produce a Rule 30(b)(6) witness to testify as to its denials of liability.

Gibson, Dunn &
Crutcher LLP

- In *U.S. v. McDonnell Douglas Corp.*, 961 F. Supp. 1288, 1290 (E.D. Mo. 1997), the court overruled objections to Rule 30(b)(6) deposition and found that defendant was entitled to inquire into the factual bases of the government's allegations.
- In *United States v. Taylor*, 166 F.R.D. 356, 362-63 (M.D.N.C. 1996), the court held that "[i]f a corporation has knowledge or a position as to a set of alleged facts or an area of inquiry, it is its officers, employees, agents or others who must present the position, give reasons for the position, and, more importantly, stand subject to cross-examination."
- In *Resolution Trust Corp. v. Sands*, 151 F.R.D. 616, 620 (N.D. Tex.1993), the court required a party to designate a Rule 30(b)(6) witness to testify regarding its "claims that the officers and directors were negligent, grossly negligent or breached their fiduciary duties."
- In *Ierardi v. Lorillard, Inc.*, Civ. A. No. 90-7049, 1991 WL 158911, at *1-2 (E.D. Pa. Aug. 13, 1991), the court found that a party's written contentions "are neither adequate nor appropriate . . . to discover the interpretation" of the contentions that the party "intends to assert at trial."[1]

As a result, the general rule is that a 30(b)(6) deposition into the facts underlying a party's claims is perfectly permissible.

**C.      There Is No General 30(b)(6) Exception in Patent Cases.**

Broadcom implies that this general acceptance of depositions into the facts underlying a party's position is somehow inapplicable in patent cases. But again, the

---

[1] *See also United States v. Pepper's Steel & Alloys, Inc.*, 132 F.R.D. 695, 699 (S.D. Fla. 1990) (allowing a 30(b)(6) deposition concerning "the factual basis for specific claims and defenses asserted"); *Protective Nat'l Ins. Co. v. Commonwealth Ins. Co.*, 137 F.R.D. 267, 278-83 (D. Neb. 1989) (holding that a party is entitled to discover the factual bases for contentions in counterclaim through a Rule 30(b)(6) deposition); *Mitsui & Co. v. Puerto Rico Water Res. Auth.*, 93 F.R.D. 62, 67 (D.P.R.1981) (requiring a corporation to designate a 30(b)(6) spokesperson and imposing fees and sanctions for its failure to do so).

1    case law is to the contrary. For example, in *AMP, Inc. v. Fujitsu Microelectronics,*

2    *Inc.*, 853 F. Supp. 808, 831 (M.D. Pa. 1994), the court granted a motion to compel a

3    30(b)(6) deposition in a patent case, concerning the "factual bases" for the party's

4    contentions. As the Court held, because "[i]t is not unreasonable to conclude that

5    someone at [the company] believed there were factual bases for" the assertions

6    underlying its contentions, it was appropriate to "grant Plaintiffs' motion and require

7    [the company] to provide an appropriate witness." *Id.*

8         Similarly, the court granted a motion to compel 30(b)(6) testimony in *AMP Inc.*

9    *v. Molex Inc.*, 227 U.S.P.Q. 172 (N.D. Ill. 1985), finding that the "plaintiff's

10   interpretation of the patent is the basis of this lawsuit, and questions thereon are

11   allowed." *Id.* ("A corporation should be no more shielded from the consequences of

12   this type of inquiry than an individual."); *see also De Graffenried v. United States*, 2

13   Cl. Ct. 640, 642-43 (1983) (granting motion to compel deposition testimony on the

14   alleged "infringement of the [asserted] patent by the accused devices.").

