UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-01058-JVS (ANx) consolidated CV 10-03963-JVS (ANx) | Date | June 30, 2010 |
|---|---|---|---|
| Title | Broadcom Corp. v. Emulex Corp., et al. | | |

Present: The Honorable James V. Selna

| Karla J. Tunis | Sharon Seffens |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Dominic Massa<br>Michael DeVries<br>Louis Tompros | David A. Segal<br>H. Mark Lyon<br>Josh Krevitt |

**Proceedings:** **Defendant's Motion to Enforce Patent Local Rules 3-1 and 3-6 (fld 5-26-10)**
**Defendant's Motion to Limit the Claims Asserted by Boradcom (Fld 5-26-10)**

**Interim Status Conference** - ORDER CONSOLIDATING ACTIONS

**Cause called and counsel make their appearance. The Court's tentative ruling is issued. Counsel make their arguments. The Court GRANTS IN PART and DENIES IN Part Defendant's Motion to Enforce Patent Local Rules 3-1 and 3-6. The Court GRANTS the Defendant's Motion to Limit the Claims Asserted by Broadcom. The Court rules in accordance with the tentative ruling as follows:**

Defendant Emulex Corporation ("Emulex") moves for an order precluding Plaintiff Broadcom Corporation ("Broadcom") from asserting claims or alleging products that were not charted in Broadcom's infringement contentions and requiring Broadcom to serve supplemental or new infringement contentions that comply with Patent Local Rules 3-1 and 3-6. Emulex also moves for an order limiting the number of asserted claims brought by Broadcom to fifteen. Broadcom opposes both motions.

I. <u>DISCUSSION</u>

A. <u>Patent Local Rules 3-1 and 3-6</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-01058-JVS (ANx) consolidated CV 10-03963-JVS (ANx) | Date | June 30, 2010 |
|---|---|---|---|
| Title | Broadcom Corp. v. Emulex Corp., et al. | | |

The Court first considers whether Broadcom's infringement contentions comply with the Patent Local Rules. The Court has adopted the Patent Local Rules for the Northern District of California. Emulex argues that Broadcom's current set of infringement contentions do not comply with those Rules on several grounds, as addressed below.

1. Uncharted Products and Claims

Under Patent Local Rule 3-1(c), the plaintiff is required to provide "[a] chart identifying specifically where each limitation of each asserted claim is found within each Accused Instrumentality." Emulex argues that Broadcom has failed to comply with this provision because it has not charted a number of asserted claims and accused products. Emulex notes that Broadcom has asserted 178 claims from eleven patents, (Segal Decl., Ex. A at 5-6), but has failed to chart about sixty of those claims. It also notes that Broadcom has failed to chart roughly fifty products that it accuses of infringing, including the Zephyr ASIC, the Lancer ASIC, the BE2 and BE3 ASICs, and the SOC 442. (See id. at 7-18; Opp'n Br. 12.)

The purpose of the Patent Local Rules is to "require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." Nova Measuring Instruments Ltd. v. Nanometrics, Inc., 417 F. Supp. 2d 1121, 1123 (N.D. Cal. 2006); accord O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc., 467 F.3d 1355, 1365-66 (Fed. Cir. 2006); Rambus Inc. v. Hynix Semiconductor Inc., 569 F. Supp. 2d 946, 980 (N.D. Cal. 2008) ("[T]he local rules are 'designed to prevent the 'shifting sands' approach to claim construction.'" (citation omitted)). The Rules are intended "to place the parties on an orderly pretrial track," and thus "require the plaintiff to carefully prepare for the filing of a patent suit" through significant pretrial investigation of their claims. Integrated Circuit Sys., Inc. v. Realtek Semiconductor Co., Ltd., 308 F. Supp. 2d 1106, 1107 (N.D. Cal. 2004). Thus, Rule 3-1 infringement contentions generally come before discovery in order to avoid "fishing expeditions." "The discovery rules are designed to assist a party to prove a claim it reasonably believes to be viable without discovery, not to find out if it has any basis for a claim." Micro Motion, Inc. v. Kane Steel Co., Inc., 894 F.2d 1318, 1327 (Fed. Cir. 1990) (emphasis in original). The plaintiff must have some reasonable basis for alleging infringement before being entitled to discovery for the accused particular products. See Bender v. Maxim

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-01058-JVS (ANx) consolidated CV 10-03963-JVS (ANx) | Date | June 30, 2010 |
|---|---|---|---|
| Title | Broadcom Corp. v. Emulex Corp., et al. | | |

Integrated Prods., Inc., No. C 09-01152 SI, 2010 WL 1135762, at *2 (N.D. Cal. Mar. 22, 2010). Under Rule 11, a patent plaintiff must perform a pre-complaint investigation sufficient to demonstrate "a reasonable chance of proving infringement." View Eng'g, Inc. v. Robotic Vision Sys., Inc., 208 F.3d 981, 986 (Fed. Cir. 2000).

