1  Juanita R. Brooks, SBN 75934, brooks@fr.com
   FISH & RICHARDSON P.C.
2  12390 El Camino Real
   San Diego, California 92130
3  Telephone: (858) 678-5070
   Facsimile: (858) 678-5099
4
   David M. Barkan (SBN 160825), barkan@fr.com
5  FISH & RICHARDSON P.C.
   500 Arguello Street Suite 500
6  Redwood City, CA 94063-1526
   Telephone: (650) 839-5070
7  Facsimile: (650) 839-5071

8  [Additional counsel listed on signature page]

9
   Attorneys for Defendant and Counterclaim Plaintiff
10 EMULEX CORPORATION

11
                    **UNITED STATES DISTRICT COURT**
12                  **CENTRAL DISTRICT OF CALIFORNIA**

13 | BROADCOM CORPORATION. | Case No. SACV 09-1058-JVS (ANx) consolidated with 10-CV-3963 JVS (ANx) |
   |---|---|
   | Plaintiff, | |
   | v. | **Honorable James V. Selna** |
   | EMULEX CORPORATION, | **EMULEX'S MOTION FOR LEAVE TO SUPPLEMENT INVALIDITY CONTENTIONS** |
   | Defendant. | |
   | And Related Counterclaims | |

1

Pursuant to the Court's Scheduling Order (D.I. 171) setting February 4, 2011 as the "Last day to submit final infringement and invalidity contentions, as necessary due to the Court's claim construction rulings or other good cause (including information and materials produced during discovery)," and under Local Patent Rule 3.6, Defendant Emulex Corporation ("Emulex") respectfully moves for leave to supplement its invalidity contentions against Broadcom's nine remaining asserted patents.[1] Local Patent Rule 3-6 provides that supplements to invalidity contentions may be made "by order of the Court upon a timely showing of good cause."[2] Specifically, a movant may show good cause upon, for example, the occurrence of at least one of the following events: "(a) a claim construction by the Court different from that proposed by the party seeking amendment" or "(b) recent discovery of material, prior art despite earlier diligent search." *Id.* Both circumstances exist in this case, thereby providing Emulex with "good cause" for amendment. Moreover, Emulex's amendments do not result in undue prejudice to Broadcom because Broadcom was in possession of some of the prior art, fact depositions are still being scheduled, expert disclosures only recently occurred, Emulex has yet to serve its expert report(s) on invalidity, Broadcom's rebuttal report is not due for over nine weeks, and the additional prior art is few in number. Indeed, that Broadcom filed new infringement contentions today both demonstrates the need for Emulex to defend itself and mitigates any supposed prejudice to Broadcom. Accordingly, Emulex respectfully requests the Court to grant Emulex leave to supplement its invalidity contentions pursuant to this Court's Scheduling Order (D.I. 171).

At the outset, Emulex respectfully suggests that the Court's recent Order Regarding Markman/Claim Construction Hearing (hereinafter "*Markman* Order")

---

[1] On February 4, the same day Emulex filed this motion, Emulex served its Supplemental Invalidity contentions on Plaintiff.
[2] N.D. Cal. Patent Rule 3-6.

2

EMULEX'S MOTION FOR LEAVE TO
SUPPLEMENT INVALIDITY CONTENTIONS
Case No. SACV 09-1058-JVS (ANx),
consolidated with 10-CV-3963 JVS (ANx)

provides Emulex with good cause for supplementing its invalidity contentions. (D.I. 261). In the *Markman* Order, the Court rejected Emulex's proposed construction and adopted Plaintiff's proposed construction for at least seven (7) of the twelve (12) disputed terms. *See Markman* Order at 5, 10, 12, 14, 17, 19, 22. Due in part to the breadth of the adopted constructions, prior art products of which Broadcom was aware (*e.g.*, because it sought to acquire the company that developed that prior art) now fall within the scope of the respective claims. Further, the Court ruled that numerous terms, for which Emulex proposed a construction, required no construction. The following chart provides a summary of the Court's determinations in its *Markman* Order that provide good cause for amendment:

| Patent | Proposed Term | Court's Construction |
|---|---|---|
| 7,239,636 | "virtual channel capable network device" | Court adopted Plaintiff's construction. |
| | "local capability list" | Court adopted Plaintiff's construction. |
| | "remote capability list" | Court adopted Plaintiff's construction for "capability list" and ruled "remote" requires no construction, even though Emulex's construction incorporated a "remote" requirement. |
| 7,486,124 7,724,057 | "implemented using" | Court adopted Plaintiff's construction. |
| 6,424,194 | "C3MOS circuit" | Court adopted Plaintiff's construction. |
| 7,313,623 | "provides [ ] to said host" / "unloads [ ] to said host" | Court adopted Plaintiff's construction. |
| | "[TCP] connection variables" | Court adopted Plaintiff's construction. |

