1 | WILLIAM F. LEE
(admitted *pro hac vice*)
(william.lee@wilmerhale.com)

ROBERT E. COOPER (SBN 35888)
(rcooper@gibsondunn.com)
H. MARK LYON (SBN 162061)
(mlyon@gibsondunn.com)

2 | DOMINIC E. MASSA
(admitted *pro hac vice*)
(dominic.massa@wilmerhale.com)

GIBSON, DUNN & CRUTCHER, LLP
2029 Century Park East
Los Angeles, CA 90067-4267

3 | JOSEPH J. MUELLER
(admitted *pro hac vice*)
(joseph.mueller@wilmerhale.com)

Telephone: (310) 552-8500
Facsimile: (310) 557-8741

4 | WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02129
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

JUANITA R. BROOKS (SBN 75934)
(brooks@fr.com)
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Attorneys for Plaintiff and
Counterclaim Defendant
BROADCOM CORPORATION
(Additional Counsel Listed on
Signature Page)

DAVID M. BARKAN (SBN 160825)
(barkan@fr.com)
FISH & RICHARDSON P.C.
505 Arguello Street, Suite 500
Redwood City, CA 94063-1526
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Attorneys for Defendant and
Counterclaim Plaintiff
EMULEX CORPORATION
(Additional Counsel Listed on
Signature Page)

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| BROADCOM CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>EMULEX CORPORATION,<br><br>Defendant.<br><br><br>And Related Counterclaims | CASE No. SACV09-1058 JVS (ANx)<br>consolidated SACV 10-03963-JVS (ANx)<br><br>**JOINT STATUS CONFERENCE REPORT**<br><br>Hon. James V. Selna<br><br>Date: February 11, 2011<br>Time: 8:30 am |

1   Broadcom Corporation ("Broadcom") and Emulex Corporation ("Emulex")

2   submit this Joint Status Conference Report in advance of the February 11, 2011

3   Status Conference (Dkt. No. 264).

4

5                               **SYNOPSIS**

6   A. **Emulex's Summary of Current Case Status**

7       At this time of this report, Broadcom continues to accuse Emulex of

8   infringing at least 8 patents.[1]  Those 8 patents-in-suit are:

9

10      1.      U.S. Patent No. 7,239,636 ("Multiple Virtual Channels for Use in

11              Network Devices") ("the '636 Patent");

12

13      2.      U.S. Patent No. 7,471,691 ("Fibre Channel Arbitrated Loop

14              Bufferless Switch Circuitry to Increase Bandwidth without Significant

15              Increase in Cost") ("the '691 Patent");

16

17      3.      U.S. Patent No. 7,450,500 ("Fibre Channel Arbitrated Loop

18              Bufferless Switch Circuitry to Increase Bandwidth without Significant

19              Increase in Cost") ("the '500 Patent");

20

21      4.      U.S. Patent No. 6,424,194 ("Current-Controlled CMOS Logic

22              Family") ("the '194 Patent");

23

24      5.      U.S. Patent No. 7,486,124 ("Current-Controlled CMOS Logic

25   _____

26   [1] The parties are discussing a stipulation to dismiss a ninth patent – U.S. Patent No.
27   7,295,555 ("System and Method for Identifying Upper Layer Protocol Message
     Boundaries") – based on discovery showing no evidence to support any
     accusation of infringement of that patent.

28

**JOINT STATUS REPORT**

2

Family") ("the '124 Patent");

6.    U.S. Patent No. 7,313,623 ("System and Method for TCP/IP Offload Independent of Bandwidth Delay Product") ("the '623 Patent");

7.    U.S. Patent No. 7,058,150 ("High-Speed Serial Data Transceiver and Related Methods") ("the '150 Patent"); and

8.    U.S. Patent No. 7,724,057 ("Current-Controlled CMOS Logic Family") ("the '057 Patent").

These patents, originate from three different companies, list numerous different sets of inventors (including some who never worked for Broadcom), and span 19 asserted claims. As such, the technical evidence in the case will be quite different across the various patent groups. Some patents will require evidentiary presentations focused on the analysis of complex analog and digital circuit schematics. Other patents require analysis of software and computer component architecture. Indeed, the third parties – whether suppliers, manufacturers, or users – implicated by Broadcom precisely differ between these groups. The broad range of technologies involved in the case is further apparent from the fact that the parties have disclosed no less than 10 technical experts between them.

