WILLIAM F. LEE
(admitted *pro hac vice*)
(william.lee@wilmerhale.com)
DOMINIC E. MASSA
(admitted *pro hac vice*)
(dominic.massa@wilmerhale.com)
JOSEPH J. MUELLER
(admitted *pro hac vice*)
(joseph.mueller@wilmerhale.com)
LOUIS W. TOMPROS
(admitted *pro hac vice*)
(louis.tompros@wilmerhale.com)
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA  02109
Telephone:  (617) 526-6000
Facsimile:   (617) 526-5000

Attorneys for Plaintiff and Counterclaim Defendant
BROADCOM CORPORATION

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| BROADCOM CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>EMULEX CORPORATION,<br><br>Defendant.<br><br><br>**And Related Counterclaims** | CASE No. SACV 09-01058 JVS (ANx) consolidated SACV 10-03963-JVS (ANx)<br><br>**PLAINTIFF BROADCOM CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO AMEND INFRINGEMENT CONTENTIONS UNDER PATENT LOCAL RULE 3-6**<br><br>Hon. James V. Selna<br>Hearing Date:  March 7, 2011<br>Time:            1:30 p.m.<br>Courtroom:    10C<br><br>**FILED UNDER SEAL**<br><br>(Pursuant to Confidentiality Order) |

1

# **Table of Contents**

2

INTRODUCTION ................................................................................................ 1

II.          BACKGROUND ................................................................................ 3

     A.     Discovery from Third Parties ███████ ........................................ 3

     B.     Additional Discovery from Emulex and ServerEngines ................... 5

III.         ARGUMENT ..................................................................................... 7

     A.     Legal Standard ................................................................................ 7

     B.     Broadcom's Has Demonstrated Good Cause Under Patent Local Rule 3-6 ......................................................................... 9

IV.          CONCLUSION ................................................................................ 15

1

## **Table of Authorities**

2

3

### FEDERAL CASES

4

5

*O2 Micro Int'l Ltd. V. Monolithic Power Systems, Inc.*,

    467 F.3d 1355, 1366 (Fed. Cir. 2006) .......................................................... 7, 8

6

7

### RULES

8

N.D. Cal. Patent Local Rule 3-6……………………………………………….passim

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

iii

1

## Table of Exhibits

2

| Exhibit | Description |
|---|---|
| 1 | Geiszler to Tompros, Nov. 4, 2010 |
| 2 | Geiszler to Tompros, Dec. 10, 2010 |
| 3 | Emulex's Memorandum of Points and Authorities in Support of Its Motion to Enforce Patent Local Rules 3-1 and 3-6, Sept. 13, 2010 |
| 4 | Gervais Dep., Mar. 25, 2010 |
| 5 | Non-Party Toshiba America Electronics Components, Inc.'s Objections to Plaintiff Broadcom's Rule 45 Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, May 14, 2010 |
| 6 | Liss to Geiszler, May 17, 2010 |
| 7 | Liss to Geiszler, May 24, 2010 |
| 8 | Geiszler to Liss, May 24, 2010 |
| 9 | Liss to Renfro, Sept. 8, 2010 |
| 10 | Liss to Short, Sept. 8, 2010 |
| 11 | Geiszler to Liss, Sept. 10, 2010 |
| 12 | Geiszler to Liss, Sept. 10, 2010 |
| 13 | Short to Liss, Sept. 20, 2010 |
| 14 | Liss to Renfro, Oct. 22, 2010 |
| 15 | Liss to Kessel, Oct. 22, 2010 |
| 16 | Geiszler to Renfro, Nov. 5, 2010 |
| 17 | Geiszler to Kessel, Nov. 5, 2010 |
| 18 | Liss to Sosteck, Dec. 17, 2010 |
| 19 | Liss to Sostek, Jan. 19, 2011 |
| 20 | Tompros to Cooper et al., Aug. 4, 2010 |

