WILLIAM F. LEE (admitted *pro hac vice*)
(william.lee@wilmerhale.com)
DOMINIC E. MASSA (admitted *pro hac vice*)
(dominic.massa@wilmerhale.com)
JOSEPH J. MUELLER (admitted *pro hac vice*)
(joseph.mueller@wilmerhale.com)
LOUIS W. TOMPROS (admitted *pro hac vice*)
(louis.tompros@wilmerhale.com)
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA  02109
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000

Attorneys for Plaintiff and Counterclaim Defendant
BROADCOM CORPORATION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| BROADCOM CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>EMULEX CORPORATION,<br><br>Defendant.<br><br>And Related Counterclaims | CASE No.  SACV09-01058 JVS (ANx), consolidated with SACV10-03963-JVS (ANx)<br><br>**BROADCOM CORPORATION'S MEMORANDUM IN OPPOSITION TO EMULEX CORPORATION'S MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS FOR U.S. PATENT NO. 7,239,636**<br><br>Hearing Date: April 11, 2011<br>Time:          1:30 p.m.<br>Place:         Courtroom 10C<br><br>Before Hon. James V. Selna |

I. **<u>Introduction</u>**

In its initial invalidity contentions, Emulex disclosed 113 alleged prior art references that supposedly anticipated or rendered obvious Broadcom's U.S. Patent No. 7,239,636 (the "'636 patent").  Now—more than a month past the deadline for amendments to contentions, and past the deadline for the parties to serve additional fact discovery requests—Emulex seeks to add yet another reference, a version of the "InfiniBand" standard.

Emulex's untimely motion does not satisfy Patent Local Rule 3-6.  Under that rule, "[a]mendment of the Infringement Contentions or the Invalidity Contentions may be made only by order of the Court upon a ***timely*** showing of ***good cause***" (emphases added).  Emulex's motion is not timely, because it is well past the February 4, 2011 deadline for the parties to "submit final infringement and invalidity contentions, as necessary due to the Court's claim construction rulings or other good cause (including information and materials produced during discovery)." (Order Regarding Pretrial and Trial Dates, Dkt. No. 171, at 4.)

Nor has Emulex shown the diligence required to demonstrate good cause:  as Emulex's own Rule 30(b)(6) witness testified, InfiniBand is a "well-known standard," and Emulex could have located this version of it had it exercised the required diligence.  (Declaration of Jason Liss in Support of Broadcom's Opposition to Emulex's Motion for Leave To Amend Invalidity Contentions for U.S. Pat. No. 7,239,636 ("Liss Decl."), Ex. A, Rule 30(b)(6) Deposition of Sanjeev Datla on Behalf of Emulex, at 101:25-102:1 (March 17, 2011).)  Emulex has known about the existence of InfiniBand technology for years (and even referred to InfiniBand in its own Securities and Exchange Commission filings), Emulex's own technical documents discuss InfiniBand, and many of the other alleged prior art references that Emulex disclosed themselves refer to InfiniBand.

It would be unfair and prejudicial to require Broadcom to defend against a ***114th*** piece of alleged prior art now, after the deadline for serving discovery

requests and with only six weeks remaining before rebuttal expert reports. Emulex's motion should be denied.

## II.  Argument

Under the applicable Patent Local Rules, Emulex can only amend by making a "timely" motion, and only upon making a "showing of good cause." (N.D. Cal. Patent Local Rule 3-6.) It has done neither.

### A.  Emulex's Motion Is Not Timely.

The agreed-to, Court-ordered schedule included a firm deadline for amendments under Patent Local Rule 3-6: The deadline "to submit final infringement and invalidity contentions, as necessary due to the Court's claim construction rulings or other good cause (including information and materials produced during discovery)" was February 4, 2011. (Order Regarding Pretrial and Trial Dates, Dkt. No. 171, at 4.) This scheduling order "sets a deadline for 'good cause' amendments," as the Court made clear in its order on Emulex's own motion to enforce Patent Local Rule 3-6. (Civil Minutes and Order, Dkt. No. 167, at 3 n.1 (June 30, 2010).) Now that the deadline has passed, Emulex is not permitted to amend even if it could show good cause (which it has not and cannot).

