Juanita R. Brooks (SBN 75934)
  brooks@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

*(Additional counsel listed on signature page)*

Attorneys for Defendant and Counterclaimant
EMULEX CORPORATION

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# (SOUTHERN DIVISION)

| | |
|---|---|
| BROADCOM CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>EMULEX CORPORATION,<br><br>    Defendant.<br><br>And Related Counterclaims | Case No. CV 09-1058-JVS (ANx)<br><br>consolidated with CV 10-3963 JVS (ANx)<br><br>**DEFENDANT EMULEX CORPORATION'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO WILLFUL INFRINGEMENT**<br><br>Hearing Date: June 13, 2011<br>Time:         8:00 a.m.<br>Place:        Courtroom 10C<br>Before:       Hon. James V. Selna |

## I.    INTRODUCTION

Plaintiff Broadcom Corporation ("Broadcom") alleges that Defendant Emulex Corporation ("Emulex") willfully infringes all 7 of the currently-asserted patents. The Court of Appeals for the Federal Circuit has set a very high bar for maintaining a claim of willful infringement. Importantly, the Federal Circuit has said that where (as here) a patentee has not attempted to stop alleged post-litigation infringement by seeking a preliminary injunction, the patentee "should not be allowed to accrue enhanced damages based solely on the infringer's post-filing conduct." *See In re*

*Seagate Tech., LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007).  As explained below, Broadcom's willfulness allegations for all but one of the asserted patents rely solely on post-litigation conduct, and Broadcom did not seek a preliminary injunction for any of these patents.  For that reason alone, Broadcom cannot maintain its claim for willful infringement for these 6 patents as a matter of law.

For the one patent where Broadcom has asserted pre-suit notice, United States Patent No. 7,450,500 ("the '500 patent"), its contention is also legally deficient.  Willful infringement requires that the accused infringer knew of the plaintiff's patent rights and was both subjectively and objectively reckless; the burden of proof is clear and convincing evidence.  *Id.* at 1371.  Broadcom's only allegation for the '500 patent is that "Emulex submitted an Information Disclosure statement to the U.S. Patent and Trademark Office, citing the application that issued as the '500 patent."  Broadcom has no proof that anyone at Emulex ever learned of the issued claims (or, indeed, that Emulex ever learned that the patent issued at all).  The Federal Circuit and various district courts have held that knowledge of a pending patent application, with nothing more, cannot support a claim of willful infringement as a matter of law.

For these reasons, the Court should grant summary judgment that Emulex does not willfully infringe any of the asserted patents.

## II.   STATEMENT OF FACTS

The following facts are not in dispute.

Broadcom filed its original complaint against Emulex on September 14, 2009, alleging infringement of 10 United States patents: 7,239,636 ("the '636 patent"), 7,295,555 ("the '555 patent"), 6,766,389 ("the '389 patent"), 7,471,691 ("the '691 patent"), 7,450,500 ("the '500 patent"), 6,424,194 ("the '194 patent"), 7,038,516 ("the '516 patent"), 7,486,124 ("the '124 patent"), 7,215,169 ("the '169 patent"),

and 7,313,623 ("the '623 patent").[1] Broadcom alleged that Emulex's infringement of each patent was willful.

Broadcom filed an amended complaint on February 23, 2010 that added one additional patent: 7,058,150 ("the '150 patent"). Broadcom again alleged that Emulex' infringement was willful.

Finally, Broadcom filed a new complaint on May 26, 2010 that asserted U.S. Patent No. 7,724,057 ("the '057 patent"). The '057 patent issued the day before the complaint was filed, on May 25, 2010. This complaint also asserted that Emulex's alleged infringement was willful.

On December 2, 2009, Emulex served an interrogatory request on Broadcom asking it to "[e]xplain in detail all facts and circumstances supporting or otherwise relating to any assertion by [Broadcom] that the alleged infringement by [Emulex] of any Asserted Claims has been deliberate or willful." (Ex. A).

On January 7, 2010, Broadcom served a response to Emulex's interrogatory stating that "[a]t a minimum, Broadcom's filing of its Complaint in this action provided Emulex with notice of its infringement, and Emulex's continued infringement since that time has been deliberate and willful." (Ex. B). Broadcom did not allege in its response that any pre-suit activity by Emulex constituted willful infringement.

On April 21, 2010, Broadcom served a supplemental response to Emulex's interrogatory. (Ex. C). Once again, the only theory set forth in that response was that "Emulex's continued infringement following the initiation of this action has been willful." (*Id.*).

