Juanita R. Brooks (SBN 75934)
  brooks@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

*(Additional counsel listed on signature page)*

Attorneys for Defendant and Counterclaimant
EMULEX CORPORATION

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## (SOUTHERN DIVISION)

| | |
|---|---|
| BROADCOM CORPORATION,<br><br>  Plaintiff,<br><br>  v.<br><br>EMULEX CORPORATION,<br><br>  Defendant.<br><hr>And Related Counterclaims | Case No. CV 09-1058-JVS (ANx)<br><br>consolidated with CV 10-3963 JVS (ANx)<br><br>**STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF DEFENDANT EMULEX CORPORATION'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO WILLFUL INFRINGEMENT**<br><br>Hearing Date: June 13, 2011<br>Time:         8:00 a.m.<br>Place:        Courtroom 10C<br>Before:       Hon. James V. Selna |

Pursuant to Local Rule 56-1, Defendant Emulex Corporation ("Emulex") submits the following Statement of Uncontroverted Facts and Conclusions of Law in Support of Emulex Corporation's Motion for Partial Summary Judgment of No Willful Infringement.

/ / /

/ / /

## I.   UNCONTROVERTED FACTS

| No. | Uncontroverted Fact | Supporting Evidence |
|-----|---------------------|---------------------|
| 1 | Broadcom filed its original complaint against Emulex on September 14, 2009, alleging infringement of 10 United States patents: 7,239,636 ("the '636 patent"), 7,295,555 ("the '555 patent"), 6,766,389 ("the '389 patent"), 7,471,691 ("the '691 patent"), 7,450,500 ("the '500 patent"), 6,424,194 ("the '194 patent"), 7,038,516 ("the '516 patent"), 7,486,124 ("the '124 patent"), 7,215,169 ("the '169 patent"), and 7,313,623 ("the '623 patent").   Broadcom alleged that Emulex's infringement of each patent was willful. | Case No. 09-1058, Docket No. 1 |
| 2 | Broadcom filed an amended complaint on February 23, 2010 that added one additional patent: 7,058,150 ("the '150 patent").  Broadcom again alleged that Emulex's infringement was willful. | Case No. 09-1058, Docket No. 60 |
| 3 | Broadcom filed a new complaint on May 26, 2010 that asserted U.S. Patent No. 7,724,057 ('the '057 patent"). | Case No. 10-3963, Docket No. 1; U.S. Pat. No. 7,724,057 |

2

| | | |
|---|---|---|
| | The '057 patent issued the day before the complaint was filed, on May 25, 2010.  This complaint also asserted that Emulex's alleged infringement was willful. | |
| 4 | On December 2, 2009, Emulex served an interrogatory request on Broadcom asking it to "[e]xplain in detail all facts and circumstances supporting or otherwise relating to any assertion by [Broadcom] that the alleged infringement by [Emulex] of any Asserted Claims has been deliberate or willful." | Ex. A |
| 5 | On January 7, 2010, Broadcom served a response to Emulex interrogatory stating that "[a]t a minimum, Broadcom's filing of its Complaint in this action provided Emulex with notice of its infringement, and Emulex's continued infringement since that time has been deliberate and willful."  (Ex. B)  Broadcom did not allege in its response that any pre-suit activity by Emulex constituted willful infringement. | Ex. B |

3

| 6 | On April 21, 2010, Broadcom served a supplemental response to Emulex's interrogatory. (Ex. C) Once again, the only theory set forth in that response was that "Emulex's continued infringement following the initiation of this action has been willful." (*Id.*). | Ex. C |
| 7 | On July 30, 2010, Broadcom served infringement contentions that set forth its alleged basis for its claim of willful infringement. (Ex. D) Broadcom again alleged that "Emulex's continued infringement following the initiation of this action has been willful." (*Id.* at 16). Broadcom also added a new allegation, claiming that "on June 21, 2007, Emulex submitted an Information Disclosure statement to the U.S. Patent and Trademark Office, citing the application that issued as the '500 patent." (*Id.* at 17). | Ex. D |
| 8 | On February 4, 2011, Broadcom served "final" infringement contentions that repeated its allegation that "Emulex's continued | Ex. E |

| | | |
|---|---|---|
| | infringement following the initiation of this action has been willful," (Ex. E at 17), and its allegation concerning Emulex's knowledge of the patent application that eventually led to the '500 patent.  (*Id.*) | |
| 9 | Broadcom never requested a preliminary injunction to halt Emulex's alleged infringement for any of the asserted patents. | Docket for Case No. 09-1058; Docket for Case No. 10-3963 |
| 10 | On December 1, 2010, Emulex sent a letter to Broadcom asking it to withdraw its allegations of willful infringement because they were baseless.  (Ex. F).  Broadcom refused.  (Ex. G). | Exs. F & G |

## II.    CONCLUSIONS OF LAW

1.    Broadcom "should not be allowed to accrue enhanced damages based solely on the infringer's post-filing conduct."  *See In re Seagate Tech.*, LLC, 497 F.3d 1360, 1374 (Fed. Cir. 2007).

2.    Broadcom cannot make a claim of "willful" infringement for 7 of the 8 asserted patents (the '194, '124, '057, '150, '691, '623 & '636 patents), where its allegations are based solely on post-suit conduct, and where it did not seek a preliminary injunction.

5

3.     "To willfully infringe a patent, the patent must exist and one must have knowledge of it."  *State Indus. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985).

4.     There is no evidence to support a claim that Emulex was subjectively and objectively reckless based solely on knowledge of the unissued patent application that eventually led to the '500 patent, and there can be no willful infringement of the '500 patent.

Dated:  May 16, 2011                         FISH & RICHARDSON P.C.


                                             By: */s/ Jonathan J. Lamberson*
                                                 Jonathan J. Lamberson

                                             Attorneys for Defendant and
                                             Counterclaimant
                                             EMULEX CORPORATION

50779362.doc

6

1

*Additional Counsel*

2

David M. Barkan (SBN 160825)
  *barkan@fr.com*

3

Jonathan J. Lamberson (SBN 239107)
  *lamberson@fr.com*

4

FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500

5

Redwood City, California 94063-1526
Telephone:  (650) 839-5070

6

Facsimile:  (650) 839-5071

7

Joseph V. Colaianni, Jr. (*pro hac vice*)
  *colaianni@fr.com*

8

FISH & RICHARDSON P.C.
1425 K Street, N.W., 11th Floor

9

Washington, DC 20005
Telephone:  (202) 783-5070

10

Facsimile:  (202) 783-2331

11

Thomas H. Reger II (*pro hac vice*)
  *reger@fr.com*

12

FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000

13

Dallas, Texas 75201
Telephone:  (214) 747-5070

14

Facsimile:  (214) 747-2091

15

Wasif H. Qureshi (*pro hac vice*)
  *qureshi@fr.com*

16

FISH & RICHARDSON P.C
One Houston Center

17

1221 McKinney Street, 28th Floor
Houston, Texas 77010

18

Telephone:  (713) 654-5300
Facsimile:  (713) 652-0109

19

20

50779362.doc

21

22

23

24

25

26

27

28

7

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on May 16, 2011 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civ. L.R. 5-3.3.  Any other counsel of record will be served by U.S. mail or hand delivery.

By: */s/ Jonathan J. Lamberson* _____
                    Jonathan J. Lamberson

50779362.doc

CASE NO. CV 09-1058-JVS (ANx)