WILLIAM F. LEE (admitted *pro hac vice*)
(william.lee@wilmerhale.com)
DOMINIC E. MASSA (admitted *pro hac vice*)
(dominic.massa@wilmerhale.com)
JOSEPH J. MUELLER (admitted *pro hac vice*)
(joseph.mueller@wilmerhale.com)
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA  02109
Telephone:  (617) 526-6000
Facsimile:   (617) 526-5000

Attorneys for Plaintiff and Counterclaim Defendant
BROADCOM CORPORATION
(Additional Counsel Listed on Signature Page)

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| BROADCOM CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>EMULEX CORPORATION,<br><br>Defendant.<br><br>And Related Counterclaims | CASE No.  SACV09-01058 JVS (ANx), SACV10-03963-JVS (ANx)<br><br>**PLAINTIFF BROADCOM CORPORATION'S OPPOSITION TO EMULEX'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO WILLFUL INFRINGEMENT**<br><br>Hearing Date:   June 13, 2011<br>Time:                 8:00 a.m.<br><br>Before Hon. James V. Selna<br><br>**PUBLIC REDACTED VERSION** |

I.   **INTRODUCTION** ..................................................................................1

II.  **ARGUMENT**........................................................................................2

   A.   THE LAW DOES NOT IMPOSE AN ABSOLUTE RULE THAT A PLAINTIFF MUST SEEK A PRELIMINARY INJUNCTION OR WAIVE WILLFULNESS BASED ON POST-COMPLAINT CONDUCT. ...................................................................................3

       1.   *Basic Principles Of Willfulness* ...................................................3

       2.   *The Seagate Dicta*........................................................................5

   B.   THE FACTUAL RECORD PROVIDES MORE THAN SUFFICIENT EVIDENCE OF WILLFULNESS TO PROCEED TO TRIAL. ...................................................................9

   C.   FOR THE '500 PATENT, BROADCOM'S WILLFULNESS CLAIM IS SUPPORTED BY BOTH PRE-SUIT KNOWLEDGE AND POST-COMPLAINT CONDUCT. ...................13

III. **CONCLUSION** ...................................................................................14

Broadcom's Opposition to Emulex's
Motion for Partial Summary Judgment of
No Willful Infringement

-i-

# TABLE OF AUTHORITIES

Federal Cases

*ACCO Brands, Inc. v. PC Guardian Anti-Theft Products, Inc.*,
 592 F. Supp. 2d 1208 (N.D. Cal. 2008) ................................................................7

*Affinity Labs of Tex., LLC v. Alpine Elecs. of Am., Inc.*,
 No. 9:08-CV-171, Dkt. No. 143 (E.D. Tex. Sept. 2, 2009) ..........................6

*Amazon.com, Inc. v. Barnesandnoble.com, Inc.*,
 239 F.3d 1343 (Fed. Cir. 2001) ..............................................................................5

*American Original Corp. v. Jenkins Food Corp.*,
 774 F.2d 459 (Fed. Cir. 1985) ...............................................................................14

*Astrazeneca AB v. Apotex Corp.*,
 Nos. 01-Civ.-9351, 2010 WL 2541180 (S.D.N.Y. June 9, 2010) ...................6

*Avia Group Intern., Inc. v. L.A. Gear California, Inc.*,
 853 F.2d 1557 (Fed. Cir. 1988) .............................................................................13

*Baxter Healthcare Corp. v. Fresenius Med. Care Holdings, Inc.*,
 C-07-1359, 2010 WL 668039 (N.D. Cal. Feb. 19, 2010) ................................7

*Broadcom Corporation v. Qualcomm Inc.*,
 543 F.3d 683 (Fed. Cir. 2008) ...............................................................................12

*Conopco, Inc. v. May Dept. Stores Co.*,
 46 F.3d 156 (Fed. Cir. 1994) .................................................................................14

*Co-Steel Raritan, Inc. v. Int'l Trade Comm'n*,
 357 F.3d 1294 (Fed. Cir. 2004) ..............................................................................8

*Group, Inc. v. Sukup Mfg. Co.*,
 591 F. Supp. 2d 977 (C.D. Ill. 2008) ....................................................................7

