WILLIAM F. LEE
(admitted *pro hac vice*)
(william.lee@wilmerhale.com)
DOMINIC E. MASSA
(admitted *pro hac vice*)
(dominic.massa@wilmerhale.com)
JOSEPH J. MUELLER
(admitted *pro hac vice*)
(joseph.mueller@wilmerhale.com)
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA  02109
Telephone:  (617) 526-6000
Facsimile:   (617) 526-5000

Attorneys for Plaintiff and Counterclaim Defendant
BROADCOM CORPORATION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BROADCOM CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>EMULEX CORPORATION,<br><br>Defendant.<br><br>**And Related Counterclaims** | SACV09-01058-JVS (ANx)<br>consolidated SACV10-03963-JVS (ANx)<br><br>**PLAINTIFF BROADCOM CORPORATION'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN OPPOSITION TO EMULEX CORPORATION'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO WILLFUL INFRINGEMENT**<br><br>Hearing Date:  June 13, 2011<br>Time:               8:00 a.m.<br>Courtroom:      10C<br><br>Before Hon. James V. Selna<br><br>PUBLIC REDACTED VERSION |

Pursuant to Local Rule 56-2, Plaintiff and Counterclaim Defendant Broadcom Corporation ("Broadcom") submits the following Statement of Genuine Disputes of Material Fact in opposition to Defendant and Counterclaim Plaintiff Emulex Corporation's Motion for Partial Summary Judgment of No Willful Infringement. In Section II, Broadcom further submits Additional Alleged Uncontroverted Facts.

## I. EMULEX'S ALLEGED UNCONTROVERTED FACTS

| No. | Emulex's Alleged Uncontroverted Fact | Broadcom's Statement of Dispute |
|---|---|---|
| 1 | Broadcom filed its original complaint against Emulex on September 14, 2009, alleging infringement of 10 United States patents: 7,239,636 ("the '636 patent"), 7,295,555 ("the '555 patent"), 6,766,389 ("the '389 patent"), 7,471,691 ("the '691 patent"), 7,450,500 ("the '500 patent"), 6,424,194 ("the '194 patent"), 7,038,516 ("the '516 patent"), 7,486,124 ("the '124 patent"), 7,215,169 ("the '169 patent"), and 7,313,623 ("the '623 patent"). Broadcom alleged that Emulex's infringement of each patent was willful. | Broadcom admits that for each of the asserted patents, Broadcom, in its original complaint, alleged that "Emulex's continued actions as alleged herein are willfully infringing . . . such that Broadcom is entitled to enhanced damages (including treble damages) and other available relief from Emulex." |
| 2 | Broadcom filed an amended | Broadcom admits that for each of |

PLAINTIFF BROADCOM CORPORATION'S
STATEMENT OF GENUINE DISPUTES OF
MATERIAL FACT

| I. | EMULEX'S ALLEGED UNCONTROVERTED FACTS | |
|---|---|---|
| No. | Emulex's Alleged Uncontroverted Fact | Broadcom's Statement of Dispute |
| | complaint on February 23, 2010 that added one additional patent: 7,058,150 ("the '150 patent"). Broadcom again alleged that Emulex's infringement was willful. | the asserted patents, Broadcom, in its amended complaint, alleged that "Emulex's continued actions as alleged herein are willfully infringing . . . such that Broadcom is entitled to enhanced damages (including treble damages) and other available relief from Emulex." |
| 3 | Broadcom filed a new complaint on May 26, 2010 that asserted U.S. Patent No. 7,724,057 ('the '057 patent"). The '057 patent issued the day before the complaint was filed, on May 25, 2010. This complaint also asserted that Emulex's alleged infringement was willful. | Broadcom admits that for U.S. Patent No. 7,724,057, Broadcom, in its May 26, 2010 complaint, alleged that "Emulex's continued actions as alleged herein are willfully infringing the '057 Patent, such that Broadcom is entitled to enhanced damages (including treble damages) and other available relief from Emulex." |
| 4 | On December 2, 2009, Emulex served an interrogatory request on Broadcom asking it to "[e]xplain in detail all facts and circumstances supporting or otherwise relating to any assertion by [Broadcom] that the alleged infringement by [Emulex] of | Broadcom does not dispute this allegation. |

