Juanita R. Brooks (SBN 75934)
 brooks@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

*(Additional counsel listed on signature page)*

Attorneys for Defendant and Counterclaimant
EMULEX CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

(SOUTHERN DIVISION)

| | |
|---|---|
| BROADCOM CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>EMULEX CORPORATION,<br><br>    Defendant.<br><br>And Related Counterclaims | Case No. CV 09-1058-JVS (ANx)<br><br>consolidated with CV 10-3963 JVS (ANx)<br><br>**DEFENDANT EMULEX CORPORATION'S REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO WILLFUL INFRINGEMENT**<br><br>Hearing Date: June 13, 2011<br>Time: 8:00 a.m.<br>Place: Courtroom 10C<br>Before: Hon. James V. Selna |

# TABLE OF CONTENTS

I.  INTRODUCTION ........................................................................................ 1

II. ARGUMENT ............................................................................................. 3

    A.  Broadcom's "First Principles" Ignores the Purposes Behind the Doctrine of Willful Infringement ................................................................ 3

    B.  The Holding of *Seagate* is Not Dicta ............................................. 4

    C.  Unreported District Court Decisions Do Not Change the *En Banc* Decision by the Federal Circuit in *Seagate* .................................................. 6

    D.  Emulex Had No Pre-Suit Knowledge of the '500 Patent ............................. 8

    E.  Policy Considerations Weigh In Favor of Granting Emulex's Motion ....... 10

III. CONCLUSION ........................................................................................ 12

# TABLE OF AUTHORITIES

**Cases**

nowrap
*ACCO Brands, Inc. v. PC Guardian Anti-Theft Prods., Inc.*,
  592 F. Supp. 2d 1208 (N.D. Cal. 2008) .................................................................. 8

*Affinity Labs of Tex., LLC v. Alpine Elecs. of Am., Inc.*,
  2009 U.S. Dist. LEXIS 130147 (E.D. Tex. September 2, 2009) ............................. 9

*Astrazeneca AB v. Apotex Corp.*,
  2010 U.S. Dist. LEXIS 58044 at *15 (S.D.N.Y. June 9, 2010) .............................. 8

*Avia Group Intern., Inc. v. L.A. Gear California, Inc.*,
  853 F.2d 1557 (Fed. Cir. 1988) ............................................................................. 12

*In re Seagate*,
  497 F.3d 1360 (Fed. Cir. 2007) .......................... 1, 2, 5, 6, 7, 8, 10, 11, 12, 13, 14

*Inv. Tech. Group, Inc. v. Liquidnet Holdings, Inc.*,
  2010 U.S. Dist. LEXIS 135344 (S.D.N.Y. Dec. 21, 2010) ..................................... 9

*Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*,
  383 F.3d 1337 (Fed. Cir. 2004) ............................................................................... 4

*Krippelz v. Ford Motor Co.*,
  670 F. Supp. 2d 806 (N.D. Ill. 2009) ...................................................................... 8

*L.A. Gear, Inc. v. Thom McAn Shoe Co.*,
  988 F.2d 1117 (Fed. Cir. 1993) ............................................................................. 11

*National Presto Indus., Inc. v. West Bend Co.*,
  76 F.3d 1185 (Fed. Cir. 1996) ............................................................................... 11

*Norian Corp. v. Stryker Corp.*,
  363 F.3d 1321 (Fed. Cir. 2004) ......................................................................... 3, 4

*Novartis Pharms. Corp. v. Teva Pharms. USA, Inc.*,
  2009 U.S. Dist. LEXIS 14632 at *7 (D.N.J. Feb. 25, 2009) ................................... 8

*Quanta Computer, Inc. v. LG Elecs., Inc.*,
  553 U.S. 617 (2008) ............................................................................................... 13

*St. Clair Intellectual Prop. Consultants v. Palm, Inc.*,
  2009 U.S. Dist. LEXIS 49922 (D. Del. June 10, 2009) .......................................... 9

*State Indus. v. A.O. Smith Corp.*,
  751 F.2d 1226 (Fed. Cir. 1985) ......................................................................... 7, 12

*Vulcan Eng'g Co. v. FATA Aluminium, Inc.*,
  278 F.3d 1366 (Fed. Cir. 2002) ............................................................................... 3

## I. INTRODUCTION

Broadcom begins its opposition by noting that Emulex intends to file additional summary judgment motions on the 7 remaining asserted patents. This is true, and it is exactly what the Court told the parties to do during the February 16, 2011 status conference, where it noted that "it only takes the littlest tugboat to move the biggest supertanker." In other words, through targeted motions on discrete issues where there are no genuine factual disputes, even the largest case can be brought down to a more manageable size.

