WILLIAM F. LEE
(admitted *pro hac vice*)
(william.lee@wilmerhale.com)
DOMINIC E. MASSA
(admitted *pro hac vice*)
(dominic.massa@wilmerhale.com)
JOSEPH J. MUELLER
(admitted *pro hac vice*)
(joseph.mueller@wilmerhale.com)
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA  02129
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000

Attorneys for Plaintiff and Counterclaim Defendant
BROADCOM CORPORATION
(Additional Counsel Listed on Signature Page)

ROBERT E. COOPER (SBN 35888)
(rcooper@gibsondunn.com)
H. MARK LYON (SBN 162061)
(mlyon@gibsondunn.com)
GIBSON, DUNN & CRUTCHER, LLP
2029 Century Park East
Los Angeles, CA  90067-4267
Telephone:  (310) 552-8500
Facsimile:  (310) 557-8741

JUANITA R. BROOKS (SBN 75934)
(brooks@fr.com)
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA  92130
Telephone:  (858) 678-5070
Facsimile:  (858) 678-5099

DAVID M. BARKAN (SBN 160825)
(barkan@fr.com)
FISH & RICHARDSON P.C.
505 Arguello Street, Suite 500
Redwood City, CA  94063-1526
Telephone:  (650) 839-5070
Facsimile:  (650) 839-5071

Attorneys for Defendant and Counterclaim Plaintiff
EMULEX CORPORATION
(Additional Counsel Listed on Signature Page)

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

| | |
|---|---|
| **BROADCOM CORPORATION,**<br><br>Plaintiff,<br><br>v.<br><br>**EMULEX CORPORATION,**<br><br>Defendant.<br><br>**And Related Counterclaims** | CASE No. SACV09-1058 JVS (ANx) consolidated SACV 10-03963-JVS (ANx)<br><br>**JOINT STATUS REPORT**<br><br>Hon. James V. Selna<br><br>Date: June 13, 2011<br>Time: 8:00 am |

Broadcom Corporation ("Broadcom") and Emulex Corporation ("Emulex") submit this Joint Status Conference Report in advance of the June 13, 2011 Status Conference. The parties suggest that the Court address the following issues at the Status Conference.

## I. Hearings on Summary Judgment Motions

### A. Broadcom's Position

Emulex has said that it intends to file summary judgment motions on five issues (in addition to the motion being heard at the status conference). Broadcom expects to file summary judgment motions on three issues. In a joint stipulation, the parties agreed to a briefing schedule for these motions, and agreed to discuss with the Court at this status conference the appropriate schedule for hearings on these motions.

If the Court would prefer to hear the parties' summary judgment motions in two separate additional hearings, Broadcom proposes (and understands that Emulex agrees) that the motions concerning the '623, '500, and '691 patents occur at a hearing on the Court's July 18, 2011 motion calendar, and that the remaining motions be heard at the currently scheduled 3:00 p.m. hearing on July 25, 2011.

If the Court would prefer to hear the parties' summary judgment motions in a single hearing, Broadcom is prepared to address all motions on the currently scheduled 3:00 p.m. hearing on July 25, 2011.

It is not necessary, as Emulex suggests, to have as many as four separate hearing dates (including today's hearing) for the parties' motions. So many separate hearings not only requires unnecessary time from the Court, but also places a burden on counsel traveling from out of town.

### B. Emulex's Position

During the February 11, 2011 status conference, the Court indicated that it would prefer that the parties file a series of focused, to-the-point motions rather

than "an avalanche" of motions on the last possible day.  Emulex shares this preference, and it intended to file its motions for hearings on 6/13, 6/27, 7/11, 7/18, and/or 7/25.  Broadcom objected to this approach, and asked that Emulex notice all of its motions (except for willfulness) for a single hearing on 7/25.  The parties thereafter compromised and tentatively agreed to notice all remaining motions for 7/18 and 7/25, and further agreed to raise this issue with the Court at the status conference.

Emulex respectfully believes that multiple hearing dates are preferable.  This case is large and complex, with 7 patents asserted from four different technology groups.  Emulex intends to bring one focused motion related to each of the four technology groups, a motion on damages, and a motion on willfulness.  Each of Emulex's motion will focus on issues for which there are no material disputes of fact, and where judgment is appropriate as a matter of law.  Broadcom also intends to file three motions of its own.

While both parties certainly intend to focus these motions as much as possible, the technology at issues in some motions will be complex.  The parties will need time to brief and argue each motion, and the Court will require time to consider them and prepare its tentative orders.  Given the number of issues remaining, a single hearing on 8 summary judgment motions is simply not feasible.  Even splitting the hearings over two dates may not give the parties or the Court sufficient time to fully consider these important issues.

Emulex respectfully requests that the Court hear summary judgment motions on at least two hearing dates.  If the Court would like to set additional hearing dates, Emulex will be prepared to discuss its availability at the hearing.

JOINT STATUS REPORT

## II. Emulex's Request that Broadcom Further Narrow the Number of Asserted Claims

### A. Emulex's Position

During the February 11, 2011 status conference the Court indicated that it hoped this case would be narrowed through focused summary judgment motions. That may still occur, but given the schedule for expert discovery (which is still ongoing), it was simply not feasible for the parties to file summary judgment motions earlier.

