WILLIAM F. LEE
(admitted *pro hac vice*)
(william.lee@wilmerhale.com)
DOMINIC E. MASSA
(admitted *pro hac vice*)
(dominic.massa@wilmerhale.com)
JOSEPH J. MUELLER
(admitted *pro hac vice*)
(joseph.mueller@wilmerhale.com)
LOUIS W. TOMPROS
(admitted *pro hac vice*)
(louis.tompros@wilmerhale.com)
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA  02109
Telephone:  (617) 526-6000
Facsimile:   (617) 526-5000

Attorneys for Plaintiff
BROADCOM CORPORATION

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BROADCOM CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>EMULEX CORPORATION,<br><br>Defendant.<br><br>**And Related Counterclaims** | CASE No.  SACV09-1058 JVS (ANx)<br>consolidated SACV 10-03963-JVS (ANx)<br><br>**STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF PLAINTIFF BROADCOM CORPORATION'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO INVALIDITY OF U.S. PATENT NOS. 7,471,691 AND 7,450,500**<br><br>Hearing Date:   July 18, 2011<br>Before:            Hon. James V. Selna |

Pursuant to Local Rule 56-1, Plaintiff Broadcom Corporation ("Broadcom") submits the following Statement of Uncontroverted Facts and Conclusions of Law in Support of Broadcom Corporation's Motion for Partial Summary Judgment of No Invalidity of U.S. Patent Nos. 7,471,691 and 7,450,500.

## I.  UNCONTROVERTED FACTS

| No. | Uncontroverted Fact | Supporting Evidence |
|---|---|---|
| 1 | Emulex asserts that U.S. Patent No. 6,185,203 ("the '203 patent") anticipates claims 7 and 10 of U.S. Patent No. 7,471,691 ("the '691 patent") and claim 3 of U.S. Patent No. 7,450,500 ("the '500 patent"). | Ex. E [Expert Report of Gary Warden on the Invalidity of the Gadzoox Patents, April 19, 2011] ¶¶ 228, 266, 280.[1] |
| 2 | The '203 patent is the only reference that Emulex asserts anticipates claims 7 and 10 of the '691 patent and claim 3 of the '500 patent. | Ex. F [Dep. of Gary Warden, May 27, 2011 (Rough)] at 77:3-7, 101:15-18. |
| 3 | Claim 7 of the '691 patent recites: "[W]herein said port circuits function to establish connections between themselves by using destination addresses in Open (OPN) primitives received from source nodes to search said routing table to determine the ID of a | Ex. B ['691 Patent] at 50:4-16. |

---

[1] Unless otherwise specified, all references to Exhibits ("Ex.") are to the Declaration of Michael Wolin in Support of Broadcom Corporation's Motion for Partial Summary Judgment of No Invalidity of U.S. Patent Nos. 7,471,691 and 7,450,500, filed herewith.

| | | | |
|---|---|---|---|
| 1 | | remote port coupled to the destination node having the destination address in the OPN and, using that port ID to search said scoreboard table to determine status of the remote port, and then exchanging messages with said remote port to cause it to arbitrate for and take control of its local FCAL net and establish a data path via a particular channel through said crossbar switch and use said channel to transmit primitives and data frames between said source node and said destination node." | |
| 14 | 4 | Claim 10 of the '691 patent recites: "[W]herein said port circuits function to establish connections between themselves by latching any Open (OPN) and Ready (RRDY) primitives received from source nodes and using destination addresses in OPN primitives received from said source nodes to search said routing table to determine the ID of a remote port coupled to the destination node having the destination address in the OPN, and then establishing a data path through said crossbar switch to said remote port and wherein each said port | Ex. B at 50:43-61. |

| | | | |
|---|---|---|---|
| | | when it receives an OPN and any following RRDYs from another port via said crossbar switch, functioning to latch said OPN and RRDY and arbitrate for and take control of its local FCAL net, and continuing to try to take control of its local FCAL net until control is achieved, and when control is achieved, sending said OPN and any latched RRDYs to the destination node, and thereafter using said data path through said crossbar switch to send primitives and data frames back and forth between said source and destination nodes until the transaction is completed without ever storing any data frames." | |
| | 5 | Emulex's technical expert conceded that the '203 patent does not disclose the particular uses of primitives recited in claims 7 and 10 of the '691 patent. | Ex. F at 113:16-24, 114:7-9, 114:25-115:1, 124:6-11. |
| | 6 | Emulex's technical expert conceded that the particular uses of primitives recited in claims 7 and 10 of the '691 patent are not required each and every time the Fibre Channel Arbitrated Loop (FCAL) protocol is used. | Ex. F at 118:15-119:12. |
| | 7 | Claim 3 of the '500 patent recites: "each | Ex. C ['500 Patent] at |

