EXHIBIT

E

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BROADCOM CORPORATION.<br><br>Plaintiff,<br>v.<br>EMULEX CORPORATION,<br><br>Defendant.<br><br>And Related Counterclaims | Case No. SACV 09-1058-JVS (ANx) consolidated with 10-CV-3963 JVS (ANx)<br><br>**Honorable James V. Selna**<br><br>**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER** |

EXPERT REPORT OF GARY WARDEN ON THE

INVALIDITY OF THE GADZOOX PATENTS

Dated: April 19, 2011

*Gary Warden* (signature)

Gary Warden

destination nodes, this element would have been obvious to one of ordinary skill in the art.[351]

228. Accordingly, it is my opinion that the '203 Patent anticipates Claim 3 of the '500 Patent.

## VII. INVALIDITY OF THE ASSERTED CLAIMS '691 PATENT

### VII.A. Invalidity Under 35 U.S.C. § 112

229. Before discussing my invalidity analysis based on the prior art, I will discuss some initial thoughts on deficiencies in the patent itself with respect to the claim language and the required support in the specification. Specifically, it is my opinion that Claims 7and 10 the '691 Patent is invalid because it does not distinctly claim the invention as regarded by the inventors and/or does not satisfy the written description requirements.

230. For example, Claims 7and 10 claim a "packet switch" (or a "packet switching switch"). I do not find support for this in the specification. Instead, the specification discusses a circuit switch, which is a different network architecture from a packet switch. At first glance, the patent claims are facially confusing, and the allegedly inventive aspects discussed in the specification are absent from the claims

---

[351] *See, e.g.*, Anujan Varma et al., Using Camp-On To Improve The Performance Of A Fibre Channel Switch, PROC. CONF. LOCAL COMP. NET., Jan. 1, 1993, 247 (cited on the face of the '203 Patent).

| Signal | Description |
| --- | --- |
| Destination Port Connected To | If a route exists this specifies the remote port. |
| Class 1 Destination Port | If this port is in a Class 1 connection this field specifies the remote port. |
| Timer State | If this port is waiting for a route and a timer is enabled, this field specifies the timer. |
| Class 1 Connection State | This field specifies whether this port is currently in a Class 1 connection. |
| Port Busy | This field specifies whether this port is currently routing a frame to a remote port. |
| Port State | This field specifies the link state, whether initializing, offline, online, or error. |
| Class Supported | This field specifies the Classes of service supported by this port. |
| Loop Port Indication | This field specifies whether this port is a loop port or a point to point port. |
| Port Speed | This field specifies the link speed for this port. |
| Intermix Support | This flag specifies support for Intermix for this port. |
| FLOGI occured | This field specifies whether a FLOGI/ACC exchange occurred. |

264. As such, the '203 Patent describes the use of open primitives in routing.

265. It is my opinion that using OPN primitives to establish circuit connections is a feature inherent to all FCAL circuit switches, which is what is described in the '691 Patent. For example, U.S. Patent No. 6,393,832 to Kranzler ("the '832 Patent") describes such a feature.

266. Accordingly, it is my opinion that the '203 Patent anticipates Claim 7 of the '691 Patent.

280. Accordingly, it is my opinion that the '203 Patent anticipates Claim 10 of the '691 Patent.

**VII.D. Summary**

281. Claims 7 and 10 of the '691 Patent are invalid for failing to satisfy the written description requirement of 35 U.S.C. § 112 ¶¶ 1 and 2. The claims are also invalid in view of the '203 Patent, which anticipates (or in the alternative, renders obvious) both Claims 7and 10.

**VII.E. The Gadzoox Patents are Invalid as Obvious**

282. To the extent it is decided that '203 Patent does not anticipate the asserted claims of the Gadzoox Patents, these claims are rendered obvious by the '203 Patent in light of the knowledge of those skilled in the art at the time of the invention or in combination with those references to which I have referred herein.

