Juanita R. Brooks (SBN 75934)
 *brooks@fr.com*
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

*(Additional counsel listed on signature page)*

Attorneys for Defendant and Counterclaimant
EMULEX CORPORATION

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### (SOUTHERN DIVISION)

| | |
|---|---|
| BROADCOM CORPORATION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>EMULEX CORPORATION,<br><br>　　　　Defendant.<br><br><br>And Related Counterclaims | Case No. CV 09-1058-JVS (ANx)<br><br>consolidated with CV 10-3963 JVS (ANx)<br><br>**DEFENDANT EMULEX CORPORATION'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF NO INFRINGEMENT (COUNTS 4 & 5)**<br><br>███████████████<br><br>Hearing Date:　July 18, 2011<br>Time:　　　　　1:30 p.m.<br>Place:　　　　Courtroom 10C<br>Before:　　　Hon. James V. Selna |

███████████████████████████
███████████████████████████████████
███████████████████████████████████
███████████████████████████████████

# TABLE OF CONTENTS

I.      INTRODUCTION ............................................................................. 1

II.     ARGUMENT ..................................................................................... 2

A.      Broadcom's Opposition fails to dispute many material facts ............... 2

B.      Broadcom's attorney argument fails to create a material dispute .......... 3

1.      The express language of claims 7 and 10 of the '691 patent requires a finding of no literal infringement ........................................................... 3

2.      ██████████████████████████████ ................................................. 6

C.      Broadcom's attorney argument has failed to prove a reasonable jury could find that Emulex Products infringe claim 3 of the '500 patent .. 10

D.      Broadcom's Opposition failed to dispute the inadequacy of its expert's DOE "analysis" for either patent ............................................. 13

E.      Broadcom still provides no evidence of indirect infringement under the '500 patent with regard to the SOC 442, Sequoia, and SOC 804 .. 14

III.    CONCLUSION ................................................................................ 16

CASE NO. CV 09-1058-JVS (ANx)

1

## TABLE OF AUTHORITIES

2

**Cases**

3
*ACCO Brands, Inc. v. ABA Locks Mfrs. Co., Ltd.,*
    501 F.3d 1307 (Fed. Cir. 2007) .................................................................. 15

4
*AllVoice Computing PLC v. Nuance Communc'ns, Inc.,*
5
    504 F.3d 1236 (Fed. Cir. 2007) .................................................................. 5

6
*Biotec Biologische Naturverpackungen GmbH & Co. KG v. Biocorp, Inc.,*
    249 F.3d 1341 (Fed. Cir. 2001) .................................................................. 1

7
*Boss Indus., Inc. v. Yamaha Motor Co.,*
8
    333 Fed. Appx. 531 (Fed. Cir. 2009) .......................................................... 5

9
*Broadcom Corp. v. Qualcomm Inc.,*
    SACV 05-467-JVS (C.D. Cal. Mar. 16, 2007) ............................................ 9

10

11
*Dynacore Holdings Corp. v. U.S. Philips Corp.,*
    363 F.3d 1263 (Fed. Cir. 2004) .................................................................. 15

12
*Ferring B.V. v. Barr Labs., Inc.,*
    437 F.3d 1181 (Fed. Cir. 2006) ......................................................... 1, 10, 12

13

14
*Glaverbel Societe Anonyme v. Northlake Mktg. & Supply, Inc.,*
    45 F.3d 1550 (Fed. Cir. 1995) .................................................................. 1

15
*Novartis Pharms. Corp. v. Eon Labs. Mfg., Inc.,*
    363 F.3d 1306 (Fed. Cir. 2004) .................................................................. 14

16

17
*O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.,*
    521 F.3d 1351 (Fed. Cir. 2008) .................................................................. 4

18
*Oatey Co. v. IPS Corp.,*
    514 F.3d 1271 (Fed. Cir. 2008) .................................................................. 5

19

20
*PC Connector Solutions LLC v. SmartDisk Corp.,*
    406 F.3d 1359 (Fed. Cir. 2005) .................................................................. 14

21
*PSN Illinois, LLC v. Ivoclar Vivadent, Inc.,*
    525 F.3d 1159 (Fed. Cir. 2008) .................................................................. 5

