WILLIAM F. LEE (admitted *pro hac vice*)
(william.lee@wilmerhale.com)
DOMINIC E. MASSA (admitted *pro hac vice*)
(dominic.massa@wilmerhale.com)
JOSEPH J. MUELLER (admitted *pro hac vice*)
(joseph.mueller@wilmerhale.com)
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA  02109
Telephone:  (617) 526-6000
Facsimile:   (617) 526-5000

Attorneys for Plaintiff and Counterclaim Defendant
BROADCOM CORPORATION
(Additional Counsel Listed on Signature Page)

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| BROADCOM CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>EMULEX CORPORATION,<br><br>Defendant.<br><br><br>And Related Counterclaims | CASE No. SACV09-01058-JVS (ANx), consolidated SACV10-03963-JVS (ANx)<br><br>**PLAINTIFF BROADCOM CORPORATION'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO EXCLUDE REFERENCES TO PRE- OR POST-TRIAL PROCEEDINGS**<br><br>Hearing Date: August 15, 2011<br>Time:         11:00 a.m.<br>Courtroom:    10C<br><br>Before Hon. James V. Selna<br><br>**PUBLIC, REDACTED VERSION** |

**TO DEFENDANT AND ITS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, on August 15, 2011 at 11:00 a.m., or as soon thereafter as may be heard, in the Courtroom of the Honorable James V. Selna, located at 411 West Fourth Street, Santa Ana, California, plaintiff Broadcom Corporation will and hereby does move for an order *in limine* precluding defendant Emulex Corporation from making any reference in front of the jury to pre- or post-trial proceedings, including but not limited to previous party positions that are no longer live issues (e.g., dropped patents, claims, and infringement contentions), arguments made to but not adopted by the Court, the process of drafting expert reports, and Broadcom's request for injunctive relief.

Broadcom brings this Motion pursuant to Federal Rules of Evidence 401-403. This Motion is based on the attached Memorandum of Points and Authorities and such other argument and evidence that the Court may consider at the hearing on this Motion.

This Motion is made following a conference of counsel pursuant to Local Rule 7-3, which took place on July 5, 2011.

Dated: July 15, 2011

Respectfully submitted,

WILMER CUTLER PICKERING
HALE AND DORR LLP

By: /s/ Michael D. Jay
     Michael D. Jay

Attorneys for Plaintiff
BROADCOM CORPORATION

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Introduction

Pursuant to Federal Rules of Evidence 401, 402, and 403, Broadcom Corporation moves *in limine* for an order precluding Emulex Corporation from making any reference in front of the jury to the pre- or post-trial proceedings, in order to keep the jury focused exclusively on the issues that the jury will need to decide: the parties' contentions at trial. Broadcom respectfully requests that the Court preclude Emulex from referring to the pre- or post-trial proceedings, including but not limited to: (i) previous party positions that are no longer live issues, e.g., dropped patents, claims, and infringement contentions; (ii) previous arguments made to, but not adopted by, the Court, including during the *Markman* process; (iii) the process of drafting expert reports; and (iv) Broadcom's request that the Court impose injunctive relief if the jury finds in Broadcom's favor on patent infringement and validity. All these pre- and post-trial issues have no relevance to the issues that the jury must decide at trial. *See, e.g., Advanced Cardiovascular Sys., Inc. v. Medtronic, Inc.*, 265 F.3d 1294, 1308-10 (Fed. Cir. 2001) (affirming district court's decision to preclude defendant from "discussing the procedural history of the case" including patents that "were no longer in dispute or relevant").

## II. Argument

In support of this Motion, Broadcom states as follows:

### A. Previous, Now-Withdrawn Contentions

1. The parties have worked to narrow the issues before trial both at the Court's request and as part of the natural progression of the case. As fact and expert discovery unfolded, Broadcom withdrew its contentions as to five patents and over 150 patent claims. Further, as it developed the factual record, Broadcom has withdrawn its infringement contentions against several Emulex products that

were ultimately demonstrated to not exist, not infringe, or would result in an inefficient use of the Court's and the jury's time at trial (e.g., products that were developed and tested but not sold in significant quantities to the public). Emulex likewise has dropped its assertion of over 100 prior art references for the patents remaining in the case. For the "Fibre Channel" patents (the '500 and '691 patents), for example, Emulex's final invalidity contentions asserted 14 prior art references, but Emulex ultimately asserted only *one* prior art reference in its expert's report on invalidity. All such withdrawn contentions—from both sides—should be excluded under Federal Rules of Evidence 401, 402, and 403.

