WILLIAM F. LEE
(admitted *pro hac vice*)
(william.lee@wilmerhale.com)
DOMINIC E. MASSA
(admitted *pro hac vice*)
(dominic.massa@wilmerhale.com)
JOSEPH J. MUELLER
(admitted *pro hac vice*)
(joseph.mueller@wilmerhale.com)
LOUIS W. TOMPROS
(admitted *pro hac vice*)
(louis.tompros@wilmerhale.com)
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA  02109
Telephone:  (617) 526-6000
Facsimile:   (617) 526-5000

Attorneys for Plaintiff
BROADCOM CORPORATION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BROADCOM CORPORATION,**<br><br>Plaintiff,<br><br>v.<br><br>**EMULEX CORPORATION,**<br><br>Defendant.<br><br>**And Related Counterclaims** | CASE No.  SACV09-1058 JVS (ANx) consolidated SACV 10-03963-JVS (ANx)<br><br>**BROADCOM CORPORATION'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 3 TO PRECLUDE EMULEX FROM ARGUING CLAIM CONSTRUCTIONS THAT EXCEED OR CONTRAVENE THE COURT'S** *MARKMAN* **ORDER**<br><br>Hearing Date:  August 15, 2011<br>Time:            11:00 a.m.<br><br>Before Hon. James V. Selna<br><br>**PUBLIC, REDACTED VERSION** |

**TO DEFENDANT AND ITS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, on August 15, 2011, at 11:00 a.m., or as soon thereafter as may be heard, in the Courtroom of the Honorable James V. Selna, located at 411 West Fourth Street, Santa Ana, California, plaintiff Broadcom Corporation will and hereby does move for an order *in limine* to preclude Emulex from arguing claim constructions that exceed or contravene the Court's *Markman* order, at trial. This Motion is based on the attached Memorandum of Points and Authorities and such other argument and evidence that the Court may consider at the hearing on this Motion.

This Motion is made following a conference of counsel pursuant to Local Rule 7-3, which took place on July 5, 2011.

Dated: July 15, 2011

WILMER CUTLER PICKERING
HALE AND DORR LLP

By: _____
Michael D. Jay

Attorneys for Plaintiff
BROADCOM CORPORATION

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Pursuant to the Court's schedule, the claim construction process was completed long ago. Yet in both in its expert reports and in its motions for summary judgment, Emulex has advanced new claim construction arguments. This Court struck Emulex's first attempt to circumvent the claim construction process, by granting Broadcom's motion to strike the claim construction arguments contained in the opening expert report of Gary Warden, Emulex's proffered expert for the Fibre Channel family of patents. This, however, has not deterred Emulex; Emulex has continued to submit expert reports and motions advancing new claim construction arguments for each of the patents-in-suit.

None of these arguments should be made to the jury, for multiple reasons: (1) the Federal Circuit has "held that it is improper to argue claim construction to the jury," *Cordis Corp. v. Boston Scientific Corp.*, 561 F.3d 1319, 1337 (Fed. Cir. 2009); (2) even if directed only to the Court, Emulex's claim construction arguments are untimely under the Court's rules; (3) Emulex's arguments fail on the substance: they do not follow the basic tenets of claim construction and they violate well-established principles governing patent infringement; and (4) Mr. Warden should not be permitted to rely on the same constructions that the Court struck from his opening report.

Broadcom thus respectfully requests that the Court preclude Emulex from arguing at trial the constructions identified herein or any other constructions that exceed or contravene the Court's *Markman* order.

## II. ARGUMENT

In support of this motion, Broadcom states as follows:

### A. Claim Construction Is For The Court, Not The Jury

1. As a threshold matter, claim construction is for the Court, not the jury. *See, e.g., Markman v. Westview of Instruments, Inc.*, 52 F.3d 967, 970-71 (Fed. Cir. 1995) (*en banc*) (holding claim construction is an issue of law for the court), *aff'd* 517 U.S. 370 (1996). The Federal Circuit has "held that it is improper to argue claim construction to the jury," *Cordis*, 561 F.3d at 1337, and this precedent bars any attempt by Emulex to circumvent the Court's *Markman* process and advocate claim constructions to the jury.

