WILLIAM F. LEE (admitted *pro hac vice*)
(william.lee@wilmerhale.com)
DOMINIC E. MASSA (admitted *pro hac vice*)
(dominic.massa@wilmerhale.com)
JOSEPH J. MUELLER (admitted *pro hac vice*)
(joseph.mueller@wilmerhale.com)
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA  02109
Telephone:  (617) 526-6000
Facsimile:   (617) 526-5000

Attorneys for Plaintiff and Counterclaim
Defendant
BROADCOM CORPORATION
(Additional Counsel Listed on Signature Page)

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| **BROADCOM CORPORATION,**<br><br>Plaintiff,<br><br>v.<br><br>**EMULEX CORPORATION,**<br><br>Defendant.<br><br><br>**And Related Counterclaims** | CASE No.  SACV09-01058 JVS (ANx), SACV10-03963-JVS (ANx)<br><br>**PLAINTIFF BROADCOM CORPORATION'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 4 PURSUANT TO RULE 37(C)(1) TO EXCLUDE REFERENCES TO ANY SUBJECT AS TO WHICH EMULEX CLAIMED PRIVILEGE OR IGNORANCE DURING DISCOVERY**<br><br>Date:           August 15, 2011<br>Time:          11:00 a.m.<br>Courtroom:   10C<br><br>Before Hon. James V. Selna<br><br>**REDACTED, PUBLIC VERSION** |

**TO DEFENDANT AND ITS ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE** that, on August 15, 2011 at 11:00 a.m., or as soon thereafter as may be heard, in the Courtroom of the Honorable James V. Selna, located at 411 West Fourth Street, Santa Ana, California, plaintiff Broadcom Corporation will and hereby does move for an order *in limine* precluding defendant Emulex Corporation from making any reference in front of the jury to any subject as to which Emulex claimed privilege (e.g., opinions of counsel) or ignorance (e.g., functionality of certain accused circuitry) during discovery.

Broadcom brings this Motion pursuant to Federal Rule of Civil Procedure 37(c)(1) and Federal Rules of Evidence 403 and 701.  This Motion is based on the attached Memorandum of Points and Authorities and such other argument and evidence that the Court may consider at the hearing on this Motion.

This Motion is made following multiple conferences of counsel pursuant to Local Rule 7-3.

Dated:  July 15, 2011

Respectfully submitted,

WILMER CUTLER PICKERING
HALE AND DORR LLP

By:

Michael D. Jay

Attorneys for Plaintiff

BROADCOM CORPORATION

BROADCOM'S MOTION IN LIMINE NO. 4
PURSUANT TO RULE 37(C)(1)

# MEMORANDUM AND POINTS OF AUTHORITY

## I.  Introduction

Broadcom Corporation hereby moves *in limine*, pursuant to Federal Rule of Civil Procedure 37(c)(1) and Federal Rules of Evidence 403 and 701, for an order precluding Emulex Corporation from offering evidence or making arguments about matters for which it has claimed attorney-client privilege or ignorance during discovery.  This preclusion should include, but not be limited to, the following:

(A)    Emulex should be precluded from asserting that it possesses opinions of counsel or advice of counsel relating to validity or infringement issues, because Emulex withheld these opinions during discovery on the ground of privilege.

(B)    Emulex should be precluded from asserting any knowledge of certain features or functionality of accused Emulex products for which Emulex claimed ignorance during discovery.

## II.  Argument

In support of its motion, Broadcom states as follows:

### A.    Emulex Should Be Precluded from Asserting That It Possesses Opinions of Counsel or Advice of Counsel Relating to Validity or Infringement Issues.

1.    On December 10, 2010, pursuant to the Court's July 21, 2010 Order Regarding Pretrial and Trial Dates, counsel for Emulex disclosed that "Emulex does not intend to rely on any opinions of counsel in defense of Broadcom's allegations of willful infringement." (*See* Ex. 1[1] [December 10, 2010 Letter from Geiszler to Tompros]; Order Regarding Pretrial and Trial Dates, July 21, 2010, Dkt. No. 171.)  Emulex never produced such opinions, and as a consequence

---

[1] All citations to exhibits refer to the exhibits attached to the Declaration of Bryan S. Conley in Support of Broadcom's Motion In Limine No. 4 Pursuant to Rule 37(c)(1) to Exclude References to Any Subject as to Which Emulex Claimed Privilege or Ignorance During Discovery.

**BROADCOM'S MOTION IN LIMINE NO. 4 PURSUANT TO RULE 37(C)(1)**

Broadcom never had the opportunity to probe the substance or quality of these opinions. Any reference by Emulex to any opinion of counsel would accordingly violate the Court's July 21 Order.

