WILLIAM F. LEE (admitted *pro hac vice*)
(william.lee@wilmerhale.com)
DOMINIC E. MASSA (admitted *pro hac vice*)
(dominic.massa@wilmerhale.com)
JOSEPH J. MUELLER (admitted *pro hac vice*)
(joseph.mueller@wilmerhale.com)
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

Attorneys for Plaintiff and Counterclaim
Defendant BROADCOM CORPORATION
(Additional Counsel Listed on Signature Page)

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

**BROADCOM CORPORATION,**

**Plaintiff,**

**v.**

**EMULEX CORPORATION,**

**Defendant.**

**And Related Counterclaims**

CASE No. SACV09-01058 JVS (ANx), SACV10-03963-JVS (ANx)

**PLAINTIFF BROADCOM CORPORATION'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 5 TO EXCLUDE ANY EVIDENCE OF, OPINIONS ON, OR REFERENCES TO ALLEGEDLY NONINFRINGING SUBSTITUTE CIRCUITRY FROM THIRD PARTY SNOWBUSH PURSUANT TO RULE 37(c)(1)**

Hearing Date: August 15, 2011
Time: 11:00 a.m.
Place: Courtroom 10C

Before Hon. James V. Selna

**PUBLIC, REDACTED VERSION**

Motion in Limine No. 5 to Exclude Evidence of, Opinions on, or References to Noninfringing Substitute Circuitry from Snowbush

**TO DEFENDANT AND ITS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, on August 15, 2011, at 11:00 a.m., or as soon thereafter as may be heard, in the Courtroom of the Honorable James V. Selna, located at 411 West Fourth Street, Santa Ana, California, plaintiff Broadcom Corporation will and hereby does move for an order *in limine* precluding defendant Emulex Corporation from introducing any evidence of or opinions on—or making any reference in front of the jury to—any alleged noninfringing substitute circuitry from third party Snowbush for which Emulex has failed to disclose an admissible technical expert opinion to support its allegation.

Broadcom brings this Motion pursuant to Federal Rules of Civil Procedure 26(a)(2) and 37(c)(1) and Federal Rules of Evidence 401, 402, 403 and 702. This Motion is based on the attached Memorandum of Points and Authorities and such other argument and evidence that the Court may consider at the hearing on this Motion.

This Motion is made following several conferences of counsel pursuant to Local Rule 7-3.

Dated: July 15, 2011

Respectfully submitted,

WILMER CUTLER PICKERING HALE AND DORR LLP

By: [signature]
Michael D. Jay

Attorneys for Plaintiff and Counterclaim Defendant BROADCOM CORPORATION

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

[redacted]

-1-

Motion in Limine No. 5 to Exclude Evidence of, Opinions on, or References to Non-Infringing Substitute Circuitry from Snowbush

[redacted] Therefore, Emulex should be precluded from asserting at trial that noninfringing substitute SerDes circuitry from Snowbush exists.

[redacted]

## II. ARGUMENT

Expert testimony must be "based upon sufficient facts or data," must be "the product of reliable principles and methods," and "the witness [must apply] the principles and methods reliably to the facts of the case." Fed. R. Evid. 702. Rule 702 "establishes a standard of evidentiary reliability" for expert opinions and places the trial court in a gatekeeper role to ensure that the proffered experts and their opinions have "a reliable basis in the knowledge and experience of [the relevant] discipline." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999) (quoting *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 590, 592 (1993)).

[redacted] *See id.; Sundance, Inc. v. DeMonte Fabricating Ltd.*, 550 F.3d

-2-
Motion in Limine No. 5 to Exclude Evidence of, Opinions on, or References to Non-Infringing Substitute Circuitry from Snowbush

1356, 1363 (Fed. Cir. 2008) ("We hold that it is an abuse of discretion to permit a witness to testify as an expert on the issues of noninfringement or invalidity unless that witness is qualified as an expert in the pertinent art.").

Emulex as a party should likewise be prohibited from making any argument or seeking to introduce any evidence on this subject.

**A.**

-3-

Motion in Limine No. 5 to Exclude Evidence of, Opinions on, or References to Non-Infringing Substitute Circuitry from Snowbush



[2] If a party retains a witness to provide expert testimony, then it must timely disclose "a complete statement of all opinions the witness will express and the basis and reasons for them" in a written report "prepared and signed by the witness…." Fed. R. Civ. P. 26(a)(2); *O2 Micro Int'l. Ltd. v. Monolithic Power Systems, Inc.*, 467 F.3d 1355, 1368-69 (Fed. Cir. 2006).

-4-

Motion in Limine No. 5 to Exclude Evidence of, Opinions on, or References to Non-Infringing Substitute Circuitry from Snowbush



Similarly, Emulex as a party should be precluded from making any such argument pursuant to Federal Rules of Civil Procedure 26(a)(2) and 37(c)(1) and Federal Rules of Evidence 403 and 702.

Emulex thus would be left with naked attorney argument without any proper foundation—which could confuse the jury and unfairly prejudice Broadcom.

**B.**

-5-

Motion in Limine No. 5 to Exclude Evidence of, Opinions on, or References to Non-Infringing Substitute Circuitry from Snowbush

[redacted]

## III. CONCLUSION

For the foregoing reasons, Broadcom respectfully requests that the Court enter an order excluding from trial any evidence of, opinions on, or other references to any alleged noninfringing substitute circuitry from Snowbush.

Dated: July 15, 2011

Respectfully submitted,

WILMER CUTLER PICKERING HALE AND DORR LLP

By: [signature]
Michael D. Jay

Attorneys for Plaintiff
and Counterclaim Defendant
BROADCOM CORPORATION