WILLIAM F. LEE (admitted *pro hac vice*)
(william.lee@wilmerhale.com)
DOMINIC E. MASSA (admitted *pro hac vice*)
(dominic.massa@wilmerhale.com)
JOSEPH J. MUELLER (admitted *pro hac vice*)
(joseph.mueller@wilmerhale.com)
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

Attorneys for Plaintiff and Counterclaim Defendant BROADCOM CORPORATION
(Additional Counsel Listed on Signature Page)

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| **BROADCOM CORPORATION,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**EMULEX CORPORATION,**<br><br>**Defendant.**<br><br>**And Related Counterclaims** | CASE No. SACV09-01058 JVS (ANx), SACV10-03963-JVS (ANx)<br><br>**PLAINTIFF BROADCOM CORPORATION'S OPPOSITION TO DEFENDANT EMULEX CORPORATION'S MOTION IN LIMINE AND *DAUBERT* MOTION TO PRECLUDE IMPROPER DAMAGES THEORIES**<br><br>Hearing Date: August 15, 2011<br>Time: 11:00 a.m.<br>Place: Courtroom 10C<br><br>Before Hon. James V. Selna<br><br>**PUBLIC, REDACTED VERSION** |

# TABLE OF CONTENTS


I. INTRODUCTION .......... 1

II. ARGUMENT .......... 3

A. Ms. Davis Properly Applied The Entire Market Value Rule. .......... 3

B. Ms. Davis Properly Included The Profits That Broadcom Lost [REDACTED] .......... 6

C. Broadcom Has Sufficiently Established The Absence of Acceptable Noninfringing Alternatives .......... 8

D. Ms. Davis's Lost Profits Damages Theory Is Properly Supported And Admissible .......... 10

III. CONCLUSION .......... 11

# TABLE OF AUTHORITIES

## Cases

*Minco, Inc. v. Combustion Eng'g, Inc.*,
95 F.3d 1109 (Fed. Cir. 1996) .......... 6

*Rite-Hite Corp. v. Kelley Co.*,
56 F.3d 1538 (Fed. Cir. 1995) .......... 5, 6, 8

*Scripto-Tokai Corp. v. Gillette Co.*,
788 F. Supp. 439 (C.D. Cal. 1992) .......... 6

*Transocean Offshore Deepwater Drilling, Inc. v. Maersk Contractors USA, Inc.*,
617 F.3d 1296 (Fed. Cir. 2010) .......... 2, 7

*Uniloc USA, Inc. v. Microsoft Corp.*,
632 F.3d 1292 (Fed. Cir. 2011) .......... 5

# I. INTRODUCTION

Emulex's Motion *in Limine* and *Daubert* Motion to Preclude Improper Damages Theories (Dkt. No. 570) (hereinafter "Emulex's Damages MIL") is yet another attempt by Emulex to avoid confronting Broadcom's evidence at trial of lost profits

In its latest challenge to Broadcom's lost profits claims, Emulex argues that the facts and methodology used by Broadcom's damages expert, Julie Davis, are improper and unreliable, thereby justifying their exclusion. Contrary to Emulex's assertions, the lost profits opinions expressed by Ms. Davis are amply supported by the facts and data, and are based on reliable principles and methodologies that have been reliably applied to the relevant facts.



The facts of this case illustrate why lost profits is a well-established patent remedy, i.e., it allows the patentee to obtain a damages award "adequate to compensate for the infringement." Ms. Davis has implemented appropriate methodologies based upon adequate supporting evidence, and she should be permitted to opine at trial on the profits that Broadcom lost At best, Emulex's arguments go to the weight that should be

given to this evidence, not its admissibility, and Emulex's combined motion *in limine* and *Daubert* motion should be denied.

## II. ARGUMENT

Each prong of Emulex's motion – (A) entire market value, (B) foreign activities, and (C) noninfringing substitutes – fails on the facts and the law.

### A. Ms. Davis Properly Applied The Entire Market Value Rule.

[redacted]





[redacted] *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1549-50 (Fed. Cir. 1995); *see also Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1318 (Fed. Cir. 2011) (noting that entire market value applies where patented feature "substantially create[s] the value of the component parts").

