WILLIAM F. LEE (admitted *pro hac vice*)
(william.lee@wilmerhale.com)
DOMINIC E. MASSA (admitted *pro hac vice*)
(dominic.massa@wilmerhale.com)
JOSEPH J. MUELLER (admitted *pro hac vice*)
(joseph.mueller@wilmerhale.com)
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA  02109
Telephone:  (617) 526-6000
Facsimile:   (617) 526-5000

Attorneys for Plaintiff and Counterclaim
Defendant
BROADCOM CORPORATION
(Additional Counsel Listed on Signature Page)

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| BROADCOM CORPORATION,<br><br>        Plaintiff,<br><br>  v.<br><br>EMULEX CORPORATION,<br><br>        Defendant.<br><br><br>And Related Counterclaims | CASE No. SACV09-01058-JVS (ANx),<br>consolidated SACV10-03963-JVS (ANx)<br><br>**BROADCOM'S OPPOSITION TO EMULEX'S MOTION IN LIMINE TO PRECLUDE BROADCOM FROM RELYING ON THE REPORT AND REVERSE ENGINEERED SCHEMATICS PROVIDED BY NANCY ZHANG**<br><br><br>Hearing Date:  August 15, 2011<br>Time:          11:00 a.m.<br>Courtroom:    10C<br><br>Before Hon. James V. Selna<br><br>**PUBLIC, REDACTED VERSION** |

1

## Table of Contents

2

I.    Introduction ...............................................................................................1

3

II.   Argument ....................................................................................................3

4
    A.    The Reverse Engineered Schematics Are Admissible................................3

5
      1.    Accuracy of the Schematics ................................................................4

6
      2.    Materiality of the Schematics .............................................................9

      3.    Best Available Evidence of BE2 Circuitry .......................................10

7
      4.    Equitable Considerations ...................................................................11

8
    B.    Broadcom's Experts May Properly Rely Upon The Reverse Engineered
        Schematics In Forming Their Opinions.....................................................13

9

III.  Conclusion.................................................................................................15

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**BROADCOM'S OPPOSITION TO
EMULEX'S MOTION IN LIMINE
RE: REVERSE ENGINEERING**

1
2

# Table of Authorities

3    Federal Cases

4    *Dal-Tile Corp. v. United States*,
5        28 Ct. Int'l Trade 358, 400 (Ct. Int'l Trade 2004) .................................................... 12

6    *Daubert v. Merrell Dow Pharm., Inc.*,
         509 U.S. 579, 596 (1993).......................................................................................... 14
7
     *Huezo v. Los Angeles Cmty. Coll. Dist.*,
8        No. CV04-9772-MMM-JWJx, 2007 U.S. Dist. LEXIS 100116, at *16 (C.D. Cal. Mar. 2,
         2007) ....................................................................................................................... 13
9
     *Inline Connection Corp. v. AOL Time Warner Inc.*,
10       470 F. Supp. 2d 435, 439 (D. Del. 2007)........................................................... 13-14

11   *Lang v. Cullen*,
         725 F. Supp. 2d 925, 953 (C.D. Cal. 2010) ............................................................. 13
12
     *Medtronic, Inc. v. Boston Scientific Corp., Civ. No.*
13       99-1035-RHK-FLN, 2002 U.S. Dist. LEXIS 28355, at *7 (D. Minn. Aug. 8, 2002) .............. 14

14   *Monsanto Co. v. David*,
         516 F.3d 1009, 1015-16 (Fed. Cir. 2008) ............................................................... 13
15
     *Southland Sod Farms v. Stover Seed Co.*,
16       108 F.3d 1134, 1142 (9th Cir. 1997) ....................................................................... 13

17   Federal Rules

18   Fed. R. Evid. 703 ............................................................................................................ 13

19   Fed. R. Evid. 807 ...........................................................................................................3-4

