## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 09-01058-JVS (ANx) consolidated CV 10-03963-JVS (ANx) | Date | August 1, 2011 |

| | |
|---|---|
| Title | Broadcom Corp. v. Emulex Corp., et al. |

| | |
|---|---|
| Present: The Honorable | James V. Selna |

| | |
|---|---|
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS)** Ruling on Plaintiff Broadcom Corporation's Motion for Partial Summary Judgment on Emulex's Affirmative Defense of Unclean Hands (fld 6/17/11)

On June 17, 2011, Plaintiff Broadcom Corporation ("Broadcom") filed a motion for partial summary judgment that Defendant Emulex Corporation ("Emulex") may not assert the defense of unclean hands. (Doc. Nos. 405 (notice), 422 (sealed version), 443 (public version).) On July 7, 2011, Emulex filed its opposition to the motion. (Doc. Nos. 525 (sealed version), 638 (public version).) On July 14, 2011, Broadcom replied. (Doc. Nos. 594 (sealed version), 607 (public version).).

For the reasons set forth below, the Court grants the motion.

I.      Background

Broadcom filed suit against Emulex, a provider of network convergence solutions, alleging infringement of eleven Broadcom patents. In its answer, Emulex asserted the affirmative defense of unclean hands. (Doc. No. 96 at 14.) Emulex premises its unclean hands defense on the allegation that the patent rights and technology at issue in this case were ill-gotten gains because Broadcom employed an illegal compensation scheme involving stock options backdating to attract and compensate the inventors.

By way of background, in May 2006, Broadcom was accused of improperly accounting

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-01058-JVS (ANx) | Date | August 1, 2011 |
|---|---|---|---|
| | consolidated CV 10-03963-JVS (ANx) | | |

| Title | Broadcom Corp. v. Emulex Corp., et al. |
|---|---|

for backdated stock options in a shareholder lawsuit.  (Mot. at 2.)  Later that year, a Securities and Exchange Commission investigation was initiated.  (Id.)  During 2008-09, several Broadcom corporate officers faced criminal charges; however, the charges were dismissed due to insufficiency of the evidence and/or prosecutorial misconduct.  Related civil litigation settled in 2010 and 2011.  (Id.)  Ultimately, Broadcom restated employee compensation expenses of $2.2 billion.  (Id.)  Emulex links the backdating scandal to Broadcom's acquisition of the relevant patents because all of the patents were "in development, pending approval, or were acquired while Broadcom conducted its improper options program."  (Liss Decl., Ex. A at 7, response at page 9:19-21.)

II.    Legal Standard

       Summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  Summary judgment may be granted where no "reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).  Material facts are those which, under applicable substantive law, may affect the outcome of the case.  Id.  In determining whether a genuine issue of material fact exists, the evidence must be construed in the light most favorable to the non-moving party.  Nelson v. City of Davis, 571 F.3d 924, 928 (9th Cir. 2009).  The Court must not weigh disputed evidence with respect to a disputed material fact, nor should it make credibility determinations regarding statements made in affidavits, answers to interrogatories, admissions, and/or depositions.  Id.  Those determinations are left for the jury.  Id.

       On a motion for summary judgment, the moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the evidence] which it believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).  When the non-moving party bears the burden of proof at trial, the moving party need only "point[] out to the district court . . . that there is an absence of evidence to support the nonmoving party's case."  Id. at 325.  Once the summary judgment proponent has discharged its initial burden, the non-moving party must "go beyond the pleadings and by her own affidavits, or by [other evidence], designate 'specific facts showing that there is a genuine issue for trial.'"  Id. at 324 (quoting then-current Fed. R. Civ. P. 56(e)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-01058-JVS (ANx) | Date | August 1, 2011 |
|---|---|---|---|
| | consolidated CV 10-03963-JVS (ANx) | | |

