UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-01058-JVS (ANx)<br>consolidated CV 10-03963-JVS (ANx) | Date | August 2, 2011 |
|---|---|---|---|
| Title | Broadcom Corp. v. Emulex Corp., et al. | | |

| Present: The Honorable | James V. Selna | |
|---|---|---|
| Nancy Boehme | | Not Present |
| Deputy Clerk | | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **(IN CHAMBERS)**   Order Denying Motion for Summary Judgment of No Infringement (Count 11)  (fld 6/17/11)

Defendant Emulex Corporation ("Emulex") moves for partial summary judgment of no infringement as to Count 11 of the First Amended Complaint ("FAC") of Plaintiff Broadcom Corporation ("Broadcom") pursuant to Rule 56 of the Federal Rules of Civil Procedure. Broadcom opposes the motion. For the following reasons, the motion is DENIED.

I.   <u>Legal Standard</u>

Summary judgment is appropriate only where the record, read in the light most favorable to the nonmoving party, indicates that "there is no genuine issue as to any material fact and . . . the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); <u>see also</u> <u>Celotex</u> <u>Corp.</u> <u>v.</u> <u>Catrett</u>, 477 U.S. 317, 323-24 (1986). Summary adjudication, or partial summary judgment "upon all or any part of [a] claim," is appropriate where there is no genuine issue of material fact as to that portion of the claim. Fed. R. Civ. P. 56(a), (b); <u>see also</u> <u>Lies</u> <u>v.</u> <u>Farrell</u> <u>Lines, Inc.</u>, 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim . . . .") (internal quotation marks omitted).

Material facts are those necessary to the proof or defense of a claim, and are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-01058-JVS (ANx) consolidated CV 10-03963-JVS (ANx) | Date | August 2, 2011 |
|---|---|---|---|
| Title | Broadcom Corp. v. Emulex Corp., et al. | | |

determined by reference to substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. To demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (internal quotation marks and citations omitted). In deciding a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor. Anderson, 477 U.S. at 255.

The burden initially is on the moving party to demonstrate an absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. If the moving party meets its burden, then the nonmoving party must produce enough evidence to rebut the moving party's claim and create a genuine issue of material fact. See id. at 322-23. If the nonmoving party meets this burden, then the motion will be denied. Nissan Fire & Marine Ins. Co. v. Fritz Co., 210 F.3d 1099, 1103 (9th Cir. 2000).

II. Discussion

A determination of "[p]atent infringement requires a two-step analysis." CCS Fitness v. Brunswick Corp., 288 F.3d 1359, 1365 (Fed. Cir. 2002). First, the Court must construe the disputed claims. Id. Then, the Court must compare the "properly construed claims to the accused device, to see whether that device contains all the limitations, either literally or by equivalents, in the claimed invention." Id.

In Count 11 of the First Amended Complaint ("FAC"), Broadcom asserts that Emulex has infringed and continues to infringe one or more claims of United States Patent No. 7,058,150 ("the '150 patent"). (FAC ¶ 95.) Specifically, Broadcom accuses the Lancer, Blade Engine 3 ("BE3"), Blade Engine 2 ("BE2"), SOC 422, SOC 804, and SOC 442 (collectively, "Accused Products") of infringing claims 8, 12, and 13 of the '150 patent. (Lamberson Decl., Ex. 4 ("Dr. Stojanovich Expert Report") ¶¶ 50, 57-59.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-01058-JVS (ANx) consolidated CV 10-03963-JVS (ANx) | Date | August 2, 2011 |
|---|---|---|---|

| Title | Broadcom Corp. v. Emulex Corp., et al. |
|---|---|

Claim 8 of the '150 patent recites:

> A communication device configured to receive multiple serial data signals, comprising: . . . <u>an</u> interpolator control module coupled to <u>each</u> receive-lane, <u>the</u> interpolator control module being adapted to cause the phase interpolator in <u>each</u> receive-lane to rotate the interpolated phase of the sampling signal in the receive-lane at a rate corresponding to a frequency offset between the sampling signal and the serial data signal associated with the receive-lane so as to reduce the frequency offset between the sampling signal and the serial data signal.

