UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-01058-JVS (ANx) consolidated CV 10-03963-JVS (ANx) | Date | August 2, 2011 |
|---|---|---|---|

| Title | Broadcom Corp. v. Emulex Corp., et al. |
|---|---|

| Present: The Honorable | James V. Selna |
|---|---|

| Nancy Boehme | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **(IN CHAMBERS)**   Order GRANTING  Broadcom's Motion for Partial Summary Judgment of No Invalidity of the '691 and '500 Patents (fld 6/13/11)

Plaintiff Broadcom Corporation ("Broadcom") moves for partial summary judgment of no invalidity of U.S. Patent Nos. 7,471,691 ("the '691 patent") and 7,450,500 ("the '500 patent"). Emulex Corporation ("Emulex") opposes. For the following reasons, Broadcom's motion for summary judgment is GRANTED.

I.   Legal Standard

Summary judgment is appropriate only where the record, read in the light most favorable to the nonmoving party, indicates that "there is no genuine issue as to any material fact and . . . the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); see also Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). Summary adjudication, or partial summary judgment "upon all or any part of [a] claim," is appropriate where there is no genuine issue of material fact as to that portion of the claim. Fed. R. Civ. P. 56(a), (b); see also Lies v. Farrell Lines, Inc., 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim . . . .") (internal quotation marks omitted).

Material facts are those necessary to the proof or defense of a claim, and are determined by reference to substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.  To demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-01058-JVS (ANx) consolidated CV 10-03963-JVS (ANx) | Date | August 2, 2011 |
|---|---|---|---|

| Title | Broadcom Corp. v. Emulex Corp., et al. | | |
|---|---|---|---|

party must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (internal quotation marks and citations omitted). In deciding a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255.

The burden initially is on the moving party to demonstrate an absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. If the moving party meets its burden, then the nonmoving party must produce enough evidence to rebut the moving party's claim and create a genuine issue of material fact. See id. at 322-23. If the nonmoving party meets this burden, then the motion will be denied. Nissan Fire & Marine Ins. Co. v. Fritz Co., 210 F.3d 1099, 1103 (9th Cir. 2000).

A patent is presumed valid; the burden of establishing invalidity rests on the party asserting invalidity. 35 U.S.C. § 282. An invalidity defense must be proved by clear and convincing evidence. Microsoft Corp. v. i4i P'ship, No. 10-290, – U.S. –, slip op. at 1 (June 9, 2011).

II.     Discussion

Broadcom seeks partial summary judgment of no invalidity as to the '691 patent and the '500 patent. These patents relate to designs for Fibre Channel storage area networks ("SANs"). A SAN is a type of network that makes storage devices accessible to network servers; a user may then access data on "remote storage devices as if the data were stored locally to the user's computer system." (Wolin Decl., Ex. A, at ¶37.)

Techniques for configuring and connecting devices within SANs have been "standardized," creating standard rules for Fibre Channel networks. (Docket No. 397, Mot. Br. 3.) Fibre Channel technology is a networking protocol and technology, governing communications between SAN devices such as servers and storage devices. (Wolin Decl., Ex. A, at ¶44.) The American National Standards Institute has developed standard rules for Fibre Channel networks, defining three types of Fibre Channel topologies, one of which is the Fibre Channel-Arbitrated Loop ("FCAL") networks. (Id.)

Broadcom's expert[1] maintains that in an FCAL network, devices are connected in a loop

---

[1] The Court relies for background on Broadcom's briefing. (Mot. Br. 3-8.) Emulex contends that it does not agree with this section, but does not object to the extent that the background information

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-01058-JVS (ANx) consolidated CV 10-03963-JVS (ANx) | Date | August 2, 2011 |
|---|---|---|---|
| Title | Broadcom Corp. v. Emulex Corp., et al. | | |

or ring.  (Id. at ¶47.)  Devices "communicate through a series of point-to-point connections, where data is retransmitted across each point-to-point link until it reaches the destination device."  (Id.)  The FCAL devices use control messages called "primitives" to manage connections on the communications loop.  (Id. at ¶48.)  These primitives can include messages to open a connection; to close a connection; to tell the source that the destination is ready to receive data; and to cause devices to arbitrate among themselves to determine which device can communicate next on the loop.  (Id.)

