UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-01058-JVS (ANx) consolidated CV 10-03963-JVS (ANx) | Date | August 3, 2011 |
|---|---|---|---|
| Title | Broadcom Corp. v. Emulex Corp., et al. | | |

| Present: The Honorable | James V. Selna | |
|---|---|---|
| Nancy Boehme | | Not Present |
| Deputy Clerk | | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS)** Order DENYING Emulex's Motion for Summary Judgment of No Infringement as to Counts 4 & 5 (fld 6/13/11)

Defendant Emulex Corporation ("Emulex") moves for summary judgment of no infringement as to Counts 4 and 5 of the First Amended Complaint ("FAC") of Plaintiff Broadcom Corporation ("Broadcom"). Broadcom opposes.

I.   Legal Standard

Summary judgment is appropriate only where the record, read in the light most favorable to the nonmoving party, indicates that "there is no genuine issue as to any material fact and . . . the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); see also Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). Summary adjudication, or partial summary judgment "upon all or any part of [a] claim," is appropriate where there is no genuine issue of material fact as to that portion of the claim. Fed. R. Civ. P. 56(a), (b); see also Lies v. Farrell Lines, Inc., 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim . . . .") (internal quotation marks omitted).

Material facts are those necessary to the proof or defense of a claim, and are determined by reference to substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. To demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 09-01058-JVS (ANx) consolidated CV 10-03963-JVS (ANx) | Date | August 3, 2011 |
|---|---|---|---|
| Title | Broadcom Corp. v. Emulex Corp., et al. | | |

to the material facts. . . . [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (internal quotation marks and citations omitted). In deciding a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255.

The burden initially is on the moving party to demonstrate an absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. If the moving party meets its burden, then the nonmoving party must produce enough evidence to rebut the moving party's claim and create a genuine issue of material fact. See id. at 322-23. If the nonmoving party meets this burden, then the motion will be denied. Nissan Fire & Marine Ins. Co. v. Fritz Co., 210 F.3d 1099, 1103 (9th Cir. 2000).

II. Discussion

The two patents at issue are U.S. Patent Nos. 7,471,691 ("the '691 patent") and 7,450,500 ("the '500 patent"). Broadcom alleges that Emulex's "InSpeed products"[1] infringe system claims 7 and 10 of the '691 patent and method claim 3 of the '500 patent. (Docket No. 60, First Amended Complaint ("FAC") ¶¶ 52-63). The background of this technology has been discussed in the Court's order on Broadcom's Motion for Partial Summary Judgment of No Invalidity of U.S. Patent Nos. 7,471,691and 7,450,500. The InSpeed products include components such as a "designated number of ports; a crossbar switch; and a router." (Maier Decl., Ex. C, at ¶ 59.) The ports are capable of connecting to nodes or loops of nodes implementing the [Fibre Channel-Arbitrated Loop] FCAL protocol." (Id. at ¶¶ 85, 134.)

A.  '691 Patent

---

[1] The InSpeed products are InSpeed 320, 422, 442, and Sequoia products. (Docket No. 445, Mot. Br. 1.) These products are standalone "switch-on-chips" ("SOCs"). An SOC is an "integrated circuit that can be mounted on a printed circuit board." (Meier Decl., Ex. C, at ¶¶ 59-62.) The Sequoia product is a "box enclosure that contains an SOC 442. (Id.) The FibreSpy products include the SOC 804. (Id. at 64-66.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-01058-JVS (ANx) consolidated CV 10-03963-JVS (ANx) | Date | August 3, 2011 |
|---|---|---|---|
| Title | Broadcom Corp. v. Emulex Corp., et al. | | |

By way of background, Broadcom's expert, Dr. Amin Vahdat, states that the claimed components include a "scoreboard table" and "routing table" that supply "critical information for establishing connections among devices." (Id. at ¶ 56; Docket No. 497, Opp'n Br. 3.) These devices have one or more "port circuits" that connect the device to the network. (Maier Decl., Ex. C, at ¶ 56.) The InSpeed router keeps track of the status of each port and can also determine the status of a remote port. (Id. at ¶¶93, 142.)

Emulex argues that the InSpeed products do not literally infringe claims 7 and 10. (Docket No. 445, Mot. Br. 6.) Emulex advances four somewhat overlapping arguments in support of its motion: (1) that the router and port circuitry are distinct; (2) that the router, not the port circuits, maintains the accused scoreboard table and routing table; (3) that the router, not the port circuits, searches the accused routing table; and (4) that the router, not the port circuits, "establish a data path . . . .through said crossbar switch." The Court examines these arguments below.

