UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 09-01058-JVS (ANx) consolidated CV 10-03963-JVS (ANx) | Date | August 3, 2011 |
| Title | Broadcom Corp. v. Emulex Corp., et al. | | |

Present: The Honorable    James V. Selna

| Nancy Boehme | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS)** Order DENYING Motion for Summary Judgment of Non-Infringement of the Asserted Claims of the '194, '124, and '057 Patents (fld 6/21/11)

    Defendant Emulex Corporation ("Emulex") moves for partial summary judgment of non-infringement of Counts 6, 8, and 12[1] in Plaintiff Broadcom Corporation's ("Broadcom") operative complaint. This motion concerns U.S. Patent Nos. 6,424,194 ("the '194 patent"), 7,486,124 ("the '124 patent"), and 7,724,057 ("the '057 patent") (collectively, "the '194 patent family"). For the following reasons, Emulex's motion for partial summary judgment is DENIED.

I.    <u>Legal Standard</u>

    Summary judgment is appropriate only where the record, read in the light most favorable to the nonmoving party, indicates that "there is no genuine issue as to any material fact and . . . the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); <u>see also</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323-24 (1986). Summary adjudication, or partial summary judgment "upon all or any part of [a] claim," is appropriate where there is no genuine issue of material fact as to that portion of the claim. Fed. R. Civ. P. 56(a), (b); <u>see also</u> <u>Lies v. Farrell Lines, Inc.</u>, 641 F.2d 765, 769

---

[1] "Count" 12 actually refers to the single claim filed in the subsequently consolidated action, 10-3963 JVS (ANx).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-01058-JVS (ANx) consolidated CV 10-03963-JVS (ANx) | Date | August 3, 2011 |
|---|---|---|---|

| Title | Broadcom Corp. v. Emulex Corp., et al. |
|---|---|

n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim . . . .") (internal quotation marks omitted).

Material facts are those necessary to the proof or defense of a claim, and are determined by reference to substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. To demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (internal quotation marks and citations omitted). In deciding a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255.

The burden initially is on the moving party to demonstrate an absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. If the moving party meets its burden, then the nonmoving party must produce enough evidence to rebut the moving party's claim and create a genuine issue of material fact. See id. at 322-23. If the nonmoving party meets this burden, then the motion will be denied. Nissan Fire & Marine Ins. Co. v. Fritz Co., 210 F.3d 1099, 1103 (9th Cir. 2000).

II.     Discussion

    A.     Background

Emulex seeks summary judgment as to Counts 6, 8, and 12 of Broadcom's First Amended Complaint. Broadcom's expert, Dr. Richard Fair, identifies the following Emulex products as infringing one or more asserted claims in the '194 patent family: QT2025, SOC 422, SOC 804, SOC 442, BE2 PCIe, BE2 XAUI, BE3, Lancer, and Zephyr. (Portney Decl., Ex. A, at ¶17.)[2]

---

[2] Emulex has acknowledged that its summary judgment motion does not apply to the accused QT2025 and SOC442 devices. (Docket No. 478, Mot. Br. 3, n.10.) Accordingly, Emulex's motion is denied outright as to those two devices.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-01058-JVS (ANx) consolidated CV 10-03963-JVS (ANx) | Date | August 3, 2011 |
|---|---|---|---|
| Title | Broadcom Corp. v. Emulex Corp., et al. | | |

Emulex's motion concerns whether the products accused of infringing the asserted claims of the '194 patent family contain current controlled complementary metal-oxide semiconductor circuitry ("$C^3MOS$"). The '194 patent family technology implements "latest-generation storage area networks ('SANs') as well as other high-speed networking applications." (Docket No. 563, Opp'n Br. 3.) According to Broadcom, the '194 patent family improves on existing circuit technology. The technology operates like a switch, allowing current to pass through when turned on. (Id.) The '194 patent family describes "circuitry with enhanced speed, yet manufactured using reliable processes employed to make conventional CMOS, and which can be combined with conventional CMOS circuitry on a single chip." (Id.)

The new technology, called $C^3MOS$, uses "current steering" to enhance switching speed. (Id. at 4.) Broadcom has asserted claims 1 and 4 of the '194 patent and claim 5 of the '124 patent, each of which includes the limitation "$C^3MOS$ logic." (Id. at 5.) Broadcom has also asserted claims 42 to 44 and 64 of the '057 patent, each of which includes the limitation "$C^3MOS$ circuit." (Id.) Following the Markman hearing, the Court construed the term "current steering" to mean "directing constant flow of available sourced current into one of two or more branches in response to differential input signals." (Order Regarding Markman / Claim Construction Hearing, Docket No. 261, at 18.)

    B.    Dr. Fair's Report

Broadcom has prepared an expert report pursuant to Rule 26 of the Federal Rules of Civil Procedure. A party must disclose a written report prepared and signed by the witness if the witness will provide expert testimony in the case. Fed. R. Civ. P. 26(a)(2)(B). The Rule 26 report must contain "a complete statement of all opinions the witness will express and the basis and the reasons for them; the data or other information considered by the witness in forming them"; and supporting exhibits, the witness's qualifications, and other information related to the witness's experience as an expert. Id. Dr. Fair has been retained as an independent expert for Broadcom.

