Juanita R. Brooks (SBN 75934)
*brooks@fr.com*
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

*(Additional counsel listed on signature page)*

Attorneys for Defendant and Counterclaimant
EMULEX CORPORATION

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## (SOUTHERN DIVISION)

| | |
|---|---|
| BROADCOM CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>EMULEX CORPORATION,<br><br>Defendant. | Case No. CV 09-1058-JVS (ANx)<br><br>consolidated with CV 10-3963 JVS (ANx)<br><br>**DEFENDANT EMULEX CORPORATION'S REPLY IN SUPPORT OF ITS MOTION IN LIMINE AND *DAUBERT* MOTION TO PRECLUDE IMPROPER DAMAGES THEORIES**<br><br>███████████████ |
| And Related Counterclaims | Hearing Date: August 15, 2011<br>Time: 11:00 a.m.<br>Place: Courtroom 10C<br>Before: Hon. James V. Selna |

███████████████████████████
███████████████████████████
███████████████████████████

## I. INTRODUCTION

Broadcom's Opposition to Emulex's Motion to Preclude Improper Damages Theories repeatedly advances incorrect legal theories, and conflates distinct legal standards. First, Broadcom cites inapposite case law in an attempt to stretch patent damages beyond the borders of the United States – a result the Supreme Court has said is improper. Next, Broadcom defends Ms. Davis' application of the entire market value rule through reference to a "fundamental relationship" standard that has no basis in the law. Broadcom ignores the proper test for application of the entire market value rule – namely, that the patent-in-suit must be *"the basis* for customer demand" – and indeed Broadcom admits that no customers demand the accused SerDes feature. Finally, Broadcom conflates the *Rite-Hite* "but for" test with the four-pronged *Panduit* test in an attempt to improperly shift the burden of proof on lost profits damages to Emulex. Because all of these arguments are legally incorrect, Emulex's Motion should be granted, and Broadcom's improper damages theories should be excluded.

## II. ARGUMENT

### A. Broadcom is Not Entitled to Damages Stemming from Emulex's Foreign Sales

Broadcom fails to refute the basic premise set forth by the Supreme Court that "[i]t is the general rule under United States patent law that no infringement occurs when a patented product is made and sold in another country." *Microsoft Corp. v. AT & T Corp.*, 550 U.S. 437, 441 (2007). Such a sale would not be captured as infringing under 35 U.S.C. § 271(a), which states: "whoever without authority makes, uses, offers to sell, or sells any patented invention, *within the United States*, or imports *into the United States*, any patented invention during the term of the patent therefor, infringes the patent." (emphasis added).

1

CASE NO. CV 09-1058-JVS (ANx)

Recognizing that infringement can only occur in the United States, Broadcom attempts to base its claim for damages on Emulex's domestic testing of its products. First, Broadcom is not seeking damages on that testing (and, indeed, any such damages would be nominal). More importantly, Broadcom's fails to cite even a single case supporting the proposition that domestic testing permits the collection of damages stemming from all later sales of the products tested. Instead, Broadcom cites a number of cases for the proposition that "[l]ost profits may be claimed on any lost sales that would have been made 'but for' the infringement." (Opposition at 6). However, none of the cited cases involve a fact pattern in which the plaintiff attempted to capture lost profits stemming from **foreign sales** of goods manufactured abroad. *See Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, *passim* (Fed. Cir. 1995); *see also Scripto-Tokai Corp. v. Gillette Co.*, 788 F. Supp. 439, *passim* (C.D. Cal. 1992); *King Instrument Corp. v. Otari Corp.*, 767 F.2d 853, *passim* (Fed. Cir. 1985); *Minco, Inc. v. Combustion Eng'g, Inc.*, 95 F.3d 1109, *passim* (Fed. Cir. 1996).

Broadcom's attempts to distinguish a case that is on point, *Transocean Offshore Deepwater Drilling, Inc. v. Maersk Contractors USA, Inc.*, 617 F.3d 1296 (Fed. Cir. 2010), are misplaced. *Transocean* addressed the following question: "whether an offer which is made in Norway by a U.S. company to a U.S. company to sell a product within the U.S., for delivery and use within the U.S. constitutes an offer to sell within the U.S. under § 271(a)." *Id.* at 1309. The Federal Circuit, answering this question in the affirmative, cautioned that "the focus should not be on the location of the offer, but rather the location of the future sale that would occur pursuant to the offer." *Id.* In making its ruling, the Federal Circuit relied, *inter alia*, that the accused oil rig would operate in U.S. waters; specifically, the Gulf of Mexico. *Id.* at 1310. That is, the location of the goods within the United States was central to the Court's finding. Here, the location of the goods was

