WILLIAM F. LEE
(admitted *pro hac vice*)
(william.lee@wilmerhale.com)
DOMINIC E. MASSA
(admitted *pro hac vice*)
(dominic.massa@wilmerhale.com)
JOSEPH J. MUELLER
(admitted *pro hac vice*)
(joseph.mueller@wilmerhale.com)
LOUIS W. TOMPROS
(admitted *pro hac vice*)
(louis.tompros@wilmerhale.com)
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000

Attorneys for Plaintiff
BROADCOM CORPORATION

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BROADCOM CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>EMULEX CORPORATION,<br><br>Defendant.<br><br>And Related Counterclaims | CASE No.  SACV09-1058 JVS (ANx) consolidated SACV 10-03963-JVS (ANx)<br><br>**PLAINTIFF BROADCOM CORPORATION'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>Complaint Filed:     September 14, 2009<br>Pretrial Conference:   August 15, 2011<br>Trial Date:        September 20, 2011 |

# **TABLE OF CONTENTS**

I.     INTRODUCTION ...................................................................................... 1

II.    PARTIES' CLAIMS AND DEFENSES ..................................................... 1

    A.   Broadcom's Claims ........................................................................... 1

        1.   Summary Statement ................................................................ 1

        2.   Elements Required to Establish Broadcom's Claims ................. 2

            a.   Direct Infringement ...................................................... 2

                (1)   Literal Infringement ......................................... 2

                (2)   Infringement Under the Doctrine of
Equivalents ...................................................... 2

            b.   Indirect Infringement .................................................... 3

                (1)   Contributory Infringement ............................... 3

                (2)   Induced Infringement ....................................... 3

            c.   Willful Infringement ..................................................... 4

            d.   Remedy ......................................................................... 4

                (1)   Lost Profits ...................................................... 4

                (2)   Reasonable Royalty .......................................... 5

                (3)   Permanent Injunction ...................................... 5

         3.   Key Evidence in Support of Broadcom's Claims ..................... 5

            a.   Infringement ................................................................. 5

                (1)   SerDes Patent Family ('194, '124, and '057
patents) ............................................................ 6

                (2)   Clock and Data Recovery Patent ('150
patent) .............................................................. 6

                (3)   Fibre Channel Patent Family ('691 and '500
patents) ............................................................ 7

            b.   Willful Infringement ..................................................... 8

            c.   Remedy ......................................................................... 9

                (1)   Lost Profits ...................................................... 9

**BROADCOM'S MEMORANDUM OF
CONTENTIONS OF FACT AND LAW**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

(2)    Reasonable Royalty ............................................... 10

(3)    Permanent Injunction ........................................... 10

B.    Emulex's Defenses ................................................................ 11

1.    Summary Statement ................................................... 11

2.    Elements Required to Establish Emulex's Defenses ............... 11

a.    Noninfringement ............................................. 11

b.    Invalidity ...................................................... 11

(1)    Anticipation ......................................... 11

(2)    Obviousness ......................................... 12

(3)    Enablement .......................................... 12

3.    Key Evidence in Opposition to Emulex's Defenses ............... 13

a.    Noninfringement ............................................. 13

b.    Invalidity ...................................................... 13

(1)    SerDes Patent Family ('194, '124, and '057 patents) ........................................... 13

(2)    Clock and Data Recovery Patent ('150 patent) ................................................ 15

