|   |   |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION |

| | |
|---|---|
| BROADCOM CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>EMULEX CORPORATION,<br><br>Defendant.<br><br>And Related Counterclaims | CASE No. SACV09-1058 JVS (ANx)<br>consolidated SACV10-3963-JVS (ANx)<br><br>**[PROPOSED] FINAL PRETRIAL ORDER**<br><br>Hon. James V. Selna<br><br>Complaint Filed: September 14, 2009<br>Trial Date: September 20, 2011 |

Following pretrial proceedings, pursuant to Rule 16, Fed. R. Civ. P. 16, and Local Rule 16, IT IS ORDERED:

1. The parties are: Broadcom Corporation (plaintiff and counterclaim defendant) and Emulex Corporation (defendant and counterclaim plaintiff). Each of these parties has been served and has appeared. The pleadings which raise the issues are: Plaintiff Broadcom Corporation's First Amended Complaint for Patent Infringement and Demand for Jury Trial (SACV-09-1058-JVS (ANx), filed February 23, 2010); Emulex Corporation's Answer, Affirmative Defenses, and Counterclaims to First Amended Complaint (SACV-09-1058-JVS (ANx), filed March 25, 2010); Broadcom Corporation's Answer to Emulex's Counterclaims to First Amended Complaint (SACV-09-1058-JVS (ANx), filed April 5, 2010); Broadcom Corporation's Complaint for Patent Infringement and Demand for Jury Trial (SACV-10-3963-JVS (ANx), filed May 26, 2010); Emulex Corporation's Answer, Affirmative Defenses, and Counterclaims (SACV-10-3963-JVS (ANx), filed June 18, 2010); and Broadcom Corporation's Reply to Emulex's Counterclaim (SACV-10-3963-JVS (ANx), filed July 9, 2010). *See* Dkt. No. 167, Order Consolidating Actions.

2. Federal jurisdiction and venue are invoked upon the grounds that this is an action for patent infringement pursuant to the patent laws of the United States, 35 U.S.C. §§ 1 et seq., and pursuant to 28 U.S.C. §§ 1331 and 1338. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b), because Broadcom and Emulex reside in this district. The facts requisite to federal jurisdiction are admitted.

3. Trial will begin on September 20, 2011, and proceed from 8:00 a.m. to 2:00 p.m., Tuesday through Friday. Each party will be permitted to present up to 24 hours of testimony, including both direct and cross examination, but excluding jury selection, opening statements, and closing arguments. Broadcom

will present its case in chief first, followed by Emulex's case, followed by Broadcom's rebuttal case. Emulex may inquire whether the Court will permit rebuttal testimony on the issue of invalidity, on which Emulex bears the burden. Broadcom opposes the presentation of such testimony.

4. The trial is to be a jury trial, tried to a jury of ten members. During jury selection, the Court will seat sixteen jurors and allow three preemptory challenges per side. Each side will be permitted one hour of voir dire. Counsel shall not use voir dire to condition the jury. The parties will follow the provisions of the Court's Order re Jury Instructions, February 18, 2011 (Dkt. No. 300). The jury instructions shall be filed as a joint submission, including agreed-upon instructions, disputed instructions with attendant objections, proposed alternatives to disputed instructions, and briefing on said disputes. The parties will submit joint, and to the extent disputed, separate proposed verdict forms (including any special verdicts) to the Court, including a WordPerfect version, on or before September 20, 2011.

