# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| **BROADCOM CORPORATION,** | CASE No. SACV09-1058 JVS (ANx) consolidated SACV10-3963-JVS (ANx) |
| **Plaintiff,** | |
| **v.** | **FINAL PRETRIAL ORDER** |
| **EMULEX CORPORATION,** | Hon. James V. Selna |
| **Defendant.** | Complaint Filed:    September 14, 2009 |
| **And Related Counterclaims** | Trial Date:    September 20, 2011 |

1    Following pretrial proceedings, pursuant to Rule 16, Fed. R. Civ. P. 16, and

2    Local Rule 16, IT IS ORDERED:

3    1.    The parties are: Broadcom Corporation (plaintiff and counterclaim

4    defendant) and Emulex Corporation (defendant and counterclaim plaintiff).  Each

5    of these parties has been served and has appeared. The pleadings which raise the

6    issues are: Plaintiff Broadcom Corporation's First Amended Complaint for Patent

7    Infringement and Demand for Jury Trial (SACV-09-1058-JVS (ANx), filed

8    February 23, 2010); Emulex Corporation's Answer, Affirmative Defenses, and

9    Counterclaims to First Amended Complaint (SACV-09-1058-JVS (ANx), filed

10   March 25, 2010); Broadcom Corporation's Answer to Emulex's Counterclaims to

11   First Amended Complaint (SACV-09-1058-JVS (ANx), filed April 5, 2010);

12   Broadcom Corporation's Complaint for Patent Infringement and Demand for Jury

13   Trial (SACV-10-3963-JVS (ANx), filed May 26, 2010); Emulex Corporation's

14   Answer, Affirmative Defenses, and Counterclaims (SACV-10-3963-JVS (ANx),

15   filed June 18, 2010); and Broadcom Corporation's Reply to Emulex's

16   Counterclaim (SACV-10-3963-JVS (ANx), filed July 9, 2010).  *See* Dkt. No. 167,

17   Order Consolidating Actions.

18   2.    Federal jurisdiction and venue are invoked upon the grounds that this

19   is an action for patent infringement pursuant to the patent laws of the United

20   States, 35 U.S.C. §§ 1 et seq., and pursuant to 28 U.S.C. §§ 1331 and 1338.  Venue

21   is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b),

22   because Broadcom and Emulex reside in this district.  The facts requisite to federal

23   jurisdiction are admitted.

24   3.    Trial will begin on September 20, 2011, and proceed from 8:00 a.m.

25   to 2:00 p.m., Tuesday through Friday.  Each party will be permitted to present up

26   to 24 hours of testimony, including both direct and cross examination, but

27   excluding jury selection, opening statements, and closing arguments.  Broadcom

**[PROPOSED] FINAL PRETRIAL ORDER**

1   will present its case in chief first, followed by Emulex's case, followed by

2   Broadcom's rebuttal case.  Emulex may inquire whether the Court will permit

3   rebuttal testimony on the issue of invalidity, on which Emulex bears the burden.

4   Broadcom opposes the presentation of such testimony.

5       4.      The trial is to be a jury trial, tried to a jury of ten members.  During

6   jury selection, the Court will seat sixteen jurors and allow three preemptory

7   challenges per side.  Each side will be permitted one hour of voir dire.  Counsel

8   shall not use voir dire to condition the jury.  The parties will follow the provisions

9   of the Court's Order re Jury Instructions, February 18, 2011 (Dkt. No. 300).  The

10  jury instructions shall be filed as a joint submission, including agreed-upon

11  instructions, disputed instructions with attendant objections, proposed alternatives

12  to disputed instructions, and briefing on said disputes.  The parties will submit

13  joint, and to the extent disputed, separate proposed verdict forms (including any

14  special verdicts) to the Court, including a WordPerfect version, on or before

15  September 20, 2011.

16      5.      The facts recited in the attached Joint Stipulation of Uncontested Facts

17  are admitted and require no proof.

18      6.      The following facts, though stipulated, shall be without prejudice to

19  any evidentiary objection: none.

