1  WILLIAM F. LEE (admitted *pro hac vice*)
   (william.lee@wilmerhale.com)
2  DOMINIC E. MASSA (admitted *pro hac vice*)
   (dominic.massa@wilmerhale.com)
3  JOSEPH J. MUELLER (admitted *pro hac vice*)
   (joseph.mueller@wilmerhale.com)
4  LOUIS W. TOMPROS (admitted *pro hac vice*)
   (louis.tompros@wilmerhale.com)
5  WILMER CUTLER PICKERING
6  HALE AND DORR LLP
   60 State Street
7  Boston, MA  02129
   Telephone:  (617) 526-6000
8  Facsimile:   (617) 526-5000

9  Attorneys for Plaintiff and Counterclaim Defendant
   BROADCOM CORPORATION
10 (Additional Counsel Listed on Signature Page)

11
12                    **UNITED STATES DISTRICT COURT**
13         **CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**
14

| | |
|---|---|
| **BROADCOM CORPORATION,** | CASE No. SACV09-1058 JVS (ANx) consolidated SACV10-3963-JVS (ANx) |
| Plaintiff, | **BROADCOM'S BENCH MEMORANDUM REGARDING EMULEX'S REPRESENTATIONS ABOUT ITS SUPPLIERS' PATENTS** |
| v. | |
| **EMULEX CORPORATION,** | |
| Defendant. | Complaint Filed: September 14, 2009 |
| | Trial Date: September 20, 2011 |
| **And Related Counterclaims** | Before Hon. James V. Selna |

During opening statement, counsel for Emulex showed excerpts from the cover pages of seventeen prior art patents assigned to Emulex's suppliers that were cited during prosecution of Broadcom's asserted patents.  (Trial Day 2 Tr. at 93.)  The supposed relevance of these patents was this: "[N]ot only did Emulex believe that they were getting these accused circuits from very reputable third-party suppliers, but Emulex believed and knew that these third-party suppliers had patents on these products that they were providing to Emulex."  *Id.*  After openings were completed, Broadcom requested a curative instruction.  *Id.* at 110-11.  The Court declined to provide the requested instruction at that time, but indicated that "[w]e can take that up later."  *Id.* at 111.  Further attempts to exploit Emulex's supplier's patents were made during the cross examination of Dr. Hairapetian, and Broadcom's objection to that line of questioning was sustained.

Because of Emulex's incorrect and prejudicial statement to the jury during opening statement, the jury may now believe, erroneously, that Emulex's suppliers have prior art patents that cover the accused products, and that because these patents cover the products, they provide Emulex with a defense to infringement, willfulness, or both.  As indicated by the attempt to explore these patents further during cross examination of Dr. Hairapetian, Emulex appears intent on doing all it can to cement these misapprehensions in the minds of the jurors.  As discussed below in further detail, however, Emulex's suppliers' patents are entirely irrelevant to the issues of infringement and willfulness, regardless of what they cover.  And, in any event, Emulex cannot establish that they cover the accused products.

1. As Emulex itself has now acknowledged, Emulex's suppliers' patents – regardless of what they may cover, and notwithstanding their status as prior art – are irrelevant to the issue of infringement.  The Federal Circuit has "made unequivocally clear ... that there is no 'practicing the prior art' defense to literal infringement."  *Tate Access Floors v. Interface Archit. Resources*, 279 F. 3d 1357,

BROADCOM'S BENCH MEMORANDUM
REGARDING SUPPLIER PATENTS

1366 (Fed. Cir. 2002). "[A]ccused infringers are not free to flout the requirement of proving invalidity by clear and convincing evidence by asserting a 'practicing prior art' defense to literal infringement under the less stringent preponderance of the evidence standard." *Id.* at 1367.

2. Emulex's suppliers' patents are also irrelevant to willfulness. As the Federal Circuit explained *en banc* in *Seagate*, "[o]ver time, our cases evolved to evaluate willfulness and its duty of due care under the totality of the circumstances, and we enumerated factors informing the inquiry." *In re Seagate Technology, LLC*, 497 F.3d 1360, 1369 (Fed. Cir. 2007) (*en banc*) (citing *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 826-27 (Fed. Cir. 1992)). None of the nine factors enumerated in *Read v. Portec* holds, or even suggests, that an infringer's perception of its supplier's patent estate is probative of the infringer's alleged lack of willful infringement. *Read*, 970 F.2d at 826-27 (describing factors). No case found by Broadcom, or identified to Broadcom by Emulex, holds that a "belief" that "third-party suppliers had patents on [accused] products" has any bearing on willfulness. That is unsurprising; as discussed above, after *Tate Access* no reasonable company could believe that the mere existence of prior art patents owned by its suppliers provides any defense to infringement.[1]

3. Even if its suppliers' patents were legally relevant—and they are not— Emulex cannot lay any foundation for the assertion made during opening statement that Emulex's suppliers "had patents on [the] products that they were providing to Emulex." (Day 2 Rough Tr. at 11:17.) During discovery, Broadcom asked

---

[1] Furthermore, Emulex chose its suppliers before the lawsuit began, but as Broadcom made clear and as the Court instructed the jury, "[t]he discussion of willfulness is limited to conduct *after* the filing of the complaint." (Day 2 Tr. at 114.) Whatever Emulex thought of its supplier's patents *before* the lawsuit has no bearing on whether Emulex's conduct *after* the lawsuit was filed was willful.

1  Emulex to identify (among other things) "all third-party patents or technology
2  practiced by Emulex Accused Products." (Interrog. 27.)  In its responses, Emulex
3  did not identify any of the seventeen supplier patents that were flashed up on the
4  screen during opening statement.  And neither Dr. Wooley, Dr. Nikolic, nor Mr.
5  Warden has offered any opinion in their reports that any of Emulex's supplier's
6  patents covers any of the accused products.  It would be unfairly prejudicial to
7  permit Emulex to suggest to the jury that any of the seventeen supplier patents
8  flashed on the screen cover the accused products, when Emulex did not identify
9  them in response to Broadcom's interrogatories or provide expert opinion linking
10 any of those patents to the products.

11     For these reasons, Emulex's unsupported and prejudicial assertions made
12 during opening statement regarding its suppliers' patents are irrelevant to
13 infringement or willfulness, and the jury should be so instructed.  Emulex should
14 also be precluded from further attempts to suggest to this jury, during cross
15 examination of Broadcom's witnesses or during its direct case, that its suppliers'
16 patents have any bearing or provide any defense on the issues of willfulness or
17 infringement.

Date: September 23, 2011                WILMER CUTLER PICKERING
                                        HALE AND DORR LLP

                                        /s/ Gregory P. Teran
                                        Gregory P. Teran

                                        Attorneys for Plaintiff
                                        BROADCOM CORPORATION