Juanita R. Brooks (SBN 75934)
  *brooks@fr.com*
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

*(Additional counsel listed on signature page)*

Attorneys for Defendant and Counterclaimant
EMULEX CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

(SOUTHERN DIVISION)

| | |
|---|---|
| BROADCOM CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> EMULEX CORPORATION, <br><br> Defendant. <br><br> And Related Counterclaims | Case No. CV 09-1058-JVS (ANx) <br><br> consolidated with CV 10-3963 JVS (ANx) <br><br> **DEFENDANT EMULEX CORPORATION'S BENCH MEMORANDUM REGARDING BROADCOM'S IMPROPER INTERPRETATION OF THE '500 PATENT** <br><br> Trial Date:  September 20, 2011 <br> Place:  Courtroom 10C <br> Before:  Hon. James V. Selna |

## I. ARGUMENT

Broadcom is currently asserting claim 3 of U.S. Pat. No. 7,450,500 ("the '500 patent") against Emulex. (*See* JX0002). That claim recites "a plurality of port integrated circuits." Those port integrated circuits must have certain, specific qualities that are recited later in the claim language. Specifically, the claim goes on to recite that "each integrated circuit" must have integrated thereon "**a port circuit and a portion of a crossbar switch**":

> 3. A method for coupling a plurality of Fibre Channel Arbitrated Loop (FCAL) nets, comprising:
> …
> coupling **a plurality of port integrated circuits** by said separate backplane data paths, **each integrated circuit having integrated thereon a port circuit and a portion of a crossbar switch**…

At trial, Dr. Vahdat interpreted this claim language to mean that "each integrated circuit" does not refer back to the "port integrated circuits" recited earlier in the claim; in other words, in his view, the claim should be interpreted such that the port integrated circuits (or "port IC's") do not need to include "a portion of a crossbar switch":

> Q. … I want to be sure that your infringement read of the claim is that the port integrated circuit does not have to contain a portion of the crossbar switch.
>
> A. That's correct.

(Trial Tr., Day 5 at 25:18-22; *Id*. at 23:8-11).

Dr. Vahdat's interpretation of the '500 patent is incorrect. It is black letter law that the plain meaning of patent claims must be determined in light of the surrounding claim language. *See Phillips v. AWH Corp.*, 415 F.3d 1303, 1314 (Fed. Cir. 2005) ("the context of the surrounding words of the claim also must be considered in determining the ordinary and customary meaning of those terms"). The word "each integrated circuit" clearly refers back to the "port integrated circuits" recited earlier in the same claim limitation. The claim states that "each integrated circuit" must have integrated thereon "a port circuit" (thus why they are referred to as "port integrated circuits"), as well as "a portion of a crossbar switch."

In addition to the plain language, Dr. Vahdat's claim interpretation is contradicted by the prosecution history of the '500 patent. Specifically, the applicant precisely stated that the claims had "the recited feature of the *port IC* containing a portion of the crossbar switch…" (*See* JX0008, portions of which are attached hereto as Ex. A) (emphasis added).[1] The applicant then argued that the prior art did not anticipate because it merely discloses a "switch port" that was "connected to (*not a part thereof*) the crossbar switch." (*Id*. at BCM_EMX00014760) (emphasis added). These arguments, made during prosecution by the applicant, are highly relevant to understand the plain meaning of the asserted claim. *See E. I. Du Pont de Nemours & Co. v. Phillips Petroleum Co.*, 849 F.2d 1430, 1438 (Fed. Cir. 1988) ("arguments made during the prosecution

---

[1] Dr. Vahdat acknowledges that "port IC" stands for "port integrated circuit." (Trial Tr., Day 5 at 20:22-23).

history are relevant in determining the meaning of the terms at issue"); *Philips*, 415 F.3d at 1317 ("Like the specification, the prosecution history provides evidence of how the PTO and the inventor understood the patent"). Dr. Vahdat has put forth an interpretation contrary to this intrinsic evidence.

Because Broadcom's expert has misinterpreted the plain language of the asserted claim, Emulex respectfully asks that the Court instruct the jury as follows:

> You have heard Broadcom's expert testify that the "port integrated circuits" in the '500 patent do not need to contain a portion of a crossbar switch. This is incorrect. Because the term "each integrated circuit" refers back to the "port integrated circuits" recited earlier in the claim, those "port integrated circuits" must each contain "a portion of a crossbar switch."

Dated:  September 28, 2011    FISH & RICHARDSON P.C.
                              By: */s/ Jonathan J. Lamberson*
                                    Jonathan J. Lamberson

                              Attorneys for Defendant and
                              Counterclaimant
                              EMULEX CORPORATION

*Additional Counsel*

David M. Barkan (SBN 160825)
  barkan@fr.com
Jonathan J. Lamberson (SBN 239107)
  lamberson@fr.com
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, California 94063-1526
Telephone:  (650) 839-5070
Facsimile:  (650) 839-5071

Joseph V. Colaianni, Jr. (*pro hac vice*)
 colaianni@fr.com
FISH & RICHARDSON P.C.
1425 K Street, N.W., 11th Floor
Washington, DC 20005
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Thomas H. Reger II (*pro hac vice*)
 reger@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone: (214) 747-5070
Facsimile: (214) 747-2091

Wasif H. Qureshi (*pro hac vice*)
 qureshi@fr.com
FISH & RICHARDSON P.C
One Houston Center
1221 McKinney Street, 28th Floor
Houston, Texas 77010
Telephone: (713) 654-5300
Facsimile: (713) 652-0109

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on September 28, 2011 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civ. L.R. 5-3.3.  Any other counsel of record will be served by U.S. mail or hand delivery.

By: */s/ Jonathan J. Lamberson*
Jonathan J. Lamberson

50779226.doc