# EXHIBIT A





**EXPEDITED PROCEDURE**
**EXAMINING GROUP 2616**
**PATENT APPLICATION**

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re the Application of: | Confirmation No.: 1840 |
| Alistair D. BLACK et al. | Art Unit: 2616 |
| Application No.: 10/348,997 | Examiner: Hyun, Soon D. |
| Filed: January 21, 2003 | Attorney Dkt. No.: 058268.00276 |

For: FIBRE CHANNEL ARBITRATED LOOP BUFFERLESS SWITCH CIRCUITRY TO INCREASE BANDWIDTH WITHOUT SIGNIFICANT INCREASE IN COST

## RESPONSE UNDER 37 CFR § 1.116

Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450              October 2, 2007
**Mail Stop AF**

Sir:

In response to the Office Action dated August 2, 2007, please amend the above-identified application as set forth below.

**Amendments to the claims are submitted beginning on page 2.**

**Remarks are submitted beginning on page 5.**

**IN THE CLAIMS**:

Please amend claims 25, 53 and 55 as follows.

1-24. (Cancelled)

25. (Currently Amended) A switch for coupling a plurality of <u>Fibre Channel Arbitrated Loop (FCAL)</u> nets, comprising:

a plurality of separate backplane data paths; and

a plurality of port integrated circuits selectably coupled together by said separate backplane data paths, each integrated circuit having integrated thereon a port circuit comprising an FCAL net interface for coupling to one FCAL net and a portion of a crossbar switch coupled to said FCAL net interface and structured ~~so as to be capable of coupling~~ <u>and further configured to couple</u> said port to any selectable one of said separate backplane data paths.

26. (Previously Presented) The switch of claim 25, wherein each said port integrated circuit has a priority level for access to busy destination nodes and wherein each port integrated circuit includes means for receiving and forwarding a fairness token such that said fairness token circulates to all other said port integrated circuits, and wherein each said port integrated circuit includes means for using said fairness token to

- 2 -

Case 8:09-cv-01058-JVS -AN   Document 826-1   Filed 09/28/11   Page 4 of 13   Page ID
#:20496

increase the priority level of said port integrated circuit to a highest priority level when said fairness token is in possession of said port integrated circuit.

27-52. (Cancelled)

53. (Currently Amended) A method for coupling a plurality of <u>Fibre Channel Arbitrated Loop (FCAL)</u> nets, comprising:

providing a plurality of separate backplane data paths;

coupling a plurality of port integrated circuits by said separate backplane data paths, each integrated circuit having integrated thereon a port circuit and a portion of a crossbar switch; and

coupling FCAL net interface to at least one FCAL net, and the portion of the crossbar switch.

54. (Previously Presented) The method of claim 53, further comprising:

assigning each said port integrated circuit has a priority level for access to busy destination nodes, wherein each port integrated circuit includes means for receiving and forwarding a fairness token;

circulating said fairness token to all other said port integrated circuits; and

using, by each said port integrated circuit, said fairness token to increase the priority level of said port integrated circuit to a highest priority level when said fairness token is in possession of said port integrated circuit.

55. (Currently Amended) An apparatus for coupling a plurality of <u>Fibre Channel Arbitrated Loop (FCAL)</u> nets, the apparatus comprising:

backplane means for providing a plurality of separate backplane data paths; and

a plurality of integrated circuit means, selectably coupled together by said backplane means,

wherein each integrated circuit means having integrated thereon a port circuit means comprising an interface means for coupling to a FCAL net, and a portion of a crossbar switch means for coupling to said FCAL net interface and for coupling a port to any selectable one of said separate backplane data paths.

56. (Previously Presented) The apparatus of claim 25, wherein each integrated circuit means has a priority level for access to busy destination nodes and wherein each integrated circuit means is configured for receiving and forwarding a fairness token such that said fairness token circulates to all other said port integrated circuits,

wherein each said integrated circuit means includes means for using said fairness token to increase the priority level of said integrated circuit means to a highest priority level when said fairness token is in possession of said port integrated circuit.

BCM_EMX 00014755

## REMARKS

The Office Action dated August 2, 2007 has been received and carefully noted. The above amendments to the claims and the following remarks are submitted as a full and complete response thereto.

Claims 25, 53, and 55 are amended to more particularly point out and distinctly claim the subject matter of the present invention, and to correct informalities. Entry of the amendments is respectfully requested because they place the application into condition for allowance, do not raise new issues that require further search and/or consideration, and do not contain new matter. Claims 25, 26 and 53-56 are respectfully submitted for consideration.

