WILLIAM F. LEE (admitted *pro hac vice*)
(william.lee@wilmerhale.com)
DOMINIC E. MASSA (admitted *pro hac vice*)
(dominic.massa@wilmerhale.com)
JOSEPH J. MUELLER (admitted *pro hac vice*)
(joseph.mueller@wilmerhale.com)
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA  02109
Telephone:  (617) 526-6000
Facsimile:   (617) 526-5000

Attorneys for Plaintiff and Counterclaim Defendant
BROADCOM CORPORATION

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| BROADCOM CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>EMULEX CORPORATION,<br><br>Defendant.<br><br>**And Related Counterclaims** | CASE No. SACV09-1058 JVS (ANx)<br>consolidated SACV10-3963-JVS (ANx)<br><br>**BROADCOM'S OPPOSITION TO EMULEX'S BENCH MEMORANDUM REGARDING BROADCOM'S IMPROPER INTERPRETATION OF THE '500 PATENT**<br><br>Complaint Filed: September 14, 2009<br>Trial Date: September 20, 2011<br><br>Before Hon. James V. Selna |

Emulex's Bench Memorandum Regarding Broadcom's Improper Interpretation of the '500 Patent comes too late and seeks an improper remedy. Emulex's request comes too late for two reasons. First, it is a thirteenth-hour attempt to seek a claim construction Emulex never timely sought. Second, on this issue, Emulex raised no objection nor moved to strike before Dr. Vahdat left the stand. Moreover, Emulex improperly seeks not just a claim construction, but a comment from the Court to the jury stating that Dr. Vahdat erred. Worse yet, Emulex's argument is based on a claim construction that is immaterial to infringement—Emulex infringes even under its belated argument.

Broadcom respectfully requests that the Court deny Emulex's requested construction. Even if the Court were to adopt Emulex's untimely construction, Emulex should be precluded from arguing to the jury that Dr. Vahdat erred in his interpretation of the claims, because this is an issue that should have been raised by Emulex long before Dr. Vahdat took the stand—not after he departed.

***First,*** Emulex's brief comes one day after Dr. Vahdat testified—without objection or motion to strike—on cross examination and redirect examination regarding his '500 patent analysis; five days after Dr. Vahdat testified—again, without objection or motion to strike—on direct examination; four months after the Court struck as untimely Emulex's expert's advocacy of a construction similar to that now sought by Emulex; and ***over nine months*** after the Markman process concluded.[1] Simply put, Emulex has waited far too long to make this argument.

***Second,*** in his testimony Dr. Vahdat treated claim 3 of the '500 patent as if each distinct term had a distinct meaning—an approach that is in accord with Federal Circuit precedent. *Merck & Co. v. Teva Pharm. USA, Inc.*, 395 F.3d 1364,

---

[1]  Emulex's brief also comes several months after it deposed Dr. Vahdat about his understanding of the claim limitation at issue. That deposition was on May 31, 2011.

1372 (Fed. Cir. 2005) ("A claim construction that gives meaning to all the terms of the claim is preferred over one that does not do so.").  Claim 3 states:

> A method for coupling a plurality of Fibre Channel Arbitrated Loop (FCAL) nets, comprising:
> 
> providing a plurality of separate backplane data paths;
> 
> ***coupling a plurality of port integrated circuits by said separate backplane data paths, each integrated circuit having integrated thereon a port circuit and a portion of a crossbar switch***; and
> 
> coupling FCAL net interface to at least one FCAL net, and the portion of the crossbar switch,
> 
> wherein each of said plurality of port integrated circuits has a priority level for access to busy destination nodes.

('500 Patent at 49:7-18 (emphasis added).)  Dr. Vahdat treated "port integrated circuit" and "each integrated circuit" as having distinct meanings.  The claim does not say "each *port* intergrated circuit" or even "*said* integrated circuit," or otherwise tie "each integrated circuit" to the "port integrated circuit."  The half-sentence fragment from the prosecution history cited by Emulex does not render Dr. Vahdat's opinion incorrect.

*Third,* in any event, Emulex infringes even under its own construction.  If "each integrated circuit" refers to "port integrated circuit," then the implication is that each single integrated circuit must have on it "a port circuit and a portion of a crossbar switch."  Each Emulex accused product has precisely that (as well as other components), as Dr. Vahdat confirmed on redirect:

> Q  You were asked a few questions about port integrated circuits, integrated circuits, port circuits. Now, do you recall the testimony about this diagram or a similar diagram?
> 
> A  Yes, I do.

