Juanita R. Brooks (SBN 75934)
*brooks@fr.com*
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

*(Additional counsel listed on signature page)*

Attorneys for Defendant and Counterclaimant
EMULEX CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

(SOUTHERN DIVISION)

BROADCOM CORPORATION,

Plaintiff,

v.

EMULEX CORPORATION,

Defendant.

And Related Counterclaims

Case No. CV 09-1058-JVS (ANx)

consolidated with CV 10-3963 JVS (ANx)

**DEFENDANT EMULEX CORPORATION'S BENCH MEMORANDUM REGARDING JURY INSTRUCTIONS**

Trial Date: September 20, 2011
Place: Courtroom 10C
Before: Hon. James V. Selna

## I. INTRODUCTION

Defendant Emulex Corporation ("Emulex") respectfully submits the following proposed edits to the Court's current draft jury instructions, received on Thursday, September 29, 2011. For each instruction below, Emulex respectfully submits proposed edits to the current instruction, as well as an explanation for why Emulex believes those modifications are appropriate.

Emulex raised the following proposals with Broadcom on September 29, 2011. Emulex understands that Broadcom does not oppose the first request, but does oppose the remaining two.

## II. COURT'S JURY INSTRUCTION NO. 19A

### A. Unopposed Modification:

~~To prove direct infringement of a patent claim, the patent holder is not required to prove that the defendant intended to infringe, or that the defendant copied the patent. If every element in the claim in present in the accused product or process, it is not a defense to show that the accused product or process has additional features beyond what is claimed. Improving on a patent is not a defense to infringement. All that is required to prove infringement is that the defendant's product or process contains each and every element of the claim.~~

If a product sold by a defendant infringes, it is no defense the defendant purchased the product from another who made the infringing product or component of the product. Similarly, if a product sold by a defendant infringes, it is no defense

that the defendant was ignorant of the fact of infringement or ignorant of the actual design of the infringing product or component of the product.

**B. <u>Basis or Reason for Change:</u>**

Emulex respectfully submits that the first paragraph in Instruction 19A is duplicative of the Court's Instruction No. 18, as shown in the following chart:

| Current Instruction 19A | Current Instruction 18 |
|---|---|
| To prove direct infringement of a patent claim, the patent holder is not required to prove that the defendant intended to infringe, or that the defendant copied the patent | First, a person may be found to be a direct infringer of a patent even if he or she believes in good faith that what he or she is doing is not an infringement of any patent, and even if he or she does not even know of the patent.<br><br>Second, infringement does not require proof of copying; therefore, to prove infringement, Broadcom does not need to show that Emulex copied a Broadcom patent. |
| If every element in the claim in present in the accused product or process, it is not a defense to show that the accused product or process has additional features beyond what is claimed. Improving on a patent is not a defense to infringement. All that is required to prove infringement is that the defendant's product or process contains each and every element of the claim. | Third, if a product or system contains every claim element, it infringes the claim - even if the product or system also includes additional elements beyond those required by the claim, and even if the product or system infringes only some of the time. Such added elements are irrelevant to the analysis of infringement.<br><br>Fourth, if a product or system contains every claim element, it infringes the claim - even if the product or system constitutes an improvement on the claimed invention. Such improvements are irrelevant to the analysis of infringement. |

Emulex respectfully submits that it is unnecessary to instruct the jury multiple times on the same issues. Doing so may result in the jury placing undo weight on these particular instructions, to the exclusion of others. Emulex understands that Broadcom does not oppose this change.

## III. COURT'S JURY INSTRUCTION NO. 19B

### C. Proposed Modifications [additions shown in bold]:

A patent holder is not required to inform an alleged infringer prior to filing suit that he is infringing the patent holder's patent. Whether notice was given or not has no bearing on your determination whether the defendant has **literally** infringed. **Notice, however, is relevant for the purposes of determining whether there has been indirect infringement of any asserted patents.**

### D. Basis or Reason for Change:

Emulex respectfully submits that knowledge of the asserted patents is an issue for both types of indirect infringement, inducement and contributory infringement, as the Court's Instructions 23 & 24 already reflect. Broadcom has put on limited (if any) evidence on alleged direct infringement by others, and that evidence has included discussion of activities Emulex allegedly took before the filing of this suit. Because Emulex had no knowledge of the patents prior to the filing of this suit, it cannot have induced or contributed to infringement before that date. The currently-worded instruction may lead the jury to believe that knowledge of the patents is not

relevant for any type of infringement, when in fact it is relevant for indirect infringement. Emulex has therefore modified the instruction accordingly.

## IV. COURT'S JURY INSTRUCTION NO. 31A

**Proposed Modifications [additions shown in bold]:**

The patent law, and my instructions reflecting that law, apply to all companies, regardless of size. Similarly the patent law and the tests for infringement **and invalidity** are the same regardless of the **amount of money at issue, regardless of the** number of devices accused**, regardless of the number of patents or claims at issue,** and regardless of the extent to which defendant's products accused of infringing form a small part or a large part of the defendant's business. **This case is very important to both parties.** Of course, you should analyze each allegedly infringing product separately.

**Basis or Reason for Change:**

As Emulex has stated previously, there is a significant risk that the jury in this case may take lightly its decisions on infringement and validity because the amount of damages at issue is so small. Even worse, it is possible the jury may think that two corporations have wasted their time over a trivial dispute. A jury deliberating under that misimpression would be much less likely to devote the careful attention to the issues of infringement and invalidity that are warranted in a highly technical case such as this one.

Similarly, the jury may wrongly believe that simply because Broadcom has asserted claims from many patents against multiple Emulex products, or because Emulex is seeking to invalidate multiple patents, that somehow infringement or validity are more likely.

Emulex's proposed modifications make clear that the patent laws apply regardless of the amount of money at issue, and regardless of the number of asserted claims.

Dated: September 30, 2011

FISH & RICHARDSON P.C.

By: */s/ Jonathan J. Lamberson*
Jonathan J. Lamberson

Attorneys for Defendant and Counterclaimant
EMULEX CORPORATION

*Additional Counsel*

David M. Barkan (SBN 160825)
*barkan@fr.com*
Jonathan J. Lamberson (SBN 239107)
*lamberson@fr.com*
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, California 94063-1526
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Joseph V. Colaianni, Jr. (*pro hac vice*)
*colaianni@fr.com*
FISH & RICHARDSON P.C.
1425 K Street, N.W., 11th Floor
Washington, DC 20005
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Thomas H. Reger II (*pro hac vice*)
*reger@fr.com*
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone: (214) 747-5070
Facsimile: (214) 747-2091

Wasif H. Qureshi (*pro hac vice*)
*qureshi@fr.com*
FISH & RICHARDSON P.C
One Houston Center
1221 McKinney Street, 28th Floor
Houston, Texas 77010
Telephone: (713) 654-5300
Facsimile: (713) 652-0109

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on September 30, 2011 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civ. L.R. 5-3.3. Any other counsel of record will be served by U.S. mail or hand delivery.

By: */s/ Jonathan J. Lamberson*
Jonathan J. Lamberson

50779226.doc