1  WILLIAM F. LEE (admitted *pro hac vice*)
   (william.lee@wilmerhale.com)
2  DOMINIC E. MASSA (admitted *pro hac vice*)
   (dominic.massa@wilmerhale.com)
3  JOSEPH J. MUELLER (admitted *pro hac vice*)
   (joseph.mueller@wilmerhale.com)
4  WILMER CUTLER PICKERING
5  HALE AND DORR LLP
   60 State Street
6  Boston, MA  02109
   Telephone:  (617) 526-6000
7  Facsimile:   (617) 526-5000

8  Attorneys for Plaintiff and Counterclaim Defendant
   BROADCOM CORPORATION
9  (Additional Counsel Listed on Signature Page)

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

| | |
|---|---|
| **BROADCOM CORPORATION,**<br><br>**Plaintiff,**<br><br>v.<br><br>**EMULEX CORPORATION,**<br><br>**Defendant.**<br><br>**And Related Counterclaims** | CASE No. SACV09-1058 JVS (ANx)<br>consolidated SACV10-3963-JVS (ANx)<br><br>**BROADCOM'S BENCH MEMORANDUM REGARDING WILLFUL BLINDNESS INSTRUCTION**<br><br>Complaint Filed: September 14, 2009<br>Trial Date: September 20, 2011<br><br>Before Hon. James V. Selna |

Broadcom requests that the jury be given the following instruction on willful blindness, immediately following the Court's instructions on inducement, contributory infringement, and willfulness. The proposed instruction is opposed by Emulex.[1]

The text of Broadcom's proposed instruction is as follows:

> The element of knowledge can be proven through direct or circumstantial evidence of either actual knowledge or what is known as "willful blindness." A person can be said to be "willfully blind" as to a fact if it is shown that (1) the person subjectively believes that there is a high probability that the fact exists, and (2) the person takes deliberate action to avoid learning of that fact. A "willfully blind" person is one who takes deliberate actions to avoid confirming a high probability of wrongdoing and who can almost be said to have actually known the critical facts.

As the Supreme Court recently held, the doctrine of willful blindness can be used to show knowledge in circumstances where "persons who know enough to blind themselves to direct proof of critical facts in effect have actual knowledge of those facts." *Global-Tech Appliances, Inc. v. SEB SA*, 564 U.S. __, 131 S. Ct. 2060, 2069-2071 (2011).[2]

---

[1] Broadcom is considering two presently-disputed additional instructions for proposal to the Court, but will confer first with Emulex to determine whether these instructions, if amended, may be presented as joint instructions.

[2] The *Global-Tech* decision held that proof of willful blindness could be used to show actual knowledge of the patent. For the same reasons that the doctrine of willful blindness applies to inducement, it is applicable to proving the knowledge components of contributory infringement and willfulness.

BROADCOM'S BENCH MEMORANDUM
REGARDING WILLFUL BLINDNESS
INSTRUCTION

During this trial, Emulex has repeatedly argued that its infringement, if proven, cannot have been willful because Emulex does not know the details about the design of the SerDes modules in its own products.  But the proof at trial has shown unambiguously that even after it was sued, Emulex's senior management and engineers – who have more than a hundred patents of their own, and are sophisticated enough to know that infringement is determined by reading the asserted patents and comparing their claims to Emulex's accused product – studiously avoided reading Broadcom's asserted patents, and made a "conscious decision" not to ask Emulex's suppliers for the schematics of Emulex's accused products.  *See generally* Trial Tr. Day 6 at 51-63 (McCluney Cross).  Furthermore, today's cross-examination of Mr. Warren, Emulex's Senior Director of Engineering for ASICs, confirmed that (a) Emulex has previously requested and received confidential, proprietary information from its suppliers, such as LSI, under non-disclosure agreements; and (b) neither Mr. Warren nor anyone else at Emulex even attempted to obtain schematics from LSI or other suppliers using an NDA.

Any reasonable juror could conclude that Emulex's head-in-sand tactics were nothing more than an effort "to manufacture a claim of plausible deniability," *Global-Tech*, 131 S. Ct. at 2071.  The jury should be instructed that Emulex's "conscious decision" to blind itself to the critical facts about Broadcom's allegations are evidence of Emulex's actual knowledge of its own infringement.

Date: September 30, 2011

WILMER CUTLER PICKERING HALE AND DORR LLP

/s/ Gregory P. Teran
Gregory P. Teran

Attorneys for Plaintiff
BROADCOM CORPORATION

*Broadcom Corporation v. Emulex Corporation*,
Case Nos. SACV09-1058 JVS (ANx) and SACV 10-03963-JVS (ANx)

## PROOF OF SERVICE

Fed. R. Civ. P. 5(b) & L.R. 5-3

I, Jason H. Liss, hereby certify that a copy of the foregoing *Broadcom's Bench Memorandum Regarding Willful Blindness Instruction* was served upon the following parties as indicated below on this 30th day of September, 2011.

**For Emulex Corporation:**

| smg@jmbm.com | ☐ Via Hand Delivery |
| broadcom-emulex@fr.com | ☐ Via Overnight Courier (1 copy) |
| broadcomemulexservice@tklaw.com | ☐ Via Facsimile |
| (email addresses for service on Emulex per agreement of the parties) | ☒ Via Electronic Mail (1 copy) |

I certify under penalty of perjury that the foregoing is true and correct.

/s/ Jason H. Liss
Jason H. Liss