1  WILLIAM F. LEE
   (admitted *pro hac vice*)
2  (william.lee@wilmerhale.com)
   DOMINIC E. MASSA
3  (admitted *pro hac vice*)
   (dominic.massa@wilmerhale.com)
4  JOSEPH J. MUELLER
   (admitted *pro hac vice*)
5  (joseph.mueller@wilmerhale.com)
6  WILMER CUTLER PICKERING HALE AND DORR LLP
   60 State Street
7  Boston, MA  02109
   Telephone:  (617) 526-6000
8  Facsimile:   (617) 526-5000

9  Attorneys for Plaintiff
   BROADCOM CORPORATION
10

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **BROADCOM CORPORATION,**<br><br>Plaintiff,<br><br>v.<br><br>**EMULEX CORPORATION,**<br><br>Defendant.<br><br>**And Related Counterclaims** | CASE No.  SACV09-1058 JVS (ANx)<br>consolidated SACV 10-03963-JVS (ANx)<br><br>**PLAINTIFF BROADCOM CORPORATION'S OCTOBER 4 BENCH MEMORANDUM REGARDING JURY INSTRUCTIONS**<br><br>Before:        Hon. James V. Selna |

Broadcom submits this Bench Memorandum to propose several modifications to the Court's Final Instructions, all but one of which is undisputed.

### I. Unopposed Proposed Modifications To Court's Final Instructions

It is Broadcom's understanding that Emulex has no objection to the following proposed modifications.

***Court's Instruction No. 9.*** The instruction, which was jointly proposed and tracks the Ninth Circuit model, states that "[w]hen a person is unavailable to testify at trial, the deposition of that person may be used at the trial." The parties also agreed to a rule by which they could play depositions of witnesses who were technically "available" (within the subpoena power) if those witnesses were not going to testify live. Final Pretrial Order ¶ 16q. Broadcom suggests that Instruction 9 include a sentence stating that "<u>The parties also agreed to present the testimony of certain witnesses by deposition</u>."

***Court's Instruction No. 11.*** The instruction states that "Emulex denies that it infringes any of these patents under any theory, including willfulness, and denies that Broadcom has been damaged by Emulex's conduct." Because willfulness is not a theory of infringement, Broadcom suggests that this instruction be amended as follows:

> "Emulex denies that it infringes any of these patents under any theory,
> ~~including~~ <u>denies Broadcom's allegations of</u> willfulness, and denies that
> Broadcom has been damaged by Emulex's conduct."

***Court's Instruction No. 25.*** At line 4, "bases" should be "based."

***Court's Instructions 33 & 34.*** Broadcom proposes three modifications to the Court's Instructions 33 and 34.

<u>First</u>, the language "for the remainder of the patent term without any further expenditure" should be deleted from Instruction 33.

<u>Second</u>, 34 should be amended to include the following statement:

"For any asserted patent you find infringed and not invalid, your award of a reasonable royalty should be limited to that amount of money which would compensate Broadcom for infringement from the start of the damages period until the date of trial."

These changes are necessitated by the "lump sum" language in Instruction 33.

<u>Third</u>, Instruction 34 should be revised to reflect that only one claim (Claim 42) is being asserted from the '057 Patent.

***II. Disputed Proposed Modification To Court's Final Instructions***

Broadcom proposes the following addition to the "entire market value" portion of Instruction 33:

"In considering whether an "entire market value" royalty base is appropriate, you may consider whether the royalty base is tied to the smallest salable unit containing the claimed invention.".

It is Broadcom's understanding that Emulex objects to this proposed modification.

