1  WILLIAM F. LEE
   (admitted *pro hac vice*)
2  (william.lee@wilmerhale.com)
   DOMINIC E. MASSA
3  (admitted *pro hac vice*)
   (dominic.massa@wilmerhale.com)
4  JOSEPH J. MUELLER
5  (admitted *pro hac vice*)
   (joseph.mueller@wilmerhale.com)
6  WILMER CUTLER PICKERING HALE AND DORR LLP
   60 State Street
7  Boston, MA  02109
   Telephone:  (617) 526-6000
8  Facsimile:   (617) 526-5000

9  Attorneys for Plaintiff
   BROADCOM CORPORATION
10

11              UNITED STATES DISTRICT COURT

12         CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

13

| 14  BROADCOM CORPORATION, | CASE No.  SACV09-1058 JVS (ANx) consolidated SACV 10-03963-JVS (ANx) |
|---|---|
| 15           Plaintiff, | **[PROPOSED] ORDER ON PLAINTIFF BROADCOM CORPORATION'S MOTION FOR JUDGMENT AS A MATTER OF LAW** |
| 16  v. | |
| 17  EMULEX CORPORATION, | |
| 18           Defendant. | Complaint Filed: September 14, 2009<br>Trial Date: September 20, 2011 |
| 19 | Before:   Hon. James V. Selna |
| 20 | |
| 21 | |
| 22  **And Related Counterclaims** | |

23
24
25
26
27
28

1   The Court, having considered Broadcom Corporation's ("Broadcom")
2   Motion for Judgment as a Matter of Law pursuant to Rule 50(a) of the Federal
3   Rules of Civil Procedure, and good cause appearing therefore;

**IT IS HEREBY ORDERED THAT** Broadcom's Motion For Judgment As A Matter of Law is granted.  The Court rules that:

1. Emulex infringes claim 1 of U.S. Patent No. 6,424,194 ("'194 Patent"), claim 5 of U.S. Patent No. 7,486,124 ("'124 Patent"), claim 42 of U.S. Patent No. 7,724,057 ("'057 Patent"), claim 8 of U.S. Patent No. 7,058,150 ("'150 Patent") literally, and infringes claim 3 of U.S. Patent No. 7,450, 500 ("'500 Patent") and claim 7 of U.S. Patent No. 7,471,691 ("'691 Patent") (collectively, hereinafter "asserted claims") both literally and under the doctrine of equivalents.

2. Emulex actively induces infringement of the asserted claims of the '194, '124, '057, '150, '500, and '691 patents, in violation 35 U.S.C. § 271(b).

3. Emulex contributes to infringement of the asserted claims of the '194, '124, '057, '150, '500, and '691 patents, in violation of 35 U.S.C. § 271(c).

4. Emulex's infringement of the asserted claims of the '194, '124, '057, '150, '500, and '691 patents has been willful.

5. The asserted claims of the '194, '124, '057, and '150 are not obvious.

**SO ORDERED.**

_____

1