WILLIAM F. LEE
(admitted *pro hac vice*)
(william.lee@wilmerhale.com)
DOMINIC E. MASSA
(admitted *pro hac vice*)
(dominic.massa@wilmerhale.com)
JOSEPH J. MUELLER
(admitted *pro hac vice*)
(joseph.mueller@wilmerhale.com)
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA  02109
Telephone:  (617) 526-6000
Facsimile:   (617) 526-5000

Attorneys for Plaintiff
BROADCOM CORPORATION

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| BROADCOM CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>EMULEX CORPORATION,<br><br>Defendant.<br><br>**And Related Counterclaims** | CASE No.  SACV09-1058 JVS (ANx)<br>consolidated SACV 10-03963-JVS (ANx)<br><br>**PLAINTIFF BROADCOM CORPORATION'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR JUDGMENT AS A MATTER OF LAW**<br><br>Complaint Filed: September 14, 2009<br>Trial Date: September 20, 2011<br><br>Before:      Hon. James V. Selna |

Pursuant to Rule 50(a) of the Federal Rules of Civil Procedure, Broadcom Corporation ("Broadcom") submits this Memorandum in support of its Motion For Judgment As A Matter of Law ("JMOL") against Emulex Corporation ("Emulex") on all issues tried in this case.[1]  JMOL is appropriate where "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue."  Fed. R. Civ. P. 50(a)(1).  "Judgment as a matter of law is appropriate when the evidence presented at trial permits only one reasonable conclusion." *Edgerly v. City and County of San Francisco*, 599 F.3d 946, 953 (9th Cir. 2010) (internal quotation marks and citation omitted).  In reviewing a JMOL motion, the Court must review the record, drawing all reasonable inferences in favor of the nonmoving party, and determine whether reasonable minds could come to but one conclusion in favor of the moving party.  *See E.E.O.C. v. Go Daddy Software, Inc.*, 581 F.3d 951, 961 (9th Cir. 2009).  Broadcom is entitled to Judgment as a Matter of Law on all the issues in the trial, including the following claims, defenses, and issues in contention:

1. Emulex infringes claim 1 of U.S. Patent No. 6,424,194 ("'194 Patent"), claim 5 of U.S. Patent No. 7,486,124 ("'124 Patent"), claim 42 of U.S. Patent No. 7,724,057 ("'057 Patent"), claim 8 of U.S. Patent No. 7,058,150 ("'150 Patent") literally, and infringes claim 3 of U.S. Patent No. 7,450, 500 ("'500 Patent") and claim 7 of U.S. Patent No. 7,471,691 ("'691 Patent") both literally and under the doctrine of equivalents.

2. Emulex actively induces infringement of the asserted claims of the '194, '124, '057, '150, '500, and '691 patents, in violation 35 U.S.C. § 271(b).

3. Emulex contributes to infringement of the asserted claims of the '194, '124, '057, '150, '500, and '691 patents, in violation of 35 U.S.C. §

---

[1] Broadcom will file separate briefing in support of JMOL of infringement of claim 8 of the '150 patent, and JMOL of no invalidity of claim 42 of the '057 patent.

271(c).

4. Emulex's infringement of the asserted claims of the '194, '124, '057, '150, '500, and '691 patents has been willful.

5. The asserted claims of the '194, '124, '057, and '150 patents are not obvious.

## I. Direct Infringement

The evidence of record at trial, including without limitation the testimony of percipient and expert witnesses as well as documents in evidence, shows that Broadcom has met its burden of proving that Emulex has literally infringed the asserted claims of the '194, '124, '057, and '150 patents, and has infringed the '500 and '691 patents both literally and under the doctrine of equivalents, and no reasonable jury could find otherwise.

## II. Inducement of Infringement

To prove inducement of infringement, a patentee must show that:

1. The defendant actively encouraged or instructed another person on how to use a product or perform a process in a way that infringes at least one patent claim;

2. The defendant knew of the patent at that time;

3. The defendant knew, or should have known, that the encouragement or instructions would result in infringement of at least one patent claim; and

4. The other person infringed at least that one patent claim.

*See, e.g., Broadcom v. Qualcomm*, 543 F.3d 683, 698 (Fed. Cir. 2008); *DSU Medical Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1304 (Fed. Cir. 2006) (en banc with respect to cited section).

