WILLIAM F. LEE
(admitted *pro hac vice*)
(william.lee@wilmerhale.com)
DOMINIC E. MASSA
(admitted *pro hac vice*)
(dominic.massa@wilmerhale.com)
JOSEPH J. MUELLER
(admitted *pro hac vice*)
(joseph.mueller@wilmerhale.com)
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA  02109
Telephone:  (617) 526-6000
Facsimile:   (617) 526-5000

Attorneys for Plaintiff
BROADCOM CORPORATION

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BROADCOM CORPORATION,**<br><br>**Plaintiff,**<br><br>v.<br><br>**EMULEX CORPORATION,**<br><br>**Defendant.**<br><br>**And Related Counterclaims** | CASE No.  SACV09-1058 JVS (ANx)<br>consolidated SACV 10-03963-JVS (ANx)<br><br>**PLAINTIFF BROADCOM CORPORATION'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR JUDGMENT AS A MATTER OF LAW OF INFRINGEMENT OF CLAIM 8 OF THE '150 PATENT**<br><br>Before:         Hon. James V. Selna |

1    Pursuant to Rule 50(a) of the Federal Rules of Civil Procedure, Broadcom

2    Corporation ("Broadcom") submits this Memorandum in support of its Motion For

3    Judgment As A Matter Of Law ("JMOL") of infringement of claim 8 of U.S.

4    Patent No. 7,058,150 (the "'150 patent").  "Judgment as a matter of law is

5    appropriate when the evidence presented at trial permits only one reasonable

6    conclusion."  *Edgerly v. City and County of San Francisco*, 599 F.3d 946, 953 (9th

7    Cir. 2010) (internal quotation marks and citation omitted).  In reviewing a JMOL

8    motion, the Court must review the record, drawing all reasonable inferences in

9    favor of the nonmoving party, and determine whether reasonable minds could

10   come to but one conclusion in favor of the moving party.  *See E.E.O.C. v. Go*

11   *Daddy Software, Inc.*, 581 F.3d 951, 961 (9th Cir. 2009).

12    Trial in this matter has demonstrated that there are no issues of disputed fact

13   regarding Emulex's infringement of claim 8.  The only remaining issue is a purely

14   legal one, whether Emulex's admission that each and every accused device meets

15   all of the elements of claim 8 *some of the time* requires a finding of  infringement.

16   There are simply no factual disputes for the jury to resolve regarding Emulex's

17   infringement of claim 8, necessitating entry of judgment as a matter of law in

18   Broadcom's favor.

19   **EMULEX'S ADMITS THAT IT INFRINGES AT LEAST SOME OF**

20   **THE TIME**

21    The evidence of Emulex's infringement is straightforward:  Emulex

22   admitted that the SOC 442, BE3, Lancer, and BE2 meet all of the limitations of

23   claim 8 of the '150 patent at least some of the time.  (*See* Tr. Day 8 at 92:4-13.)

24   Emulex's expert, Dr. Nikolic, emphasized to the jury that Emulex's non-

25   infringement defense was focused on his opinion that the accused devices do not

26   "reduce the frequency offset" as required by claim 8.  (*See* Tr. Day 7 at 155:25-

27   156:10.)

28

1

**BROADCOM'S MEMORANDUM IN SUPPORT OF**
**MOTION FOR JMOL OF INFRINGEMENT**
**OF CLAIM 8 OF THE '150 PATENT**

1    Although Dr. Nikolic claimed to be offering a non-infringement opinion, he

2    admitted that the SOC 442, the BE3, the Lancer, and the BE2, in fact, "reduce the

3    frequency offset" at least some of the time.

4
> Q.    So under your interpretation of frequency offset in the
5    bottom part of the animation, each and every accused device
>    operates in the manner in which the frequency offset is reduced;
6    correct?

7
> A.    Sometimes it will operate. It does not implement an
8    algorithm that always reduces that frequency offset.

9
> Q.    But, *in fact, in operation of each and every accused*
10   *device it will occur that the frequency offset is reduced*;
>    correct?

11

12
> A.    *That is correct*.

13

14   (Tr. Day 8 at 92:4-13.)  Emulex's counsel similarly conceded to the Court that the

15   accused products meet the only disputed limitation at least sometimes.  (*See* Tr.

16   Day 7 at 58:23-25 ("MR. BARKAN:  What he's going to contend is that there is

17   rotation but not so as to reduce the frequency offset.  Sometimes it's reduced;

18   sometimes it's increased.").)

19      It is black letter law, however, that there is no such thing as part-time

20   infringement.  *See Bell Communications Research, Inc. v. Vitalink*

21   *Communications Corp.*, 55 F.3d 615, 623 (Fed. Cir. 1995) (holding that part-time

22   infringement is nonetheless infringement); *SunTiger, Inc. v. Sci. Res. Funding*

23   *Group*, 189 F.3d 1327, 1336 (Fed. Cir. 1999) ("If a claim reads merely on a part of

24   an accused device, that is enough for infringement."); *see also Paper Converting*

25   *Mach. Co. v. Magna-Graphics Corp.*, 745 F.2d 11, 20 (Fed. Cir. 1984) (stating that

26   "imperfect practice of an invention does not avoid infringement.")  In fact, the

27   Court will instruct the jury that "if a product or system contains every claim

28   element, it infringes the claim - even if the product or system also includes

**BROADCOM'S MEMORANDUM IN SUPPORT OF
MOTION FOR JMOL OF INFRINGEMENT
OF CLAIM 8 OF THE '150 PATENT**

1 additional elements beyond those required by the claim, ***and even if the product or***

2 ***system infringes only some of the time***." (*See* Court's Jury Instruction No. 18.)

3      Emulex's admission that each and every one of its accused devices infringe

4 at least some of the time, requires entry of judgment infringement as a matter of

5 law.

6

7

8 Dated: October 4, 2011                WILMER CUTLER PICKERING
                                         HALE AND DORR LLP

9

10                                    By:   /s/ Jason H. Liss
                                          Jason H. Liss

11

12                                           Attorneys for Plaintiff
                                          BROADCOM CORPORATION

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                              **BROADCOM'S MEMORANDUM IN SUPPORT OF**
3                 **MOTION FOR JMOL OF INFRINGEMENT**
                                              **OF CLAIM 8 OF THE '150 PATENT**

*Broadcom Corporation v. Emulex Corporation*,
Case Nos.  SACV09-1058 JVS (ANx) and SACV 10-03963-JVS (ANx)

## PROOF OF SERVICE

Fed. R. Civ. P. 5(b) & L.R. 5-3

I, Jason H. Liss, hereby certify that a copy of the foregoing *Broadcom's Memorandum in Support of its Motion for Judgment as a Matter of Law of Infringement of Claim 8 of the '150 Patent* was served upon the following parties as indicated below on this 4th day of October, 2011.

**For Emulex Corporation:**

| | |
|---|---|
| smg@jmbm.com | ☐ Via Hand Delivery |
| broadcom-emulex@fr.com | ☐ Via Overnight Courier (1 copy) |
| broadcomemulexservice@tklaw.com | ☐ Via Facsimile |
| (email addresses for service on Emulex | ☒ Via Electronic Mail (1 copy) |
| per agreement of the parties) | |

I certify under penalty of perjury that the foregoing is true and correct.

/s/ Jason H. Liss
Jason H. Liss

**BROADCOM'S MEMORANDUM IN SUPPORT OF MOTION FOR JMOL OF INFRINGEMENT OF CLAIM 8 OF THE '150 PATENT**

ACTIVEUS 90760259v3