1  WILLIAM F. LEE
   (admitted *pro hac vice*)
2  (william.lee@wilmerhale.com)
   DOMINIC E. MASSA
3  (admitted *pro hac vice*)
   (dominic.massa@wilmerhale.com)
4  JOSEPH J. MUELLER
   (admitted *pro hac vice*)
5  (joseph.mueller@wilmerhale.com)
6  WILMER CUTLER PICKERING HALE AND DORR LLP
   60 State Street
7  Boston, MA  02109
   Telephone:  (617) 526-6000
8  Facsimile:   (617) 526-5000

9  Attorneys for Plaintiff
   BROADCOM CORPORATION
10

11

12          **UNITED STATES DISTRICT COURT**

13          **CENTRAL DISTRICT OF CALIFORNIA**

14

15 **BROADCOM CORPORATION,**          CASE No.  SACV09-1058 JVS (ANx)
                                      consolidated SACV 10-03963-JVS (ANx)
16              **Plaintiff,**
                                      **PLAINTIFF BROADCOM**
17        **v.**                      **CORPORATION'S MEMORANDUM**
                                      **IN SUPPORT OF ITS MOTION FOR**
18 **EMULEX CORPORATION,**            **JUDGMENT AS A MATTER OF LAW**
                                      **OF NO INVALIDITY OF CLAIM 42**
19              **Defendant.**        **OF THE '057 PATENT**
20
                                      Before:          Hon. James V. Selna
21

22

23 **And Related Counterclaims**

24

25

26

27

28

1    Broadcom respectfully submits this memorandum in support of its motion

2  for judgment as a matter of law that claim 42 of Broadcom's U.S. Patent No.

3  7,724,057 (the "'057 patent") is not invalid.  During its case, Emulex offered no

4  evidence that any prior art reference or combination of references discloses the

5  "second stage" deserializer limitation specific to claim 42 of the '057 patent.

6    Judgment as a matter of law is appropriate when "the evidence, construed in

7  the light most favorable to the nonmoving party, permits only one reasonable

8  conclusion."  *Geo. M. Martin Co. v. Alliance Machine Sys. Int'l LLC*, 618 F.3d

9  1294, 1300 (Fed. Cir. 2010) (applying Ninth Circuit law and quoting *White v. Ford*

10  *Motor Co.*, 312 F.3d 998, 1010 (9th Cir. 2002)).

11    Emulex has the burden of proving invalidity, including obviousness, by clear

12  and convincing evidence.  *Microsoft Corp. v. i4i Limited P'ship*, 131 S. Ct. 2238,

13  2243 (2011).  As a threshold matter, for Emulex to prove that a patent claim is

14  obvious based on a combination of prior art references, Emulex must establish that

15  the references—at the very least—disclose all elements of the claim.  *See, e.g.*,

16  *Velander v. Garner*, 348 F.3d 1359, 1363 (Fed. Cir. 2003) (prerequisite for

17  conclusion of obviousness is that "all the elements of an invention are found in a

18  combination of prior art references"); *CFMT, Inc. v. Yieldup Intern. Corp.*, 349

19  F.3d 1333 (Fed. Cir. 2003) ("obviousness requires a suggestion of all limitations in

20  a claim") (citing *In re Gulack*, 703 F.2d 1381, 1385 n.9 (Fed. Cir. 1983)).  An

21  expert must perform a limitation-by-limitation analysis that provides a "plausible

22  rational[e] as to why the prior art references would have worked together to render

23  the [asserted claims] obvious."  *Power-One, Inc. v. Artesyn Techs., Inc.*, 599 F.3d

24  1343, 1352 (Fed. Cir. 2010); *see also* Order Granting Broadcom's Motion for

25  Partial Summary Judgment of No Invalidity of the '691 and '500 Patents, Dkt. No.

26  715, at 6-7.

