WILLIAM F. LEE
(admitted *pro hac vice*)
(william.lee@wilmerhale.com)
DOMINIC E. MASSA
(admitted *pro hac vice*)
(dominic.massa@wilmerhale.com)
JOSEPH J. MUELLER
(admitted *pro hac vice*)
(joseph.mueller@wilmerhale.com)
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

Attorneys for Plaintiff
BROADCOM CORPORATION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BROADCOM CORPORATION,**<br><br>Plaintiff,<br><br>v.<br><br>**EMULEX CORPORATION,**<br><br>Defendant.<br><br>**And Related Counterclaims** | CASE No. SACV09-1058 JVS (ANx)<br>consolidated SACV 10-03963-JVS (ANx)<br><br>**PLAINTIFF BROADCOM CORPORATION'S OCTOBER 5 BENCH MEMORANDUM REGARDING JURY INSTRUCTIONS**<br><br>Before: Hon. James V. Selna |

Broadcom submits the following table to summarize its understanding of the parties' proposed modifications to the Court's Final Instructions.

Broadcom has decided not go forward to the jury with its claims of inducement and contributory infringement. Proposals 11.2, 17.1, 22.1, 23.1, 24.1 reflect this change.

| Court's Instruction | Change No.[1] | Proposed Change[2] | Agreed?[3] |
|---|---|---|---|
| 4 | 4.1 | (Broadcom proposal)<br><br>"Some evidence ~~may be~~ <u>has been</u> admitted for a limited purpose only. <u>For example, certain evidence was received for the limited purpose of showing state of mind but not for the truth of any matters asserted. Other evidence was received only for its relevance to the issue of damages.</u> When I instruct<u>ed</u> you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other. | U |

---

[1] To assist in the charge conference Broadcom has numbered its proposed changes based on the Court's Instruction to which it refers.

[2] Proposed deletions to existing language in the Court's Instructions are indicated in ~~strikethrough~~. Proposed additions are <u>underlined</u>.

[3] Broadcom has communicated all of its proposed modifications to Emulex. Where Emulex has indicated agreement, a "Y" is indicated. Where Emulex has objected, an "N" is indicated. "U" indicates that Emulex's position was unknown to Broadcom at the time of filing.

| Court's Instruction | Change No.[1] | Proposed Change[2] | Agreed?[3] |
|---|---|---|---|
| 9 | 9.1 | (Broadcom proposal) "Certain deposition testimony has been shown or read to you. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial. <u>The parties also agreed that the testimony of certain witnesses could be presented by deposition.</u> A deposition is the sworn testimony of a witness taken before trial." | Y |
| 11 | 11.1 | (Broadcom proposal) "Emulex denies that it infringes any of these patents under any theory, ~~including~~ <u>denies Broadcom's allegations</u> of willfulness, and denies that Broadcom has been damaged by Emulex's conduct. | Y |
| 11 | 11.2 | (Broadcom proposal) Broadcom alleges that Emulex literally infringes~~, contributes to the infringement of, and induces others to infringe~~ claim 1 of the '194 patent, claim 5 of the '124 Patent, claim 42 of the '057 Patent, claim 8 of the '150 Patent, claim 3 of the '500 Patent, and claim 7 of the '691 Patent. | U |

| Court's Instruction | Change No.[1] | Proposed Change[2] | Agreed?[3] |
|---|---|---|---|
| 17 | 17.1 | (Broadcom proposal)<br><br>(Replace existing instruction with the following):<br><br><u>I will now instruct you how to decide whether or not Emulex has infringed the asserted patents.</u><br><br><u>Infringement is assessed on a claim-by-claim basis. Therefore, there may be infringement as to one claim but not infringement as to another. You must consider each claim individually.</u><br><br><u>In this case, Broadcom alleges direct infringement, either literal or under the doctrine of equivalents. Broadcom must prove the requirements for infringement by a preponderance of the evidence, i.e., that it is more likely than not that all of the requirements for infringement have been proved.</u> | U |
| 22 | 22.1 | (Broadcom proposal)<br>Delete Instruction | U |
| 23 | 23.1 | (Broadcom proposal)<br>Delete Instruction | U |
| 24 | 24.1 | (Broadcom proposal)<br>Delete Instruction | U |
| 25 | 25.1 | (Broadcom proposal)<br><br>"Broadcom's claim is ~~bases~~ based exclusively on Emulex conduct which occurred after the filing of this action. | Y |

