Juanita R. Brooks (SBN 75934)
  brooks@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone:  (858) 678-5070
Facsimile:  (858) 678-5099

*(Additional counsel listed on signature page)*

Attorneys for Defendant and Counterclaimant
EMULEX CORPORATION

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### (SOUTHERN DIVISION)

| | |
|---|---|
| BROADCOM CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>EMULEX CORPORATION,<br><br>    Defendant. | Case No. CV 09-1058-JVS (ANx)<br><br>consolidated with CV 10-3963 JVS (ANx)<br><br>**EMULEX CORPORATION'S MEMORANDUM IN OPPOSITION TO BROADCOM'S MOTION FOR JUDGMENT AS A MATTER OF LAW OF NO INVALIDITY OF CLAIM 42 OF THE '057 PATENT** |
| And Related Counterclaims | Trial Date:    September 20, 2011<br>Place:    Courtroom 10C<br>Before:    Hon. James V. Selna |

## I.        Response

Broadcom's motion for judgment as a matter of law that claim 42 of U.S.

Patent No. 7,724,057 (the "'057 patent") is not invalid is not supported by the trial

record.  Emulex provided more than enough testimony and other record evidence to

support a "reasonable conclusion" by the jury that claim 42 is obvious.

Furthermore, Broadcom's JMOL motion amounts to an eleventh-hour claim

construction designed to protect its broadest $C^3MOS$ claim from an obviousness

verdict.

A patent is invalid as obvious "if the differences between the subject matter

sought to be patented and the prior art are such that the subject matter as a whole

would have been obvious at the time the invention was made to a person having

ordinary skill in the art to which said subject matter pertains."  35 U.S.C. § 103(a).

Whether the claimed subject matter would have been obvious at the time of

invention to one of ordinary skill in the art is a question of law based on several

underlying facts: (1) the scope and content of the prior art; (2) the differences

between the claimed invention and the prior art; (3) the level of ordinary skill in the

art; and (4) any relevant secondary considerations.  *See KSR Int'l Co. v. Teleflex

Inc.*, 550 U.S. 398, 406 (2007).  The person of ordinary skill in the art is supposed

to be a person of ordinary creativity, not an automaton.  *See id*. at 421.  When there

is a design need or market pressure to solve a problem and there are a finite number

of identified, predictable solutions, a person of ordinary skill has good reason to

pursue the known options within his or her technical grasp. *See id*. If this leads to the anticipated success, it is likely the product not of innovation but of ordinary skill and common sense. In that instance the fact that a combination was obvious to try might show that it was obvious under § 103. *See id.*

## II.        DR. WOOLEY'S TESTIMONY WAS SUFFICIENT UNDER *KSR*

Even under Broadcom's narrowed construction of claim 42, Dr. Wooley's testimony was sufficient to support an obviousness verdict. Specifically, he clearly identified the relied-upon sections of Pickering and Pace, and stated that the references satisfied the "second stage" element of claim 42. *See* Trial Transcript Day 6, at 176:3-14, citing JX-272 at 5:49-60 and JX-273 at 2:3-5. He further testified that the language of Pickering, along with the background skill in the art, could satisfy the element:

> Again, here this is that you're going to take the output of
>
> the deserializer, which is at a lower frequency and process it
>
> and generate some other kind of signal and that's referred to
>
> here. You can de-multiplex the receive signals, the higher speed
>
> signals that have been de-multiplexed or deserialized or
>
> produced parallel data operating at a lower rate, and then that is
>
> output at CMOS level so it can be further processed using
>
> standard logic, and that further ***processing*** might be any
>
> number of things.

> It could include more stages of deserialization, it could include *processing* it, multiplying it or adding it to someone to do a filtering job or some functions.
>
> So there are a lot of things you can think of – of doing with that, or it can be filtered, you know, with a digital filter, but there is some *processing* and that *processing* there stays at the -- at the lower rate, so it's a signal that's still -- would be deserialized from the input signal.

*Id*. at 2-20 (emphasis added).  This analysis by Dr. Wooley was directly responsive to the word "processing" in the "second stage" limitation of claim 42.  In addition to expressly addressing the actual "processing" language in the claim, it is also sufficient to support a conclusion of obviousness under Broadcom's narrowed construction which requires that there be a second level of deserialization – that is why Dr. Wooley identified "more stages of deserialization" as an example of further processing that would have been known to a person of ordinary skill in the art reading the Pickering disclosure.

Dr. Wooley's testimony satisfies the Supreme Court's test in *KSR:* "The [obviousness] analysis need not seek out precise teachings directed to the specific subject matter of the challenged claim, for a court can take account of the inferences and creative steps that a person of ordinary skill in the art would

employ." *KSR*, 550 U.S. at 418.  This testimony is more than sufficient to satisfy the "reasonable conclusion" standard on JMOL.

### III.     THE PATENT SPECIFICATION SPECIFICALLY TEACHES THAT A SECOND DESERIALIZER WOULD BE OBVIOUS

The evidence on obviousness of claim 42 is not limited to the testimony of Dr. Wooley.  The '057 patent itself, which is in evidence at JX-06, states that "Those skilled in the art appreciate that there can be more than one level of deserializing if further reduction in operating frequency is desired."  *See* '057 patent at 7:41-43.  This disclosure is an admission by the patentee that the "processing" can be a further level (or "stage" as Dr. Wooley testified) of deserialization and such further deserialization was well known to those of ordinary skill in the art as of the filing date of the first of the Hairapetian patents.  In combination with Dr. Wooley's testimony, the specification of the '057 patent further supports a jury finding of obviousness.  For at least this reason, Broadcom's motion for JMOL should be denied.

