Juanita R. Brooks (SBN 75934)
 brooks@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

*(Additional counsel listed on signature page)*

Attorneys for Defendant and Counterclaimant
EMULEX CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

(SOUTHERN DIVISION)

| | |
|---|---|
| BROADCOM CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>EMULEX CORPORATION,<br><br>    Defendant.<br><br>And Related Counterclaims | Case No. CV 09-1058-JVS (ANx)<br><br>consolidated with CV 10-3963 JVS (ANx)<br><br>**DEFENDANT EMULEX CORPORATION'S OPPOSITION TO BROADCOM'S MOTION FOR JUDGMENT AS A MATTER OF LAW REGARDING THE '150 PATENT**<br><br>Trial Date:  September 20, 2011<br>Place:      Courtroom 10C<br>Before:     Hon. James V. Selna |

## I. INTRODUCTION

Broadcom's arguments regarding the '150 patent start from a flawed premise. Emulex has never agreed that its products "infringe at least some of the time," as Broadcom suggests. To the contrary, Emulex, its attorneys, and its expert Dr. Nikolic have all been clear that Emulex does not infringe, any of the time. This is a critical dispute of material fact that only the jury can resolve. In its motion, Broadcom misrepresents both the factual record and the relevant case law, ignores that it never raised this argument before the day Dr. Nikolic was to testify, and ignores other possible grounds for non-infringement. For these reasons, and as explained in more detail below, Broadcom's motion for a directed verdict of infringement on the '150 patent should be denied.

## II. ARGUMENT

**A. The Claims of the '150 Patent Are Not Infringed "Some of the Time"**

Claim 8 of the '150 patent is long and detailed, and it requires very specific circuitry, namely: an interpolator control module that must be "adapted to cause the phase interpolator in each receive-lane to rotate the interpolated phase of the sampling signal in the receive-lane at a rate corresponding to a frequency offset between the sampling signal and the serial data signal associated with the receive-lane **so as to reduce the frequency offset between the sampling signal and the serial data signal**." (JX0005, Claim 8). In other words, the interpolator control

1  module must be specifically adapted to cause the phase interpolator to rotate the
2  phase in such a way so as to *reduce* the frequency offset. Because this is an
3  apparatus claim, circuits that have a different structure do not meet this claim
4  
5  limitation. *See Cross Med. Prods. V. Medtronic Sofamor Danek, Inc.*, 424 F.3d
6  1293, 1311-12 (Fed. Cir. 2005) ("To infringe an apparatus claim, the device must
7  meet all of the structural limitations").
8  
9        As Dr. Nikolic explained in his testimony, the only way that a circuit can be
10  constructed "so as to reduce the frequency offset between the sampling signal and
11  the serial data signal" is to employ what is called a "full rate" architecture. (Trial
12  
13  Tr., Day 7 at 149:1-153:19). The patent discloses just such an architecture at
14  column 26, lines 32-43. The patent states that when the frequency of the sampling
15  signal ($\omega_s$) is greater than the frequency of the serial data signal ($\omega_d$), the circuit
16  
17  decreases the frequency of the sampling signal, and correspondingly, *reduces* the
18  frequency offset $\Delta\omega$. (*See* JX0005 at 26:32-38). Similarly, when the frequency of
19  
20  the sampling signal is less than the frequency of the serial data signal, the circuit
21  increases the frequency of the sampling signal, and thus again *reduces* the frequency
22  offset $\Delta\omega$. (*Id.* at 26:39-43). In both cases, for this full-rate sampling subsystem
23  
24  architecture, the difference between the two frequencies ($\Delta\omega$) is always reduced, as
25  shown in the following diagrams:

Case 1 ($\omega_s > \omega_d$):



Case 2 ($\omega_s < \omega_d$):



In other words, the full-rate sampling circuit is adapted to reduce the frequency offset $\Delta\omega$, and never to increase that offset.

