1

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

- - -

THE HONORABLE JAMES V. SELNA, JUDGE PRESIDING

BROADCOM CORPORATION,
                    Plaintiff,
     vs.

                                    SACV-09-01058-JVS
EMULEX CORPORATION,
et al.,
                    Defendants.
-------------------------

(Jury Notes 7, 8, 9, and Verdict)

REPORTER'S TRANSCRIPT OF PROCEEDINGS

Santa Ana, California

October 12, 2011


SHARON A. SEFFENS, RPR
United States Courthouse
411 West 4th Street, Suite 1-1053
Santa Ana, CA  92701
(714) 543-0870

SHARON SEFFENS, U.S. DISTRICT COURT REPORTER

2

```
 1   APPEARANCES OF COUNSEL:

 2   For the Plaintiff:

 3   WILLIAM F. LEE
     DOMINIC E. MASSA
 4   JOSEPH J. MUELLER
     ANDREA WEISS JEFFRIES
 5   WILMER, CUTLER, PICKERING, HALE & DORR LLP
     60 State Street
 6   Boston, MA  02109
     (617) 526-6000
 7

 8   For the Defendant:

 9   DAVID M. BARKAN
     JUANITA BROOKS
10   FISH & RICHARDSON P.C.
     500 Arguello Street, Suite 500
11   Redwood City, CA  94063-1526
     (650) 839-5070
12
     THOMAS H. REGER II
13   FISH & RICHARDSON PC
     1717 Main Street, Suite 5000
14   Dallas, TX  75201
     (214) 747-5070
15

16

17

18

19

20

21

22

23

24

25
```

SHARON SEFFENS, U.S. DISTRICT COURT REPORTER

3

INDEX

PAGE

JURY NOTE 7                                                    4
JURY NOTE 8                                                   13
JURY NOTE 9                                                   15
VERDICT                                                      16

SHARON SEFFENS, U.S. DISTRICT COURT REPORTER

4

1   SANTA ANA, CALIFORNIA; WEDNESDAY, OCTOBER 12, 2011; 10:20

2   A.M.

3                 (Jury not present.)

4                 THE CLERK:  Item No. 1, SACV 09-1058-JVS, Broadcom

5   Corporation versus Emulex Corporation, et al.

6                 Counsel, please state your appearances.

7                 MR. LEE:  Good morning, Your Honor.  Bill Lee,

8   Dominic Massa, Andrea Jeffries, and Joe Mueller for

9   Broadcom.

10                MS. BROOKS:  Good morning, Your Honor.  Juanita

11  Brooks, Dave Barkan, and Tom Reger for Emulex.  Also with us

12  is Mr. McCluney.

13                THE COURT:  Good morning.

14                The jury has sent out Note No. 7 which reads:  "If

15  we agree on parts of a section, is that okay, or does the

16  whole section need to be agreed on?  e.g., agree on 17, not

17  18."

18                It seems to me that they could complete Part III

19  agreeing on only either 17 or 18.  If they agreed and say

20  yes to infringement, then they would go forward and consider

21  all the other issues, and I could take a verdict on that

22  basis.  If they couldn't agree on one but found that the

23  other -- the answer is no, I think I could take that verdict

24  and declare a mistrial as to that count.

25                MR. LEE:  Your Honor, I'm not sure.  If you use 17

5

1  and 18 as an example --

2              THE COURT:  Right.

3              MR. LEE:  -- one possibility is they said no as to

4  literal, but they are not in agreement as to doctrine of

5  equivalents, which makes it -- they can't go on to answer

6  the next questions.  I actually think 17 and 18 are hard to

7  break out unless they reach unanimity on both.

8              THE COURT:  Well, they could find literal

9  infringement without finding infringement of the doctrine of

10 equivalents and vice-versa.

11             MR. LEE:  Right, but I think the question is if

12 they are hung as to one -- if they are hung as to literal

13 but not as to doctrine of equivalents, they could move on.

14 If they say no as to literal but they are hung as to

15 equivalents, they can't move on because they haven't made

16 the final finding of infringement or no infringement.

