WILLIAM F. LEE
(admitted *pro hac vice*)
(william.lee@wilmerhale.com)
DOMINIC E. MASSA
(admitted *pro hac vice*)
(dominic.massa@wilmerhale.com)
JOSEPH J. MUELLER
(admitted *pro hac vice*)
(joseph.mueller@wilmerhale.com)
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA  02129
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000

Attorneys for Plaintiff and
Counterclaim Defendant
BROADCOM CORPORATION
(Additional Counsel Listed on
Signature Page)

JUANITA R. BROOKS (SBN 75934)
(brooks@fr.com)
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA  92130
Telephone:  (858) 678-5070
Facsimile:  (858) 678-5099

DAVID M. BARKAN (SBN 160825)
(barkan@fr.com)
FISH & RICHARDSON P.C.
505 Arguello Street, Suite 500
Redwood City, CA  94063-1526
Telephone:  (650) 839-5070
Facsimile:  (650) 839-5071

Attorneys for Defendant and
Counterclaim Plaintiff
EMULEX CORPORATION
(Additional Counsel Listed on
Signature Page)

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| **BROADCOM CORPORATION,**<br><br>**Plaintiff,**<br><br>v.<br><br>**EMULEX CORPORATION,**<br><br>**Defendant.**<br><br>**And Related Counterclaims** | CASE No. SACV09-1058 JVS (ANx) consolidated SACV 10-03963-JVS (ANx)<br><br>**JOINT STATUS REPORT IN ADVANCE OF TELEPHONE SCHEDULING CONFERENCE**<br><br>**[FILED UNDER SEAL]**<br><br>Hon. James V. Selna<br><br>Date: October 25, 2011<br>Time: 9:00 a.m.<br><br>PUBLIC  REDACTED  VERSION |

1    Broadcom Corporation ("Broadcom") and Emulex Corporation ("Emulex")

2  submit this Joint Status Report in advance of the Telephone Scheduling

3  Conference set for Tuesday, October 25, 2011, at 9:00 a.m. (Dkt. No. 885).

4    The parties suggest that the Court address the following issues at the Status

5  Conference.

6  **I.**    **Timing of Post-Trial Briefing**

7    The parties met and conferred on October 19, 2011, but were unable to reach

8  an agreement concerning the scheduling of post-trial briefing.  The parties

9  proposals are set forth below:

10

11

| Event | Broadcom's Proposal | Emulex's Proposal |
|---|---|---|
| Simultaneous Opening Briefs on Obviousness/ Nonobviousness of SerDes and Clock Recovery patents | October 31, 2011 | November 9, 2011 |
| Simultaneous Response Briefs on Obviousness/ Nonobviousness of SerDes and Clock Recovery patents | November 7, 2011 | November 23, 2011 |
| Opening briefs on post-trial JMOL motions | November 10, 2011 | November 9, 2011 |
| Opposition briefs on post-trial JMOL motions | November 17, 2011 | November 23, 2011 |
| Reply briefs on post-trial JMOL motions | November 22, 2011 | December 2, 2011 |

12

13

14

15

16

17

18

19

20

21

22    The reasons for the parties positions are set forth briefly below.

23  **A.**    **Broadcom's Position**

24    Because the Court has already granted Broadcom's motion for judgment as a

25  matter of law that Emulex infringes the '150 patent, the only remaining issue with

26  respect to the '150 patent is Emulex's obviousness defense.  The jury rendered an

27  advisory verdict that the '150 patent is not obvious, and the jury answered all of

28

**JOINT STATUS REPORT**

2

1    the questions on objective evidence of nonobviousness in Broadcom's favor.  If the

2    Court concludes that the '150 patent is not obvious, Broadcom expects to request a

3    permanent injunction with respect to that patent.

4         For reasons that Broadcom expects to explain in more detail in briefing on

5    that injunction motion, it is important that Broadcom's request for injunctive relief

6    be addressed promptly, before upcoming product-design selections by prospective

7    customers of both Broadcom and Emulex.  Broadcom therefore respectfully

8    requests that the Court prioritize the resolution of issues concerning the '150 patent

9    (including the obviousness/nonobviousness determination), so that any

10   proceedings on injunctive relief can be begin immediately, if and when the Court

11   concludes that the patent is not obvious.

12        Emulex's suggestion that the Court should not entertain motions for

13   judgment as a matter of law on issues on which the jury hung is wrong, for three

14   reasons.  First, the fact the jury hung on issues does not preclude judgment as a

15   matter of law, or even suggest that a judgment as a matter of law is unwarranted.

16   The Federal Circuit has recently addressed just such a case.  *See Shum v. Intel*

17   *Corp.*, 633 F.3d 1067, 1084 (Fed. Cir. 2010) (affirming district court's grant of

18   judgment as a matter of law on issues on which jury hung).  Indeed, judgment of a

19   matter of law is often granted even where the jury actually reached a contrary

20   verdict, when that cannot be sustained as a matter of law.  *See, e.g., Anascape, Ltd.*

21   *v. Nintendo of America Inc.*, 601 F.3d 1333, ___ (Fed. Cir. 2010); *Centocor Ortho*

22   *Biotech, Inc. v. Abbott Labs.*, 636 F.3d 1341, 1353 (Fed. Cir. 2011).

