1 | Juanita R. Brooks (SBN 75934)
    *brooks@fr.com*
2 | FISH & RICHARDSON P.C.
    12390 El Camino Real
    San Diego, CA 92130
3 | Telephone: (858) 678-5070
    Facsimile: (858) 678-5099

4 | *(Additional counsel listed on signature page)*

5 | Attorneys for Defendant and Counterclaimant
    EMULEX CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

(SOUTHERN DIVISION)

| | |
|---|---|
| BROADCOM CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>EMULEX CORPORATION,<br><br>    Defendant.<br><br>And Related Counterclaims | Case No. CV 09-1058-JVS (ANx)<br><br>consolidated with CV 10-3963 JVS (ANx)<br><br>**DEFENDANT EMULEX CORPORATION'S REPLY BRIEF IN SUPPORT OF ITS RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW ON BROADCOM'S DAMAGES CLAIMS**<br><br>Hearing Date: December 12, 2011<br>Time: 3:00 p.m.<br>Place: Courtroom 10C<br>Before: Hon. James V. Selna |

# **TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................1

II. ARGUMENT .......................................................................................................2

    A. Broadcom's Royalty Rate Theory Has No Support in the Law ................2

    B. Broadcom Failed to Present Evidence of the Smallest Saleable Unit in Support of its Royalty Base ........................................................................4

    C. Emulex Waived Nothing..............................................................................5

III. CONCLUSION ....................................................................................................7

# TABLE OF AUTHORITIES

## CASES

*Lucent Technologies v. Gateway, Inc.*,
580 F.3d 1301 (Fed. Cir. 2009) ..................................................................................2

*ResQNet.com, Inc. v. Lansa, Inc.*,
594 F.3d 860 (Fed. Cir. 2010) ....................................................................................3

I.   INTRODUCTION

Broadcom admits that its damages evidence wholly fails to make any technical link between the Alacritech license Ms. Davis relied upon as the foundation for her royalty rate opinions and the technology in suit, as required by both *Lucent* and *ResQNet.com*. (Response at 5:4-10). For this reason alone, the royalty rates proffered for each patent should be disregarded.

As to the proper royalty base, Broadcom incorrectly attempts to shift the burden to Emulex – but the Federal Circuit has held that the burden of putting on a legally proper damages theory remains at all times with the Plaintiff, even if the Defendant elects not to put on a damages case at all. *See ResQNet.com, Inc. v. Lansa, Inc.,* 594 F.3d 860, 872 (Fed. Cir. 2010). This is particularly the case here, where the record demonstrates that there are numerous SerDes suppliers in the marketplace, thus indicating that the "smallest saleable unit" relevant to the '150 patent is the SerDes circuitry, not the entire chip. Accordingly, Broadcom fails to carry its burden to show the proper royalty base for the accused technology, improperly relying upon the entire market value of the chip containing the circuitry.

Broadcom also claims that Emulex's waived its written Rule 50(a) motion as to the purported 3% royalty rates because Emulex made an earlier oral Rule 50(a) motion directed to the 12% Hairapetian patent royalty rates. By later filing an omnibus Rule 50(a) motion as to all of Broadcom's royalty rate opinions, however, Emulex preserved its rights to assert Rule 50(b) motions as required by the rules.

(Dkt. No. 862 at 26:5-27:8). For these reasons, Broadcom's waiver argument should also be rejected.

## II. ARGUMENT

### A. Broadcom's Royalty Rate Theory Has No Support in the Law

Broadcom asserts in its response that neither *Lucent* nor *ResQNet.com, Inc.* "prohibit a damages expert from relying upon licensing agreements involving technologies that contribute to a patented product's performance." (Response at 5:11-13). Neither of those cases, however, attempts to provide a laundry list of all "prohibited" damages theories a patent litigant could possibly present.

In its two pages of argument, Broadcom failed to direct this Court to even one case in which the relative contribution of the patented technology formed the basis of the proffered royalty rate. Instead, the Federal Circuit has made it abundantly clear that a damages expert can rely only on those patent license agreements which are for technology "comparable" to the patents in suit. *Lucent Techs. v. Gateway, Inc.*, 580 F.3d 1301, 1328 (Fed. Cir. 2009). Indeed, Broadcom's admitted failure to support its damages theory with any license agreements for technology similar to the patents in suit renders the opinions objectionable as a matter of law.

