| | |
|---|---|
| WILLIAM F. LEE<br>(admitted *pro hac vice*)<br>(william.lee@wilmerhale.com)<br>DOMINIC E. MASSA<br>(admitted *pro hac vice*)<br>(dominic.massa@wilmerhale.com)<br>JOSEPH J. MUELLER<br>(admitted *pro hac vice*)<br>(joseph.mueller@wilmerhale.com)<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>60 State Street<br>Boston, MA  02129<br>Telephone:  (617) 526-6000<br>Facsimile:  (617) 526-5000 | JUANITA R. BROOKS (SBN 75934)<br>(brooks@fr.com)<br>FISH & RICHARDSON P.C.<br>12390 El Camino Real<br>San Diego, CA  92130<br>Telephone:  (858) 678-5070<br>Facsimile:  (858) 678-5099<br><br>DAVID M. BARKAN (SBN 160825)<br>(barkan@fr.com)<br>FISH & RICHARDSON P.C.<br>505 Arguello Street, Suite 500<br>Redwood City, CA  94063-1526<br>Telephone:  (650) 839-5070<br>Facsimile:  (650) 839-5071 |
| Attorneys for Plaintiff and<br>Counterclaim Defendant<br>BROADCOM CORPORATION<br>(Additional Counsel Listed on<br>Signature Page) | Attorneys for Defendant and<br>Counterclaim Plaintiff<br>EMULEX CORPORATION<br>(Additional Counsel Listed on<br>Signature Page) |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

| | |
|---|---|
| BROADCOM CORPORATION,<br><br>**Plaintiff,**<br><br>v.<br><br>EMULEX CORPORATION,<br><br>**Defendant.**<br><br><br>**And Related Counterclaims** | CASE No. SACV09-1058 JVS (ANx)<br>consolidated SACV 10-03963-JVS (ANx)<br><br>**JOINT STATUS REPORT CONCERNING SCHEDULE FOR INJUNCTION PROCEEDINGS**<br><br>Hon. James V. Selna |

Broadcom Corporation ("Broadcom") and Emulex Corporation ("Emulex") submit this Joint Status Report following the Telephone Scheduling Conference held Tuesday, October 25, 2011, at 9:00 a.m.

During the Scheduling Conference, the parties represented that they would meet and confer to propose a schedule for briefing and hearing Broadcom's expected motion for a permanent injunction, following the Court's final judgment concerning infringement and obviousness of U.S. Patent No. 7,058,150 (the "'150 patent").

The parties were unable to reach agreement on a proposed schedule. The parties' alternative proposed schedules for injunction proceedings are set out below, followed by position statements explaining the respective proposals:

| Event | Broadcom's Proposal | Emulex's Proposal |
|---|---|---|
| Broadcom Serves Proposed Permanent Injunction on Emulex | Completed November 16, 2011 | |
| Broadcom Submits Motion and Opening Brief in Support of Injunctive Relief and Any Accompanying Declarations | January 6, 2012 | If the Court finds the '150 patent both valid and infringed, and if the Court wishes to conduct the injunction hearing before the retrial of other claims on which on verdict was reached:<br><br>January 6, 2012 |
| Emulex Completes Depositions of Any Declarants offered by Broadcom | January 16, 2012 | January 20, 2012 |
| Emulex Submits Opposition Brief and Any Accompanying Declarations | January 23, 2012 | February 3, 2012 |
| Broadcom Completes Depositions of Any Declarants offered by Emulex | January 30, 2012 | February 17, 2012 |

| Event | Broadcom's Proposal | Emulex's Proposal |
|---|---|---|
| Broadcom Submits Reply Brief | February 3, 2012 | February 24, 2012 |
| Argument on Broadcom's Motion | At the Convenience of the Court Following Completion of Briefing | |

I.  **BROADCOM'S POSITION**

Broadcom respectfully asks that the Court address Broadcom's request for injunctive relief as quickly as possible. Of the four products found to infringe the '150 patent, three are sold heavily into the 10 gigabit Ethernet ("10GbE") market—the BE2, the BE3, and the Lancer (now marketed as the XE201). As the trial record made clear, Broadcom and Emulex are direct competitors in the 10GbE market. (*See, e.g.*, Trial Tr. Sept. 21, 2011, at 139:10-140:5.) Since trial, Emulex now claims to be the market leader in 10GbE, and has claimed that it is "building momentum." (*See* Emulex Press Release: Emulex Continues 10Gb Ethernet (10GbE) Market Share Gains for Fifth Consecutive Quarter, Nov. 18, 2011, available through *www.emulex.com*). The 10GbE market is about to undergo a what Emulex itself calls a "major transition" early next calendar year—known generally as the "Romley transition" after Intel Corporation's release of the Romley platform. (*See* Emulex Article: 10Gb Ethernet – Ramping on the Rack, November 18, 2011, available at *www.emulex.com/blogs/mantras*). This "major transition" point is when—according to Emulex—Broadcom's and Emulex's customers will begin to "offer almost every server with a 10GbE chip," and the transition will "drive the overall market for 10GbE." (*Id.*)

