UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 09-01058-JVS (ANx)<br>consolidated CV 10-03963-JVS (ANx) | Date | December 16, 2011 |
| Title | Broadcom Corp. v. Emulex Corp., et al. | | |

Present: The Honorable    James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (In Chambers) Order Denying Defendant's Motion for Judgment as a Matter of Law on the Basis of Non-Infringement (Count 4) (Fld 11-9-11, #950) and Granting Plaintiff's Motion for Judgment as a Matter of Law on the basis of Infringement of '691 Patent (Fld 11-9-11, #957)

      Broadcom Corporation ("Broadcom") contended at trial that Emulex Corporation ("Emulex") infringed Claim 7 of its U.S. Patent No. 7,471,691 ("'691 Patent"). The jury was unable to reach a verdict on these claims. (Docket Nos. 896, Special Verdict, Question Nos. 21, 22.) At the close of evidence, Broadcom moved for judgment as a matter of law. (Docket No. 853, p.1.) Similarly, Emulex moved for judgment as a matter of law. (Docket No. 862, pp. 20-25.) The Court did not rule on the motions, and submitted the '691 claims to the jury. Broadcom now renews its earlier motion. (Docket No. 957) Emulex does so as well. (Docket No. 950.) The Court grants Broadcom's motion, and denies Emulex' motion.

I.   <u>Legal</u> <u>Standards.</u>

      If the opposing party has been fully heard on an issue, a party may move for judgment as a matter of law. (Fed. R. Civ. P. 50(a).) If the motion is denied, motion may be renewed:

> No later than 28 days after the entry of judgment--or if the motion addresses a jury issue not decided by a verdict, no later than 28 days after the jury was discharged--the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-01058-JVS (ANx) consolidated CV 10-03963-JVS (ANx) | Date | December 16, 2011 |
|---|---|---|---|
| Title | Broadcom Corp. v. Emulex Corp., et al. | | |

(Fed. R. Civ. P. 50(b).) On a Rule 50(b) motion, the Court may take any of the following actions: "1) allow judgment on the verdict, if the jury returned a verdict; (2) order a new trial; or (3) direct the entry of judgment as a matter of law." (Fed. R. Civ. 50(b)(1)-(3).)

Judgment as a matter of law is appropriate where the uncontroverted evidence permits only one conclusion. Geo. M. Martin Co. v. Alliance Machine Systems Int'l LLC, 618 F.3d 1294, 1300 (Fed. Cir. 2010), 1049, citing White v. Ford Motor Co., 312 F.3d 998, 1010 (9th Cir.2002).

III.   Discussion.

The central issue dividing the parties is whether Claim 7 requires that certain functions must be performed by the port circuits, or whether such functions can be initiated by the port circuits but performed with the assistance of other hardware, e.g., the router. Emulex is emphatic that the ports must performs all the functions. (Emulex Motion, pp. 2-3.)[1] Broadcom takes the opposing view. (Broadcom Motion, p. 13.) In some sense, this a post-trial reprise of Emulex' motion for summary judgment which the Court denied. (Docket No. 718, pp. 2-4.)

Figure 4 of the '691 Patent illustrates performance of the required functions through the use of the router. The general rule is that a claim will be interpreted to include disclosed embodiments in the specification where not clearly at odds with the claim. In re Katz Interactive Call Processing Patent Litigation, 639 F.3d 1301, 1324 (Fed. Cir. 2011); Oatey Co. v. IPS Corp., 514 F.3d 1271, 1276-77 (Fed. Cir. 2008). A contrary course is "rarely, if ever, correct." Vitronics Corp. v. Conceptronic, Inc., 90 F.3d 1576, 1583 (Fed. Cir. 1996). Emulex' own witness, Bruce Warren ("Warren"), testified to the similarity between the invention in Figure 4 and Emulex' InSpeed products. (Tr. Sept. 30, 2011, pp. 227-28; compare '691 Patent, Figure 4 with PDX-8.)

Even if the maxim of inclusion were absent, the case law clearly recognizes that functions within a claim may be carried out through intermediary steps or hardware. Friskit, Inc. v. Real Networks, Inc., 306 Fed. App'x 610, 615 (Fed. Cir. 2009) (use of a mini-browser as an intermediary to effect control); Linear Technology Corp. v. Int'l

---

[1] Curiously, Emulex denied this formulation of the question, but that position is at odds with its brief. (Emulex Motion, pp. 2-3.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 09-01058-JVS (ANx) consolidated CV 10-03963-JVS (ANx) | Date | December 16, 2011 |
| Title | Broadcom Corp. v. Emulex Corp., et al. | | |

Trade Comm'n, 566 F.3d 1049, 1056-57 (Fed. Cir. 2009) (rejecting the notion that the law of infringement "would allow an accused infringer to evade infringement by merely identifying an intermediary signal or component that allegedly breaks the chain of causation"; internal quotation marks omitted).

Broadcom's careful recitation of the testimony of Emulex experts Warren and Gary Warden ("Warden") makes plain that all of the required functions of Claim 7 are performed by Emulex' Inspeed products, albeit through the intermediary of the router.

- Warden conceded that the InSpeed products have a table that keeps score and tracks the status of the ports. (Tr. Oct. 4, 2011, p. 89.)

- The devices have a score board table and a routing table. (Id., p. 90.)

- The ports communicate through the router to populate the tables. (Id., pp. 92-93.)

