UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 09-01058-JVS (ANx)<br>consolidated CV 10-03963-JVS (ANx) | Date | December 16, 2011 |
|---|---|---|---|
| Title | Broadcom Corp. v. Emulex Corp., et al. | | |

| Present: The Honorable | James V. Selna | |
|---|---|---|
| | Karla J. Tunis | Not Present |
| | Deputy Clerk | Court Reporter |
| | Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| | Not Present | Not Present |

**Proceedings:** (In Chambers) Order Denying Defendant's Motion for Judgment as a Matter of Law on the Basis of Non-Infringement of the '150 Patent (Fld 11-9-11, #948)

      The jury returned a damages verdict in favor of Broadcom Corporation ("Broadcom") on its claim that Emulex Corporation ("Emulex") infringed United States Patent No. 7,058,150 ("'150 Patent"). (Docket No. 896, Special Verdict, Question No. 16.) At the close of evidence, Emulex moved for a judgment of non-infringement as a matter of law. (Docket No. 862, 11-14.) The Court did not explicitly rule of the motion. (Tr. Oct. 5, 2011, p. 185.) Broadcom also moved for a directed verdict on the issue of infringement, which the Court granted. (Tr. Oct. 5, 2011, p. 183.) Emulex styles the present motion as a Renewed Motion for Judgment as a Matter of Law. (Docket No. 948.) However, the principal relief which it seeks in the body of the motion is limited to reconsideration of the Court's directed verdict in favor of Broadcom and a new trial. (Id., pp 4-5 & n.2.) At oral argument, Emulex clarified that on post-trial motion, it simply seeks a new trial. Nevertheless, the Court considers the full scope of the motion as filed

I.    <u>Legal</u> <u>Standards.</u>

      If the opposing party has been fully heard on an issue, a party may move for judgment as a matter of law. (Fed. R. Civ. P. 50(a).) If the motion is denied, motion may be renewed:

> No later than 28 days after the entry of judgment--or if the motion addresses a jury issue not decided by a verdict, no later than 28 days after the jury was discharged--the movant may file a renewed motion for judgment as a matter

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-01058-JVS (ANx)<br>consolidated CV 10-03963-JVS (ANx) | Date | December 16, 2011 |
|---|---|---|---|

| Title | Broadcom Corp. v. Emulex Corp., et al. |
|---|---|

of law and may include an alternative or joint request for a new trial under Rule 59.

(Fed. R. Civ. P. 50(b).) On a Rule 50(b) motion, the Court may take any of the following actions: "1) allow judgment on the verdict, if the jury returned a verdict; (2) order a new trial; or (3) direct the entry of judgment as a matter of law." (Fed. R. Civ. 50(b)(1)-(3).)

Even though a renewal of a motion under Rule 50(b) is a *de facto* motion for reconsideration, there is no basis to import the separate requirements for reconsideration found in Rule 59(e) of the Federal Rules of Civil Procedure or Local Rule 7-18.

The analysis is different to the extent that Emulex explicitly invites the Court to reconsider its directed verdict of infringement in favor of Broadcom. Rule 59(e) provides: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Such motions have been construed a motion for reconsideration. See Network Signatures, Inc. v. ABN-AMRO, 2007 WL 7601871 at * 1 (C.D. Cal. Apr. 10, 2007). This brings into play the Local Rule governing motions reconsideration:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

(Local Rule 7-18.)

Broadcom argues that the requirements for reconsideration have not been met here. (Opposition, pp. 5-7.) While the requirements for reconsideration may be lacking here, the Court nevertheless reaches the merits of Emulex' position in view of its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 09-01058-JVS (ANx) consolidated CV 10-03963-JVS (ANx) | Date | December 16, 2011 |
| Title | Broadcom Corp. v. Emulex Corp., et al. | | |

separate Rule 50(a) motion to which its references as a "Renewal" in the style of its motion.

In marshaling the law for granting a motion for a judgment as a matter of law in favor of a party bearing the burden, Emulex notes that such grants are unusual. (Motion, pp. 4-5.) The Federal Circuit requires that "(1) the movant has established [its] case by evidence that the jury would not be at liberty to disbelieve and (2) the only reasonable conclusion is in [the movant's] favor." Nobelpharma AB v. Implant Innovations, Inc., 141 F.3d 1059, 1065 (Fed. Cir. 1998) (internal quotation marks omitted). However, "an admission made by [an opponent's] witness can be sufficient to support entry of a JMOL in favor of a [moving party] . . . , even where the defendant bears the burden of proof on the decided issue." (Id., citing, e.g., Falco Lime, Inc. v. Tide Towing Co., 29 F.3d 362, 365-66 (8th Cir.1994).)

