UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 09-01058-JVS (ANx) consolidated CV 10-03963-JVS (ANx) | Date | December 16, 2011 |
| Title | Broadcom Corp. v. Emulex Corp., et al. | | |

Present: The Honorable  James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   (In Chambers) Order Denying Plaintiff's Motion for Judgment as a Matter of Law on the basis of Infringement of Claim 1 of the '194 Patent and Claim 5 of the '124 Patent (Fld 11-9-11, #960)

   Broadcom Corporation ("Broadcom") contended at trial that Emulex Corporation ("Emulex") infringed its SerDes patents, the '194 Family: U.S. Patent Nos. 6,424,194 ("'194 Patent"), 7,468,124 ("'124 Patent"), and 7,724,057 ("'057 Patent"). At the close of evidence Broadcom moved for judgment as a matter of law on these claims. (Docket No. 853, p.1.) The Court did not rule on the motion, and submitted the claims to the jury. The jury was unable to reach a verdict on these claims. (Docket Nos. 896, Special Verdict, Question Nos. 1, 3, and 5).[1] Broadcom now renews its earlier motion only as to certain Emulex devices: BE3 and QT2025 under Claim 1 of the '194 Patent and SOC 442 under Claim 5 of the '124 Patent. (Docket No. 960)

I.   Legal Standards.

   If the opposing party has been fully heard on an issue, a party may move for judgment as a matter of law. (Fed. R. Civ. P. 50(a).) If the motion is denied, motion may be renewed:

> No later than 28 days after the entry of judgment--or if the motion addresses a jury issue not decided by a verdict, no later than 28 days after the jury was

---

[1] The jury thus necessarily did not address the issue of willfulness. (Docket No. 896, Special Verdict, Question Nos. 2, 4, 6.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 09-01058-JVS (ANx) consolidated CV 10-03963-JVS (ANx) | Date | December 16, 2011 |
| Title | Broadcom Corp. v. Emulex Corp., et al. | | |

discharged--the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59.

(Fed. R. Civ. P. 50(b).) On a Rule 50(b) motion, the Court may take any of the following actions: "1) allow judgment on the verdict, if the jury returned a verdict; (2) order a new trial; or (3) direct the entry of judgment as a matter of law." (Fed. R. Civ. 50(b)(1)-(3).)

Judgment as a matter of law is appropriate where the uncontroverted evidence permits only one conclusion. Geo. M. Martin Co. v. Alliance Machine Systems Int'l LLC, 618 F.3d 1294, 1300 (Fed. Cir. 2010), citing White v. Ford Motor Co., 312 F.3d 998, 1010, 1049 (9th Cir.2002).

III.  Discussion.

    A.  '194 Patent.

At the heart of the dispute with respect to the BE3 and QT2025 is the last limitation in Claim 1 of the '194 Patent:

> wherein the first circuitry comprises an input circuit that is implemented using $C^3MOS$ logic, and is configured to deserialize the first signal into a plurality of low frequency signals.

('194 Patent, col. 8, l. 61-col. 9, l. 15.) The issue is whether $C^3MOS$ logic must be used as part of the deserialization process. Broadcom takes the position that it need not. (Motion, p. 1 & *passim.*) Contrary to Emulex' contention,[2] no new Markman construction is necessary to validate Broadcom's position. The Court in fact construed the term "implemented using," and found it to be an open-ended term akin to "comprising":

> The Court finds first that "implemented using" is open-ended and means "including but not limited to." Nothing in the usage of this phrase in the

---

[2] Broadcom Corp. v. Qualcomm Inc., 543 F.3d 683, 694 (Fed. Cir. 2008), is simply inapposite.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 09-01058-JVS (ANx)<br>consolidated CV 10-03963-JVS (ANx) | Date | December 16, 2011 |
| Title | Broadcom Corp. v. Emulex Corp., et al. | | |

> patents suggests a different meaning. The Court finds no prosecution disclaimer here, because there was no "clear and unmistakable" disavowal limiting the full scope of "implemented using." (Pl.'s Reply 14.) Indeed, Figure 9 in fact includes p-channel and n-channel MOSFETs. ('194 Patent, Fig. 9.) Moreover, a point in the specification referring to combined technology ("combined CMOS/C$^3$MOS logic") does not mean that a reference to "C$^3$MOS" by itself means "C$^3$MOS exclusively." The term "implemented using" simply does not have the narrow meaning that Emulex believes it does. Therefore, the Court adopts Broadcom's construction.

