1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

**BROADCOM CORPORATION,**

**Plaintiff,**

**v.**

**EMULEX CORPORATION,**

**Defendant.**

**And Related Counterclaims**

CASE No. SACV09-1058 JVS (ANx)
consolidated SACV10-3963-JVS (ANx)

**[PROPOSED] PERMANENT INJUNCTION**

Hon. James V. Selna

## I.    Prohibited Activities—'150 Patent

IT IS HEREBY ORDERED that the defendant Emulex Corporation ("Emulex"), any of its subsidiaries, and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with any or all of them who receive actual notice of this Permanent Injunction (all of said individuals and entities being referred to herein as "Enjoined Parties") are hereby permanently enjoined from infringing or inducing the infringement of claim 8 of U.S. Patent No. 7,058,150 ("'150 Patent"), until the expiration of the patent, by:

(a) making, using, importing, selling, and/or offering to sell in the United States the BladeEngine 2 ("BE2"), BladeEngine 3 ("BE3"), Lancer ("XE201"), and SOC 442 chips, or any device not colorably different therefrom (collectively, the "'150 Enjoined Products"), or any device that includes any '150 Enjoined Product (including, without limitation, Network Adapters, Network Interface Card ("NIC") devices, Converged Network Adapter ("CNA") devices, iSCSI Adapter devices, Converged Fabric Controllers, Ethernet Controller devices, and Application Specific Integrated Circuit (ASIC) devices); and/or

(b) assisting others in making, using, importing, selling, and/or offering to sell in the United States any '150 Enjoined Product and/or any device that includes any '150 Enjoined Product, by engaging in activities including, without limitation, the following: (i) advertising, marketing, or otherwise promoting '150 Enjoined Products and/or any device that includes any '150 Enjoined Product; (ii) entering or fulfilling product orders, or setting, determining, or approving terms of sale, for '150 Enjoined Products and/or any device that includes any '150 Enjoined Product; (iii) providing customer service or other technical support relating to '150 Enjoined Products and/or any device that includes any '150 Enjoined Product; (iv) negotiating or entering into licensing, representative, reseller, or distributor agreements relating to '150 Enjoined Products and/or any device that includes any '150 Enjoined Product; (v) developing, designing, manufacturing, or having manufactured products substantially similar to '150 Enjoined Products and/or any device

[PROPOSED]
PERMANENT INJUNCTION

1  that includes any '150 Enjoined Product; (vi) writing, modifying, or updating software

2  for '150 Enjoined Products and/or any device that includes any '150 Enjoined Product;

3  (vii) designing or modifying circuits for use in '150 Enjoined Products and/or any device

4  that includes any '150 Enjoined Product; (viii) writing, modifying, or updating hardware

5  description language code for use in the design or creation of '150 Enjoined Products

6  and/or any device that includes any '150 Enjoined Product; (ix) taping out '150 Enjoined

7  Products; and/or (x) preparing documentation regarding the operation, use, or intended

8  use of any '150 Enjoined Products and/or any device that includes any '150 Enjoined

9  Product.

10

11  **II.    Prohibited Activities—'691 Patent**

12       IT IS HEREBY ORDERED that the Enjoined Parties are hereby permanently

13  enjoined from infringing or inducing the infringement of claim 7 of U.S. Patent No.

14  7,471,691 ("'691 Patent"), until the expiration of the patent, by:

15       (a) making, using, importing, selling, and/or offering to sell in the United States the

16  SOC 320, SOC 422, SOC 442, and Sequoia products, or any device not colorably

17  different therefrom (collectively, the "'691 Enjoined Products"), or any device that

18  includes any '691 Enjoined Product (including, without limitation, switches, bridges, and

19  Application Specific Integrated Circuit (ASIC) devices); and/or

20       (b) assisting others in making, using, importing, selling, and/or offering to sell in

21  the United States any '691 Enjoined Product and/or any device that includes any '691

22  Enjoined Product, by engaging in activities including, without limitation, the following:

23  (i) advertising, marketing, or otherwise promoting '691 Enjoined Products and/or any