15        Indeed, the very cases that Broadcom cites in its Objection bear this out. For

16   example, in *Smithkline Beecham Corp. v. Apotex Corp.*, No. 99-CV-4304, 2004 WL

17   739959, at *3-4 (E.D. Pa. Mar. 23, 2004), the Court ordered the party to obtain

18   information with contention interrogatories only for those questions that sought the

19   party's *legal position*, and ordered the corporate designee deposition to go forward for

20   those questions that sought *facts*. More specifically, although the court did limit a

21   deposition that seeks "to discover [plaintiff's] legal contentions," it still found that

22   because the plaintiff "has concluded that its patents are infringed . . . it must have some

23   basis for that belief, and [the defendant] is entitled to discover that information." *Id.* at

24   *4. Importantly, the court rejected the plaintiff's argument that defendant could only

25   discover such information through expert testimony or late in the case. *Id.* Similarly,

26   here, Emulex only seeks testimony on the facts that form the "basis for" Broadcom's

27   allegations of infringement.

28

Gibson, Dunn &
Crutcher LLP

7

1      The court's decision in *McCormick-Morgan, Inc. v. Teledyne Indus., Inc.*, 134

2  F.R.D. 275 (N.D. Cal. 1991) is even further afield from the dispute at issue here.

3  Unlike in this case, the party seeking to avoid answering 30(b)(6) questions did ***not***

4  refuse to produce a witness. *Id.* at 277.  To the contrary, it merely invoked the

5  attorney-client privilege as grounds for instructing the witness not to answer *certain*

6  *questions* related to the corporation's legal position and "***did not object*** to producing

7  witnesses to provide the information . . . that was 'within the 'knowledge' or 'control'

8  of the corporate party . . . and its agents." *Id.* at 286 (emphasis added).  Here,

9  Broadcom has not even offered Emulex the opportunity to frame and ask its questions,

10 so it has no basis to conclude that the questions that will be asked at the deposition will

11 be improper.  Moreover, the court in *McCormick-Morgan* specifically noted that

12 questions "to acquire relevant information of a percipient character [were] appropriate"

13 and that documents like infringement contentions, drafted by attorneys, "yield precious

14 little useful information, in part because the lawyers who craft the responses seem to

15 assume that it is their professional responsibility to be as stingy and self-serving . . . as

16 the proper bounds of legal ethics permit." *Id.* at 286-87.  As a result, *McCormick-*

17 *Morgan* also does not compel the denial of the 30(b)(6) deposition that Emulex seeks

18 here.[2]

19

20      [2] Although the court in *McCormick-Morgan* did express some concern that
depositions into the bases for infringement contentions can be inefficient and verge
21 into material protected by the attorney-client privilege (assuming a party chooses
not to waive the privilege), it indicated that the deposition should be restricted on
22 the condition that the plaintiff be denied the opportunity "to introduce at trial, in the
form of evidence or argument, any matter not set forth" in the written expression of
23 its infringement contentions.  134 F.R.D. at 287.  Here, in contrast, the purported
infringement contentions of Broadcom raise more questions than they do answers,
24 and often do not recite any basis for infringement at all, and Emulex is entitled to
get to the bottom of the *facts* that purportedly support these contentions.  If nobody
25 at Broadcom has any facts which support the allegations in its complaint, then it can
so concede.  *See* Ex. E.  *Cable & Computer Tech.. Inc. v. Lockheed Saunders, Inc.*,
26 175 F.R.D. 646 (C.D. Cal. 1997), merely cites *McCormick-Morgan* for the
noncontroversial proposition that "contention interrogatories *may in certain cases*
27 be the most reliable and cost-effective discovery device." 175 F.R.D. at 652
(emphasis added).  As a result, *McCormick-Morgan* does not purport to set out any
28                                                          [Footnote continued on next page]

1    Broadcom's position, in short, is that there should be a categorical rule

2    preventing a patent defendant from being able to seek live testimony from the plaintiff

3    concerning the basis for the allegations against it.  This position not only would

4    deprive Emulex of its due process rights to attempt to discover and cross examine the

5    quality of the evidence cited against it, but it would also undermine the strong policy

6    articulated by the Federal Circuit in favor of allowing defendants to put infringement

7    claims to the test.  *See, e.g., SmithKline Beecham Corp. v. Apotex Corp.*, 403 F.3d

8    1331, 1354–55 (Fed. Cir. 2005) ("Both this court and the Supreme Court have

9    recognized that there is a significant public policy interest in removing invalid patents

10   from the public arena [and t]he best way to ensure [this] is to allow the validity of a

11   patent . . . to be challenged in court.") (internal quotations and citations omitted);

12   *Foster v. Hallco Mfg. Co., Inc.*, 947 F.2d 469, 474–75 (Fed. Cir. 1991) (describing the

13   Supreme Court's "policy in favor of precluding restrictions on attacks on patent

14   validity").