Broadcom argues that it is not required to chart all the accused products and alleged claims at this time because it has not received adequate discovery from Emulex. It argues that the parties agreed not to be bound by the Patent Local Rules in this regard, as evidenced by their joint stipulation on the case schedule which (1) gave Broadcom four months to serve infringement contentions rather than the fourteen days under Patent Local Rule 3-1, and (2) set a deadline for serving amended infringement and invalidity contentions. (See Docket Nos. 39, 40.)

The Court rejects Broadcom's contention that it is entitled to wide-ranging discovery on products for which it has yet to put forth any discernible theory of infringement. The fact that Emulex agreed to allow Broadcom extra time to prepare infringement contentions does not evidence an agreement to provide discovery on products for which Broadcom lacks a reasonable basis for asserting infringement. And the setting of a deadline for final "good cause" amendments to infringement and invalidity contentions does not lessen Broadcom's obligation to provide robust preliminary infringement contentions.[1]

Similarly, as to those identified, but non-charted claims, Broadcom notes that it "has no intention of asserting any of the uncharted claims," but seeks to "preserve its right to assert those patents" if it discovers that other Emulex products infringe the uncharted claims. (Opp'n Br. 20.) Again, Broadcom is not currently entitled to asserts claims for which it admits it has no basis for alleging infringement.

Accordingly, the Court orders the uncharted products and claims stricken from

---

[1] This case is therefore unlike West v. Jewelry Innovations, Inc., No. C 07-1812 JF (HRL), 2009 WL 152136 (N.D. Cal. Jan. 22, 2009), where the parties explicitly stipulated that good cause existed for amending infringement contentions in light new information in discovery. Id. at *1, 4. The record in this case contains no such stipulation consistent with Local Rule 7-1. The agreed scheduling order merely sets a deadline for "good cause" amendments.

CV-90 (06/04) CIVIL MINUTES - GENERAL Page 3 of 10

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-01058-JVS (ANx) consolidated CV 10-03963-JVS (ANx) | Date | June 30, 2010 |
|---|---|---|---|
| Title | Broadcom Corp. v. Emulex Corp., et al. | | |

Broadcom's preliminary infringement contentions. Should Broadcom wish to add these products or claims in future amended infringement contentions, it may do so upon a showing of good cause under Patent Local Rule 3-6.

2. Direct Infringement Contentions

Emulex argues the infringement contentions that are actually charted fail to "identify[] specifically where each limitation of each asserted claim is found within each Accused Instrumentality," as required by Patent Local Rule 3-1(c). Emulex points to the first infringement contention for U.S. Patent No. 7,239,636 ("the '636 Patent"), which sets forth Broadcom's infringement theory for why Emulex's OneConnect Converged Network Adapter ("OneConnect") Products infringes Claim 1. (Segal Decl., Ex. A at 40.)

Claim 1 of the '636 Patent claims "[a] method for establishing a virtual channel between network devices." (Id.) The claim chart contends that each OneConnect product is a network device, citing one of the product datasheets and deposition testimony. (Id.) It then contends that "[b]y supporting Priority Flow Control, the OneConnect establishes a virtual channel between itself and other network devices," specifically citing a description of Priority Flow Control which purportedly allows for "lossless lanes for Fibre Channel while retaining packet-drop congestion management for IP traffic." (Id.) Finally, the chart contends that the OneConnect products support Priority Flow Control, citing a datasheet and deposition testimony. (Id.)

Emulex argues that this contention demonstrates that Broadcom merely cut-and-pasted the claim language and citations from various documents without explaining how the accused product practices the specific limitations. The Court disagrees, at least with respect to the main example cited in Emulex's motion. The contention identifies "where each limitation . . . is found within" the OneConnect product; it identifies the network devices and how the Priority Flow Control allows for creating a virtual channel between those network devices. The contention is more detailed than those in Bender v. Freescale Semiconductor, No. C-09-1156-PHJ-MEJ, 2010 WL 1689465 (N.D. Cal. Apr. 26, 2010), where the plaintiff simply assumed that the claim limitation was contained in the defendant's product, see id. at *3, and Alberta Telecommunications Research Centre v. Rambus Inc., No. C-06-02595 RMW, 2007 WL 4170564 (N.D. Cal. Nov. 19, 2007),

CV-90 (06/04) CIVIL MINUTES - GENERAL Page 4 of 10

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 09-01058-JVS (ANx)<br>consolidated CV 10-03963-JVS (ANx) | Date | June 30, 2010 |
| Title | Broadcom Corp. v. Emulex Corp., et al. | | |

where the plaintiff completely failed to address several limitations within the claims, see id. at *1. The exemplary contention here complies with Rule 3-1.