3

| Patent | Proposed Term | Court's Construction |
|---|---|---|
| | "said host transfers control of at least a portion of Transmission Control Protocol (TCP) connection variables to said TCP/IP Offload Engine / control of state . . . [and] said NIC unloads . . . to said host" | Court stated the term requires no construction, as Plaintiff proposed; Emulex asserted the term is indefinite or alternatively requires Emulex's proposed limitations. |
| 7,058,150 | "master timing generator adapted to generate a master timing signal" | Emulex proposed a construction for the entire term; the Court stated "adapted to generate" required no construction, as Plaintiff proposed. |
| | "sampling signal" | Court adopted Plaintiff's construction. |

Finally, the parties originally proposed additional terms for construction; however, the Court subsequently limited the number of terms it would construe. Thus, these terms were not construed as Emulex contemplated. The Court's constructions alone provide good cause for the vast majority of the amendments to Emulex's invalidity contentions.[3]

Further, Emulex has recently discovered select material prior art that will test the validity of several asserted claims. Broadcom produced some of this art,[4] which was only recently testified to by the respective named inventor. For example, one piece of prior art for two patents was a joint project between a third party and another company that Broadcom acquired (that is no longer in existence). This prior art will demonstrate the acquired company's knowledge and public disclosure of technical materials to that third party more than one year prior to the asserted priority date of

---

[3] Emulex notes that the references cited in Emulex's previous sets of preliminary invalidity contentions remain applicable since those references apply under both Emulex's proposed constructions and the Court's broader constructions.

[4] Emulex notes that this art refers to other – apparently unproduced – documents that Broadcom acquired from the original patentee. Indeed, the inventor had no explanation as to the missing documents.

4

1  the corresponding patents—a priority date that Broadcom affirmatively demanded
2  before the Patent Office by expressly rejecting an earlier priority date.  Emulex only
3  recently discovered the remaining patent references as a result of Emulex's ongoing,
4  diligent search for references to support its invalidity defenses.
5         Specifically, with respect to certain prior art newly referenced and/or charted in
6  Emulex's invalidity contentions, Emulex notes that these references were recently
7  discovered and/or arose as a result of the Court's December 17, 2010 claim
8  constructions.  With respect to the '636 Patent, such references were recently
9  discovered and/or became more applicable to the invalidity of one or more claims of
10 the '636 Patent because of the Court's constructions differing from those Emulex
11 proposed.  This art includes: Windows Platform Design Notes: Network Stack
12 Offload; International Telecommunications Union, Recommendation T.125,
13 "Multipoint Communication Service Protocol Specification" (Feb. 1998) ("T.125");
14 RSVP system [on sale and in public use by 1997] Microsoft Remote Desktop
15 Protocol [on sale and in public use by 1999]; Asynchronous Transfer Mode [on sale
16 and in public use by 1999]; Transmission Control Protocol [on sale and in public use
17 by 1999]; R. Seifert, *The Switch Book* (2000) Cisco Systems, Inc., "Cisco 2600 Series
18 – Modular Access Routers"; Neelakanta, P. S., *A Textbook on ATM*
19 *Telecommunications, Principles and implementation* (2000); Cisco Systems, Inc.,
20 Product Bulletin No. 797 (1998); Cisco Systems, Inc., Product Bulletin No. 1189
21 (1998); ITU Recommendation T.120 Annex C; ITU Recommendation T.122; ITU
22 Recommendation T.124; ITU Recommendation T.125; ITU Recommendation T.128;
23 K. MacLeod et al., "Enhanced Flow Control for 802.3 Links Utilizing Extensions of
24 802.3x Flow Control," IEEE 802 Exec Study Group on QOS and Flow Control (Nov.
25 11, 1998); W. Noureddine and F. Tobagi, "Selective Back-Pressure in Switched
26 Ethernet LANs," Global Telecommunications Conference, GLOBECOM '99 (1999);
27
28