In its latest round of (proposed) amended infringement contentions, Broadcom has accused many Emulex products of infringement (*e.g.*, OneConnect, SOC 320, SOC 422, SOC 804, SOC 442, Model 830, Model 835, Model 850,

**JOINT STATUS REPORT**

Model 870, 355 Switch, 370 Switch, Zephyr, BE2, and BE3).  Moreover, in those

proposed contentions, Broadcom accuses additional Emulex products of infringing

some of the patents that it had not accused of infringing those patents before.

Various of these accused products are not related and belong to completely

different product groups – *e.g.*, the Emulex OneConnect product accused of

infringement is a network adapter card that allows a single computer to talk to a

network, whereas the Emulex SOC 422 product accused of infringement is an

embedded storage switch that sits between multiple devices.  Some of the accused

functionalities in these products are supplied to Emulex by a variety of different

unrelated vendors – each with their own product designs.

B. **Broadcom's Summary of Current Case Status**

On September 14, 2009, Broadcom filed this patent infringement case

against Emulex.  Broadcom currently asserts eight patents relating to high-speed

networking technologies (in five patent families) against three categories of

Emulex products – converged network adapters, host-bus adapters, and switches.

On October 30, 2010, the Court held a four-hour tutorial where both parties

presented technology background information on six patent families.  On

November 22, 2010, the Court held a *Markman* hearing; and on December 17,

2010, the Court issued an Order construing twelve terms.  On February 4, 2011,

Broadcom sought leave to amended its infringement contentions based on non-

**JOINT STATUS REPORT**

public information obtained during the course of discovery and Emulex sought leave to amended its invalidity contentions. Fact discovery is scheduled to close on March 11, 2011. Trial is scheduled to begin on September 20, 2011.

## CASE MANAGEMENT AND DISCOVERY ISSUES

### A. Emulex's Request for Trial Phasing

Emulex requests the Court to phase the trial in this case. Given the immense number of issues – *e.g.*, accused infringement of 19 asserted claims from 8 patents covering different technologies, at least 15 groups of accused products,[2] invalidity of 19 claims based potentially on over 20 different prior art references and combinations, different experts, and different third parties - Emulex believes a single trial on all issues would span close to or even more than 6 weeks.

To be clear, these issues have almost nothing to do with each other. While Broadcom has drawn a broad box around the asserted patents as all relating to aspects of "networking,", the specific technical issues to be presented to the jury take different forms (circuits vs. software) across different protocols (TCP/IP, Ethernet, FCAL, etc.). . Broadcom's attempt to bundle these unrelated "networking" technologies before a jury are akin to bundling anti-lock brakes, intermittent wipers, power steering, and xenon headlights, because they all work

---

[2] Now that Broadcom has had another 6 months (since its June 30, 2010 infringement contentions) to investigate its infringement case, Emulex urges the Court to require Broadcom to further limit the number of asserted claims.

5

**JOINT STATUS REPORT**

together to make an automobile.  Those technologies may all be part of a car, but the specific technologies to be taught to the jury are vastly different.

This is exactly the case in the present litigation.  The four SerDes related patents (the '194, '124, '057, and '150 Patents) require analysis of complex third party schematics and circuit diagrams so that the jury can determine, for example, whether a particular circuit element performs "current steering" or how a phase interpolator impacts the generation and recovery of clock signals.  The technical evidence on these issues has nothing to do with the technical evidence that the jury will hear regarding the software that controls communications between virtual channels (the '636 Patent), the off-loading of TCP commands from Microsoft Windows (the '623 Patent), or the component architecture of Fibre Channel Arbitrated Loop (FCAL) devices (the '691 and '500 Patents).  Indeed, it is worth noting that each side has disclosed different technical experts that it intends to use for each group of patents – further confirmation that trial of these patents will require the presentation of evidence from a variety of different technical fields.  If all patents were tried together, it is likely that each party would utilize four or five technical experts at trial – and that does not include any experts on damages or equitable issues.