BROADCOM'S MEMORANDUM ISO MOTION TO
AMEND INFRINGEMENT CONTENTIONS

| Exhibit | Description |
|---------|-------------|
| 21 | Tompros to Smith, Aug. 26, 2010 |
| 22 | Tompros to Smith, Aug. 30, 2010 |
| 23 | Geiszler to Tompros, Aug. 31, 2010 |
| 24 | Tompros to Geiszler, Sept. 27, 2010 |
| 25 | Geiszler to Tompros, Sept. 29, 2010 |
| 26 | Broadcom's Second Notice of Service of Revised Subpoenas to ServerEngines, Mar. 26, 2010 |
| 27 | Geiszler to Johnston, Jul. 16, 2010 |
| 28 | Liss to Blackburn, Sept. 8, 2010 |
| 29 | Geiszler to Liss, Sept. 10, 2010 |
| 30 | Geiszler to Tompros, Sept. 13, 2010 |
| 31 | Tompros to Smith, Mar. 29, 2010 |
| 32 | Emulex's Reply Memorandum of Points and Authorities in Further Support of Its Motion to Enforce Patent Local Rules 3-1 and 3-6, Jun. 16, 2010 |
| 33 | Plaintiff Broadcom Corporation's First Set of Requests for Production of Documents, Electronically Stored Information, and Tangible Things to Defendant Emulex Corporation, Nov. 30, 2009 |

**BROADCOM'S MEMORANDUM ISO MOTION TO
AMEND INFRINGEMENT CONTENTIONS**

# INTRODUCTION

Plaintiff Broadcom Corporation has recently obtained additional nonpublic information from Defendant Emulex Corporation and third parties relevant to asserted U.S. Patent Nos. 6,424,194 ("the `194 patent"), 7,486,124 ("the `124 patent"), 7,724,057 ("the `057 patent"), 7,058,150 ("the `150 patent"), 7,471,691 ("the `691 patent"), 7,450,500 ("the `500 patent"), and 7,313,623 ("the `623 patent").  The new discovery was unavailable from other sources, and provides good cause for amendment of Broadcom's Patent Local Rule 3-1 Infringement Contentions and submission of Final Infringement Contentions pursuant to the Court's July 21, 2010 Order Regarding Pretrial and Trial Dates ("Court's July 21 Order").

Throughout this case, Emulex has slowed the pace of discovery, including by:  (1) citing a need to wait for the Court to resolve its Renewed Motion to Enforce Local Patent Rules 3-1 and 3-6 ("Emulex's Motion to Enforce"), which the Court denied on November 4, 2010 ("Court's November 4 Order"), (2) saying Emulex needed time to produce documents after acquiring ServerEngines Corporation, whom Broadcom had previously subpoenaed, (3) frequently failing to produce relevant documents ahead of depositions of Emulex witnesses (*see, e.g.*, Ex. 1, Geiszler to Tompros, Nov. 4, 2010; Ex. 2, Geiszler to Tompros, Dec. 10, 2010), and (4) actively discouraging third parties from producing documents.

As a result of Broadcom's diligence and the Court's November 4 Order denying Emulex's Motion to Enforce, Emulex and certain third parties have produced additional documents.  Broadcom now seeks to amend its infringement contentions to reflect this newly-obtained, nonpublic information.  Specifically, Broadcom seeks to make the following amendments:

BROADCOM'S MEMORANDUM ISO MOTION TO
AMEND INFRINGEMENT CONTENTIONS

1.  ████████████████████████████████████████████████
    ████████████████████████████████████████████████

2.  Update Broadcom's contentions related to Emulex's BladeEngine 3 product
    for the asserted claims of the `194, `124, `057, and `150 patents, based on
    discovery received ████████████████████ on January 28, 2011;

3.  Update Broadcom's contentions related to Emulex's SOC 442 product for
    the asserted claims of the `194, `124, `057, and `150 patents, based on
    discovery received ████████████████████████
    ████████████████ on January 14, 2011;

4.  ████████████████████████████████████████████████
    ████████████████████████████████████████████████
    ████████████████████████████████████████████████
    ████████████████████████████████████

5.  Add Emulex's BladeEngine 2 ("BE2") and BladeEngine 3 ("BE3") products
    as accused products under the asserted claims of the `623 patent, based on
    information produced last fall, after Emulex's acquisition of ServerEngines
    Corporation ("ServerEngines");

6.  Update Broadcom's contentions related to Emulex's products accused of
    infringing the `691 and `500 patents, and add Emulex's SOC 432 product as
    an accused product, based on documents received in October and November
    2010 and six depositions taken between January 11, 2011 and February 3,
    2011.