Moreover, the February 4, 2011 deadline for final contentions was not an arbitrary deadline. Fact discovery closes on April 11, 2011. (*See* Order Regarding Pretrial Dates, Dkt. No. 302, at 3 (Feb. 22, 2011).) This Court's scheduling order required the parties to serve all requests for production, requests for admission, and interrogatories at least 45 days prior to that cutoff—i.e., on February 25, 2011. (*See* Order for Jury Trial, Dkt. No. 38, at 2 (Dec. 22, 2009).) Thus, following the exchange of final contentions, the parties had three weeks to prepare and serve additional written fact discovery in response to those final contentions. But if Emulex is permitted to add its new prior art now, Broadcom will have no opportunity to serve any discovery requests in response to it.

Several issues related to the specific version of the InfiniBand standard

would have been likely avenues for Broadcom's fact discovery requests.  For example, it is not clear when the particular version of the InfiniBand standard that Emulex seeks to introduce ("Release 1.0") first became publicly available.  In fact, Emulex itself admits in its brief that the "is not something one could find through simple database searches" and suggests that it was "notoriously difficult to locate." (Emulex Corporation's Memorandum of Points and Authorities in Support of Its Motion for Leave To Amend Invalidity Contentions for U.S. Pat. No. 7,239,636, Dkt. No. 308, at 8 (March 11, 2011) ("Emulex Br.").)  If Emulex had made a timely motion to amend in accordance with the agreed schedule, Broadcom would have had the opportunity to serve discovery requests directed to this publication issue in accordance with the Court's schedule.  Instead, by seeking to add the InfiniBand reference late, Emulex is preventing Broadcom from obtaining this necessary discovery.

### B. Emulex Has Not Demonstrated Good Cause.

Emulex's motion should denied as untimely, and no assessment of its "good cause" arguments is necessary.  However, even if Emulex's motion had been timely, Emulex has failed to show good cause.  Patent Local Rule 3-6 explains that amendment is permissible when there is a "***recent* discovery of *material, prior art*** despite earlier ***diligent search***."  ((Patent Local Rule 3-6(b) (emphases added).)  Emulex cannot satisfy any part of the standard: its discovery of InfiniBand was not recent, its search was not diligent, and InfiniBand does not appear to be material prior art.

#### 1. Emulex's Discovery of InfiniBand Was Not Recent.

Emulex's own public filings and documents make clear that it has known about the InfiniBand standard for many years.  For example, in each of its annual reports for the last several years, Emulex has expressly referred to InfiniBand in its list of other technologies in its industry, among its risk factors:

> ***Our industry is subject to rapid technological change and we must***

1     *keep pace with the changes to successfully compete.*

2     . . .

3     Currently, new and proposed technologies such as eight, 10, and
4     16Gb/s Fibre Channel solutions; Fibre Channel over Ethernet (FCoE);
5     Enhanced Ethernet; 10Gb/s Ethernet solutions; low latency Ethernet
6     solutions; Data Center Ethernet; *Infiniband*; iSCSI; PCI-X 2.0; PCI
7     Express Gen one, two, and three; PCI Express Advanced Switching;
8     SATA; SAS; and Remote Direct Memory Access (RDMA); are in
9     development by many companies and their ultimate acceptance and
10     deployment in the market is uncertain.

11 (Liss Decl. Ex. B, Emulex Annual Report 2008, at 14 (Aug. 19, 2008) (second
12 emphasis added).) Notably, Emulex's annual report lists InfiniBand immediately
13 following "Data Center Ethernet"—the very technology accused of infringing the
14 '636 patent. Emulex cannot claim that it only recently discovered the InfiniBand
15 standard.