On July 30, 2010, Broadcom served infringement contentions that set forth its alleged basis for its claim of willful infringement. (Ex. D). Broadcom again alleged

---

[1] The '555 patent, the '389 patent, the '516 patent, and the '169 patent have since been withdrawn. Also, the parties have reached an agreement to dismiss the '636 patent without prejudice.

that "Emulex's continued infringement following the initiation of this action has been willful." (*Id.* at 16). Broadcom also added a new allegation, claiming that "on June 21, 2007, Emulex submitted an Information Disclosure statement to the U.S. Patent and Trademark Office, citing the application that issued as the '500 patent." (*Id.* at 17).

On February 4, 2011, Broadcom served "final" infringement contentions that repeated its allegation that "Emulex's continued infringement following the initiation of this action has been willful," (Ex. E at 17), and its allegation concerning Emulex's knowledge of the patent application that eventually led to the '500 patent. (*Id.*)

Broadcom never requested a preliminary injunction to halt Emulex's alleged infringement for any of the asserted patents.

On December 1, 2010, Emulex sent a letter to Broadcom asking it to withdraw its allegations of willful infringement because they were baseless. (Ex. F). Broadcom refused. (Ex. G).

### III. STATEMENT OF LAW

#### A. Summary Judgment

Broadcom bears the burden of proving willful infringement. *See Norian Corp. v. Stryker Corp.*, 363 F.3d 1321, 1332 (Fed. Cir. 2004). Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

#### B. The Law of Willful Infringement

The patent statute allows the Court to enhance damages in appropriate circumstances. *See* 35 U.S.C. § 284 ("the court may increase the damages up to three times the amount found or assessed"). But the Court can only enhance damages if the patentee can prove that the accused infringer's conduct was

"willful." *See Depuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*, 567 F.3d 1314, 1337 (Fed. Cir. 2009) ("an award of enhanced damages requires a showing of willful infringement").

The Federal Circuit has set forth a high standard for proving willful infringement:

> [T]o establish willful infringement, a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent. The state of mind of the accused infringer is not relevant to this objective inquiry. If this threshold objective standard is satisfied, the patentee must also demonstrate that this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer.

*In re Seagate*, 497 F.3d at 1371 (internal citations omitted). The *Seagate* decision raised the standard for proving willful infringement "from one akin to negligence to that of objective recklessness." *See Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318, 1323 (Fed. Cir. 2008).

### C. Post-Litigation Conduct

In *Seagate*, the Federal Circuit held that a party who does not attempt to stop alleged post-suit infringement by seeking a preliminary injunction cannot seek enhanced damages as a matter of law:

> [I]n ordinary circumstances, willfulness will depend on an infringer's prelitigation conduct. It is certainly true that patent infringement is an ongoing offense that can continue after litigation has commenced. However, when a complaint is filed, a patentee must have a good faith basis for alleging willful infringement. So a willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct. By contrast, when an accused infringer's post-filing conduct is reckless, a patentee can move for a preliminary injunction, which generally provides an adequate remedy for combating post-filing willful infringement. **A patentee who does not attempt to stop an accused infringer's activities in this manner should not be allowed to accrue enhanced damages based solely on the infringer's post-filing conduct.** Similarly, if

>  a patentee attempts to secure injunctive relief but fails, it is
>  likely the infringement did not rise to the level of
>  recklessness.

*Id.* at 1374 (emphasis added, internal citations omitted).

### D. Pre-Issuance Knowledge of a Patent

The Federal Circuit has also addressed whether knowledge of a patent prior to issuance can support a finding of willful infringement. In *American Original Corp. v. Jenkins Food Corp.*, 774 F.2d 459, 465 (Fed. Cir. 1985), the Federal Circuit held that "to willfully infringe a patent, the patent must exist." The Federal Circuit upheld the district court's decision that knowledge of a pending patent application, with nothing more, was insufficient to show willful infringement. *Id.*; *see also Conopco, Inc. v. May Dep't Stores Co.*, 46 F.3d 1556, 1562 (Fed. Cir. 1994) ("In resolving the willfulness, enhanced damages, exceptional case, and attorney fees issues, the court is cautioned not to place undue reliance on defendants' activities prior to the issuance of the patent. Although these activities may have been undertaken with knowledge that a patent application covering the [accused technology] was pending … that is insufficient to support a finding of willfulness").

Several district courts have relied on this precedent to reject willfulness allegations that rely only on knowledge of a pending patent application. *See Sundance, Inc. v. Demonte Fabricating, Ltd.*, 2007 U.S. Dist. LEXIS 55472 at *27 (E.D. Mich. July 31, 2007) ("Culpable conduct is measured from the point in time a putative infringer has actual knowledge of an issued patent and not before"); *Trading Techs. Int'l, Inc. v. eSpeed, Inc.*, 2008 U.S. Dist. LEXIS 295 at *4 (N.D. Ill. January 3, 2008) ("While defendants knew of plaintiff's patent application, this knowledge alone is not enough to demonstrate willfulness"); *Emory Univ. v. Glaxo Wellcome Inc.*, 45 U.S.P.Q.2D (BNA) 1534 (N.D. Ga. Dec. 16, 1997) ("The authority cited by [plaintiff] does not support its contention that [defendant's] pre-issuance knowledge was sufficient to support a claim of willful infringement").