*In re Seagate Tech., LLC*,
 497 F.3d 1360 (Fed. Cir. 2007) ......................................................................passim

*Investment Tech. Group, Inc. v. Liquidnet Holdings, Inc.*,
 07-cv-510, 2010 WL 5222129 (S.D.N.Y. Dec. 21, 2010) ..............................7

*Krippelz v. Ford Motor Co.*,
 670 F. Supp. 2d 806 (N.D. Ill. 2009) ................................................................1, 6

*L.A. Gear, Inc. v. Thom McAn Shoe Co.*,
 988 F.2d 1117 (Fed. Cir. 1993) .............................................................................13

*National Presto Indus., Inc. v. West Bend Co.*,
 76 F.3d 1185 (Fed. Cir. 1996) ...............................................................................13

*Novartis Pharm. Corp. v. Teva Pharm. USA, Inc.*,
 No. 05-cv-1887 DMC, 2009 WL 483865 (D.N.J. Feb. 25, 2009) .................7

Broadcom's Opposition to Emulex's
Motion for Partial Summary Judgment of
No Willful Infringement

-ii-

*Smith v. Orr*,
    855 F.2d 1544 (Fed. Cir. 1988) ........................................................................... 8

*St. Clair Intellectual Property Consultants, Inc. v. Palm, Inc.*,
    No. 06-404-JJF-LPS, 2009 WL 1649751 (D. Del. June 10,
    2009) ................................................................................................................... 6

*State Indus., Inc. v. A.O. Smith Corp.*,
    751 F.2d 1226 (Fed. Cir. 1985) ......................................................................... 14

*Webmap Technologies, LLC v. Google, Inc.*,
    -cv-343, 2010 WL 3768097 (E.D. Tex. Sept. 10, 2010) ................................... 7


Federal Statutes

35 U.S.C. § 283 ........................................................................................................ 5

35 U.S.C. § 284 .................................................................................................... 3, 4

Broadcom's Opposition to Emulex's
Motion for Partial Summary Judgment of
No Willful Infringement

-iii-

## I. INTRODUCTION

Though cast as an attempt to unburden the Court and jury of the issue of willfulness, leaving "many challenging issues . . . including infringement, validity, and damages claims involving 7 different patents," in fact Emulex's Motion for Partial Summary Judgment of No Willful Infringement is just the first of a series of summary judgment motions that Emulex intends to file on *every* patent-in-suit. (*See* Liss Decl.[1], Ex. A (5/19/2011 Email from Lamberson to Tompros ("There are seven patents currently asserted in this litigation, and *we intend to move on all of them, in some cases on multiple grounds*." (emphasis added))).) Thus, Emulex is not judiciously selecting a single summary-judgment worthy issue, but rather launching the first of a series of attacks on all patents-in-suit.

Emulex first effort fails on both the law and the facts. The linchpin of Emulex's motion is dicta from *In re Seagate Tech., LLC*, 497 F.3d 1360 (Fed. Cir. 2007), regarding the interplay of preliminary injunctions and willful infringement claims. Emulex argues that *Seagate* created an absolute rule requiring a plaintiff to seek a preliminary injunction or forever waive willfulness based on the defendant's post-filing conduct. But subsequent cases have recognized that "[t]he proposition that failure to seek a preliminary injunction constitutes a forfeit of a claim for willful infringement is neither an absolute nor a general rule applicable to all patent cases." *Krippelz v. Ford Motor Co.*, 670 F. Supp. 2d 806, 812 (N.D. Ill. 2009).

---

[1] "Liss Decl." refers to the Declaration of Jason H. Liss In Support of Broadcom's Opposition to Emulex Corporation's Motion for Partial Summary Judgment of No Willful Infringement.

Broadcom's Opposition to Emulex's
Motion for Partial Summary Judgment of
No Willful Infringement

-1-

In the absence of an absolute legal rule, Emulex's motion must fail, because the factual record amply demonstrates that Emulex has taken an impermissible "head in the sand" approach to infringement, even after the initiation of this case placed Emulex on unequivocal notice of its infringement. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Moreover, before this case began, Emulex knew of (and indeed, cited to the Patent Office during the prosecution of one of its own patents) the application that issued as U.S. Patent No. 7,450,500 ("'500 patent"), a patent-in-suit.