## I. EMULEX'S ALLEGED UNCONTROVERTED FACTS

| No. | Emulex's Alleged Uncontroverted Fact | Broadcom's Statement of Dispute |
|---|---|---|
|  | any Asserted Claims has been deliberate or willful." |  |
| 5 | On January 7, 2010, Broadcom served a response to Emulex interrogatory stating that "[a]t a minimum, Broadcom's filing of its Complaint in this action provided Emulex with notice of its infringement, and Emulex's continued infringement since that time has been deliberate and willful." (Ex. B). Broadcom did not allege in its response that any pre-suit activity by Emulex constituted willful infringement. | Broadcom does not dispute this allegation. |
| 6 | On April 21, 2010, Broadcom served a supplemental response to Emulex's interrogatory. (Ex. C). Once again, the only theory set forth in that response was that "Emulex's continued infringement following the initiation of this action has been willful." (*Id.*). | Broadcom does not dispute this allegation. |
| 7 | On July 30, 2010, Broadcom served infringement contentions that set | Broadcom does not dispute this allegation. |

4

PLAINTIFF BROADCOM CORPORATION'S
STATEMENT OF GENUINE DISPUTES OF
MATERIAL FACT

I. **EMULEX'S ALLEGED UNCONTROVERTED FACTS**

| No. | Emulex's Alleged Uncontroverted Fact | Broadcom's Statement of Dispute |
|---|---|---|
|  | forth its alleged basis for its claim of willful infringement. (Ex. D). Broadcom again alleged that "Emulex's continued infringement following the initiation of this action has been willful." (*Id.* at 16). Broadcom also added a new allegation, claiming that "on June 21, 2007, Emulex submitted an Information Disclosure statement to the U.S. Patent and Trademark Office, citing the application that issued as the '500 patent." (*Id.* at 17). |  |
| 8 | On February 4, 2011, Broadcom served "final" infringement contentions that repeated its allegation that "Emulex's continued infringement following the initiation of this action has been willful," (Ex. E at 17), and its allegation concerning Emulex's knowledge of the patent application that eventually led to the '500 patent. (Id.) | Broadcom does not dispute this allegation. |
| 9 | Broadcom never requested a | Broadcom does not dispute this |

PLAINTIFF BROADCOM CORPORATION'S
STATEMENT OF GENUINE DISPUTES OF
MATERIAL FACT

## I. EMULEX'S ALLEGED UNCONTROVERTED FACTS

| No. | Emulex's Alleged Uncontroverted Fact | Broadcom's Statement of Dispute |
|---|---|---|
|  | preliminary injunction to halt Emulex's alleged infringement for any of the asserted patents. | allegation. |
| 10 | On December 1, 2010, Emulex sent a letter to Broadcom asking it to withdraw its allegations of willful infringement because they were baseless. (Ex. F). Broadcom refused. (Ex. G). | Broadcom does not dispute this allegation. |

## II. BROADCOM'S ADDITIONAL ALLEGED UNCONTROVERTED FACTS

| No. | Broadcom's Alleged Uncontroverted Fact | Supporting Evidence |
|---|---|---|
| 11 | On May 19, 2011, Emulex sent an email to Broadcom stating, "There are seven patents currently asserted in this litigation, and we intend to move on all of them, in some cases on multiple grounds." | Liss Declaration ("Liss Decl."), Ex. A [Lamberson 5/19/11 Email].[1] |
| 12 | ███████████████████ ███ ██████████████ | ███████████████████ ███ |

---

[1] Liss Declaration refers to the Declaration of Jason H. Liss In Support of Broadcom's Opposition to Emulex Corporation's Motion For Partial Summary Judgment of No Willful Infringement.

| | II. BROADCOM'S ADDITIONAL ALLEGED UNCONTROVERTED FACTS | |
|---|---|---|
| No. | Broadcom's Alleged Uncontroverted Fact | Supporting Evidence |
| 4 | ██████████████ | |
| 5 | ██████████ | |
| 6 | ██████████████ | |
| 7 | ████████ | |
| 8 | ███ | |
| 9 | ████████████████ | |
| 10 | ████████████████ | |
| 11 | ███ | |
| 12 | ████ | |
| 13 | █████████████ | |
| 14 | █████████████ | |
| 15 | ███████████████ | |
| 16 | ██████████ | |
| 17 | ███ | |
| 18 | ████████████ | |
| 19 | ███████████████ | |
| 20 | █████████████ | |
| 21 | ███████████████ | |
| 22 | ███ | |
| 23 | ███ | |
| 24 | ██████████ | |

7

PLAINTIFF BROADCOM CORPORATION'S
STATEMENT OF GENUINE DISPUTES OF
MATERIAL FACT

## II. BROADCOM'S ADDITIONAL ALLEGED UNCONTROVERTED FACTS

| No. | Broadcom's Alleged Uncontroverted Fact | Supporting Evidence |
|---|---|---|
| | ███████████████ | |
| | ███ | |
| | ████████████████ | |
| | ███ | |
| | ███████████ | |
| | ██████████ | |
| | █████████████ | |
| | ███████████ | |
| | ████████████████ | |
| | ████████████████ | |
| | ██████████████ | |
| | ██████████ | |
| | ████ | |
| | ███████████████ | |
| | ███████████████ | |
| | ██████████ | |
| | ████ | |
| 13 | ████████████ | ████████████████ |
| | ████████████████ | ███ |
| | ████████████████ | |