Here, there are no facts in dispute – the "uncontroverted facts" filed by both parties have all been admitted. The only question presented is a legal one: whether Emulex's alleged infringement can be "willful" as a matter of law where it had no pre-suit notice of any of Broadcom's patents. The answer, from multiple Federal Circuit cases including the *en banc* decision in *Seagate*, is that it cannot.

Broadcom's arguments push the "willfulness" doctrine beyond its breaking point. The purpose of allowing enhanced damages in patent cases is to punish those who knowingly, wantonly and deliberately violate the patent rights of others. The Federal Circuit in *Seagate* set a high bar for proving willful infringement, changing the standard from one akin to negligence to one requiring a showing of both subjective and objective recklessness. It also held that, once a lawsuit is filed, there are other more appropriate ways to deal with allegedly reckless behavior, including motions for preliminary injunctions. The *en banc* Federal Circuit held that when a patentee does not avail itself of these procedures, it cannot complain about alleged post-suit reckless conduct by the defendant.

With respect to 6 of the 7 asserted patents, Broadcom does not argue that Emulex had any notice before this lawsuit was filed. To the contrary, Emulex did not learn of these patents (and Broadcom's infringement allegations) until Broadcom brought this suit. After it was sued, Emulex investigated the patents and

1

raised affirmative defenses and counterclaims of non-infringement and invalidity. Emulex presented these arguments to Broadcom during discovery in interrogatory responses, invalidity contentions, and expert reports. These are not the acts of a "wanton" or "reckless" infringer – they are the same actions that any defendant would take when faced with accusations of infringement, and they are entirely reasonable. Broadcom never asked the Court to strike these defenses, and it never sought a preliminary injunction to stop any allegedly "reckless" misbehavior by Emulex. Instead, Broadcom flips *Seagate* on its head by arguing that Emulex should have changed its products once it received Broadcom's infringement contentions – in other words, Broadcom argues that Emulex should have voluntarily imposed a preliminary injunction on itself, even though Broadcom never requested one. Broadcom cites no cases that support such an extreme position, and the *en banc* Federal Circuit decision in *Seagate* says just the opposite.

   With respect to the '500 patent, again there is no proof that Emulex ever learned of the *issued* patent or of its claims until after this lawsuit was filed. To the contrary, Broadcom bases its willfulness allegation on knowledge of the '500 patent *application*, while ignoring that (1) the sole asserted claim of the '500 patent was not in the original application; (2) the sole asserted claim was not in the published application, and (3) the claims of the '500 patent were amended during prosecution. Broadcom essentially asks this Court to hold that any time a company learns of any pending patent application, it must thereafter track that patent through issuance (a process which could take years of review by the Patent Office), review the issued claims, and then make a decision about whether it infringes and whether the patent is valid – all without any notice from the patent holder that there may be infringement. This super-diligence is not what the law requires. As the Federal Circuit has repeatedly said, it is not "reckless" to discover that competitors have pending patent applications, and it is impossible to infringe a patent that does not

exist, let alone to do so "willfully." Because Emulex had no pre-suit knowledge of the '500 patent or its claims, and because Broadcom did not seek a preliminary injunction, Emulex cannot willfully infringe that patent.

Accordingly, Emulex respectfully asks this Court to grant Emulex's motion for partial summary judgment of no willful infringement.

## II.  ARGUMENT

### A.  Broadcom's "First Principles" Ignores the Purposes Behind the Doctrine of Willful Infringement

Broadcom begins its opposition by reviewing what it calls "basic principles of willfulness." (Opp. at 3). Yet Broadcom ignores the many cases that clarify precisely when and where willfulness applies.

Willful infringement is a deliberate disregard of another's patent rights. *Vulcan Eng'g Co. v. FATA Aluminium, Inc.*, 278 F.3d 1366, 1378 (Fed. Cir. 2002). "There is no evidentiary presumption that every infringement is willful." *Norian Corp. v. Stryker Corp.*, 363 F.3d 1321, 1332 (Fed. Cir. 2004). "Willful infringement is not established by the simple fact of infringement," even where the accused infringer has knowledge of the asserted patents. *Id*. The patentee must present threshold evidence of some "culpable behavior" by the defendant. *Id*.