Consequently, this case has not been significantly narrowed since the last status conference. There are still 7 asserted patents and 16 asserted claims. The patents fall into four distinct technology groups with little overlap. The '623 patent relates to TCP offload, the '500 and '691 patents relate to fibre channel, the '150 patent relates to clock data recovery, and the '194 patent family relates to current steering. While Broadcom may claim that these technologies are "related," the parties have retained eight different technical experts (four per side) to cover these different technology areas, which demonstrates the lack of commonality.

It will be difficult for lay jurors to consider one technology area that they are unfamiliar with, let alone four. This is especially true in a two-week trial, and it would risk the jury deciding this case on something other than the merits.

Emulex therefore respectfully requests that the Court set a deadline for Broadcom to elect one technology group for the upcoming trial (either TCP offload, fibre channel, clock data recovery, or current steering). This election should be made within the next two weeks, as the parties currently have exhibit lists, witness lists, motions in limine, jury instructions, verdict forms, and a statement of the case due on July 15, 2011 (before either proposed summary judgment hearing date). The remaining groups can be tried at a later date, should

1 Broadcom choose to proceed with them.

2     **B.    Broadcom's Position**

Emulex's proposal to hold multiple trials is wholly unjustified, as this case has already been substantially narrowed and is ready to be tried in a single, two- to three-week trial. Multiple trials would unduly complicate the litigation and delay adjudication of Emulex's infringement—and delay an injunction preventing Emulex from further use of Broadcom's own technology to compete against Broadcom.

The four remaining patent families[1] involve closely related technologies, overlapping accused products, and overlapping fact and expert witnesses. While Broadcom expects that it will elect not to proceed to trial on a few of the currently asserted claims, the case is already of a manageable size and does not require additional narrowing. Emulex's proposal is a transparent attempt to inject delay and prevent prompt entry of an injunction.

This case has naturally become more tailored through the course of discovery. Early in the case, following motions to amend and consolidate, the case involved twelve patents and what Emulex characterized as potentially hundreds of claims. At present, only *four* patent families remain, with a total of sixteen asserted claims—which will be closer to ten claims by trial, which counsel for Emulex concedes is manageable. (Transcript of February 11, 2011 Status Conference at 8:9-11 ("if indeed the case [is] narrowed to 10 claims, 12 claims, then it may be doable to try all these patents together.")). Below is a summary of the narrowing of the case to date:

---

[1] The term "families" may be misleading: for two of the families, there is only one patent-in-suit, and for a third family, there are only two patents-in-suit.

| Date | Event |
|---|---|
| September 14, 2009 | Broadcom files complaint asserting ten patents; two additional patents are later added through motion to amend and consolidation with related case. |
| July 1, 2010 | Court grants Emulex's motion limiting case to twenty asserted claims. |
| July 30, 2010 | Broadcom amends infringement contentions to limit case to twenty claims. |
| October 14, 2010 | Broadcom agrees to dismissal without prejudice of three patents (U.S. Patent Nos. 6,766,389, 7,038,516, and 7,215,169), narrowing case to six patent families. |
| October 30, 2010 | Court holds technology tutorial on six patent families. |
| November 22, 2010 | Court holds *Markman* hearing. |
| December 17, 2010 | Court enters *Markman* order. |
| February 22, 2011 | Broadcom agrees to dismissal without prejudice of U.S. Patent No. 7,295,555, narrowing case to five patent families. |
| May 5, 2011 | Court rules on motions to strike portions of expert reports, striking Emulex's claim construction arguments as well as opinions regarding infringement of specific asserted claims. |
| May 9, 2011 | Broadcom agrees to withdraw its assertions of claims 81 and 84 of U.S. Patent No. 7,058,150, narrowing case to seventeen claims. |
| May 18, 2011 | Broadcom agrees to dismissal without prejudice of U.S. Patent No. 7,239,636, narrowing case to four patent families (sixteen asserted claims). |

In addition, both sides are moving for summary judgment, and although Broadcom believes the record requires trial on all patents, certain discrete issues

may be disposed of before trial--narrowing the scope of the issues for the jury.

The four remaining patent families can thus be tried manageably in a single trial. Broadcom will likely present the testimony of one inventor and one expert witness for each of the four patents families. Emulex is likewise unlikely to require more than one fact witness and one expert for each family. A trial of this scope can easily be tried in two to three weeks.

Moreover, there is substantial overlap between the technology and accused products of the four remaining patent families. The '194 patent family and the '150 patent involve closely related technology (so much so that Emulex is using the same expert to address infringement of both), and six overlapping accused products. Likewise, the products accused of infringing the '623 patent are all also accused of infringing the '150 patent and '194 patent family, and the majority of the products accused of infringing the '500 and '691 patents are also accused of infringing the '150 and '194 family.

Further, the patented technologies work together to make modern high-speed networking possible—and the patent families all implicate certain core networking concepts. The '194 patent family and the '150 patent involve physical networking structures, while the '500, '691, and '623 patents concern both physical structures and associated networking protocols. There will therefore be substantial overlapping testimony concerning the operation of the accused products, which will make for a more streamlined trial. Splitting the trial would necessitate "reeducating" multiple juries on the same core networking concepts, which would be inefficient for the parties, the Court, and the jurors.