| | | |
|---|---|---|
| | of said plurality of port integrated circuits has a priority level for access to busy destination nodes." | 49:16-17. |
| 8 | Emulex's expert conceded that under a proper viewing of the claims, the '203 patent does not disclose the priority level limitation of claim 3 of the '500 patent. | Ex. F at 125:22-126:18. |
| 9 | Emulex asserts that claims 7 and 10 of the '691 patent and claim 3 of the '500 are rendered obvious by the '203 patent. | Ex. E ¶ 282. |
| 10 | Emulex will argue obviousness based solely on the '203 patent, and will not argue a combination of the '203 with any other references. | Ex. F at 94:18-23, 95:18-21, 96:17-25. |
| 11 | Emulex's expert failed to provide a limitation-by-limitation analysis of claims 7 or 10 of the '691 patent or claim 3 of the '500 patent in support of his opinion of obviousness. | Ex. F at 96:7-14, 97:15-18. |

## II.   CONCLUSIONS OF LAW

1. A patent is presumed valid and the burden of establishing invalidity rests on the party asserting invalidity. 35 U.S.C. § 282. Invalidity must be shown by clear and convincing evidence. *Microsoft Corp. v. i4i Ltd. P'ship*, No. 10-290, ___ U.S. __, slip op. at 1 (June 9, 2011).

2. Anticipation requires that the party challenging the validity of the patent show that a single prior art reference discloses, either expressly or

1 inherently, all the elements of the claimed invention, arranged as in the claim. *Crown Packaging Tech., Inc. v. Ball Metal Beverage Container Corp.*, 635 F.3d 1373, 1383. (Fed. Cir. 2011); *Finisar Corp., v. DirecTV Group, Inc.*, 523 F.3d 1323, 1334 (Fed. Cir. 2008).

3. A limitation that is not expressly stated in a prior art reference is "inherently disclosed" if it is "necessarily present," not merely "probably or possibly present," in the reference. *Therasense, Inc. v. Becton, Dickinson & Co.*, 593 F.3d 1325, 1332 (Fed. Cir. 2010) (quoting *Trintec Indus., Inc. v. Top-U.S.A. Corp.*, 295 F.3d 1292, 1295 (Fed. Cir. 2002)).

4. Because the '203 patent fails to disclose, either expressly or inherently, at least one limitation of each of the asserted claims, the '203 patent does not anticipate the asserted claims.

5. Obviousness requires that the party challenging the validity of the patent show that the "differences between the patented subject matter and the prior art would have been obvious at the time of invention to a person of ordinary skill in the art." *In re Translogic Tech., Inc.*, 504 F.3d 1249, 1258 (Fed. Cir. 2007); *Innovention Toys, LLC v. MGA Entm't, Inc.*, 637 F.3d 1314, 1320 (Fed. Cir. 2011).

6. The Supreme Court has articulated a four part test for obviousness, under which the court must consider "(1) the scope and content of the prior art; (2) the difference between the prior art and the claimed invention; (3) the level of ordinary skill in the art; and (4) any objective evidence of nonobviousness." *Transocean Offshore Deepwater Drilling, Inc. v. Maersk Contractors USA, Inc.*, 617 F.3d 1296, 1303 (Fed. Cir. 2010) (citing *Graham v. John Deere Co.*, 383 U.S. 1, 17-18 (1966)).

7. *Each and every* limitation of the claim must be proven obvious. *Honeywell Int'l, Inc. v. United States*, 609 F.3d 1292, 1300-01 (Fed. Cir. 2010) ("Given the failure to prove that the cited references disclose element (a)(3), the

government has failed to carry its burden of proving by clear and convincing evidence that the claimed invention would have been obvious to one of skill in the art."); *In re Thrift*, 298 F.3d 1357, 1366 (Fed. Cir. 2002) (vacating a finding of obviousness by the Board of Patent Appeals and Interferences because "the cited references do not support each limitation of claim 11").

8. Because Emulex has failed to conduct a limitation-by-limitation analysis of the asserted claims, Emulex has failed to carry its burden of showing by clear and convincing evidence that the asserted claims are obvious in light of the '203 patent. *See, e.g., Proveris Scientific Corp. v. Innovasystems, Inc.*, 536 F.3d 1256, 1267-68 (Fed. Cir. 2008) (upholding JMOL in favor of patent-holder because the party asserting invalidity could not present "expert testimony to substantiate its invalidity defenses" of anticipation and obviousness); *Koito Mfg. Co., Ltd. v. Turn-Key-Tech, LLC*, 381 F.3d 1142, 1152 (Fed. Cir. 2004) (holding that because the party asserting invalidity "failed to articulate how the [asserted reference] anticipates or makes obvious the [patent-in-suit], it has not presented sufficient evidence for the jury with respect to the [asserted reference]").

Dated: June 13, 2011

WILMER CUTLER PICKERING
HALE AND DORR LLP

By:   /s/ Joseph J. Mueller
        Joseph J. Mueller

Attorneys for Plaintiff
BROADCOM CORPORATION