*VII.E.1. The '500 Patent is Invalid as Obvious*

283. Many, if not all, of the elements claimed in the '500 Patent were well known in the art at the time of the alleged invention. For example, the inventors of the Gadzoox patents admit that they did not invent: backplanes,[491] switches that

---

[491] Deposition Transcript of Alistair D. Black, Palo Alto, CA, January 14, 2011, 125:18–19.

operated using backplanes,[492] crossbar switches,[493] Fibre Channel Arbitrated Loop,[494] Fibre Channel switches allowing multiple concurrent conversations,[495] or priorities.[496]

284. In my opinion, under Broadcom's apparent interpretations, the '203 Patent discloses all the elements required by the asserted claims of the '500 Patent. To the extent it is determined that the '203 Patent does not disclose one or more of these limitations, the purported missing limitation(s) were well known to those of ordinary skill in the art (as admitted by the inventors or evidenced by the references referred to herein[497]) and it would have been obvious to combine any potential missing elements with the '203 Patent, thus rendering obvious the asserted claims of the '500 Patent.

---

[492] Deposition Transcript of Alistair D. Black, Palo Alto, CA, January 14, 2011, 125:6–8.

[493] Deposition Transcript of Alistair D. Black, Palo Alto, CA, January 14, 2011, 217:4–6.

[494] Deposition Transcript of Alistair D. Black, Palo Alto, CA, January 14, 2011, 156:6–8.

[495] Deposition Transcript of Kurt Chan, Palo Alto, CA, February 25, 2011, 63:16–64:1.

[496] Deposition Transcript of Alistair D. Black, Palo Alto, CA, January 14, 2011, 153:16–20.

[497] For example, having a priority for access to a busy destination node was a concept well known in the art at the time of the alleged invention. For example, Kranzler (U.S. Patent No. 6,396,382) discloses switch ports connected to a crossbar where each switch port has a priority for resolving simultaneous connect requests.

*VII.E.2. The '691 Patent is Invalid as Obvious*

285. Many, if not all, of the elements claimed in the '691 Patent were well known in the art at the time of the alleged invention. For example, the inventors of the Gadzoox patents admit that they did not invent: crossbar switches,[498] routing tables,[499] Fibre Channel Arbitrated Loop,[500] or Fibre Channel switches allowing multiple concurrent conversations.[501] Also, arbitrating for control of a Fibre Channel Arbitrated Loop and using an OPN primitive to establish a connection from a source node to a destination node was well known in the art as these were disclosed in the FC-AL standard, which issued before the Gadzoox Patents were filed.[502]

286. In my opinion, under Broadcom's apparent interpretations, the '203 Patent discloses all the elements required by the claims of the '691 Patent. To the extent it is determined the '203 Patent does not disclose one or more of these limitations, the purported missing limitation(s) were well known to those of ordinary

---

[498] Deposition Transcript of Alistair D. Black, Palo Alto, CA, January 14, 2011, 217:4–6.

[499] Deposition Transcript of Alistair D. Black, Palo Alto, CA, January 14, 2011, 126:18–19.

[500] Deposition Transcript of Alistair D. Black, Palo Alto, CA, January 14, 2011, 156:6–8.

[501] Deposition Transcript of Kurt Chan, Palo Alto, CA, February 25, 2011, 63:16–64:1.

[502] *See, e.g.*, Fibre Channel Arbitrated Loop Standard, ANSI X3.272, 1996 at 14–16.

skill in the art (as admitted by the inventors or evidenced by the references referred to herein) and it would have been obvious to combine any potential missing elements with the '203 Patent, thus rendering obvious the asserted claims of the '500 Patent.

*VII.E.3. Secondary Considerations of Obviousness*

287.  I understand that in order to assess obviousness, one must consider any "secondary considerations" or "secondary indicia" of non-obviousness that are present.  These can include commercial success of a product due to the merits of the claimed invention, a long-felt but unsolved need for the solution provided by the claimed invention, unsuccessful attempts by others to find the solution provided by the claimed invention, copying of the invention by others, unexpected results from the claimed invention, praise from others of the invention, or licensing of the invention by others.

288.  I understand that Broadcom has identified alleged secondary considerations of non-obviousness in response to Emulex's Interrogatory No. 26.  I address those alleged secondary considerations here, and reserve the right to supplement this analysis to the extent that Broadcom identified any additional evidence, either in its rebuttal reports or elsewhere.

289.  First, Broadcom relies on the commercial success of Emulex's products to show non-obviousness.  Specifically, Broadcom points to the commercial success of Emulex's FibreSpy products.  Notably, Emulex's FibreSpy products practice—and