22

23
*Rolls-Royce, PLC v. United Tech. Corp.,*
    603 F.3d 1325 (Fed. Cir. 2010) .................................................................. 4

24
*Stumbo v. Eastman Outdoors, Inc.,*
    508 F.3d 1358 (Fed. Cir. 2007) .................................................................. 13

25

26

27

28

## I.   INTRODUCTION

Broadcom's Opposition to Emulex's Motion for Summary Judgment largely fails to dispute issues, and selectively attempts to create limited factual disputes using attorney argument alone.  Specifically, Broadcom's Opposition:

- does not include an expert declaration;
- makes repeated uncorroborated statements regarding technical details of Emulex's accused products;
- scarcely relies on record evidence, with evidence newly annotated by Broadcom's lawyers;
- invents new theories that are wholly unsupported and missing from Broadcom's expert report and expert deposition; and
- provides unsubstantiated interpretations of the plain claim language, instead of relying on the express language.

The Federal Circuit has consistently held that "conclusory allegations and attorney arguments are insufficient to overcome a motion for summary judgment." *Ferring B.V. v. Barr Labs., Inc.*, 437 F.3d 1181, 1193 (Fed. Cir. 2006) (citing *Biotec Biologische Naturverpackungen GmbH & Co. KG v. Biocorp, Inc.*, 249 F.3d 1341, 1353 (Fed. Cir. 2001)).  Also, a "party opposing the [summary judgment] motion must point to an evidentiary conflict created on the record at least by a counter statement of a fact or facts set forth in detail in an affidavit by a knowledgeable affiant.  Mere denials or conclusory statements are insufficient." *Biotec*, 249 F.3d at 1353).  Finally, "there must be sufficient substance, other than attorney argument, to show that the issue requires trial." *Glaverbel Societe Anonyme v. Northlake Mktg. & Supply, Inc.*, 45 F.3d 1550, 1562 (Fed. Cir. 1995).

Accordingly, as a matter of law, Broadcom's attorney argument (1) fails to prove a reasonable jury could determine that Emulex's InSpeed products infringe claim 7 or 10 of the '691 patent; (2) fails to prove a reasonable jury could determine that Emulex's InSpeed products infringe claim 3 of the '500 patent; (3) fails to

CASE NO. CV 09-1058-JVS (ANx)

prove Broadcom's expert's doctrine of equivalents opinion is anything but conclusory and inadequate; and (4) fails to prove that Broadcom has any evidence of indirect infringement for particular accused products. Thus, Broadcom's Opposition does not create a material factual dispute and Emulex respectfully asserts that summary judgment is required.

## II. ARGUMENT

### A. Broadcom's Opposition fails to dispute many material facts

Broadcom's Opposition simply fails to dispute a number of material facts found in Emulex's Motion. For instance, Broadcom *does not dispute, and its expert affirmatively agrees*, on the components and the operation of the accused products:



In addition, Broadcom's expert cannot provide testimony sufficient to create a factual dispute because:

- He failed to provide any guidance, via report or deposition, on his understanding and application of the asserted "customary meaning;"
- He interchangeably used the words "contain," "store," "include," and "maintain" when referencing accused functionality for "maintaining"
- He was unaware of – and did not rely on – any evidence of indirect infringement for the InSpeed 442, Sequoia, and the SOC 804;
- He did not provide any analysis – other than repeating a template – for his opinion on doctrine of equivalents for each limitation of either patent;
- He did not cite any evidence for his opinion on doctrine of equivalents for any limitation of either patent;

2

- He solely accused Emulex products when "arranged in a cascaded configuration" with respect to the '500 patent; and
- He solely accused external cables accomplishing that cascaded configuration with respect to the '500 patent when there is no record evidence that external cables are backplane data paths.