2. As procedural background, the Court limited Broadcom to a total of 20 asserted claims at Emulex's request.[1] (*See* Minutes in Chambers, June 30, 2010 [Dkt. No. 167] at 9.) In response, Broadcom made difficult sacrifices in tailoring its case narrowly for trial, and elected to pursue 20 claims across eight patents. (*See* Ex. A[2] [Broadcom Corporation's First Amended Disclosure of Asserted Claims and Infringement Contentions, July 30, 2010].) Further heeding the Court's advice to simplify the case for trial, Broadcom later dropped an additional two patents and corresponding claims, and claims of remaining patents, leaving only 16 claims across seven patents for trial, each related to networking technology used in storage area networks and associated computer servers. (Broadcom is evaluating whether it can drop additional claims to narrow the trial issues still further.) Over the course of the case, Broadcom has also withdrawn infringement contentions for certain patents as applied to certain Emulex products—for

---

[1] Emulex sought to limit Broadcom to 15 asserted claims. (*See* Minutes in Chambers, June 30, 2010 [Dkt. No. 167] at 1.)

[2] All citations to exhibits refer to the exhibits attached to the Declaration of Cosmin Maier in Support of Broadcom's Motion In Limine No. 1 To Exclude References To Pre- or Post-Trial Proceedings.

**BROADCOM'S MOTION IN LIMINE NO. 1 TO EXCLUDE REFERENCES TO PRE- OR POST-TRIAL PROCEEDINGS**

-2-

1
2 ███████████████████████████████████████████

3.  Evidence of these now-withdrawn patents, claims, and contentions should be inadmissible. *Paltalk Holdings, Inc. v. Microsoft Corp.*, No. 2:06-CV-367-DF, 2009 U.S. Dist. LEXIS 131090, at *6-7 (E.D. Tex. Feb. 25, 2009). As the court in *Paltalk* recognized in granting plaintiff's motion in limine:

> Reference to any prior patent claims, causes of action or forms of relief that have been dismissed or abandoned during this lawsuit would have little relevance and be highly prejudicial…
>
> [T]he jury is ill-equipped to determine whether [plaintiff's] abandonment of previous claims occurred for purely strategic reasons or occurred because [defendant] possessed legitimate defenses.

*Id.*; *see also 3Com Corp. v. Realtek Semiconductor Corp.*, No. C-03-2177-VRW, 2008 U.S. Dist. LEXIS 108620, at *11 (N.D. Cal. Mar. 24, 2008) (granting motion in limine to preclude defendant "from referring to or introducing evidence relating to patents and claims no longer asserted…"); *Hewlett-Packard Co. v. Mustek, Inc.*, No. 99-CV-351-RHW, 2001 U.S. Dist. LEXIS 26331, at *4 (S.D. Cal. June 11, 2001) (granting motion in limine "to exclude reference to or evidence of patents that have been dismissed from this litigation"); *Abbott Labs. V. Sandoz, Inc.*, 743 F. Supp. 2d 762, 781-82 (N.D. Ill. 2010) (granting motion in limine to exclude

patent no longer part of case as not pertinent to inequitable conduct claim of earlier patent).[3]

4.  As another example of a court excluding such issues, in *3Com* plaintiff also argued that evidence relating to a previous claim for lost profits had no probative value and may be prejudicial in that it could lead the jury to believe plaintiff's claims were weak generally. *3Com Corp.*, 2008 U.S. Dist. LEXIS 108620, at *12. The court granted plaintiff's motion in limine to exclude such evidence from trial. *Id.*

5.  The logic of these cases applies with equal force here. The only reason Emulex would seek to allow the jury to hear evidence regarding Broadcom's withdrawn patents, patent claims, or infringement contentions would be in support of some inference that Broadcom's claims are weak generally, thereby prejudicing Broadcom—with ***no*** countervailing probative value to any issue the jury must decide. Fed. R. Evid. 403.