### B. Emulex Proposed Constructions Are Untimely

2. The claim construction process was completed nearly seven months ago. The initial phases of that process included a deadline for submission of expert reports on claim construction. (*See* Order Regarding Pretrial and Trial Dates, Jan. 11, 2010, Dkt. No. 40, at Ex. A-1 (setting July 16, 2010 as deadline to "Exchange Expert Reports on Claim Construction").) The parties ultimately agreed that, for simplicity, they would not rely on expert opinion for claim construction, and would not submit expert claim construction reports at all. (*See* Order Regarding Pretrial and Trial Dates, July 21, 2010, Dkt. No. 171 ("parties not relying on experts").) Then, after briefing and argument, the Court imposed a limit of twelve claim terms for construction—of which Broadcom used only three, leaving Emulex free to select nine of the twelve total terms for construction. (*See* Order Granting Leave to Exceed Page Limits, Oct. 8, 2010, Dkt. No. 210, at 1.) Following the Court's order, Emulex and Broadcom conferred to arrive at a joint set of terms for construction. The final set of terms was the subject of extensive briefing, a full *Markman* hearing, and a twenty-four-page decision by the Court. (*See* Order Regarding *Markman*/Claim Construction Hearing, Dec. 17, 2010, Dkt. No. 261.)

3.   Enforcing claim construction agreements and deadline is within the Court's discretion in managing its docket. *See, e.g., In re Synthes*, 346 Fed. App'x 583, 584 (Fed. Cir. 2009) (nonprecedential) ("[A] district court has broad discretion in managing its docket.") (citing *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1341 (Fed. Cir. 1983)); *see also In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1303, 1312-13 (Fed. Cir. 2011) (upholding district court decision to limit the number of asserted claims because "the district court needs to have broad discretion to administer the proceeding"). The Court exercised this discretion and expressly instructed the parties "to brief terms which will have the most significance in terms of the issues in the case." (Order Granting Leave to Exceed Page Limits, Oct. 8, 2010, Dkt. No. 210, at 2 (limiting number of claims to be construed to 12).)

4.   Here, the Court should exercise this discretion to bar Emulex from raising new construction issues now, long after the *Markman* process concluded and on the eve of trial. To permit Emulex to raise these issues now would vitiate the Court's rules governing claim construction. The Court's rules created a structured progression of events (e.g., with the *Markman* proceedings and order preceding expert reports), and Emulex's eleventh-hour proposed constructions would upset that process—and thereby prejudice Broadcom, which has abided by the Court's prescribed process.

### C.   Emulex's Proposed Constructions Are Wrong

5.   Even if timely—and they are not—Emulex's construction fail on the merits.

6.   For U.S. Patent Nos. 7,471,691 (the "'691 patent"), Emulex asks the Court to narrow the claims in a way that would exclude Figure 4 of the patent—an embodiment that is featured on the cover of the patent and which the claims plainly embrace. Precedent weighs against Emulex's attempt to exclude a disclosed

embodiment. *See Verizon Servs. Corp. v. Vonage Holdings Corp.*, 503 F.3d 1295, 1305 (Fed. Cir. 2007) ("We normally do not interpret claim terms in a way that excludes disclosed examples in the specification."). Broadcom explained the problems with Emulex's construction in greater detail in Broadcom's Opposition to Emulex's Motion for Summary Judgment of No Infringement (Counts 4/5), which Broadcom incorporates by reference herein. (*See* Dkt. No. 502 at 11-15.)

7. For U.S. Patent No. 7,058,150 ("the '150 patent"), Emulex construes "interpolator control module" as a ***single*** block of circuitry that is coupled to each receive lane and adapted to control the phase interpolators in each receive lane, even though—as with the '691 patent—this construction would exclude a preferred embodiment of the '150 patent, a result strongly disfavored by the Federal Circuit. *See, e.g., Verizon*, 503 F.3d at 1305. Broadcom explained the flaws in this construction in more detail in Broadcom's Opposition to Emulex's Motion for Summary Judgment of No Infringement (Count 11), which Broadcom incorporates by reference. (*See generally* Dkt. No. 531.)