2.      Emulex has informed Broadcom that Emulex has the following opinions of counsel; again, none of these has been produced:

| Broadcom Patent-In-Suit | Emulex Opinion of Counsel |
| --- | --- |
| U.S. Patent No. 7,450,500 | Non-infringement |
| U.S. Patent No. 7,471,691 | Non-infringement |
| U.S. Patent No. 6,424,194 | Invalidity |
| U.S. Patent No. 7,486,124 | Invalidity |
| U.S. Patent No. 7,724,057 | Invalidity |
| U.S. Patent No. 7,058,150 | Invalidity |
| U.S. Patent No. 7,313,623 | Invalidity |

(*See* Ex. 2 [April 7, 2011 Deposition Tr. of James McCluney] at 215:12-216:5; Ex. 3 [April 11, 2011 Letter from Qureshi to Mueller] at 1-2.)[2]

3.      It is well-settled law that if the defendant elects not to produce its opinion(s)—and thereby waive the privilege—then it cannot refer to any opinion or advice at trial. To allow otherwise would improperly turn the attorney-client privilege into both "a sword and a shield." *Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1196 (9th Cir. 2001) (internal quotation marks omitted) (district court properly barred advice of counsel defense

---

[2] The absence of (depending on the patent) noninfringement or invalidity opinions is an admissible fact at trial, e.g., to help demonstrate that Emulex has taken a head-in-the-sand, "willfully blind" approach to the full consequences of its actions. *See Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068-71 (2011); *Broadcom Corp. v. Qualcomm Inc.*, 543 F.3d 683, 699 (Fed. Cir. 2008).

1    at trial where party had "refused to answer questions" during discovery); *see also,*

2    *e.g., Takeda Chem. Indus., Ltd. v. Mylan Labs., Inc.*, 459 F. Supp. 2d 227, 234

3    (S.D.N.Y. 2006) (defendant's untimely, "limited and piecemeal disclosure" meant

4    that defendant could not "rely on any advice of counsel it previously received but

5    did not disclose"); *Keyes Fibre Co. v. Packaging Corp. of Am.*, 763 F. Supp. 374,

6    376 (N.D. Ill. 1991) ("If … [the defendant] chooses to stand behind the privilege

7    and not permit discovery, then [the defendant] cannot introduce the opinions or

8    testimony of counsel to show that it is not guilty of willful infringement.").

9        4.    In sum, Emulex should be precluded from using as a sword evidence

10   that it previously shielded, i.e., evidence, arguments, or references to any of the

11   opinions of counsel received for the current patents-in-suit and claimed as

12   privileged during discovery—as well as any other subjects for which Emulex

13   claimed privilege during discovery.

14

       **B.**     **Emulex Should Be Precluded from Asserting Any Knowledge of**
15                  **Certain Features or Functionality of Accused Emulex Products**
                 **for Which Emulex Claimed Ignorance During Discovery.**
16

17        5.    In addition to asserting claims of privilege over its opinions of counsel

in this case—and, thus, shielding them from discovery—Emulex has also asserted
18

19   claims of ***ignorance*** as to certain features and functionality of its accused products.

20        6.    Most notably, Emulex has claimed ignorance regarding the accused

21   circuitry in the Emulex products accused of infringing U.S. Patent Nos. 6,424,194,

7,486,124, and 7,724,057 (collectively, "the '194 patent family"), as well as U.S.
22

23   Patent No. 7,058,150 ("the '150 patent"). The asserted claims of the '194 patent

24   family concern the combination of two circuit-based technologies—CMOS and

$C^3MOS$—in a device called a serializer/deserializer ("SerDes"). The '150 patent
25

26   teaches and claims circuitry using a "phase interpolator" to perform high-speed

27   sampling of data signals. This circuitry is often referred to as "clock and data

recovery" circuitry.
28

                    **BROADCOM'S MOTION IN LIMINE NO. 4**
                      **PURSUANT TO RULE 37(C)(1)**

7.    Throughout discovery, Emulex consistently claimed ignorance over the SerDes and clock and data recovery functionality of the Emulex products that Broadcom has accused of infringing the '194 patent family and the '150 patent.  In

8.    Counsel for Emulex again conceded this point at the June 30, 2010 hearing on Emulex's motions to enforce Patent Local Rules 3-1 and 3-7 and limit Broadcom's asserted claims, stating:  "Let me start off with a couple of misconceptions that I think came out there.  One is that Emulex knows or should know what the schematics or what the SerDes designs are like at all.  That's not true. ... Emulex doesn't even know what these designs are like."  (*See* Ex. 5 [June 30, 2010 Hearing Tr. of Defendant's Motion to Enforce Patent Local Rules 3-1, May 26, 2010, Dkt. No. 122, and Defendant's Motion to Limit the Claims Asserted by Broadcom, May 26, 2010, Dkt. No. 123] at 13, 15.)