It was entirely appropriate, therefore, for Ms. Davis to apportion her damages base [redacted] Ultimately, Emulex's arguments concerning

apportionment go to the weight of Ms. Davis's analysis, and do not constitute a basis for preclusion. Ms. Davis's calculations and analysis on the issue of apportionment are appropriate and reliable, and are amply supported by sufficient facts and data. Emulex can attempt to introduce competing evidence for the jury to consider and weigh at trial.

**B. Ms. Davis Properly Included The Profits That Broadcom Lost** [redacted] .

[redacted] Lost profits may be claimed on any lost sales that would have been made "but for" the infringement. *Rite-Hite*, 56 F.3d at 1546-1547; *see also Scripto-Tokai Corp. v. Gillette Co.*, 788 F. Supp. 439 (C.D. Cal. 1992) ("A lost profits award requires (1) a showing that the patent owner would have made the sale but for the infringement, i.e., causation existed . . . .") (citing *King Instrument Corp. v. Otari Corp.*, 767 F.2d 853, 863 (Fed. Cir. 1985)). The recovery of lost profits need not be strictly limited to sales that are, in and of themselves, infringing sales. *Rite-Hite*, 56 F.3d at 1550; *Minco, Inc. v. Combustion Eng'g, Inc.*, 95 F.3d 1109, 1118 (Fed. Cir. 1996) (upholding award of lost profits from diverted non-infringing sales where [redacted] such sales were the reasonably foreseeable consequence of infringement). Thus, any sale that would have been made by Broadcom but for Emulex's infringing United States activities is "germane," [redacted]

*Transocean Offshore Deepwater Drilling, Inc. v. Maersk Contractors USA, Inc.*, 617 F.3d 1296 (Fed. Cir. 2010). In *Transocean*, the Federal Circuit held in determining whether an offer for sale was "within the United States" – and thus whether the offer was, in and of itself, an act of infringement – that the Court should look to "the location of the contemplated sale." *Id.* at 1309-1310.

Broadcom is entitled to damages from profits it lost , and Ms. Davis properly included them in her lost profits damages calculations.

**C. Broadcom Has Sufficiently Established The Absence of Acceptable Noninfringing Alternatives.**

[redacted] "A patentee need not negate every possibility that the purchaser might not have purchased a product other than its own, absent the infringement. The patentee need only show that there was a reasonable probability that the sales would have been made 'but for' the infringement. When the patentee establishes the reasonableness of this inference, *e.g.*, by satisfying the *Panduit* test, it has sustained the burden of proving entitlement to lost profits due to the infringing sales. *The burden then shifts to the infringer to show that the inference is unreasonable* for some or all of the lost sales." *Rite-Hite*, 56 F.3d at 1545 (citations omitted, emphasis added).

[redacted]



[redacted]

**D. <u>Ms. Davis's Lost Profits Damages Theory Is Properly Supported And Admissible.</u>**

Emulex cursorily asserts at the end of its motion that Ms. Davis's lost profits opinions should be excluded pursuant to Federal Rule of Evidence 702 based on the arguments raised in Emulex's Partial MSJ. Emulex's Damages MIL at 8. As Emulex raises no new arguments beyond those asserted in its summary judgment motion, Broadcom respectfully directs the Court to (a) its Opposition to Emulex's Motion for Partial Summary Judgment (filed under seal; *see* Dkt. Nos. 533-535), (b) its recently filed Motion *in Limine* No. 5 to Exclude Any Evidence of, Opinions on, or References to Allegedly Noninfringing Substitute Circuitry from Third Party Snowbush Pursuant to Rule 37(c)(1) (filed under seal; *see* Dkt. Nos. 567-568), and (c) the facts and arguments raised *supra* in opposition to Emulex's current motion *in limine* and *Daubert* motion. The facts and arguments presented in these papers

amply demonstrate that Ms. Davis's lost profits opinions are fully supported by sufficient facts and data, and are based on reliable principles and methodologies that have been reliably applied to the relevant facts, thereby rendering her opinions fully admissible at trial.

## III. CONCLUSION

For the foregoing reasons, Broadcom respectfully requests that the Court enter an order denying Emulex's Motion *in Limine* and *Daubert* Motion to Preclude Improper Damages Theories.

Dated: July 22, 2011

Respectfully submitted,

WILMER CUTLER PICKERING HALE AND DORR LLP

By: [signature]
Michael D. Jay

Attorneys for Plaintiff and Counterclaim Defendant BROADCOM CORPORATION