20
21
22
23
24
25
26
27
28

**BROADCOM'S OPPOSITION TO
EMULEX'S MOTION IN LIMINE
RE: REVERSE ENGINEERING**

1    I.    **Introduction**

2          By its motion, Emulex seeks to exclude the best available evidence showing

3    the structure of the accused BladeEngine 2 ("BE2") application-specific integrated

4    circuit ("ASIC") product—namely, schematics depicting the layout of circuitry in

5    the BE2.  This evidence should be admitted, or, at the very least, Broadcom's

6    experts should be permitted to offer opinions based on it because it is the type of

7    evidence on which technical experts reasonably rely.  Broadcom's experts have

8    opined in their reports (and would testify at trial) that the schematics are consistent

9    with other evidence regarding the features and functionality of the BE2 ASIC, and

10   neither Emulex nor its experts have identified any portion of the schematics as

11   inaccurately depicting the BE2 circuitry.

12         This is not evidence disclosed to Emulex at the eleventh hour; quite the

13   contrary.  Broadcom began receiving reverse-engineered schematics of Emulex's

14   BE2 ASIC from the reverse-engineering firm Cellixsoft in July, 2010.  Broadcom

15   produced interim versions of these reverse-engineering schematics to Emulex in its

16   amended infringement contentions for the '194 patent family on July 30, 2010—

17   nearly a year ago—and produced the final versions of the complete schematics ten

18   months ago, on September 23, 2010.

19

20

21

22

23

24

25

26

27

28

**BROADCOM'S OPPOSITION TO
EMULEX'S MOTION IN LIMINE
RE: REVERSE ENGINEERING**

1　▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

2　▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

3　▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

4　▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓  This is

5　consistent with the pattern of "willfully blind" behavior that Broadcom

6　demonstrated in its opposition to Emulex's Partial Motion for Summary Judgment

7　of No Willfulness.  The Court denied that motion, finding that "a jury could find

8　that Emulex knew or should have known it was infringing."  (Dkt. No. 401 at 4.)

9　Here, Emulex again has turned its back on its own infringement—and as a

10　consequence is foreclosed from arguing that the schematics are inaccurate.

11　　　　In the absence of a specific, concrete challenge to the authenticity or

12　accuracy of the schematics, Emulex's motion is replete with attorney argument

13　regarding what is reasonably relied upon by experts in the field, what the process

14　of "reverse-engineering" involves, and a number of other factual issues—all

15　without any expert or evidentiary support.  In contrast, two of Broadcom's experts

16　have specifically opined that they have relied on reverse-engineering schematics in

17　the past, and that the schematics themselves are of the type that may reasonably be

18　relied upon by experts in their field.

19　　　　Emulex leans heavily on this Court's order striking the expert report of

20　Nancy Zhang (because Broadcom did not identify her in its initial expert

21　disclosures).  But Emulex conflates the admissibility of the schematics and

22　Broadcom's technical experts' opinions based on the schematics, on the one hand,

23　with the Court's exclusion of the expert report of Ms. Zhang, on the other.  This

24　conflation is wrong:  Broadcom will abide by the Court's order and will not

25　attempt to have Ms. Zhang present any expert opinions at trial.  But even without

26　testimony by Ms. Zhang, Broadcom's experts may rely on the schematics provided

27　by Cellixsoft, and the schematics themselves are admissible.

28

**BROADCOM'S OPPOSITION TO
EMULEX'S MOTION IN LIMINE
RE: REVERSE ENGINEERING**

1  **II.     Argument**

2     In these unusual circumstances— ████████████████████

3  ███████████████████████████████████████

4  ██████████████████████████████████████ the

5  ███████████████████████████████████████████

6  ███████████████████████████████████████ —the

7  reverse-engineering schematics should be admitted under the residual hearsay

8  exception of Federal Rule of Evidence 807.  Even if not admitted, these schematics

9  qualify as the type of evidence on which technical experts in this field reasonably

10  rely, and Broadcom's experts should be permitted to opine based on the schematics

11  pursuant to Federal Rule of Evidence 703.