| Title | Broadcom Corp. v. Emulex Corp., et al. |
|---|---|

III.   <u>Discussion</u>

To prevail on an unclean hands defense, "'the defendant must demonstrate that the plaintiff's conduct is inequitable and that the conduct relates to the subject matter of its claims.'" <u>Levi</u> <u>Strauss</u> <u>& Co.</u>, 121 F.3d 1309, 1313 (9th Cir. 1997) (quoting <u>Fuddruckers, Inc.</u> v. <u>Doc's</u> <u>B.R.</u> <u>Others, Inc.</u>, 826 F.2d 837, 847 (9th Cir.1987)).  "Equity requires that those seeking its protection shall have acted fairly and without fraud or deceit as to the controversy in issue." <u>Fuddruckers</u>, 826 F.2d at 847 (internal citations and quotations omitted).  "The unclean hands defense requires a direct nexus between the alleged misconduct and the claim for which it is being asserted as a defense, and that the conduct materially prejudiced the defendant's ability to defend itself."  <u>Vectren</u> <u>Commc'ns</u> <u>Servs.</u> v. <u>City</u> of <u>Alameda</u>, No. C 08-3137-SI, 2010 WL 1610017, *3 (N.D. Cal. Apr. 20, 2010) (unreported) (citing  <u>Hynix</u> <u>Semiconductor</u> <u>Inc.</u> v. <u>Rambus, Inc.</u>, 591 F. Supp. 2d 1038, 1066-67 (N.D. Cal. 2006)).

Broadcom argues that because the claims at issue in this case concern the validity and infringement of Broadcom's patents, as opposed to accounting issues related to employee compensation, there is no nexus between Broadcom's claims and the stock-option backdating allegations raised by Emulex in support of its unclean hands defense.  (Mot. at 7.)

Emulex argues that the conduct is sufficiently related because Broadcom's improper compensation scheme was used to develop, obtain, and retain the technology and patent rights it is now suing Emulex upon.[1]  (Opp'n at 3.)  Emulex argues that Broadcom conceded all of the relevant stock options were improperly backdated, and Emulex calculates that this backdating resulted in $25 million to twelve of the named inventors on the patents at issue.  (<u>Id.</u>)  Unclean hands is appropriate here because Broadcom "dirtied its hands in acquiring the rights presently asserted."  (Opp'n at 15 (quoting <u>Ellenburg</u> v. <u>Brockway, Inc.</u>, 763 F.2d 1091, 1097 (9th Cir. 1985)).

The Court agrees with Broadcom.  Emulex has shown neither a "direct nexus" between stock options backdating and prosecution of the relevant patents, nor that any stock option

---

[1] Emulex does not intend to pursue its other two arguments, that Broadcom represented itself as a small entity and Broadcom's infringement claims are meritless, in support of its unclean hands defense. (Opp'n at 2 n.2.)  Accordingly, Broadcom's motion is granted on these grounds as well.  (Mot. at 10-12.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 09-01058-JVS (ANx)<br>consolidated CV 10-03963-JVS (ANx) | Date | August 1, 2011 |

| | |
|---|---|
| Title | Broadcom Corp. v. Emulex Corp., et al. |

backdating "materially prejudiced" Emulex's ability to defend itself.  Hynix, 591 F. Supp. 2d at 1066-67.  Even assuming all of Emulex's allegations regarding stock options backdating are true, Emulex fails to link the propriety of Broadcom's employee compensation and accounting practices to acquisition of the patents in suit.  Were the Court to accept Emulex's theory, the direct nexus requirement would be obliterated.  In its place would be a test where the defense of unclean hands is available in a patent case whenever a corporation dirties its hands through accounting practices, pays its employees with the "proceeds" of those practices, and simultaneously happens to be prosecuting new patents.  Separately, without explaining how improper accounting practices and a later correction thereof prejudices Emulex's ability to defend itself in this patent infringement suit, the Court finds no prejudice.

Stock options backdating is not the "controversy in issue."  Fuddruckers, 826 F.2d at 847.  Because the Court fails to see how the equities between Broadcom and Emulex in the instant litigation were affected by this practice, the defense of unclean hands is not proper here as a matter of law.  See Lucent Techs., Inc. v. Gateway, Inc., No. 02-2060-B (CAB), 2007 WL 2900484, *9-10 (S.D. Cal. Oct. 1, 2007) (unreported).

IV.   Conclusion

For the foregoing reasons, the Court grants Broadcom's motion for partial summary judgment on the affirmative defense of unclean hands.  (Doc. No. 405.)

| | : | 00 |
|---|---|---|
| Initials of Preparer | nkb | |