(Lamberson Decl., Ex. 1 at 38:52-39:5, emphasis added.) Claims 12 and 13 are dependent on claim 8. (Lamberson Decl., Ex. 1 at 39:20-41.) Emulex's motion focuses on the proper construction of "interpolator control module" as used in the '150 patent.

Broadcom's expert, Dr. Stojanovich, opines that in the Accused Products, each receive lane is coupled to a logic block that provides the interpolator control signals for that lane, and the "interpolator control module" is the combination/collection of said logic blocks for the receive-lanes. (<u>See</u> Dr. Stojanovich Expert Report ¶¶ 78 (Lancer), 111 (BE3), 151 (BE2), 184 (SOC 422 & SOC 804), 218 (SOC 442).) Emulex argues that this interpretation of "interpolator control module" as covering a combination or collection of logic blocks, each of which is coupled to a single receive-lane, contravenes the plain language of claim 8. (Docket No. 450, Mot. Br. 2.)

The parties agree that "<u>an</u> interpolator control module" can cover <u>one</u> <u>or</u> <u>more</u> interpolator control modules. (Docket No. 555, Opp'n Br. 8; Docket No. 599, Reply Br. 2.) The parties further agree that the subsequently used term, "the interpolator control module," refers back to the initial term, "an interpolator control module," and therefore re-invokes the potentially plural meaning of "an" in the initial term. (Opp'n Br. 9; Reply Br. 2.) <u>See also</u> <u>Baldwin</u> <u>Graphic</u> <u>Sys., Inc. v. Siebert, Inc.</u>, 512 F.3d 1339, 1343 (Fed. Cir. 2008) ("Because the initial indefinite article ('a[n]') carries either a single or plural meaning, any later reference to that same claim element merely reflects the same potential plurality."). However, the parties disagree about whether claim 8 covers a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-01058-JVS (ANx) consolidated CV 10-03963-JVS (ANx) | Date | August 2, 2011 |
|---|---|---|---|

| Title | Broadcom Corp. v. Emulex Corp., et al. |
|---|---|

device that has at least one interpolated control module coupled to each receive-lane, but does not have a single circuit module that is coupled to each receive-lane and adapted to cause the phase interpolator in each receive-lane to rotate the interpolated phase of the sampling signal.

Emulex argues that "the one or more interpolator control module(s) that is coupled to each receive-lane must also be adapted to cause the phase interpolator <u>in each receive-lane</u> to rotate the interpolated phase of the sampling signal." (Reply Br. 2-3, emphasis in original.) In other words, Emulex's position is that the claim term is limited to covering "a single circuit module that (1) is coupled to each of the multiple receive-lanes in the device, and (2) performs the function of controlling a phase interpolator in each of the receive lanes." (Mot. Br. 1-2.) Broadcom makes three arguments in opposition to this position.

First, Broadcom argues that the plain language of claim 8 does not require "there to be a single interpolator control module coupled to every receive-lane, rather than multiple interpolator control modules, each coupled to one of the multiple receive-lanes." (Opp'n Br. 10.) The Court agrees that the plain and ordinary meaning of the claim language does not require a single circuit module to be coupled to each receive-lane or adapted to cause rotation of the interpolated phase of the sampling signal in each receive-lane. Rather, "the interpolator control module," which (as noted above) refers to the <u>one</u> or <u>more</u> interpolator control module(s) of the initial term, must be "adapted to cause the phase interpolator in each receive-lane to rotate the interpolated phase of the sampling signal." (Lamberson Decl., Ex. 1 at 38:52-39:5.) There is nothing in the language of claim 8 that requires a single circuit module to perform this function, as long as at least one interpolator control module is coupled to each receive-lane and the one or more interpolator control module(s) are adapted to cause the phase interpolator in each receive-lane to rotate the interpolated phase of the sampling signal.[1] Thus, the Court finds that