Broadcom argues that the claimed inventions "improve upon the prior art standardized protocols, with a particular focus on improving on FCAL networks."  (Id.)  That is, Broadcom argues that the '691 and '500 patents "teach and claim novel and valuable features for coupling and switching multiple FCAL networks – offering advantages not provided by either fabric switched networks or prior art FCAL networks."  (Mot. Br. 4.)  Broadcom also maintains that both patents are directed to establishing more efficient connections among multiple FCAL networks, by using an "FCAL switch."  (Id. at 4, 5.)  Broadcom argues that the patents-in-suit accomplish this through the structural components of the claimed FCAL switch and the ways in which network connections are established among devices in this network configuration.  (Id. at 5.)

Emulex asserts that U.S. Patent No. 6,185,203 ("the '203 patent") anticipates claims 7 and 10 of the '691 patent and claim 3 of the '500 patent.  (Def.'s Statement of Genuine Disputes ("SGD") No. 1.)  Emulex argues that the '203 patent "discloses a prior art fabric switch" that involves an FCAL network and includes "a centralized router, a switching core, and multiple switch ports."  (Docket No. 504, Opp'n Br. 5, citing to Lamberson Decl., Ex. I (Warden Decl.), at ¶¶ 215, 255, 260, 271-77).  Emulex maintains that the '203 patent is coupled to an Arbitrated Loop, which is in turn connected to other nodes.  (Id. at ¶ 224, 257.)

A.    '691 Patent

Broadcom asserts claims 7 and 10 against Emulex.  Claim 7 of the '691 patent reads:

> A packet switch for coupling a plurality of node loops (NL) nodes and/or Fibre Channel Arbitrated Loop network (FCAL nets) together to all concurrent data exchanges between a plurality of pairs comprised of one NL node or FCAL net and one other NL node or FCAL net, comprising:

---

is "purely for context."  (Docket No. 504, Opp'n Br. 6, n.7.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 09-01058-JVS (ANx) consolidated CV 10-03963-JVS (ANx) | Date | August 2, 2011 |

| | |
|---|---|
| Title | Broadcom Corp. v. Emulex Corp., et al. |

> a crossbar switch;
> a protocol bus;
> a plurality of port circuits each having an input and an output for connecting to an FCAL net coupled to one or more NL nodes and capable of implementing a Fibre Channel loop protocol, and each having a crossbar switch port coupled to said crossbar switch;
>
> circuitry in each said port circuit and coupled to said protocol bus for maintaining a scoreboard table containing at least status information and a routing table containing data mapping destination addresses of NL nodes to port IDs;
>
> and wherein said port circuits function to establish connections between themselves by *using destination addresses in Open (OPN) primitives* received from source nodes to search said routing table to determine the ID of a remote port coupled to the destination node having the destination addresses in the OPN and, using that port ID to search said scoreboard table to determine status of the remote port, and then exchanging messages with said remote port to cause it to arbitrate for and take control of its local FCAL net and establish a data path via a particular channel through said crossbar switch and *use said channel to transmit primitives and data frames between said source node and said destination node*.

(Wolin Decl., Ex. B, at 49:54-50:15) (emphasis supplied).

Broadcom argues that the '691 patent claims describe use of primitives to make connections to "ports" in devices in ways that are not taught or required by the FCAL protocol. (Mot. Br. 6.) As shown below, Broadcom argues that Emulex's expert, Mr. Gary Warden, conceded that the '203 patent does not disclose every limitation of the asserted claims of the '691 patent. (Mot. Br. 10.) Broadcom argues that Mr. Warden conceded that the limitation from claim 7, concerning the use of primitives in the last paragraph excerpted above, is absent from the '203 patent. (Id. at 7.)

Claim 10 of the '691 patent similarly reads:

> A packet switching switch for coupling a plurality of node loop (NL) nodes and/or Fibre Channel Arbitrated Loop network (FCAL nets) together to all concurrent data exchanges between a plurality of pairs comprised of one NL node or FCAL net and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-01058-JVS (ANx) consolidated CV 10-03963-JVS (ANx) | Date | August 2, 2011 |
|---|---|---|---|

| Title | Broadcom Corp. v. Emulex Corp., et al. |
|---|---|

    one other NL node or FCAL net, comprising:

>a crossbar switch;
>a protocol bus;
>a plurality of port circuits each having an input and an output for connecting to an FCAL net coupled to one or more NL nodes and capable of implementing a Fibre Channel loop protocol, and each having a crossbar switch port coupled to said crossbar switch;
>
>circuitry in each said port circuit and coupled to said protocol bus for maintaining a routing table containing data mapping destination addresses of NL nodes to port IDs and for maintaining a scoreboard table containing at least status information of remote ports;
>
>and wherein said port circuits function to establish connections between themselves by *latching any Open (OPN) and Ready (RRDY) primitives* received from source nodes and using destination addresses in OPN primitives received from said source nodes to search said routing table to determine the ID of a remote port coupled to the destination node having the destination addresses in the OPN, and then establishing a data path through said crossbar switch to said remote port and wherein each said port when it receives an OPN and any following RRDYs from another port via said crossbar switch, functioning to latch said OPN and RRDY and arbitrate for and take control of its local FCAL net, and
>
>continuing to try to take control of its local FCAL net until control is achieved, and when control is achieved, sending said OPN and any latched RRDYs to the destination node, and thereafter using said data path through said crossbar switch to send primitives and data frames back and forth between said source and destination nodes until the transaction is completed without ever storing any data frames.

(Wolin Decl., Ex. B, at 50:24-61) (emphasis supplied).

    Again, Broadcom argues that Mr. Warden conceded that the limitation concerning the use of primitives in the last two paragraphs excerpted above is absent from the '203 patent. (Mot. Br. 14.) Broadcom advances two arguments in support of its position that no reasonable juror could find the '203 patent invalidates the '691 patent. The Court examines each in turn.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-01058-JVS (ANx) consolidated CV 10-03963-JVS (ANx) | Date | August 2, 2011 |
|---|---|---|---|

| Title | Broadcom Corp. v. Emulex Corp., et al. |
|---|---|

    1.    Anticipation

Broadcom argues that there was no anticipation. Anticipation requires that a single prior art reference disclose, "either expressly or inherently, every limitation as asserted in the claims." Crown Packaging Tech., Inc. v. Ball Metal Beverage Container Corp., 635 F.3d 1373, 1383 (Fed. Cir. 2011). Broadcom argues that Emulex's sole prior art reference to the '203 patent does not disclose at least one limitation of each of the asserted claims. Broadcom presents testimony from Mr. Warden, who states that claim 7 "refers to open primitives" and the '203 patent does not refer to open primitives. (Wolin Decl., Ex. F, at 113:16-24.) Mr. Warden stated that the methods described in claims 7 and 10 are not required each time the protocol is used. (Id. at 116:8-117:2; 118:15-119:22.)

The Court agrees with Broadcom that it has not acted inconsistently. (Docket No. 557, Reply Br. 4.) While Broadcom had earlier accused a group of products called FibreSpy of infringing the '691 patent, "once Broadcom completed full discovery regarding the FibreSpy products, and was able to evaluate the entire factual record," Broadcom removed its allegations that the products infringed the '691 patent. (Id.) As Broadcom argues, its "now-moot '691 infringement contentions are not grounds from which a reasonable jury could find that the '203 patent anticipates claims 7 and 10 of the '691 patent." (Id. at 5.) See also Fresenius Med. Care Holdings v. Baxter Int'l, Inc., No. C 03-1431 SBA, 2006 WL 1627065, at *1-2 (N.D. Cal. June 13, 2006) (excluding evidence concerning product not accused of infringing).

The '203 patent does not teach the particular use of "primitive" signals in the '691 patent as required by the limitations of claims 7 and 10. Broadcom has met its burden of showing that while Emulex's expert references routing data used to address identifiers, it does not address primitives as required by claims 7 and 10. (Wolin Reply Decl., Ex. C.) Mr. Warden stated that "the method of use recited in these claims is not inherent in the FCAL protocol." (Wolin Reply Decl. Ex. A, at 131:6-8.) Broadcom has shown that nothing in the FCAL protocol required the specific use of open and ready primitives recited in claims 7 and 10. In sum, Emulex has not established a triable issue of fact regarding anticipation of the '691 patent.

    2.    Obviousness

An obviousness analysis requires an examination of whether the "patent can provide a reason for combining the elements in the manner claimed." KSR Int'l Co. v. Teleflex, Inc., 550 U.S. 398, 420 (2007). An expert must perform a limitation-by-limitation analysis that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-01058-JVS (ANx) consolidated CV 10-03963-JVS (ANx) | Date | August 2, 2011 |
|---|---|---|---|

| Title | Broadcom Corp. v. Emulex Corp., et al. |
|---|---|

provides a "plausible rational as to why the prior art references would have worked together to render the [asserted claims] obvious." Power-One, Inc. v. Artesyn Techs., Inc., 599 F.3d 1343, 1352 (Fed. Cir. 2010).