First, Emulex presents evidence that it believes shows that the router circuitry and port circuitry are distinct. (Meier Decl., Ex. C, at ¶¶ 78-79, 93, 125-26, 142.) The InSpeed products include "router" circuitry and a "designated number of port circuits." (Meier Decl., Ex. C, ¶¶ 60-63, 84.) Emulex's expert, Mr. Gary Warden, limits the claims to one preferred embodiment (Figure 5), which excludes the embodiment in Figure 4 of the patent. (Maier Decl., Ex. M, at 172:21-175:16, 177:9-178:2.) The Federal Circuit has discouraged the exclusion of disclosed examples in the specification. Verizon Servs. Corp. v. Vonage Holdings Corp., 503 F.3d 1295, 1305 (Fed. Cir. 2007).

Broadcom argues that the '691 patent teaches multiple illustrative embodiments of the scoreboard table and routing table. (Maier Decl., Ex. A, at Fig. 4.) In one embodiment, all port circuits share "a single, central scoreboard and a single, central routing table." (Id., at 26:33-39; 28:23-26.) In another embodiment, port circuits access local copies of the scoreboard and a local routing table. (Id. at 14:30-39.) Therefore, there is a question as to whether the accused products meet the limitations in claims 7 and 10. Emulex has not provided evidence that shows there is "no dispute" that the "InSpeed router circuitry and port circuitry are separate components." (Mot. Br. 9.) Instead, Emulex asks the Court to adopt a very narrow construction that it should have addressed at the claim construction stage. (Opp'n Br. 9.) Therefore, the Court finds there is a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-01058-JVS (ANx) consolidated CV 10-03963-JVS (ANx) | Date | August 3, 2011 |
|---|---|---|---|
| Title | Broadcom Corp. v. Emulex Corp., et al. | | |

triable issue of fact as to infringement because of the multiple embodiments present here. Accordingly, the Court will not grant summary judgment on this issue, where Emulex's motion effectively excludes alternative embodiments.

Second, Emulex argues that a "separate router – not the port circuits – maintains what Broadcom accuses of being these tables." (Meier Decl., Ex. D, at 180:18-182:11.) Emulex argues that the "plain language of the claims requires that each of the port circuits – or ports – includes circuitry that maintains the scoreboard table and routing table." (Mot. Br. 9.) Emulex argues that, based on Dr. Vahdat's testimony, in which he discussed the location of the scoreboard table, the accused InSpeed 320, 422, and 442 products "cannot literally meet the claim limitations requiring circuitry in each port circuit for maintaining the routing table." (Mot. Br. 12, citing to Lamberson Decl., Ex. D, at 183:7-184:20; 188:24-189:5.) Broadcom points to Figure 4 and the patent language to raise a triable issue as to this point. (Meier Decl., Ex. A at 26:33-37; Opp'n Br. 13.)

While Emulex offers other bases upon which it urges the Court to grant its motion, Emulex has not satisfied its burden as to the first two. Having found a number of triable issues of material fact exist as to this patent, the Court's analysis ends at this point, and a jury will determine the merits of these and the remaining arguments. Accordingly, because the Court finds triable issues of fact exist regarding claims 7 and 10 of the '691 patent, Emulex's motion for non-infringement is therefore denied.

B. '500 Patent

Broadcom alleges that Emulex infringes claim 3 of the '500 Patent. Claim 3 requires "a plurality of separate backplane data paths" and "coupling a plurality of port integrated circuits by said separate backplane data paths . . . ." (Meier Decl., Ex. B., at 49:7-13.) Broadcom's vice president of server and storage strategy, Greg Scherer, testified that the backplane can be thought of as "a series of cables" with "etches that are across a printed circuit board that connects different slots." (Lamberson Decl., Ex. F, at 157:11-20.) The dispute centers on the scope of the term "backplane data path," with Emulex arguing for a limited definition of that term. (Opp'n Br. 21.)

Emulex argues that "no reasonable juror could conclude that the external cables are backplane data paths." (Mot. Br. 20.) Emulex offers testimony from the named inventor,

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-01058-JVS (ANx) consolidated CV 10-03963-JVS (ANx) | Date | August 3, 2011 |
|---|---|---|---|

| Title | Broadcom Corp. v. Emulex Corp., et al. | | |
|---|---|---|---|

who believes the term "backplane" refers only to a printed circuit board. (Lamberson Decl., Ex. E, at 129:2-10; 148:20-24.) Emulex also argues that there is no indirect infringement because Broadcom alleges the products infringe only when arranged in a cascaded configuration. (Mot. Br. 21-22.) Emulex argues that Broadcom's Dr. Vahdat testified that, "for indirect infringement, Emulex's customers must use the products in a cascaded configuration." (Id. at 22.) Emulex argues there is no evidence that any Emulex customer arranged the SOC 442, SOC 804, or Sequoia in a cascaded configuration. (Id.)