Emulex's summary judgment motion relies largely on what it perceives as the insufficiency of this report. Mainly, Emulex argues that Dr. Fair's report is silent as to whether the input and output signals are digital, yet later at his deposition he stated,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-01058-JVS (ANx)<br>consolidated CV 10-03963-JVS (ANx) | Date | August 3, 2011 |
|---|---|---|---|

| Title | Broadcom Corp. v. Emulex Corp., et al. |
|---|---|

according to Emulex, "one has to determine that its input/output signals are digital and not analog." (Docket No. 478, Mot. Br. 2.) Emulex states that for each product, "Dr. Fair does not provide any basis or reasoning as to why those inputs are digital and not analog. The word 'digital' never appears in his chart." (Id. at 3-6, n.16-20.) However, as shown below, Dr. Fair's report is sufficient under Rule 26. Moreover, at the time he prepared his report, Dr. Fair could not have anticipated that Emulex's rebuttal expert would introduce the digital theory. Dr. Fair therefore responded to Emulex's expert's characterization during his deposition.

C.   Disputes Regarding $C^3MOS$

Emulex argues that no dispute of material fact exists as to whether the accused products are $C^3MOS$. Emulex argues that Dr. Fair had "sufficient and fair opportunity" to review the accused products, and that nowhere in his report did he provide analysis "as to why the input and output signals of circuitry alleged to be $C^3MOS$ are digital and not analog." (Mot. Br. 12.) In its Reply, Emulex further argues that Dr. Fair's report is "padded with language directly from the claims and the Court's constructions." (Docket No. 598, Reply Br. 4.) Emulex also includes a chart with the "actual substance" of Dr. Fair's opinion in an attempt to show the report does not create a dispute of material fact. (Id. at 4-6.)

The Court finds that Dr. Fair's report is adequate under Rule 26. The circuit diagrams in the report (and reproduced in Broadcom's Opposition) show circuitry that is in the same configuration as the $C^3MOS$ circuitry in the figures of the '194 family. (Opp'n Br. at 5-8; Portney Decl., Ex. A at Exs. C-I.)[3] The Court is satisfied with the content and scope of Dr. Fair's report – the report provides sufficient evidence that the accused products satisfy the claim limitation. Broadcom summarizes Dr. Fair's analysis

---

[3] Emulex argues that for the Lancer and BE3 products, Broadcom has mislabeled certain parts of Dr. Fair's diagram in its Opposition or cited to evidence that is "outside the scope of its expert report." (Reply Br. 13.) Whether Broadcom's Opposition contains these errors is not apparent, but the Court nonetheless finds that such a discrepancy is not a reason to grant Emulex's motion for summary judgment as to these two products.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-01058-JVS (ANx) consolidated CV 10-03963-JVS (ANx) | Date | August 3, 2011 |
|---|---|---|---|
| Title | Broadcom Corp. v. Emulex Corp., et al. | | |

for the SOC 422/SOC 804; BE2; BE3; Zephyr; and Lancer products. (Opp'n Br. 8-10; Portney Decl., Ex. B, at 213:3-14, 229:1-230:5.) The report identifies the circuitry that satisfies the $C^3MOS$ limitations; identifies the specific differential logic input signals and logic output signals; and cites to supporting documents (circuit diagrams). (Portney Decl., Ex. A, at Exs. C-I (limitation-by-limitation analysis of each product identifying where $C^3MOS$ circuitry resides in each product.) Dr. Fair's deposition testimony also provides sufficient evidence that each of the accused products satisfies the $C^3MOS$ limitations. Dr. Fair identified the $C^3MOS$ circuit structures and explained that each of those circuits performs current steering. (Portney Decl., Ex. B, at 126:7-8; 159:17-20; 189:20-23; 212:20-23; 226:19; 229:7-9.)[4]

      What is more, the circuit diagrams use current steering terminology. Emulex's expert stated that $C^3MOS$ is a type of current-mode logic, abbreviated "CML." (Portney Decl., Ex. D, at ¶ 18.) Use of that abbreviation, which characterizes the accused product in terms similar to the claim language, is a sufficient basis upon which to deny a motion for summary judgment. See, e.g., In re Katz Interactive Call Processing Patent Litig., 639 F.3d 1303, 1328 (Fed. Cir. 2011). However, during the hearing, Emulex argued, as it did in its briefing, that only two of the circuit diagrams for the accused products used the CML abbreviation. (Reply Br. 12-13.) The CML abbreviation appears in the diagrams for the BE3 and Lancer schematics but does not appear in the diagrams for other products. (See Portney Decl., Ex. A, Ex. G, at 2-3, 7.) Therefore, contrary to Broadcom's contention, the CML abbreviation does not appear repeatedly in the circuit diagrams for the $C^3MOS$ sections of Emulex's products. (Opp'n Br. 17.) Nonetheless, Dr. Fair's report raises issues of fact concerning the accused products and therefore Emulex's argument is an insufficient basis upon which to grant summary judgment.