1 indisputably overseas, and Emulex seeks to exclude damages stemming from the
2 sales of these goods made abroad – sales that unquestionably do not infringe.
3 *Transocean's* holding, therefore, is consistent with the relief Emulex seeks.
4     *Ion, Inc. v. Sercel, Inc.* is equally instructive. *See* No. 5:06-CV-236-DF (E.D.
5 Tex. Sept. 16, 2010). There, the Eastern District of Texas addressed the question of
6 "whether domestic offers for foreign sales fall within the scope of U.S. patent
7 protection." *Id.* at 7. The accused devices in *Ion* were "manufactured in Europe and
8 distributed exclusively to Venezuela, Brazil, and Canada without touching U.S.
9 soil." *Id.* at 7. Relying on *Transocean*, the *Ion* court found the despite the fact that
10 all sales activity was conducted in Houston, Texas, Sercel's offers for sale to
11 customers in Brazil and Canada "fall outside the scope of the patent laws as a matter
12 of law" and that "[a]ccordingly, the jury should not have considered those offers for
13 sale as part of its determination of infringement and damages." *Id.* at 7-8 (internal
14 citations omitted). These facts are directly on point: Broadcom attempts to advance
15 a claim for damages stemming from goods that never entered U.S. soil, based only
16 on nominal testing activities occurring in the United States. *Id.* Because the Federal
17 Circuit instructs that the "focus" should be on the location of the products sold, not
18 the location of testing or other pre-sale activity, Emulex's foreign sales of goods
19 made abroad should be excluded from any damages calculations.

    **B.**    **Broadcom Ignores the Proper Test for Application of the Entire Market Value Rule**

21     As set forth in the instant Motion, Ms. Davis bases her estimated lost profits
22 award on ███████████████████████████████████████████
23 ███████████████████████████████████, and makes a similar error in her
24 reasonable royalty calculation. (Mot. at 2-3 (citing Emulex's Ex. A at Exhibit 4,
25 Schedule 3)). This lack of apportionment is improper, given Broadcom's lack of
26 proof that those features claimed by the asserted patents are the basis for demand for
27 the entire controller.
28

3

1  In applying the entire market value rule in her expert report, Ms. Davis noted
2  that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Opposition at 3) (emphasis added). **This is not the**
5  **appropriate test for whether the entire market value rule should be applied.**
6  Rather, decades of Federal Circuit precedent hold that inclusion of an entire accused
7  product's value into a damages calculation is proper only where the patented
8  component is "*the* basis for customer demand" for the entire product. *See Lucent*
9  *Techs. v. Gateway, Inc.*, 580 F.3d 1301, 1336 (Fed. Cir. 2009); *Imonex Servs. v.*
10 *W.H. Munzprufer Dietmar Trenner GmbH*, 408 F.3d 1374, 1380 (Fed. Cir. 2005)
11 ("The entire market value rule allows calculation of damages based on the value of
12 an entire apparatus containing several features, when the patent-related feature is the
13 'basis for customer demand.' Without any evident record that the patented features
14 were the basis for customer demand for the laundry machines as a whole, the trial
15 court properly foreclosed further evidence on this unsupported theory"); *Rite-Hite*
16 *Corp. v. Kelley Co.*, 56 F.3d 1538, 1549 (Fed. Cir. 1995) (en banc). No cases adopt
17 the "fundamental relationship" test advanced by Broadcom and Ms. Davis.
18  The reason Broadcom ignores the proper test is clear – Broadcom itself
19 acknowledges that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. (Opposition at 5).
20 Consequently, instead of arguing the merits of its position, Broadcom instead argues
21 that Emulex somehow accepted the application of the entire market value rule in this
22 case by not putting forward its own proposed apportionment. This argument is
23 improper: the Federal Circuit has clearly said that the burden is on the plaintiff, not
24 the defendant, to support its damages claims, and a defendant need not put forward
25 its own alternative theories to challenge arguments made by the plaintiff. *See*
26 *ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 872 (Fed. Cir. 2010) ("The district
27 court seems to have been heavily influenced by [defendant's] decision to offer no
28

4

1  expert testimony to counter [plaintiff's] opinion. But it was [plaintiff's] burden, not
2  [defendant's], to persuade the court with legally sufficient evidence regarding an
3  appropriate reasonable royalty"). In its original Motion, Emulex noted that
4  Broadcom's expert applied the wrong legal test in her damages analysis. Because
5  Broadcom does nothing to rebut that showing, Emulex's Motion must be granted.

6        Finally, Broadcom's argument that the BE2/BE3 ASIC is the "least saleable
7  unit" (Opposition at 3) is specious. Broadcom accuses only the SerDes feature of
8  infringement, and its own internal documents demonstrate that ▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮ ▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
12  Because the SerDes itself is the least saleable unit, and because it is not *the basis* of
13  customer demand ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ by Broadcom's own admission
14  (*see, e.g.*, Opposition at 5; Emulex's Ex. C at 81-82), only the value of the SerDes
15  feature should be factored into Ms. Davis's damages calculations.

16      **C.**    **Broadcom Improperly Conflates the "But For" and
             *Panduit* Tests for Lost Profits in its Latest Attempt at
17           Improper Burden Shifting**

18        Within its discussion of non-infringing alternatives, Broadcom argues that
19  "Emulex … fails to acknowledge the applicable standard of proof for showing an
20  entitlement to lost profits." (Opposition at 8). But it is Broadcom, not Emulex, that
21  improperly conflates the standards of proof associated with the *Rite-Hite* "but for"
22  test and the four-pronged *Panduit* test – two distinct inquiries.