III.    ANTICIPATED EVIDENTIARY ISSUES ............................................. 16

A.    Motions *in Limine* ......................................................... 16

B.    Evidence on Injunctive Relief ............................................. 16

IV.    DISPUTED LEGAL ISSUES ................................................................ 17

A.    Claim Construction .......................................................... 17

B.    Broadcom's Entitlement to Injunctive Relief ....................... 17

V.    BIFURCATION .................................................................................. 17

VI.    JURY TRIAL ..................................................................................... 17

VII.    ATTORNEYS' FEES ......................................................................... 18

VIII.    ABANDONMENT OF ISSUES ......................................................... 18

**BROADCOM'S MEMORANDUM OF
CONTENTIONS OF FACT AND LAW**

1

## <u>TABLE OF AUTHORITIES</u>

2

3

## <u>FEDERAL CASES</u>

4

*Alco Standard Corp. v. Tennessee Valley Authority,*

5

    808 F.2d 1490, 1496 (Fed. Cir. 1986) ................................................................. 11

6

*Aro Mfg. Co. v. Convertible Top Replacement Co.,*

7

    377 U.S. 476, 488-89 (1964) .................................................................................. 3

8

*Broadcom Corp. v. Qualcomm, Inc.,*

    543 F.3d 683, 700 (Fed. Cir. 2008) ....................................................................... 2

9

*Brown & Williamson Tobacco Corp. v. Philip Morris, Inc.,*

10

    229 F.3d 1120, 1129 (Fed. Cir. 2000) ................................................................. 12

11

*DSU Med. Corp. v. JMS Co.,*

12

    471 F.3d 1293, 1304-1305 (Fed. Cir.  2006) .......................................................... 3

13

*eBay, Inc. v. MercExchange, L.L.C.,*

14

547 U.S. 388, 391-392 (2006) ........................................................................... 5, 17

15

*Ecolab, Inc. v. Envirochem, Inc.,*

16

    264 F.3d 1358, 1371 (Fed. Cir. 2001) ................................................................... 2

17

*Eli Lilly & Co. v. Teva Pharms. USA, Inc.,*

    619 F.3d 1329, 1336 (Fed. Cir. 2010) ................................................................. 12

18

*Ferguson Beauregard/Logic Controls, Div of Dover Resources, Inc. v*

19

    *Mega Systems, LLC,*

20

    350 F.3d 1327, 1346 (Fed Cir 2003) ..................................................................... 4

21

*Genentech Inc. v. Novo Nordisk A/S,*

22

    108 F.3d 1361, 1364-65 (Fed. Cir. 1997) ........................................................... 12

23

*In re Wands,*

    858 F.2d 731, 737 (Fed. Cir. 1988) ..................................................................... 13

24

*In re Seagate Tech., LLC,*

25

    497 F.3d 1360, 1371 (Fed. Cir. 2007) ............................................................... 4, 9

26

*KSR Int'l Co. v. Teleflex Inc.,*

27

    550 U.S. 398, 418 (Fed. Cir. 2007) ..................................................................... 12

28

**BROADCOM'S MEMORANDUM OF
CONTENTIONS OF FACT AND LAW**

*Microsoft Corp. v. i4i Ltd. P'ship,*
    131 S. Ct. 2238, 2242 (2011) ..................................................................... 11

*Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.,*
    575 F.2d 1152, 1156 (6th Cir. 1978) ............................................................ 5

*Rambus Inc. v. Hynix Semiconductor, Inc.,*
    254 F.R.D. 597 (N. D. Cal. 2008) .............................................................. 12

*Riles v. Shell Exploration & Prod. Co.,*
    298 F.3d 1302, 1308 (Fed. Cir. 2002) ......................................................... 2

*Rite-Hite Corp. v. Kelley Co.,*
    56 F.3d 1538, 1554 (Fed. Cir. 1995) ........................................................... 4

*Seal-Flex, Inc. v. Athletic Track & Court Constr.,*
    172 F.3d 836, 842 (Fed. Cir. 1999) ............................................................. 2

*Studiengesellschaft Kohle, m.b.H. v. Dart Industries, Inc.,*
726 F.2d 724, 726-727 (Fed. Cir. 1984)…………………………………...11

*Wavetronix v. EIS Elec. Integrated Sys.,*
    573 F.3d 1343, 1360 (Fed. Cir. 2009) ......................................................... 3

*Western Union Co. v. MoneyGram Payment Systems, Inc.,*
    626 F.3d 1361, 1369 (Fed. Cir. 2010) ....................................................... 12

*Wordtech Sys. v. Integrated Networks Solutions, Inc.,*
    609 F.3d 1308, 1319 (Fed. Cir. 2010) ......................................................... 5

## FEDERAL STATUTES

35 U.S.C. § 102................................................................................................ 11

35 U.S.C. § 103................................................................................................ 11

35 U.S.C. § 112................................................................................................ 11

35 U.S.C. § 271(a)............................................................................................. 2

**BROADCOM'S MEMORANDUM OF
CONTENTIONS OF FACT AND LAW**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

35 U.S.C. § 271(b) ........................................................................................... 3

35 U.S.C. §271(c) ............................................................................................. 3

35 U.S.C. § 282 .............................................................................................. 11

35 U.S.C. § 284 ............................................................................................... 4

**BROADCOM'S MEMORANDUM OF
CONTENTIONS OF FACT AND LAW**

1   **I.   INTRODUCTION**

2        Pursuant to Local Rule 16-4 and the Court's Order Regarding Pretrial Dates

3   (Dkt. No. 331), Plaintiff Broadcom Corporation ("Broadcom") respectfully

4   submits its Memorandum of Contentions of Fact and Law.

5        This case involves three families of Broadcom patents, all of which relate to

6   high-speed computer networking technologies used in storage area networks and

7   related electronic devices: the SerDes patent family (U.S. Patent Nos. 6,424,194,

8   7,486,124, and 7,724,057), the Clock and Data Recovery patent (U.S. Patent No.

9   7,058,150), and the Fibre Channel patent family (U.S. Patent Nos. 7,471,691 and

10  7,450,500).  As the evidence at trial will demonstrate, each of the asserted claims

11  of the patents is valid, and Defendant Emulex Corporation ("Emulex") infringes

12  each of the asserted claims.

13  **II.   PARTIES' CLAIMS AND DEFENSES**

14       **A.   Broadcom's Claims**

15            *1.   Summary Statement*

16       Broadcom asserts that Emulex infringes seven claims of six Broadcom

17  patents.  The six Broadcom patents correspond to counts 4, 5, 6, 8, and 11 of Case

18  No. SACV 09-1058-JVS (ANx), and count 1 of Case No. SACV 10-03963-JVS

19  (ANx).  Specifically, Broadcom asserts that Emulex infringes claim 1 of the '194

20  patent, claim 5 of the '124 patent, claims 42 and 64 of the '057 patent, claim 8 of

21  the '150 patent, claim 7 of the '691 patent, and claim 3 of the '500 patent.  For

22  each patent, Broadcom asserts direct infringement and indirect infringement (both

23  contributory infringement and induced infringement).  Broadcom asserts literal

24  infringement and infringement under the doctrine of equivalents.  Broadcom also

25  asserts that Emulex's infringement of each patent was willful.  Broadcom seeks

26  damages in the form of lost profits for certain sales, a reasonable royalty for all

27  other sales, and enhanced damages and attorneys' fees as a result of Emulex's

28

**BROADCOM'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

1   willful infringement.  Broadcom also requests entry of a permanent injunction

2   precluding Emulex from continued infringement of each of the asserted patents.