5. The facts recited in the attached Joint Stipulation of Uncontested Facts are admitted and require no proof.

6. The following facts, though stipulated, shall be without prejudice to any evidentiary objection: none.

7. The parties have set forth their claims and defenses, and the basis for these claims and defenses, in their Memoranda of Contentions of Fact and Law, which are hereby incorporated by reference. So long as the claim or defense that will be presented at trial is disclosed in each party's Memorandum (without need for reference to specific argument, evidence, or testimony), neither party will challenge the sufficiency of the other party's Memorandum or argue that the other party has waived a particular claim or defense. Briefly, the parties' claims and defenses are as follows:

     a.     Broadcom asserts that Emulex infringes claims of six Broadcom patents, corresponding to counts 4, 5, 6, 8, and 11 of its complaint in Case No. SACV 09-1058-JVS (ANx), and count 1 of its complaint in Case No. SACV 10-03963-JVS (ANx). Specifically, Broadcom asserts that Emulex infringes claim 1 of the '194 patent, claim 5 of the '124 patent, claims 42 and 64 of the '057 patent, claim 8 of the '150 patent, claim 7 of the '691 patent, and claim 3 of the '500 patent. For each patent, Broadcom asserts direct infringement and indirect infringement (both contributory infringement and induced infringement). Broadcom asserts literal infringement of the asserted claims of the '194, '124, '057, and '150 patents, and both literal infringement and infringement under the doctrine of equivalents of the asserted claims of the '691 and '500 patents. Broadcom also asserts that Emulex's infringement of each patent was willful. Broadcom seeks damages in the form of a reasonable royalty for all other sales, and enhanced damages and attorneys' fees as a result of Emulex's willful infringement. Broadcom also requests entry of a permanent injunction precluding Emulex from continued infringement of each of the asserted patents.

     b.     Emulex disputes that it infringes any of the asserted claims of the patents corresponding to counts 4, 5, 6, 8, and 11 of Broadcom's Complaint in Case No. SACV 09-1058-JVS (ANx), and to count 1 of Broadcom's Complaint in Case No. SACV 10-03963-JVS (ANx). Specifically, Emulex disputes that it infringes any of the asserted claims under any theory,

including literally, under the doctrine of equivalents, or indirectly. Moreover, Emulex contends that Broadcom has not sufficiently alleged a triable case for indirect infringement of the asserted claims of the '194, '124, '057, and '150 patents. Emulex further alleges for trial that the asserted patent claims relating to counts 6, 8, and 11 of Broadcom's Complaint in Case No. SACV 09-1058-JVS (ANx) and count 1 of Broadcom's Complaint in Case No. SACV 10-03963-JVS (ANx) are invalid under either 35 U.S.C. § 102 and/or 35 U.S.C. § 103. Emulex further alleges that Broadcom's allegations relating to count 6 of Broadcom's Complaint in Case No. SACV 09-1058-JVS (ANx) are barred by the doctrine of laches. Emulex disputes that any of the alleged infringement has been willful. Emulex disputes that Broadcom is entitled to any monetary, injunctive, or other relief.

8. In view of the admitted facts and the elements required to establish the claims, counterclaims and affirmative defenses, the following issues remain to be tried: infringement, invalidity, damages, and entitlement to injunctive relief. Injunctive relief and Emulex's affirmative defense of laches will not be tried to the jury, but rather will be decided by the Court.

9. All discovery is complete, subject to depositions of witnesses who will appear live at trial but have not yet been deposed.

10. All disclosures under F.R. Civ. P. 26(a)(3) have been made. The joint exhibit list of the parties will be filed under separate cover on September 9, 2011. The parties' objections and the grounds therefore will be provided in their joint exhibit list; all exhibits for which no objection is indicated in the joint exhibit list will be admitted without objection at trial.

11. Witness lists of the parties will be filed with the Court on September 9, 2011. Only the witnesses identified in the lists will be permitted to testify. Each party intending to present evidence by way of deposition testimony shall mark such depositions in accordance with L.R. 16-2.7.

12. The Court has ruled on all pending motions in limine.

13. Trial will not be bifurcated. Injunction issues and Emulex's defense of laches shall be tried to the Court, not the jury.