20      7.      The parties have set forth their claims and defenses, and the basis for

21  these claims and defenses, in their Memoranda of Contentions of Fact and Law,

22  which are hereby incorporated by reference.  So long as the claim or defense that

23  will be presented at trial is disclosed in each party's Memorandum (without need

24  for reference to specific argument, evidence, or testimony), neither party will

25  challenge the sufficiency of the other party's Memorandum or argue that the other

26  party has waived a particular claim or defense.  Briefly, the parties' claims and

27  defenses are as follows:

**[PROPOSED] FINAL
PRETRIAL ORDER**

a. Broadcom asserts that Emulex infringes claims of six

Broadcom patents, corresponding to counts 4, 5, 6, 8, and 11 of

its complaint in Case No. SACV 09-1058-JVS (ANx), and

count 1 of its complaint in Case No. SACV 10-03963-JVS

(ANx).  Specifically, Broadcom asserts that Emulex infringes

claim 1 of the '194 patent, claim 5 of the '124 patent, claims 42

and 64 of the '057 patent, claim 8 of the '150 patent, claim 7 of

the '691 patent, and claim 3 of the '500 patent.  For each patent,

Broadcom asserts direct infringement and indirect infringement

(both contributory infringement and induced infringement).

Broadcom asserts literal infringement of the asserted claims of

the '194, '124, '057, and '150 patents, and both literal

infringement and infringement under the doctrine of equivalents

of the asserted claims of the '691 and '500 patents.  Broadcom

also asserts that Emulex's infringement of each patent was

willful.  Broadcom seeks damages in the form of a reasonable

royalty for all other sales, and enhanced damages and attorneys'

fees as a result of Emulex's willful infringement.  Broadcom

also requests entry of a permanent injunction precluding

Emulex from continued infringement of each of the asserted

patents.

b. Emulex disputes that it infringes any of the asserted claims of

the patents corresponding to counts 4, 5, 6, 8, and 11 of

Broadcom's Complaint in Case No. SACV 09-1058-JVS

(ANx), and to count 1 of Broadcom's Complaint in Case No.

SACV 10-03963-JVS (ANx).  Specifically, Emulex disputes

that it infringes any of the asserted claims under any theory,

**[PROPOSED] FINAL
PRETRIAL ORDER**

including literally, under the doctrine of equivalents, or indirectly.  Moreover, Emulex contends that Broadcom has not sufficiently alleged a triable case for indirect infringement of the asserted claims of the '194, '124, '057, and '150 patents. Emulex further alleges for trial that the asserted patent claims relating to counts 6, 8, and 11 of Broadcom's Complaint in Case No. SACV 09-1058-JVS (ANx) and count 1 of Broadcom's Complaint in Case No. SACV 10-03963-JVS (ANx) are invalid under either 35 U.S.C. § 102 and/or 35 U.S.C. § 103.  Emulex further alleges that Broadcom's allegations relating to count 6 of Broadcom's Complaint in Case No. SACV 09-1058-JVS (ANx) are barred by the doctrine of laches.  Emulex disputes that any of the alleged infringement has been willful.  Emulex disputes that Broadcom is entitled to any monetary, injunctive, or other relief.

8.     In view of the admitted facts and the elements required to establish the claims, counterclaims and affirmative defenses, the following issues remain to be tried: infringement, invalidity, damages, and entitlement to injunctive relief. Injunctive relief and Emulex's affirmative defense of laches will not be tried to the jury, but rather will be decided by the Court.

9.     All discovery is complete, subject to depositions of witnesses who will appear live at trial but have not yet been deposed.

10.     All disclosures under F.R. Civ. P. 26(a)(3) have been made.  The joint exhibit list of the parties will be filed under separate cover on September 9, 2011. The parties' objections and the grounds therefore will be provided in their joint exhibit list; all exhibits for which no objection is indicated in the joint exhibit list will be admitted without objection at trial.

**[PROPOSED] FINAL
PRETRIAL ORDER**

11.     Witness lists of the parties will be filed with the Court on September 9, 2011.  Only the witnesses identified in the lists will be permitted to testify.  Each party intending to present evidence by way of deposition testimony shall mark such depositions in accordance with L.R. 16-2.7.

12.     The Court has ruled on all pending motions in limine.

13.     Trial will not be bifurcated.  Injunction issues and Emulex's defense of laches shall be tried to the Court, not the jury.

14.     The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pretrial Order shall supersede the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

15.     The following shall be the Statement of the Case:

"The plaintiff in this case is Broadcom Corporation, and the defendant in this case is Emulex Corporation.  This is a patent infringement case in which Broadcom alleges that Emulex infringes six Broadcom patents.  Emulex denies that it infringes any of Broadcom's asserted patents.  Emulex also alleges that four of Broadcom's patents are invalid.  Broadcom denies that its patents are invalid."