The Office Action objected to claims 25, 53 and 55 because of informalities. Applicants respectfully submit that claim 25 is amended to more clearly and positively recite the features of this claim. Further, claims 25, 53 and 55 are amended to spell out the acronym "FCAL." Accordingly, withdrawal of the objection to the claims is respectfully requested.

The Office Action provisionally rejected claims 25, 26, 55, and 56 on the grounds of non-statutory obviousness type double patenting over claim 4 of U.S. Patent No. 6,614,796 ('796).

Applicants submit that the provisional double patenting rejection is not appropriate because the patent '796 is the parent of the present application. The present application is a divisional application patent '796 as a result of a restriction requirement dated March

19, 2002. The Restriction Requirement from the USPTO asserted that the inventions recited in '796 and listed in the Restriction Requirement, which include those of the present application, are "patentably distinct". As such, Applicants submit that claims 25, 26, 55, and 56 are non-obvious over claim 4 of '796 as acknowledged by the USPTO. Accordingly, withdrawal of the provisional non-statutory obviousness type double patenting rejection is respectfully requested.

The Office Action rejected claims 25, 53, and 55 under 35 U.S.C. 102(e) as being anticipated by US Patent No. 6,396,832 to Kranzler (Kranzler). Applicants respectfully submit that Kranzler fails to disclose or suggest all of the features recited in any of the pending claims.

Claim 25, from which claim 26 depends, is directed to a switch for coupling a plurality of FCAL nets, that includes a plurality of separate backplane data paths. A plurality of port integrated circuits is selectably coupled together by the separate backplane data paths. Each integrated circuit has integrated thereon a port circuit comprising an FCAL net interface for coupling to one FCAL net and a portion of a crossbar switch coupled to the FCAL net interface and structured so as to be capable of coupling the port to any selectable one of the separate backplane data paths.

Claim 53, from which claim 54 depends, is directed to a method for coupling a plurality of Fibre Channel Arbitrated Loop (FCAL) nets. A plurality of separate backplane data paths is provided. A plurality of port integrated circuits is coupled by said separate backplane data paths, each integrated circuit having integrated thereon a port

circuit and a portion of a crossbar switch. A FCAL net interface is coupled to at least one FCAL net, and the portion of the crossbar switch.

Claim 55, from which claim 56 depends, is directed to an apparatus for coupling a plurality of Fibre Channel Arbitrated Loop (FCAL) nets. A backplane means provides a plurality of separate backplane data paths. A plurality of integrated circuit means are selectably coupled together by the backplane means. Each integrated circuit means having integrated thereon a port circuit means comprising an interface means for coupling to a FCAL net, and a portion of a crossbar switch means for coupling to said FCAL net interface and for coupling a port to any selectable one of said separate backplane data paths.

Figure 5 illustrates an exemplary embodiment of the presently claimed invention, wherein a port circuit 124, 126, and 128, comprising an FCAL net interface for coupling to one FCAL net, and a portion of a crossbar switch ("X-BAR") coupled to the FCAL net interface. Applicants submit that each of the above claims recites features that are neither disclosed nor suggested in Kranzler.

Kranzler describes an arbitrated loop system 100 with autonomous hubs 102, 104 connected by a switched arbitrated loop 106 is illustrated. The switched arbitrated loop 106 includes a loop-connected control path 108 and switch ports 110, 112, 114 controlling access of the autonomous hubs 102, 104 and such other devices as a hard disk array 116 to a crossbar switch 118 and to the control path 108. The crossbar switch 118 is for establishing direct point to point connections along data paths 130, 132, 134 in loop

- 7 -

circuits between pairs of arbitrary ports 120, 122, 124, 126 and 116 (the disk array). See Fig. 3 of Kranzler.

Applicants respectfully submit that Kranzler fails to disclose or suggest at least the feature of "a plurality of port integrated circuits selectably coupled together by said separate backplane data paths, each integrated circuit having integrated thereon a port circuit comprising an FCAL net interface for coupling to one FCAL net and a portion of a crossbar switch coupled to said FCAL net interface and structured so as to be capable of coupling said port to any selectable one of said separate backplane data paths", as recited in claims 25, 53 and 55. Applicants respectfully submit that Kranzler is silent with regards to a plurality of port integrated circuits, wherein <u>each</u> integrated circuit includes a FCAL interface, <u>and</u> a portion of the crossbar switch thereon. As discussed above, Fig. 5 of the present application, illustrates an integrated circuit that includes a portion of the crossbar switch ("X_BAR") thereon. Kranzler merely describes the arbitrary ports being connected to crossbar switch 18.