1     Q And Mr. Reger asked you which piece of this met in your
2 opinion the port integrated circuit. Do you recall that?
3     A Yes.
4     Q Which piece met the port circuit. Do you recall that?
5     A Yes.
6     Q Which piece met the integrated circuit. Do you recall that?
7     A I am not sure that he asked about the integrated circuit, but
8 perhaps I am forgetting.
9     Q Fair enough. Fair enough. Now, has His Honor construed
10 any of those terms in a specific definition?
11     A No, he has not.
12     Q I'm not going to ask you to construe them either. I do want
13 to ask you this: **On a single chip or integrated circuit in the Emulex**
14 **products, is there a crossbar switch?**
15     A *Yes, there is.*
16     Q *And a port?*
17     A *Yes, there is.*
18     Q And those are connected?
19     A Yes, they are.
20     Q And there is a connection to an FCAL net?
21     A Yes. They support connections to FCAL nets. Exactly.
22     Q Again I want to set aside the claim construction issues. *Do*
23 *each of the accused InSpeed and FibreSpy products have on a*
24 *single integrated circuit a port?*
25     A *Yes, they do.*
26     Q *Crossbar switch?*
27     A *Yes.*

BROADCOM'S OPP. TO EMULEX'S BENCH
MEMO. RE: BROADCOM'S IMPROPER
INTERPRETATION OF THE '500 PATENT

1         Q  Connection to FCAL port?

2         A  Yes.

3         Q  All connected together?

4         A  Yes.

5         Q  **On a single chip?**

6         A  ***Exactly.***

7 (9/27 Trial Tran. 51:18-53:8 (emphases added).)  These integrated circuits are connected together (which fact witnesses have described as "cascading" or "trunking") by backplane data paths.  (*See, e.g.,*, Trial Tran. at 198:12-204:4 (Dr. Vahdat testifying regarding his backplane-data-path analysis); PX0044 at ELX-PAT-27047, 27054, PX0047 at ELX-PAT-68312, PX0045 at ELX-PAT-81795 and PX0068 at ELX-PAT-5961313 (examples of Emulex technical documents showing connections among chips); *see also* Videotaped Deposition Clips of Martin Stainbrook, Bruce Gregory Warren and William Goodwin played on Sept. 27, 2011 (Emulex engineers describing cascading and trunking); Videotaped Deposition Clips of Paul Boulay and Malcolm Muggeridge played on Sept. 27, 2011 (Emulex customers describing cascading and trunking).

                                                * * *

For all these reasons, Broadcom respectfully requests that the Court deny Emulex's untimely construction.  Even if the Court were to adopt Emulex's untimely construction, Emulex should be precluded from arguing to the jury that Dr. Vahdat erred in his interpretation of the claims, given that Emulex waited until after Dr. Vahdat testified to raise this issue with the Court.

September 29, 2011                                       WILMER CUTLER PICKERING
                                                                    HALE AND DORR LLP

                                                                    /s/ Jason H. Liss

BROADCOM'S OPP. TO EMULEX'S BENCH
MEMO. RE: BROADCOM'S IMPROPER
INTERPRETATION OF THE '500 PATENT

| | |
|---|---|
| 1 | Jason H. Liss |
| 2 | Attorneys for Plaintiff |
|   | Broadcom Corporation |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

*Broadcom Corporation v. Emulex Corporation*,
Case Nos. SACV09-1058 JVS (ANx) and SACV 10-03963-JVS (ANx)

## PROOF OF SERVICE

Fed. R. Civ. P. 5(b) & L.R. 5-3

I, Jason H. Liss, hereby certify that a copy of the foregoing *Broadcom's Opposition to Emulex's Bench Memorandum Regarding Broadcom's Improper Interpretation of the '500 Patent* was served upon the following parties as indicated below on this 29th day of September, 2011.

**For Emulex Corporation:**

| | |
|---|---|
| smg@jmbm.com<br>broadcom-emulex@fr.com<br>broadcomemulexservice@tklaw.com<br>(email addresses for service on Emulex per agreement of the parties) | ☐ Via Hand Delivery<br>☐ Via Overnight Courier (1 copy)<br>☐ Via Facsimile<br>☒ Via Electronic Mail (1 copy) |

I certify under penalty of perjury that the foregoing is true and correct.

/s/ Jason H. Liss
Jason H. Liss