As the Federal Circuit has explained, "the base used in a running royalty calculation can always be the value of the entire commercial embodiment, as long as the magnitude of the rate is within an acceptable range (as determined by the evidence)." *Lucent Techs. v. Gateway Inc.*, 580 F.3d 1301, 1338 (Fed. Cir. 2009). While the Federal Circuit later cautioned that Lucent should not be read to "allow consideration of the entire market value of accused products for minor patent improvements simply by asserting a low enough royalty rate," *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F. 3d 1292, 1320 (Fed. Cir. 2011), it remains the law that "even when the patented invention is a small component of a much larger commercial product, awarding a reasonable royalty based on either sale price or number of units sold can be economically justified." *Lucent*, 580 F.3d at 1338.

1       Persuasive authority holds that tying the royalty base to the smallest salable
2  unit sold by the infringer is "economically justified," even where the patented
3  technology is only contained within a component of that unit.  Broadcom's
4  proposed amendment is supported by *Cornell University v. Hewlett-Packard Co.*,
5  609 F. Supp. 2d 279 (N.D.N.Y. 2009).  In *Cornell* the asserted patent covered a
6  method of conducting out-of-order instructions within the instruction reorder
7  buffer, which was one component (among many) of certain Hewlett-Packard
8  ("HP") computer processors.  *Id.* at 283.  HP sold these processors as stand-alone
9  products, and also combined them with temperature controllers, cache memory,
10 and a power converter to form "CPU bricks," which were then used in servers and
11 workstations.  *Id.*  Cornell sought damages using the entire market value of the
12 CPU bricks as the royalty base.  *Id.* at 283-85.  Chief Judge Rader of the Federal
13 Circuit, sitting by designation as the trial court, held that although Cornell failed to
14 show that using the entire market value of a CPU brick was appropriate, Cornell
15 could (and should) have sought damages on a royalty base consisting instead of the
16 "smallest salable patent-practicing unit" – which was, "[i]n the anatomy of a
17 Hewlett Packard server," the processor.  *Id.* at 283, 288 ("[t]he logical and readily
18 available alternative was the smallest salable infringing unit with close relation to
19 the claimed invention—namely the processor itself.")  Judge Rader granted JMOL
20 and awarded damages using the processor as the royalty base.  *Id.* at 293.[2]
21       In *Cornell*, even though the patented technology was embodied in a
22 component of the processor, the processor was the appropriate royalty base
23 because it was the "smallest salable patent-practicing unit" containing the
24 invention.  Here, as in *Cornell*, the evidence shows that the ASIC is the "smallest
25 salable patent-practicing unit."  The jury should therefore be instructed that
26 choosing a royalty base consistent with the "smallest salable patent-practicing
27 unit" is appropriate.
28

| | | |
|---|---|---|
| 1 | Dated: October 4, 2011 | WILMER CUTLER PICKERING HALE AND DORR LLP |
| 2 | | |
| 3 | | By:  /s/ Gregory P. Teran |
| | | Gregory P. Teran |
| 4 | | |
| 5 | | Attorneys for Plaintiff |
| | | BROADCOM CORPORATION |

4

BROADCOM'S OCTOBER 4 BENCH MEMORANDUM REGARDING JURY INSTRUCTIONS

*Broadcom Corporation v. Emulex Corporation*,
Case Nos. SACV09-1058 JVS (ANx) and SACV 10-03963-JVS (ANx)

## PROOF OF SERVICE

Fed. R. Civ. P. 5(b) & L.R. 5-3

I, Jason H. Liss, hereby certify that a copy of the foregoing *Broadcom's October 4 Bench Memorandum Regarding Jury Instructions* was served upon the following parties as indicated below on this 4th day of October, 2011.

**For Emulex Corporation:**

| | |
|---|---|
| smg@jmbm.com<br>broadcom-emulex@fr.com<br>broadcomemulexservice@tklaw.com<br>(email addresses for service on Emulex per agreement of the parties) | ☐ Via Hand Delivery<br>☐ Via Overnight Courier (1 copy)<br>☐ Via Facsimile<br>☒ Via Electronic Mail (1 copy) |

I certify under penalty of perjury that the foregoing is true and correct.

/s/ Jason H. Liss
Jason H. Liss