The evidence of record at trial, including without limitation the testimony of percipient and expert witnesses as well as documents in evidence, shows that Broadcom has met its burden of proving that Emulex has induced infringement of

the asserted claims of the patents-in-suit, and no reasonable jury could find otherwise.

### III. Contributory Infringement

"A party is liable for contributory infringement if that party sells, or offers to sell, a material or apparatus for use in practicing a patented process. That material or apparatus must be a material part of the invention, have no substantial noninfringing uses, and be known (by the party) to be especially made or especially adapted for use in an infringement of such patent." *i4i Ltd. Partnership v. Microsoft Corp.*, 598 F.3d 831, 850-51 (Fed. Cir. 2010) (internal quotation marks and citation omitted).

The evidence of record at trial, including without limitation the testimony of percipient and expert witnesses, as well as documents in evidence, shows that Broadcom has met its burden of proving that Emulex has contributorily infringed the asserted claims of the '194, '124, '057, '150, '500, and '691 patents, and no reasonable jury could find otherwise.

### IV. Willful Infringement

To prove that a defendant's actions constitute willful infringement, the plaintiff must meet a two-part test. First, "a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (en banc). Second, the patentee must establish that "th[e] objectively-defined risk . . . was either known or so obvious that it should have been known to the accused infringer." *Id*. Willfulness is a question of fact that must be proven by clear and convincing evidence. *See Pall Corp. v. Micron Separations*, 66 F.3d 1211, 1221 (Fed. Cir. 1995).

The evidence of record at trial, including without limitation the testimony of percipient and expert witnesses as well as documents in evidence, shows that

Broadcom has met its burden of proving Emulex has willfully infringed the patents-in-suit, and no reasonable jury could find otherwise.

## V. Validity

Because a patent is presumed valid, a defendant must prove by clear and convincing evidence that each of the asserted patent claims is invalid. *Enzo Biochem, Inc. v. Applera Corp.*, 599 F.3d 1325, 1331 (Fed. Cir. 2010). A claim is invalid as obvious if "the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art." 35 U.S.C. § 103(a); *see also KSR Int'l Inc. v. Teleflex Inc.*, 550 U.S. 398, 415-17 (2006).

The evidence of record at trial, including without limitation the testimony of percipient and expert witnesses as well as documents in evidence, shows that Emulex has failed to meet its burden of proof on its claims that the '194, '124, '057, and '150 patents were obvious. Emulex conceded during trial that the '194, '124, '057, and '150 patents were not anticipated, and raised no other invalidity argument. For each patent, Broadcom is entitled to judgment as a matter of law in its favor on Emulex's invalidity defense.

Dated: October 4, 2011              WILMER CUTLER PICKERING
                                    HALE AND DORR LLP

                                    By:   /s/ Jason H. Liss
                                          Jason H. Liss

                                    Attorneys for Plaintiff
                                    BROADCOM CORPORATION

*Broadcom Corporation v. Emulex Corporation*,
Case Nos. SACV09-1058 JVS (ANx) and SACV 10-03963-JVS (ANx)

# PROOF OF SERVICE

Fed. R. Civ. P. 5(b) & L.R. 5-3

I, Jason H. Liss, hereby certify that a copy of the foregoing *Broadcom's Memorandum in Support of its Motion for Judgment as a Matter of Law* was served upon the following parties as indicated below on this 4th day of October, 2011.

**For Emulex Corporation:**

| | |
|---|---|
| smg@jmbm.com<br>broadcom-emulex@fr.com<br>broadcomemulexservice@tklaw.com<br>(email addresses for service on Emulex per agreement of the parties) | ☐ Via Hand Delivery<br>☐ Via Overnight Courier (1 copy)<br>☐ Via Facsimile<br>☒ Via Electronic Mail (1 copy) |

I certify under penalty of perjury that the foregoing is true and correct.

/s/ Jason H. Liss
Jason H. Liss

PLAINTIFF BROADCOM CORPORATION'S
MEMORANDUM IN SUPPORT OF ITS MOTION
FOR JUDGMENT AS A MATTER OF LAW
5

ACTIVEUS 90781050v1