27

28

**BROADCOM'S MEMORANDUM IN SUPPORT OF
MOTION FOR JMOL OF NO INVALIDITY OF
CLAIM 42 OF THE '057 PATENT**

1    Claim 42, reproduced below, contains the following elements:

2    42.    The apparatus of claim 37 [An apparatus, comprising:

3           a first stage for deserializing a differential serialized signal

4                  thereby generating a first deserialized signal that includes

5                  a first plurality of signals, wherein the first stage includes

6                  a current-controlled complementary metal-oxide

7                  semiconductor ($C^3MOS$) circuit having a first metal-

8                  oxide semiconductor (MOS) transistor with a first drain,

9                  a first gate, and a first source and a second MOS

10                 transistor with a second drain, a second gate, and a

11                 second source, wherein:

12          a current steering circuit within the $C^3MOS$ circuit includes the

13                 first source and the second source;

14          the first source and the second source are coupled together and

15                 to a current source; and

16          the first drain and the second drain are coupled to a power

17                 supply; and

18          a _**second stage**_, coupled to the first stage, _**for processing the**_

19                 _**first deserialized signal thereby generating a second**_

20                 _**deserialized signal**_ that includes a second plurality of

21                 signals]

22          wherein:

23          the _**second stage is implemented using conventional metal-**_

24                 _**oxide-semiconductor (CMOS) logic**_.

25   JX-0006 ('057 patent), col.12 ll.61-col.13 ll.13, col.13 ll.29-32 (emphases added).

26          As explained in Broadcom's previously filed opposition to Emulex's motion

27   for summary judgment of invalidity, claim 42 requires a two-stage deserializer:

28

**BROADCOM'S MEMORANDUM IN SUPPORT OF
MOTION FOR JMOL OF NO INVALIDITY OF
CLAIM 42 OF THE '057 PATENT**

1    there must be a "first stage" that generates a "deserialized signal" coupled to a

2    "second stage" that further processes the deserialized signal to generate a "second

3    deserialized signal." (*See* Plaintiff Broadcom Corporation's Opposition to

4    Defendant Emulex's Motion for Summary Judgment of Invalidity of Claim 1 of

5    '194 Patent, Claim 5 of '124 Patent, and Claim 42 of '057 Patent, Dkt. No. 468, at

6    18-20.) Emulex's noninfringement expert, Dr. Nikolic, himself conceded that

7    "Claim 42 is a claim that covers two deserializers." (Trial Transcript Day 8, at

8    166:3-5.) Thus, to render claim 42 obvious, at least one of the prior art references

9    on which Emulex relies must disclose a two-stage deserializer.

10       No two-stage deserializer appears in either of the two references on which

11   Emulex relies. The Pace patent (JX0273) does not disclose any deserializer at all,

12   as Emulex's validity expert Dr. Wooley himself admitted. (*See* Trial Transcript

13   Day 7, at 37:22-24 (agreeing that "[t]here is no mention of a deserializer anywhere

14   in Pace"). Likewise, the Pickering patent (JX0215) discloses only a single stage of

15   deserialization, followed by "further processing using standard logic"— not a any

16   second stage generating a second deserialized signal. (*See also* Order Denying

17   Motion for Summary Judgment of Invalidity of the Asserted Claims of the '194,

18   '124, and '057 Patents, Dkt. No. 720, at 9 ("[I]t is not clear that Pickering's

19   disclosure of 'further processing using standard logic' is equivalent to a second

20   stage in the deserialization process.").)

21       During its case, Emulex presented the testimony of only one witness, Dr.

22   Wooley, on the issue of the validity of the asserted SerDes patent claims, including

23   claim 42. Dr. Wooley's obviousness opinions as to all asserted claims were based

24   on two references—Pickering and Pace. But Dr. Wooley provided no testimony

25   whatsoever that either Pace or Pickering discloses a "second stage . . . for

26   processing the first deserialized signal thereby generating a second deserialized

27   signal." The entirety of Dr. Wooley's testimony on the "second stage" limitation

28

**BROADCOM'S MEMORANDUM IN SUPPORT OF MOTION FOR JMOL OF NO INVALIDITY OF CLAIM 42 OF THE '057 PATENT**

1    of claim 42 is this:

2            Again, here this is that you're going to take the output of the

3        deserializer, which is at a lower frequency and process it and generate

4        some other kind of signal and that's referred to here. You can de-

5        multiplex the higher speed signals that have been de-multiplexed or

6        deserialized or produced and then parallel it the output rate and that is

7        output at CMOS level so it can be further processed using CMOS

8        logic and that further processing might be any number of things.

9            It could include more stages of deserialization, it could include

10        processing it, multiplying it or adding it to someone to do a filtering

11        job or some functions.

12            There are a lot of things you can think of -- of doing with that

13        or it can be filtered, you know, with a digital filter, but there is some

14        processing and that processing there stays at the -- at the lower rate, so

15        it's a signal that's still -- would be deserialized from the input signal.