| Court's Instruction | Change No.[1] | Proposed Change[2] | Agreed?[3] |
|---|---|---|---|
| 31B | 31B.1 | (Broadcom proposal)<br><br>"You are not to concern yourself and not to draw any unfavorable inference against Broadcom because it has sued or not ~~sue~~ <u>sued</u> others for the patents in issue in this case. | U |
| 33 | 33.1 | (Broadcom proposal)<br><br>In a lump sum royalty agreement, the licensee may pay the entire royalty amount up front or in installments; in exchange, the licensee is granted a license to use the patented technology ~~for the remainder of the patent term without any further expenditure~~. | Y |
| 33 | 33.2 | (Broadcom proposal)<br><br>In some instances, Broadcom has claimed the sales for an entire product as the basis for a reasonable royalty, even though Broadcom's patent does not cover the entire product. This approach is called the "entire market value' rule. The entire market value rule allows a patentee to assess damages based on the entire market value of the accused product where the patented feature creates the basis for customer demand or substantially creates the value of the component parts. <u>In considering whether **the royalty base has been correctly apportioned**, you may consider whether the royalty base is tied to the smallest salable unit containing the claimed invention.</u>[4] | N |

---

[4] The bolded language differs from Broadcom's proposal submitted in its October 4 Bench Memorandum.

| Court's Instruction | Change No.[1] | Proposed Change[2] | Agreed?[3] |
|---|---|---|---|
| 34 | 34.1 | (Broadcom proposal)<br><br>If you find that Emulex infringed any of the asserted claims of the '194, '124, <u>or</u> '150~~, or '691~~ patents, then Broadcom is entitled to recover damages for that infringement beginning September 14, 2009. If you find that Emulex infringed ~~either of the asserted claims of~~ the '057 patent, then Broadcom is entitled to recover damages for that infringement beginning May 26, 2010. <u>If you find that Emulex infringed the '691 patent, then Broadcom is entitled to recover damages for that infringement beginning December 30, 2008.</u> If you find that Emulex infringed claim 3 of the '500 patent, then Broadcom is entitled to recover damages for that infringement beginning November 11, 2008. <u>For any asserted patent you find infringed and not invalid, your award of a reasonable royalty should be limited to that amount of money which would compensate Broadcom for infringement from the start of the damages period until the date of trial.</u> | Y |

Furthermore, with respect to the Court's proposed Instruction provided to the parties on October 4 concerning the dates of infringement contentions, Broadcom proposes the following modifications to the introductory text to the

instruction and the format of the table.[5]

In assessing any actions taken or not taken by Emulex in response to Broadcom's claims of <u>willful</u> infringement, you should take into account the date Broadcom first <u>provided infringement contentions asserting</u> ~~asserted~~ that a given product infringed a given patent.  The following table summarizes when Broadcom first <u>provided infringement contentions for</u> ~~asserted~~ the claims of infringement in issue here against the allegedly infringing products:

| Patent | Emulex Product | First Date of ~~Assertion of~~ <u>Infringement Contention</u> |
|---|---|---|
| | | |

Dated: October 5, 2011

WILMER CUTLER PICKERING
HALE AND DORR LLP

By:  /s/ Gregory P. Teran
     Gregory P. Teran

Attorneys for Plaintiff
BROADCOM CORPORATION

---

[5] Broadcom has provided Emulex with this proposed modification.  It is unknown whether Emulex objects.

**BROADCOM'S OCTOBER 5 BENCH MEMORANDUM REGARDING JURY INSTRUCTIONS**

*Broadcom Corporation v. Emulex Corporation*,
Case Nos. SACV09-1058 JVS (ANx) and SACV 10-03963-JVS (ANx)

## PROOF OF SERVICE

Fed. R. Civ. P. 5(b) & L.R. 5-3

I, Jason H. Liss, hereby certify that a copy of the foregoing *Broadcom's October 5 Bench Memorandum Regarding Jury Instructions* was served upon the following parties as indicated below on this 5th day of October, 2011.

**For Emulex Corporation:**

| | |
|---|---|
| smg@jmbm.com<br>broadcom-emulex@fr.com<br>broadcomemulexservice@tklaw.com<br>(email addresses for service on Emulex per agreement of the parties) | ☐ Via Hand Delivery<br>☐ Via Overnight Courier (1 copy)<br>☐ Via Facsimile<br>☒ Via Electronic Mail (1 copy) |

I certify under penalty of perjury that the foregoing is true and correct.

/s/ Jason H. Liss
Jason H. Liss