### IV.     BROADCOM OFFERED NO REBUTTAL TESTIMONY ON THE "SECOND STAGE" LIMITATION

It is important to note that Dr. Wooley's testimony on the "second stage" limitation stands unrefuted.  In his rebuttal testimony on October 4, 2011, Broadcom's expert Dr. Fair did not refute any of Dr. Wooley's opinions on how the "second stage" limitation of claim 42 is disclosed and rendered obvious in the prior art.  In fact, Dr. Fair did not testify that claim 42 requires a "two stage" deserializer.

## V.    CLAIM 42 DOES NOT REQUIRE A SECOND DESERIALIZER, AND IT WOULD BE IMPERMISSIBLE TO NARROW THE CLAIM POST-TRIAL

Dr. Wooley's testimony was sufficient to support an obviousness verdict irrespective of the gloss that Broadcom seeks on claim 42.  Particularly, Broadcom's proposed construction of the "second stage" limitation is contradicted by the plain language, which does not require any additional deserialization.  The claim includes limitations for two distinct "stages"- a first stage *for deserializing*, and a second stage *for processing.*  In other words, the plain language of the claim only requires that the first deserialized signal be *processed* to generate the second deserialized signal.[1]  Nor does it follow that the "first deserialized signal" and the "second deserialized signal" of that limitation necessarily require an intermediary *deserializer*.  A *first* deserialized signal can be converted into *a second* deserialized signal simply by being *processed* - the second signal does not need to be a further deserialized version of the already deserialized first signal.  As such, the plain language of the claim clearly requires deserializing in only the first stage, which contradicts Broadcom's assertion that it covers a "two-stage deserializer."

There is no requirement in the language of the "second stage" limitation, or in any construction by the Court, that there be a second deserializer.  It is impermissible for Broadcom to narrow this "processing" into "deserializing" in

---

[1] The excerpt from Pickering that Dr. Wooley included on his demonstrative slide shares the same "first stage for deserializing…second stage for processing…" phrasing as claim 42:  "In such applications high speed differential logic based on the circuits discussed above may be used to buffer, latch and *de-multiplex* received signals to produce parallel data stream operating at a lower rate.  This may be output as CMOS levels for *further processing* using standard logic."

order to avoid an obviousness verdict. *See North American Container, Inc. v. Plastipak Packaging, Inc.*, 415 F.3d 1335, 1348 (Fed. Cir. 2005) ("[U]nless required by the specification, limitations that do not otherwise appear in the claims should not be imported into the claims.").  To do so would read out the examples of "processing" performed at a lower frequency that are set forth in the specification of the '057 patent.  For example, the '057 patent states that "established telecommunication standards require the transceiver to perform various functions, including data monitoring and error correction."  *See* JX-06 at 7:63-65.  Broadcom urges an interpretation of claim 42 that would read out these examples of "processing" in the specification.

Furthermore, if Broadcom had sought to claim a two-stage deserializer, it knew how to do so.  *See*, e.g., claim 1 of the '057 patent (claiming "a first deserializer circuit block . . ." and "a second deserializer block . . .").  Dr. Wooley's testimony was sufficient to support a jury verdict of obviousness based on this plain reading of claim 42.

Emulex respectfully submits that it has offered adequate trial testimony and other record evidence to support a verdict of obviousness for claim 42 of the '057 patent.

/ / /
/ / /

6                                    CASE NO. CV 09-1058-JVS (ANx)

Dated:  October 5, 2011

FISH & RICHARDSON P.C.


By: */s/ Daniel C. Callaway*
    Daniel C. Callaway

Attorneys for Defendant and
Counterclaimant
EMULEX CORPORATION


*Additional Counsel*

David M. Barkan (SBN 160825)
  *barkan@fr.com*
Jonathan J. Lamberson (SBN 239107)
  *lamberson@fr.com*
Daniel C. Callway (SBN 262675*)*
  *callaway@fr.com*
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, California 94063-1526
Telephone:  (650) 839-5070
Facsimile:  (650) 839-5071

Joseph V. Colaianni, Jr. (*pro hac vice*)
  *colaianni@fr.com*
FISH & RICHARDSON P.C.
1425 K Street, N.W., 11th Floor
Washington, DC 20005
Telephone:  (202) 783-5070
Facsimile:  (202) 783-2331

Thomas H. Reger II (*pro hac vice*)
  *reger@fr.com*
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone:  (214) 747-5070
Facsimile:  (214) 747-2091

Wasif H. Qureshi (*pro hac vice*)
  *qureshi@fr.com*
FISH & RICHARDSON P.C
One Houston Center
1221 McKinney Street, 28th Floor
Houston, Texas 77010
Telephone:  (713) 654-5300
Facsimile:  (713) 652-0109

CASE NO. CV 09-1058-JVS (ANx)

# **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on October 5, 2011 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civ. L.R. 5-3.3.  Any other counsel of record will be served by U.S. mail or hand delivery.

By: */s/ Daniel C. Callaway*
Daniel C. Callaway