This configuration is markedly different from a sub-symbol sampling rate architecture, such as the one employed by the accused products, which does not rotate the phase in such a way "so as to reduce" the frequency offset. There are an infinite number of sub-symbol-rate architectures that one could construct; for example, the patent specifically describes a "quarter-rate architecture," and the accused products use what is called a "half-rate architecture." (*See* JX0005 at 32:47-58; Trial Tr., Day 7 at 155:12-158:10; *Id*. at 159:20-160:20). As Dr. Nikolic explained, in a half-rate architecture (the architecture employed by the accused products) the circuit compensates the sampling signal by either increasing or reducing it, depending on whether the sampling signal has a frequency greater than or less than one-half the frequency of the serial data signal ($\omega_d$). (Trial Tr., Day 7 at 153:20-155:5). This is shown in the following diagrams:

Case 1 ($\omega_s > \frac{1}{2}\omega_d$):



Case 2 ($\omega_s < \frac{1}{2}\omega_d$):



Other sub-symbol sampling rate circuits would use a different multiplier of the frequency of the serial data signal as their target frequency.  These two different types of circuits (full-rate and sub-symbol sampling rate) are simply different – they operate in different ways using different types of circuits.  If one were to take a half-rate circuit and simply drop it into a design that was expecting a full-rate circuit, the product would not work, *any* of the time.  Importantly, Broadcom has not asserted the doctrine of equivalents for this claim, and therefore it cannot argue that the two circuits are "equivalent" to one another.

        The '150 patent has unasserted claims that are directed to a sub-symbol rate configuration.  Specifically, claim 3 recites an interpolator control module, but that module is not adapted to cause the phase interpolator to *reduce* the frequency offset; instead, the phase interpolator in claim 3 simply requires that the sampling signal have an interpolated phase "related to the interpolated phase of the timing signal." (*See* JX0005, Claim 3).  That claim, however, was not the one that Broadcom chose

to assert in this trial. The claim Broadcom chose to assert requires a circuit adapted so as to reduce the frequency offset. A circuit that has a different structure and achieves a different functionality does not practice this asserted claim. At the very least, there is a factual dispute over whether a full-rate architecture can meet the asserted claim language, and that dispute should be resolved by the jury, not by the Court via a directed verdict.

### B. The Relevant Case Law Supports Emulex, Not Broadcom

Broadcom misquotes and misapplies three Federal Circuit cases to support its position that Emulex "sometimes infringes" the asserted claim of the '150 patent. As discussed below, these cases are readily distinguishable, and the relevant case law supports Emulex, not Broadcom.

First, Broadcom cites the Federal Circuit case of *Bell Communications Research, Inc. v. Vitalink Communications Corp.*, 55 F.3d 615, 623 (Fed. Cir. 1995), for the proposition that "part-time infringement is nonetheless infringement." This is not a direct quotation from *Bell*; instead, *Bell* actually holds that, "an accused product that sometimes, but not always, **embodies a claimed method** nonetheless infringes." *Id*. As the Federal Circuit has subsequently cautioned, "a rule that governs infringement of a method claim may not always govern infringement of an apparatus claim." *See Medtronic*, 424 F.3d at 1311. To infringe an apparatus claim (such as claim 8 of the '150 patent), as opposed to a method claim, "the device must meet all of the structural limitations." *Id*. at 1311-12, *citing Hewlett-Packard*