17             THE COURT:  I propose to respond with respect to

18 17 and 18, and then say if you have any other similar

19 questions, please state those questions separately.

20             Ms. Brooks.

21             MS. BROOKS:  May the record reflect Mr. Lee and I

22 are in complete agreement on this one.  I don't know how we

23 can parse out 17 and 18.  As much as I would like to think,

24 for example, they have found no literal infringement but

25 they are hung on doctrine of equivalents, it's right that

6

1   they can't move on because they have had no finding.  If

2   they found yes on literal, then they wouldn't even be

3   addressing doctrine of equivalents.  So it's very confusing

4   the way they have their question worded.  I am worried we --

5   we don't know exactly what they are asking.  We don't really

6   know if it can be parsed out.

7            THE COURT:  Well, I think you are in agreement if

8   they answer yes to either 17 or 18 they may proceed with the

9   balance of Section III.  If you are unable to do that, you

10  may not proceed with the balance of Section III.

11           MS. BROOKS:  I'm concerned about even suggesting

12  to them that they should answer yes.  It seems that the best

13  that we could tell them is that -- if they're -- if they're

14  not unanimous -- well, I don't even know what to tell them

15  actually.  I mean, I'm concerned if you say to them, well,

16  if you answer yes to either one you can proceed that they

17  are going to say, okay, let's answer yes so we can proceed.

18           THE COURT:  Well, clearly they know when they can

19  and can't proceed.

20           MR. LEE:  One possibility is that -- you know, any

21  confusion or any inability to reach unanimity on 17 and

22  18 -- I think Ms. Brooks and I are sharing -- we just don't

23  know.  It's a little hard to parse -- but it wouldn't

24  prevent them from moving on to Section B, which is a

25  separate patent and a separate set of questions.  So there

SHARON SEFFENS, U.S. DISTRICT COURT REPORTER

1  may be two parts to the question, which is if there is

2  inability to reach unanimity on 17 and 18, we could address

3  it the way Your Honor suggests, but in any event, they could

4  move on to Section B, which is a separate patent.  Any

5  inability to reach unanimity on 17 and 18 wouldn't preclude

6  you from moving on to Section B.

7        MS. BROOKS:  The only problem with that is there

8  is only one damages questions in Section C for both patents,

9  so then we are back to they can't proceed to Section C.

10  They might be able to proceed to Section B, but then they

11  have to stop again.

12        THE COURT:  I'm not sure I agree.  Section C is

13  phrased in the disjunctive, and the same measure of damage

14  applies for each patent.

15        MR. LEE:  I think the evidence was that the same

16  royalty rate would apply to either of the two patents that's

17  infringed.

18        THE COURT:  But you couldn't double dip.

19        MR. LEE:  Right.

20        MS. BROOKS:  The only other problem is that

21  FibreSpy is not accused under the '619 but is accused under

22  the '500.  While the introduction to Section C is in the

23  either/or, the question itself was what amount has Broadcom

24  proven by a preponderance of the evidence it is entitled to

25  as a reasonable royalty for infringement of the '500 and the

SHARON SEFFENS, U.S. DISTRICT COURT REPORTER

8

```
 1    '691 Patents?  Again, I'm concerned that -- we're in a bit
 2    of box here.
 3              THE COURT:  The evidence was the same -- the jury
 4    was supplied one number for violation of both patents; am I
 5    correct?
 6              MS. JEFFRIES:  Your Honor, the jury was supplied
 7    one number in terms of the testimony and demonstratives, but
 8    as you will recall, Ms. Davis's exhibits -- her schedules to
 9    her report went back into evidence.  They break out all of
10    the products with respect to each patent.  So the jury does
11    have the evidence before them to reach a verdict on damages
12    if only the '691 versus the '500 Patent is found to be
13    infringed.
14              THE COURT:  Why don't we ask them this:  Are you
15    able to come to agreement on 17-A -- on Part III-A or Part
16    III-B?  Let's see what their response is and go from there.
17              MR. LEE:  That's fine with Broadcom, Your Honor.
18              MS. BROOKS:  That's fine, Your Honor.
19              THE COURT:  Okay.
20              THE COURT:  So I will send them back this
21    question:  "Are you able to come to unanimous agreement on
22    all of the questions in Section III-A or Section III-B?"
23              Anything additional at this time?
24              MR. LEE:  No, Your Honor.
25              MS. BROOKS:  No, Your Honor.  Thank you.
```

SHARON SEFFENS, U.S. DISTRICT COURT REPORTER

1          (Recess.)