23

24

25

26

27

                                                        **JOINT STATUS REPORT**



18    Broadcom proposes that the Court set a further scheduling conference
19 following entry of judgment on obviousness/nonobviousness, and that the parties
20 address at that conference the timing of proceedings on injunctive relief, as well as
21 the timing of a retrial on the issues on which the jury could not reach a verdict.

**JOINT STATUS REPORT**

**B.    Emulex's Position**

Broadcom's proposed schedule for briefing obviousness issues (i.e., opening briefs due six days after this status conference, and responsive briefs due one week later) is far too aggressive. First, Broadcom never requested lost profits damages for the '150 patent (as it did for the '194 patent family), making its claim of some alleged impending lost sales tenuous at best. Second, obviousness is an important issue that is committed to the sound discretion of this Court. Briefing will require full analysis of the trial record, like any other motion for judgment as a matter of law. That is especially true here, given that the jury found the presence of secondary considerations that Broadcom itself said it was not presenting. Further, Emulex's proposal is not leisurely – it simply follows the standard 28-day timeline for filing post-trial motions, and allows two weeks for a response rather than one.

Regarding the schedule for briefing judgment as a matter of law, it is Emulex's position that such motions are not ripe at this time. Because no "judgment" has been entered on any issue, JMOL briefing on issues actually decided by the jury are not currently due.

It is conceivable that the parties could file JMOL motions on issues the jury did not decide. However, the Court has already denied the JMOL's filed before the jury began its deliberations on those same issues and nothing has changed since that time.

1

2          If the Court does wish to entertain further JMOL briefing at this

3    time, Emulex respectfully requests two weeks to prepare opposition briefs and,

4    because of the Thanksgiving holiday on November 24th, Emulex respectfully

5    request that reply briefs be due December 2nd.

6

7    Dated:  October 24, 2011          By:

8

9                                     WILLIAM F. LEE (admitted *pro hac vice*)
                                      (william.lee@wilmerhale.com)
10                                    DOMINIC E. MASSA (admitted *pro hac vice*)
                                      (dominic.massa@wilmerhale.com)
11                                    JOSEPH J. MUELLER (admitted *pro hac vice*)
                                      (joseph.mueller@wilmerhale.com)
12                                    LOUIS W. TOMPROS (admitted *pro hac vice*)
                                      (louis.tompros@wilmerhale.com)
13                                    WILMER CUTLER PICKERING
                                      HALE AND DORR LLP
14                                    60 State Street
                                      Boston, MA  02129
15                                    Telephone:  (617) 526-6000
                                      Facsimile:   (617) 526-5000
16

17                                    Attorneys for Attorneys for Plaintiff
                                      and Counterclaim Defendant
18                                    BROADCOM CORPORATION

19

20
     Dated:  October 24, 2011          By:
21
                                              MDJ
22                                           (with permission)
     JUANITA R. BROOKS (SBN 75934)
23   (brooks@fr.com)
     FISH & RICHARDSON P.C.
24   12390 El Camino Real
     San Diego, CA  92130
25   Telephone:  (858) 678-5070
     Facsimile:   (858) 678-5099
26
     DAVID M. BARKAN (SBN 160825)
27   (barkan@fr.com)

**JOINT STATUS REPORT**

6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

FISH & RICHARDSON P.C.
505 Arguello Street, Suite 500
Redwood City, CA  94063-1526
Telephone:  (650) 839-5070
Facsimile:   (650) 839-5071

JOSEPH V. COLAIANNI, JR.
(Admitted Pro Hac Vice)
(colaianni@fr.com)
FISH & RICHARDSON P.C.
1425 K. Street, NW
Washington, DC  20005
Telephone:  (202) 783-5070
Facsimile:   (202) 783-2331

THOMAS H. REGER II
(Admitted Pro Hac Vice)
(reger@fr.com)
FISH & RICHARDSON P.C.
1717 Main Street
Dallas, TX 75201
Telephone:  (214) 747-5070
Facsimile:   (214) 747-2091

WASIF H. QURESHI
(Admitted Pro Hac Vice)
(qureshi@fr.com)
FISH & RICHARDSON P.C.
1 Houston Center
1221 McKinney Street
Houston, TX  77010
Telephone:  (713) 654-5300
Facsimile:   (713) 652-0109

RANDALL WICK (SBN 95584)
(randall.wick@emulex.com)
EMULEX CORPORATION
3333 Susan Street
Costa Mesa, CA  92626-7112
Telephone:  (714) 885-3691
Facsimile:   (714) 641-0172

Attorneys for Defendant
and Counterclaim Plaintiff
EMULEX CORPORATION

JOINT STATUS REPORT

7

ACTIVEUS 90976910v3