In *Lucent*, the Court noted that "Lucent had the burden to prove that the licenses were sufficiently comparable to support the damages award." *Id.* at 1329. Reversing a lump sum damages award based on expert testimony, the Court stressed that the expert's mere "recitation" of other license royalty rates is insufficient to

support a damages award "when it is doubtful that the technology of those license agreements is in any way similar to the technology being litigated." *Id*. Vacating the damage award in *ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 872 (Fed. Cir. 2010), the Federal Circuit again emphasized that an expert's failure to even attempt to show that its benchmark license agreements use the claimed technology or show demand for the infringed technology renders the opinion invalid. *Id.* at 873.

Broadcom's attempts to distinguish itself from these controlling cases is to no avail. Broadcom claims "Ms. Davis's 3% royalty rate opinion did not rest solely upon the Alacritech license, as Emulex candidly conceded in open court (*id*.); it rested on a full analysis of all the relevant *Georgia-Pacific* factors." (*See* Response at 1:12-14). But Ms. Davis's entire analysis of the *Georgia-Pacific* factors was predicated on the Alacritech royalty rate being the appropriate starting point for her opinions. Broadcom's damages model is, quite plainly, built on a defective foundation.

As outlined in Emulex's original motion, the technology of Broadcom's benchmark Alacritech license agreement admittedly has no technological relationship to the patents in suit. (*See* Response at 6:12-16). Broadcom's failure to develop that required evidentiary link renders its evidence no more valid than the opinions stricken in *Lucent* and *ResQNet*. Both cases expressly require technological comparability between supporting license agreements and royalty rate damages opinions for the accused technology. Broadcom's evidence admittedly

failed to meet that minimum requirement.  As a result, its damages claims should be dismissed as a matter of law pursuant to Rule 50(b).

### B. Broadcom Failed to Present Evidence of the Smallest Saleable Unit in Support of its Royalty Base

In response to Emulex's motion, Broadcom argues that Emulex offered no evidence that the smallest salable unit was the SerDes core processors.  The trial record establishes that there are numerous suppliers of SerDes circuitry in the marketplace:

> Q.  Ma'am, one of the things that we've come to learn is that there are various suppliers for SerDes circuitry in the marketplace; right?  You know that?
> A.  We've talked about several that supply the product to Emulex; yes.
> Q.  Right; and -- and -- and -- and you have not gone out into the marketplace and done research to try and find any others; have you?
> A.  No; that would be not my expertise.

(Trial Tr., Day 10 (10/5/2011) at 133:18-25 – 134:1).  Indeed the trial transcript is replete with references to SerDes suppliers in the marketplace, and the fact that SerDes is but one module sold by those suppliers from their libraries.  (*See, e.g.*, Trial Tr., Day 6 (9/28/2011) at 46:3-7; 47:11-14 (McCluney);  Trial Tr., Day 10 (10/05/11) at 105:1-5; 106:10-13; 123:16-19 (Davis); Trial Tr., Day 6 (9/28/2011) at 95:5- 96:6; 97:12-15; 113:1-7(Arment)).

Nonetheless, Broadcom ignores this evidence and argues that Emulex "makes no evidentiary showing" that SerDes circuitry modules were available in the

Case 8:09-cv-01058-JVS-AN   Document 985   Filed 12/02/11   Page 8 of 12   Page ID
#:25033


marketplace. (Response at 9:6-8). It is not Emulex's burden, however, to demonstrate an appropriate royalty base. *ResQNet.com, Inc.*, 594 F.3d at 872. Broadcom and its expert are simply not free to bury their heads in the sand knowing that SerDes circuitry is being sold by numerous marketplace participants. Broadcom's lack of evidence of a proper royalty base, in addition to its failure of proof as to any reasonable royalties, renders Broadcom's damages evidence insufficient to support a damages award as a matter of law.