At present, Broadcom understands that Emulex intends to continue to sell its infringing products into the 10GbE market, even after the Romley transition. (*See* Emulex Press Release: Emulex Required to Pay $387,922 in Patent Trial with

JOINT STATUS REPORT

1  Broadcom, Oct. 13, 2011, available through *www.emulex.com* (statement of
2  Emulex CEO Jim McCluney that "Emulex plans to take appropriate steps to ensure
3  continued product supply and support to our customers.").)  It is important that
4  Broadcom's request for injunctive relief be decided before both Broadcom's and
5  Emulex's customers make final design and purchasing decisions as part of this
6  "major transition."

7  Broadcom disagrees with Emulex's suggestion that injunction proceedings
8  should be stayed until after a retrial on the SerDes and Fibre Channel patents, on
9  which the jury hung.  Particularly given the importance of the upcoming "major
10 transition," there is no reason to delay proceedings on Broadcom's request for
11 injunctive relief under the '150 patent until after a retrial on other patents.

12 Broadcom's proposed schedule is a manageable way to complete briefing on
13 the injunction by early February, without disrupting holiday schedules.  Broadcom
14 provided Emulex a proposed form of injunction on November 16, 2011, so Emulex
15 already knows precisely the scope of the relief that Broadcom is seeking and is
16 presumably already in the process of preparing its briefing and any necessary
17 supporting declarations in opposition to that proposed injunction.  Because
18 Broadcom's request for injunctive relief was already a substantial part of the
19 parties' pretrial discovery, Broadcom does not expect to have more than two or
20 three declarants, to supplement the existing record, and it can make them available
21 for depositions in the window that Broadcom has proposed.  Given the need for
22 market certainty entering the Romley transition, it is important to complete the
23 briefing and discovery process as quickly as possible in January and early
24 February.

25 **II.   EMULEX'S POSITION**

26 First, any discussion of injunctive relief is premature given the pending post-

27

1  trial motions, which may find the '150 patent invalid, or which may order a retrial
2  on infringement.
3         Second, even assuming the Court finds infringement and validity of the '150
4  patent, judicial economy would be best served by postponing a hearing on
5  injunctive relief until after the retrial of other claims on which no verdict was
6  reached.  It makes little sense to have extensive briefing and a hearing on
7  injunctive relief for one patent, when the Court may have to conduct a nearly
8  identical proceeding later depending on the outcome of the retrial.  In fact it was
9  Broadcom, not Emulex, that asked the Court to try all patents together, citing
10 judicial economy.  (*See* Docket No. 388 at 5-7).  Also, the scope of infringement
11 may weigh into the Court's equitable balancing on whether to issue an injunction.
12 Emulex therefore respectfully submits that the Court should conduct the retrial on
13 claims for which no verdict was reached before scheduling a hearing on injunctive
14 relief.
15        As to Broadcom's claim that an immediate injunction hearing is necessary
16 because of the Romley design cycle, Emulex respectfully notes that Broadcom's
17 position is contradicted by its own expert.  Specifically, Broadcom's damages
18 expert, Julie Davis, explicitly considered the impact of the Romley design cycle in
19 her expert report, and opined that Broadcom had allegedly lost sales to Emulex due
20 only to the alleged infringement of the '194 patent family.  Ms. Davis expressly
21 said she did not find lost profits with respect to the '150 patent – in her opinion,
22 there was no evidence to indicate that the alleged infringement of the '150 patent
23 was the reason for any Romley design wins going to Emulex instead of Broadcom.
24 Consequently, even before Broadcom dropped its demand for lost profits damages
25 before trial, Ms. Davis had already concluded that a reasonable royalty was the
26 only appropriate remedy for the '150 patent.  The record in this case simply does
27

1 not support Broadcom's assertion that it is being irreparably harmed for the
2 alleged infringement of the '150 patent or that money damages (i.e., an ongoing
3 royalty) would be inadequate to compensate for any alleged harm.
4     Third, assuming that the Court wishes to proceed with briefing on injunctive
5 relief before conducting a retrial, Emulex respectfully submits that Broadcom's
6 proposed schedule is too compressed.  Broadcom has still not identified what
7 declarants it intends to submit to support its injunction request.  Thus Emulex does
8 not know how many depositions will be necessary, and it is difficult to determine
9 with any finality what declarations Emulex will need to respond.  Broadcom's
10 proposed schedule provides for only a week to conduct depositions, and roughly
11 two weeks for Emulex to obtain rebuttal declarations.  Since declarations in
12 support of Emulex are likely to be needed from third-parties, responding to the
13 content of the future submissions by Broadcom, the time schedule proposed by
14 Broadcom is too compressed to allow an adequate response by Emulex.  Emulex's
15 proposed schedule is more reasonable, and only extends the overall schedule by
16 three weeks.