- Signals initiated by the ports will flow through the router to effect a search of the tables. (Id., p. 95; Tr. Sept. 30, 2011, p. 214-215.) The ports "trigger" the searches. (Tr. Oct. 4, 2011, p. 136.)

- The ports also communicate with one another. (Id., p. 100.)

- Significantly, the operative signals are generated by the ports, and the router does not initiate operative signals. (Tr. Sept. 30, 2011, pp. 216-217.)

This testimony of Emulex' own witnesses makes the *prima facie* case, a significant point where the party moving for JMOL has the burden. Nobelpharma AB v. Implant Innovations, Inc., 141 F.3d 1059, 1065 (Fed. Cir. 1998). Moreover, Broadcom's Appendix A summarizes all the testimony that supports its *prima facie* case, not just the testimony of Emulex' experts, and there is no material dispute.

The foregoing summary was set forth in the Court's written tentative ruling issued three days prior to the hearing. At oral argument, Emulex did not argue that the Court had misquoted the Emulex witnesses, but rather invited the Court to consider the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 09-01058-JVS (ANx) consolidated CV 10-03963-JVS (ANx) | Date | December 16, 2011 |
| Title | Broadcom Corp. v. Emulex Corp., et al. | | |

following passage from Warden's testimony:

```
12   Q   Mr. Warden, that table receives the information from

13       the ports; correct?

14   A   The router -- you're talking about the scoreboard

15       table?  No, it does not.

16   Q   Mr. Warden, the scoreboard table in the Emulex router

17       keeps the information it receives from the ports;

18       correct?

19   A   No, it does not.

20   Q   If the ports never communicated with the router, the

21       scoreboard table would be empty; isn't that right?

22   A   No.

23   Q   How would it know what the status of the ports is

24       without receiving communications from the ports?

25   A   The router makes the connections itself.  As it makes

 1       connections, it puts that status into its own table.

 2       So the ports don't actually send any message that says

 3       I am now busy, put this in a table, or update the table
```

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-01058-JVS (ANx)<br>consolidated CV 10-03963-JVS (ANx) | Date | December 16, 2011 |
|---|---|---|---|
| Title | Broadcom Corp. v. Emulex Corp., et al. | | |

```
      4      for me.  Nothing like that occurs.
```

(Tr. Oct. 4, 2011, pp. 89-90.)  Whatever the seeming merit of the testimony, Warden gave it back in the passages which immediately followed:

```
     14   Q   And the information that goes into that table, the
     15       routing table, again comes from the ports; correct?
     16   A   Again, not directly or exactly.  But in your manner of
     17       speaking, I think I understand what you're saying, yes.
     18   Q   Let's be clear.  The information that's in the routing
     19       table in the Emulex products comes from the ports;
     20       correct?
     21   A   Flows through the ports, yes.
```

(Id., p. 92; emphasis supplied.)

```
      7   Q   In the Emulex products the truth is the ports and not
      8       the router initiate the communications; correct?
      9   A   Initiate the communications, make a request, yes.
     10   Q   It's the ports that start the process; correct?
     11   A   That start the process, yes.
     12   Q   That's exactly what Mr. Warren told us last week.
```

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 09-01058-JVS (ANx)<br>consolidated CV 10-03963-JVS (ANx) | Date | December 16, 2011 |
| Title | Broadcom Corp. v. Emulex Corp., et al. | | |

```
13      Without the ports nothing would happen; correct?

14  A   It's essentially saying that without connecting nodes

15      to the switch, nothing happens.  Correct.
```

(Id., p. 95; emphasis supplied.)[2]

When the passage which Emulex quoted at oral argument is parsed, it is clear that Warden's statements are dependent on his incorrect view that the router must excluded from the analysis.  That view is wrong.  Friskit, Inc. v. Real Networks, Inc., 306 Fed. App'x at 615; Linear Technology Corp. v. Int'l Trade Comm'n, 566 F.3d at 1056-57.

In light of the foregoing, Warden's non-infringement opinion carries no weight, and does not create an issue of fact that would bar judgment as a matter of law.[3]

III.    Conclusion.

---

[2] A bit later in the examination, Warden elaborated further on the role of the ports:

```
3   Q   Dr. Warden, that's exactly what happens in the Emulex
4       products.  The ports trigger the searches; correct?
5   A   Yes, they do.
6   Q   They trigger the search of the routing table; correct?
7   A   Yes.
8   Q   They trigger the search of the scoreboard table;
9       correct?
10  A   Yes.
11  Q   And that's Fig. 4; correct?
12  A   Yes.
```

(Tr. Oct. 4, 2011, p. 136.)

[3] The Court need not address Broadcom's claim for infringement under doctrine of equivalents ("DOE").  But as with its defense to the direct infringement claim, Emulex' defense to the DOE claims rests almost exclusively on the theory that the router not the ports must perform certain functions.  (See Emulex Motion, pp. 13-14.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 09-01058-JVS (ANx)<br>consolidated CV 10-03963-JVS (ANx) | Date | December 16, 2011 |
|---|---|---|---|
| Title | Broadcom Corp. v. Emulex Corp., et al. | | |

Broadcom's renewed motion for judgment as a matter of law with respect to Claim 7 of '691 Patent is granted, and the Court grants a new trial on the issues of damages and willfulness.[4] Emulex' renewed motion for judgment as a matter of law with respect to Claim 7 of the '691 Patent is denied.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | kjt | | |

---

[4] The jury did not address the issue of willfulness. (Docket Nos. 896, Special Verdict, Question No. 22.)