II. Discussion.

On Broadcom's directed verdict motion, the argument focused on whether the interpolator control module ("ICM") met the limitations of Claim 8 of the '150 patent. The main issue was whether the ICM reduced the offset between the sampling signal and the data signal all of the time or only some of the time. (Docket No. 861, pp. 1-9.)[1] Emulex' expert Dr. Nikolic conceded that the accused device reduced the offset at least some of the time. (Tr. Sept. 30, 2011, p. 92.) Given that part-time infringement by a device is sufficient to establish infringement,[2] the Court directed a verdict of infringement. The Court believes that conclusion remains correct. Moreover, in light of Broadcom's burden on the issue, Dr. Nikolic's concession is particularly significant. Nobelpharma AB, 141 F.3d at 1065.

---

[1] Emulex devoted less that a full page to Broadcom's asserted failure to meet "Other Limitations." (Docket 861, pp. 9-10.) In its separate so-called "Omnibus" motion, Emulex does provide a more detailed statement of its grounds for relief. (Docket No. 862, pp. 11-12.)

[2] Bell Communications Research, Inc. v. Vitalink Communications Corp., 55 F.3d 615, 622-23 (Fed. Cir. 1995) ("accused product that sometimes, but not always, embodies a claimed method nonetheless infringes"). See Paper Converting Machine Co. v. Magna-Graphics Corp., 745 F.2d 11, 20(Fed. Cir.1984) ("[I]mperfect practice of an invention does not avoid infringement.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-01058-JVS (ANx)<br>consolidated CV 10-03963-JVS (ANx) | Date | December 16, 2011 |
|---|---|---|---|

| Title | Broadcom Corp. v. Emulex Corp., et al. |
|---|---|

      The Court believes that with respect to each of the accused products, Broadcom presented sufficient uncontroverted evidence to compel a finding of infringement as a matter of law. With respect to each of the SOC 422, BE3, Lancer, and BE2, Dr. Stojanovic explained:

      • Each device had an ICM as required by Claim 8.[3]

      • He explained the circuitry and how it worked.[4]

      • In most cases, he referenced the schematics.[5]

Emulex fares no better with the claim that Dr. Stojanovic failed to explain the type of ICM in the accused products. He explained that infringement occurs whether there is a first-order of a second-order loop. (Tr. Sept. 27, 2011, pp. 185-86.) Moreover, as a matter of claim construction, Markman v. Western Instruments, Inc., 517 U.S. 370 (1996), there is no limitation in the claim on the type of ICM. ('150 Patent, col. 38, l. 52-col. 39, l. 5.)

      Emulex' contention that there was a role for the jury to play rests upon a list of uncontroverted facts, the weight of which was not sufficient to create a material issue of fact. (Motion, p. 13.) For example, Dr. Stojanovic did not review the RTL code,[6]

---

[3]Tr. Sept. 27, 2011, p. 129 (SOC422); id., p. 142 (BE3); id., p. 148 (Lancer); id., p. 158 (BE2).

[4]Tr. Sept. 27, 2011, pp. 129-30 & JX 388 (SOC422); Tr. Sept. 27, 2011, pp. 142-44 & JX 154 (BE3); Tr. Sept. 27, 2011, pp. 148–49 & JX 69 (Lancer); Tr. Sept. 27, 2011, p. 158 (BE2).

[5]Tr. Sept. 27, 2011, pp. 129-30 & JX 388 (SOC422); Tr. Sept. 27, 2011, pp. 142-44 & JX 154 (BE3); Tr. Sept. 27, 2011, pp. 148–49 & JX 69 (Lancer). Analysis of the BE2 was based on drawings developed by reverse engineering. (Tr. Sept. 27, 2011, p. 158.)

[6]He did contend that such a view was unnecessary. (Tr. Sept. 27, 2011, p. 166.) Moreover, the same information could be derived from schematics. (Id., 166-67, discussing SOC 442.) Emulex cited to Dr. Le's view at oral argument. However, he testified that the RTL code was the best place to look to understand the operation of a circuit, not the only place. (Sept. 27, 1011, pp. 92-93.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-01058-JVS (ANx) consolidated CV 10-03963-JVS (ANx) | Date | December 16, 2011 |
|---|---|---|---|

| Title | Broadcom Corp. v. Emulex Corp., et al. |
|---|---|

physically examine the devices, or perform testing on the accused devices.[7] But taking these matters as true, it does not amount to a failure of proof. Such arguments would be more compelling if there were evidence that such steps were necessary.[8]

At oral argument, Emulex asserted a complete failure of proof on one element of Claim 8: the requirement that the ICM rotate the interpolated phase of the sampling signal "at a rate corresponding to a frequency offset" so as to reduce the offset between the sampling signal and the serial data signal. There are several answers to this attack.