(Docket No. 261, p. 17; footnotes omitted.) Thus, there is no requirement that the SerDes function be implemented in C$^3$MOS.[3] That C$^3$MOS logic may be configured to perform deserialization or even does so in some illustrations does not change to scope of the claim. Further, the scope of Claim 5 which does use C$^3$MOS for the deserialization function would support the same position as a matter of claim differentiation.

Here, there is more than ample uncontroverted evidence that C$^3$MOS is present in the circuitry of the BE3[4] and QT2025,[5] and Emulex conceded as much in closing argument. (Tr. Oct. 6, 2011, pp. 146, 151.) This portion of the limitation is met as a matter of law.

Emulex puts great weight on the testimony of Broadcom expert Dr. Fair:

21  Q.  And, for example, the fact that it says "C3MOS" and "is

22  configured to deserialize" means it has to be both; correct?

23  A.  Well, what it says is that -- the input circuit is

---

[3]This is consistent with the patent's specification which notes that "[t]he circuit also employs C$^3$MOS to divided down the frequency of the signals being processed to a low enough frequency where conventional CMOS logic can be used." ('194 Patent, col. 7, ll. 9-12.)

[4]Tr. Sept. 30, 2011, pp. 45-46 (Nikolic).

[5]Tr. Sept. 30, 2011, p. 46 (Nikolic).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-01058-JVS (ANx) consolidated CV 10-03963-JVS (ANx) | Date | December 16, 2011 |
|---|---|---|---|
| Title | Broadcom Corp. v. Emulex Corp., et al. | | |

    24    implemented using C3MOS, and the input circuit is configured

    25    to deserialize.

    1    Q.  Exactly, it's "and" and not an "or" situation; correct?

    2    A.  Yes, it's "and."

(Tr. Sept. 23, 2011, pp. 38-39.) However, as the Court reads the testimony, it is consistent with the Court's construction: The input circuit must contain $C^3MOS$ and it must deserialize. The Court does not believe that Dr. Fair is indicating that deserialization must be implemented in $C^3MOS$.

    Nevertheless, this does raise a question of where the deserializer is. The Court believes that there is a factual dispute between Dr. Fair and Dr. Nikolic on this point. (Tr. Sept. 29, 2011, pp. 109-15.)[6] The Court cannot say that the drawings discussed at length at oral argument–PDX 02-120, PDX 02-126, JX 372, and PDX 02-56–resolve the issue so clearly that JMOL is proper. Thus, this is a case of conflicting opinions. i4i Ltd. Partnership v. Microsoft, 589 F.3d 1246, 1263 (Fed. Cir. 2009).

    The Court declines to grant to judgment as a matter of law under the '194 Patent with respect to the BE3 and QT2025.

    B.    '124 Patent.

    The relevant language in Claim 1 of the '124 Patent, from which Claim 5 depends, provides:

    an output that is operable to transmit the parallel signal by transmitting each

---

[6]Emulex argues that the jury could have rejected Dr. Fair's testimony on credibility grounds, a proposition that would bar judgment as a matter of law in virtually every case. But the principal dispute was over the extent of $C^3MOS$ required for infringement. There was no dispute over the facts; namely, the presence of $C^3MOS$ in the devices. (Tr. Sept. 30, 2011, pp. 45-46 (Nikolic).) The Court would not deny JMOL on this basis.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 09-01058-JVS (ANx) consolidated CV 10-03963-JVS (ANx) | Date | December 16, 2011 |
| Title | Broadcom Corp. v. Emulex Corp., et al. | | |

signal of the plurality of signals.

('124 Patent, col. 8, ll. 38-50.)  The Court focuses on the pair of Q1P and Q1N signals.

According to Dr. Nikolic, one copy of the Q signals is used internally for DC offset compensation, and never leaves the circuit.  (Tr. Sept. 29, 2011, pp. 131-32.)  These signals are thus not "output."  Dr. Nikolic testified that the output of the second set of signals was reserialized in a multiplexer into a single signal, and therefore is not the required parallel output.  (Id., p. 132.)  Emulex' position does not depend on the discredited notion that infringement can be avoided by the addition of processing or structure.  (Motion, p. 20, citing Vivid Technologies, Inc. v. American Science & Engineering, Inc., 200 F.3d 795, 811 (Fed. Cir. 1999.)
Rather the argument, supported by Dr. Nikolic, is that the SOC 442 fails to meet a limitation of the claim.

The conflicting views of the experts on this issue are sufficient to deny judgment as a matter of law.  i4i Ltd., 589 F.3d at 1263.

III.    Conclusion.

The Court denies both portions of Broadcom's motion for judgment as a matter of law.

| | 00 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | kjt | |