24  device that includes any '691 Enjoined Product; (ii) entering or fulfilling product orders,

25  or setting, determining, or approving terms of sale, for '691 Enjoined Products and/or any

26  device that includes any '691 Enjoined Product; (iii) providing customer service or other

27  technical support relating to '691 Enjoined Products and/or any device that includes any

28  '691 Enjoined Product; (iv) negotiating or entering into licensing, representative, reseller,

**[PROPOSED]
PERMANENT INJUNCTION**

or distributor agreements relating to '691 Enjoined Products and/or any device that includes any '691 Enjoined Product; (v) developing, designing, manufacturing, or having manufactured products substantially similar to '691 Enjoined Products and/or any device that includes any '691 Enjoined Product; (vi) writing, modifying, or updating software for '691 Enjoined Products and/or any device that includes any '691 Enjoined Product; (vii) designing or modifying circuits for use in '691 Enjoined Products and/or any device that includes any '691 Enjoined Product; (viii) writing, modifying, or updating hardware description language code for use in the design or creation of '691 Enjoined Products and/or any device that includes any '691 Enjoined Product; (ix) taping out '691 Enjoined Products; and/or (x) preparing documentation regarding the operation, use, or intended use of any '691 Enjoined Products and/or any device that includes any '691 Enjoined Product.

### III.   Territorial Limitation

The Enjoined Parties are not prohibited by this Injunction from offering to sell or selling '150 Enjoined Products and '691 Enjoined Products (collectively, "Enjoined Products") that are manufactured outside of the United States to customers located outside the United States provided that the following Notice and a copy of this Permanent Injunction is included with the shipped Enjoined Products or with the bill of sale for the Enjoined Products:

> **This Product is subject to a Permanent Injunction entered by the**
> **U.S. District Court for the Central District of California (copy**
> **enclosed).  Among other things, this Product may not be sold, used, or**
> **imported into the United States.**

**[PROPOSED]**
**PERMANENT INJUNCTION**

## IV.  Permissible "Design Around" Efforts

Nothing in this Permanent Injunction shall prohibit the Enjoined Parties from engaging in the design, development, or testing of any product or service which does not infringe the '150 Patent, and which does not infringe the '691 Patent.  Nothing in this Permanent Injunction shall prohibit the Enjoined Parties from engaging in modification of any Enjoined Product so as to eliminate infringement, nor from engaging in design, development, or testing for said purpose.

## V.  Notice

IT IS FURTHER ORDERED that, within 15 days from the date of this signed Permanent Injunction, Emulex shall provide a copy of this Permanent Injunction to its officers, directors, agents, servants, representatives, attorneys, employees, subsidiaries and affiliates, and those persons in active concert or participation with them, including any and all manufacturers, distributors, retailers, service providers, licensees, and other persons who have been, or are reasonably expected to be, directly or indirectly involved in the making, using, selling, offering for sale or importing of any Enjoined Product or any device containing any Enjoined Product, including but not limited to any company to which Emulex has previously directly or indirectly sold or offered for sale one or more of the Enjoined Products, and any company to which Emulex intends in the future directly or indirectly to sell or offer for sale one or more of the Enjoined Products.

IT IS FURTHER ORDERED that, within 15 days from the date of this signed Permanent Injunction, Emulex shall file with the Court and serve on all parties a notice stating the names and addresses of each party that it has notified in compliance with this section.

## VI.  Continuing Jurisdiction

The Court specifically retains jurisdiction to enforce, modify, extend, or terminate this Permanent Injunction as the equities may require upon a proper showing, and to

**[PROPOSED]
PERMANENT INJUNCTION**

1   adopt procedures for resolution of any dispute whether a product not specifically covered

2   by this Permanent Injunction is more than colorably different from the adjudged

3   infringing products.

4

5

6

7   Dated: _____          _____

                                            Hon. James V. Selna
8                                           Judge, United States District Court

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**[PROPOSED]
PERMANENT INJUNCTION**