15       Accordingly, there cannot be a categorical rule that patent defendants are

16   precluded from asking a representative of the patent holder about the factual basis for

17   its infringement contentions.  Such a rule would be contrary to the basic law and

18   policies underlying the basis for taking a 30(b)(6) deposition on the critical issue in a

19   case in the first place.

20   **D.**    **Broadcom's Infringement Contentions Are No Substitute for 30(b)(6)**

21         **Testimony.**

22       Broadcom apparently recognizes that its asserted Objection, that the "only

23   vehicle" for Emulex to obtain information about its infringement position is formal

24   infringement contentions, (Battaglia Ex. C), is incorrect.  Instead, in its letter

25   correspondence, Broadcom focuses on its argument that a 30(b)(6) deposition would

26   

27   [Footnote continued from previous page]
     kind of categorical prohibition on the use of a 30(b)(6) deposition to seek testimony

28   concerning the facts underlying a party's contentions.

Gibson, Dunn &
Crutcher LLP

9

be "improper" because it is an "overly burdensome method of acquiring information regarding the factual basis for Broadcom's infringement contentions." (Battaglia Ex. E).

Rule 30(b)(6) itself, though, clearly states that it "does not preclude [taking] a deposition by any other procedure allowed [by the Rules of Civil Procedure]." Fed. R. Civ. P. 30(b)(6).  Courts have long recognized that written discovery and 30(b)(6) depositions are often complimentary – and not mutually exclusive.  *See, e.g., Great American Ins. Co. of New York v. Vegas Constr. Co., Inc.*, 251 F.R.D. 534, 541 (D. Nev. 2008) ("written discovery is not a substitute for providing a thoroughly educated Rule 30(b)(6) deponent").  In fact, "the deposition process provides a means to obtain more complete information and is, therefore, ***favored*** over written discovery." *See BB&T Corp. v. U.S.*, 233 F.R.D. 447, 448 (M.D.N.C. 2006) (emphasis added) (internal quotations omitted).  This is because self-serving documents prepared with the assistance of counsel are no substitute for live testimony.  *See, e.g., Founding Church of Scientology of Washington, D.C., Inc. v. Webster*, 802 F.2d 1448, 1451 (D.C. Cir. 1986); *Alexander v. F.B.I.*, 186 F.R.D. 113, 121 (D. D.C. 1998).

As the court in *Tri-State Hospital Supply v. United States*, 226 F.R.D. 118, 125-26 (D.D.C. 2005), aptly stated:

> I am aware of no principle of law that precludes a party from pursuing during a deposition a topic about which it has already received information via other discovery devices. By its very nature, the discovery process entails asking witnesses questions about matters that have been the subject of other discovery ... [T]he fact that information has been provided to [a party] concerning a particular category does not, in itself, make that category an impermissible subject of a 30(b)(6) deposition.

*See also In re: Vitamins Antitrust Litig.*, 216 F.R.D. 168, 172-74 (D.D.C. 2003) (in responding to a Rule 30(b)(6) notice or subpoena, a corporation may not take the position that its documents state the company's position).

Other courts throughout the country have reached the same conclusion.  For example:

Gibson, Dunn & Crutcher LLP

10

- In *Board of Regents v. Nippon Telephone and Telegraph Corp.*, No. A-01-CA-478 SS, 2004 U.S. Dist LEXIS 28819, at *15-17 (W.D. Tex. June 1, 2004), the court rejected an argument that party can avoid 30(b)(6) deposition by serving a written statement of the factual basis for its legal position, concluding that "a corporation must designate a person to testify on its behalf."