Emulex points to one other example in the infringement contentions, (Mot. Br. 12 (citing Segal Decl., Ex. A at 260-283)), and directs the Court to a letter to opposing counsel identifying numerous contentions alleged to be insufficient, (id. (citing Segal Decl., Ex. D)), but does not elaborate in its briefing. Upon a cursory review of those contentions, the Court notes that they are much more opaque than the main example cited.[2] However, the Court declines to undertake the Herculean effort of parsing the more than 1000 pages of infringement contentions to determine which comply with Rule 3-1 and which require amendment, particularly in light of the fact that the Court intends to limit the number of claims Broadcom will be permitted to assert after Emulex serves its invalidity contentions (as discussed in further depth below). The Court finds that it would be an inefficient use of the parties' and the Court's resources to review the sufficiency of the infringement contentions as they currently stand, when the number of contentions is likely to be substantially reduced in the near future.

Emulex also objects to Broadcom's use of third-party materials to support its infringement contentions, arguing that it does not meet the "reasonable inquiry" requirement of Rule 11. See, e.g., Antonious v. Spalding & Evenflo Co., 275 F.3d 1066, 1074 (Fed. Cir. 2002); View Eng'g, 208 F.3d 981, 985 (Fed. Cir. 2000). The investigation must be reasonable under the circumstances. See Network Caching Tech., LLC v. Novell, Inc., No. C-01-2079-VRW, 2003 WL 21699799, at *7 (N.D. Cal. Mar. 21, 2003). The Court agrees with Broadcom that, for pleading purposes, compliance with a third-party protocol is a sufficient basis for alleging infringement. E.g., Interdigital Tech. Corp. v. OKI Am., 845 F. Supp. 276, 282-83 (E.D. Pa. 1994). The Court rejects the argument that Broadcom should be precluded from arguing its position because it took the opposite position in other cases. See United States v. Ibrahim, 522 F.3d 1003, 1009 (9th Cir. 2008) (reciting the elements of judicial estoppel).

Finally, Emulex argues that Broadcom must provide in the infringement contentions all "the relevant facts it obtained in its prefiling inquiry" with respect to its infringement theories, citing Network Caching Tech. LLC v. Novell Inc., No.

[2] The Court does not, however, specifically find that these contentions run afoul of Rule 3-1(c).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-01058-JVS (ANx) consolidated CV 10-03963-JVS (ANx) | Date | June 30, 2010 |
|---|---|---|---|
| Title | Broadcom Corp. v. Emulex Corp., et al. | | |

C-01-2079-VRW, 2002 WL 32126128, at *4 (N.D. Cal. Aug. 13, 2002). However, the same court later clarified that "Patent [Local Rule] 3-1 does not require [the plaintiff] to produce evidence of infringement or to set forth ironclad and irrefutable claim constructions." Network Caching Tech., LLC v. Novell, Inc., No. C-01-2079 VRW, 2003 WL 21699799, at *4 (N.D. Cal. March 21, 2003). Rule 3-1 only requires the plaintiff to provide "sufficient specificity to provide defendants' with notice of infringement beyond that which is provided by the mere language of the patents themselves." Id.

3. Indirect Infringement Contentions

Under Patent Local Rule 3-1(d), the plaintiff is required to supply, "[f]or each claim which is alleged to have been indirectly infringed, an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement." Emulex argues that Broadcom's indirect infringement contentions fail to comply with this Rule.

Broadcom's first indirect infringement contention alleges the following:

> On information and belief, third parties such as IBM and Fujitsu directly infringe, e.g., by using the accused products and making, using, offering for sale, and/or selling systems that include the accused products as a component. Emulex has encouraged these third parties and end users to purchase and to use the accused products as identified above — and Emulex has known or should have known that it thereby has been inducing infringement of the '636 patent.

(Segal Decl., Ex. A at 20.) The remaining indirect infringement contentions make similar allegations. (See id. at 20-26.)

The Court finds that the allegations are sufficient under Rule 3-1(d), as they identify the acts of direct infringement and Emulex's acts that induced the alleged direct infringement. They provide more detail than the allegations in Maxim, where the plaintiffs did not identify any acts of direct infringement. 2010 WL 1135762, at *3.