5

David E McDysan & Darren L. Spohn, ATM Theory and Applications (1999); Golway, Tom, Planning and Managing ATM Networks (1997); Black, Uyless D., ATM—Volume III: Internetworking with ATM (Prentice Hall 1998); A. Acampora, An Introduction to Broadband Networks, chs. 1, 5, 6 (1998); P. Newman et al., "Flow Labeled IP - A Connectionless Approach to ATM," INFOCOM '96. Fifteenth Annual Joint Conference of the IEEE Computer Societies, Networking the Next Generation, Proceedings IEEE (1996); ITU Recommendation T.120; ITU Recommendation T.121; P. Newman et al., "Flow Labeled IP - A Connectionless Approach to ATM," INFOCOM '96. Fifteenth Annual Joint Conference of the IEEE Computer Societies, Networking the Next Generation, Proceedings IEEE (1996); I. Crayford, "Fast Ethernet Gets Plug-and-Play," Wescon Conference, IEEE Center, Hoes Lane, US, pp. 354-359 (Nov. 7, 1995); L. Zhang et al., "RSVP: A New Resource ReSerVation Protocol," IEEE Network Magazine, vol. 7 no. 5 (Sept. 1993); De Prycker, Martin, Asynchronous Transfer Mode: Solutions for Broadband ISDN (1993); Joel, Amos E., Jr., Asynchronous Transfer Mode (1993); Ibe, Oliver C., A Framework for an Intelligent Network Call Module for ATM Networks (1993); W. Rickard, "Fibre Channel As A Network Backbone," WESCON/94, Idea/Microelectronics, Conference Record (Sept. 27-29, 1994); ITU Recommendation T.123; W. J. Dally, "Virtual Flow Control," IEEE Trans. on Parallel and Distributed Systems, vol. 3. no. 2 (March 1992); D. Ferrari & D.C. Verma, "A Scheme for Real-Time Channel Establishment in Wide-Area Networks," IEEE Journal on Selected Areas in Communications, vol. 8 no. 3 p. 368 (April 1990); W.H. Leung, L.F. Morgan, M.J. Morgan, and B.F. Wong, "The Connector and Active Devices Mechanisms for Constructing Multimedia Applications," Second Workshop on Workstation Operating Systems, pp. 68-72 (IEEE, Sept. 1990); G.W.R. Luderer et al., "A Virtual Circuit Switch as the Basis for Distributed Systems," Applications,

Technologies, Architectures, and Protocols for Computer Communication: Proceedings of the Seventh Symposium on Data Communications, p. 164 (1981); WIPO Int'l Publ. No. WO 2000/056113 A1; WIPO Int'l Publ. No. WO 1997/028505 A1; Eur. Pat. No. EP 0465090 A1; U.S. Pat. No. 6,771,602; U.S. Pat. No. 6,640,248; U.S. Pat. No. 6,563,827; U.S. Pat. No. 6,493,343; U.S. Pat. No. 6,463,052; U.S. Pat. No. 6,349,098; and U.S. Pat. No. 6,212,582.

For the '691 and '500 Patents, Emulex recently discovered as part of its ongoing diligent search U.S. Patent No. 6,185,203, Anujan Varma et al., "Using Camp-On To Improve The Performance Of A Fibre Channel Switch," PROC. CONF. LOCAL COMP. NET., Jan. 1, 1993, 247, and U.S. Patent No. 6,118, 776. And Emulex disclosed U.S. Patent No. 5,978,379 to Broadcom in Emulex's previous invalidity contentions, but has provided more detailed charts in Exhibit C-11 of Emulex's proposed supplemental invalidity contentions to provide Broadcom with a better understanding of how that reference invalidates claims of the '691 and '500 Patents.

For the '194, '124, and '057 Patents, the Court's construction of "implemented using" as "including but not limited to" (as opposed to Emulex's proposal "comprised entirely of") significantly widened the scope of the prior art. To be relevant prior art, a reference need only include "$C^3MOS$," rather than be comprised entirely of "$C^3MOS$." Emulex's proposed construction was at least partly based on its belief that the named inventor, Armond Hairapetian, described and intended an entire family of logic elements in "$C^3MOS$," as opposed to simply having some "$C^3MOS$" element. Moreover, the Court ruled against Emulex on the construction of "$C^3MOS$ circuit" in the '057 Patent, which Emulex suggested was limited to digital logic – the Court adopted Broadcom's broader construction without the "digital" limitation. As such, Emulex searched for and identified the following additional prior art applicable under