As a result, Emulex proposes that the case be tried over three trials as follows, each on relatively related groups of technologies, issues, and evidence:

**JOINT STATUS REPORT**

i.    U.S. Patent Nos. 6,424,194, 7,486,124, 7,058,150, and 7,724,057 – relating to Serializer/Deserializer transceiver technologies;

ii.   U.S. Patent Nos. 7,239,636 and 7,313,623 – relating to Data Center Bridging Exchange (DCBX) and TCP Offload functionalities; and

iii.  U.S. Patent Nos. 7,471,691 and 7,450,500 – relating to Fibre Channel Arbitrated Loop (FCAL) technologies.

Emulex also notes that the risk of confusion with a single trial is high because the royalty for each asserted patent can only be applied to the accused component(s) – so there are different damages bases even though the same product may be accused of infringing more than one patent.

Emulex believes phasing the trials as above would be more efficient, manageable, and streamlined for the Court and jury to try the issues in this case, and importantly, to present common and related evidence to the jury over a reasonable period of time as opposed to presenting lengthy evidence on unrelated and complicated patents and technologies over the course of numerous weeks.

B.    **Broadcom's Response**

Broadcom opposes Emulex late request for trifurcation.  Broadcom filed its initial complaint in September 2009—almost eighteen months ago.  Since that time, Broadcom and Emulex have prepared and defended this case to be tried in September 2011.   Broadcom served and responded to discovery requests with the

**JOINT STATUS REPORT**

understanding that the patents-in-suit and related products at issue would be presented to the jury together.  Broadcom carefully scheduled depositions (particularly given the limitations on the number of deposition hours allotted to each party) to ensure that information on all patents was obtained in the most efficient manner given the trial schedule.  Citing the complexity of a single trial with many asserted claims, Emulex moved to limit the number of asserted claims to twenty, and the Court granted that motion on July 1, 2010.  Since July 1, the parties have been able to narrow and focus discovery on only those twenty asserted claims.  The technology tutorial and claim construction hearing demonstrate that presentation of all the patents-in-suit can proceed in an orderly fashion and in an amount of time consistent with a typical patent infringement action, without the need for trifurcation.  Emulex's request for trifurcation of a trial scheduled to begin in a mere seven months is not only untimely, but would unfairly prejudice Broadcom, which has spent the past eighteen months preparing for a single trial on all patents.

Emulex's proposal for piecemeal litigation would be highly inefficient and waste the Court's resources.  As Broadcom explained in its claim construction briefing and at the technology tutorial, the patents in this case involve related technologies.  Moreover, there is significant overlap among the accused Emulex products and the patents-in-suit.  That is, each Emulex product is accused of

**JOINT STATUS REPORT**

infringing multiple patents-in-suit, and several of the patents-in-suit are asserted against multiple Emulex products.  For example, Broadcom has accused Emulex's OneConnect family of products of infringing the '194, '124, '150, '057, '636, and '623 patents—patents that Emulex seeks to have tried in two separate trials. Broadcom has also accused Emulex's switch products of infringing multiple patents-in-suit, which Emulex's proposal would split into two separate trials—one for the '194, '124, '150, '057 patents, and one for the '691 and '500 patents. Emulex's proposed schedule would require presenting the same technical information and evidence regarding identical accused products to three different juries.

Further, the patented technologies work *together* to make modern high-speed networking possible—a concept that when explained as a whole helps to make each patent family more easily understood.  The '194 patent family and the '150 patent involve physical networking structures; the '500, '691, and '623 patents concern both physical structures and associated networking protocols; while the '555 and '636 patents concern the networking communication protocols themselves.  Multiple trials would require teaching each jury the same technology concepts and background fundamentals three separate times.