All of Broadcom's amendments are based on information made available
only after Broadcom served its first amended infringement contentions, and these
amendments will serve to sharpen the disputes to be adjudicated.  Broadcom's
amendments are also timely under the Court's scheduling order.  Broadcom
therefore respectfully requests that the Court grant Broadcom leave to amend.

BROADCOM'S MEMORANDUM ISO MOTION TO
AMEND INFRINGEMENT CONTENTIONS

## II.   **BACKGROUND**

Although Emulex obstructed Broadcom's attempts to obtain relevant discovery, in some cases actively discouraging third parties from providing information, Broadcom has been able to obtain much of the discovery it sought. (Discovery is ongoing, and Broadcom is continuing to pursue documents and deposition testimony from Emulex and third parties.)  As will be described, this discovery was the result of extensive negotiations and compromises on Broadcom's part—and, for some materials, motion practice—demonstrating that Broadcom acted diligently in obtaining this information.

A.   **Discovery from Third Parties** ████████

**BROADCOM'S MEMORANDUM ISO MOTION TO AMEND INFRINGEMENT CONTENTIONS**



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4

1  ███████████████████████████████████████████

2  ████████████████████████████████████████████████

3  ████████████████████████████████████████████████

4  ██████████████████████████████████████████

5  ██████████████████████████████████████████

6  ████████████████████████████████████████████████

7  █████████████████████

8       On November 4, 2010, the Court ultimately ruled that the BE3, Zephyr, and

9  SOC 442 products were properly accused under Broadcom's `194, `124, `057 and

10 `150 patents, and that the Lancer product was properly accused under Broadcom's

11 U.S. Patent No. 7,295,555.  (*See* Order [Dkt. No. 244] at 9-11.)

12 ███████████████████████████████████████████

13 ████████████████████████████████████████

14 ██████████████████████████████████████████████████

15 ████████████████████████████████████████████

16 ██████████████████████████████████████████████████

17 ████████████████████████████████████████████

18 ██████████████████████████████████████████████████

19 ██████████████████████████████████████████████████

20 ████████████████████████████████████████████

21 ████████████████████████████████████████████

22 ██████████████████████████████████████████████████

23 █████████████████

24     **B.     Additional Discovery from Emulex and ServerEngines**

25

26 ██████████████████████████████████████████

27 Broadcom also sought the discovery to which it was entitled from Emulex.  In its

28 first amended infringement contentions, served on July 30, 2010, Broadcom

1   accused the following products of infringing the `691 and `500 patents:  SOC 320,

2   SOC 422, SOC 442, SOC 804, Model 830, Model 835, Model 850, Model 870,

3   355 Switch, 370 Switch, and Sequoia.

4       During the month following service of its first amended infringement

5   contentions, Broadcom repeatedly notified Emulex that its discovery responses

6   remained severely deficient and asked whether Emulex would produce the

7   specified documents.  (*See* Ex. 20, Tompros to Cooper et al., Aug. 4, 2010; Ex. 21,

8   Tompros to Smith, Aug. 26, 2010, Ex. 22, Tompros to Smith, Aug. 30, 2010.)  On

9   August 31, 2010, Emulex indicated that it did not believe certain products were

10  properly accused, but that it would "work with Broadcom to tailor discovery

11  requests to provide discovery and authorize third parties to provide discovery of

12  such products, but only with respect to the specific features relevant to the asserted

13  patents *under which Emulex agrees Broadcom's infringement contentions are*

14  *proper*."  (Ex. 23, Geiszler to Tompros, Aug. 31, 2010 (emphasis added).)

15      On September 27, 2010, after making insufficient progress on discovery,

16  Broadcom again provided Emulex with a comprehensive summary of the

17  deficiencies in Emulex's production.  (Ex. 24, Tompros to Geiszler, Sept. 27,

18  2010.)  Emulex then represented that it would "produce substantially all responsive

19  electronic documents…by early November."  (Ex. 25, Geiszler to Tompros, Sept.