16     Nor is February 22 the first time that InfiniBand came up in this litigation.
17 On January 19, 2011—ahead of the February 4, 2011 deadline—Emulex's own
18 Rule 30(b)(6) witness on Remote Direct Memory Access ("RDMA") technology
19 volunteered that RDMA could be performed using the InfiniBand standard:

20     Q. Is it correct that the only two implementations of RDMA of
21     which you're aware are RDMA over converged Ethernet and RDMA
22     over TCP?
23     A. No.
24     Q. What are the others?
25     A. The other one I'm aware of is RDMA over InfiniBand.
26     Q. I'm sorry?
27     A. Over InfiniBand.
28     Q. And what is InfiniBand?

|   |   |
|---|---|
| 1 | A. InfiniBand is a -- a different -- a different protocol for data |
| 2 | transport. I'm not terribly familiar with it. |

(Liss Decl. Ex. C, Rule 30(b)(6) Deposition of Mark Karnowski on Behalf of Emulex, at 64:4-16 (Jan. 19, 2011).) Emulex's own engineers therefore knew of the InfiniBand standard before the February 4, 2011 deadline.

Moreover, Emulex's own internal emails and technical documents refer repeatedly to InfiniBand. To date, Emulex has produced more than **390** documents in this litigation alone that refer expressly to "InfiniBand." (*See* Liss Decl. ¶ 19.) These documents include emails and technical presentations from the files of numerous Emulex's employees, including some who have had substantial involvement in this case—for example, as Emulex's own Rule 30(b)(6) witnesses. (*See* Liss Decl. ¶ 20.) Likewise, as Emulex acknowledges in its brief, Broadcom produced a copy of the InfiniBand specification to Emulex—and it did so on January 19, 2011, ahead of the deadline for amending contentions.[1] (*See* Liss Decl. Exs. D-E.) The InfiniBand standard was therefore well known to Emulex and its engineers; it was not "recently discovered" as Emulex contends.

### 2. Emulex Cannot Have Conducted a Diligent Search.

Emulex has not demonstrated that it conducted a reasonably diligent search that failed to locate the InfiniBand reference. The existence of the InfiniBand standard is not a secret. Emulex's own Rule 30(b)(6) on its implementation of the Data Center Bridging eXchange Protocol (the technology accused of infringing the '636 patent) himself testified that InfiniBand is "a well-known standard." (*See* Ex. A (Datla Tr.), at 101:25-102:1.)

References to InfiniBand appear repeatedly in the relevant patents and

---

[1] Notably, the version of the InfiniBand specification in Broadcom's electronic files has the same date as the version that Emulex seeks to add, but is labeled "Highly Confidential." (Liss Decl. Ex. E.) This underscores the need for discovery on when InfiniBand became publicly available—discovery which Broadcom is now unable to pursue because of Emulex's untimely disclosure.

technical literature—including in at least six of the patents and patent applications that Emulex itself identified as alleged prior art in its own invalidity contentions. (*See* Liss Decl. Ex. F (Appendix 1 to Emulex Corporation's Disclosure of Invalidity Contentions (Additional Prior Art References)), at 26-27; *id.* Ex. G (U.S. Patent No. 6,874,054 col.7, ll.44-49); *id.* Ex. H (U.S. Pub. No. 2004/0062275, at Fig. 1 and p.2); *id.* Ex. I (U.S. Pub. No. 2005/0165980, at p.4 ¶ [0080]); *id.* Ex. J (U.S. Pub. No. 2003/0046330, at p.6 ¶ [0062]); *id.* Ex. K (U.S. Patent No. 6,976,205 col.5, l.24); *id.* Ex. L (U.S. Patent No. 7,185,266 col.11, l.34).) If Emulex had diligently reviewed the patents that it identified as alleged prior art, it would have been directed to InfiniBand.

Similarly, an early draft of the IEEE 802.1Qaz standard—which forms a portion of Broadcom's infringement contentions against Emulex—refers expressly to InfiniBand. (*See* Liss Decl. Ex. M, IEEE P802.1Qaz/D0.4, at ELX-PAT-00002670 (Aug. 18, 2009).) Emulex itself produced this draft version of the standard to Broadcom more than a year ago, in connection with its initial disclosures at the outset of this case. (*See* Liss Decl. Ex. N, Letter from T. Kevin Roosevelt to Dominic Massa, December 14, 2009.) Had Emulex exercised diligence in its review of this highly relevant standard, it would have been directed to InfiniBand.