## IV. ARGUMENT

Broadcom has raised two willfulness allegations. Both are legally deficient.

For 6 of the 7 currently-asserted patents, Broadcom's allegations are based solely on post-litigation conduct. (*See* Exs. A-E). But Broadcom did not move for a preliminary injunction, and under the standard set forth in *Seagate* it is therefore not entitled to seek enhanced damages for alleged willful infringement occurring after the filing of its complaint. *See In re Seagate*, 497 F.3d at 1374 ("A patentee who does not attempt to stop an accused infringer's activities [by seeking a preliminary injunction] should not be allowed to accrue enhanced damages based solely on the infringer's post-filing conduct").

For the remaining asserted patent, the '500 patent, Broadcom's only allegation is that Emulex was allegedly aware of the pending patent application because that application was submitted with an Information Disclosure Statement ("IDS") to the Patent Office. (Exs. D & E). But Broadcom has no evidence that anyone at Emulex ever learned of the issued patent, or of the scope of its claims. The Federal Circuit has said that in order to willfully infringe a patent's claims, those claims must exist and the defendant must know of them. *See State Indus. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985) ("To willfully infringe a patent, the patent must exist and one must have knowledge of it"). The Federal Circuit and various district courts have held that knowledge of a pending application, by itself, is insufficient to support an allegation of willful infringement. *See American Original*, 774 F.2d at 465; *Conopco*, 46 F.3d at 1562; *Sundance*, 2007 U.S. Dist. LEXIS 55472 at *27 ("Culpable conduct is measured from the point in time a putative infringer has actual knowledge of an issued patent and not before"); *Trading Techs.*, 2008 U.S. Dist. LEXIS 295 at *4 ("While defendants knew of plaintiff's patent application, this knowledge alone is not enough to demonstrate willfulness"); *Emory*, 45 U.S.P.Q.2D (BNA) 1534 ("the general rule that in order to

prove willfulness, the patentee must prove that the patent exists and that the alleged infringer has knowledge of it"). Even taking all inferences in favor of Broadcom, there is no evidence to support a claim that Emulex was subjectively and objectively reckless simply based on knowledge of the unissued patent application that eventually led to the '500 patent.

## V. CONCLUSION

This case is broad in scope, and presents many challenging issues for the Court and the jury, including infringement, validity, and damages claims involving 7 different patents. There is no reason to burden the Court or the jury with additional issues, especially where they lack a sufficient legal basis. Granting this motion does not impact Broadcom's ability to seek compensation for any alleged infringement – it only eliminates the exceptional remedy of enhanced damages for "willful" infringement. Because Broadcom's willfulness theories are legally incorrect, the Court should grant Emulex's motion for partial summary judgment of no willful infringement.

Dated:  May 16, 2011

FISH & RICHARDSON P.C.

By: */s/ Jonathan J. Lamberson*
    Jonathan J. Lamberson

Attorneys for Defendant and Counterclaimant
EMULEX CORPORATION

50779226.doc

/ / /

/ / /

/ / /

8

CASE NO. CV 09-1058-JVS (ANx)

1 | *Additional Counsel*

2 | David M. Barkan (SBN 160825)
  *barkan@fr.com*
3 | Jonathan J. Lamberson (SBN 239107)
  *lamberson@fr.com*
4 | FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
5 | Redwood City, California 94063-1526
Telephone: (650) 839-5070
6 | Facsimile: (650) 839-5071

7 | Joseph V. Colaianni, Jr. (*pro hac vice*)
  *colaianni@fr.com*
8 | FISH & RICHARDSON P.C.
1425 K Street, N.W., 11th Floor
9 | Washington, DC 20005
Telephone: (202) 783-5070
10 | Facsimile: (202) 783-2331

11 | Thomas H. Reger II (*pro hac vice*)
  *reger@fr.com*
12 | FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
13 | Dallas, Texas 75201
Telephone: (214) 747-5070
14 | Facsimile: (214) 747-2091

15 | Wasif H. Qureshi (*pro hac vice*)
  *qureshi@fr.com*
16 | FISH & RICHARDSON P.C
One Houston Center
17 | 1221 McKinney Street, 28th Floor
Houston, Texas 77010
18 | Telephone: (713) 654-5300
Facsimile: (713) 652-0109

19

20

21 | 50779226.doc

22

23

24

25

26

27

28

9

CASE NO. CV 09-1058-JVS (ANx)

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on May 16, 2011 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civ. L.R. 5-3.3. Any other counsel of record will be served by U.S. mail or hand delivery.

By: */s/ Jonathan J. Lamberson*
    Jonathan J. Lamberson

50779226.doc