If Broadcom prevails on its claims for infringement of the '500 patent and the other six asserted patents, and the jury and the Court conclude that the strength of these claims made Emulex's head-in-the-sand behavior "objectively reckless," then Emulex will properly be liable for enhanced damages for willful infringement. This is an issue for trial, not summary disposition—and indeed, Emulex does not even try to argue that its Motion should be granted if the Court rejects Emulex's extreme reading of *Seagate*.

For all these reasons, Broadcom respectfully requests that the Court deny Emulex's Motion and allow Broadcom's willfulness claims to proceed to trial.

## II.  ARGUMENT

Emulex's Motion is premised entirely on its contention that *Seagate* requires a plaintiff to seek a preliminary injunction or forego willfulness based on post-complaint conduct. If the Court rejects this contention—as Broadcom submits it should—then Emulex's argument collapses. The factual record more than suffices

Broadcom's Opposition to Emulex's
Motion for Partial Summary Judgment of
No Willful Infringement
-2-

for a trial on the issue of willfulness. Indeed, even under Emulex's reading of *Seagate*, Broadcom should be permitted to proceed on its willfulness claim for the '500 patent, as to which Emulex knew of the patent application before this case began.

### A. The Law Does Not Impose An Absolute Rule That A Plaintiff Must Seek A Preliminary Injunction Or Waive Willfulness Based On Post-Complaint Conduct.

Analyzing the legal contention at the heart of Emulex's motion requires (1) reviewing first principles of willfulness, and (2) examining the *Seagate* dicta on which Emulex's Motion is based.

#### 1. Basic Principles Of Willfulness

The analysis of willfulness begins with 35 U.S.C. § 284, the damages provision, which states:

> Upon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court.
>
> When the damages are not found by a jury, the court shall assess them. *In either event the court may increase the damages up to three times the amount found or assessed.* Increased damages under this paragraph shall not apply to provisional rights under section 154(d) of this title.

-3-

Broadcom's Opposition to Emulex's
Motion for Partial Summary Judgment of
No Willful Infringement

> The court may receive expert testimony as an aid to the determination of damages or of what royalty would be reasonable under the circumstances.

(Emphasis added.) Nowhere does Section 284 state that a patentee must first seek a preliminary injunction to be eligible for enhanced damages; rather, the statute simply states that, "the court may increase the damages up to three times the amount found or assessed." *Id.* Indeed, the statute does not prescribe *any* test.

The Federal Circuit, however, has "held that an award of enhanced damages requires a showing of willful infringement." *Seagate,* 497 F.3d at 1368. The en banc *Seagate* decision set out the following two-part test for willfulness:

> Accordingly, to establish willful infringement, *a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent. See Safeco*, 127 S. Ct. at 2215 ("It is [a] high risk of harm, objectively assessed, that is the essence of recklessness at common law."). The state of mind of the accused infringer is not relevant to this objective inquiry. *If this threshold objective standard is satisfied, the patentee must also demonstrate that this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer.*

*Id.* at 1371 (emphases added). Again, nowhere does this test mention seeking a preliminary injunction as a predicate for willfulness.

Broadcom's Opposition to Emulex's
Motion for Partial Summary Judgment of
No Willful Infringement

-4-

### 2. The *Seagate* Dicta

After setting out the two-part willfulness test, the *Seagate* decision "turn[ed] . . . to the appropriate scope of waiver of the attorney-client privilege resulting from an advice of counsel defense asserted in response to a charge of willful infringement." *Id.* at 1372. There, the Court "h[e]ld, as a general proposition, that asserting the advice of counsel defense and disclosing opinions of opinion counsel do not constitute waiver of the attorney-client privilege for communications with trial counsel." *Id.* at 1374. This was the *holding* of this section of *Seagate*.