**PLAINTIFF BROADCOM CORPORATION'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| | II. BROADCOM'S ADDITIONAL ALLEGED UNCONTROVERTED FACTS | |
|---|---|---|
| No. | Broadcom's Alleged Uncontroverted Fact | Supporting Evidence |
| | ■■■■■■■■■■■■ | |
| | ■■■■■■■■■■ | |
| | ■■■■■■■■■■■■ | |
| | ■■■■■■■■■■■■ | |
| | ■■■■■■■■■ | |
| | ■■■■■■■ | |
| 14 | ■■■■■■■ | ■■■■■■■■■■■■■■ ■■ |
| | ■■■■■■■■■■ | |
| | ■■■■■■■■■ | |
| | ■■■■■■■■■■ | |
| | ■■■■■■■■■■■ | |
| | ■■■■■■■■■ | |
| | ■■■■■■■■ | |
| 15 | ■■■■■■■■■■ | ■■■■■■■■■■■■■■ ■■ |
| | ■■■■■■■■■ | |
| | ■■■■■■■■■■ | |
| | ■■■■■■■ | |
| | ■■■■■■■■■■■ | |
| | ■■■■■■■■■■ | |
| | ■■■■■■■■■■ | |
| | ■■■■■ | |
| 16 | ■■■■■■■ | ■■■■■■■■■■■■■■■ ■■ |
| | ■■■■■■■■■■ | |
| | ■■■■■■■■■ | |

**PLAINTIFF BROADCOM CORPORATION'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| | II. | BROADCOM'S ADDITIONAL ALLEGED UNCONTROVERTED FACTS | |
|---|---|---|---|
| | No. | Broadcom's Alleged Uncontroverted Fact | Supporting Evidence |
| | | ██████████ | |
| | | ██████████ | |
| | | ██████████ | |
| | | ██ | |
| | 17 | ██████ | ██████████ |
| | | ████████ | |
| | | ███████ | |
| | | ██████ | |
| | | ████████ | |
| | | ███████ | |
| | | ███████ | |
| | | ██ | |
| | 18 | ████████ | ██████████ |
| | | █████████ | █ |
| | | ███████ | |
| | | ██████ | |
| | | ████████ | |
| | | ███████ | |
| | | █████ | |
| | 19 | ███████ | ██████████ |
| | | █████████ | █ |
| | | ████████ | |
| | | ████████ | |
| | | ████████ | |

PLAINTIFF BROADCOM CORPORATION'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| No. | Broadcom's Alleged Uncontroverted Fact | Supporting Evidence |
|---|---|---|
| | ██████████████████ | |
| | ██████████████ | |
| | ██████████████ | |
| | ██████████ | |
| 20 | ████████████████ | ████████████████████ |
| | ████████████████ | ████ |
| | ██████████████ | |
| | ██████████████ | |
| | ███████████████ | |
| | ████████████████ | |
| | ███████████████ | |
| | █████████████ | |
| | █████████████ | |
| | █████████ | |
| | ██████████████ | |
| | ██████████ | |
| 21 | ████████████████ | ████████████████████ |
| | ████████████████ | ████ |
| | ██████████████ | |
| | ██████████████ | |
| | █████████ | |
| | ███████████████ | |
| | ██████████████ | |
| | ████ | |

PLAINTIFF BROADCOM CORPORATION'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| | II. BROADCOM'S ADDITIONAL ALLEGED UNCONTROVERTED FACTS | |
|---|---|---|
| **No.** | **Broadcom's Alleged Uncontroverted Fact** | **Supporting Evidence** |
| 22 | ███████████████ ███████████████ ███████████████ ███████████████ ███████████████ ███████████████ ███████████████ ███████████████ ███████ | ███████████████████████ ███ |
| 23 | On June 21, 2007, Emulex submitted an Information Disclosure Statement to the U.S. Patent and Trademark Office, citing the application (US-2003/108058) that issued as U.S. Patent No. 7,450,500. | Liss Decl., Ex. M [June 21, 2007 Information Disclosure Statement]. |

Dated: May 24, 2011

WILMER CUTLER PICKERING
HALE AND DORR LLP

By: _____
    Dominic E. Massa

Attorneys for Plaintiff
BROADCOM CORPORATION