Here, when Emulex was sued for patent infringement – with no prior notice of the asserted patents – it did what any defendant would do: it hired litigation counsel (firms with attorneys that specialize in patent litigation), and it presented defenses of non-infringement and invalidity. Emulex disclosed these contentions to Broadcom during discovery in interrogatory responses, invalidity contentions, and expert reports. Broadcom never sought to strike these contentions, and it never asked for a preliminary injunction to stop allegedly "reckless" misbehavior by Emulex. In fact, to the contrary, some of Emulex's defenses have led to claims and patents being dropped from this suit.

3

Willfulness is reserved for those situations where a defendant's conduct is "culpable" – behavior that merits condemnation or blame as wrong or harmful. *See Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 383 F.3d 1337, 1348-49 (Fed. Cir. 2004) ("Punitive damages are awarded to punish *reprehensible behavior*, referred to in this context as willful infringement"). Here, all Emulex has done is defend itself against an unprovoked infringement lawsuit. It continued selling the same products it has always sold, and presented defenses for why those products do not infringe and why the asserted patents are invalid. That conduct was not "reckless" or "reprehensible," and if Broadcom felt it was, it should have tried to stop it by seeking a preliminary injunction. Its failure to do so is fatal to its willfulness allegations.

### B. The Holding of *Seagate* is Not Dicta

Broadcom argues that the Court should simply ignore the holding of an *en banc* decision of the Federal Circuit because the portion that Emulex relies on is allegedly dicta. Broadcom is simply incorrect.

The question presented in *Seagate* was whether the waiver of attorney client privilege associated with an advice of counsel defense to willful infringement applies to litigation counsel. *See In re Seagate*, 497 F.3d 1360, 1372 (Fed. Cir. 2007). The Federal Circuit began by noting the "significantly different functions" of litigation counsel and patent opinion counsel. *Id*. at 1373. It said that these significant differences weighed against waiving attorney client privilege for discussions with litigation counsel. *See id*. It went on to state that an additional reason for treating litigation counsel differently from patent opinion counsel was that a finding of willful infringement cannot be based solely on post-suit activity absent a request for a preliminary injunction:

> Further outweighing any benefit of extending waiver to trial counsel is the realization that in ordinary circumstances, willfulness will depend on an infringer's prelitigation conduct. It is certainly true that patent

4

infringement is an ongoing offense that can continue after litigation has commenced. However, when a complaint is filed, a patentee must have a good faith basis for alleging willful infringement. So a willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct. By contrast, when an accused infringer's post-filing conduct is reckless, a patentee can move for a preliminary injunction, which generally provides an adequate remedy for combating post-filing willful infringement. *A patentee who does not attempt to stop an accused infringer's activities in this manner should not be allowed to accrue enhanced damages based solely on the infringer's post-filing conduct.* Similarly, if a patentee attempts to secure injunctive relief but fails, it is likely the infringement did not rise to the level of recklessness.

*Id*. at 1374 (emphasis added, internal citations omitted). The Federal Circuit concluded that "[b]ecause willful infringement in the main *must find its basis in prelitigation conduct,* communications of trial counsel have little, if any, relevance warranting their disclosure, and this further supports generally shielding trial counsel from the waiver stemming from an advice of counsel defense to willfulness." *Id*. (emphasis added). This analysis was required in order to decide whether to waive privilege over discussions with litigation counsel, and was therefore not mere dicta, as Broadcom suggests.[1]

Broadcom points to language in *Seagate* that states "whether a willfulness claim based on conduct occurring solely after litigation began is sustainable will depend on the facts of each case." *Id*. But immediately prior to this sentence, the *Seagate* court stated that this case-by-case analysis only applies *after* a patentee requests a preliminary injunction. *See id*. In other words, it distinguished situations when a preliminary injunction is filed and denied from situations where one is not

---

[1] Broadcom's attempt to distinguish *Seagate* as involving questions of attorney-client privilege (Opp. at 9) also fails because the privilege waiver issue in *Seagate* only arose through a defense to willful infringement. The analysis of when willfulness applies was necessary in order to determine whether privilege was waived.

filed at all. *Id*. The *Seagate* opinion is clear that a patentee must have a good faith basis (grounded in pre-suit conduct) for an allegation of willful infringement made in its complaint,[2] and a patentee cannot recover for alleged post-suit willfulness if it does not first seek a preliminary injunction. *See id*.