In sum, no basis exists today to support Emulex's trial-splitting proposal. Broadcom respectfully requests that the Court order the parties to prepare for a single trial on all remaining patents at the scheduled date in September.

JOINT STATUS REPORT

Respectfully submitted,

Dated: June 9, 2011                By: /s/ Dominic E. Massa

                                        WILLIAM F. LEE (admitted *pro hac vice*)
(william.lee@wilmerhale.com)
DOMINIC E. MASSA (admitted *pro hac vice*)
(dominic.massa@wilmerhale.com)
JOSEPH J. MUELLER (admitted *pro hac vice*)
(joseph.mueller@wilmerhale.com)
LOUIS W. TOMPROS (admitted *pro hac vice*)
(louis.tompros@wilmerhale.com)
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA  02129
Telephone:  (617) 526-6000
Facsimile:   (617) 526-5000

Attorneys for Attorneys for Plaintiff
and Counterclaim Defendant
BROADCOM CORPORATION


Dated: June 9, 2011                By: /s/ David M. Barkan

ROBERT E. COOPER (SBN 35888)
(rcooper@gibsondunn.com)
DAVID A. BATTAGLIA (SBN 130474)(dbattaglia@gibsondunn.com)
H. MARK LYON (SBN 162061)
(mlyon@gibsondunn.com)
Y. ERNEST HSIN (SBN 201668)
(ehsin@gibsondunn.com)
GIBSON, DUNN & CRUTCHER, LLP
2029 Century Park East
Los Angeles, CA  90067-4267
Telephone:  (310) 552-8500
Facsimile:   (310) 557-8741

JUANITA R. BROOKS (SBN 75934)
(brooks@fr.com)
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA  92130

|  |  |
|---|---|
| 1 | Telephone:  (858) 678-5070<br>Facsimile:   (858) 678-5099 |
| 2 | DAVID M. BARKAN (SBN 160825) |
| 3 | (barkan@fr.com)<br>FISH & RICHARDSON P.C. |
| 4 | 505 Arguello Street, Suite 500<br>Redwood City, CA  94063-1526 |
| 5 | Telephone:  (650) 839-5070<br>Facsimile:   (650) 839-5071 |
| 6 | JOSEPH V. COLAIANNI, JR. |
| 7 | (Admitted Pro Hac Vice)<br>(colaianni@fr.com) |
| 8 | FISH & RICHARDSON P.C.<br>1425 K. Street, NW |
| 9 | Washington, DC  20005<br>Telephone:  (202) 783-5070 |
| 10 | Facsimile:   (202) 783-2331 |
| 11 | THOMAS H. REGER II<br>(Admitted Pro Hac Vice) |
| 12 | (reger@fr.com)<br>FISH & RICHARDSON P.C. |
| 13 | 1717 Main Street<br>Dallas, TX 75201 |
| 14 | Telephone:  (214) 747-5070<br>Facsimile:   (214) 747-2091 |
| 15 | WASIF H. QURESHI |
| 16 | (Admitted Pro Hac Vice)<br>(qureshi@fr.com) |
| 17 | FISH & RICHARDSON P.C.<br>1 Houston Center |
| 18 | 1221 McKinney Street<br>Houston, TX  77010 |
| 19 | Telephone:  (713) 654-5300<br>Facsimile:   (713) 652-0109 |
| 20 | RANDALL WICK (SBN 95584) |
| 21 | (randall.wick@emulex.com)<br>EMULEX CORPORATION |
| 22 | 3333 Susan Street<br>Costa Mesa, CA  92626-7112 |
| 23 | Telephone:  (714) 885-3691<br>Facsimile:   (714) 641-0172 |
| 24 | Attorneys for Defendant |
| 25 | and Counterclaim Plaintiff<br>EMULEX CORPORATION |
| 26 |  |
| 27 |  |

JOINT STATUS REPORT

*Broadcom Corporation v. Emulex Corporation*,
Case Nos. SACV09-1058 JVS (ANx) and SACV 10-03963-JVS (ANx)

## PROOF OF SERVICE

Fed. R. Civ. P. 5(b) & L.R. 5-3

I, Jason H. Liss, hereby certify that a copy of the foregoing *Joint Status Report* was served upon the following parties as indicated below on this 9th day of June, 2011.

**For Emulex Corporation:**

| | |
|---|---|
| OC-ELX-PAT@gibsondunn.com<br>smg@jmbm.com<br>broadcom-emulex@fr.com<br>broadcomemulexservice@tklaw.com<br>(email addresses for service on Emulex per agreement of the parties) | ☐ Via Hand Delivery<br>☐ Via Overnight Courier (1 copy)<br>☐ Via Facsimile<br>☒ Via Electronic Mail (1 copy) |

I certify under penalty of perjury that the foregoing is true and correct.

/s/ Jason H. Liss
Jason H. Liss

10
JOINT STATUS REPORT
US1DOCS 7964194v1