Accordingly, with respect to claims 7 and 10 of the '691 patent, Broadcom's Opposition leaves no dispute of material fact: ████████████████████

████████████████████████████████████████████████████

████████████████████ (1) maintaining the accused scoreboard and routing tables; (2) searching the accused routing table; and (3) establishing connections over the crossbar switch. ████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████

Next, with respect to claim 3 of the '500 patent, the record evidence is undisputed that the accused external cables are not literally "backplane data paths," which requires summary judgment of no literal infringement. And because Broadcom's Opposition did not dispute that its expert failed to cite evidence or provide an independent analysis for his DOE opinions on both patents, there can be no infringement under the doctrine of equivalents as a matter of law.

**B.  Broadcom's attorney argument fails to create a material dispute**

**1.  The express language of claims 7 and 10 of the '691 patent requires a finding of no literal infringement**

Not only does Broadcom's Opposition not dispute the foregoing material facts, but Broadcom's Opposition also does not dispute the express language of claims 7 and 10 of the '691 patent and instead makes arguments more akin to equivalents than literal infringement. First, that express language, without construction, requires "ports" – or port circuits – to include identified circuitry and

1   to perform specific tasks.  While accusing Emulex of "untimely" claim construction,

2   it is actually Broadcom that must rely on "untimely" claim constructions.  The claim

3   language is clear on its face, yet Broadcom debates the meaning of the express claim

4   language in order to avoid summary judgment.  But Broadcom must be aware that

5   the Federal Circuit has made clear that this kind of post-*Markman* claim

6   construction dispute – which arises when both parties dispute the plain meaning –

7   must be resolved by the Court. *See O2 Micro Int'l Ltd. v. Beyond Innovation Tech.*

8   *Co.*, 521 F.3d 1351, 1362 (Fed. Cir. 2008).

9   ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇  Broadcom incorrectly contends that claims 7 and

13   10 are broad enough to cover every disclosed embodiment.  In other words,

14   Broadcom effectively argues that the *express* claim language doesn't accurately

15   reflect the proper claim scope solely because it excludes an *alternative* embodiment.

16   (*See, e.g.,* Opposition at 11, 12).  Here, claims 7 and 10 expressly require the ports,

17   not some other component, to include certain circuitry and to perform certain

18   functions.  For example, the express language of claims 7 and 10 *solely* recite a

19   scoreboard and routing table "*in each [] port circuit*."  In such cases, the "court

20   must not allow the disclosed embodiment to outweigh the language of the claim,"

21   particularly where – like here – the express language of the claims exclude

22   alternative embodiments. *See Rolls-Royce, PLC v. United Tech. Corp.*, 603 F.3d

23   1325, 1334 (Fed. Cir. 2010) (interpreting a claim term to exclude an embodiment

24   disclosed in the specification) (internal quotations omitted).

25   ///

26   ///

27   ///

28

1  Moreover, the Federal Circuit is clear that "every claim need not contain
2  every feature taught in the specification" and there is a "presumption that each claim
3  in a patent has a different scope." *AllVoice Computing PLC v. Nuance Communc'ns,*
4  *Inc.,* 504 F.3d 1236, 1248 (Fed. Cir. 2007). Broadcom's argument relies heavily on
5  the Federal Circuit's *Oatey* decision.[1] But, the Federal Circuit has since stated:

6  > *Oatey* is not a panacea, requiring all claims to cover all embodiments.
7  > Instead, courts **must** recognize that disclosed embodiments may be
8  > within the scope of other unasserted claims . . . . In such cases,
9  > unasserted or cancelled claims may provide "probative evidence" that
10 > an embodiment is not within the scope of an asserted claim.

11 *PSN Illinois, LLC v. Ivoclar Vivadent, Inc.,* 525 F.3d 1159, 1166 (Fed. Cir. 2008)
12 (emphasis added). For example, unasserted Claim 1 of the '691 patent is directed to
13 where: (a) the scoreboard and routing tables can be "in each port circuit;" or (b)
14 alternatively, where the scoreboard table and routing table are "centrally located."[2]
15 Thus, as the Federal Circuit has previously found, "this case presents a clear
16 example of the situation in which, although alternatively disclosed embodiments are
17 not encompassed by the [claim interpretations], other unasserted claims cover those
18 alternative embodiments." *Boss Indus., Inc. v. Yamaha Motor Co.,* 333 Fed. Appx.
19 531, 541 (Fed. Cir. 2009). And, again, the express claim language of the asserted
20 claims requires "circuitry in each said port circuit" to maintain the accused
21 scoreboard or routing table.
22 ///
23 ///
24 ///
25