6.  Further, it is apparent from Emulex's summary judgment filings that it seeks to introduce evidence of Broadcom's withdrawn infringement contentions as to certain products in order to impute an alleged position to Broadcom regarding the scope of the claims. (*See, e.g.*, Emulex's Opposition to Broadcom's Motion for Summary Judgment of No Invalidity [Dkt. No. 493] at 2-3.) As Broadcom has explained, this line of argument fails for multiple reasons. (*See, e.g.*, Broadcom's Opposition to Motion for Summary Judgment of No Infringement (Counts 4/5), June 29, 2011 [Dkt. No. 502] at 11-15.) Moreover, at bottom Emulex is making a claim construction argument—which, under black-letter law, is for the Court not

---

[3] In *Samsung Elecs. Co. v. Quanta Computer, Inc.*, 2006 U.S. Dist. LEXIS 75987, at *6-7 (N.D. Cal. Oct. 4, 2006), evidence of prior patents was admitted to allow defendant to explain the lateness of its opinion of counsel defense, arguing that the withdrawn patents diverted defendant's time. *Id.*; Ex. B [Def. Resp. to Mot. *In Lim.* No. 4]. That issue is not present here, thus *Samsung* is inapposite.

the jury. *See, e.g., Markman v. Westview of Instruments, Inc.*, 52 F.3d 967, 970-71 (Fed. Cir. 1995) (*en banc*) (holding claim construction is an issue of law for the court), *aff'd* 517 U.S. 370 (1996); *Cordis Corp. v. Boston Scientific Corp.*, 561 F.3d 1319, 1337 (Fed. Cir. 2009) ("We have held that it is improper to argue claim construction to the jury…"). Emulex's strategy would confuse the jury and undermine the jurors' ability to decide the issues they are truly charged with deciding. Fed. R. Evid. 403. This is yet another reason for precluding Emulex from raising Broadcom's withdrawn contentions before the jury.

7. Finally, allowing Emulex to refer to previously-asserted claims or infringement contentions would result in bad policy from a case and trial management perspective. Emulex effectively seeks license to launch an attack at trial based on interlocutory filings and litigation correspondence made by the parties as the factual record was in the progress of being developed and analyzed—rather than the contentions the parties assert at trial. This is improper: the jury is charged with deciding the parties' trial contentions (based on the factual evidence and expert opinions introduced at trial)—not adjudicating positions from earlier in the case. If Emulex were correct, and all pretrial positions could be used against a party at trial, parties would resist agreeing to narrow issues for trial (as this Court has urged)—because the party "dropping" contentions could nonetheless be criticized at trial based on the dropped contentions.

8. For all these reasons, evidence of previous party positions that are no longer live issues, including dropped patents, claims, and infringement contentions, should be excluded from trial. This order would apply to both sides' contentions, and under it Broadcom would not be permitted (for example) to refer to the many prior art references that Emulex once asserted but has since dropped.

**B. Arguments Not Adopted By The Court**

9. The parties should not be allowed to present arguments that have been made to, but rejected by, the Court. For example, during the *Markman* process Emulex argued that Broadcom's position in a separate litigation[4] involving three of the same patents required the Court to adopt a particular construction. (*See* Emulex's Opening Claim Construction Brief, Oct. 18, 2010 [Dkt. No. 218] at 23-24.) The Court expressly rejected Emulex's argument. (Markman Order, Dec. 17, 2010 [Dkt. No. 261] at 17, n. 6.) As such, Emulex should not be allowed to present evidence concerning this same argument to the jury. *Cordis Corp.*, 561 F.3d at 1337 ("We have held that it is improper to argue claim construction to the jury...") Allowing Emulex to present a claim construction argument (or any other argument) that is inconsistent with the construction (or conclusions) ultimately adopted by the Court will only serve to confuse the jury, has no probative value, would prejudice Broadcom and, to the extent Broadcom would be forced to rebut it, would result in a waste of time. Fed. R. Evid. 401-403.

### C. Expert Report Drafting Process

10. The parties stipulated that discovery of testifying expert-related materials would be limited to final versions of reports, materials reviewed or relied upon by the expert, and experts' invoices. (*See* Joint Rule 26(F) Report [Dkt. No. 34] at 13-14.) Further, the parties agreed that communications between a party's counsel and any testifying expert would not be discoverable, and that draft reports would be exempt from production or discovery. *Id.* The Federal Rules, as amended in December 2010, codified similar limitations on expert discovery. Fed. R. Civ. P. 26(b)(4). As such, neither party should be permitted to refer to the drafting process of expert reports, including who (expert or lawyer) provided each portion of the reports.