8. For U.S. Patent No. 7, 313, 623 (the "'623 patent"), Emulex untimely raised a new claim construction issue in the rebuttal report of its technical expert, Dr. Anthony Acampora. As part of this report, Dr. Acampora opined that "operatively couple," a term that appears in each of the asserted claims (claims 14, 15, and 25), requires a showing of actual performance of the limitations of the claim:

[redacted]

[Redacted]

9.  This report was submitted on May 13, 2011, almost five months after the Court issued the *Markman* order. As with Mr. Warden's claim construction opinions that the Court struck, Dr. Acampora's belated claim construction proposal breaches the Court's rules.

10. In addition to being untimely, Dr. Acampora's construction of "operatively coupled" on which he relies contravenes the law governing infringement. Each of the asserted claims of the '623 patent are system claims. It is well established that infringement of a system or apparatus claim requires only that the device have the claimed structure and that this structure in the device have the *capability* of functioning as described by the claim. *See Finjan v. Secure Computing*, 626 F.3d 1197, 1205 (Fed. Cir. 2010). A system claim does not require the actual performance of any method steps. *Id.*; *see also Baldwin Graphics Systems, Inc. v. Siebert, Inc.*, 512 F.3d 1338, 1344 (Fed. Cir. 2008) ("Courts must generally take care to avoid reading process limitations into an apparatus claim.")

11. Similarly, Dr. Daniel Rubinfeld, Emulex's expert on damages, opines as part of his report that infringement of the '623 patent requires a showing of actual performance of the limitations of the claim:

[Redacted]

[REDACTED]

12. For the same reasons discussed above with respect to Dr. Acampora, Dr. Rubinfeld's construction of the asserted claims of the '623 patent is untimely and contravenes the law of infringement. *See Finjan*, 626 F.3d at 1205; *Baldwin Graphics Systems, Inc.*, 512 F.3d at 1344.

### D. Mr. Warden Should Not Be Permitted To Rely On The Constructions The Court Struck.

13. On April 29, 2011 Broadcom moved to strike Section V (entitled "Application Claim Interpretations") of Mr. Warden's initial expert report. (*See* Joint Stipulation to Expedite Consideration of Motions to Strike Expert Reports, or Portions Thereof, Apr. 29, 2011, Dkt. No. 336.) Broadcom argued that this was an untimely attempt at claim construction in violation of the Court's orders on the timing of claim construction and limit on the number of terms that the Court would construe, as well as the agreement of the parties—memorialized by order of the Court—that expert reports would not be relied upon in claim construction. (*See id.* at 2-3.) Broadcom cited clear authority upholding the Court's discretion to set rules in managing its docket, and requested that the Court enforce its rules and strike the untimely opinions. (*See id.* at 4-5.)

14. The Court granted Broadcom's motion and struck Section V of Mr. Warden's initial expert report. (Order Re the Parties' Respective Motions to Strike Certain Expert Reports, or Portions Thereof, May 5, 2011, Dkt. No. 341.)

[REDACTED]





16.     Mr. Warden should not be allowed to rely on these untimely claim constructions—initially raised in violation of the rules of this Court and stricken by the Court—at trial. The Court should enforce its order striking Mr. Warden's untimely claim constructions arguments. (*See* Dkt. No. 341.)

### III. CONCLUSION

For the reasons stated above, Broadcom respectfully requests that the Court grant Broadcom's Motion to exclude evidence and argument that is based on new and/or improper claim constructions.

Dated: July 15, 2011

WILMER CUTLER PICKERING
HALE AND DORR LLP

By: *[signature]*
Michael D. Jay

Attorneys for Plaintiff
BROADCOM CORPORATION

US1DOCS 7996878v1