9.    Counsel for Emulex also maintained this claim of ignorance in various correspondence with counsel for Broadcom.  (*See, e.g.,* Ex. 7 [March 23, 2010 Letter from Smith to Tompros] at 1 ("As Broadcom is well aware, the components of the products with the specific functionality that Broadcom has accused are largely designed and manufactured by third parties.  Thus, the types of detailed

1  technical documents and other information that Broadcom complains about are in

2  the possession of third parties.... They are not in Emulex's possession, custody or

3  control."); Ex. 8 [April 21, 2010 Letter from Smith to Tompros] at 4 ("And

4  Emulex has made clear that Emulex purchases many of the parts Broadcom has

5  attempted to place at issue in this action from third parties, and that Emulex

6  therefore possesses a dearth of technical documents regarding many of the parts at

7  issue.").

8

9

10

11

12      11.    It would be improper for Emulex to surface new information now

13  suggesting that Emulex actually has knowledge of how this circuitry works—after

14  having stonewalled Broadcom throughout discovery. *See, e.g.,* Fed. R. Civ. P.

15  37(c)(1) ("If a party fails to provide information or identify a witness as required

16  by Rule 26(a) or 26(e), the party is not allowed to use that information or witness

17  to supply evidence on a motion, at a hearing, or at a trial, unless the failure was

18  substantially justified or is harmless.").

19      12.    Moreover, any attempt by Emulex to offer testimony from its own

20  witnesses regarding the internal structure, features, or functionality of a

21  ███████████████ of circuitry would constitute inadmissible opinion

22  testimony by a lay witness in violation of Federal Rule of Evidence 701. Rule 701

23  mandates that any lay witness testimony "in the form of opinions or inferences is

24  limited to those opinions or inferences which are (a) rationally based on the

25  perception of the witness, (b) helpful to a clear understanding of the witness'

26  testimony or the determination of a fact in issue, and (c) not based on scientific,

27  technical, or other specialized knowledge within the scope of Rule 702." As

28  described above, any testimony of an Emulex fact witness would be not be

"rationally based on the perception of the witness," since Emulex has claimed ignorance of the SerDes and clock and data recovery circuitry.

13.     Lastly, with Emulex having disclaimed any knowledge about the accused SerDes and clock and data recovery circuitry, Broadcom would also suffer undue prejudice and unfair surprise should Emulex be permitted to suddenly claim to have an understanding of this ███████ circuitry.

14.     Accordingly, under Federal Rule of Civil Procedure 37(c)(1) and Federal Rules of Evidence 403 and 701, the Court should preclude Emulex from offering any Emulex witness testimony pertaining to the accused SerDes and clock and data recovery circuitry in the accused products.

WHEREFORE, Broadcom respectfully requests that the Court issue an order precluding Emulex from offering into evidence at trial information regarding matters for which it has claimed attorney-client privilege or ignorance during discovery.

Respectfully submitted,

Dated: July 15, 2011     By: _____
                              Michael D. Jay

                         Attorneys for Plaintiff
                         and Counterclaim Defendant
                         BROADCOM CORPORATION

# Appendix A

| Accused Product / Functionality | Emulex Testimony |
|---|---|
| BladeEngine2 / SerDes | |

App. A to Broadcom's MIL No. 4

| | |
|---|---|
| | |
| BladeEngine2 / Clock and Data Recovery | |

App. A to Broadcom's MIL No. 4



App. A to Broadcom's MIL No. 4



BladeEngine3 / SerDes

App. A to Broadcom's MIL No. 4



BladeEngine3 /
Clock and Data
Recovery

App. A to Broadcom's MIL No. 4



- 13 -

App. A to Broadcom's MIL No. 4



| SOC 422 and SOC 804[1] / SerDes | |

- 14 -



- 15 -

App. A to Broadcom's MIL No. 4

| SOC 422 and SOC 804 / Clock and Data Recovery |  |

App. A to Broadcom's MIL No. 4



| | |
|---|---|
| SOC 442 / SerDes | |
| SOC 442 / Clock and Data Recovery | |

App. A to Broadcom's MIL No. 4

| | |
|---|---|
| Lancer / SerDes | |
| Lancer / Clock and Data Recovery | |

App. A to Broadcom's MIL No. 4



Zephyr / SerDes

App. A to Broadcom's MIL No. 4



- 20 -

App. A to Broadcom's MIL No. 4



QT 2025 / SerDes

App. A to Broadcom's MIL No. 4