12     **A.     The Reverse Engineered Schematics Are Admissible.**

13     In arguing against the admissibility of the BE2 schematics, Emulex contends

14  (1) they are inadmissible hearsay and (2) a foundation showing their relevance

15  cannot be established by Ms. Zhang, because of the Court's order precluding Ms.

16  Zhang from testifying as an expert.  (*See* Emulex Br. at 4-5.)  But as explained

17  below, the hearsay rule does not preclude admission of the schematics, and

18  Broadcom's experts have clearly demonstrated their relevance.

19     Rule 807 allows for admission of hearsay documents "not specifically

20  covered by Rule 803 or 804 but having equivalent circumstantial guarantees of

21  trustworthiness," if the Court determines that:

22
23     (A) the statement is offered as evidence of a material

    fact; (B) the statement is more probative on the point for
24
    which it is offered than any other evidence which the
25
    proponent can procure through reasonable efforts; and
26
    (C) the general purposes of these rules and the interests
27
    of justice will best be served by admission of the
28

**BROADCOM'S OPPOSITION TO
EMULEX'S MOTION IN LIMINE
RE: REVERSE ENGINEERING**

statement into evidence.  However, a statement may not

be admitted under this exception unless the proponent of

it makes known to the adverse party sufficiently in

advance of the trial or hearing to provide the adverse

party with a fair opportunity to prepare to meet it, the

proponent's intention to offer the statement and the

particulars of it, including the name and address of the

declarant.

Fed. R. Evid. 807.  The Cellixsoft schematics meet each prong of this test.

### 1. Accuracy of the Schematics

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

---

[1]    As noted above, this head-in-the-sand approach is consistent with Emulex's "willfully blind" pattern of conduct, which supports Broadcom's willful infringement and inducement claims.  The relevance of the reverse-engineering schematics to Emulex's state of mind is further reason for admitting them at trial.

**BROADCOM'S OPPOSITION TO EMULEX'S MOTION IN LIMINE RE: REVERSE ENGINEERING**



(Ex. B [Stojanovic Init. Rep., Ex. F] at 1 (citing Emulex technical document).)

**BROADCOM'S OPPOSITION TO
EMULEX'S MOTION IN LIMINE
RE: REVERSE ENGINEERING**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**BROADCOM'S OPPOSITION TO EMULEX'S MOTION IN LIMINE RE: REVERSE ENGINEERING**



(*Id.* at 3 (citing reverse-engineering schematics).)

**BROADCOM'S OPPOSITION TO
EMULEX'S MOTION IN LIMINE
RE: REVERSE ENGINEERING**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22   (*Id.* at 7.)

23

24

25

26

27

28



- 8 -

**BROADCOM'S OPPOSITION TO
EMULEX'S MOTION IN LIMINE
RE: REVERSE ENGINEERING**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19        Thus, the first requirement of Rule

20 807 is met.

21       **2.**     *Materiality of the Schematics*

22       The schematics are offered as evidence of material facts involving Emulex's

23 BE2 ASIC.

24

25       The second requirement of Rule 807 is met.

26

27

28

**BROADCOM'S OPPOSITION TO
EMULEX'S MOTION IN LIMINE
RE: REVERSE ENGINEERING**



1

### 3.    *Best Available Evidence of BE2 Circuitry*

2    The schematics are more probative regarding the structure of Emulex's BE2

3 ASIC than any other evidence that Broadcom could have procured through

4 reasonable efforts. █████████████████████████████████

5 ██████████████████████████████████████████

6 ███████████████████████████████████

7 ██████████████████████████████████████████

8 █████████████████████████████████████████

9 █████████████████████████████████████████

10 ████████████████████████████████████

11 ███████████████████████████████████

12 █████████████████████████████████████████

13 ██████████████████████████████████████████

14 ██████████████████████████████████████

15 ██████████████████████████████████████████

16 ███████████

17    Given Emulex's foot-dragging, discovery related to the BE2 ASIC could not

18 and did not commence until approximately October 2010.  Even after that date,

19 Emulex never produced any schematics for the BE2—and it has not done so to this

20 day (despite repeated requests by Broadcom).  (*See* Ex. H [Fair Dep.] at 156:25-

21 157:8 (renewing request for Emulex to produce schematics for the BE2).)