---

[1] In <u>Creative Internet</u>, the Federal Circuit noted that proper claim construction gives meaning to all terms in a claim, instead of allowing a term to be rendered "a nullity." <u>Creative Internet Advertising Corporation v. Yahoo!, Inc.</u>, No. 2010-1215, 2011 WL 1522414, *4 (Fed. Cir. Apr. 22, 2011) (citing <u>Merck & Co., Inc. v. Teva Pharm. USA, Inc.</u>, 395 F.3d 1364, 1372 (Fed. Cir. 2005).) In that case, the court concluded that each use of the phrase "said end user communication message" referred to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-01058-JVS (ANx) consolidated CV 10-03963-JVS (ANx) | Date | August 2, 2011 |
|---|---|---|---|
| Title | Broadcom Corp. v. Emulex Corp., et al. | | |

Emulex's proposed construction does not comport with the plain language of claim 8. Accordingly, the Court does not adopt Emulex's proposed construction.

Second, Broadcom argues that Emulex's proposed construction is flawed because it would exclude Figure 27, a preferred embodiment of the '150 patent. (Opp'n Br. 10-12.) Figure 27 clearly illustrates an embodiment with multiple interpolator control modules, each interacting with only one of multiple receive-lanes. The written description states that the processor illustrated in Figure 27 "includes multiple interpolator control modules . . ., each corresponding to one of data streams 2108a, 2108b, 2108c, and 2108d." (Lamberson Decl., Ex. 1 at 32:65-33:2.) The Court agrees with Broadcom's contention that Emulex's proposed construction excludes this preferred embodiment of the '150 patent. Courts generally "do not interpret claim terms in a way that excludes embodiments disclosed in the specification" unless "those embodiments are clearly disclaimed in the specification." Oatey Co. v. IPS Corp., 514 F.3d 1271, 1276-77 (Fed. Cir. 2008). Here, the specification does not disclaim the embodiment illustrated in Figure 27. Nor has Emulex offered any other evidence suggesting that the embodiment should be excluded. See Vitronics Corp. v. Conceptronic, Inc., 90 F.3d 1576, 1583 (Fed. Cir. 1996) (noting that a claim construction that excludes a preferred embodiment "is rarely, if ever, correct and would require highly persuasive evidentiary support"). The Court therefore finds that the exclusion of a preferred embodiment of the patent by Emulex's proposed construction also casts doubt on the legitimacy of that construction.

Third, Broadcom argues that claim differentiation weighs against Emulex's proposed construction. (Opp'n Br. 12-13.) "Under the doctrine of claim differentiation, dependent claims are presumed to be of narrower scope than the independent claims from which they depend." AK Steel Corp. v. Sollac & Ugine, 344 F.3d 1234, 1242 (Fed. Cir. 2003). Broadcom argues that Emulex's narrow construction of "interpolator control

---

antecedent phrase "an end user communication message." Id. (citing Baldwin Graphic, 512 F.3d at 1342). At oral argument, Emulex argued that the Court's interpretation of claim 8 is inconsistent with Creative Internet. The Court disagrees. The Court's construction recognizes that "the interpolated control module" refers to the antecedent phrase "an interpolated control module" and gives effect to all terms of the claim. The Court's interpretation does not render the word "each" in the phrase "each receive lane" a nullity.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-01058-JVS (ANx) consolidated CV 10-03963-JVS (ANx) | Date | August 2, 2011 |
|---|---|---|---|
| Title | Broadcom Corp. v. Emulex Corp., et al. | | |

module" is improper under the doctrine of claim differentiation because Emulex's construction ignores claim 19. Claim 19 is dependent on claim 8. Claim 19 recites "a <u>plurality</u> of interpolator control modules each associated with one of the multiple receive-lanes and each adapted to control the phase interpolator associated with the same receive-lane." (Lamberson Decl., Ex. 1 at 40:9-13, emphasis added.) Claim 19, therefore, expressly covers a device that uses multiple interpolator control modules, each of which is adapted to control the phase interpolator of the receive-lane with which said module is associated. Claim 8 must be at least as broad as this claim. See <u>AK</u> <u>Steel</u>, 344 F.3d at 1242 ("[I]ndependent claims . . . must be at least as broad as the claims that depend from them."). Thus, like claim 19, claim 8 must cover devices with a plurality of interpolator control modules, each adapted to control the phase interpolator of the receive-lane associated with that module.