Mr. Warden did not conduct an element-by-element analysis of the asserted claims in his obviousness section. (Wolin Reply Decl., Ex. A, at 106:6-9.) Emulex has not shown that the use of open and ready primitives in claims 7 and 10 are disclosed anywhere in the prior art. (Reply Br. 13.) Accordingly, Emulex has not met its burden to show that claims 7 and 10 are obvious in light of the '203 patent. Accordingly, the Court grants Broadcom's request for partial summary judgment as to the '691 patent.

     B.    The '500 Patent

The '500 patent is directed to a "priority" mechanism. (Wolin Decl., Ex. C, at 37:16-38:28.) Such a mechanism allows certain ports in an FCAL to have higher priority levels than other ports, which means that higher-priority ports establish network connections before the lower-priority ports. (Id.) Broadcom argues that Mr. Warden conceded that the '203 patent does not disclose every limitation of the asserted claim of the '500 patent. (Mot. Br. 10.)

Broadcom asserts claim 3 against Emulex. Claim 3 provides:

> A method for coupling a plurality of Fibre Channel Arbitrated Loop (FCAL) nets, comprising:
>
> providing a plurality of separate backplane data paths; coupling a plurality of port integrated circuits by said separate backplane data paths, each integrated circuit having integrated thereon a port circuit and a portion of a crossbar switch; and
> coupling FCAL net interface to at least one FCAL net, and the portion fo the crossbar switch,
>
> *wherein each of said plurality of port integrated circuits has a priority level for access to busy destination nodes*.

(Wolin Decl., Ex. C, at 49:7-18) (emphasis supplied).

     1.    Anticipation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-01058-JVS (ANx) consolidated CV 10-03963-JVS (ANx) | Date | August 2, 2011 |
|---|---|---|---|

| Title | Broadcom Corp. v. Emulex Corp., et al. |
|---|---|

     Broadcom argues that Emulex's anticipation contention fails because the '203 patent does not describe the priority limitation in claim 3. (Mot. Br. 16.) In fact, Mr. Warden has conceded that under a "proper viewing" of the claim, the '203 patent "does not teach or describe the priority limitation in claim 3 of the patent." (Wolin Decl., Ex. F, at 125:22-126:18.) Emulex's expert has declared that the '500 patent "only discusses priority levels corresponding to busy destination nodes as permitting a connection request to 'camp' on a busy destination node if the port making the request has a heightened priority level." (Lamberson Decl., Ex. Q, at ¶ 292.)

     In its Reply brief, Broadcom argues that these passages do not disclose priority levels; instead, a reference to "round-robin arbitration" is "simply an arbitration mechanism" and does not relate to priority . (Reply Br. 14, citing to Wolin Reply Decl., Ex. C, at ¶ 50.) During the hearing, Broadcom again emphasized this point, arguing that the priority scheme acts in combination with round robin fairness and that the teaching of the round robin scheme in the '203 patent does not meet the claim limitation.[2] The Court agrees with Broadcom's position here: the passages cited by Emulex are insufficient to create a triable issue of fact and do not rebut Broadcom's argument that the '203 patent does not disclose priority levels for access to busy destination nodes.

     2.     Obviousness

     Emulex presents evidence that Mr. Warden has shown specific claim limitations that were well known in the art. (Lamberson Decl., Ex. I, at ¶ 39.) However, the Court finds that Emulex has not met its burden: Emulex does not provide further analysis and does not offer evidence that the full claim limitation would be one known in the art. Moreover, during the hearing, Broadcom argued that Mr. Warden had not provided a separate obviousness analysis; indeed, Mr. Warden's declaration contains only two paragraphs addressing this topic. (Wolin Decl., Ex. E, at ¶¶ 283-84; see also Wolin Reply Decl., Ex. A, at 104:14-105:5.) Emulex has not provided adequate evidence to show that the '203 patent discloses priority levels for access to busy destination modes. Accordingly, Broadcom has carried its burden regarding the '500 patent. Therefore, the Court grants summary judgment in favor of Broadcom as to the '500 patent as well.

---

     [2] The very passages from Dr. Vahdat's report that Emulex cited in its PowerPoint presentation during the hearing make this point. (Lamberson Decl., Ex. U, Vahdat Report, ¶¶ 195, 226).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 09-01058-JVS (ANx) consolidated CV 10-03963-JVS (ANx) | Date | August 2, 2011 |

Title   Broadcom Corp. v. Emulex Corp., et al.

III.   Conclusion

For the foregoing reasons, Broadcom's motion for summary judgment is GRANTED.

IT IS SO ORDERED.

:   00

Initials of Preparer   nkb