Emulex also argues that none of its products infringe any asserted claim under the doctrine of equivalents. Emulex argues that Broadcom has not provided a sufficient infringement analysis. (Mot. Br. 23.) Emulex cites to a number of cases in which the Federal Circuit found that the appellant had not produced "a single shred of particularized evidence" as to how the accused products infringed the prior art. Stumbo v. Eastman Outdoors, 508 F.3d 1358, 1365 (Fed. Cir. 2007); PC Connector Solutions LLC v. Smartdisk Corp. & Fuji Photo Film U.S.A., 406 F.3d 1359, 1364 (Fed. Cir. 2005) (finding doctrine of equivalence argument not before appellate court because, "[h]aving presented the district court with only conclusory statements regarding equivalence, without any particularized evidence and linking argument . . .with respect to the 'function, way, result' test, appellant was "foreclosed from invoking the substantive application of the doctrine of equivalents."); see also Lear Siegler, Inc. v. Sealy Mattress Co. of Mich., 873 F.2d 1422, 1425 (Fed. Cir. 1989) (plaintiff must provide evidence comparing the claimed and accused devices to succeed in an equivalence analysis). As an example, Emulex argues that Broadcom's expert does not provide an extensive analysis of the function-way-result for claim 3 of the '500 patent. (Id.) Dr. Vahdat states that the "backplane data paths function to provide a plurality of backplane data paths"; that "the way in which the back plane (sic) data paths achieve this function is by being backplane data paths"; and that "the result is that the backplane data paths function as backplane data paths." (Lamberson Decl., Ex. C, at ¶ 180.)

Broadcom responds that Emulex fails to address three ways in which its products infringe the '500 patent. First, Broadcom argues that the InSpeed products provide a "plurality of separate backplane data paths" as required by claim 3. (Opp'n Br. 21.) Broadcom argues that the plain meaning of "backplane data paths" "embraces other forms of electrical connections . . . beyond metal traces." (Id.) Broadcom argues that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-01058-JVS (ANx)<br>consolidated CV 10-03963-JVS (ANx) | Date | August 3, 2011 |
|---|---|---|---|

| Title | Broadcom Corp. v. Emulex Corp., et al. |
|---|---|

Emulex literally infringes by using SOCs connected solely by metal traces on a single circuit board. (Meier Decl., Ex. G, at 233:18-234:6.) This evidence raises a triable issue regarding Emulex's infringement.

Second, Broadcom argues that the "connections between SOCs and external cabling are still implemented using metal traces over a circuit board, thereby literally meeting the claim limitation." (Opp'n Br. 22.) Broadcom presents evidence that claim 3 "does not require the *entire* path between two SOCs to be a metal trace on a circuit board." (Id.) Claim 3 requires only that port integrated units be "coupled" by the backplane data path. (Meier Decl., Ex. B at 4:34; 5:8-9.) The patent uses "coupled" to describe a connection between devices made through "any number" of intermediate components. (Id. at 4:34.) Broadcom successfully raises a triable issue of fact such that "an implementation where SOCs on different circuit boards each have metal traces connecting to a common external cable" meets the limitation under claim 3. (Opp'n Br. 23.)

Third, Broadcom's expert has opined that the cascaded products meet the limitations of claim 3 under the doctrine of equivalents ("DOE"). The Court finds that the cases Emulex cited, supra, for the proposition that Broadcom's infringement analysis is insufficient, are distinguishable. There, the appellants produced *no* evidence comparing the two products, whereas here, evidence exists to raise a triable issue of fact. Dr. Vahdat has provided a sufficient analysis. (See, e.g., Lamberson Decl., Ex. C, at ¶180-81 (discussing cascaded connections with respect to InSpeed products); id. at ¶ 211-12 (discussing cascaded connections with respect to FibreSpy products). The Court finds that Dr. Vahdat's DOE opinions are sufficient because he has "provided the opinion that, if not literally present, the limitation is present under the [DOE]." (Opp'n Br. 23.) Accordingly, the Court finds several triable issues of material fact exist such that Emulex's motion is denied.

Broadcom has also presented evidence that Emulex indirectly infringes the '500 patent with regard to the SOC 442, Sequoia, and SOC 804 products. (Opp'n Br. 24.) Broadcom argues that during discovery, Emulex "conceded that it knows of customers who use multiple SOC 804s cascaded via their SPI bus." (Id., citing to Meier Decl., Ex. L: 133:18-21.) The Court finds Emulex's arguments in its Reply brief as to this point to be unavailing. (Docket No. 506.) Broadcom has offered evidence that raises a triable

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 09-01058-JVS (ANx) consolidated CV 10-03963-JVS (ANx) | Date | August 3, 2011 |
|---|---|---|---|
| Title | Broadcom Corp. v. Emulex Corp., et al. | | |

issue as to whether Emulex has infringed the InSpeed products. Therefore, the Court denies the summary judgment motion as to the '500 patent as well.

III.   Conclusion

For the foregoing reasons, Emulex's motion for summary judgment is DENIED.

IT IS SO ORDERED.

|   | : | 00 |
|---|---|---|
| Initials of Preparer | nkb | |