      Furthermore, the Court agrees with Broadcom that Dr. Fair's analysis need not contain "simulation" or "waveform" evidence as Emulex believes is required for a sufficient report. (Mot. Br. 5, 12.) The circuit diagrams themselves are adequate. Emulex's expert apparently relied on the circuit diagrams "to conclude that [certain

---

      [4] Broadcom also presents evidence that at least as to the BE3 device, the circuitry is $C^3MOS$. (Portney Decl., Ex. D, at ¶189; see also id., Ex. C, at 260:17-261:8.) Emulex argues that the relevant statements from Dr. Nikolic have "nothing to do with the recited claim element." (Reply Br. 14.) This argument is unavailing. The Court finds that Broadcom has made a *prima facie* case of infringement based on Dr. Fair's report and deposition testimony.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-01058-JVS (ANx)<br>consolidated CV 10-03963-JVS (ANx) | Date | August 3, 2011 |
|---|---|---|---|
| Title | Broadcom Corp. v. Emulex Corp., et al. | | |

accused products] each contained $C^3MOS$." (Portney Decl., Ex. C, at 260:17-20; 261:9-13; id. at Ex. D, ¶¶ 52, 75.) The circuit diagrams are sufficient to create a material fact regarding infringement as to each of the accused products.
Finally, Emulex argues that Broadcom has taken a contrary position in its briefs on invalidity and therefore cannot establish a factual dispute. (Reply Br. 10-11.) The Court disagrees: in the present motion, Broadcom has provided sufficient evidence raising a factual issue concerning infringement.

  D. Digital Theory

  In its motion, Emulex argues that Dr. Fair neglected to discuss whether the accused circuitry is "analog" or "digital." (Mot. Br. 2.) Emulex's own expert introduced the digital/analog issue in his report. (Portney Decl., Ex. D, at ¶¶ 53, 71, 80, 184, 239.) The word "digital" does not appear in any of the asserted claims of the '194 patent family or in the specifications of the patents. The Court did not use this word when it construed the terms in the asserted claims. (Order Regarding Markman / Claim Construction Hearing, Docket No. 261, at 23.)

  Dr. Fair has prepared a limitation-by-limitation chart for each of the accused products, indicating the circuit structure for each accused product; the differential input signals that respond to which current is steered; and the output signal that the $C^3MOS$ generates. (Opp'n Br. 10.) Broadcom argues that this is "precisely what the claim terms '$C^3MOS$' and 'current steering' require, as construed by the Court." (Id.) Broadcom points out that Dr. Fair's claim charts do not "use the word 'digital,' because the word 'digital' does not appear in the asserted claims or the specification of the '194 patent family." (Id.) Broadcom also explains that an argument concerning digital theory, introduced by Emulex's rebuttal expert, Dr. Borivoje Nikolic, was raised for the first time in rebuttal. (Opp'n 14, citing to Portney Decl., Ex. B, at 213:17-21, 229:17-22.) Accordingly, Dr. Fair could not be expected to anticipate Emulex's rebuttal argument in his expert report, and instead addressed it for the first time at his deposition.[5]

  Emulex may not succeed on a summary judgment motion simply because

---

[5] The deposition gave Emulex a fair and timely opportunity to explore Dr. Fair's views regarding the digital nature of the signals. See Fed. R. Civ. P. 37(c)(1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-01058-JVS (ANx) consolidated CV 10-03963-JVS (ANx) | Date | August 3, 2011 |
|---|---|---|---|
| Title | Broadcom Corp. v. Emulex Corp., et al. | | |

Broadcom's witness did not anticipate an argument introduced *after* he made his report by Emulex's rebuttal witness. During his deposition, Dr. Fair testified that the $C^3MOS$ circuitry in the accused products is digital. (See, e.g., Portney Decl., Ex. B, at 103:11-16; 108:16-24; 159:17-160:1; 166:10-20; 190:2-191:7; 195:5-196:10; 213:3-214:8; 229:1-230:5.) He explained many times that he was responding to Dr. Nikolic's testimony when he discussed the digital theory. (Portney Decl., Ex. B at 196:18-25.) The scope of Dr. Fair's report is adequate; that he did not discuss the digital theory in his report is not a basis upon which this Court can grant Emulex's motion.

Finally, the Court agrees with Broadcom's position that the testimony of Hui Wang, who works for Marvell Corporation and is familiar with the SerDes products that Marvell has made for Emulex, merely serves to create a dispute of fact. (Lamberson Decl., Ex. K, at 6-9.) Mr. Wang testifies that the $C^3MOS$ circuitry in the SOC422 and SOC804 products is analog. (Opp'n Br. 22-23.) Emulex does not appear to respond to this point. (Reply Br. 15-16.) Accordingly, the Court finds that Emulex's digital theory, which Dr. Fair discussed in detail after giving his expert report, is not a basis for summary judgment. Numerous issues of material fact concerning infringement exist such that this Court must deny Emulex's motion.

III. Conclusion

For the foregoing reasons, Emulex's motion for summary judgment is DENIED.

IT IS SO ORDERED.

| | : | 00 |
|---|---|---|
| Initials of Preparer | nkb | |