23        It is well settled that within the context of *Panduit*, Broadcom bears the
24  burden of proving entitlement to lost profits. *See Panduit*, 575 F.2d at 1155 ("[t]o
25  obtain as damages the profits on sales he would have made absent the infringement,
26  i.e., the sales made by the infringer, *a patent owner must prove* [factors 1 through
27  4].") (emphasis added); *Uniroyal, Inc. v. Rudkin-Wiley Corp.*, 939 F.2d 1540, 1544
28

(Fed. Cir. 1991) (finding that the "burden of proof was properly placed on [the licensee] to show the absence of acceptable non-infringing substitutes").

Instead of acknowledging its burden, Broadcom cites *Rite-Hite* for the proposition that "[w]hen the patentee establishes the reasonableness of this inference, e.g., by satisfying the *Panduit* test...[t]he burden then shifts to the infringer to show that the inference is unreasonable..." (Opposition at 8). This statement from *Rite-Hite* is inapplicable here because Broadcom **has not met its burden** to prove *Panduit's* second prong (the absence of acceptable non-infringing alternatives) or the third prong (manufacturing capacity to supply the required FCoE-enabled products). Broadcom cannot meet that burden until it shows why the multiple, non-infringing alternative SerDes Emulex has identified were either unavailable or unacceptable, or that it could have in fact supplied FCoE-enabled products as required by HP. Because Broadcom has yet to make the requisite showing under *Panduit*, this Court must exercise its gatekeeper role and exclude this improper lost profits theory.

Finally, Broadcom attempts to excuse its failure to identify these alternative SerDes as allegedly infringing during discovery on the grounds that Emulex's discovery was too vague. First, despite its objections, Broadcom still provided multi-page responses to each interrogatory. Second, Broadcom still has not supplemented these responses to accuse Snowbush (or any other SerDes) as allegedly infringing. Finally, as noted before, it was not Emulex's burden to force Broadcom to supplement its own discovery responses, and Emulex has every right to rely on the discovery Broadcom did provide. Because Broadcom has still not said that these alternative SerDes allegedly infringe, it should not be allowed to accuse them of infringing during trial. *See* Fed. R. Civ. P. 37(c)(1); *Microstrategy Inc. v. Business Objects S.A.*, 429 F.3d 1344, 1357 (Fed. Cir. 2005) (affirming the district court's decision to exclude non-expert damages theories for failure to supplement

relevant interrogatory responses); *see also Alphamed Pharms. Corp. v. Arriva Pharms, Inc.*, 432 F. Supp. 2d 1319, n.25 (S.D. Fla. 2006) (*citing Zenith Elecs. Corp. v. WH-TV Broad. Corp.*, 395 F.3d 416, 420 (7th Cir. 2005) (affirming district court's exclusion of damages evidence based on failure of proponent party to respond to an "interrogatory with a description of its damages theory and the proof to be employed")).

### III. CONCLUSION

For the reasons set forth above and in its opening brief, this Court should preclude Broadcom from raising improper damages theories as to the entire market value rule, damages stemming from foreign sales, and lost profits.

Dated: July 29, 2011

FISH & RICHARDSON P.C.

By: _____
Jonathan J. Lamberson

Attorneys for Defendant and Counterclaimant
EMULEX CORPORATION

7

CASE NO. CV 09-1058-JVS (ANx)

| | |
|---|---|
| 1 | *Additional Counsel* |
| 2 | David M. Barkan (SBN 160825) |
| | *barkan@fr.com* |
| 3 | Jonathan J. Lamberson (SBN 239107) |
| | *lamberson@fr.com* |
| 4 | FISH & RICHARDSON P.C. |
| | 500 Arguello Street, Suite 500 |
| 5 | Redwood City, California 94063-1526 |
| | Telephone: (650) 839-5070 |
| 6 | Facsimile: (650) 839-5071 |
| 7 | Joseph V. Colaianni, Jr. (*pro hac vice*) |
| | *colaianni@fr.com* |
| 8 | FISH & RICHARDSON P.C. |
| | 1425 K Street, N.W., 11th Floor |
| 9 | Washington, DC 20005 |
| | Telephone: (202) 783-5070 |
| 10 | Facsimile: (202) 783-2331 |
| 11 | Thomas H. Reger II (*pro hac vice*) |
| | *reger@fr.com* |
| 12 | FISH & RICHARDSON P.C. |
| | 1717 Main Street, Suite 5000 |
| 13 | Dallas, Texas 75201 |
| | Telephone: (214) 747-5070 |
| 14 | Facsimile: (214) 747-2091 |
| 15 | Wasif H. Qureshi (*pro hac vice*) |
| | *qureshi@fr.com* |
| 16 | FISH & RICHARDSON P.C |
| | One Houston Center |
| 17 | 1221 McKinney Street, 28th Floor |
| | Houston, Texas 77010 |
| 18 | Telephone: (713) 654-5300 |
| | Facsimile: (713) 652-0109 |

8

CASE NO. CV 09-1058-JVS (ANx)