3                    2.   ***Elements Required to Establish Broadcom's Claims***

4                              a.   **Direct Infringement**

5          To prove that Emulex directly infringes any of the patents-in-suit, Broadcom

6   must prove that Emulex has made, used, sold, or offered for sale within the United

7   States, or imported into the United States, a product that meets all of the limitations

8   of one or more of the asserted claims of the patent.  35 U.S.C. § 271(a); *Seal-Flex,*

9   *Inc. v. Athletic Track & Court Constr.*, 172 F.3d 836, 842 (Fed. Cir. 1999)  .

10  Broadcom can prove an accused product satisfies a limitation of a patent claim in

11  two ways:  either by demonstrating that the accused product literally meets the

12  limitation of the claim, or by demonstrating that the accused product meets the

13  limitation under the doctrine of equivalents.  *See id.*  Broadcom can prove

14  infringement by both direct and circumstantial evidence.  *Broadcom Corp. v.*

15  *Qualcomm, Inc.*, 543 F.3d 683, 700 (Fed. Cir. 2008).

16                        (1)   **Literal Infringement**

17         To prove literal infringement, Broadcom must prove that the accused

18  Emulex product includes every limitation in the asserted claim.  *Riles v. Shell*

19  *Exploration & Prod. Co.*, 298 F.3d 1302, 1308 (Fed. Cir. 2002).

20                 (2)   **Infringement Under the Doctrine of Equivalents**

21         A patent claim is infringed under the doctrine of equivalents if, although an

22  element of the claim is not literally present, an equivalent structure or step is

23  present.  A structure or step can be an equivalent structure if a person of ordinary

24  skill in the art  would consider the difference between the claim limitation as

25  literally described and the structure or step in the accused product to be

26  insubstantially different.  *See Ecolab, Inc. v. Envirochem, Inc.*, 264 F.3d 1358,

27  1371 (Fed. Cir. 2001).  One way that Broadcom can prove that a structure or a step

28

**BROADCOM'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

1  is equivalent is by demonstrating that the structure in the accused product or

2  system performs substantially the same function, in substantially the same way, to

3  achieve substantially the same result as the claim limitation. *Wavetronix v. EIS*

4  *Elec. Integrated Sys.*, 573 F.3d 1343, 1360 (Fed. Cir. 2009).

5  b.   **Indirect Infringement**

6  To prove indirect infringement, Broadcom must prove either that Emulex

7  has contributed to the infringement of a third party, or that Emulex has induced

8  infringement by a third party.  35 U.S.C. § 271(b), (c).

9  (1)   **Contributory Infringement**

10  To prove contributory infringement, Broadcom must prove: (1) that Emulex

11  had knowledge of the patent; (2) that Emulex supplied a part or a component to a

12  third party for use in a product, machine, or process that infringes a claim; (3) that

13  the third party infringed the claim; and (4) that the part or component is a

14  significant part of the invention, was especially made or adapted for use in a way

15  that infringes, and has no significant non-infringing use.  35 U.S.C. §271(c); *see*

16  *also Aro Mfg. Co. v. Convertible Top Replacement Co.,* 377 U.S. 476, 488-89

17  (1964).

18  (2)   **Induced Infringement**

19  To prove that Emulex induced patent infringement, Broadcom must prove:

20  (1) that Emulex actively encouraged or instructed a third party to use a product or

21  perform a process in a way that infringes at least one claim; (2) that Emulex knew

22  of the patent at that time; (3) that Emulex knew or should have known that the

23  encouragement or instructions would result in infringement of at least one claim;

24  and (4) that the third party infringed at least that one claim.  35 U.S.C. §271(b); *see*

25  *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1304-1305 (Fed. Cir.  2006).

26

27

28

**BROADCOM'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

### c.   **Willful Infringement**

To prove willful infringement, Broadcom must prove by clear and convincing evidence that Emulex acted with reckless disregard of one or more of the asserted claims.  To show "reckless disregard," Broadcom must prove: (1) that Emulex proceeded with the infringing conduct with knowledge of the patent and in the face of an unjustifiably high risk that it was infringing the claims of a valid and enforceable patent; and (2) that the unjustifiably high risk of infringement was known or so obvious that it should have been known to Emulex. *See In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007)

### d.   **Remedy**

If Broadcom proves infringement, it is entitled to damages adequate to compensate it for the infringement, but no less than a reasonable royalty.  35 U.S.C. § 284; *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1554 (Fed. Cir. 1995). In circumstances like those of this case, the patentee is also entitled to an injunction against prospective infringement, and Broadcom requests that the Court enter an injunction against Emulex's continued infringement.

### (1)   **Lost Profits**

To prove entitlement to lost profits resulting from Emulex's infringement, Broadcom must show a reasonable possibility that but for Emulex's infringement, Broadcom would have made certain sales that were made by Emulex. *See Ferguson Beauregard/Logic Controls, Div of Dover Resources, Inc. v Mega Systems, LLC*, 350 F.3d 1327, 1346 (Fed Cir 2003)  One way Broadcom may establish lost profits is by proving: (1) that there was demand for the patented products; (2) that there were no acceptable non-infringing alternatives; (3) that Broadcom had the manufacturing and marketing capacity to make any infringing sales actually made by Emulex; and (4) the amount of profit Broadcom would have

**BROADCOM'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

1    made if Emulex had not infringed.  *See Panduit Corp. v. Stahlin Bros. Fibre*

2    *Works, Inc.*, 575 F.2d 1152, 1156 (6th Cir. 1978).

3                        (2)  **Reasonable Royalty**

4         Broadcom is entitled to a reasonable royalty for all infringing sales for

5    which it has not been awarded lost profits damages.  A reasonable royalty is the

6    payment that would have resulted from a hypothetical negotiation between a patent

7    holder and the infringer taking place just before the time when the infringing sales

8    first began.  *See Wordtech Sys. v. Integrated Networks Solutions, Inc.*, 609 F.3d

9    1308, 1319 (Fed. Cir. 2010).