14. The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pretrial Order shall supersede the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

15. The following shall be the Statement of the Case:

"The plaintiff in this case is Broadcom Corporation, and the defendant in this case is Emulex Corporation. This is a patent infringement case in which Broadcom alleges that Emulex infringes six Broadcom patents. Emulex denies that it infringes any of Broadcom's asserted patents. Emulex also alleges that four of Broadcom's patents are invalid. Broadcom denies that its patents are invalid."

16. To expedite the trial, the following procedures shall be followed (modifying the applicable Federal Rules of Civil Procedure and/or Local Rules):

**Witnesses**

a. By 5:00 pm the day before a court day, each party shall notify opposing counsel of its intended witnesses for that court day, including the order in which those witnesses will be called.

b. Either party may call at trial any witness appearing on the other party's trial witness list. The listing of a witness on a party's witness

list does not require that party to call that witness to testify, either live or by deposition.

c. In order to avoid calling the same fact witness twice, a fact witness appearing on both parties' witness lists may be called once and examined on cross beyond the scope of direct examination.

d. A party shall provide reasonable notice if for any reason it decides not to call a witness that it had previously indicated would appear live. In that event, the other party may designate and offer deposition testimony from such witness. Counter-designations may also be provided.

e. Counsel for the parties are permitted to make brief transition statements to the jury to introduce the witnesses and their role in the litigation. Counsel are not permitted to argue or comment on the evidence during transition statements.

f. Each party will be permitted to have one corporate representative present during trial. The Court will instruct the jury that the corporate representative may not be the same person from day to day, and that the jury should not consider the presence or absence of corporate representatives during all or part of the trial.

g. Pursuant to Federal Rule of Evidence 615, fact witnesses are excluded from hearing the testimony of other witnesses. However, in accordance with provision (2) of Rule 615, this exclusion will not apply to corporate representatives. In addition, if a party notifies the other party that an individual on its witness list will not testify live, that individual will not be excluded from being present during trial.

h. Expert witnesses will not be excluded from either fact or expert testimony.

1  i.   The parties have informed each other and the Court that certain expert
2       witnesses have serious commitments that would preclude them from
3       being present in court on certain dates.  The parties shall coordinate
4       with each other on the trial witness schedule in a good faith attempt to
5       accommodate the availability of these witnesses.

**Exhibits and Demonstratives**

7  j.   The listing of an exhibit by a party on its exhibit list does not waive
8       any objections to that exhibit should the opposing party attempt to
9       offer it.  Subject to applicable objections, however, any party may use
10      any document on either party's exhibit list.  The parties agree that any
11      description of a document on an exhibit list is provided for
12      convenience only and shall not be used as an admission or otherwise
13      as evidence regarding that document.  The parties also agree that
14      listing a document on a party's exhibit list is not an admission that the
15      document is admissible as evidence.  Only those documents that
16      appear on an exhibit list may be offered into evidence at trial unless
17      otherwise agreed by the parties, or upon leave of Court for good cause
18      shown.
19  k.  Any document not specifically identified on an exhibit list still may be
20      used at trial for the purpose of impeachment (if otherwise competent
21      for such purpose), but will not be admitted into evidence.  Such
22      document must however be shown to opposing counsel before it is
23      used with a witness.
24  l.   At 5:00 p.m. on the day prior to each trial day, each party will disclose
25      to the other party, for each expected witness, any exhibit that it
26      intends to introduce into evidence through direct examination of that
27      witness, and any demonstrative exhibit that it intends to use with that

       witness during direct examination. At 8:00 p.m. on the same day, the parties will meet and confer to attempt to resolve any objections or other issues relating to the disclosed exhibits and demonstratives. If any disputes remain following this conference, the parties shall apprise the Court the next morning. Exhibits to be used for cross-examination need not be disclosed in advance.

  m. In opening statements, each party may display to the jury any exhibit that it reasonably believes will come into evidence and any demonstrative exhibits. However, the parties shall identify and exchange any exhibits and/or demonstratives that will be used in opening statements by 12:00 p.m. on September 19, 2011, and shall meet-and-confer on any objections at 8:00 p.m. on September 19, 2011. If any disputes remain following this conference, the parties shall apprise the Court of the unresolved objections prior to the opening statements.

  n. Parties may use enlargements and/or highlighted versions of exhibits and/or demonstratives during opening statements, closing arguments, or testimony without additional notice (beyond notice of the original exhibit or demonstrative).