16.     To expedite the trial, the following procedures shall be followed (modifying the applicable Federal Rules of Civil Procedure and/or Local Rules):

**Witnesses**

a.     By 5:00 pm the day before a court day, each party shall notify opposing counsel of its intended witnesses for that court day, including the order in which those witnesses will be called.

b.     Either party may call at trial any witness appearing on the other party's trial witness list.  The listing of a witness on a party's witness

**[PROPOSED] FINAL PRETRIAL ORDER**

1  list does not require that party to call that witness to testify, either live

2  or by deposition.

3  c.  In order to avoid calling the same fact witness twice, a fact witness

4  appearing on both parties' witness lists may be called once and

5  examined on cross beyond the scope of direct examination.

6  d.  A party shall provide reasonable notice if for any reason it decides not

7  to call a witness that it had previously indicated would appear live.  In

8  that event, the other party may designate and offer deposition

9  testimony from such witness.  Counter-designations may also be

10  provided.

11  e.  Counsel for the parties are permitted to make brief transition

12  statements to the jury to introduce the witnesses and their role in the

13  litigation.  Counsel are not permitted to argue or comment on the

14  evidence during transition statements.

15  f.  Each party will be permitted to have one corporate representative

16  present during trial.  The Court will instruct the jury that the corporate

17  representative may not be the same person from day to day, and that

18  the jury should not consider the presence or absence of corporate

19  representatives during all or part of the trial.

20  g.  Pursuant to Federal Rule of Evidence 615, fact witnesses are excluded

21  from hearing the testimony of other witnesses.  However, in

22  accordance with provision (2) of Rule 615, this exclusion will not

23  apply to corporate representatives.  In addition, if a party notifies the

24  other party that an individual on its witness list will not testify live,

25  that individual will not be excluded from being present during trial.

26  h.  Expert witnesses will not be excluded from either fact or expert

27  testimony.

**[PROPOSED] FINAL
PRETRIAL ORDER**

i.     The parties have informed each other and the Court that certain expert witnesses have serious commitments that would preclude them from being present in court on certain dates.  The parties shall coordinate with each other on the trial witness schedule in a good faith attempt to accommodate the availability of these witnesses.

**Exhibits and Demonstratives**

j.     The listing of an exhibit by a party on its exhibit list does not waive any objections to that exhibit should the opposing party attempt to offer it.  Subject to applicable objections, however, any party may use any document on either party's exhibit list.  The parties agree that any description of a document on an exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding that document.  The parties also agree that listing a document on a party's exhibit list is not an admission that the document is admissible as evidence.  Only those documents that appear on an exhibit list may be offered into evidence at trial unless otherwise agreed by the parties, or upon leave of Court for good cause shown.

k.     Any document not specifically identified on an exhibit list still may be used at trial for the purpose of impeachment (if otherwise competent for such purpose), but will not be admitted into evidence.  Such document must however be shown to opposing counsel before it is used with a witness.

l.     At 5:00 p.m. on the day prior to each trial day, each party will disclose to the other party, for each expected witness, any exhibit that it intends to introduce into evidence through direct examination of that witness, and any demonstrative exhibit that it intends to use with that

**[PROPOSED] FINAL PRETRIAL ORDER**

witness during direct examination.  At 8:00 p.m. on the same day, the parties will meet and confer to attempt to resolve any objections or other issues relating to the disclosed exhibits and demonstratives.  If any disputes remain following this conference, the parties shall apprise the Court the next morning.  Exhibits to be used for cross-examination need not be disclosed in advance.

m.   In opening statements, each party may display to the jury any exhibit that it reasonably believes will come into evidence and any demonstrative exhibits.  However, the parties shall identify and exchange any exhibits and/or demonstratives that will be used in opening statements by 12:00 p.m. on September 19, 2011, and shall meet-and-confer on any objections at 8:00 p.m. on September 19, 2011.  If any disputes remain following this conference, the parties shall apprise the Court of the unresolved objections prior to the opening statements.

n.   Parties may use enlargements and/or highlighted versions of exhibits and/or demonstratives during opening statements, closing arguments, or testimony without additional notice (beyond notice of the original exhibit or demonstrative).