In the "Response to Arguments" section, the Office Action asserted that "Fig. 3 of Kranzler clearly teaches that each of a plurality of port integrated circuits includes a FCAL interface, and a portion of the crossbar switch." However, Applicants respectfully submit that as discussed above, and as shown in Kranzler, this is not the case. Neither Fig. 3 nor any other portion thereof teaches a plurality of port IC circuits (allegedly "switch port" 110) that contains an FCAL interface <u>and</u> a <u>portion</u> of the crossbar switch 118 thereon.

- 8 -

BCM_EMX 00014759

Applicants respectfully submit that the Office Action's position essentially disregards the recited feature of the port IC containing a portion of the crossbar switch because Fig. 3 of Kranzler merely discloses that at best, the switch port 110 is connected to (not a part thereof) the crossbar switch 118.

Based at least on the above, Applicants submit that Kranzler fails to disclose or suggest all of the features of claims 25, 53, and 55. Accordingly, withdrawal of the rejection under 35 U.S.C. 102(e) is respectfully requested.

The Office Action rejected claims 26, 54 and 56 under 35 U.S.C. 103(a) as being obvious over Kranzler, in view of US Patent No. 5,689,644 to Chou et al. (Chou). The Office Action took the position that Kranzler disclosed all of the features of these claims except each port integrated circuit has a priority level for access to busy destination nodes and each port integrated circuit includes means for receiving and forwarding a fairness token such that said fairness token circulates to all other said port integrated circuits and each port integrated circuit includes means for using said fairness token to increase the priority level of said port integrated circuit to a highest priority level when said fairness token is in possession of said port integrated circuit. The Office Action relied on Chou to disclose these features. Applicants submit that the cited references, taken individually or in combination, fail to disclose or suggest all of the features recited in any of the pending claims.

Chen is directed to a local area network switch includes a set of input ports each receiving and storing incoming packets from a corresponding network station, a set of

- 9 -

output ports each forwarding packets to a corresponding network station, and a switching system for routing packets from the input ports to the output ports. The output ports are interconnected to form an output token passing ring and the input ports are interconnected to form an input token passing ring. Whenever an idle output port receives the output token, it holds the output token and signals the input ports to start an input token passing cycle. During an input token passing cycle, an input port storing a packet destined for an output token holder terminates the input token passing cycle when it receives the input token and signals the switching system to establish a connection to the output token holder. To fairly distribute arbitration priority, input and output ports starting positions are rotated for successive input and output token passing cycles.

Applicants submit that Chen fails to cure the deficiencies of Kranzler discussed above regarding claim 25. Specifically, Chen is silent with regards to a plurality of port integrated circuits, wherein each integrated circuit includes a FCAL interface, and a portion of the crossbar switch thereon.

Further, Applicants submit that Chen fails to cure the admitted deficiencies of Kranzler. In the presently claimed invention, each of the ports is assigned a priority level. The output port which holds the token has the highest priority level and is guaranteed access. However the remaining ports still have assigned priority levels. As discussed above, Chen does not disclose or suggest that the remaining ports in the output port token ring are assigned priority levels. Thus, Chen fails to cure the admitted deficiencies of Kranzler.

In the "Response to Arguments" section, the Office Action stated that "applicants argues same without further features." However, Applicants submit that separate and distinct arguments regarding the features recited in claim 26 were presented in the previous Response, and not addressed in the present Office Action. Thus, in the event that this application is not in condition for allowance, Applicants request a new non-final Office Action that addresses the features recited in claims 26, 54, and 56.

Based at least on the above, Applicants respectfully submit that the cited references fail to disclose or suggest all of the features of claims 26, 54 and 56. Accordingly, withdrawal of the rejection under 35 U.S.C. 103(a) is respectfully requested.

If for any reason the Examiner determines that the application is not now in condition for allowance, it is respectfully requested that the Examiner contact, by telephone, the applicants' undersigned attorney at the indicated telephone number to arrange for an interview to expedite the disposition of this application.

In the event this paper is not being timely filed, the applicants respectfully petition for an appropriate extension of time. Any fees for such an extension together with any additional fees may be charged to Counsel's Deposit Account 50-2222.

Respectfully submitted,

David E. Brown
Registration No. 51,091

Customer No. 32294
SQUIRE, SANDERS & DEMPSEY LLP
14TH Floor
8000 Towers Crescent Drive
Tysons Corner, Virginia 22182-2700
Telephone: 703-720-7800
Fax: 703-720-7802

DEB:jkm