16    (Trial Transcript Day 6, at 176:3-20.)

17        At no point in Dr. Wooley's testimony did he state that the "further

18    processing" disclosed in Pickering would result in any "second deserialized

19    signal." Rather, he concluded only that "[t]here are a lot of things you can think of

20    . . . doing with [the signal]." (*Id.* at 176:15-16.) Although he remarked that this

21    "could include more stages of deserialization," he did not give the opinion that a

22    person of ordinary skill in the art would have found it obvious to modify

23    Pickering's disclosure of general "further processing" to result in a second stage of

24    deserialization. (*Id.* at 176:12-15.) Nor did he give the opinion that a person of

25    ordinary skill in the art would have found it obvious to perform that further

26    deserialization in CMOS.

27        The absence of testimony from Dr. Wooley regarding the presence of a two-

28

BROADCOM'S MEMORANDUM IN SUPPORT OF
MOTION FOR JMOL OF NO INVALIDITY OF
CLAIM 42 OF THE '057 PATENT

1   stage deserializer in Pickering is unsurprising, because his expert report contains

2   no disclosure of any such opinion.  In his report, Dr. Wooley failed to address the

3   fact that claim 42—unlike the other asserted claims—requires a two-stage

4   deserializer.  The only attempt that Dr. Wooley made to address the limitation of

5   claim 42 requiring "a second stage . . . generating a second deserialized signal"

6   was this: "See analysis of element (4) of claim 1 of the '194 patent, above at

7   Paragraphs 104-107."  (Ex. E, Wooley Report ¶ 129.)  But the cross-referenced

8   paragraphs address claim 1 of the '194 patent, and that claim, unlike claim 42 of

9   the '057 patent, does ***not*** require a two-stage deserializer.  Nowhere in the cross-

10  referenced paragraphs did Dr. Wooley identify any part of the Pickering reference

11  that discloses a two-stage deserializer.  (*Id.* ¶¶ 104-107.)

12          Emulex therefore has not presented evidence that either Pace or Pickering

13  (or the combination of the two) discloses a two-stage deserializer.  Thus, because

14  Emulex has not established a "plausible rational[e] as to why" Pace and Pickering

15  would have would have worked together to render claim 42 obvious, Broadcom is

16  entitled to judgment as a matter of law of nonobviousness.  Because there is

17  insufficient evidence to submit this issue to the jury for findings of fact or an

18  advisory verdict, Broadcom requests that the Court enter pre-verdict judgment as a

19  matter of law that claim 42 of the '057 patent is not obvious.

20  Dated: October 4, 2011              WILMER CUTLER PICKERING
21                                       HALE AND DORR LLP

22                                       By:   /s/ Louis W. Tompros
23                                             Louis W. Tompros

24                                       Attorneys for Plaintiff
25                                       BROADCOM CORPORATION

26

27

28

**BROADCOM'S MEMORANDUM IN SUPPORT OF MOTION FOR JMOL OF NO INVALIDITY OF CLAIM 42 OF THE '057 PATENT**

*Broadcom Corporation v. Emulex Corporation*,
Case Nos.  SACV09-1058 JVS (ANx) and SACV 10-03963-JVS (ANx)

## PROOF OF SERVICE

Fed. R. Civ. P. 5(b) & L.R. 5-3

I, Jason H. Liss, hereby certify that a copy of the foregoing *Broadcom's Memorandum in Support of its Motion for Judgment as a Matter of Law of No Invalidity of Claim 42 of the '057 Patent* was served upon the following parties as indicated below on this 4th day of October, 2011.

**For Emulex Corporation:**

| | |
|---|---|
| smg@jmbm.com | ☐ Via Hand Delivery |
| broadcom-emulex@fr.com | ☐ Via Overnight Courier (1 copy) |
| broadcomemulexservice@tklaw.com | ☐ Via Facsimile |
| (email addresses for service on Emulex per agreement of the parties) | ☒ Via Electronic Mail (1 copy) |

I certify under penalty of perjury that the foregoing is true and correct.

/s/ Jason H. Liss
Jason H. Liss

BROADCOM'S MEMORANDUM IN SUPPORT OF
MOTION FOR JMOL OF NO INVALIDITY OF
CLAIM 42 OF THE '057 PATENT

ACTIVEUS 90748102v2