*Co. v. Bausch & Lomb, Inc.*, 909 F.2d 1464, 1468 (Fed. Cir. 1990) ("[A]pparatus claims cover what a device *is*, not what a device *does*").  Several courts, including the Federal Circuit, have rejected the very reading of *Bell* that Broadcom proposes here.  *See, e.g., Ferguson Beauregard/Logic Controls v. Mega Sys., LLC*, 350 F.3d 1327, 1346 (Fed. Cir. 2003); *LG Elecs., Inc. v. Bizcom Elecs., Inc.*, 453 F.3d 1364, 1380 (Fed. Cir. 2006);[1] *Sun Microsystems, Inc. v. Network Appliance, Inc.*, 688 F.Supp.2d 957, 972-74 (N.D. Cal. 2010); *WebZero, LLC v. ClicVU, Inc.*, 2009 U.S. Dist. LEXIS 129485 at *10-12 (C.D. Cal. May 1, 2009); *Dynacore Holdings Corp. v. U.S. Philips Corp.*, 243 F.Supp.2d 31, 41 (S.D.N.Y. 2003); *Garmin Ltd. v. TomTom, Inc.*, 468 F. Supp. 2d 988, 1018 (W.D. Wis. 2006).

Here, the asserted claim specifically requires a circuit with a structure that is "adapted to cause the phase interpolator in each receive-lane to rotate the interpolated phase of the sampling signal in the receive-lane at a rate corresponding to a frequency offset between the sampling signal and the serial data signal associated with the receive-lane **so as to reduce the frequency offset between the sampling signal and the serial data signal**."  As discussed above, a circuit with a different structure that operates differently cannot meet this asserted claim language, and therefore cannot infringe.

Second, Broadcom relies on *SunTiger, Inc. v. Scientific Research Funding Group*, 189 F.3d 1327, 1336 (Fed. Cir. 199), for the proposition that "[i]f a claim

---

[1] Overruled on other grounds by *Quanta Computer, Inc. v. LG Elecs., Inc.*, 553 U.S. 617 (2008).

reads merely on a part of an accused device, that is enough for infringement." In *SunTiger*, the Federal Circuit found that the "'right bottom' of the accused [sunglasses] lens met the claim limitations," but that other portions of the lens did not. *Id*. Here, there is no portion of the circuit in the accused products that runs at a full-rate and that is adapted so as to reduce the frequency offset – the entire circuit instead operates at a half-rate, and therefore does not practice the remainder of the claim language. Because no portion of the accused circuits practices the entire claim limitation, *SunTiger* is inapplicable to the facts of this case.

Finally, Broadcom relies on *Paper Converting Machine Co. v. Magna-Graphics Corp.*, 745 F.2d 11, 20 (Fed. Cir. 1984) for the proposition that "imperfect practice of an invention does not avoid infringement." *Paper Converting* dealt with a situation where only parts of a machine were implemented, but those portions that were operated nonetheless infringed. *Id*. Again, that is not the issue here – there is no portion of the accused products that has a full-rate architecture, and there is no portion of the accused products that practices the entire limitation of claim 8 of the '150 patent.

**C. JMOL Is Not Warranted On The Facts of This Case**

This is the second time that Broadcom has attempted to bar Emulex from presenting its non-infringement defenses.

Specifically, Broadcom originally argued that Emulex was allegedly violating the Court's claim construction rulings for the "sampling signal" and "frequency

offset" limitations of the '150 patent. (Docket No. 829). As to "sampling signal," Emulex pointed out that its arguments had nothing to do with that limitation – Dr. Stojanovic had been cross-examined on that term because it related to his failure of proof of a different claim element. As to frequency offset, Emulex noted that the term had not been construed and that Emulex was simply using the term as it was clearly stated in claim 8 itself ("frequency offset between the sampling signal and the serial data signal"). Emulex stated that the anticipated testimony of Dr. Nikolic did not violate the Court's claim construction rulings in any way, and raised genuine disputes of material fact. (Trial Tr., Day 7 at 56:1-57:14). The Court agreed with Emulex, and allowed it to present these arguments to the jury. (*Id*. at 60:25-61:5).

Now, Broadcom apparently wants the Court to find that a circuit that does not practice all of the claim limitations can nonetheless infringe. If Broadcom truly believed this, it should have raised this issue during claim construction, via a motion to strike portions of Dr. Nikolic's report, via a summary judgment motion, via a motion in limine, or via a *Daubert* motion. Broadcom took none of these steps, and instead waited to raise this issue until the day Dr. Nikolic was to take the stand, when the substance of Dr. Nikolic's testimony has been known to Broadcom since his expert report was filed on May 19, 2011. It now raises a motion for judgment as a matter of law after the jury has heard all of the relevant evidence, and as it is about to start its deliberations.