2                              *      *      *

SHARON SEFFENS, U.S. DISTRICT COURT REPORTER

1                          10:47 A.M.

2             THE COURT:  In response to my question "Are you

3    able to come to unanimous agreement on all the questions in

4    Section III-A or Section III-B?" the jury replied, "We

5    agreed on III-A, not on III-B."

6             I guess what I propose is to advise them if you

7    have agreed on III-A but not III-B you may proceed to

8    Section III-C.  If you answer Question No. 23, you may only

9    award damages on the '500 Patent.

10            MS. BROOKS:  I'm just trying to think of another

11   way to rephrase it only because they may have found no

12   infringement.

13            THE COURT:  Well, that's why I say if you answer

14   the question --

15            MS. BROOKS:  If you have answered the question

16   affirmatively, you may proceed --

17            THE COURT:  No, no.  If you have completed III-A,

18   you may skip III-B and proceed to III-C.  If you answer

19   III-C, you may only award damages on the '500 Patent.

20            MR. LEE:  That's fine with Broadcom, Your Honor.

21            MS. BROOKS:  I believe, Your Honor --

22            THE COURT:  The evidence is in the record to make

23   a separate award for each patent.  I think it's pretty clear

24   that if they haven't found liability in III-A they are not

25   going to get to III-C.

1              MS. BROOKS:  Perhaps if Your Honor then said --

2              THE COURT:  I don't want to be suggestive.  I

3    think it's more suggestive to say if you answered yes to any

4    part of 17-A or 17-B proceed to Question 23.  You may award

5    damages only for the '500 Patent.  I guess if you have

6    answered no to each part, complete the form, and you are

7    done with Section III, but I think it's simpler and more

8    neutral to do it the other way.

9              MS. BROOKS:  We would actually request what Your

10   Honor just said.

11             MR. LEE:  I'm sorry.  Could you repeat it again?

12             THE COURT:  What Ms. Brooks is proposing is to

13   instruct them if you answered yes to any part of Section 17

14   or 18 you may proceed to Question No. 23.  However, you may

15   only award damages for the '500 Patent.  If you have

16   answered no to all parts of 17 and 18, stop.

17             MR. LEE:  That's fine, Your Honor.

18             THE COURT:  Okay.

19             MS. BROOKS:  Thank you, Your Honor.

20             THE COURT:  Okay.

21             MR. LEE:  Your Honor, if you just say stop, they

22   may interpret that as not being able to go back to the other

23   sections, but --

24             THE COURT:  Here is what I propose to advise them:

25   "If you answered 'yes' to any portion of Questions 17 or 18,

1   proceed to Question 23.  However, you may only award damages

2   for the '500 Patent.

3           "If you answered 'no' to all parts of Questions 17

4   and 18 and cannot agree on Section III-B, you need not

5   answer any other questions in Section III."

6           MS. BROOKS:  That's fine.  Thank you.

7           THE COURT:  I just want to leave open the

8   possibility if they want to revisit III-B they are not

9   precluded from doing so, but they have said they can't

10  agree.

11          Anything further at this point?

12          MR. LEE:  Nothing from Broadcom.

13          MS. BROOKS:  No, Your Honor.  Thank you.

14          (Recess.)