**C. Emulex Waived Nothing**

Broadcom argues that when Emulex made an oral Rule 50(a) motion specifically directed to the 12% rate asserted for the Hairapetian patents, it waived its right to later make a written Rule 50(a) motion directed to all of the royalty damages opinions. (Dkt. No. 862 at 26-27). Broadcom's argument is wrong – procedurally and factually.

By making its written Rule 50(a) motion at the close of the evidence, Emulex preserved all issues set forth in that written motion for this post-verdict Rule 50(b) motion – irrespective of any prior oral motions. Fed. R. Civ. 50(a)(2) specifically provides that a "motion for judgment as a matter of law may be made at any time before the case is submitted to the jury." By the plain terms of Rule 50(a), the oral motion made by Emulex regarding the Hairapetian patents did not preclude additional motions on the other patents, as long as any additional motions were

raised with specificity before the case was submitted to the jury. Indeed, Emulex informed the Court that it intended to proceed in this manner:

> MS. BROOKS: Your Honor, we will be filing a written omnibus judgment JMOL just to preserve our appellate rights, but specifically now --
> THE COURT: Reserve your Rule 50(b) rights too.
> MS. BROOKS: Thank you, Your Honor. Good point.

(Trial Tr., Day 10 (10/5/2011) at 185:4-9).

Consistent with the express terms of Rule 50(a)(2), following the oral motion on the 12% rate, Emulex's filed its written Rule 50(a) motion asserting that:

- "Broadcom uses the incorrect royalty rate *for all asserted patents.*"
- "Broadcom has not conducted a proper hypothetical negotiation analysis."
- "Broadcom does not properly analyze the *Georgia Pacific* factors. For example, Broadcom does not properly address relevant license agreements . . ."

(Dkt. No. 862 at 26 (emphasis added)). Each of these assertions directly challenges the sufficiency of Broadcom's evidence as to the 3% royalty rates, in addition to the 12% rate discussed during the oral Rule 50(a) motion. Each of these assertions is now likewise urged in Emulex's Rule 50(b) motion.[1] For these reasons, Broadcom's claims of waiver as to the 3% royalty rate motion should be denied.

---

[1] Broadcom does not assert waiver as to Emulex's objection to the sufficiency of the 12% royalty rate. As a result, the Court will need to reach the merits of this issue in the event of any retrial of the Hairapetian patents.

### III. CONCLUSION

For the reasons given above and in Emulex's opening brief, the Court should grant Emulex's Motion for judgment as a matter of law on Broadcom's damages claims for each asserted patent.

Dated:  December 2, 2011                    FISH & RICHARDSON P.C.

                                            By: */s/ Jonathan J. Lamberson*
                                                Jonathan J. Lamberson

                                            Attorneys for Defendant and
                                            Counterclaimant
                                            EMULEX CORPORATION

*Additional Counsel*

David M. Barkan (SBN 160825)
  *barkan@fr.com*
Jonathan J. Lamberson (SBN 239107)
  *lamberson@fr.com*
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, California 94063-1526
Telephone:  (650) 839-5070
Facsimile:  (650) 839-5071

Joseph V. Colaianni, Jr. (*pro hac vice*)
  *colaianni@fr.com*
FISH & RICHARDSON P.C.
1425 K Street, N.W., 11th Floor
Washington, DC 20005
Telephone:  (202) 783-5070
Facsimile:  (202) 783-2331

Thomas H. Reger II (*pro hac vice*)
  *reger@fr.com*
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone:  (214) 747-5070
Facsimile:  (214) 747-2091

| | |
|---|---|
| 1 | Wasif H. Qureshi (*pro hac vice*) |
| | qureshi@fr.com |
| 2 | FISH & RICHARDSON P.C |
| | One Houston Center |
| 3 | 1221 McKinney Street, 28th Floor |
| | Houston, Texas 77010 |
| | Telephone:  (713) 654-5300 |
| 4 | Facsimile:  (713) 652-0109 |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on December 2, 2011 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civ. L.R. 5-3.3. Any other counsel of record will be served by U.S. mail or hand delivery.

By: */s/ Jonathan J. Lamberson*
    Jonathan J. Lamberson