20 Respectfully submitted,

22 Dated:  December 7, 2011        By: /s/ Louis W. Tompros

            WILLIAM F. LEE (admitted *pro hac vice*)
            (william.lee@wilmerhale.com)
            DOMINIC E. MASSA (admitted *pro hac vice*)
            (dominic.massa@wilmerhale.com)

| | |
|---|---|
| 1 | JOSEPH J. MUELLER (admitted *pro hac vice*) |
| | (joseph.mueller@wilmerhale.com) |
| 2 | LOUIS W. TOMPROS (admitted *pro hac vice*) |
| | (louis.tompros@wilmerhale.com) |
| 3 | WILMER CUTLER PICKERING |
| | HALE AND DORR LLP |
| 4 | 60 State Street |
| | Boston, MA 02129 |
| 5 | Telephone: (617) 526-6000 |
| | Facsimile: (617) 526-5000 |
| 6 | |
| 7 | Attorneys for Attorneys for Plaintiff and Counterclaim Defendant |
| | BROADCOM CORPORATION |
| 8 | |
| 9 | |
| 10 | Dated: December 7, 2011        By: /s/ Jonathan Lamberson |
| 11 | |
| 12 | JUANITA R. BROOKS (SBN 75934) |
| | (brooks@fr.com) |
| 13 | FISH & RICHARDSON P.C. |
| | 12390 El Camino Real |
| 14 | San Diego, CA 92130 |
| | Telephone: (858) 678-5070 |
| 15 | Facsimile: (858) 678-5099 |
| 16 | DAVID M. BARKAN (SBN 160825) |
| | (barkan@fr.com) |
| 17 | FISH & RICHARDSON P.C. |
| | 505 Arguello Street, Suite 500 |
| 18 | Redwood City, CA 94063-1526 |
| | Telephone: (650) 839-5070 |
| 19 | Facsimile: (650) 839-5071 |
| 20 | JOSEPH V. COLAIANNI, JR. |
| | (Admitted Pro Hac Vice) |
| 21 | (colaianni@fr.com) |
| | FISH & RICHARDSON P.C. |
| 22 | 1425 K. Street, NW |
| | Washington, DC 20005 |
| 23 | Telephone: (202) 783-5070 |
| | Facsimile: (202) 783-2331 |
| 24 | THOMAS H. REGER II |
| | (Admitted Pro Hac Vice) |
| 25 | (reger@fr.com) |
| | FISH & RICHARDSON P.C. |
| 26 | 1717 Main Street |
| | Dallas, TX 75201 |
| 27 | |

JOINT STATUS REPORT

| | |
|---|---|
| 1 | Telephone: (214) 747-5070<br>Facsimile: (214) 747-2091 |
| 2 | |
| 3 | WASIF H. QURESHI<br>(Admitted Pro Hac Vice)<br>(qureshi@fr.com)<br>FISH & RICHARDSON P.C.<br>1 Houston Center<br>1221 McKinney Street<br>Houston, TX 77010<br>Telephone: (713) 654-5300<br>Facsimile: (713) 652-0109 |
| 4 | |
| 5 | |
| 6 | |
| 7 | RANDALL WICK (SBN 95584)<br>(randall.wick@emulex.com)<br>EMULEX CORPORATION<br>3333 Susan Street<br>Costa Mesa, CA 92626-7112<br>Telephone: (714) 885-3691<br>Facsimile: (714) 641-0172 |
| 8 | |
| 9 | |
| 10 | |
| 11 | Attorneys for Defendant<br>and Counterclaim Plaintiff<br>EMULEX CORPORATION |
| 12 | |

*Broadcom Corporation v. Emulex Corporation*,
Case Nos. SACV09-1058 JVS (ANx) and SACV 10-03963-JVS (ANx)

# PROOF OF SERVICE

Fed. R. Civ. P. 5(b) & L.R. 5-3

I, Jason H. Liss, hereby certify that a copy of the foregoing *Joint Status Report Concerning Schedule for Injunction Proceedings* was served upon the following parties as indicated below on this 7th day of December, 2011.

**For Emulex Corporation:**

| | |
|---|---|
| smg@jmbm.com<br>broadcom-emulex@fr.com<br>broadcomemulexservice@tklaw.com<br>(email addresses for service on Emulex per agreement of the parties) | ☐ Via Hand Delivery<br>☐ Via Overnight Courier (1 copy)<br>☐ Via Facsimile<br>☒ Via Electronic Mail (1 copy) |

I certify under penalty of perjury that the foregoing is true and correct.

/s/ Jason H. Liss
Jason H. Liss

JOINT STATUS REPORT

9

ACTIVEUS 91546882v5