First, Broadcom counsel told Dr. Stojanovic that when he would be inquiring about Claim 8, he was referring to the entire content of the claim. (Tr. Sept. 27, 2011, p. 8.) He then proceeded to read the claim language. (Id., pp. 122-23.) The Court agrees that had counsel gone no farther, and simply asked a blanket question about infringement of each accused product, this would amount to mere conclusion about the "at a rate" requirement, insufficient to prove infringement. Intellectual Science & Technology, Inc. v. Sony Electronics, Inc. 589 F.3d 1179, 1184 (Fed. Cir. 2009); Kim v. Conagra Foods, Inc., 465 F.3d 1312, 1320 (Fed. Cir. 2006) (conclusory expert testimony about effects of additional ingredients in product rejected).

But, second, and more telling, Dr. Stojanovic's description of the how the invention works and his description of each accused product make clear that for the device to work the shift must be at a rate corresponding to the offset. This is most clearly seen in Dr. Stojanovic's example:

    21    Now, for example, if the incoming data was coming

    22    at 10 gigabits per second, that means 10 billion bits

    23    in a second. The frequency offset would be if the

---

[7] He did testify that testing was unnecessary. (Tr. Sept. 27, 2011, p. 186.)

[8] Broadcom notes that Dr. Nikolic did not address the significance of these issues. (Opposition, pp. 10-11.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-01058-JVS (ANx)<br>consolidated CV 10-03963-JVS (ANx) | Date | December 16, 2011 |
|---|---|---|---|
| Title | Broadcom Corp. v. Emulex Corp., et al. | | |

    24     sampling signal told the sampler, for example, sample

    25     at 9.99 giga samples per second.

    1      So what this means is that in one second,

    2     10 billion bits will be coming in, but the sampler

    3     would only take 9,999,000,000 measurements.  So there

    4     will be 10 million measurements missing.  It would lose

    5     10 million bits.  <u>The job of the interpolator control</u>

    6     <u>module is to correct for this</u>.

(Sept. 27, 2011, pp. 131-32; emphasis supplied; <u>see also id.</u>, pp 135-36.)  Inherent in Dr. Stojanovic's use of the term ICM is that the device will create a shift in the signal at a rate so as to reduce the offset, here 10 million measurement, or bits.

    That is specifically what he said about the SOC 442:

    20  A   . . . the interpolator control module

    21     tries to maintain frequency synchronization or match

    22     between the incoming data stream and the sampling that

    23     happens in the receiver.  <u>That's what this SOC 442</u>

    24     <u>does.</u>

(<u>Id.</u>, p. 130; emphasis supplied.)  He testified similarly with respect to each of the other

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-01058-JVS (ANx)<br>consolidated CV 10-03963-JVS (ANx) | Date | December 16, 2011 |
|---|---|---|---|
| Title | Broadcom Corp. v. Emulex Corp., et al. | | |

accused products: BE3 (id., p. 142), Lancer (id., p. 148-49),[9] BE 2 (id., p. 158.)

      Where the only evidence of meeting the limitations is not controverted and is sufficient, arguments about the quantum of proof do not create a material issue of fact sufficient to deny judgment as a matter of law.  What a plaintiff might have presented matters not if the plaintiff submitted an uncontroverted *prima facie* case.

III.    Conclusion.

      The Court denies Emulex' motion of for reconsideration of the directed verdict of infringement.  The Court denies all relief on Emulex' renewed Rule 50(a) motion.  The Court specifically finds that the determination of infringement is not against the great weight of the evidence, and thus, a new trial is not warranted.  Digidyne Corp. v. Data General Corp., 734 F.2d 1336, 1347 (9th Cir. 1984).

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | kjt | | |

---

[9]    21  A   If we go to document JX 69, page 7468900, in figure 27

        22     we see this receiver functional block diagram, and

        23     again there is a timing recovery module.  That's our

        24     interpolator control module, and it's coupled to the

        25     rest of the receive lane through error and data signals

        1     and producing the phase correction.

(Tr. Sept. 27, 2011, pp. 148-49.)