- In *Ierardi v. Lorillard, Inc.*, 1991 WL 158911, at *1-2, the Court rejected a party's "unsubstantiated belief that plaintiffs will not discover new information" through a 30(b)(6) deposition that it could not have otherwise pursued from merely relying on the party's written discovery. It found that written discovery is "an inadequate substitute for deposition testimony pursuant to Rule 30(b)(6)." *Id.*

- In *Mill Run Tours, Inc. v. Khashoggi*, 124 F.R.D. 547, 549 (S.D.N.Y. 1989), the court similarly refused to prevent a 30(b)(6) deposition on the basis for a party's legal position because written discovery is "likely to generate additional discovery disputes," and does "not permit the probing follow-up questions necessary in all but the simplest litigation."

- In *Marker v. Union Fid. Life Ins.*, 125 F.R.D. 121, 126 (M.D.N.C.1989), the court ruled that the Federal Rules ***do not*** permit a party served with a 30(b)(6) notice request to "elect to supply the answers in a written response to an interrogatory" because the deposition process offers a "means to obtain more complete information."[3]

---

[3] Similarly, courts have soundly rejected the argument that prior deposition testimony from individual fact witnesses relieves a corporation from designating a corporate spokesperson in response to a Rule 30(b)(6) notice of deposition. *See, e.g., Foster-Miller, Inc. v. Babcock & Wilcox Canada*, 210 F.3d 1, 17 (1st Cir. 2000) (imposing sanctions and fees for refusing to produce 30(b)(6) witnesses because the issuing party had " already deposed the employees"); *Sabre v. First Dominion Capital, LLC*, 01 Civ. 2145, 2002 U.S. Dist. LEXIS 22193, at *7-8 (S.D.N.Y. Nov. 7, 2002) (fact that individually named witnesses have testified concerning a subject is generally no obstacle to a 30(b)(6) deposition on the same subject); *Commodity*

[Footnote continued on next page]

1   Broadcom's burden argument rings particularly hollow here, where it has chosen

2   to bring this action, and to assert 178 claims from 11 patents.  As a result, any burden

3   that it may experience, "is merely the result of the concomitant obligation from the

4   privilege of being able to use the corporate form in order to conduct business." *U.S. v.*

5   *Taylor*, 166 F.R.D. at 362.  *See also Sprint Commc'ns Co., L.P. v. Theglobe.com, Inc.*,

6   236 F.R.D. 524, 528 (D. Kan. 2006) (acknowledging compliance with Rule 30(b)(6)

7   may be onerous but that the Rule's requirements "negate any possibility that an

8   inquiring party will be directed back and forth from one corporate representative to

9   another, vainly searching for a deponent who is able to provide a response which

10   would be binding on that corporation").

11   The Court should therefore uphold the well-established rule that a party may

12   chose its preferred method of discovery.  *See, e.g., Cubas v. Sky Chefs, Inc.*, No. 2:04-

13   CV-01099TS, 2006 U.S. Dist. LEXIS 19545, *4 (D. Utah Apr. 10, 2006) ("Generally,

14   a party may select the method of discovery it chooses to use."); *BB&T Corp.*, 233

15   F.R.D. at 448-497 (same).

16   **E.   Broadcom's Own Conduct Confirms the Need for a Deposition.**

17   It is particularly inappropriate for Broadcom to seek to avoid its obligation to

18   produce a fact witness as to its infringement contentions in this case, because

19   Broadcom's infringement contentions, although voluminous in size, are loaded with

20   vague references to Emulex's products or rote recitations of the claim language of the

21   patents in suit.  For example, virtually all of Broadcom's infringement contentions

22   concerning the '636 Patent follows the same simplistic formula.  First, there is a

23

24   [Footnote continued from previous page]
   *Futures Trading Comm. v. Midland Rare Coin Exch. Inc.*, 97-7422-CIV, 1999 U.S.

25   Dist. LEXIS 16939, at *9-10 (S.D. Fla. July 28, 1999) (Rule 30 allows deposition
   of witness in her individual capacity and in corporate capacity because the

26   depositions serve distinct purposes, impose different obligations and involve
   different ramifications); *Abbott Lab. v. Alpha Therapeutic Corp.*, 97-C-1292, 2001

27   U.S. Dist. LEXIS 8540, at *5-6 (N.D. Ill. Jan. 31, 2001) (compelling 30(b)(6)
   deposition "regardless of whether the same or similar questions were asked at

28   [prior] fact depositions").