CV-90 (06/04) CIVIL MINUTES - GENERAL Page 6 of 10

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. SACV 09-01058-JVS (ANx) consolidated CV 10-03963-JVS (ANx) Date June 30, 2010

Title Broadcom Corp. v. Emulex Corp., et al.

Broadcom's contentions of contributory infringement are also sufficient. Broadcom alleges that the accused products were especially made or adapted to infringe, have no other substantial use, and, therefore, Emulex is contributing to its customers' infringement by selling the products. (See Segal Decl., Ex. A at 20-29.)

Emulex argues that Broadcom must allege specific facts with particularity in order to comply with Rule 3-1(d). The Court disagrees. The purpose of the Rules are to pin down the plaintiff's theories and provide sufficient notice to the defendant. Nova Measuring, 417 F. Supp. 2d at 1123. The current indirect infringement contentions accomplish these goals.

4. Doctrine of Equivalents

Patent Local Rule 3-1(e) requires the plaintiff to identify "[w]hether each limitation of each asserted claim is alleged to be literally present or present under the doctrine of equivalents in the Accused Instrumentality." Emulex argues that Broadcom's infringement contentions fail to comply with this provision.

Broadcom's only allegation related to the doctrine of equivalents is a blanket statement applying to all the claims, as follows:

> Broadcom contends that the asserted claims of the patents-in-suit are infringed literally by the accused Emulex products. To the extent Emulex alleges that any given element of the above-identified claims is not literally present in the accused Emulex products, Broadcom contends that any alleged differences . . . are insubstantial. Emulex's accused products . . . therefore also infringe under the doctrine of equivalents. Broadcom reserves the right to assert a theory of infringement of any claim under the doctrine of equivalents following claim construction.

(Id. at 29-30.)

Some courts have held that such conclusory or blanket statements satisfy Rule 3-1(e), while others require specific limitation-by-limitation analysis. Compare Keithley v. The Homestore.com, Inc., 553 F. Supp. 2d 1148, 1151 (N.D.Cal. 2008) (finding

CV-90 (06/04) CIVIL MINUTES - GENERAL Page 7 of 10

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-01058-JVS (ANx) consolidated CV 10-03963-JVS (ANx) | Date | June 30, 2010 |
|---|---|---|---|
| Title | Broadcom Corp. v. Emulex Corp., et al. | | |

statement that "[e]ach element of each asserted claim is either literally present in each of the accused websites and product, and/or is present under the doctrine of equivalents" was sufficient), with Rambus Inc. v. Hynix Semiconductor Inc., Nos. C-05-00334 RMW, C-05-02298 RMW, C-06-00244 RMW, 2008 WL 5411564, at *3 (N.D. Cal. Dec. 29, 2008) (finding statement "[t]o the extent that any limitation is found to be not literally present, Rambus asserts that such limitation is present under the doctrine of equivalents" was insufficient). The Court is more persuaded by the Keithley court that a blanket reservation of a doctrine of equivalents theory complies with the letter of the Rule 3-1(e), and that a limitation-by-limitation analysis is not required at this time. Accordingly, the Court finds that Broadcom's doctrine of equivalents contention complies with the Patent Local Rules.

B. Limiting the Number of Claims

Emulex separately moves for an order limiting the number of claims Broadcom will be allowed to assert. Courts routinely require plaintiffs to select for litigation a small number of the total asserted claims. See, e.g., Rambus Inc. v. Hynix Semiconductor Inc., Nos. C-05-00334 RMW, C-05-02298 RMW, C-06-00244 RMW, 2008 WL 4104116, at *5 (N.D. Cal. Aug. 27, 2008); Stamps.com, Inc. v. Endicia, Inc., No. CV 06-7499 ODW(CTx), at 1 (C.D. Cal. Mar. 17, 2008) (Docket No. 98); In re Katz Interactive Call Processing Patent Litig., No. 07-ML-1816-RGK (FFMx), at *1-4 (C.D. Cal. Aug. 31, 2007) (Docket No. 221); Verizon Cal. Inc. v. Ronald A. Katz Tech. Licensing, P.A., 326 F. Supp. 2d 1060, 1066 (C.D. Cal. 2003); NTP Inc. v. Research in Motion, Ltd., 270 F. Supp. 2d 751, 762 (E.D. Va. 2003).