7

the Court's constructions: British Patent Application No. GB9708865.2; U.S. Patent No. 6,121,793; Eur. Pat. No. EP0875996 (A1); Eur. Pat. No. EP0875996 (B1); Allstot et al., "Analog Techniques Steer Around the Noise," Circuits and Devices Magazine, IEE, September 1993 at p. 18-21; Allstot et al., U.S. Patent No. 5,149,992; Allstot et al., U.S. Patent No. 5,162,674; U.S. Patent No. 6,008,670;  Eur. Pat. No. EP0898370 (A1); Eur. Pat. No. EP0898370 (B1); German Pat. No. DE69802631; Yang, Chih-Kong Ken, DESIGN OF HIGH-SPEED SERIAL LINKS IN CMOS, Technical Report: CSL-TR-98-775, Computer Systems Laboratory, Departments of Electrical Engineering and Computer Science, Stanford University, December 1998; Yang et al., "A 0.8um CMOS 2.5 Gb/s Oversampling Receiver and Transmitter for Serial Links," IEEE Journal of Solid-State Circuits, Vol. 31 No. 12, December 1996, at p. 2015-2023; Donnelly, et al., "A 660-MB/s interface megacell portable circuit in 0.3-mm-0.7-mm CMOS ASIC," IEEE Journal of Solid-State Circuits, Dec. 1996, vol.31,no.12 p. 1995-2003; Enam et al., "NMOS IC's for Clock and Data Regeneration in Gigabitper- Second Optical-Fiber Receivers," IEEE Journal of Solid State Circuits, Dec. 1992, vol.27, no.12, pp. 1763-74; Sidiropoulos, et al., "A CMOS 500 Mbps/pin synchronous point to point link interface," Proceedings of 1994 IEEE Symposium on VLSI Circuits. Digest of Technical Papers, pp. 43-4; Yang, Sidiropoulos, and Horowitz, "The Limits of Electrical Signalling," Computer Systems Lab, Stanford University, 1997; Kushiyama, et al., "A 500-megabyte/s data-rate 4.5 M DRAM," IEEE Journal of Solid-State Circuits, Apr. 1993. vol.28, no.4, p. 490-8; Maskai et al., "Synthesis Techniques for CMOS Folded Source-Coupled Logic Circuits," IEEE Journal of Solid-State Circuits, Vol. 27, NO. 8, August 1992 at p. 1157-1167; Maleki et al., "Enhancement source-coupled logic for mixed-mode VLSI circuits," IEEE Transactions on Circuits and Systems, II Analog and Digital Signal Processing, Vol. 39, No. 6, June 1992, p. 399-402;  Dally, et al., "A Tracking

Clock Recovery Receiver for 4-GBPS Signaling," Hot Interconnects 1997, Aug. 21-23, 1997; Dally, "Transmitter Equalization for 4GBPS Signaling," IEEE Micro, vol. 17, no. 1, pp. 48-56, Jan/Feb 1997; Dally, "A Tracking Clock Recovery Receiver for 4-GBPS Signaling," IEEE Micro, vol. 18, no. 1, pp 25-27, Jan/Feb 1998; Dally, et al., "Multi-Gigabit Signalling with CMOS," Invited presentation at 8th Workshop on Interconnections Within High Speed Digital Systems, IEEE LEOS, Santa Fe, NM, May 11-14, 1997; Yamashina, et al., "An MOS Current Mode Logic (MCML) Circuit for Low-Power Sub-GHz Processors," IEICE Transactions on Electronics Vol. E75-C, No. 10, October 1992 at p. 1181-1187; U.S. Patent No. 6,424,177; and "Monolithic Phase-Locked Loops and Clock Recovery Circuits : Theory and Design," Behzad Razavi (Editor), April 1996, Wiley-IEEE Press.

For the '150 Patent, as noted in the table above, the Court's constructions for the two terms at issue in that patent differed from what Emulex proposed. Relatedly, Emulex recently discovered or found further application of the following art identified in its proposed supplemental invalidity contentions: U.S. Patent No. 5,485,490; Yang et al., "A Scalable 32Gb/s Parallel Data Transceiver with On-chip Timing Calibration Circuits," Presented at IEEE International Solid State Circuits Conference 2000, February 8, 2000, pages 258-259 and corresponding slide presentation; Yeung and Horowitz, "A 2.4 Gb/s/pin Simultaneous Bidirectional Parallel Link with Per-Pin Skew Compensation," IEEE Journal of Solid-State Circuits, Vol. 35, No. 11, November 2000, pp. 1619-1628; Ellersick et al., "A Serial Link Transceiver Based on 8 GSa/s A/D and D/A Converters in 0.25µm CMOS," Presented at IEEE International Solid State Circuits Conference 2001, February 2001; Chang, Ken K. Y., et al., "A 50 Gb/s 32x32 CMOS Crossbar Chip using Asymmetric Serial Links," IEEE Symposium on VLSI Circuits, June 1999, 1-9; U.S. Patent No. 6,122,336; and U.S. Patent No. 6,285,726. Further, Emulex has recently discovered