Moreover, both Broadcom and Emulex witnesses in this case would likely be required to testify at multiple trials.  Indeed Emulex itself identified witnesses to

**JOINT STATUS REPORT**

1   testify regarding the functionality of multiple products accused of infringing

2   patents that Emulex now claims are unrelated.  For example, Emulex identified Mr.

3   William Goodwin as Emulex's 30(b)(6) witness most knowledgeable about

4

5   products accused of infringing the '194 patent family, the '150 patent, and the '691

6   and '500 patents. Yet, Emulex's request for trifurcation would require the

7   testimony of those same witnesses at multiple trials.

8

9         Finally, Broadcom bears the burden of proof in this case—Broadcom alone

10   must prove that the accused products infringe the patents-in-suit.  Broadcom chose

11   to bring suit against Emulex for infringement of the five patent families in a single

12   case, and has spent the past eighteen months preparing for and crafting its case

13

14   with the expectation that all patents would be tried and presented to the jury

15   together.  Broadcom believes it can meet its burden on all five patent families in a

16

17   single trial in September 2011 over 15 days (not the six weeks that Emulex

18   estimates).[3]

19

20         Emulex's request for trifurcation should be rejected.

21   C.   **Emulex's Requests for Extension of Fact Discovery and
          Continuance of Trial Date**

22

23         Fact discovery is currently scheduled to close in five weeks, on March 11,

24   2011 (Dkt. No. 171).  However, only within the past few weeks, Broadcom has

25   ─────────────────────

26   [3]   Broadcom has previously tried a case before this Court that involved three
          unrelated patent families and included three technical experts. *Broadcom Corp.*
27        *v. Qualcomm Inc.*, SACV-05-467-JVS (RNBx).  That case was tried in 14 days.

**JOINT STATUS REPORT**

served requests for an inordinate amount of discovery, not only on Emulex but

numerous third parties.  The following discovery demanded by Broadcom remains:

    i.       At least 22 individual depositions of Emulex current or former

             employees, of which 12 were noticed on January 24, 2011;

    ii.      At least 60 topics Broadcom is seeking FED. R. CIV. P. 30(b)(6)

             depositions on, of which 46 topics were noticed on January 28, 2011,

             and another 17 topics were noticed on February 1, 2011;

    iii.     70 Requests for Admissions, 21 Interrogatories, and 24 Requests for

             Production, all served on January 25, 2011; and

    iv.      Subpoenas for third party documents and FED. R. CIV. P. 30(b)(6)

             depositions on 6 of Emulex's customers, all served on January 26,

             2011 (this does not include depositions Broadcom has requested or

             may soon seek of third party suppliers of the accused functionalities to

             Emulex).

     In addition to the above, Broadcom has produced over 10 million pages of

documents, including a recent production on January 21, 2011 of almost 3.7

million pages.

     Emulex notes that the above discovery does not include discovery which it is

still seeking, including depositions of over 15 inventors and numerous FED. R. CIV.

P. 30(b)(6) topics.  Moreover, as part of its effort to obtain injunctive relief,

**JOINT STATUS REPORT**

Broadcom has identified more than 130 of its own products as practicing the asserted claims.  Based on Emulex's ongoing review, it appears that Broadcom has not produced requested documents on a large number of these products, and Broadcom has yet to offer FED. R. CIV. P. 30(b)(6) depositions on related topics noticed by Emulex.

Additionally, the parties have disclosed over 15 expert-type individuals under the Protective Order.  Although it is unclear at this point how many of those individuals will ultimately render expert reports in this case, Emulex believes it is safe to assume that there will be at least 5 sets of expert reports and depositions on patent issues, at least one set of expert reports and depositions on damages, and potentially one set of expert reports and depositions on equitable issues.

Specifically with regard to the numerous outstanding depositions, it is very likely that, due to witness and third party availability and changes that are frequently attendant with deposition scheduling, many of these depositions will not be able to be scheduled until after March 11, 2011.

Emulex raised its concerns about the sheer volume of remaining discovery to Broadcom via correspondence on January 27, 2011 and a telephonic meet-and-confer on February 1, 2011.  In the meet-and-confer, Broadcom indicated that it opposed any change to the trial date or other dates contained in the Court's prior scheduling order but that it would consider having some of the fact discovery

**JOINT STATUS REPORT**

extend past March 11, 2011.