20  29, 2010.)  Emulex has since produced thousands of pages of documents relevant

21  to the accused products.  With respect to products Emulex believed were not

22  properly accused, Emulex did not even begin providing discovery in earnest until

23  after the Court's November 4, 2010 Order Denying Emulex's Renewed Motion to

24  Enforce.

25      Additionally, Broadcom subpoenaed ServerEngines on March 26, 2010,

26  explicitly requesting information regarding the BE2 and BE3 chips now accused of

27  infringing the asserted claims of the `623 patent.  (Ex. 26, Broadcom's Second

28

**BROADCOM'S MEMORANDUM ISO MOTION TO
AMEND INFRINGEMENT CONTENTIONS**

1    Notice of Service of Revised Subpoenas to ServerEngines, Mar. 26, 2010.)  On
2    July 16, 2010, Emulex contacted ServerEngines stating that "Emulex objects to
3    ServerEngines' production of any documents or information to Broadcom at this
4    time."  (Ex. 27, Geiszler to Johnston, Jul. 16, 2010.)  Broadcom responded that
5    Emulex's objections "lack a proper basis—and if ServerEngines continues to
6    refuse to provide discovery, Broadcom will move to compel," but that Broadcom
7    was also "willing to discuss ways to make this process as minimally burdensome
8    on ServerEngines as possible."  (Ex. 28, Liss to Blackburn, Sept. 8, 2010.)  As
9    September 10, 2010, Emulex asked Broadcom to refer all correspondence related
10   to the ServerEngines subpoenas to Emulex's counsel "due to Emulex's recent
11   acquisition of ServerEngines."  (Ex. 29, Geiszler to Liss, Sept. 10, 2010.)  On
12   September 13, 2010, Emulex informed Broadcom that "Emulex's acquisition of
13   ServerEngines closed on August 25, 2010, and Emulex is still in the process of
14   integrating ServerEngines personnel and assets into Emulex."  (Ex. 30, Geiszler to
15   Tompros, Sept. 13, 2010.)  As such, discovery related to the BE2 and BE3 chips
16   could not and did not commence in earnest until approximately October 2010.
17   (*See, e.g.*, ELX-PAT-03845730-40.)

18   ### III.   <u>ARGUMENT</u>
19
20   #### A.    Legal Standard
21
22       Northern District of California Patent Local Rule 3-6 (adopted by the Court
23   in this case) provides for amendment of infringement contentions "upon a timely
     showing of good cause."  (Patent Local Rule 3-6.)  The Federal Circuit has held
24   that under Rule 3-6, the "'good cause' requirement requires a showing of
25   diligence."  *O2 Micro Int'l Ltd. V. Monolithic Power Systems, Inc.*, 467 F.3d 1355,
26   1366 (Fed. Cir. 2006.)  Good cause may be demonstrated by "recent discovery of
27   nonpublic information about the Accused Instrumentality which was not
28

1   discovered, despite diligent efforts, before the service of the Infringement
2   Contentions." (Patent Local Rule 3-6.)  The Federal Circuit has interpreted this
3   requirement to permit a party to amend if it shows that it "acted with diligence in
4   promptly moving to amend when new evidence is revealed in discovery." *O2*
5   *Micro*, 467 F.3d at 1366.  This Court's Scheduling Order likewise provides that
6   Broadcom may, by today, "submit final infringement contentions . . . as is
7   necessary due to . . . other good cause (*including previously unavailable*
8   *information produced during discovery*)."  (Order [Dkt. No. 171], Jul. 21, 2010 at
9   4 (emphasis added).)

10      As outlined above, Emulex has consistently produced its own documents
11  late, refused to provide documents for products it unilaterally decided were not
12  properly accused, delayed in producing documents due to its acquisition of
13  ServerEngines, and actively interfered with Broadcom's pursuit of third-party
14  discovery.  Despite these obstructions, Broadcom has diligently pursued the
15  information to which it was entitled, and supplemented its contentions ahead of the
16  deadline set by the Court to submit final infringement contentions, and now timely
17  seeks leave to submit its final infringement contentions.[1]  Broadcom has more than
18  demonstrated the requisite good cause required by Patent Local Rule 3-6.