Moreover, as Emulex itself admits, it was able to locate the InfiniBand reference in Broadcom's own document production using "targeted searches." (Emulex Br. at 8.) Emulex has offered no reason why it could not have performed those same "targeted searches" before the deadline for disclosing invalidity contentions—either on Broadcom's document production and/or on technical literature more generally.

Emulex also argues that the InfiniBand standard was somehow more difficult to locate because it "is not a journal article or a patent." (Emulex Br. at 2.) But Emulex apparently had no difficulty identifying other alleged prior art

standards that were neither journal articles or patents; in fact, Emulex's contentions identify four other standards with respect to the '636 patent alone: the "RSVP" protocol, the Microsoft Remote Desktop Protocol, the Asynchronous Transfer Mode standard, and the Transmission Control Protocol. (*See* Liss Decl. Ex. O, Emulex Corporation's Disclosure of Invalidity Contentions, at 12.) Emulex cannot claim that it is somehow unable to identify alleged prior art other than patents or journal articles.

Finally, the fact that Emulex substituted its lead outside counsel and that its new counsel apparently only learned of InfiniBand in connection with preparation for a deposition on February 22, 2011, is not relevant. (Emulex Br. at 8.) "The critical issue is not when [the amending party] discovered this information, but rather, whether [it] could have discovered it earlier had [it] acted with the requisite diligence." *Google, Inc. v. Netlist, Inc.*, Nos. C 08-4144 SBA, C 09-5718 SBA, 2010 WL 1838692, at *2 (N.D. Cal. May 5, 2010). Had Emulex exercised reasonable diligence by speaking to its own engineers, reviewing its own technical documents and prior art, and/or reviewing Broadcom's document production, it would have discovered the InfiniBand reference ahead of the February 4, 2011 amendment deadline.

### 3. The Revision of the InfiniBand Standard that Emulex Cites Does Not Appear To Be Material Prior Art.

Although Emulex asserts that the "Release 1.0" version of the InfiniBand standard that it seeks to introduce to prove invalidity was "apparently" made public prior to the invention of the '636 patent (Emulex Br. at 5), it is not at all clear that this release was actually a publicly available printed publication that qualifies as prior art under 35 U.S.C. § 102(b). To the contrary, none of the evidence that Emulex has submitted in connection with its motion demonstrates the public availability of the release ahead of the priority date of the '636 patent. Emulex's citation to website entries from the catalog systems of two university libraries

shows only that the "Release 1.0" version of the standard is available in those libraries *now*; it is not clear when it became available. Nor does Emulex's citation to an (unauthenticated) press release prove when the standard was publicly available—much less that the standard referred to contained the same content as the version that Emulex now seeks to assert as prior art. Moreover, the fact that there is also a copy of "Release 1.0" of the InfiniBand specification with the same date as Emulex's version that is stamped "Highly Confidential" calls into question its public availability. (Liss Decl. Ex. D.)

At minimum, Broadcom should have been entitled to meaningful discovery concerning the publication date of the version of the InfiniBand standard on which Emulex seeks to rely. But Emulex's late disclosure of its reliance on the InfiniBand standard as alleged prior art has prevented Broadcom from taking that discovery. *See, e.g.*, *C & C Jewelry Mfg., Inc. v. West*, No. 5:09-cv-01303-JF, 2011 WL 835821, at *3 (N.D. Cal. Mar. 4, 2011) (denying motion to amend set for hearing after close of fact discovery in part because "of the advanced stage of the instant litigation").

### C. Emulex's Amendment Would Prejudice Broadcom.

Emulex is wrong to claim that there is "no possible prejudice" to Broadcom. (Emulex Br. at 9.) Preliminarily, as Emulex itself argued in its earlier briefing to the Court, "once a lack of diligence is found, there is 'no need to consider the question of prejudice.'" (Defendant and Counterclaim Plaintiff Emulex Corporation's Memorandum of Points and Authorities in Support of Its Renewed Motion To Enforce Patent Local Rules 3-1 And 3-6, Dkt. No. 183, at 10 (Sept. 14, 2011) (quoting *O2 Micro Intern. Ltd. v. Monolithic Power Systems, Inc.*, 467 F.3d 1355, 1368 (Fed. Cir. 2006))). Thus, prejudice is not relevant.