In that same section, the *Seagate* decision observed that "further outweighing any benefit of extending waiver to trial counsel is the realization that in ordinary circumstances, willfulness will depend on an infringer's prelitigation conduct," *id.* at 1374, and proceeded to offer the following *dicta*:

> [W]hen an accused infringer's post-filing conduct is reckless, a patentee can move for a preliminary injunction, which generally provides an adequate remedy for combating post-filing willful infringement. *See* 35 U.S.C. § 283; *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1350 (Fed. Cir. 2001). A patentee who does not attempt to stop an accused infringer's activities in this manner should not be allowed to accrue enhanced damages based solely on the infringer's post-filing conduct. Similarly, if a patentee attempts to secure injunctive relief but fails, it is likely the infringement did not rise to the level of recklessness.

*Id.* at 1374. The *Seagate* decision later qualified this in further dicta, stating, "We also recognize that in some cases a patentee may be denied a preliminary

injunction despite establishing a likelihood of success on the merits, such as when the remaining factors are considered and balanced. In that event, *whether a willfulness claim based on conduct occurring solely after litigation began is sustainable will depend on the facts of each case.*" *Id.* at 1374 (emphasis added).

Emulex's Motion treats a snippet of the *Seagate* dicta (i.e., "A patentee who does not attempt to stop an accused infringer's activities in this manner should not be allowed to accrue enhanced damages based solely on the infringer's post-filing conduct.") as an absolute rule. This approach strips the language of all context—including the attorney-client privilege issues that were the focus of that section of *Seagate*—and seeks to transform this sentence into an ironclad rule that admits no exceptions. The Court should reject this position for several reasons.

***First***, at least six post-*Seagate* decisions have rejected the same legal position that Emulex advocates here. *See, e.g., Astrazeneca AB v. Apotex Corp.*, Nos. 01-Civ.-9351, 2010 WL 2541180, at *3-4 (S.D.N.Y. June 9, 2010) (rejecting defendant's argument that plaintiff "cannot obtain enhanced damages for infringement that occurred after the filing of its complaint because [plaintiff] never sought a preliminary injunction"); *Krippelz*, 670 F. Supp. 2d at 812 ("The proposition that failure to seek a preliminary injunction constitutes a forfeit of a claim for willful infringement is neither an absolute nor a general rule applicable to all patent cases."); *Affinity Labs of Tex., LLC v. Alpine Elecs. of Am., Inc.,* No. 9:08-CV-171, Dkt. No. 143, slip op. at 2 (E.D. Tex. Sept. 2, 2009) ("[T]here is no *per se* rule that a patentee who relies solely on post-filing conduct for his willfulness claim is foreclosed from receiving enhanced damages if he does not also seek preliminary injunctive relief."); *St. Clair Intellectual Property*

*Consultants, Inc. v. Palm, Inc.*, No. 06-404-JJF-LPS, 2009 WL 1649751, at *1 (D. Del. June 10, 2009) ("[T]here is no *per se* requirement for a plaintiff to file for preliminary injunctive relief before raising a willful infringement claim."); *Novartis Pharm. Corp. v. Teva Pharm. USA, Inc.*, No. 05-cv-1887 DMC, 2009 WL 483865, at *3 (D.N.J. Feb. 25, 2009) (rejecting defendant's contention that Court's denial of plaintiff's preliminary injunction barred a willfulness claim, reasoning that "*Seagate* did not create a *per se* rule of dismissal"); *ACCO Brands, Inc. v. PC Guardian Anti-Theft Products, Inc.*, 592 F. Supp. 2d 1208, 1227 (N.D. Cal. 2008) (rejecting defendant's "proposition that a willful infringement claim cannot be based on alleged conduct after the filing of the lawsuit if the patentee does not file for a preliminary injunction," and noting "the Federal Circuit did not hold . . . that only conduct after the patentee files for a preliminary injunction may be considered as the basis of a willfulness claim.").[2]

Emulex fails to address *any* of these cases. Nor does Emulex cite *any* post-*Seagate* case from the Federal Circuit supporting Emulex's argument that because "Broadcom did not move for a preliminary injunction . . .it is therefore not entitled to seek enhanced damages for alleged willful infringement occurring after the filing of its complaint." (Emulex Motion at 7.) Nor does Emulex even cite the

---

[2] Some other decisions have chosen to apply the *Seagate* dicta to reject willfulness claims. *See Baxter Healthcare Corp. v. Fresenius Med. Care Holdings, Inc.*, C-07-1359, 2010 WL 668039 (N.D. Cal. Feb. 19, 2010); *Investment Tech. Group, Inc. v. Liquidnet Holdings, Inc.*, 07-cv-510, 2010 WL 5222129 (S.D.N.Y. Dec. 21, 2010); *Webmap Technologies, LLC v. Google, Inc.*, 09-cv-343, 2010 WL 3768097 (E.D. Tex. Sept. 10, 2010); *Group, Inc. v. Sukup Mfg. Co.*, 591 F. Supp. 2d 977 (C.D. Ill. 2008).