*Seagate* is not the only Federal Circuit decision to hold that willfulness cannot be based solely on post-suit conduct. In *State Indus. v. A.O. Smith Corp.*, 751 F.2d 1226, 1237 (Fed. Cir. 1985), a case cited in Emulex's opening brief, the asserted patent issued only 22 days before suit was filed. The patentee attempted to focus on alleged post-suit misconduct to show willfulness, but the Federal Circuit rejected this, stating "we do not feel that what [the defendant] had been doing while the suit was in progress is to be given **any weight** in determining 'willfulness.'" *Id*. (emphasis added).

The Federal Circuit has clearly and repeatedly rejected willfulness claims based solely on post-suit activity. In *Seagate*, it stated that there are other remedies available to deal with alleged post-suit misconduct, most notably preliminary injunctions. Because *Seagate* is controlling, and because Broadcom did not request a preliminary injunction here, its willfulness claims must be rejected.

### C. Unreported District Court Decisions Do Not Change the *En Banc* Decision by the Federal Circuit in *Seagate*

Broadcom complains that Emulex does not discuss unreported district court cases in its opening brief, but Emulex had no reason to do so – these cases are not binding, and the holding of the *en banc* Federal Circuit in *Seagate* is clear. Nonetheless, a review of the district court cases cited by Broadcom in its opposition shows that they are inapplicable here.

---

[2] Broadcom's willfulness allegations were made in its original complaint, and presumably it had some good faith basis for asserting them at that time, though it has not identified that basis in this briefing or, indeed, at any time during discovery.

6

First, three of the cases Broadcom cites involve situations where there <u>was</u> pre-suit knowledge by the accused infringer. *See Astrazeneca AB v. Apotex Corp.*, 2010 U.S. Dist. LEXIS 58044 at *15 (S.D.N.Y. June 9, 2010) ("the Court agrees with Astra that its willfulness claim is not based solely on Apotex's 'post-filing' conduct"); *Krippelz v. Ford Motor Co.*, 670 F. Supp. 2d 806, 812 (N.D. Ill. 2009) ("there was pre-litigation willful conduct by Ford, which knew of and received a copy of the '903 patent and proceeded in the face of an objectively high likelihood of infringement"); *ACCO Brands, Inc. v. PC Guardian Anti-Theft Prods., Inc.*, 592 F. Supp. 2d 1208, 1227 (N.D. Cal. 2008) ("The Federal Circuit did not hold, however, that only conduct after the patentee files for a preliminary injunction may be considered as the basis of a willfulness claim"). That is not the case here, and the portion of *Seagate* that Emulex relies on is thus not even implicated by these cases.

Second, in *Novartis Pharms. Corp. v. Teva Pharms. USA, Inc.*, 2009 U.S. Dist. LEXIS 14632 at *7 (D.N.J. Feb. 25, 2009), the plaintiff did, in fact, request a preliminary injunction. Again, that is not the case here, and the case is inapplicable.

Finally, two of the cases Broadcom cites involve non-practicing entities. *See Affinity Labs of Tex., LLC v. Alpine Elecs. of Am., Inc.*, 2009 U.S. Dist. LEXIS 130147 at fn.3 (E.D. Tex. September 2, 2009); *St. Clair Intellectual Prop. Consultants v. Palm, Inc.*, 2009 U.S. Dist. LEXIS 49922 (D. Del. June 10, 2009). Non-practicing entities are typically not entitled to injunctive relief, so there may be reasons to excuse them for failure to request a preliminary injunction. *See Inv. Tech. Group, Inc. v. Liquidnet Holdings, Inc.*, 2010 U.S. Dist. LEXIS 135344 at *71-72 (S.D.N.Y. Dec. 21, 2010) ("there are limited circumstances under which a patentee may sustain a claim of post-filing willful infringement despite the patentee's failure to first seek a preliminary injunction. Such post-filing circumstances might include…a patentee's neither practicing its invention nor directly competing with the accused infringer (rendering its failure to seek a

preliminary injunction reasonable)"). That justification does not apply here – Broadcom has asserted that it practices 5 of the asserted patents, and it also alleges that it directly competes with Emulex. It has requested both lost profits damages and a permanent injunction, both of which require direct competition. The non-practicing entity exception, if it exists, does not apply to Broadcom.