26 [1]   *Oatey Co. v. IPS Corp.,* 514 F.3d 1271 (Fed. Cir. 2008).
27 [2]   Claim 1 recites: "maintaining a scoreboard table containing at least status
   information and a routing table either centrally located or in each port circuit."
28

1   **2.** ███████████████████████████████
    ███████████████████████████████

3       First, Broadcom's Opposition does not dispute that each "port circuit" in the

4   accused InSpeed products does not "maintain" a scoreboard and routing table as

5   claims 7 and 10 require.  Instead, without record evidence, Broadcom's Opposition

6   attempts various arguments more akin to doctrine of equivalents than literal

7   infringement. █████████████████████████████
    ████████████████████████████████████████████

    ████ Broadcom's attorneys make their argument using one *attorney-*

10  *annotated* picture and the following two wholly unsupported statements[3] about

11  alleged technical details of Emulex's products:[4]

12      (1) ████████████████████████████████



19  / / /

20  / / /

21  / / /

22

23

---

24  [3]    Instead of relying on its expert, Broadcom also argues one can "maintain" a

25  Facebook page without storing it in their computer. (Opposition at 12, fn.4).  It is

26  telling that Broadcom makes a new argument, entirely extrinsic to the patent and
    accused products, but never disputes that the patent *exclusively* uses "maintain" to

27  indicate the scoreboard and routing table location.

28  [4]    Opposition at 16.

1  The first statement involves technical details that are nowhere in Broadcom's

2  annotated figure and – more importantly – are completely inaccurate,[5] which is

3  perhaps why Broadcom's Opposition provides no citation to record evidence.



12  (Opposition at 17).  But, setting aside that Broadcom's argument has nothing to do

13  with literal infringement, Broadcom does not prove –

5

6  D.I. 457, Exhibit Q to Lamberson Decl. Invalidity ¶56, 159.

7  *Id.* ¶52, 56, 159.

8  *Id.* ¶ 52.

1    ███████████████████ As such, the InSpeed products cannot literally infringe for

2    this additional reason.

3    █████████████████████████████████████████████

█████████████████████████████████████████████

███████████████████████   █████████████████████████

██████████████████████████████ (Opposition 18).  For support,

7    Broadcom strangely cites to the '691 patent specification, which discloses that a

8    *port* sends control signals "to the *crossbar switch*," which is precisely what the

9    claim expressly requires and what Emulex argues.  This citation does *not* refer to

10   some "centralized logic" as Broadcom's Opposition next argues without record

11   evidence or expert support.  Moreover, what Broadcom leaves unsaid is that each

12   accused port *cannot establish a connection through the crossbar switch* as required

13   by the express claim language and Broadcom's selected patent citation.[9] ████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████

████████████████████████████████████████

█████████████████████████████████ As such,

19   the InSpeed products cannot literally infringe these claims that expressly require that

20   ports perform this function.

21          In an effort to save its infringement case without supporting record evidence,

22   Broadcom tries to convince this Court that Emulex's current motion is "similar" to

23   one in Broadcom's previous litigation against Qualcomm involving different patents

24   and different accused products. (Opposition at 19-20).  In *Qualcomm*, this Court

25   *construed* the claim limitation-at-issue to require that a DSP "distributes control

26   instructions to the plurality of processing units."  *Broadcom Corp. v. Qualcomm*

27   _____

[9]      D.I. 457, Exhibit Q to Lamberson Decl. Invalidity ¶¶ 55, 56, 154.

28

1  *Inc.*, SACV 05-467-JVS (C.D. Cal. Mar. 16, 2007), Dkt. No. 439 [Order Denying

2  Summary Judgment Motions] at 9.  Qualcomm argued, via summary judgment, that

3  "control logic," not the accused DSP, sent control instructions to the processing

4  units. (*Id.* at 9-10).  Unlike here, Broadcom offered record evidence to create a

5  dispute of material fact, showing that the accused DSP sent instructions to the

6  control logic "to control the behavior of the processing units." (*Id.* at 9-10).  Thus,

7  Broadcom provided some evidence in support of its argument that Qualcomm's

8  "control logic" was merely an "intermediary component." (*Id.*).