### D. Injunctive Relief

---

[4] *Agere Systems, Inc. v. Broadcom Corp.*, No. 03-3138-BMS (E.D. Pa.).

11. Broadcom has requested injunctive relief, as is its right under 35 U.S.C. § 283. The fact that Broadcom has requested such relief is of no probative value to any issue that the jury will need to consider in this action—namely, the issues of infringement and validity. Entitlement to a permanent injunction is an equitable issue and, should the jury find infringement, the Court alone will decide the appropriateness of injunctive relief.[5] It would be improper for the jury to consider in its deliberations the potential effect of such relief. *See Computer Assoc. Int'l, Inc. v. American Fundware, Inc.*, 831 F. Supp. 1516, 1530 (D. Co. 1993) (granting motion *in limine* to exclude reference to claim for injunctive relief in jury's presence because "[the Court] will determine, if necessary, whether to enjoin AFW's distribution of PC-Fund or Fundware based on the jury's conclusions"); *see also, Voda v. Cordis Corp.*, No. CIV-03-1512-L, 2006 U.S. Dist. LEXIS 97321, at *4 (W.D. Okla. May 10, 2006) (motion to preclude reference to injunctive relief during trial moot because plaintiff "concede[d] injunctive relief is an issue for the court, rather than the jury"). Because Broadcom's request for injunctive relief is irrelevant to any fact in dispute, the Court should preclude Emulex from making any reference to the possibility of an injunction pursuant to Federal Rules of Evidence 401 and 402.[6]

12. In addition, any reference by Emulex to the possibility of an injunction would confuse the issues that the jury will need to consider and risks unfairly prejudicing the jury against Broadcom. *See, e.g., United States Football League v.*

---

[5] Entry of an injunction is committed to the discretion of the Court under the traditional factors for granting equitable relief. *eBay Inc v. MercExchange, L.L.C.*, 126 S. Ct. 1837, 1839 (2006). *See also W.L. Gore & Assocs., Inc. v. Garlock, Inc.*, 842 F.2d 1275, 1281 (Fed. Cir. 1988); *Bose Corp. v. JBL, Inc.*, 112 F. Supp. 2d 138, 170 (D. Mass. 2000).

[6] *Ciena Corp. v. Corvis Corp.*, 352 F. Supp. 2d 526, 529 (D. Del. 2005) (defendant precluded from referring to future injunctive relief in the presence of the jury).

BROADCOM'S MOTION IN LIMINE
NO. 1 TO EXCLUDE REFERENCES TO
PRE- OR POST-TRIAL PROCEEDINGS

1 | *National Football League*, No. 84-civ-7484-PKL, 1986 WL 7012, at *2-3
2 | (S.D.N.Y. June 17, 1986) (barring defendants "from referring to the possibility of
3 | injunctive relief in front of the jury, since such references would needlessly
4 | confuse the issues and unfairly prejudice plaintiffs"). Evidence of or reference to
5 | injunctive relief impermissibly invites the jury to contemplate policy issues that are
6 | either prescribed by statute or intentionally left to the Court's discretion.
7 | Moreover, given the ubiquity of computer networking technology, if Emulex
8 | suggested to the jury that Broadcom is seeking to take certain networking
9 | technology off the market, or make it more expensive by reducing the number of
10 | suppliers, the jury might look unfavorably on Broadcom. The threat of an
11 | injunction should not factor into the jury's determinations of infringement and
12 | validity. Instead, the possibility of an injunction remedy presents a classically
13 | irrelevant and potentially prejudicial fact, which the Court should exclude pursuant
14 | to Federal Rule of Evidence 403.
15 |     WHEREFORE, Broadcom respectfully requests that the Court exercise its
16 | authority under Federal Rules of Evidence 401, 402, and 403 and enter an order
17 | precluding Emulex from referring—directly or indirectly—to any pre- or post-trial
18 | proceedings, including but not limited to previous party positions that are no longer
19 | live issues (e.g., dropped patents, claims, and infringement contentions), arguments
20 | made to but not adopted by the Court (including at *Markman*), the process of
21 | drafting expert reports, and Broadcom's request that the Court impose injunctive
22 | relief if the jury finds in Broadcom's favor on patent infringement and validity.

Dated: July 15, 2011

WILMER CUTLER PICKERING
HALE AND DORR LLP

By: *(signature)*

Michael D. Jay

Attorneys for Plaintiff
and Counterclaim Defendant
BROADCOM CORPORATION