22 ████████████████████████████████████

23 ██████████████████████████████████████████

24 ████████████████████████████████████████

25 ████████████████████████████████████████

26 ██████████████████████████████████████████

27 ████████████████████████████████████████

28

**BROADCOM'S OPPOSITION TO
EMULEX'S MOTION IN LIMINE
RE: REVERSE ENGINEERING**

1    ███████████████████████████████████████████████████

2    ████████████████████████████████████████████

3    ███████████████████████████████████████        which does not

4    permit document discovery for U.S. civil litigation.  (*See* Ex. K [State Department

5    Website, http://travel.state.gov/law/judicial/judicial_678.html] ("Japan is not a

6    party to the Hague Convention on the Taking of Evidence Abroad in Civil and

7    Commercial Matters … Compulsion of Documents and Other Physical Evidence:

8    Japan has advised the United States that Japanese law does not include any

9    provision for compulsion of documents or other physical evidence except in

10   criminal cases.").

11   ████████████████████████████████████████████, and

12   Japan's laws prohibit document discovery in relation to U.S. civil litigations,

13   Broadcom had no way of obtaining the formal circuit diagrams for the BE2.  In the

14   absence of those schematics, the reverse-engineered schematics are the best

15   available evidence of the BE2 circuitry.  The third requirement of Rule 807 is met,

16   as the reverse-engineered schematics are more probative of the structure of the

17   BE2 ASIC than any other evidence that Broadcom could have procured through

18   reasonable efforts.

19            *4.    Equitable Considerations*

20        The general purposes of the Rules of Evidence and the interests of justice

21   will best be served by admission of the schematics into evidence.  Emulex's

22   motion does not dispute the authenticity or factual accuracy of the schematics

23   themselves.  Allowing Emulex to prevent the introduction of these schematics—

24   ██████████████████████████████████████████████

25   ████s—after having stalled Broadcom's efforts at obtaining discovery into the

26   circuitry depicted in these schematics, would not be in the interest of justice.  Thus,

27   the fourth requirement of Rule 807 is met.

28

**BROADCOM'S OPPOSITION TO
EMULEX'S MOTION IN LIMINE
RE: REVERSE ENGINEERING**

1    Moreover, Broadcom disclosed the schematics to Emulex sufficiently in

2  advance of the trial to provide Emulex with a fair opportunity to prepare to dispute

3  them (though it has not).  *See*, *e.g.*, *Dal-Tile Corp. v. United States*, 28 Ct. Int'l

4  Trade 358, 400 (Ct. Int'l Trade 2004) ("[Opposing party] was not harmed because

5  it had ample opportunity to examine and respond to the evidence during discovery

6  after the documents were obtained…[I]t is preferable to consider *Rule 807*'s notice

7  requirement flexibly so as not to bar admission in the absence of prejudice.").

8  Broadcom included the schematics in its final infringement contentions, served on

9  February 4, 2011, and in the initial expert reports of Drs. Fair and Stojanovic,

10  served on April 19, 2011.  (*See* Ex. L [Broadcom Corporation's Final Disclosure of

11  Asserted Claims and Infringement Contentions, Feb. 4, 2011 at Exhs. G, K, O(I),

12  R.]; Ex. M [Fair Init. Rep.] ¶¶ 72-76; Ex. Q [Fair Init. Rep., Ex. F]; Ex. A

13  [Stojanovic Init. Rep.] ¶¶ 132-165; Ex. B [Stojanovic Init. Rep., Ex. F].)