Emulex responds that its construction of claim 8 is consistent with the doctrine of claim differentiation and does not ignore claim 19 because its construction of claim 8 does not <u>exclusively</u> require a single interpolator control modules. (Reply Br. 12.) Instead, Emulex contends that its construction allows for multiple interpolator control modules as long as "at least one of the one or more interpolator control modules" is coupled to each receive-lane and adapted to cause the phase interpolator in each receive-lane to rotate the interpolated phase of the sampling signal. (Reply Br. 12.) However, as explained above, the plain language of claim 8 does not require a single interpolator control module to be coupled to each receive-lane or to control the interpolated phase of the sampling signal in each receive-lane. Thus, Emulex's argument is unavailing.

In responding to Broadcom's claim differentiation argument, Emulex also contends that Broadcom's construction is inconsistent with 35 U.S.C. § 112. (Reply Br. 13.) 35 U.S.C. § 112 provides that a dependent claim must specify a further limitation on the claim from which it depends. Emulex argues that under Broadcom's construction, dependent claim 19 does not specify a further limitation on claim 8. (Reply Br. 13.) The Court disagrees. Claim 19 covers only devices with multiple interpolator control modules, whereas claim 8 covers devices with one or more interpolator control modules. Thus, Broadcom's construction is consistent with 35 U.S.C. § 112.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 09-01058-JVS (ANx) consolidated CV 10-03963-JVS (ANx) | Date | August 2, 2011 |

Title     Broadcom Corp. v. Emulex Corp., et al.

For these reasons, the Court does not adopt Emulex's construction of "interpolated control module."

Even if the Court were to adopt Emulex's view that a single interpolated control module must be coupled to each receive-lane, Emulex has not explained why that single interpolated control module could not be the collection of separate logic blocks, each of which is coupled to individual receive-lanes, that together form the overarching interpolator control module. In fact, Emulex seems to implicitly acknowledge this possibility in its response to Broadcom's claim differentiation argument when it states that "claim 19 . . . merely requires that the interpolator control module of claim 8 further include a plurality of subcomponents (also referred to as interpolator control modules) each associated with a receive-lane and adapted to control the phase interpolator in that receive lane." (Reply Br. 4.) Emulex does not explain why this sort of overarching interpolator control module could not be a collection of subcomponent interpolator control modules, where each subcomponent is associated with a separate receiver-lane, as Dr. Stojanovich opines.

Finally, even if the Court were to adopt Emulex's construction and find that the Accused Products do not literally infringe claims 8, 12, and 13 of the '150 patent, the Court would not grant this motion and, instead, would allow Dr. Stojanovich to file a supplemental report in light of the construction. The narrow construction of "interpolator control module" that Emulex now proposes is inconsistent with the construction of that term that Emulex proposed to Broadcom in its preliminary claim constructions. (Conley Decl. ¶ 5.) In its preliminary claim constructions, submitted to Broadcom on June 18, 2010, Emulex proposed that the term "interpolator control module" should be construed as "[a] circuit that detects the phase and/or frequency of one or more input sample signals, determines the phase offset and/or frequency offset between the input sample signal(s) and an incoming serial data signal, and generates control signals indicative of such offset(s)." (Conley Decl., Ex. B at 27.) This preliminary construction did not limit claim 8 of the '150 patent to covering devices with a single circuit module coupled to each receive-lane. Presumably aware of Emulex's preliminary construction of the claim term, Dr. Stojanovich did not address whether the Accused Products infringe claims 8, 12, and 13 of the '150 patent under the doctrine of equivalents. (See Opp'n Br. 7.) Thus, even if the Court were to adopt Emulex's construction, the Court would permit Dr.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 09-01058-JVS (ANx) consolidated CV 10-03963-JVS (ANx) | Date | August 2, 2011 |
| Title | Broadcom Corp. v. Emulex Corp., et al. | | |

Stojanovich to submit a supplemental expert report addressing infringement of the '150 patent under the doctrine of equivalents.

III. Conclusion

    For the foregoing reasons, the motion is DENIED.

    IT IS SO ORDERED.

                                                                 : 00

                                          Initials of Preparer    nkb