10                       (3)  **Permanent Injunction**

11        Broadcom is entitled to a permanent injunction if it can demonstrate: (1) that

12    it has suffered an irreparable  injury; (2) that remedies available at law, such as

13    monetary damages, are inadequate to compensate for that injury; (3) that,

14    considering the balance of hardships between Broadcom and Emulex, a remedy in

15    equity is warranted; and (4) that the public interest would not be disserved by a

16    permanent injunction.  *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391-

17    392 (2006).

18            *3.*  ***Key Evidence in Support of Broadcom's Claims***

19               a.  **Infringement**

20        Broadcom's infringement evidence is summarized below, and explained in

21    more detail in Broadcom's Final Disclosure of Asserted Claims and Infringement

22    Contentions (Dkt. No. 289), in the expert reports and depositions of Broadcom's

23    technical experts, and in Broadcom's oppositions to Emulex's motions for

24    summary judgment and supporting materials, each of which is incorporated by

25    reference.

26

27

28

**BROADCOM'S MEMORANDUM OF
CONTENTIONS OF FACT AND LAW**

1

(1)   **SerDes Patent Family ('194, '124, and '057 patents)**

2  Broadcom will demonstrate that the following Emulex products infringe the

3 asserted claims of the SerDes patent family: BladeEngine 2, BladeEngine 3,

4 Lancer, QT2025 on the OneConnect circuit board, SOC422, SOC804, SOC442,

5 and Zephyr.  Emulex directly infringes the asserted claims by making, using,

6 selling, offering to sell, and importing these chips and products containing them.

7 Emulex indirectly infringes the asserted claims by selling, offering to sell, and

8 importing the accused chips for use by third parties.

9  The evidence at trial will include documents and testimony concerning the

10 design and operation of the accused chips, and the structure of the

11 serializer/deserializer circuitry in each of the accused chips.  Broadcom will

12 introduce Emulex and third party technical documents, circuit diagrams, and/or

13 reverse engineering schematics that demonstrate that each of the accused products

14 includes current-controlled CMOS ("C$^3$MOS") circuitry, combined with CMOS

15 circuitry, in a deserializer and/or deserializer.  Broadcom will also rely on the

16 deposition testimony of Emulex's and its suppliers' employees—including

17 30(b)(6) witnesses—describing the design and operation of the accused products.

18 Broadcom will rely on the testimony of its technical expert, Dr. Richard Fair of

19 Duke University, to explain why the testimony, technical documents, and circuit

20 schematics demonstrate that Emulex's products satisfy each of the claim

21 limitations either literally or under the doctrine of equivalents.  Finally, Broadcom

22 will rely on the testimony of Emulex's officers, employees, and customers, and

23 related documents, to demonstrate that Emulex has contributed to and induced its

24 customers' infringement.

25

(2)   **Clock and Data Recovery Patent ('150 patent)**

26  Broadcom will demonstrate that the following Emulex products infringe the

27 asserted claim of the Clock and Data Recovery patent: BladeEngine 2,

28

**BROADCOM'S MEMORANDUM OF
CONTENTIONS OF FACT AND LAW**

1  BladeEngine 3, Lancer, SOC422, SOC804, and SOC442.  Emulex directly

2  infringes the asserted claim by making, using, selling, offering to sell, and

3  importing these chips and products containing them.  Emulex indirectly infringes

4  the asserted claim by selling, offering to sell, and importing the accused chips for

5  use by third parties.

6      The evidence at trial will include documents and testimony concerning the

7  design and operation of the accused chips, and the architecture of the clock and

8  data recovery circuitry within each of the accused chips.  Broadcom will introduce

9  Emulex and third party technical documents, circuit diagrams, and/or reverse

10  engineering schematics that demonstrate that each of the accused products satisfies

11  each of the limitations of the asserted claim, including the use of a master timing

12  signal generator, phase interpolators, and an interpolator control module that

13  rotates the interpolated phase of the sampling signal in the receive lane as claimed.

14  Broadcom will also rely on the deposition testimony of Emulex's and its suppliers'

15  employees—including 30(b)(6) witnesses—describing the design and operation of

16  the accused products.  Broadcom will rely on the testimony of its technical expert,

17  Dr. Vladimir Stojanovic of MIT, to explain why the testimony, technical

18  documents, and circuit schematics demonstrate that Emulex's products satisfy each

19  of the claim limitations either literally or under the doctrine of equivalents.

20  Finally, Broadcom will rely on the testimony of Emulex's officers, employees, and

21  customers, and related documents, to demonstrate that Emulex has contributed to

22  and induced its customers' infringement.

23      (3)  **Fibre Channel Patent Family ('691 and '500 patents)**

24      Broadcom will demonstrate that the following Emulex products infringe the

25  asserted claims of the Fibre Channel Patent Family: Emulex "InSpeed" and

26  "FibreSpy" switches (which include both "switch on a chip" products, or SOCs,

27  and other products containing one or more SOCs).  Emulex directly infringes the

28

1  asserted claims by making, using, selling, offering to sell, and importing these

2  SOCs and other switches, and products containing them.  Emulex indirectly

3  infringes the asserted claims by selling, offering to sell, and importing the accused

4  SOCs and other switches for use by third parties.

5        The evidence at trial will include documents and testimony concerning the

6  design and operation of the accused SOCs and other switches, such as the way in

7  which the accused products execute communications among the devices connected

8  by the switches.  Broadcom will introduce Emulex technical documents that

9  demonstrate that each of the accused products satisfies each of the limitations of