**Depositions**

  o. Depositions may be lodged with the Court by the end of the day that they will be used, rather than in advance of trial;

  p. In lieu of lodging originally signed versions of depositions with the Courtroom Deputy, lodging copies of transcripts (signed or unsigned) is sufficient and will not preclude a particular deposition from being used at the trial.

[PROPOSED] FINAL PRETRIAL ORDER

q. Witnesses who were deposed and are within the subpoena power of the Court, but whom a party does not want to call live are deemed "unavailable" under Federal Rule of Civil Procedure 32 and Federal Rule of Evidence 804, for purpose of using that witness's deposition at trial. Such deposition cannot be used (except for impeachment or to offer deposition testimony taken pursuant to Federal Rule of Civil Procedure 30(b)(6)) if the other party has called that witness live.

r. Any party using deposition testimony for the purpose of impeachment will provide the witness with a transcript of the deposition and identify by page and line number the portions of the deposition to be read, before reading the testimony aloud.

s. Subject to the otherwise applicable rules governing use of deposition testimony at trial, either party may play deposition video clips of witnesses, in addition to or in lieu of reading deposition testimony into the record.

t. No objections or exchanges between counsel will be played or read during presentation of deposition testimony. If a party designates deposition testimony, and the other party counter-designates testimony, both the designation and counter-designation will be read or played together in page order. The time for presentation of designated deposition testimony shall be counted against the designating party. The time for presentation of counter-designated deposition testimony shall be counted against the counter-designating party.

u. The deposition testimony of Armond Hairapetian in *Agere v. Broadcom* (2004) will have the same effect as if that deposition were taken in this case, and the produced version of that deposition

[PROPOSED] FINAL PRETRIAL ORDER

transcript (BCM_EMX 00968249-8570) is sufficient for lodging with the Courtroom Deputy and for use at the trial, as if it were taken in this case.

**Other Procedures**

v. Counsel are instructed to remain within one arm-length of the podium at all times, unless given express permission from the Court to approach the bench or the witness.

w. The Court will show the jury the video from the Federal Judicial Center entitled "An Introduction to the Patent System," available at http://www.archive.org/details/gov.ntis.ava21157vnb1.

Dated: _____

_____
Hon. James V. Selna
Judge, United States District Court

Approved as to form and content:

Date: September 9, 2011  WILMER CUTLER PICKERING HALE AND DORR LLP

/s/ Dominic E. Massa
Dominic E. Massa
Attorneys for Plaintiff
Broadcom Corporation

Date: September 9, 2011  FISH & RICHARDSON P.C.

/s/ David M. Barkan
David M. Barkan
Attorneys for Defendant
Emulex Corporation

*Broadcom Corporation v. Emulex Corporation*,
Case Nos. SACV09-1058 JVS (ANx) and SACV 10-03963-JVS (ANx)

# PROOF OF SERVICE

Fed. R. Civ. P. 5(b) & L.R. 5-3

I, Jason H. Liss, hereby certify that a copy of the foregoing *[Proposed] Final Pretrial Order* was served upon the following parties as indicated below on this 9th day of September, 2011.

**For Emulex Corporation:**

| | |
|---|---|
| smg@jmbm.com<br>Broadcom-Emulex@fr.com<br>(email addresses for service on Emulex<br>per agreement of the parties) | ☐ Via Hand Delivery<br>☐ Via Overnight Courier (1 copy)<br>☐ Via Facsimile<br>☒ Via Electronic Mail (1 copy) |

I certify under penalty of perjury that the foregoing is true and correct.

/s/ Jason H. Liss
Jason H. Liss