**Depositions**

o.   Depositions may be lodged with the Court by the end of the day that they will be used, rather than in advance of trial;

p.   In lieu of lodging originally signed versions of depositions with the Courtroom Deputy, lodging copies of transcripts (signed or unsigned) is sufficient and will not preclude a particular deposition from being used at the trial.

**[PROPOSED] FINAL
PRETRIAL ORDER**

q.   Witnesses who were deposed and are within the subpoena power of the Court, but whom a party does not want to call live are deemed "unavailable" under Federal Rule of Civil Procedure 32 and Federal Rule of Evidence 804, for purpose of using that witness's deposition at trial.  Such deposition cannot be used (except for impeachment or to offer deposition testimony taken pursuant to Federal Rule of Civil Procedure 30(b)(6)) if the other party has called that witness live.

r.   Any party using deposition testimony for the purpose of impeachment will provide the witness with a transcript of the deposition and identify by page and line number the portions of the deposition to be read, before reading the testimony aloud.

s.   Subject to the otherwise applicable rules governing use of deposition testimony at trial, either party may play deposition video clips of witnesses, in addition to or in lieu of reading deposition testimony into the record.

t.   No objections or exchanges between counsel will be played or read during presentation of deposition testimony.  If a party designates deposition testimony, and the other party counter-designates testimony, both the designation and counter-designation will be read or played together in page order.  The time for presentation of designated deposition testimony shall be counted against the designating party.  The time for presentation of counter-designated deposition testimony shall be counted against the counter-designating party.

u.   The deposition testimony of Armond Hairapetian in *Agere v. Broadcom* (2004) will have the same effect as if that deposition were taken in this case, and the produced version of that deposition

[PROPOSED] FINAL
PRETRIAL ORDER

1   transcript (BCM_EMX 00968249-8570) is sufficient for lodging with

2   the Courtroom Deputy and for use at the trial, as if it were taken in

3   this case.

4   **Other Procedures**

5   v.   Counsel are instructed to remain within one arm-length of the podium

6   at all times, unless given express permission from the Court to

7   approach the bench or the witness.

8   w.   The Court will show the jury the video from the Federal Judicial

9   Center entitled "An Introduction to the Patent System," available at

10   http://www.archive.org/details/gov.ntis.ava21157vnb1.

Dated: September 14, 2011

_____

Hon. James V. Selna
Judge, United States District Court

**[PROPOSED] FINAL
PRETRIAL ORDER**

1    Approved as to form and content:

2

3    Date: September 9, 2011                    WILMER CUTLER PICKERING
                                                 HALE AND DORR LLP
4

5

6                                               /s/ Dominic E. Massa
                                                Dominic E. Massa
7                                               Attorneys for Plaintiff
                                                Broadcom Corporation
8

9    Date: September 9, 2011                    FISH & RICHARDSON P.C.
10

11

12                                              /s/ David M. Barkan
                                                David M. Barkan
13                                              Attorneys for Defendant
                                                Emulex Corporation
14

15

16

17

18

19

20

21

22

23

24

25

26

27

**[PROPOSED] FINAL
PRETRIAL ORDER**

1

2

*Broadcom Corporation v. Emulex Corporation*,
Case Nos.  SACV09-1058 JVS (ANx) and SACV 10-03963-JVS (ANx)

3

## **PROOF OF SERVICE**

4

Fed. R. Civ. P. 5(b) & L.R. 5-3

5

6

7

I, Jason H. Liss, hereby certify that a copy of the foregoing *[Proposed]*

*Final Pretrial Order* was served upon the following parties as indicated below on

this 9th day of September, 2011.

8

9

**For Emulex Corporation:**

10

11

12

| smg@jmbm.com | ☐ Via Hand Delivery |
| Broadcom-Emulex@fr.com | ☐ Via Overnight Courier (1 copy) |
| (email addresses for service on Emulex | ☐ Via Facsimile |
| per agreement of the parties) | ☒ Via Electronic Mail (1 copy) |

13

14

I certify under penalty of perjury that the foregoing is true and correct.

15

16

17

/s/ Jason H. Liss
Jason H. Liss

18

19

20

21

22

23

24

25

26

27

**[PROPOSED] FINAL
PRETRIAL ORDER**

\ACTIVEUS 90329647v10