If the Court grants judgment as a matter of law, all of the time this jury has spent hearing evidence on infringement and non-infringement of the '150 patent will be wasted. If the Court later decides JMOL was inappropriate, the only remedy will be a new trial. Given that the jury has now heard all of the evidence, and that the only remaining dispute is whether the accused products read onto the asserted claims, there is simply no basis for taking the case away from the trier of fact.

### D. Broadcom Has Also Failed To Meet Its Burden of Proof on Other Limitations, Which Makes JMOL An Inappropriate Remedy

One final reason for why judgment as a matter of law on the '150 patent is inappropriate is that Broadcom has not met its burden of proof on infringement.

Specifically, Emulex adduced evidence on cross-examination of Broadcom's expert, Dr. Stojanovic, that the signals produced by the phase interpolator do not satisfy the limitation "each receive-lane including a phase interpolator adapted to produce a sampling signal having an interpolated phase, and a data path adapted to sample and quantize the associated serial data signal in accordance with the sampling signal" because they are processed by intervening circuitry before they arrive at the sampler. (*See* Trial Tr., Day 5 at 179-183). Also, Broadcom never analyzed or identified the data path that is allegedly adapted to sample and quantize within the accused products. (*Id*. at 129, 141-142, 148 & 157). Further, Dr. Stojanovic did not provide sufficient detail regarding the structure of the accused interpolator control modules. (*Id*. at 129, 142-43 ,148-49, & 158). Finally, Dr.

Stojanovic did not perform any analysis on whether the accused products use first-order or second-order loops. (*Id*. at 167:6-9).  Any one of these shortcomings is sufficient such that a reasonable juror could find that Broadcom has not met its burden of proving infringement beyond a preponderance of the evidence.  Thus, even if the Court were to disagree with Emulex on any of the points raised above, judgment as a matter of law is still not an appropriate remedy.

## III.   CONCLUSION

For the reasons given above, Broadcom's request for judgment as a matter of law on infringement of claim 8 of the '150 patent should be denied.

Dated:  October 5, 2011                                    FISH & RICHARDSON P.C.

By: */s/ Jonathan J. Lamberson*
    Jonathan J. Lamberson

Attorneys for Defendant and Counterclaimant
EMULEX CORPORATION

*Additional Counsel*

David M. Barkan (SBN 160825)
  barkan@fr.com
Jonathan J. Lamberson (SBN 239107)
  lamberson@fr.com
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, California 94063-1526
Telephone:  (650) 839-5070
Facsimile:  (650) 839-5071

Joseph V. Colaianni, Jr. (*pro hac vice*)
  colaianni@fr.com
FISH & RICHARDSON P.C.
1425 K Street, N.W., 11th Floor
Washington, DC 20005
Telephone:  (202) 783-5070
Facsimile:  (202) 783-2331

1   Thomas H. Reger II (*pro hac vice*)
     reger@fr.com
2   FISH & RICHARDSON P.C.
    1717 Main Street, Suite 5000
3   Dallas, Texas 75201
    Telephone:  (214) 747-5070
4   Facsimile:  (214) 747-2091

5   Wasif H. Qureshi (*pro hac vice*)
     qureshi@fr.com
6   FISH & RICHARDSON P.C
    One Houston Center
7   1221 McKinney Street, 28th Floor
    Houston, Texas 77010
8   Telephone:  (713) 654-5300
    Facsimile:  (713) 652-0109

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on October 5, 2011 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civ. L.R. 5-3.3. Any other counsel of record will be served by U.S. mail or hand delivery.

By: */s/ Jonathan J. Lamberson*
Jonathan J. Lamberson

50779226.doc