15                          *    *    *

16

17

18

19

20

21

22

23

24

25

SHARON SEFFENS, U.S. DISTRICT COURT REPORTER

```
 1                          11:14 A.M.

 2             THE COURT:  The jury has sent out Note No. 8 which

 3   reads:  "In Section I, we reached agreement on D.  However,

 4   we do not have agreement on the rest of the sections."

 5             I propose to tell the jury in effect if you can

 6   reach agreement on no other sections you may cease your

 7   consideration of Section I.

 8             MS. BROOKS:  We agree, Your Honor.

 9             MR. LEE:  Your Honor, if there is any reason they

10   couldn't render a verdict on D -- that's a separate --

11             THE COURT:  Well, it's an advisory ruling, but --

12             MR. LEE:  Right.

13             THE COURT:  We take it, and we see what we do with

14   it.

15             MR. LEE:  Yes, I guess that is what I am saying.

16   We take it, and it would be up to Your Honor what to do with

17   it.

18             THE COURT:  Right.  The Court has some discretion

19   in setting a new trial if there is a mistrial as to this

20   count and what issues are up for retrial notwithstanding the

21   verdict the jury may have found on certain issues.  The most

22   common is to hang on punitive damages.  Typically you try

23   liability again, but we don't have to deal with that now.

24             MR. LEE:  Right.

25             THE COURT:  I'm tempted to add a further
```

1   instruction:  "If you have concluded your consideration of

2   Sections I, II, and III in accordance with the Court's

3   instructions and notes, you foreperson may sign and date the

4   verdict."

5            MR. LEE:  That's fine.

6            MS. BROOKS:  Yes, Your Honor.

7            THE COURT:  Okay.  "If you have concluded your

8   consideration of Section I, Section II, and Section III in

9   accordance with the Court's instructions and notes, your

10  foreperson may sign and date the verdict."

11           MR. LEE:  Your Honor, should the note specifically

12  address the question on Section D of Section I?

13           THE COURT:  Well, I wrote previously:  "If you can

14  answer only Section I-D, you may conclude your consideration

15  of Section I."

16           MR. LEE:  Okay.

17           THE COURT:  I think they have told us they have

18  concluded on Section II.  This tells them how they can

19  conclude on Section I, and we have previously told them how

20  they can conclude on Section III.

21           MS. BROOKS:  Thank you, Your Honor.

22           (Recess.)

23                        *     *     *

24

25

```
1                              12:41 P.M.

2              THE COURT:  The jury has sent out Note No. 9 which

3    reads:  "Not unanimous.  Unanimous on I-D, all of II, and

4    III-A.  We were unable to reach a unanimous verdict on the

5    rest."

6              I think in accordance with the Court's

7    instructions they have completed Section I.  They have

8    completed Section II.  With regard to Section III-A, I think

9    we need to ask -- well, I think we need to ask them whether

10   they have completed their deliberations on Section III.  If

11   they have, I would infer that they found no infringement and

12   therefore didn't get to Section III-C.

13             MR. LEE:  I inferred that they have from this.

14             MS. BROOKS:  That's what we inferred, Your Honor.

15             THE COURT:  Well, what I propose to tell them is

16   if you have completed your consideration of Section III

17   please have your foreperson sign and date the verdict.

18             MS. BROOKS:  Thank you, Your Honor.

19             THE COURT:  Okay.  I will say if you have

20   completed your consideration of Section III please have your

21   foreperson sign and date the verdict.

22             We will be in recess.

23             (Recess.)

24

25
```

16

```
 1                        1:19 P.M.

 2            THE COURT:  I believe the jury has concluded its

 3  deliberations and signed the verdict.  I will read and poll

 4  at the same time.  If there is a question as to which there

 5  are no responses to multiple parts, I will simply ask if

 6  that's correct.  Where there are responses, I will poll as

 7  to each response, and I will do that by a show of hands.

 8            (Jury present.)

 9            THE COURT:  Good afternoon, ladies and gentlemen.

10            I understand you have completed the deliberation

11  process.

12            THE FOREPERSON:  Yes.

13            THE COURT:  Does everyone have their individual

14  copy of the verdict?

15            THE FOREPERSON:  Yes.

16            THE COURT:  Would you hand it up, please.

17            (Verdict handed to the Court.)

18            THE COURT:  Ladies and gentlemen, I am going to

19  read the special verdict, and after each question, I will

20  going to ask whether the response or the lack of a response

21  is your personal answer, not what is written on the official

22  copy but your personal answer.

23            "Special Verdict:

24            "We, the jury, unanimously agree to the answers to

25  the following questions and return them under the
```

SHARON SEFFENS, U.S. DISTRICT COURT REPORTER

1    instructions of this Court as our verdict in this case:

2             "I.  U.S. Patent Nos. 6,424,194 ('194 Patent).