Gibson, Dunn &
Crutcher LLP

1   conclusory statement that mimics the claim language of the patent.  The chart then

2   cites to portions of a related manual, without any attempt to tie any Emulex product

3   functionality to the actual claim limitations recited in the asserted claims.  Broadcom's

4   allegations with respect to the other patents-in-suit are similarly deficient.  Emulex has

5   set these kinds of concerns out for Broadcom in great detail.  (*See* Battaglia Ex. A).

6   But to date, Broadcom has refused to amend its infringement contentions to cure these

7   deficiencies.

8         Emulex must be able to probe these ambiguities in order to exercise its due

9   process rights to challenge the sufficiency of Broadcom's infringement contentions, as

10  well as to present its own substantive defense.  As courts have recognized, a party in

11  Emulex's position "is entitled to explanations of the information produced, including

12  how the information was gathered, by whom, . . . where the information came from,

13  whether there is some additional information."  *State Farm Mut. Auto. Ins. Co. v. New*

14  *Horizont, Inc.*, 250 F.R.D. 203, 207 (E.D. Pa. 2008).

15        In addition, Broadcom has issued repeated <u>public</u> statements concerning

16  Emulex's alleged liability, demonstrating that either its own personnel ***do*** have

17  knowledge of its claims of infringement, or that its employees did not and do not have

18  a factual basis for these statements.  For example:

- On September 16, 2009, Broadcom's chief financial officer told a room full
  of people, including industry professionals, stock analysts, and journalists,
  that Emulex has engaged in unlawful conduct that is "significant" and
  "pervasive" and that "cuts across [Emulex's] entire product line," and that
  Emulex's unlawful activity "covers a broad part of their business today in
  fibre channel and fibre channel over ethernet."  (Battaglia Ex. H).

- Broadcom's Vice President for Intellectual Property Litigation, David
  Rosmann, stated in a September 14, 2009 press release (that is still available
  on Broadcom's website) that "[a]s we developed our plans for the Fibre
  Channel over Ethernet market, we discovered that Emulex is infringing

multiple Broadcom patents in an effort to use Broadcom technology to
compete against both our existing and future products" and "[w]e believe
Emulex is infringing a broad range of Broadcom patents; we are concerned
that Emulex's infringement is pervasive." (Battaglia Ex. I).

- In a November 9, 2009 e-mail to the press, a spokesperson for Broadcom told
reporters that "Contrary to Emulex's misleading statements, we believe their
infringement is likely to extend far beyond the examples cited in Broadcom's
complaint." (Battaglia Ex. J).

- In a statement to the press on May 14, 2010, Mr. Rosmann stated that "we're
confident that we can prove their infringement is pervasive." (Battaglia Ex.
K)

Presumably, Broadcom has a factual basis for such public statements, and Emulex is
entitled to probe the factual basis for these statements.

Broadcom's position is particularly surprising given that in this very case, it has
previously taken the position that it *would* be willing to offer a 30(b)(6) witness as a
means of resolving previous discovery disputes. For example, the record in this case
shows that in past discovery filings:

- "Broadcom has repeatedly offered to allow Emulex to take—on an expedited
basis—one or more 30(b)(6) depositions concerning the implementation of
the patented technologies in Broadcom's products and/or Broadcom's
document storage and retention." Dkt. No. 42 (Joint Stipulation Regarding
Broadcom's Motion for Protective Order at p. 7); *see also id.* at 26.

- "If Emulex is seeking discovery concerning the Broadcom products that
embody the patents, it can obtain that discovery through . . . a 30(b)(6)
deposition. *Id.* at 13 (citing Broadcom's letter dated December 3, 2009).

- Broadcom's "offer still stands to make one or more 30(b)(6) witnesses
available early in the case to address the implementation of the patented

1                 technologies in Broadcom's products. . . ."  *Id.* at 15-16 (citing Broadcom's

2                 letter dated December 10, 2009).