The Court has the inherent power to manage its cases in the interests of judicial economy and speedy resolution. See Landis v. N. Am. Co., 299 U.S. 248, 254 (1936); Asyst Techs., Inc. v. Emtrak, Inc., 544 F.3d 1310, 1317 (Fed. Cir. 2008). Limiting the number of claims a plaintiff can assert from a particular patent does not deprive the plaintiff's property rights, which "attach to the patents as a whole, not individual claims." Ethicon, Inc. v. U.S. Surgical Corp., 135 F.3d 1456, 1466 (Fed. Cir. 1998). Moreover, because infringement of a single claim suffices for a finding of infringement of the patent as a whole, the number of claims infringed does not affect the amount of damages. Ziggity Sys., Inc. v. Val Watering Sys., 769 F. Supp. 752, 819 (E.D. Pa. 1990).

CV-90 (06/04) **CIVIL MINUTES - GENERAL** Page 8 of 10

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-01058-JVS (ANx) consolidated CV 10-03963-JVS (ANx) | Date | June 30, 2010 |
|---|---|---|---|
| Title | Broadcom Corp. v. Emulex Corp., et al. | | |

Broadcom is currently asserting 178 claims from eleven patents.[3] Proceeding with this number of claims through claim construction, summary judgment motions, and trial is an untenable proposition that would substantially drain the parties' and the Court's resources. The Court finds that a claim limitation order is appropriate.[4]

Broadcom does not contest the Court's power to limit the number of claims asserted. Rather it contends that it is too early in the litigation to enter a claim limitation order, specifically noting that Emulex has not yet served its invalidity contentions. In response, Emulex agreed that the claim limitation order could allow for Broadcom to receive the invalidity contentions prior to narrowing its claims. (Reply Br. 6.) Indeed, at the hearing, Emulex notified the Court that it had just served its invalidity contentions. Broadcom also argues that claim limitation should not occur prior to claim construction, given that the claim construction could naturally winnow the number of viable claims. The Court agrees to an extent, but notes that this must be balanced against judicial efficiency concerns in limiting the number of terms to be construed.[5]

Accordingly, the Court finds that the number of claims should be limited to a manageable number. As noted above, Emulex has already served its invalidity contentions. Broadcom shall have thirty days from the date of this order to reduce the number of claims to be litigated to twenty. The Court will consider whether further limitation prior to any summary judgment motions and trial is necessary following claim construction. Indeed, further litigation on the basis of the twenty designated claims may result in fewer claims proceeding to trial without any further narrowing by the Court.

---

[3] In its Reply, Emulex notes that Broadcom has filed a new complaint asserting one more patent in the same family as several of the current patents, with over ninety claims. (Reply Br. 1.)

[4] The Court rejects Broadcom's contention that Emulex's motion should be treated as a motion for reconsideration. The Court's oral denial of Emulex's prior argument set forth in a Joint Status Conference Report does not represent a "decision on [a] motion." See L.R. 7-18. Furthermore, the Court merely decided that claim limitation was improper prior to Emulex's invalidity contentions. (Tompros Decl., Ex. C at 11:16-12:4.) The Court did not rule out returning to the claim limitation issue in the future.

[5] Broadcom notes that in claim construction, the complexity has more to do with the number of terms rather than the number of claims. (Opp'n Br. 10.) While this is true, the Court notes that there is a natural correlation between the number of claims asserted and the number of terms at issue.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-01058-JVS (ANx) consolidated CV 10-03963-JVS (ANx) | Date | June 30, 2010 |
|---|---|---|---|
| Title | Broadcom Corp. v. Emulex Corp., et al. | | |

II. CONCLUSION

For the foregoing reasons, Emulex's motion to enforce the Patent Local Rules is GRANTED in part and DENIED in part. Broadcom's uncharted claims and products are ordered stricken from the infringement contentions. Once Broadcom narrows its claims, Emulex is free to renew its attack on the sufficiency of the infringement contentions concerning those specific claims. Broadcom may amend its infringement contentions upon a showing of good cause.

Emulex's motion to limit the claims asserted is GRANTED. Broadcom shall have thirty days from the date of this order to select twenty claims to litigate.

IT IS SO ORDERED.

**The Court and counsel confer regarding scheduling and procedures. The Court directs counsel to meet and confer regarding scheduling. Counsel shall submit a stipulation and proposed order revising the scheduling.**

**The Court GRANTS the parties oral motion to consolidate this action and action CV 10-3963-JVS(ANx): Boradcom Corp. v. Emulex. All future filings in these matters shall be filed under the earlier case [ie SACV 09-01058-JVS(ANx)] number and appear as indicated below:**

**SACV 09-01058-JVS(ANx)**
**consolidated with CV 10-03963-JVS(ANx)**

| | | : | |
|---|---|---|---|
| | mtns<br>stat conf | : | 19<br>11 |
| Initials of Preparer | kjt | | |