9

EMULEX'S MOTION FOR LEAVE TO SUPPLEMENT INVALIDITY CONTENTIONS
Case No. SACV 09-1058-JVS (ANx),
consolidated with 10-CV-3963 JVS (ANx)

from documents produced by Broadcom information that suggests the '150 Patent may be invalid under 35 U.S.C. § 102(f).

For the '623 Patent, in addition to and relating to the Court ordering constructions different from what Emulex proposed, Emulex recently discovered U.S. Patent No. 6,173,333 and U.S. Patent Application Publication No. 2001/0004354.

To be clear, Emulex has continually searched for prior art since Broadcom originally asserted twelve patents against Emulex. Because these prior art references might serve to invalidate asserted claims, the Court's leave would afford Emulex an opportunity to adequately defend against Broadcom's numerous accusations, which Broadcom sought leave to amend today. Moreover, the Court's leave would serve the public interest by permitting these references to be considered in this case. *See Morton Intern., Inc. v. Cardinal Chemical Co*. 959 F.2d 948, 954 (Fed. Cir. 1992) ("Moreover, there is a public interest involved in the question of the validity of a patent"); *see also Sinclair & Carroll Co. v. Interchemical Corp.*, 325 U.S. 327, 330 (1945) ("of the two questions [non-infringement and invalidity], validity has the greater public interest"). To the point, this prior art might serve as the basis for summary judgment motions that would shorten the trial and reduce the issues before the Court.

Finally, Emulex's supplemental contentions will not result in undue prejudice to Broadcom. The parties have not served expert reports on any of the nine remaining patents in this case. In fact, both sides have only recently disclosed experts, and Broadcom's rebuttal expert reports on invalidity are not due until April 15, over nine weeks from now. Also, most of the fact depositions have only recently been scheduled, such that only a few of the many inventors on Broadcom's asserted patents have been deposed. Finally, the supplemental art is limited in number and

10

EMULEX'S MOTION FOR LEAVE TO
SUPPLEMENT INVALIDITY CONTENTIONS
Case No. SACV 09-1058-JVS (ANx),
consolidated with 10-CV-3963 JVS (ANx)

Broadcom has been aware of–and/or in possession of –the majority of the art cited since at least August 2010.

For at least the foregoing reasons, Emulex respectfully requests the Court grant Emulex's Motion for Leave to Supplement its Invalidity Contentions.[5]

---

[5] To ensure proper notice and compliance with this Court's orders, Emulex is also filing proposed invalidity contentions herewith (redacted where necessary) and stands ready to file a completely unredacted version as the Court deems necessary.

Dated: February 4, 2011

FISH & RICHARDSON P.C.

By: /s/ David M. Barkan
   David M. Barkan

DAVID M. BARKAN (SBN 160825)
 barkan@fr.com
FISH & RICHARDSON P.C.
500 Arguello Street Suite 500
Redwood City, CA 94063-1526
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

JOSEPH V. COLAIANNI, Jr. (pro hac vice)
 colaianni@fr.com
FISH & RICHARDSON P.C.
1425 K Street, NW
Washington, DC 20005
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

THOMAS H. REGER II (pro hac vice)
 reger@fr.com
CARL BRUCE (pro hac vice)
 bruce@fr.com
FISH & RICHARDSON P.C.
1717 Main Street
Dallas, TX 75201
Telephone: (214) 747-5070
Facsimile: (214) 747-2091

WASIF H. QURESHI (pro hac vice)
 qureshi@fr.com
FISH & RICHARDSON P.C.
1 Houston Center
1221 McKinney Street
Houston, TX 77010
Telephone: (713) 654-5300
Facsimile: (713) 652-0109

***Attorneys for Defendant and Counterclaim Plaintiff***
***EMULEX CORPORATION***

EMULEX'S MOTION FOR LEAVE TO
SUPPLEMENT INVALIDITY CONTENTIONS
Case No. SACV 09-1058-JVS (ANx),
consolidated with 10-CV-3963 JVS (ANx)