While Emulex appreciates the possibility to schedule some of the depositions after March 11, 2011 , Emulex believes that this approach would not significantly alleviate the problems with the sheer volume of remaining discovery sought by Broadcom – and moreover, Emulex cannot be certain that evidence obtained after March 11, 2011 will not be challenged or stricken on grounds of lateness.

Emulex believes that at least a 3-month extension to the fact discovery deadline would be appropriate at this time.  Due to the compressed schedule in the current case calendar (Dkt. No. 171), Emulex believes that this extension would require a commensurate extension to the trial date – thereby pushing the trial date to late December 2011 (and presumably into January 2012 due to the previous December holiday period).  Emulex has attached hereto a proposed revised calendar.  Emulex is willing to work with Broadcom to try to reach a joint proposal for the Court's consideration – but Emulex strongly believes that due to the current post-fact discovery and pre-trial dates being so tightly compressed, any meaningful extension to the fact discovery deadline will require change of the trial date.

Broadcom's rhetoric to excuse its recently-served discovery is not correct, particularly in regard to Broadcom's suggestions that Emulex has tried to obstruct third party discovery.  However, debating the minutiae of each third party

**JOINT STATUS REPORT**

production is not the issue.  The issue is how to complete the remaining discovery

sought by each side in the time allotted.  Emulex understands that Broadcom

proposes a one-month extension of the fact and expert discovery cut-off dates.

While this extension alleviates some of the bottleneck on fact discovery, it creates

a conflict between the cut-off for expert discovery and the last date for filing

dispositive motions.  In essence, opening summary judgment briefs would need to

be filed on the same day as rebuttal expert reports, and expert depositions would be

not be complete until reply briefs are filed.  In other words, Broadcom's proposed

amendment simply underscores the need for a more global extension of the case

schedule to permit the orderly completion of fact discovery, expert discovery, and

summary judgment motions prior to the submission of pre-trial papers.

Emulex respectfully submits that while it recognizes that a request to move

the trial date should not be submitted lightly, doing so in this case is likely to make

the remaining discovery and dispositive motion process more efficient and more

likely to streamline the issues ultimately presented to the Court and jury for

adjudication.

If the Court is not inclined to move the trial date, and to adopt Broadcom's

proposed one-month extension of fact discovery, then Emulex respectfully requests

that the cut-off date for filing dispositive motions be moved so that it follows the

completion of expert depositions.

**JOINT STATUS REPORT**

Specifically, Emulex requests that Broadcom's proposed schedule be modified so that the last date for filing dispositive motions be moved from May 13 to June 10th, 2011 – which would allow for the completion of expert depositions one week before the filing of dispositive motions.  The last hearing date for dispositive motions would then also move from June 27th to July 25, 2011:

| Event | Original Date | Proposed Date |
|---|---|---|
| Last day for Hand-Serving Motions and Filing (other than Motions in Limine) | May 13, 2011 | June 10, 2011 |
| Oppositions to Motions | June 3, 2011 | July 1, 2011 |
| Replies to Motions | June 13, 2011 | July 11, 2011 |
| Last day for Hearing Motions 1:30 p.m. (Mondays) | June 27, 2011, 1:30 p.m. | July 25, 2011, 1:30 p.m. |

D.    **Broadcom's Response**

Fact discovery is currently scheduled to close on March 11, 2011. (Dkt. No. 171.)  With the exception of depositions that the parties have agreed to schedule after the discovery deadline, Broadcom can and will respond to all outstanding discovery requests from Emulex by March 11, 2011.

Emulex's request for a three-month extension of fact discovery is unreasonable, particularly as Emulex alone has slowed the pace of discovery, including by:  (1) citing a need to wait for the Court to resolve its Renewed Motion to Enforce Local Patent Rules 3-1 and 3-6, which the Court denied on November

**JOINT STATUS REPORT**

15

4, 2010, (2) saying Emulex needed time to produce documents after acquiring ServerEngines Corporation, whom Broadcom had previously subpoenaed, (3) frequently failing to produce relevant documents ahead of depositions of Emulex witnesses, and (4) actively discouraging third parties from producing documents.