19      In addition, Emulex can claim no prejudice.  First, Emulex cannot claim that
20  the timing of service is prejudicial in the context of the case schedule, as the
21  Court's scheduling order expressly contemplated final infringement contentions
22  being served on February 4, 2011 upon a showing of good cause.  Second, there
23  are still almost two months before initial expert reports are to be exchanged.

24  ───────────────

25  [1]     As noted above, discovery is ongoing, and Broadcom reserves the right to
        rely at trial on additional evidence produced by Emulex or third parties during
26      the final stage of discovery.  Broadcom does not expect, however, that this
        information will materially change its infringement theories—the additional
27      information should simply provide additional substantiation of those theories.
28

**BROADCOM'S MEMORANDUM ISO MOTION TO
                                            AMEND INFRINGEMENT CONTENTIONS**

Finally, the amendments comprise solely recently obtained documents and deposition testimony that more fully describe Emulex's own products, all of which were previously accused under at least the asserted claims of one of the patents-in-suit.

**B.    Broadcom's Has Demonstrated Good Cause Under Patent Local Rule 3-6**

Much of the nonpublic information Broadcom relies upon as the basis of its motion to amend was received only over the last month, and none was received prior to October 1, 2010, well after Broadcom served its first amended infringement contentions in July 2010.  Thus, Broadcom acted with diligence in moving to amend promptly as new evidence was revealed through discovery and, therefore, has established the requisite good cause under Patent Local Rule 3-6.

*1.    Broadcom Recently Obtained Nonpublic Third-Party Discovery Related to Emulex's ▮▮▮▮▮ BladeEngine 3 Products*

BROADCOM'S MEMORANDUM ISO MOTION TO
AMEND INFRINGEMENT CONTENTIONS

1 ██████████████████████████████████

2 ████████████████████████████████████████

3 █████████████████████████████████████████

4 █████████████████████████████████████████

5 ███████████████████████████████████████

6 ██████████████████████████████████████████

7 ██████████████████████████████████

8 ████████████████████████████████████████

9 ██████████████████████████████████████

10 ███████████████████████████████████████

11 ████████████████████████████████████████

12 █████████████████████████████████████████

13 ██████████████████████████████

14 ████████████   Broadcom did not have access to the circuit level

15 schematics for the SerDes and clock recovery circuitry in Emulex's BE3 product

16 until the inspection of ██████ documents on January 28, 2011.  The documents

17 disclosed at the inspection revealed the circuit-level detail that confirmed the

18 presence of the infringing functionality.  It has been less than a week since

19 Broadcom received the information it required to amend its contentions with

20 respect to the ██████ BE3 products.  As such, Broadcom has ample cause to

21 amend and to submit final infringement contentions for Emulex's ██████ BE3

22 products for the asserted claims of the `194, `124, `057, and `150 patents.  (*See*

23 Broadcom Corporation's Final Disclosure of Asserted Claims and Infringement

24 Contentions, Exs. H(I) (`194, BE3), L(I) (`124, BE3), O(II) (`150, BE3), S(I)

25 (`057, BE3),████████████████████████████████████

26

27

28

**BROADCOM'S MEMORANDUM ISO MOTION TO AMEND INFRINGEMENT CONTENTIONS**

**2.      Broadcom Recently Obtained Nonpublic Third-Party
Discovery Related to Emulex's SOC 442 Product**

Broadcom's first amended infringement contentions relied on the declaration
of its expert, Dr. Vladimir Stojanovic, that the SOC 442 infringed the asserted
claims based on the documentation available at the time. ▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮ Again, it was not until the Court resolved the
parties dispute with respect to the scope of the accused products that Emulex
consented to discovery.  After the Court's November 4 Order, Broadcom diligently
pursued and obtained the necessary discovery ▮▮▮▮.

The schematics received ▮▮▮▮ confirmed and reinforced Dr.
Stojanovic's understanding of the accused instrumentalities at the level of detail
required to show clear infringement of the asserted claims of the `194, `124, `057,
and `150 patents.  Broadcom has had these documents (which consist of 517 pages
of detailed, high resolution circuit schematics) for less than three weeks.  As such,
Broadcom has more than good cause to amend and to submit final infringement
contentions for the SOC 442 product for the asserted claims of the `194, `124,
`057, and `150 patents.  (*See* Broadcom Corporation's Final Disclosure of Asserted
Claims and Infringement Contentions, Exs. H(III), L(III), O(IV), and S(III).)