Nevertheless, permitting Emulex to amend would cause prejudice to Broadcom in two significant ways. *First*, as discussed in detail above, Emulex's late disclosure has prevented Broadcom from obtaining meaningful discovery on

when the InfiniBand standard became publicly available. Emulex's disclosure came after the deadline for serving written discovery on Emulex, and, with only a few weeks left in fact discovery, it is not, as a practical matter, possible for Broadcom to obtain the third-party discovery that it would need to assess when the version of the InfiniBand standard on which Emulex relies was published.

*Second*, Emulex's late disclosure has cut significantly into Broadcom's time to prepare an expert report responding to Emulex's claim that the InfiniBand standard anticipates the '636 patent. Emulex's disclosure cuts *five weeks* out of an already compressed schedule (thirteen weeks) between the deadline for disclosure of final invalidity contentions and the submission of invalidity rebuttal expert reports. Broadcom should not be forced into an even more truncated schedule, simply because Emulex did not locate and disclose the InfiniBand reference by the agreed deadline.

Finally, Emulex is wrong to suggest that it can freely amend its contentions after the amendment deadline unless Broadcom makes some showing of "gamesmanship" or bad faith, merely because of the public interest in resolving patent validity. (*See* Emulex Br. at 2-3.) No such showing of "gamesmanship" is required. *See, e.g.*, *LG Elecs. Inc. v. Q-Lity Computer Inc.*, 211 F.R.D. 360, 367 (N. D. Cal. 2002) (explaining that "[u]nlike the liberal policy for amending pleadings," the policy for amending contentions "is decidedly conservative," and that it is "designed to prevent the 'shifting sands' approach" in patent infringement cases). Courts applying the Northern District's Patent Local Rules routinely preclude amendments to invalidity contentions when the amending party was untimely or not diligent, without any additional requirement for a showing of "gamesmanship" or bad faith. *See, e.g.*, *Acer, Inc. v. Tech. Properties Ltd.*, Nos. 5:08-cv-00877 JF/HRL, 5:08-cv-00882 JF/HRL, 5:08-cv-05398 JF/HRL, 2010 WL 3618687, at *1 (N.D. Cal. Sept. 10, 2010) (denying motion to amend invalidity contentions for lack of diligence); *see also C & C Jewelry Mfg.*, 2011 WL 835821,

at *3-4 (same). Broadcom is not required to prove bad faith; rather, Emulex was required to show timeliness and diligence. Because Emulex has shown neither, its motion should be denied.

**III. <u>Conclusion</u>**

For the foregoing reasons, Emulex's motion for leave to amend its invalidity contentions should be denied.

Dated: March 21, 2011

WILMER CUTLER PICKERING
HALE AND DORR LLP

By: _____
Louis W. Tompros

*Attorneys for Broadcom Corporation*

*Broadcom Corporation v. Emulex Corporation*,
Case Nos. SACV09-1058 JVS (ANx) and SACV 10-03963-JVS (ANx)

## PROOF OF SERVICE

Fed. R. Civ. P. 5(b) & L.R. 5-3

I, Jason H. Liss, hereby certify that a copy of the foregoing *Broadcom Corporation's Memorandum in Opposition to Emulex Corporation's Motion for Leave To Amend Invalidity Contentions for U.S. Patent No. 7,239,636* was served upon the following parties as indicated below on this 21st day of March, 2011.

**For Emulex Corporation:**

| OC-ELX-PAT@gibsondunn.com<br>smg@jmbm.com<br>Broadcom-Emulex@fr.com<br>(email addresses for service on Emulex per agreement of the parties) | ☐ Via Hand Delivery<br>☐ Via Overnight Courier (1 copy)<br>☐ Via Facsimile<br>☒ Via Electronic Mail (1 copy) |
|---|---|

I certify under penalty of perjury that the foregoing is true and correct.

_____
Jason H. Liss