-7-

Broadcom's Opposition to Emulex's
Motion for Partial Summary Judgment of
No Willful Infringement

district court cases (see note 2 *supra*) that have followed the *Seagate* dicta, and explain why their reasoning should govern this case.

**Second**, even if Emulex were correct in its reading of the *Seagate* dicta—and it is not—it remains dicta, and does not bind this Court.[3] As the Federal Circuit has recognized, "Because statements made in dicta do not implicate the substantive holding of the case, they 'cannot be considered binding authority.'" *Co-Steel Raritan, Inc. v. Int'l Trade Comm'n*, 357 F.3d 1294, 1307 (Fed. Cir. 2004) (quoting *Kastigar v. United States,* 406 U.S. 441, 454-55 (1972)); *see also Smith v. Orr*, 855 F.2d 1544, 1550 (Fed. Cir. 1988) ("[I]t is well established that a general expression in an opinion, which expression is not essential to the disposition of the case, does not control a judgment in a subsequent proceeding. Broad language in an opinion, which language is unnecessary to the court's decision, cannot be considered binding authority." (internal footnotes omitted)).

**Third**, policy considerations cut against accepting Emulex's reading of *Seagate*. Preliminary injunctions are rendered on a record that is, by definition, preliminary—which can make obtaining a preliminary injunction more challenging than a final injunction—particularly where the complexity of the technology and its interplay with the four-factor test governing injunctions does not easily lend itself to early adjudication of injunctive relief. This, in turn, can lead a plaintiff to choose to forego seeking a preliminary injunction, even where—as here—the

---

[3] Indeed, even one of the district court decisions that followed the *Seagate* dicta acknowledged that it is dicta. *See Group, Inc.,* 591 F. Supp. at 984-85 ("The Court agrees that the Federal Circuit's statements in Seagate about pre-filing and post-filing damages were *dicta.*").

-8-

Broadcom's Opposition to Emulex's
Motion for Partial Summary Judgment of
No Willful Infringement

plaintiff is directly and irreparably harmed by the defendant's infringement. In such circumstances, the plaintiff's decision not to impose the burden of a preliminary-injunction proceeding on the Court should not be penalized by dismissing a willfulness claim based on post-filing conduct. Likewise, the defendant does not deserve a "free pass" for willful infringement that occurs after filing.

*Fourth*, the context of the *Seagate* dicta—and in particular, the *Seagate* decision's focus on the attorney-client privilege—is inapposite here. Emulex has not chosen to rely on an opinion of counsel, and thus has not waived the attorney-client privilege for such legal advice. This case is thus far removed from the scenario at which the *Seagate* dicta was aimed—which provides further reason for not applying Emulex's extreme reading of this dicta in the setting of this case.

### B. The Factual Record Provides More Than Sufficient Evidence Of Willfulness To Proceed To Trial.

If the absolute rule that Emulex advocates is, properly, not adopted, and instead the Court applies the basic principles of willfulness to the evidentiary record, Emulex's Motion fails. Indeed, Emulex does not even argue it can prevail. Under the two-part test for willfulness, "a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent," and "that this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer." *Seagate*, 497 F.3d at 1371. Here, the strength of Broadcom's infringement case created an "objectively high likelihood that [Emulex's] actions

-9-

Broadcom's Opposition to Emulex's
Motion for Partial Summary Judgment of
No Willful Infringement

constituted infringement of a valid patent," and Emulex has continued to infringe even though it knew, or should have known, it was infringing.