Broadcom itself notes that there are district court cases that have followed the holding of *Seagate,* and that have rejected willfulness claims based solely on post-suit activity when no preliminary injunction was requested.[3] (Opp. at fn.2). Broadcom does not explain why the district court decisions it relies on are entitled to more weight than the cases that follow *Seagate*, which appear to be better reasoned and more directly relevant to the facts of this case. And in any event, *Seagate* itself is clear and controlling. It holds that when a patentee does not seek injunctive relief, it cannot later complain about alleged post-suit willfulness. *Seagate* therefore requires dismissal of Broadcom's willfulness allegations.

### D. Emulex Had No Pre-Suit Knowledge of the '500 Patent

Broadcom argues that its claim regarding the '500 patent is based in part on pre-suit knowledge. (Opp. at 13). That is incorrect – there is no evidence that Emulex ever learned of the *issued* '500 patent or its claims before this lawsuit was filed.

The only evidence Broadcom cites is an information disclosure statement ("IDS") submitted by a patent attorney at the firm of Morrison & Foerster during the prosecution of an Emulex patent. (Liss Decl., Ex. M). That IDS identifies a June 12, 2003 publication that would eventually become the '500 patent. There is no evidence that anyone ever read that publication, and there is no evidence that the attorney at Morrison & Foerster ever forwarded it to Emulex – the IDS states that it discloses prior art identified by the European Patent Office, not the results of any

---
[3] Given this admission, it is difficult to understand how Broadcom can call Emulex's reading of *Seagate* "extreme." (Opp. at 2).

search done by Emulex or its attorneys. (*Id.*) More importantly, the IDS was filed on June 15, 2007, but the '500 patent did not issue until November 11, 2008. In other words, when the IDS was submitted, the '500 patent *did not even exist*. The June 12, 2003 patent publication had different claims from the issued '500 patent – in fact, the lone claim of the '500 patent asserted by Broadcom against Emulex in this litigation was not a part of the original patent application and was not part of the published application. Even if Emulex or its patent prosecution attorneys had read the publication, there was no way they could have known whether or when a patent might issue from it, or what the issued claims would look like.

The Federal Circuit cases Broadcom cites in its opposition do not change the fact that Emulex had no pre-suit knowledge of the '500 patent or – more to the point – its sole asserted claim. First, all of these cases were decided <u>before</u> *Seagate*, under a lower standard for proving willfulness. Second, and critically, all of these cases involved allegations of copying – something that is simply not present here. *See National Presto Indus., Inc. v. West Bend Co.*, 76 F.3d 1185, 1193 (Fed. Cir. 1996) (noting the "copying of [patentee's] design"); *L.A. Gear, Inc. v. Thom McAn Shoe Co.*, 988 F.2d 1117, 1126-27 (Fed. Cir. 1993) (noting that defendant "presented no evidence to counteract the evidence of copying of the patented design"); *Avia Group Intern., Inc. v. L.A. Gear California, Inc.*, 853 F.2d 1557, 1564 (Fed. Cir. 1988) ("the trial court referred to the accused products as 'copies' of the patented designs"). Blatant copying of patented goods is a practice that the willfulness doctrine is meant to deter. *See State Indus.*, 751 F.2d at 1226 (discussing cases involving copying, and limiting them to their facts). Broadcom has made no allegations of copying here, and thus even if these cases are still good law after *Seagate* (which is questionable), they do not apply to the facts of this case.

As noted in Emulex's opening brief, in order to willfully infringe, "the patent must exist." (*See* Motion at 6). Emulex cannot willfully infringe a patent

publication, and Emulex never learned of the *issued* '500 patent or the asserted claim until after this lawsuit was filed. Because Broadcom never requested a preliminary injunction to stop "reckless" or "willful" infringement of the '500 patent, the holding of *Seagate* applies equally here, and bars a finding of willful infringement as a matter of law.

### E. Policy Considerations Weigh In Favor of Granting Emulex's Motion

Broadcom argues that "policy considerations cut against accepting Emulex's reading of *Seagate*." (Opp. at 8). In fact, policy considerations strongly weigh against any finding of willfulness here.