9      But, as with the rest of its Opposition, Broadcom can't support this

10  *Qualcomm* analogy with evidence from this litigation. ██████████████

██████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

█████  ████████████████████████████████

█████  ████████████

█████  █  ███████████████████████████

█████  ████████████████

█████  █  ███████████████████████████

█████  ██████████████████

█████  █  ████████████████████████████

█████  ███████████████████████

█████  ██████████████████████████████████

25  ████████████████████████████  Most importantly, the claims

25  require the ***ports*** to *include circuitry* for performing certain functions, not merely

26  that the ports be "involved" in those functions.  As such, Broadcom's Opposition

27  appears to be improperly arguing a doctrine of equivalents argument to oppose a

28  finding of no literal infringement.

1    The '691 patent issued with language expressly requiring specific structural
2    components, "port circuits," to include specific circuitry and to perform the
3    functions enumerated in claims 7 and 10.  It is undisputed that the accused InSpeed
4    "port circuits" do not include that circuitry and do not perform those functions and,
5    therefore, the InSpeed products cannot literally infringe as a matter of law.

6    **C.    Broadcom's attorney argument has failed to prove a reasonable
7    jury could find that Emulex Products infringe claim 3 of the '500
     patent**

8    Similarly for the second Fibre Channel Patent, Broadcom's conclusory
9    attorney argument cannot overcome Emulex's Motion for Summary Judgment of No
10   Infringement of the '500 patent. *See Ferring B.V.*, 437 F.3d at 1193 ("conclusory
11   allegations and attorney arguments are insufficient to overcome a motion for
12   summary judgment.").  Specifically, the record evidence remains undisputed that the
13   accused Emulex InSpeed products do not, as claim 3 requires, "provid[e] a plurality
14   of separate backplane data paths" under the plain meaning of this limitation to a
15   person of ordinary skill in the art.

16   Ignoring repeated *Broadcom* testimony that external cables are not
17   "backplane data paths," Broadcom's attorneys argue – without corroboration
18   (intrinsic or otherwise) – that a construction of "backplane data path" encompasses
19   more than metal traces on a printed circuit board. (Opposition 21).  Broadcom's
20   attorneys neglect to explain their claim interpretation and, instead, throw mud at
21   Emulex because Emulex's non-infringement argument is "substantively identical to
22   its expert's stricken construction." (Opposition at 21).  What Broadcom fails to
23   acknowledge is that Emulex's expert determined that the *plain meaning* of that
24   claim language is identical to that testified to by *Broadcom*'s witnesses.

25   / / /
26   / / /
27   / / /
28

1    Instead, Broadcom's attorneys draw up a brand new infringement theory that

2   is wholly absent from its infringement contentions, expert report, or expert

3   deposition.  Namely, Broadcom's Opposition argues that Emulex's accused

4   products, which are connected via external cables, are actually "coupled" by metal

5   traces on a backplane because "claim 3 does not require a single material or medium

6   to form the complete path between two devices." (Opposition at 22-23).

7   Broadcom's attorneys then conclude that "an implementation where SOCs on

8   different circuit boards each have metal traces connecting to a common external

9   cable meets this limitation." (Opposition at 23).  But Broadcom's Opposition only

10   now debuts this new infringement theory without any record evidence or expert

11   support. ███████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████

19   ████████████████████████████████████

20   ████████████████████████████████████

21   ████████████████████████████████████

22   ████████████████████████████████████

23   ████████████████████████████████████

24   ████████████████████████████████████

25   (InSpeed SOC 422 Databook at ELX-PAT-27047 (emphasis added).)

26   (D.I. 394, Exhibit C to Lamberson Decl. ¶ 175). ████████████████

27   ████████████████████████████████████████

28

1 ████████████████████████████████ Moreover, ignoring its own

2 expert's allegations and citing deposition testimony not relied on by its expert,

3 Broadcom's Opposition argues that Emulex and its customers have ████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████

8       Even if Broadcom's new infringement theories are accepted, Broadcom's

9 attorneys provided no evidence that Emulex's accused products behave this way.