14  Moreover, Broadcom had already produced interim versions of the schematics in

15  connection with its infringement contentions for the '194 patent family on July 30,

16  2010, and produced the final versions of the complete schematics to Emulex on

17  September 23, 2010[2], well before the close of fact discovery.  Further, Broadcom

18  disclosed Cellixsoft and Nancy Zhang in supplemental initial disclosures served on

19  February 22, 2011.  (Ex. N [Broadcom Corporation's Second Supplemental Rule

20  26(a)(1) Initial Disclosures, Feb. 22, 2011] at 4, 13.)

21                                                * * *

22    Broadcom has thus met every requirement of Rule 807, and the schematics

23  themselves should be admitted into evidence.

24

25

26  [2]    Broadcom produced the schematics yet again on March 29, 2011, along with
additional schematics.  None of the additional schematics produced after
27  September 23, 2010 were relied upon by Broadcom's experts to show
28  infringement.

**BROADCOM'S OPPOSITION TO
EMULEX'S MOTION IN LIMINE
RE: REVERSE ENGINEERING**

1
2

**B.      Broadcom's Experts May Properly Rely Upon The Reverse Engineered Schematics In Forming Their Opinions**

3      Even if the Cellixsoft schematics were not admitted into evidence, Rule 703

4   permits experts to rely on otherwise inadmissible "facts or data … made known to

5   the expert at or before the hearing" so long as they are "of a type reasonably relied

6   upon by experts in the particular field in forming opinions or inferences upon the

7   subject."  Fed. R. Evid. 703.  As both Dr. Fair and Dr. Stojanovic confirmed, the

8   schematics are precisely this type of evidence.

9      Experts may properly base their opinions on otherwise inadmissible

10  evidence, even if prepared by others, and cross-examination—not a motion in

11  limine—is the appropriate means of challenging such expert opinions.  *Southland*

12  *Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1142 (9th Cir. 1997) ("The fact that

13  [an expert's] opinions are based on data collected by others is immaterial; *Federal*

14  *Rule of Evidence 703* expressly allows such opinion testimony."); *Monsanto Co. v.*

15  *David*, 516 F.3d 1009, 1015-16 (Fed. Cir. 2008) ("[N]umerous courts have held

16  that reliance on scientific test results prepared by others may constitute the type of

17  evidence that is reasonably relied upon by experts for purposes of Rule of

18  Evidence 703 . . . .[Defendant's expert's] testimony is admissible, regardless of the

19  admissibility of the seed report."); *Lang v. Cullen*, 725 F. Supp. 2d 925, 953 (C.D.

20  Cal. 2010) (citing *Southland Sod Farms*, 108 F.3d at 1142) (same); *Huezo v. Los*

21  *Angeles Cmty. Coll. Dist.*, No. CV04-9772-MMM-JWJx, 2007 U.S. Dist. LEXIS

22  100116, at *16 (C.D. Cal. Mar. 2, 2007) ("[An expert's] declaration, which relies

23  in part on 'facts and data' gathered by his associates as well as on information

24  provided by plaintiff's counsel, is competent expert testimony."); Fed. R. Evid.

25  703.

26     The Court in *Inline Connection Corp. v. AOL Time Warner Inc.*, 470 F.

27  Supp. 2d 435, 439 (D. Del. 2007) explained Rule 703 at length:

28

**BROADCOM'S OPPOSITION TO EMULEX'S MOTION IN LIMINE RE: REVERSE ENGINEERING**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

> *FRE 703* impacts the 'disclosure of information that is
> reasonably relied on by an expert, when that information
> is not admissible for substantive purposes.'  In balancing
> probative verses prejudicial, the court may consider the
> 'opportunity for an expert to be cross-examined, and the
> ultimate disclosure of the weight of information
> reasonably relied upon.'  A court should not consider the
> strength or weakness of the basis of an expert's
> testimony, because '[r]ule 705, together with *rule 703*,
> places the burden of exploring the facts and assumptions
> underlying the testimony of an expert witness on
> opposing counsel during cross-examination.'  'When the
> factual underpinning of an expert's opinion is weak, it is
> a matter affecting the weight and credibility of the
> testimony-a question to be resolved by the jury.'