10  the asserted claims, including the use of "scoreboard," "routing table," and

11  "priority" features and functionalities.  Broadcom will also rely on the deposition

12  testimony of Emulex's employees—including 30(b)(6) witnesses—describing the

13  design and operation of the accused products.  Broadcom will rely on the

14  testimony of its technical expert, Dr. Amin Vahdat of the University of California

15  San Diego, to explain why the testimony and technical documents demonstrate that

16  Emulex's products satisfy each of the claim limitations either literally or under the

17  doctrine of equivalents.  Finally, Broadcom will rely on the testimony of Emulex's

18  officers, employees, and customers, and related documents, to demonstrate that

19  Emulex has contributed to and induced its customers' infringement.

20              b.   **Willful Infringement**

21        Broadcom's willful infringement evidence is summarized below, and

22  explained in more detail in Broadcom's Final Disclosure of Asserted Claims and

23  Infringement Contentions (Dkt. No. 289), and in Broadcom's oppositions to

24  Emulex's motion for summary judgment and supporting materials, each of which

25  is incorporated by reference.

26

27

28

**BROADCOM'S MEMORANDUM OF
CONTENTIONS OF FACT AND LAW**

1    Broadcom will demonstrate that Emulex acted with reckless disregard of one

2    or more of the asserted claims.  The strength of Broadcom's infringement case

3    created an "objectively high likelihood that [Emulex's] actions constituted

4    infringement of a valid patent."  *Seagate*, 497 F.3d at 1371.  Broadcom will also

5    show that Emulex has continued to infringe even though it knew or should have

6    known that it was infringing.  *See id.*

7    The key evidence of willfulness at trial (in addition to evidence of

8    infringement) will include the testimony of Emulex's officers, employees, and

9    customers to demonstrate that Emulex has deliberately adopted a willfully blind,

10   "head-in-the-sand" attitude to Broadcom's infringement allegations.  The evidence

11   will also include documentary evidence from Patent Office records that Emulex

12   engaged in infringing activity despite pre-suit knowledge of the '500 patent.

13                         c.    **Remedy**

14   Broadcom's evidence as to the appropriate remedies is summarized below,

15   and explained in more detail in the expert report and deposition of Julie L. Davis

16   and Broadcom's opposition to Emulex's motions for summary judgment of no lost

17   profits and supporting materials, each of which is incorporated by reference.

18                         (1)   **Lost Profits**

19   Broadcom will demonstrate that, but for Emulex's infringement of the

20   asserted claims of the SerDes patent family, Broadcom would have been awarded

21   design wins by its customer, Hewlett Packard ("HP").  Specifically, Broadcom will

22   demonstrate that but for Emulex's infringement, Broadcom would have made sales

23   to HP for the Intel Westmere and Romley design cycles.  Broadcom will

24   demonstrate that there was demand for the patented products, that there were no

25   acceptable non-infringing alternatives; and that Broadcom had the manufacturing

26   and marketing capacity to make the sales that Emulex made.

27

28

**BROADCOM'S MEMORANDUM OF
CONTENTIONS OF FACT AND LAW**

1     The key evidence of lost profits at trial will include the testimony of

2     Broadcom's executives and employees with responsibility for marketing of its 10

3     gigabit Ethernet products, and Emulex's officers, employees, and customers.  The

4     evidence will also include documentary evidence concerning Broadcom's

5     production costs and Emulex's sales.  Broadcom will rely on the testimony of its

6     damages expert, Julie Davis, to explain why the testimony and financial documents

7     demonstrate that Emulex's infringement of the SerDes patent family resulted in

8     Broadcom's lost profits

9                          (2)  **Reasonable Royalty**

10    The key evidence of reasonable royalty at trial will include the testimony of

11    Broadcom's executives and employees with responsibility for marketing of its

12    10 gigabit Ethernet products, and Emulex's officers, employees, and customers

13    with parallel responsibilities at Emulex.  The evidence will also include additional

14    evidence concerning the value and benefits of the patented technology and

15    comparable technologies.  Broadcom will rely on the testimony of its damages

16    expert, Julie Davis, to explain why the testimony and documentary evidence

17    demonstrate that Broadcom is entitled to the reasonable royalties that it claims.

18                         (3)  **Permanent Injunction**

19    Broadcom will demonstrate that it is entitled to permanent injunctive relief.

20    Specifically, Broadcom will demonstrate that that it has suffered and continues to

21    suffer irreparable injury, that monetary damages cannot compensate for that injury,

22    that the balance of hardships favors entry of an injunction, and that the public

23    interest would not be disserved by an injunction.

24    The key evidence of Broadcom's entitlement to injunctive relief will include

25    the testimony of Broadcom's executives and employees with responsibility for

26    marketing of its 10 gigabit Ethernet products, and Emulex's officers and

27    employees with parallel responsibilities at Emulex.  This evidence demonstrates

28

**BROADCOM'S MEMORANDUM OF
CONTENTIONS OF FACT AND LAW**

1   that Emulex is not only competing directly against Broadcom, but admittedly

2   trying to achieve "design wins" at Broadcom's expense.

3   **B.    Emulex's Defenses**

4   *1.    Summary Statement*

5   Emulex asserts that each of the asserted patents is not infringed, and that the

6   SerDes patent family and Clock and Data Recovery patent are invalid.[1]

7   *2.    Elements Required to Establish Emulex's Defenses*

8   a.    **Noninfringement**

9   To prevail on its defense of noninfringement, Emulex must persuade the jury

10  that Broadcom has not proven by a preponderance of the evidence that Emulex

11  directly or indirectly infringes any of the asserted claims.