3    7,486,124 ('124 Patent), and 7,724,057 ('057 Patent)

4             "A.  U.S. Patent No. 6,424,194 ('194 Patent)

5             "1.  Has Broadcom Corporation (Broadcom) proven by

6    a preponderance of the evidence that Emulex Corporation

7    (Emulex) has directly infringed Claim 1 of the '194 Patent?"

8             Is it correct, ladies and gentlemen, that you have

9    no responses to the subparts in Question 1?  If that's

10   correct, would you raise your hand.

11            All nine jurors joining in the response.

12            No. 2 you skipped because you did not answer yes

13   to Question No. 1.

14            "B.  U.S. Patent No. 7,486,124 ('124 Patent)

15            "3.  Has Broadcom proven by a preponderance of the

16   evidence that Emulex has directly infringed Claim 5 of the

17   '124 Patent?"

18            Is it correct, ladies and gentlemen, that you have

19   no answer to any of the subparts of Question No. 3?  If

20   that's correct, would you raise your hand.

21            All nine jurors joining in the response.

22            You did not answer yes to No. 3, so you did not

23   answer No. 4.

24            "C.  U.S. Patent No. 7,724,057 ('057 Patent)

25            "5.  Has Broadcom proven by a preponderance of the

1    evidence that Emulex has directly infringed Claim 42 of the

2    '057 patent?"

3              Is it correct, ladies and gentlemen, that you have

4    no response to any of the subparts of Question No. 5?  If

5    that is correct, would you raise your hand, please.

6              All nine jurors joining in the response.

7              You did not answer yes to Question No. 5, so you

8    skipped 6.

9              "7.  What was the level of ordinary skill in the

10   field that someone would have had at the time the claimed

11   invention was made?  (Check the applicable answer.)"

12             The first paragraph is checked, which says:

13             "At least an advance degree (M.S. or Ph.D.) in

14   Electrical Engineering or a related discipline, with

15   approximately four years of experience in the design of

16   physical layer circuits.  (Dr. Nikolic's proposal)"

17             If that's your personal answer, would you raise

18   your hands, please.

19             All nine jurors joining in the response.

20             "8.  Which of the following factors has been

21   established by the evidence with respect to the claimed

22   invention?"

23             With respect to the six factors listed at lines 6

24   through 13, the answer is "Yes."

25             If you answered yes to each of those factors at

SHARON SEFFENS, U.S. DISTRICT COURT REPORTER

1    lines 6 through 13, would you raise your hand, please.

2              All nine jurors joining in the response.

3              At lines 18 and 19, the question is:

4              "Independent invention of the claimed invention by

5    others before or at about the same time as the named

6    inventor thought of it."

7              The answer is "No."

8              If that's your personal answer, would you raise

9    your hands, please.

10             All nine jurors joining in the response.

11             "9.   After consideration of the differences, if

12   any, that existed between the claimed invention and the

13   prior art at the time of the claimed invention, as well as

14   the answers to Questions 7 and 8 above regarding the level

15   of ordinary skill and the existence of any factors tending

16   to show nonobviousness or obviousness, do you find that

17   Emulex has proven by clear and convincing evidence that any

18   of the asserted claims of the '194, '124, and '057 Patents

19   would have been obvious to a person of ordinary skill at the

20   time the patent application was filed?"

21             "'194 Patent Claim 1, no."

22             If that's your personal answer, would you raise

23   your hands, please.

24             All nine jurors joining in the response.

25             "'124 Patent Claim 5, no."