3   Given these past positions, Broadcom's refusal to proffer a 30(b)(6) witness on its

4   infringement contentions is inexplicable.

5   **F.**      **The Facts Underlying Broadcom's Infringement Contentions Are Not**

6           **Protected By Privilege.**

7         Finally, Broadcom also argues that a 30(b)(6) deposition is improper in this case

8   "to the extent that it seeks information protected by the attorney-client privilege, the

9   work product doctrine, and/or any other lawfully recognized privilege or immunity."

10   (Battaglia Ex. E); (*see also* Battaglia Ex. C).

11         These privilege concerns, however, also provide no basis to avoid producing a

12   30(b)(6) witness on the facts that underlie Broadcom's claims.  As courts have long

13   recognized, "[n]o contention can be made that the attorney-client privilege precludes

14   disclosure of factual information."  *Smith v. General Mills*, 2009 WL 2525462, at *4.

15   This is because facts, as opposed to legal theories or arguments, are neither privileged

16   nor protected.  *See, e.g., Upjohn v. United States*, 449 U.S. 383, 395 (1981); *Hickman*

17   *v. Taylor*, 329 U.S. at 508.

18         Indeed, courts have found that a "claim of attorney-client privilege" is

19   "improper" where, as here, a party only seeks Rule 30(b)(6) testimony concerning the

20   "facts that support [the party's] allegation[s]."  *Protective Nat'l Ins. Co. v.*

21   *Commonwealth Ins. Co.*, 137 F.R.D. 267, 279 (D. Neb. 1989).  And as Judge Battaglia

22   concluded in *Pastrana v. Local 9509, Comm'ns Workers of Am.*, 2007 WL 2900477

23   (S.D. Cal. Sept. 28, 2007), "the work product doctrine [also] furnishes no shield

24   against discovery . . . by deposition [of] facts that the adverse party's lawyer has

25   learned, or the person from whom he has learned such facts, or the existence or

26   nonexistence of documents, even though the documents themselves may not be subject

27   to discovery.  *Id.* at *5 (granting motion to compel deposition concerning "the facts

28   supporting the allegations contained in the complaint").  *See also EEOC v. Burlington*

*N. & Santa Fe Ry. Co.*, No. CIV-07-734-D, 2008 WL 4845308, at \*3 (W.D. Okla. June 23, 2008) (allowing deposition into pre-suit factual investigation because "factual matters" are "within the scope of permissible discovery"); *State Farm Mut. Auto. Ins. Co.*, 250 F.R.D. at 214-15  (granting motion to compel 30(b)(6) testimony concerning "the facts underlying the corporate party's claim").

Moreover, even if Emulex's Topic 1 required testimony regarding Broadcom's legal position generally, that information is discoverable. "Generally, inquiry regarding a corporation's legal positions is appropriate in a Rule 30(b)(6) deposition." *Canal Barge Co. v. Commonwealth Edison Co.*, No. 98 C 0509, 2001 U.S. Dist. LEXIS 10097, at \*6 (N.D. Ill. July 18, 2001). In *Canal Barge*, the plaintiff sought Rule 30(b)(6) deposition testimony regarding the bases for defendant's legal position. *Id.* at \*5. The defendant objected, claiming that the deposition notice sought legal conclusions and would improperly reveal its legal analysis. *Id.* The court found that the deposing party's fact-specific inquiries regarding the defendant's position were properly the subject of Rule 30(b)(6) deposition testimony. *Id.* at \*6-9.

Accordingly, Broadcom cannot properly assert a privilege without first producing a witness and allowing Emulex the opportunity to pose the questions it wishes. *See, e.g., United States v. Lawless*, 709 F.2d 485, 487 (7th Cir. 1983) ("The claim of privilege must be made and sustained on a question-by-question or document-by-document basis; a blanket claim of privilege is unacceptable."); *United States v. Hansen*, 233 F.R.D. 665, 668 (S.D. Cal. 2005) (granting motion to compel deposition testimony because to assert a "privilege regarding . . . deposition testimony, [a party] must attend the deposition, be sworn under oath, and answer all questions that do not pose a risk of" divulging privileged information); *Judicial Watch, Inc. v. Dep't of Commerce*, 201 F.R.D. 265, 272 (D.D.C. 2001) (court declined to "promulgate broad, protective orders defining abstractly what are and what are not proper inquiries" and insisted on privilege objections on a question-by-question basis).