Although Broadcom has diligently met all of its discovery obligations, Broadcom responds to several inaccuracies in Emulex's description of the current state of discovery and need for an extension.

(1) _Document Production:_   Broadcom began producing documents in this case in December 2009.  Since that time, Broadcom has produced documents on a continuous basis, and has supplemented its document collection and production efforts as new custodians or issues were identified.  Broadcom has not—as Emulex implied—delayed in producing or failed to produce responsive documents.

Emulex, however, has continued to delay its production of documents.  In January 2010, Broadcom presented Emulex with a list of proposed electronic search terms and custodians.  Through extensive negotiations and compromise on Broadcom's part, in September 2010 Emulex finally agreed to a list of proposed search terms and custodians.  Emulex did not remove its objections, however, to the production of discovery related to the BE3, Zephyr, Lancer, and SOC 442 products until the Court's Order of November 4, 2010 denying Emulex's motion to exclude those products from the case. Thus any difficulty Emulex now has in

**JOINT STATUS REPORT**

producing documents before the March 11, 2011 close of fact discovery is a result of Emulex's delay in responding to its discovery obligations.

(2) *Deposition Scheduling:*  Broadcom has not, as Emulex implies, delayed in noticing depositions of current or former Emulex employees.  On November 18, 2010, Broadcom noticed sixteen individual depositions of current or former Emulex employees, with depositions noticed for December.  Broadcom noticed these individuals soon after the Court's November 4, 2010 order denying Emulex's Motion to Enforce.  Prior to the Court's Order, Emulex maintained that Emulex's OneConnect, BladeEngine 2, BladeEngine 3 Lancer, Zephyr, and SOC 442 products were not properly in suit and refused to respond to any discovery related to these products.  That same day, Broadcom served Emulex with a Fed. R. Civ. P. 30(b)(6) deposition notice.  Emulex only *began* to provide dates for these depositions in January 2011.  As of today, Emulex has not provided dates for 27 depositions.   Further, although Broadcom did notice additional employees on January 24, 2011, Emulex fails to mention that those new notices were for Emulex employees identified as having relevant information during depositions taken in December 2010 and January 2011.  Broadcom's notice of these depositions was therefore timely.

(3) *Third Party Discovery:*  Emulex's assertion that "only within the past few weeks" has Broadcom served requests on "numerous third parties" incorrectly

**JOINT STATUS REPORT**

implies that Broadcom intentionally delayed in serving third party discovery, when Emulex itself obstructed Broadcom's attempts to obtain relevant discovery (and in some cases actively discouraged third parties from providing information).  For example, on January 26, 2011, Broadcom served Renesas Electronics America Inc. ("Renesas") with a subpoena requesting a deposition on February 11, 2011.  But this was only a subpoena to schedule a deposition following up on documents that Renesas produced responsive to a subpoena served by Broadcom in May 2010. At Emulex's request, Renesas (and Emulex's other suppliers) initially refused to provide requested discovery.  Emulex did not remove its objections to the production of discovery until the Court's November 4 Order denying Emulex's motion to remove the BE3, Zephyr, Lancer, and SOC 442 products from the suit. After further negotiation and correspondence with both third parties, TAEC produced the relevant discovery on January 14, 2011 (four weeks ago), LSI ultimately allowed Broadcom to inspect its responsive documents on January 28, 2011 (two weeks ago), and Renesas agreed to be deposed (one week ago).  Thus again, any delay in the production of third party discovery is a direct result of Emulex's refusal to allow third parties to respond to Broadcom's discovery requests.