**3.      Broadcom Recently Obtained Nonpublic Information from
Emulex Related to the ▮▮▮ BE2, and BE3 Products**

---

[2]   Note that Broadcom Corporation's Final Disclosure of Asserted Claims and
Infringement Contentions, Exs. H(II), L(II), O(III), and S(II) relate to Emulex's
products containing the Zephyr chip, and contain the portions of Exs. H, L, O,
and S related to the Zephyr chip that were included in Broadcom's First
Amended Disclosure of Asserted Claims and Infringement Contentions, filed
July 30, 2010.  Further note that Ex. O(I) is unchanged from the chart that
Broadcom previously disclosed as Exhibit N to Broadcom's Opposition to
Emulex's Motion to Enforce, filed Oct. 1, 2010.

BROADCOM'S MEMORANDUM ISO MOTION TO
AMEND INFRINGEMENT CONTENTIONS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17      Additionally, Broadcom accused Emulex's OneConnect product, some

18  varieties of which include the ServerEngines BE3 chip, of infringing the asserted

19  claims of the `623 patent.  Emulex objected to ServerEngines' production of any

20  discovery pursuant to Broadcom's third party subpoenas (Ex. 27, Geiszler to

21  Johnston, Jul. 16, 2010.) However, as a result of Emulex's acquisition of

22  ServerEngines, which closed on August 25, 2010, Emulex began selling both the

23  BE2 and BE3 chips individually.  As mentioned above, Emulex did not begin an

24  earnest production of discovery related to ServerEngines until October and

25  November 2010, (*see, e.g.*, ELX-PAT-03845730-40, produced Nov. 11, 2010),

26  citing the time it took to integrate ServerEngines into Emulex after the acquisition.

27      As such, Broadcom did not receive the relevant discovery it had sought from

28

**BROADCOM'S MEMORANDUM ISO MOTION TO
AMEND INFRINGEMENT CONTENTIONS**

1    ServerEngines regarding its BE2 and BE3 products until October and November

2    2010.  This new information provides the requisite good cause for Broadcom to

3    amend its infringement contentions and to submit final infringement contentions

4    that include the BE2 and BE3 chips as accused products.  (*See* Broadcom

5    Corporation's Final Disclosure of Asserted Claims and Infringement Contentions,

6    Ex. M.)  Moreover, Emulex's OneConnect product, which includes the BE3 chip,

7    was already accused of infringing the asserted claims of the `623 patent.

8    Therefore, Emulex can claim no prejudice as a result of Broadcom's addition of

9    the BE2 and BE3 chips as accused products, now that Emulex distributes these

10   chips individually as a result of its acquisition of ServerEngines.

11                    *4.      Broadcom Recently Obtained Nonpublic Information Related*
12                    *to Emulex's Fibre Channel Products Accused of Infringing*
13                    *the `691 and `500 Patents*

14        Broadcom accused 11 Emulex products of infringing the `691 and `500

15   patents ("Fibre Channel products") in its first amended infringement contentions.

16   Broadcom has since taken six depositions and has received thousands of

17   documents related to the accused Fibre Channel products.  As of the date

18   Broadcom served its first amended infringement contentions, Emulex had

19   produced virtually no documents related to the SOC 804, SOC 442, SOC 432,

20   SOC 320, Model 850 and Model 870.  Moreover, the SOC 432 was never released

21   commercially, and as a result Broadcom could not learn of it from public

22   sources—only through the discovery produced recently.