[Lines 1-15 redacted]

This extensive evidentiary record of "head-in-the-sand" behavior certainly will permit a reasonable juror to find that Emulex "knew" or "should have known" it was engaging in objectively reckless infringement. *Cf. Broadcom Corporation v. Qualcomm Inc.*, 543 F.3d 683, 700 (Fed. Cir. 2008) (in affirming this Court's analysis of inducement of infringement, also noting that "Qualcomm also fails to identify evidence in the record to counter the district court's related observations pertaining to willfulness: '[T]he totality of the circumstances presented in the evidence supports the jury's findings: a failure to investigate, a failure to explore design around approaches, a failure to take remedial steps-and, of course, a failure to seek legal advice. This was sufficient for the jury to infer a lack of good faith.'").

### C. For the '500 Patent, Broadcom's Willfulness Claim Is Supported By Both Pre-Suit Knowledge And Post-Complaint Conduct.

Finally, even under Emulex's incorrect reading of *Seagate*, Broadcom should be permitted proceed to trial on its willfulness claim for the '500 patent, which is based upon Emulex's *pre-suit* knowledge (as well as post-complaint conduct) supporting this claim. In particular, Emulex knew of—and indeed, cited to the Patent Office during prosecution of one of its own patents—the patent application that led to this patent. (*See* Liss Decl. Ex. M (Information Disclosure Statement).)

The Federal Circuit has endorsed such evidence as supporting willfulness. *See, e.g., National Presto Indus., Inc. v. West Bend Co.*, 76 F.3d 1185, 1193 (Fed. Cir. 1996) (affirming verdict of willful infringement based in part on defendant's knowledge of plaintiff's pending patent and notice of allowed claims); *L.A. Gear, Inc. v. Thom McAn Shoe Co.*, 988 F.2d 1117, 1126-27 (Fed. Cir. 1993) (reversing ruling that infringement was not willful based on defendant's knowledge of impending issuance of application that became the patent-in-suit); *Avia Group Intern., Inc. v. L.A. Gear California, Inc.*, 853 F.2d 1557, 1566-1567 (Fed. Cir. 1988) (affirming summary judgment of willfulness based on defendant's knowledge of impending issuance of application that became the patent-in-suit) (abrogated on other grounds by *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665 (Fed. Cir. 2008)).

Emulex ignores these cases and instead cites certain older Federal Circuit cases—all of which are factually distinguishable because the defendants' knowledge of the patent applications at issue was less direct than Emulex's

-13-

Broadcom's Opposition to Emulex's
Motion for Partial Summary Judgment of
No Willful Infringement

knowledge here. In *State Industries*, defendant's knowledge was based on plaintiff's product literature that had a footnote stating "Patent Applied For" (and "not any patent application"), *State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1234 (Fed. Cir. 1985); in *Conopco*, the Federal Circuit noted the defendant only *may* have had knowledge of the patent application based on a "'patent pending' notice affixed to [plaintiff's] relaunched product," *Conopco, Inc. v. May Dept. Stores Co.*, 46 F.3d 156, 1562-1563 (Fed. Cir. 1994); and in *American Original*, the court acknowledged that the defendants "*may* have been aware that [plaintiff] had a pending application (although it is unclear that it was aware of the precise claims asserted)," *American Original Corp. v. Jenkins Food Corp.*, 774 F.2d 459, 465 (Fed. Cir. 1985) (emphasis added). Here, Emulex manifestly had knowledge of the patent application and cited it as relevant to one of Emulex's own patents. Emulex cannot now disclaim this knowledge or its relevance to Emulex's willful infringement of the patent that issued from that application.

### III.   CONCLUSION

For the foregoing reasons, Broadcom respectfully requests that Emulex's Motion be denied.

Respectfully submitted,

Dated: May 24, 2011    By: /s/ Dominic E. Massa
Dominic E. Massa

WILLIAM F. LEE (admitted *pro hac vice*)
(william.lee@wilmerhale.com)
DOMINIC E. MASSA (admitted *pro hac vice*)
(dominic.massa@wilmerhale.com)
JOSEPH J. MUELLER (admitted *pro hac vice*)
(joseph.mueller@wilmerhale.com)
LOUIS W. TOMPROS (admitted *pro hac vice*)
(louis.tompros@wilmerhale.com)
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

Attorneys for Plaintiff
and Counterclaim Defendant
BROADCOM CORPORATION