As noted above, willfulness is reserved for those situations involving "reckless," "reprehensible," or "culpable" behavior. That is not this case. Broadcom's argument for willfulness is that Emulex should have immediately ceased selling its products once it received Broadcom's infringement contentions – in other words, Emulex should have *voluntarily imposed a preliminary injunction on itself*, even though Broadcom never requested one. This is an extreme position, and it would impose an incredible burden on industry. Large companies are sued for patent infringement every day – approximately 3,000 new patent lawsuits are filed every year, and many of them name multiple defendants in a single lawsuit. The law does not require defendants to change their products whenever they are sued; if a patentee wants a defendant to change or stop selling its product, it should request a preliminary injunction.

Similarly, for the '500 patent, Broadcom asks this Court to set an impossibly high standard: Emulex would have had to track the cited patent applications to issuance (a process that could take years of review by the Patent Office), review the scope of the issued claims, and then make a decision as to whether those claims are

valid and infringed. Again, nothing in the law places such a heavy burden on defendants.

The purpose of the patent system is to promote the progress of science and the useful arts, not to create "private fortunes for the owners of patents." *See Quanta Computer, Inc. v. LG Elecs., Inc.*, 553 U.S. 617, 626 (2008). The *Seagate* decision rejected earlier cases that placed an affirmative duty of due care on defendants – the proper test is whether a defendant's conduct was subjectively and objectively reckless. *See Seagate*, 497 F.3d at 1371 ("Because we abandon the affirmative duty of due care, we also reemphasize that there is no affirmative obligation to obtain opinion of counsel"). Here, Emulex was sued without prior knowledge or warning of Broadcom's patent rights, and through this litigation it has told Broadcom why the asserted patents are invalid and not infringed. Broadcom never sought to strike any of Emulex's defenses, and it never sought a preliminary injunction. On these undisputed facts, willfulness simply does not apply.

Finally, with respect to the two Fibre-Channel patents (the '500 patent and the '691 patent), Broadcom only requested $1 million in damages *for both patents*, and Broadcom does not practice either of these patents or offer any competing Fibre Channel products.[4] Even if treble damages were awarded for "willful" infringement of the '500 patent, the "damages" will be less than the expenses the parties will incur in bringing this case before the jury. Thus, in addition to being legally unsound, this particular willfulness allegation is also a waste of judicial resources and a poor candidate for finding an unspecified "policy consideration" to overcome the plain reading of *Seagate*.

/ / /

/ / /

/ / /

---

[4] Broadcom purchased these patents from a bankrupt company called "Gadzoox."

11

## III. CONCLUSION

For the reasons given above and in its opening brief, Emulex respectfully requests that the Court grant Emulex's motion for partial summary judgment of no willful infringement.

Dated: May 31, 2011

FISH & RICHARDSON P.C.

By: */s/ Jonathan J. Lamberson*
Jonathan J. Lamberson

Attorneys for Defendant and Counterclaimant
EMULEX CORPORATION

50783747.doc

1  *Additional Counsel:*

2  David M. Barkan (SBN 160825)
   *barkan@fr.com*
3  Jonathan J. Lamberson (SBN 239107)
   *lamberson@fr.com*
4  FISH & RICHARDSON P.C.
   500 Arguello Street, Suite 500
5  Redwood City, California 94063-1526
   Telephone: (650) 839-5070
6  Facsimile: (650) 839-5071

7  Joseph V. Colaianni, Jr. (*pro hac vice*)
   *colaianni@fr.com*
8  FISH & RICHARDSON P.C.
   1425 K Street, N.W., 11th Floor
9  Washington, DC 20005
   Telephone: (202) 783-5070
10 Facsimile: (202) 783-2331

11 Thomas H. Reger II (*pro hac vice*)
   *reger@fr.com*
12 FISH & RICHARDSON P.C.
   1717 Main Street, Suite 5000
13 Dallas, Texas 75201
   Telephone: (214) 747-5070
14 Facsimile: (214) 747-2091

15 Wasif H. Qureshi (*pro hac vice*)
   *qureshi@fr.com*
16 FISH & RICHARDSON P.C
   One Houston Center
17 1221 McKinney Street, 28th Floor
   Houston, Texas 77010
18 Telephone: (713) 654-5300
   Facsimile: (713) 652-0109
19

20

21 50783747.doc

22

23

24

25

26

27

28

13

CASE NO. CV 09-1058-JVS (ANx)

# **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on May 31, 2011 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civ. L.R. 5-3.3. Any other counsel of record will be served by U.S. mail or hand delivery.

By: */s/ Jonathan J. Lamberson*
Jonathan J. Lamberson

50783747.doc