10 Such speculative attorney argument is insufficient to prevent summary judgment

11 under Federal Circuit law. *Ferring B.V.*, 437 F.3d at 1193 ("In short, appellants'

12 argument concerning credible explanations consists entirely of speculation.

13 Conclusory allegations and attorney arguments are insufficient to overcome a

14 motion for summary judgment."). Also, Broadcom's unsupported interpretation is

15 contrary to intrinsic evidence and the inventors' understanding of this term.[11] In

16 short, Broadcom's new infringement theories are unsupported by evidence or its

17 expert, and are insufficient to create a material factual dispute. For at least these

18 reasons, Emulex asserts that summary judgment of no literal infringement of claim 3

19 of the '500 patent by Emulex's InSpeed products is warranted.

20

21

22

---

[10] ████████████████████████████████████

  ████ ██████████████████████████████████

  ████████████████████

████████████████████████████████████████████

[11]      '691 patent at 17:30-32 ("data path 130 is comprised of metallic data paths on the printed circuit board"); (D.I. 394, Exhibit E to Lamberson Decl. at 129:2-10).

CASE NO. CV 09-1058-JVS (ANx)

**D.  Broadcom's Opposition failed to dispute the inadequacy of its expert's DOE "analysis" for either patent**

Broadcom's Opposition does not dispute that its expert's doctrine of equivalents (DOE) opinions do not include independent analysis and do not cite any evidence, making Broadcom's expert's DOE opinion insufficient to withstand summary judgment. *See Stumbo v. Eastman Outdoors, Inc.*, 508 F.3d. 1358, 1365 (Fed. Cir. 2007) (stating when a technical expert opines on DOE in a conclusory fashion, "such cursory conclusions will not withstand summary judgment."). Instead, Broadcom merely stated that its expert's DOE opinion for "backplane data path" was sufficient since it "addressed each prong of the function/way/result DOE test." (Opposition 23).  This specific limitation, chosen by Broadcom to presumably put its "best foot forward," could not demonstrate more clearly the inadequacy of Broadcom's expert's DOE opinion. ███████████████████████████

███████████████████████████████████████

///

///

---

[12]   D.I. 394, Exhibit C to Lamberson Decl. ¶180-1.

1   As proven in Emulex's opening Motion, this DOE opinion for "backplane data

2   path" merely drops the claim language into a boilerplate template without specific

3   arguments or evidence.  And Broadcom's expert's DOE opinion for every limitation

4   provides the same boilerplate statements with no analysis, no reference to evidence,

5   and certainly not the "particularized testimony and linking argument as to the

6   'insubstantiality of the differences' between the claimed invention and the accused

7   device or process, or with respect to the function, way, result test" that the Federal

8   Circuit requires to find infringement under the DOE." *PC Connector Solutions LLC*

9   *v. SmartDisk Corp.*, 406 F.3d 1359, 1364 (Fed. Cir. 2005).

10          In short, Emulex respectfully requests the Court rule that Broadcom's expert

11   opinion on doctrine of equivalents is legally insufficient and find no infringement

12   under the doctrine of equivalents.

13   **E.    Broadcom still provides no evidence of indirect infringement under the '500 patent with regard to the SOC 442, Sequoia, and SOC 804**

14          Putting aside the other deficiencies in Broadcom's infringement theory, which

15   is solely based on Emulex's customer's use of the accused products in a cascaded

16   configuration, Broadcom also fails to come forward with evidence sufficient to

17   show that customers in fact use the SOC 442, Sequoia, or SOC 804 in a cascaded

18   configuration.  The parties agree that for indirect infringement, Broadcom must, at a

19   minimum, provide evidence that Emulex's customers cascade the accused products.

20   (Opposition at 24).[13]  As Broadcom's expert admits, Broadcom has no such

21   evidence with respect to the SOC 442, Sequoia, and SOC 804.