16

17

18

19

20

21

22

*Id.* (emphases in original); *see also Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S.
579, 596 (1993) ("Vigorous cross-examination [and the] presentation of contrary
evidence … are the traditional and appropriate means of attacking shaky but
admissible evidence."); *Medtronic, Inc. v. Boston Scientific Corp.*, Civ. No. 99-
1035-RHK-FLN, 2002 U.S. Dist. LEXIS 28355, at *7 (D. Minn. Aug. 8, 2002)
("Fed. R. Evid. 702 is generally one of inclusion rather than exclusion.") (relying
on *Daubert*, 509 U.S. at 596).

23

24

Emulex asserts that the Zhang report is lacking certain elements, such as the
identity of the specific engineers at Cellixsoft who performed the reverse-

25

26

27

28

**BROADCOM'S OPPOSITION TO
EMULEX'S MOTION IN LIMINE
RE: REVERSE ENGINEERING**

1   engineering, and that engineers in the field wound not rely on it.[3]  (Motion at 5.)

2   This again conflates the Zhang report with the schematics themselves.  Moreover,

3   Emulex provides no support for its assertion other than attorney argument.  On the

4   other hand, both Dr. Fair and Dr. Stojanovic have themselves opined—as experts,

5   not lawyers—that the schematics ███████████████████████████

6   █████████████████████████████████████████████

7   ████████████████████████████████████████

8   █████████████████████████████████████

9   █████████████████████████████████████████

10  ████████████████████████████████        Instead, Emulex chose

11  to put its head in the sand.

12          Emulex has been in possession of the schematics for approximately ten

13  months, has had Broadcom's infringement contentions based upon the schematics

14  for over five months, and had the opportunity to depose Broadcom's experts

15  regarding their opinions based on the schematics.  Emulex may cross-examine

16  Broadcom's experts on the factual underpinnings of their opinions at trial.  But

17  Emulex may not preclude Broadcom's experts from relying on evidence that is of

18  the type reasonably relied upon by experts in the field, and which Emulex has

19  failed to rebut with any evidence other than speculative and conclusory attorney

20  argument.

21  **III.    Conclusion**

22          For the foregoing reasons, the reverse-engineered schematics should be

23  admissible under Fed. R. Evid. 807 or, at a minimum, Broadcom's experts may

24

25  [3]     Emulex also argues that Ms. Zhang is not a person of ordinary skill in the art
26  because she was trained in chemical engineering.  But Ms. Zhang's report was not
    directed to the contents of the schematics—indeed, the schematics speak for
27  themselves—but rather to describing Cellixsoft's process for creating such
28  schematics, a topic for which she is well qualified as a customer manager.

**BROADCOM'S OPPOSITION TO
EMULEX'S MOTION IN LIMINE
RE: REVERSE ENGINEERING**

1   properly rely on the schematics for their opinions pursuant to Fed. R. Evid. 703.

2   Broadcom respectfully requests that the Court deny Emulex's motion.

3

4

5   Dated: July 22, 2011                      WILMER CUTLER PICKERING
                                              HALE AND DORR LLP
6

7

8

9                                             By: _____

10                                                 Michael D. Jay

11
                                              Attorneys for Plaintiff
12                                            and Counterclaim Defendant
                                              BROADCOM CORPORATION
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 16 -

**BROADCOM'S OPPOSITION TO
EMULEX'S MOTION IN LIMINE
RE: REVERSE ENGINEERING**