12  b.    **Invalidity**

13  Broadcom's patents are entitled to a presumption of validity.  35 U.S.C.

14  § 282.  To overcome this presumption, Emulex must prove by clear and convincing

15  evidence that the asserted claims are anticipated under 35 U.S.C. § 102, obvious

16  under 35 U.S.C. § 103, or not enabled under 35 U.S.C. § 112.  *See Microsoft Corp.*

17  *v. i4i Ltd. P'ship*, 131 S. Ct. 2238, 2242 (2011).

18  (1)  **Anticipation**

19  To prove anticipation, Emulex must prove by clear and convincing evidence

20  that all of the limitations of the claim existed in a single item of prior art (such as a

21  publicly available article or patent).  *See i4i Ltd. P'ship*, 131 S. Ct. at 2242; *Alco*

22  *Standard Corp. v. Tennessee Valley Authority*, 808 F.2d 1490, 1496 (Fed. Cir.

23  1986).  Emulex cannot prove that a patent claim was anticipated by combining two

24  or more items of prior art.  *See Studiengesellschaft Kohle, m.b.H. v. Dart*

25  *Industries*, Inc., 726 F.2d 724, 726-727 (Fed. Cir. 1984).

26

27  [1]  The Court has granted summary judgment in Broadcom's favor on Emulex's
    defenses of invalidity of the Fibre Channel patent family and unclean hands.
28  (*See* Dkt. No. 715 (Aug. 2, 2011); Dkt. 710 (Aug. 1, 2011).)

- 11 -

1

### (2)  **Obviousness**

2    To prove obviousness, Emulex must prove by clear and convincing evidence

3 that the claimed invention would have been obvious to a person of ordinary skill in

4 the field at the time of the invention.  *See Eli Lilly & Co. v. Teva Pharms. USA,*

5 *Inc.*, 619 F.3d 1329, 1336 (Fed. Cir. 2010).  Emulex cannot prove that a patent

6 claim composed of several requirements is obvious merely by demonstrating that

7 each of its requirements was independently known in the prior art. *KSR Int'l Co. v.*

8 *Teleflex Inc.*, 550 U.S. 398, 418 (Fed. Cir. 2007).  Obviousness depends on: (1) the

9 level of ordinary skill in the field of the invention; (2) the scope and content of the

10 prior art; (3) the differences between the claimed invention and the prior art; and

11 (4) secondary considerations of nonobviousness.  *Western Union Co. v.*

12 *MoneyGram Payment Systems, Inc.*, 626 F.3d 1361, 1369 (Fed. Cir. 2010).

13 Secondary considerations of nonobviousness include: (1) commercial success of a

14 product due to the merits of the claimed invention; (2) a long-felt, but unsolved,

15 need for the solution provided by the claimed invention; (3) unsuccessful attempts

16 by others to find the solution provided by the claimed invention; (4) copying of the

17 claimed invention by others; (5) unexpected and superior results from the claimed

18 invention; and (6) acceptance by others of the claimed invention as shown by

19 praise from others in the field of the invention or from the licensing of the claimed

20 invention.  *See Brown & Williamson Tobacco Corp. v. Philip Morris, Inc.*, 229

21 F.3d 1120, 1129 (Fed. Cir. 2000); *see generally Rambus Inc. v. Hynix*

22 *Semiconductor, Inc.*, 254 F.R.D. 597 (N. D. Cal. 2008).

23

### (3)  **Enablement**

24    To prove lack of enablement, Emulex must prove by clear and convincing

25 evidence that the specification does not teach those skilled in the art how to make

26 and use the full scope of the claimed invention without undue experimentation.

27 *See Genentech Inc. v. Novo Nordisk A/S*, 108 F.3d 1361, 1364-65 (Fed. Cir. 1997).

28

**BROADCOM'S MEMORANDUM OF
CONTENTIONS OF FACT AND LAW**

1   Factors to be considered in determining whether a disclosure would require undue

2   experimentation include (1) the quantity of experimentation necessary, (2) the

3   amount of direction or guidance presented, (3) the presence or absence of working

4   examples, (4) the nature of the invention, (5) the state of the prior art, (6) the

5   relative skill of those in the art, (7) the predictability or unpredictability of the art,

6   and (8) the breadth of the claims.  *In re Wands*, 858 F.2d 731, 737 (Fed. Cir. 1988).

7           *3.   Key Evidence in Opposition to Emulex's Defenses*

8                   a.   **Noninfringement**

9           As discussed above in section I.A.3.a, Broadcom will present evidence

10  proving Emulex's infringement, which will by definition defeat Emulex's

11  noninfringement defense.

12                  b.   **Invalidity**

13          Broadcom's evidence in opposition to Emulex's claims of invalidity is

14  summarized below, and explained in more detail in the expert reports and

15  depositions of Broadcom's technical experts, and in Broadcom's Opposition to

16  Emulex's Motion for Summary Judgment of Claim 1 of the '194 Patent, Claim 5 of

17  the '124 Patent, and Claim 42 of the '057 Patent and supporting materials, and

18  Broadcom's Response to Emulex's Interrogatory No. 26, each of which is

19  incorporated by reference.

20                  (1)   **SerDes Patent Family ('194, '124, and '057 patents)**

21          The evidence will establish that the asserted claims of the SerDes patent

22  family are neither anticipated nor obvious.  Emulex's only allegedly anticipatory

23  reference—U.S. Patent No. 6,121,793 ("Pickering")—does not disclose each

24  limitation of the asserted claims.  Likewise, the invention claimed in the asserted

25  claims of the SerDes patent family would not have been obvious to a person of

26  ordinary skill in the field at the time of the invention.  No combination of any of

27  the three references on which Emulex relies for obviousness—Pickering, U.S.