20

```
 1              If that's your personal answer, would you raise
 2    your hands, please.
 3              All nine jurors joining in the response.
 4              "'057 Patent, Claim 42, no."
 5              If that's your personal answer, would you raise
 6    your hands, please.
 7              All nine jurors joining in the response.
 8              You appropriately skipped Question No. 10 because
 9    you did not find liability.
10              "II.  U.S. Patent No. 7,058,150 ('150 Patent)
11              "12.  Has Broadcom proven by clear and convincing
12    evidence that Emulex's infringement of Claim 8 of the '150
13    Patent was willful?"
14              "No."
15              If that's your personal answer, would you raise
16    your hands, please.
17              All nine jurors joining in the response.
18              "13.  What was the level of ordinary skill in the
19    field that someone would have had at the time the claimed
20    invention was made?  (Check the applicable answer)"
21              You have checked the second paragraph which reads:
22              "An electrical engineer with at least a Bachelor's
23    Degree in Electrical Engineering and several years of
24    post-graduate experience with CDR circuits, implemented in
25    complementary metal-oxide-semiconductor (CMOS) integrated
```

SHARON SEFFENS, U.S. DISTRICT COURT REPORTER

```
 1   circuit devices, or the equivalent.  (Broadcom's
 2   definition)"
 3              If that's your personal answer, would you raise
 4   your hands, please.
 5              All nine jurors joining in the response.
 6              "14."  The response is "Yes" to the six factors
 7   listed at lines 7 through 16.
 8              If each of those answers is your personal answer,
 9   would you raise your hands, please.
10              All nine jurors joining in the response.
11              The factor at line 21 is:
12              "Independent invention of the claimed invention by
13   others before or at about the same time as the named
14   inventor thought of it."
15              The answer is "No."
16              If that's your personal answer, would you raise
17   your hands, please.
18              All nine jurors joining in the response.
19              "15.  After consideration of the differences, if
20   any, that existed between the claimed invention and the
21   prior art at the time of the claimed invention, as well as
22   the answers to Questions 13 and 14 above regarding the level
23   of ordinary skill and the existence of any factors to show
24   nonobviousness and obviousness, do you find that Emulex has
25   proven by clear and convincing evidence that Claim 8 of the
```

SHARON SEFFENS, U.S. DISTRICT COURT REPORTER

1    '150 Patent would have been obvious to a person of ordinary

2    skill in the field at the time the patent application was

3    filed?"

4               "No."

5               If that's your personal answer, would you raise

6    your hand, please.

7               All nine jurors joining in the response.

8               "16.  What amount has Broadcom proven by a

9    preponderance of the evidence it is entitled to as a

10   reasonable royalty for infringement of the '150 Patent?"

11              "$387,922."

12              If that's your personal answer, would you raise

13   your hand, please.

14              All nine jurors joining in the response.

15              "III.  U.S. Patent Nos. 7,450,500 ('500 Patent)

16   and 7,471,691 ('691 Patent)

17              "A.  U.S. Patent No. 7,450,500 ('500 Patent)

18              "17.  Has Broadcom proven by a preponderance of

19   the evidence that Emulex has literally infringed Claim 3 of

20   the '500 Patent?"

21              At lines 13 through 19, the answer in each case is

22   "No."

23              If each of those answers is your personal answer,

24   would you raise your hand, please.

25              All nine jurors joining in the response.

SHARON SEFFENS, U.S. DISTRICT COURT REPORTER

1          "18.  Has Broadcom proven by a preponderance of

2     the evidence that Emulex has infringed Claim 3 of the '500

3     Patent under the Doctrine of Equivalents?"

4          The answer on page 12 at lines 6 through 12 is

5     "No" to each product.

6          If each of those "No" answers is your personal

7     answer, would you raise your hand, please.

8          All nine jurors joining in the response.

9          You appropriately skipped Question No. 19.

10         "B.  U.S. Patent No. 7,471,691 ('691 Patent)

11         "20.  Has Broadcom proven by a preponderance of

12    the evidence that Emulex literally infringed Claim 7 of the

13    '691 Patent?"

14         There is no response to the products listed at

15    lines 9 through 12.

16         Is it correct that each of you has found that you

17    have no response to each of the products at lines 9 through

18    12 on page 13?  You passed over this question.  No answer is

19    provided.  Is it correct that you have no unanimous answer

20    to any of the subparts of Claim 20?  If that's true, would

21    you raise your hand, please.  Okay.  I have got to ask the

22    questions the right way.