\*              \*              \*

For these reasons, Emulex respectfully requests that the Court enter an order compelling Broadcom to produce a witness or witnesses responsive to Emulex's April 30, 2010 notice of deposition pursuant to Rule 30(b)(6).

## V.   BROADCOM'S CONTENTIONS REGARDING THE DISPUTED DEPOSITION

Broadcom has agreed to provide a witness in response to Emulex's 30(b)(6) notice on infringement.  Emulex's motion is therefore moot.

Respectfully submitted,

Dated: June 1, 2010

By: /s/  David A. Battaglia

ROBERT E. COOPER (SBN 35888)
(rcooper@gibsondunn.com)
WAYNE M. BARSKY (SBN 116731)
(wbarsky@gibsondunn.com)
DAVID A. BATTAGLIA (SBN130474)
(dbattaglia@gibsondunn.com)
H. MARK LYON (SBN 162061)
(mlyon@gibsondunn.com)
Y. ERNEST HSIN (SBN 201668)
(ehsin@gibsondunn.com)
GIBSON, DUNN & CRUTCHER, LLP
2029 Century Park East
Los Angeles, CA 90067-4267
Telephone: (310) 552-8500
Facsimile: (310) 557-8741

JOSH A. KREVITT (SBN 208522)
(jkrevitt@gibsondunn.com)
GIBSON, DUNN & CRUTCHER, LLP
200 Park Avenue
New York, NY 10066
Telephone: (212) 351-3500
Facsimile: (212) 351-6390

DAVID A. SEGAL (SBN 166635)
(dsegal@gibsondunn.com)
GIBSON, DUNN & CRUTCHER, LLP
3161 Michelson Drive
Irvine, CA 92612-4412
Telephone: (949) 351-3800
Facsimile: (949) 351-4220

Gibson, Dunn &
Crutcher LLP

17

1  RANDALL WICK (SBN 95584)
   (randall.wick@emulex.com)
2  EMULEX CORPORATION
   3333 Susan Street
3  Costa Mesa, CA 92626-7112
   Telephone: (714) 885-3691
4  Facsimile: (714) 641-0172

5  Attorneys for Defendant and Counterclaim
   Plaintiff EMULEX CORPORATION

6
   Dated:  June 1, 2010
7

8  By: /s/  Louis W. Tompros

9  BOB STEINBERG (SBN 126407)
   (bob.steinberg@lw.com)
10 NEIL RUBIN (SBN 250761)
   (neil.rubin@lw.com)
11 LATHAM & WATKINS LLP
   355 South Grand Avenue
12 Los Angeles, CA 90071
   Telephone: (213) 485-1234
13 Facsimile: (213) 891-8763

14 MICHAEL W. DE VRIES (SBN 211001)
   (mike.devries@lw.com)
15 LATHAM & WATKINS LLP
   650 Town Center Drive, 20th Floor
16 Costa Mesa, CA 92626
   Telephone: (714) 540-1235
17
   WILMER CUTLER PICKERING
18 HALE AND DORR LLP
   WILLIAM F. LEE (admitted pro hac vice)
19 (william.lee@wilmerhale.com)
   DOMINIC E. MASSA (admitted pro hac vice)
20 (dominic.massa@wilmerhale.com)
   JOSEPH J. MUELLER (admitted pro hac vice)
21 (joseph.mueller@wilmerhale.com)
   LOUIS W. TOMPROS (admitted pro hac vice)
22 (louis.tompros@wilmerhale.com)
   WILMER CUTLER PICKERING
23 HALE AND DORR LLP
   60 State Street
24 Boston, MA 02129
   Telephone: (617) 526-6000
25 Facsimile: (617) 526-5000

26 Attorneys for Plaintiff and
   Counterclaim Defendant
27 BROADCOM CORPORATION

28

Gibson, Dunn &
Crutcher LLP

18