Although Broadcom believes that both parties can meet and respond to their discovery obligations within the remaining time scheduled, to accommodate

**JOINT STATUS REPORT**

Emulex's concerns, Broadcom proposes extending the internal pretrial deadlines to provide additional time for fact discovery.  This schedule would call for summary judgment motions to be filed prior to the close of expert discovery, but after expert reports have been submitted.  Broadcom's proposed revised calendar, which addresses Emulex's concern that fact discovery should be extended, but will not delay trial in this case, is as follows:

| EVENT: | ORIGINAL DATE: | NEW DATE: |
|---|---|---|
| Non-expert Discovery Cut-off (i.e. last day responses to discovery can be due) | March 11, 2011 | April 11, 2011 |
| Last Day for Hand-Serving Motions to Compel Non-expert Discovery | March 16, 2011 | April 15, 2011 |
| Exchange Remaining Expert Reports (for topics upon which the parties have the burden of proof) | March 25, 2011 | April 22, 2011 |
| Exchange Rebuttal Expert Reports | April 15, 2011 | May 13, 2011 |
| Expert Discovery Cut-off | May 6, 2011 | June 3, 2011 |
| Last day for Hand-Serving Motions and Filing (other than Motions in Limine) | May 13, 2011 | Same |
| Oppositions to Motions | June 3, 2011 | Same |
| Replies to Motions | June 13, 2011 | Same |
| Last day for Hearing Motions 1:30 p.m. (Mondays) | June 27, 2011, 1:30 p.m. | Same |
| Exchange Exhibit Lists and Witness Lists | July 15, 2011 | Same |

**JOINT STATUS REPORT**

| EVENT: | ORIGINAL DATE: | NEW DATE: |
|---|---|---|
| Last Day for Hand-Serving Motions in Limine | July 15, 2011 | Same |
| Exchange Proposed Jury Instructions and Verdict Forms and Draft Agreed-to Statement of Case | July 15, 2011 | Same |
| Exchange Objections to Exhibit Lists | July 22, 2011 | Same |
| Oppositions to Motions in Limine Due | July 22, 2011 | Same |
| Exchange Affirmative Deposition Designations | July 22, 2011 | Same |
| Replies to Motions in Limine Due | July 29, 2011 | Same |
| Exchange Rebuttal Deposition Designations and Objections to Affirmative Deposition Designations | July 29, 2011 | Same |
| Exchange Objections to Rebuttal Deposition Designations, including Completeness Objections. | August 5, 2011 | Same |
| Lodge Pretrial Conference Order; and  File Memorandum on Contentions of Fact and Law; Exhibit List; Witness List; and Status Report Regarding Settlement. | August 8, 2011 | Same |
| Final Pre-Trial Conference;  Hearing on Motions in Limine;  File Agreed Upon Set of Jury Instructions and Verdict Forms and Joint Statement Regarding Disputed Instructions and Verdict Forms; and  File Proposed *Voir Dire* Questions and Agreed-to Statement of Case. | August 15, 2011, 11:00 a.m. | Same |
| Jury Trial  [Broadcom's Trial Estimate: 10-15 days; Emulex's Trial Estimate: as much as 30 days] | September 20, 2011, 8:30 a.m. | Same |

**JOINT STATUS REPORT**

1    Respectfully submitted,

2

3    Dated:  February 9, 2011        By: /s/ Dominic E. Massa

4

5                             WILLIAM F. LEE (admitted *pro hac vice*)
                            (william.lee@wilmerhale.com)

6                             DOMINIC E. MASSA (admitted *pro hac vice*)
                            (dominic.massa@wilmerhale.com)

7                             JOSEPH J. MUELLER (admitted *pro hac vice*)
                            (joseph.mueller@wilmerhale.com)

8                             LOUIS W. TOMPROS (admitted *pro hac vice*)
                            (louis.tompros@wilmerhale.com)