23        As specific examples of this recent discovery, Broadcom took four

24   depositions relevant to Emulex's infringement of the asserted claims of the `691

25   and `500 patents in January 2011, and another two depositions—both of Emulex

26

27

28

**BROADCOM'S MEMORANDUM ISO MOTION TO
AMEND INFRINGEMENT CONTENTIONS**

1    30(b)(6) designees—in the last three days.[3] ███████████████

2    ████████████████████████████████████████████████████

3    ████████████████████████████████████████████████████

4    ████████████████████████████

5         Further, Emulex had provided virtually no meaningful discovery regarding

6    the SOC 320, SOC 442, and SOC 804 by the time that Broadcom served its first

7    amended infringement contentions.  Nor had Emulex provided the relevant

8    discovery regarding the products containing these SOCs, namely, the 355 and 370

9    Switch products (containing the SOC 320), the Model 830, 835, 850, and 870

10   products (containing the SOC 804), or the Sequoia product (containing the SOC

11   442).  It was not until October 27, 30, and November 4, 2010 that Emulex

12   produced the ASIC design specifications for the SOC 442, 320, and 804,

13   respectively.  The ASIC design specifications explain in detail how the accused

14   functionality is performed in each product.  (*See, e.g.*, ELX-PAT-02277319-290;

15   ELX-PAT-02165349-945; ELX-PAT-03122138-290.)  This information was not

16   available from previous discovery, which included customer-oriented "databooks"

17   that merely describe the products' capabilities without providing the necessary

18   detail regarding the functionality.

19        Finally, ASIC design specifications for the unreleased SOC 432 product

20   were not produced by Emulex until October 30, 2010.  (*See* ELX-PAT-02200685-

21   1132.)  In fact, not even the SOC 432 databook was produced until that same day.

22   (*See* ELX-PAT-02279709-773.)

23        As such, Broadcom has demonstrated the requisite good cause for amending

24   its infringement contentions and submitting final infringement contentions based

25   ───────────────

26   [3]      The depositions of Carl Mies (Jan. 11, 2011), Marty Stainbrook (Jan. 12, 2011), John Mensonides (Jan. 13, 2011), Thomas Hughes (Jan. 14, 2011), Gregory Warren (Feb. 2, 2011), and William Goodwin (Feb. 3, 2011) all provided information relevant to the Emulex

27   products accused of infringing the `691 and `500 patents.  (*See generally*, Mies Tr., Stainbrook Tr., Hughes Tr., Warren Rough Tr., and Goodwin Rough Tr.)

28

BROADCOM'S MEMORANDUM ISO MOTION TO
AMEND INFRINGEMENT CONTENTIONS

1    on the previously unavailable information.

2    **IV.    <u>CONCLUSION</u>**

3

4            For the foregoing reasons, Broadcom respectfully requests that the Court

5    issue an order granting Broadcom's motion to amend its Patent Local Rule 3-1

6    Infringement Contentions under Patent Rule 3-6 and to submit Final Infringement

7    Contentions under the Court's July 21, 2010 Order Regarding Pretrial and Trial

8    Dates.

9    Dated: February 4, 2011          By:   /s/ Dominic E. Massa
10                                           Dominic E. Massa

11                                          WILMER CUTLER PICKERING
                                            HALE AND DORR LLP
12
                                            Attorneys for Plaintiff and Counterclaim
13                                          Defendant
                                            BROADCOM CORPORATION
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**BROADCOM'S MEMORANDUM ISO MOTION TO
                                            AMEND INFRINGEMENT CONTENTIONS**

*Broadcom Corporation v. Emulex Corporation*,
Case No.  SACV 09-01058 JVS (ANx) and SACV 10-03963-JVS (ANx)

## **PROOF OF SERVICE**

Fed. R. Civ. P. 5(b) & L.R. 5-3

I, Jason H. Liss, hereby certify that a copy of the foregoing *Plaintiff*

*Broadcom Corporation's Memorandum of Law in Support of Motion To Amend*

*Infringement Contentions under Patent Local Rule 3-6.* was served upon the

following parties as indicated below on February 4, 2011.

**For Emulex Corporation:**

OC-ELX-PAT@gibsondunn.com
smg@jmbm.com
broadcom-emulex@fr.com
(email addresses for service on Emulex
per agreement of the parties)

☐ Via Hand Delivery
☐ Via Overnight Courier (1 copy)
☐ Via Facsimile
☒ Via Electronic Mail (1 copy)

I certify under penalty of perjury that the foregoing is true and correct.

/s/ Jason H. Liss
Jason H. Liss

**BROADCOM'S MEMORANDUM ISO MOTION TO
AMEND INFRINGEMENT CONTENTIONS**