22          First, Broadcom's Opposition does not dispute that Broadcom has no direct

23   evidence that any Emulex customer arranges the SOC 442 or Sequoia in the

24   cascaded configuration.  So instead, Broadcom's Opposition claims that Emulex

25

26   [13] *See Novartis Pharms. Corp. v. Eon Labs. Mfg., Inc.*, 363 F.3d 1306, 1308 (Fed.

27   Cir. 2004) ("it is well settled that there can be no inducement or contributory infringement absent an underlying direct infringement").

28

1 | documentation encourages its customers to cascade the SOC 442 and Sequoia.

2 | (Opposition at 24).  But, as a matter of law, indirect infringement requires more than

3 | mere encouragement and Broadcom's Opposition provided no evidence of direct

4 | infringement.  Broadcom's technical expert confirmed the same:

5 | ● ██████████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

9 | In short, Broadcom cannot rely on hypothetical direct infringement to avoid

10 | summary judgment.  *See ACCO Brands, Inc. v. ABA Locks Mfrs. Co., Ltd.*, 501 F.3d

11 | 1307, 1313-14 (Fed. Cir. 2007) ("Hypothetical instances of direct infringement are

12 | insufficient to establish vicarious liability or indirect infringement.") (citing

13 | *Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1274-5 (Fed. Cir.

14 | 2004) ("[t]he mere sale of a product capable of substantial non-infringing uses does

15 | not constitute indirect infringement of a patent.").

16 | ██████████████████████████████████████████

██████████████████████████████████████

18 | (Opposition at 24).  ███████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████  Importantly, Emulex specifically did

23 | not request summary judgment of no indirect infringement with respect to those two

24 | models.  █████████████████████████████████████████

██████████████████████████████████████████

26 |

27 | [14]   D.I. 394, Exhibit D to Lamberson Decl. at 115:16-18.

28 | [15]   *Id.* at 115:22-24.

1  ████████████████████████████████████████████████████████████████
2  ●████████████████████████████████████████████████████████████ 16

3  ## III.  CONCLUSION

4        Broadcom's uncorroborated attorney argument cannot survive summary

5  judgment.  For that reason alone, and in addition to those reasons above, Emulex

6  respectfully requests that the Court grant Emulex's motion for summary judgment

7  that: (1) the InSpeed Products do not infringe Claims 7 or 10 of the '691 patent; (2)

8  the InSpeed Products do not infringe Claim 3 of the '500 patent; (3) Emulex's SOC

9  442, Sequoia, and SOC 804 do not indirectly infringe Claim 3 of the '500 patent;

10  and (4) Emulex's products do not infringe any asserted claim of either the '500 or

11  '691 patents under the doctrine of equivalents.

12

13  Dated:  July 5, 2011                         FISH & RICHARDSON P.C.

14

15                                               By:

16                                                    Jonathan J. Lamberson

17                                               Attorneys for Defendant and
                                                 Counterclaimant
18                                               EMULEX CORPORATION

19

20  *Additional Counsel*

21  David M. Barkan (SBN 160825)
       *barkan@fr.com*
22  Jonathan J. Lamberson (SBN 239107)
       *lamberson@fr.com*
23  FISH & RICHARDSON P.C.
    500 Arguello Street, Suite 500
24  Redwood City, California 94063-1526
    Telephone:  (650) 839-5070
25  Facsimile:  (650) 839-5071

26

27  ████████████████████████████████████████████████████████████

28

1
2
3
4

Joseph V. Colaianni, Jr. (*pro hac vice*)
  *colaianni@fr.com*
FISH & RICHARDSON P.C.
1425 K Street, N.W., 11th Floor
Washington, DC 20005
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

5
6
7
8

Thomas H. Reger II (*pro hac vice*)
  *reger@fr.com*
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone: (214) 747-5070
Facsimile: (214) 747-2091

9
10
11
12

Wasif H. Qureshi (*pro hac vice*)
  *qureshi@fr.com*
FISH & RICHARDSON P.C.
One Houston Center
1221 McKinney Street, 28th Floor
Houston, Texas 77010
Telephone: (713) 654-5300
Facsimile: (713) 652-0109

13
14

50790340.doc

15
16
17
18
19
20
21
22
23
24
25
26
27
28

CASE NO. CV 09-1058-JVS (ANx)