28

**BROADCOM'S MEMORANDUM OF
                                              CONTENTIONS OF FACT AND LAW**

1   Patent No. 6,008,670 ("Pace"), and S. Kursheed Enam & Asad A. Abidi, "NMOS

2   IC's for Clock and Data Regeneration in Gigabit-per-Second Optical-Fiber

3   Receivers," 27 *IEEE Journal of Solid-State Circuits* 1763, 1763-74 (Dec. 1992)

4   ("Enam")—discloses all of the limitations of the asserted claims.  Moreover, a

5   person of ordinary skill in the art would have no reason to combine any two of the

6   Pickering, Pace, and Enam references.  Additionally, secondary considerations of

7   nonobviousness, including commercial success, long-felt need, unexpected results,

8   copying by others, skepticism by experts, attempt and failure by others, and

9   objective recognition of the high value of the invention all indicate that the claimed

10  invention was nonobvious.

11          The evidence at trial will include documents an testimony concerning the

12  alleged prior art references, the level of ordinary skill in the art, the state of the art

13  at the time of the invention, and secondary considerations.  Broadcom will

14  introduce testimony and documentary evidence, including the testimony of Dr.

15  Armond Hairapetian and/or Lorenzo Longo and contemporaneous documentation,

16  explaining that the products embodying the claimed invention were commercially

17  successful as a result of the invention, that there was a long-felt need for the

18  invention, that reaction to the products embodying the invention demonstrated that

19  the results were unexpected, that others in the industry have used the claimed

20  invention, that the capabilities of the product embodying the invention was initially

21  greeted with skepticism but ultimately accepted and adopted, that others attempted

22  but failed to achieve the performance that the invention allowed, and that the

23  invention was recognized in the industry as being of high value.  Broadcom will

24  rely on the testimony of its technical expert, Dr. Richard Fair of Duke University,

25  to explain why the asserted prior art references neither anticipate nor render

26  obvious the asserted claims, and why the testimony and documentation provide

27  objective indicia of nonobviousness with a nexus to the claimed invention.

28

- 14 -

**BROADCOM'S MEMORANDUM OF
CONTENTIONS OF FACT AND LAW**

1

(2)  **Clock and Data Recovery Patent ('150 patent)**

2     The evidence will establish that the asserted claim of the Clock and Data

3     Recovery patent is neither anticipated nor obvious.  None of Emulex's twelve

4     allegedly anticipatory references—U.S. Patent No. 6,002,279 ("Evans"), U.S.

5     Patent No. 6,122,336 ("Anderson"), U.S. Patent No. 6,247,138 ("Tamura"), U.S.

6     Patent No. 6,552,619 ("Shastri"), EPO Patent Application No. 0909035A2

7     ("Pickering"), Ken K.Y. Chang *et al.*, "A 50 Gb/s 32x32 CMOS Crossbar Chip

8     using Asymmetric Serial Links" ("Chang I"), Chih-Kong Ken Yang and Mark A.

9     Horowitz, "A 0.8-μm CMOS 2.5 GB/s Oversampling Receiver and Transmitter for

10    Serial Links" ("Yang & Horowitz"), Jason Golbus, "Design of a 160 mW, 1

11    Gigabit/second, Serial I/O Link" ("Golbus"), Kun-Yung Chang, "Design of a

12    CMOS Asymmetric Serial Link" ("Chang II"), Yang *et al.*, "A Scalable 32Gb/s

13    Parallel Data Transceiver with On-chip Timing Calibration Circuits" ("Yang"),

14    Evelina Yeung & Mark A. Horowitz, "A 2.4 Gb/s/pin Simultaneous Bidirectional

15    Parallel Link with Per-Pin Skew Compensation" ("Yeung & Horowitz"), Yeng *et*

16    *al.*, "A 2.4 Gb/s/pin Simultaneous Bidirectional Parallel Link with Per Pin Skew

17    Compensation" ("Yeung")—discloses each limitation of the asserted claims.

18    Likewise, the invention claimed in the asserted claims of the Clock and Data

19    Recovery patent would not have been obvious to a person of ordinary skill in the

20    field at the time of the invention.  None of the dozens of combination of references

21    on which Emulex relies for obviousness discloses all of the limitations of the

22    asserted claims.  Moreover, a person of ordinary skill in the art would have no

23    reason to combine any of the asserted references in the way suggested by Emulex,

24    and Emulex has not identified any basis for combination.  Additionally, secondary

25    considerations of nonobviousness, including commercial success, long-felt need,

26    unexpected results, copying by others, attempt and failure by others, and lack of

27    contemporaneous and independent invention, all indicate that the claimed

28

**BROADCOM'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

1  invention was nonobvious.  The evidence will also establish that the asserted claim

2  of the Clock and Data Recovery patent is enabled by the disclosure in the

3  specification, without the need for undue experimentation.

4       The evidence at trial will include documents and testimony concerning the

5  alleged prior art references, the level of ordinary skill in the art, the state of the art

6  at the time of the invention, and secondary considerations.  Broadcom will

7  introduce testimony and documentary evidence, including the testimony of Dr.