23         All nine jurors joining in the response.

24         "21.  Has Broadcom proven by a preponderance of

25    the evidence that Emulex has infringed Claim 7 of the '691

24

1    Patent under the Doctrine of Equivalents?"

2              Beginning at line 22 on page 13 through line 2 on

3    page 14, there is no answer.

4              Is it correct, ladies and gentlemen, that you have

5    no response to the subparts in Question No. 21 -- no

6    unanimous response?  A show of hands, please.

7              All nine jurors joining in the response?

8              You appropriately skipped Question No. 22.

9              You appropriately skipped Question No. 23.

10             Ladies and gentlemen, this brings your service to

11   a conclusion in this case.  I want to thank you.  On the

12   grand scheme of things, this has been a somewhat lengthy

13   trial, but regardless of the length of trials, I know that

14   they take you away from your everyday activities, and there

15   is a measure of sacrifice in doing your civic duty.  I want

16   to thank you for having done that duty.

17             I would imagine there is a little bit of

18   frustration that you weren't able to come to a unanimous

19   conclusion with respect to all of the questions, but some

20   days that is the correct answer.  You simply can't reach a

21   unanimous verdict after your careful consideration.  That's

22   a perfectly acceptable result.  I know you have worked hard,

23   ladies and gentlemen, in considering the evidence and were

24   diligent in analyzing it and answering the questions.

25             Throughout this case I have said you can't talk

1    about the case with anyone.  The case is over.  Sometimes

2    counsel particularly where the jury was not able to reach a

3    unanimous verdict find great benefit in talking to jurors

4    and understanding what the divisions were, why certain

5    positions were accepted or not accepted.

6              It's entirely up to you as to whether you want to

7    talk to counsel, the parties, or anyone.  If you don't want

8    to talk about the case, simply tell the person in plain

9    direct language I do not wish to discuss this case.  If that

10   person persists, would you promptly notify me or Ms. Tunis,

11   and we will take appropriate action.

12             I admonish counsel if any juror expresses the view

13   that he or she does not wish to discuss the case, you are to

14   respect that juror's views.

15             Ladies and gentlemen, with the thanks of the

16   Court, you are excused at this time.

17             (Jury excused.)

18             THE COURT:  Would you like an opportunity to visit

19   with the jurors?

20             MS. BROOKS:  We would, Your Honor.

21             MR. LEE:  Yes, Your Honor.

22             THE COURT:  I suggest we get together by a

23   conference call in a week or two to give you a chance to

24   digest the result and figure out where we go from here.  So

25   why don't you meet and confer and suggest an appropriate

SHARON SEFFENS, U.S. DISTRICT COURT REPORTER

```
1   time to get together.  I'm perfectly willing to do this by a
2   conference call.  It might be helpful to put in a brief with
3   your views on where things ought to go, especially if they
4   are divergent, but I am not going to require that.  So
5   within the next two weeks if you could let Ms. Tunis know
6   when a convenient time would be to get together.
7            I want to thank counsel for the trial in this
8   case.  I can't imagine it having gone more smoothly.  I
9   particularly thank you for all the work you put in on the
10  jury instructions.  For a complicated case of this
11  magnitude, it's probably the easiest time I have had to
12  settle the jury instructions, and that's the result of the
13  cooperation and thoughtfulness on the part of counsel.  It's
14  been an excellent presentation, and I thank you for it.
15           (Whereupon, the proceedings were concluded.)
16                    *    *    *
17
18
19
20
21
22
23
24
25
```

SHARON SEFFENS, U.S. DISTRICT COURT REPORTER

27

                              CERTIFICATE


          I hereby certify that pursuant to Section 753,
Title 28, United States Code, the foregoing is a true and
correct transcript of the stenographically reported
proceedings held in the above-entitled matter and that the
transcript page format is in conformance with the
regulations of the Judicial Conference of the United States.


Date:  October 12, 2011


                         Sharon A. Seffens 10/12/11
                         _____
                         SHARON A. SEFFENS, U.S. COURT REPORTER