9                             WILMER CUTLER PICKERING
                            HALE AND DORR LLP

10                          60 State Street

11                          Boston, MA  02129
                         Telephone:  (617) 526-6000

12                          Facsimile:   (617) 526-5000

13                          Attorneys for Attorneys for Plaintiff
                         and Counterclaim Defendant

14                          BROADCOM CORPORATION

15

16

17

18

19

20

21

22

23

24

25

26

27

                                            **JOINT STATUS REPORT**

1 | Dated:  February 9, 2011          By: /s/ David M. Barkan

2 |                                   ROBERT E. COOPER (SBN 35888)
                                      (rcooper@gibsondunn.com)
3 |                                   DAVID A. BATTAGLIA (SBN
                                      130474)(dbattaglia@gibsondunn.com)
4 |                                   H. MARK LYON (SBN 162061)
                                      (mlyon@gibsondunn.com)
5 |                                   Y. ERNEST HSIN (SBN 201668)
                                      (ehsin@gibsondunn.com)
6 |                                   GIBSON, DUNN & CRUTCHER, LLP
                                      2029 Century Park East
7 |                                   Los Angeles, CA  90067-4267
                                      Telephone:  (310) 552-8500
8 |                                   Facsimile:   (310) 557-8741

9 |                                   JUANITA R. BROOKS (SBN 75934)
                                      (brooks@fr.com)
10 |                                  FISH & RICHARDSON P.C.
                                      12390 El Camino Real
11 |                                  San Diego, CA  92130
                                      Telephone:  (858) 678-5070
12 |                                  Facsimile:   (858) 678-5099

13 |                                  DAVID M. BARKAN (SBN 160825)
                                      (barkan@fr.com)
14 |                                  FISH & RICHARDSON P.C.
                                      505 Arguello Street, Suite 500
15 |                                  Redwood City, CA  94063-1526
                                      Telephone:  (650) 839-5070
16 |                                  Facsimile:   (650) 839-5071

17 |                                  JOSEPH V. COLAIANNI, JR.
                                      (Admitted Pro Hac Vice)
18 |                                  (colaianni@fr.com)
                                      FISH & RICHARDSON P.C.
19 |                                  1425 K. Street, NW
                                      Washington, DC  20005
20 |                                  Telephone:  (202) 783-5070
                                      Facsimile:   (202) 783-2331
21 |

22 |                                  THOMAS H. REGER II
                                      (Admitted Pro Hac Vice)
23 |                                  (reger@fr.com)
                                      FISH & RICHARDSON P.C.
24 |                                  1717 Main Street
                                      Dallas, TX 75201
25 |                                  Telephone:  (214) 747-5070
                                      Facsimile:   (214) 747-2091

26 |                                  WASIF H. QURESHI
                                      (Admitted Pro Hac Vice)
27 |

**JOINT STATUS REPORT**

22

1

(qureshi@fr.com)
FISH & RICHARDSON P.C.

2

1 Houston Center
1221 McKinney Street
Houston, TX  77010

3

Telephone:  (713) 654-5300
Facsimile:   (713) 652-0109

4

5

RANDALL WICK (SBN 95584)
(randall.wick@emulex.com)

6

EMULEX CORPORATION
3333 Susan Street
Costa Mesa, CA  92626-7112

7

Telephone:  (714) 885-3691
Facsimile:   (714) 641-0172

8

9

Attorneys for Defendant
and Counterclaim Plaintiff
EMULEX CORPORATION

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**JOINT STATUS REPORT**

1
2

*Broadcom Corporation v. Emulex Corporation*,
Case Nos.  SACV09-1058 JVS (ANx) and SACV 10-03963-JVS (ANx)

### **PROOF OF SERVICE**

3
4

Fed. R. Civ. P. 5(b) & L.R. 5-3

5

I, Jason H. Liss, hereby certify that a copy of the foregoing *Joint Status*

6

*Report* was served upon the following parties as indicated below on this 9th day of

7

February, 2011.

8

**For Emulex Corporation:**

9
10
11

OC-ELX-PAT@gibsondunn.com
smg@jmbm.com
broadcom-emulex@fr.com
(email addresses for service on Emulex
per agreement of the parties)

☐  Via Hand Delivery
☐  Via Overnight Courier (1 copy)
☐  Via Facsimile
☒  Via Electronic Mail (1 copy)

12
13

I certify under penalty of perjury that the foregoing is true and correct.

14
15

/s/ Jason H. Liss
Jason H. Liss

16
17
18
19
20
21
22
23
24
25
26
27

**JOINT STATUS REPORT**

24