8  Michael Le and/or Dr. Xicheng Jiang and contemporaneous documentation,

9  explaining that the products embodying the claimed invention were commercially

10  successful as a result of the invention, that there was a long-felt need for the

11  invention, that reaction to the products embodying the invention demonstrated that

12  the results were unexpected, that others in the industry have used the claimed

13  invention, that others attempted but failed to achieve the performance that the

14  invention allowed, and that no one contemporaneously and independently arrived

15  at the solution of the claimed invention.  Broadcom will rely on the testimony of its

16  technical expert, Dr. Vladimir Stojanovic of MIT, to explain why the asserted prior

17  art references neither anticipate nor render obvious the asserted claims, why the

18  full claim scope is enabled, and why the testimony and documentation provide

19  objective indicia of nonobviousness with a nexus to the claimed invention.

20  **III.  ANTICIPATED EVIDENTIARY ISSUES**

21       **A.**    **Motions *in Limine***

22       Each of the parties has filed motions in limine, which are summarized in the

23  parties' Proposed Final Pretrial Conference Order, lodged concurrently.

24       **B.**    **Evidence on Injunctive Relief**

25       Broadcom expects that certain testimony may be offered that is relevant only

26  to Broadcom's request for injunctive relief.  Broadcom proposes that testimony

27  directed solely to injunctive relief be taken outside the presence of the jury.

28

**BROADCOM'S MEMORANDUM OF
CONTENTIONS OF FACT AND LAW**

## IV.  DISPUTED LEGAL ISSUES

### A.    Claim Construction

The Court has already construed certain claim terms in connection with earlier *Markman* proceedings, and has ruled on additional claim construction disputes in connection with the parties' motions for summary judgment.  To the extent Emulex attempts to contravene the Court's claim construction orders, or to advance artificially cramped claim interpretations under the guise of "plain meaning," Broadcom will object at trial.

### B.    Broadcom's Entitlement to Injunctive Relief

Whether Broadcom is entitled to injunctive relief is an issue of law for the Court, not for the jury. *See eBay Inc.*, 547 U.S. at 391 (2006). Broadcom asserts that it is entitled to injunctive relief because it has suffered an irreparable injury; remedies available at law, such as monetary damages, are inadequate to compensate for that injury; considering the balance of hardships between Broadcom and Emulex, a remedy in equity is warranted; and the public interest would not be disserved by a permanent injunction.  Broadcom proposes that the parties separately brief the issue of injunctive relief, based on evidence taken outside the presence of the jury.

## V.   BIFURCATION

The parties have not requested bifurcation of the merits.  Broadcom requests that evidence related solely to injunctive relief be tried outside the presence of the jury.

## VI.  JURY TRIAL

Broadcom has invoked its right to a jury trial.  The issues of infringement, invalidity, and damages should be tried to the jury.

**BROADCOM'S MEMORANDUM OF
CONTENTIONS OF FACT AND LAW**

## VII. ATTORNEYS' FEES

Broadcom expects to seek attorneys' fees if it prevails on its claim of willful infringement.

## VIII. ABANDONMENT OF ISSUES

At the joint request of the parties, the Court has dismissed without prejudice counts 1, 2, 3, 7, and 9 of Broadcom's complaint in the -1058 case.  Likewise, at the joint request of the parties, the Court has dismissed without prejudice Emulex's first, second, third, seventh, and ninth counterclaims.

The Court has granted summary judgment in favor of Emulex on Broadcom's Count 10, alleging infringement of U.S. Patent No. 7,313,623 (the "'623 patent").  (*See* Order Granting Motion for Summary Judgment of No Infringement (Count 10) (Dkt. No. 717) (Aug. 3, 2011).)  Subject to Broadcom's right to appeal that judgment, the parties do not intend to pursue any issues related to the '623 patent.  The parties expect to jointly request that the Court dismiss without prejudice Emulex's tenth counterclaim (Declaratory Judgment of Invalidity and Non-Infringement of U.S. Patent No. 7,313,623).

The Court has granted summary judgment in favor of Broadcom on Emulex's affirmative defense of unclean hands.  (*See* Ruling on Plaintiff Broadcom Corporation's Motion for Partial Summary Judgment on Emulex's Affirmative Defense of Unclean Hands (Dkt. No. 710) (Aug. 1, 2011).)  Broadcom understands that Emulex has abandoned its remaining affirmative defenses other than noninfringement and invalidity.

**BROADCOM'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

1    Dated: August 8, 2011                    WILMER CUTLER PICKERING
2                                             HALE AND DORR LLP
3
4                                             By:    /s/ Dominic E. Massa
                                                     Dominic E. Massa
5
6                                             Attorneys for Plaintiff
                                              BROADCOM CORPORATION
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**BROADCOM'S MEMORANDUM OF
CONTENTIONS OF FACT AND LAW**

*Broadcom Corporation v. Emulex Corporation,*
Case Nos.  SACV09-1058 JVS (ANx) and SACV 10-03963-JVS (ANx)

## PROOF OF SERVICE

Fed. R. Civ. P. 5(b) & L.R. 5-3

I, Jason H. Liss, hereby certify that a copy of the foregoing *Plaintiff*

*Broadcom Corporation's Memorandum of Contentions of Fact and Law* was

served upon the following parties as indicated below on this 8th day of August,

2011.

**For Emulex Corporation:**

smg@jmbm.com                           ☐  Via Hand Delivery
broadcom-emulex@fr.com                 ☐  Via Overnight Courier (1 copy)
broadcomemulexservice@tklaw.com        ☐  Via Facsimile
(email addresses for service on Emulex ☒  Via Electronic Mail (1 copy)
per agreement of the parties)

I certify under penalty of perjury that the foregoing is true and correct.


                                        /s/ Jason H. Liss
                                        Jason H. Liss

**BROADCOM'S MEMORANDUM OF
CONTENTIONS OF FACT AND LAW**

ACTIVEUS 90239844v1