1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| **BROADCOM CORPORATION,**<br><br>Plaintiff,<br><br>v.<br><br>**EMULEX CORPORATION,**<br><br>Defendant.<br><br>**And Related Counterclaims** | CASE No. SACV09-1058 JVS (ANx)<br>consolidated SACV10-3963-JVS (ANx)<br><br>**SECOND AMENDED [PROPOSED] PERMANENT INJUNCTION**<br><br>Hon. James V. Selna |

I. **Prohibited Activities—'150 Patent**

IT IS HEREBY ORDERED that the defendant Emulex Corporation ("Emulex"), any of its subsidiaries, and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with any or all of them who receive actual notice of this Permanent Injunction (all of said individuals and entities being referred to herein as "Enjoined Parties") are hereby permanently enjoined from infringing or inducing the infringement of claim 8 of U.S. Patent No. 7,058,150 ("'150 Patent"), until the expiration of the patent, by:

(a) making, using, importing, selling, and/or offering to sell in the United States the BladeEngine 2 ("BE2"), BladeEngine 3 ("BE3"), Lancer ("XE201"), and SOC 442 chips, or any device not colorably different therefrom (collectively, the "'150 Enjoined Products"), or any device that includes any '150 Enjoined Product (including, without limitation, Network Adapters, Network Interface Card ("NIC") devices, Converged Network Adapter ("CNA") devices, iSCSI Adapter devices, Converged Fabric Controllers, Ethernet Controller devices, and Application Specific Integrated Circuit (ASIC) devices); and/or

(b) assisting others in making, using, importing, selling, and/or offering to sell in the United States any '150 Enjoined Product and/or any device that includes any '150 Enjoined Product, by engaging in activities including, without limitation, the following: (i) advertising, marketing, or otherwise promoting '150 Enjoined Products and/or any device that includes any '150 Enjoined Product; (ii) entering or fulfilling product orders, or setting, determining, or approving terms of sale, for '150 Enjoined Products and/or any device that includes any '150 Enjoined Product; (iii) providing customer service or other technical support relating to '150 Enjoined Products and/or any device that includes any '150 Enjoined Product; (iv) negotiating or entering into licensing, representative, reseller, or distributor agreements relating to '150 Enjoined Products and/or any device that includes any '150 Enjoined Product; (v) developing, designing, manufacturing, or having manufactured products not colorably different there '150 Enjoined Products and/or any

device that includes any '150 Enjoined Product; (vi) writing, modifying, or updating software for '150 Enjoined Products and/or any device that includes any '150 Enjoined Product; (vii) designing or modifying circuits for use in '150 Enjoined Products and/or any device that includes any '150 Enjoined Product; (viii) writing, modifying, or updating hardware description language code for use in the design or creation of '150 Enjoined Products and/or any device that includes any '150 Enjoined Product; (ix) taping out '150 Enjoined Products; and/or (x) preparing documentation regarding the operation, use, or intended use of any '150 Enjoined Products and/or any device that includes any '150 Enjoined Product.

## II.     Sunset Provision—'150 Patent

With respect to '150 Enjoined Products and devices that include a '150 Enjoined Product, the injunction against activities listed in paragraphs (a) and (b) above shall be stayed until April 11, 2013, subject to the following limitations:

(a) Within 30 days after the close of each calendar quarter, Emulex shall pay to Broadcom an ongoing royalty, consisting of 9% of the selling price of the Emulex product embodying the '150 Enjoined Product, for sales (i) of '150 Enjoined Products and devices that include a '150 Enjoined Product (ii) in the United States or deemed in the United States pursuant to Part V below, and (iii) occurring after October 12, 2011 ("'150 Sunset Sales").

(b) '150 Sunset Sales are permitted only to existing Emulex customers who (i) before October 12, 2011, qualified a '150 Enjoined Product or device that includes a '150 Enjoined Product for use in a particular customer platform; and (ii) before October 12, 2011, placed a firm order for production quantities of that '150 Enjoined Product or device that includes a '150 Enjoined Product for use in that particular customer platform. "Production quantities" are any purchases in excess of those necessary for testing and development.  An infringing device sold under the Sunset Provision shall be in substantially the same design configuration as it was on October 12, 2011.  Permitted

'150 Sunset Sales, if any, shall be specifically and exclusively identified in an Appendix to this Injunction, a draft of which shall be jointly submitted by the parties for the Court's consideration.

(c) For each '150 Sunset Sale, Emulex shall obtain from the purchasing customer written certification that the purchased '150 Enjoined Product or device that includes the '150 Enjoined Product shall be used only as specifically and exclusively identified in an Appendix to this Injunction. Such certification shall show the quantity of purchased '150 Enjoined Products or devices that include a '150 Enjoined Product. Within 15 days after the close of each calendar quarter, Emulex shall provide Broadcom with copies of all such certifications obtained during the immediately-preceding quarter.

(d) On or before the 15th day after the close of each calendar quarter, Emulex shall provide Broadcom with reports from which Broadcom can assess the proper royalties owed. Such reports shall provide, for each '150 Sunset Sale made in the previous quarter, at least the following information: (i) identification of the '150 Enjoined Product(s) sold or included in the device sold; (ii) in the case of sale of a device including a '150 Enjoined Product, identification of the form factor in which the device is sold; (iii) the direct customer, and, if applicable, the ultimate customer; (iv) the Emulex and customer identifiers for the '150 Enjoined Product or device including a '150 Enjoined Product sold (i.e., part number, SKU, etc.); (v) with reference to the specific and exclusive list of permitted '150 Sunset Sales in an Appendix to this Order, identification of the customer platform for use in which the '150 Enjoined Product or device including the '150 Enjoined Product was sold; (vi) number of units sold; (vii) revenue received by Emulex; and (viii) bill-to, ship-to, and ship-from addresses.

### III.  Prohibited Activities—'691 Patent

IT IS HEREBY ORDERED that the Enjoined Parties are hereby permanently enjoined from infringing or inducing the infringement of claim 7 of U.S. Patent No. 7,471,691 ("'691 Patent"), until the expiration of the patent, by:

1       (a) making, using, importing, selling, and/or offering to sell in the United States the SOC 320, SOC 422, SOC 442, and Sequoia products, or any device not colorably different therefrom (collectively, the "'691 Enjoined Products"), or any device that includes any '691 Enjoined Product (including, without limitation, switches, bridges, and Application Specific Integrated Circuit (ASIC) devices); and/or

      (b) assisting others in making, using, importing, selling, and/or offering to sell in the United States any '691 Enjoined Product and/or any device that includes any '691 Enjoined Product, by engaging in activities including, without limitation, the following: (i) advertising, marketing, or otherwise promoting '691 Enjoined Products and/or any device that includes any '691 Enjoined Product; (ii) entering or fulfilling product orders, or setting, determining, or approving terms of sale, for '691 Enjoined Products and/or any device that includes any '691 Enjoined Product; (iii) providing customer service or other technical support relating to '691 Enjoined Products and/or any device that includes any '691 Enjoined Product; (iv) negotiating or entering into licensing, representative, reseller, or distributor agreements relating to '691 Enjoined Products and/or any device that includes any '691 Enjoined Product; (v) developing, designing, manufacturing, or having manufactured products not colorably different from '691 Enjoined Products and/or any device that includes any '691 Enjoined Product; (vi) writing, modifying, or updating software for '691 Enjoined Products and/or any device that includes any '691 Enjoined Product; (vii) designing or modifying circuits for use in '691 Enjoined Products and/or any device that includes any '691 Enjoined Product; (viii) writing, modifying, or updating hardware description language code for use in the design or creation of '691 Enjoined Products and/or any device that includes any '691 Enjoined Product; (ix) taping out '691 Enjoined Products; and/or (x) preparing documentation regarding the operation, use, or intended use of any '691 Enjoined Products and/or any device that includes any '691 Enjoined Product.

**SECOND AMENDED [PROPOSED]
PERMANENT INJUNCTION**

## IV. Sunset Provision—'691 Patent

With respect to '691 Enjoined Products and devices that include a '691 Enjoined Product, the injunction against activities listed in paragraphs (a) and (b) above shall be stayed until June 15, 2013, subject to the following limitations:

(a) Within 30 days after the close of each calendar quarter, Emulex shall pay to Broadcom an ongoing royalty, consisting of 9% of the selling price of the Emulex product embodying the '691 Enjoined Product, for sales (i) of '691 Enjoined Products and devices that include a '691 Enjoined Product (ii) in the United States or deemed in the United States pursuant to Part V below, and (iii) occurring after December 16, 2011 ("'691 Sunset Sales").

(b) '691 Sunset Sales are permitted only to existing Emulex customers who (i) before December 16, 2011, qualified a '691 Enjoined Product or device that includes a '691 Enjoined Product for use in a particular customer platform; and (ii) before December 16, 2011, placed a firm order for production quantities of that '691 Enjoined Product or device that includes a '691 Enjoined Product for use in that particular customer platform. "Production quantities" are any purchases in excess of those necessary for testing and development. An infringing device sold under the Sunset Provision shall be in substantially the same design configuration as it was on December 16, 2011. Permitted '691 Sunset Sales, if any, shall be specifically and exclusively identified in an Appendix to this Order, a draft of which shall be jointly submitted by the parties for the Court's consideration.

(c) For each '691 Sunset Sale, Emulex shall obtain from the purchasing customer written certification that the purchased '691 Enjoined Product or device that includes the '691 Enjoined Product shall be used only as specifically and exclusively identified in an Appendix hereto. Such certification shall show the quantity of purchased '691 Enjoined Products or devices that include a '691 Enjoined Product. Within 15 days after the close of each calendar quarter, Emulex shall provide Broadcom with copies of all such certifications obtained during the immediately-preceding quarter.

(d) On or before the 15th day after the close of each calendar quarter, Emulex shall provide Broadcom with reports from which Broadcom can assess the proper royalties owed. Such reports shall provide, for each '691 Sunset Sale made in the previous quarter, at least the following information: (i) identification of the '691 Enjoined Product(s) sold or included in the device sold; (ii) in the case of sale of a device including a '691 Enjoined Product, identification of the form factor in which the device is sold; (iii) the direct customer, and, if applicable, the ultimate customer; (iv) the Emulex and customer identifiers for the '691 Enjoined Product or device including a '691 Enjoined Product sold (i.e., part number, SKU, etc.); (v) with reference to the specific and exclusive list of permitted '691 Sunset Sales in an Appendix to this Order, identification of the customer platform for use in which the '691 Enjoined Product or device including the '691 Enjoined Product was sold; (vi) number of units sold; (vii) revenue received by Emulex; and (viii) bill-to, ship-to, and ship-from addresses.

## V.  Territorial Limitation

The Enjoined Parties are not prohibited by this Injunction from offering to sell or selling '150 Enjoined Products and '691 Enjoined Products (collectively, "Enjoined Products") that are manufactured outside of the United States to customers located outside the United States. However, the Enjoined Products shall be deemed to have been sold or imported into the United States if the sale resulted in an intermediate delivery outside the United States for purposes of manufacture, modification, incorporation into another device, or for like purposes, so long as the ultimate purpose of the transaction was for sale or importation of the Enjoined Product into the United States. For foreign sales of Enjoined Products that (i) are made to customers permitted to make limited purchases under the above Sunset Provisions, but (ii) are not covered by the Sunset Provisions, Emulex shall be required as a condition of sale to obtain and retain certification that the Enjoined Product will not be sold or imported in the United States.

## VI. Permissible "Design Around" Efforts

Nothing in this Permanent Injunction shall prohibit the Enjoined Parties from engaging in the design, development, or testing of any product or service which does not infringe the '150 Patent, and which does not infringe the '691 Patent. Nothing in this Permanent Injunction shall prohibit the Enjoined Parties from engaging in modification of any Enjoined Product so as to eliminate infringement, nor from engaging in design, development, or testing for said purpose.

## VII. Permissible Technical Support

Nothing is this Permanent Injunction shall prohibit the Enjoined Parties from providing service or technical support for a '150 or '691 infringing Product for which Broadcom is or has been compensated under a jury's Verdict.

## VIII. Notice

IT IS FURTHER ORDERED that, within 15 days from the date of this signed Permanent Injunction, Emulex shall provide a copy of this Permanent Injunction to its officers, directors, agents, servants, representatives, attorneys, employees, subsidiaries and affiliates, and those persons in active concert or participation with them, including any and all manufacturers, distributors, retailers, service providers, licensees, and other persons who have been, or are reasonably expected to be, directly or indirectly involved in the making, using, selling, offering for sale or importing of any Enjoined Product or any device containing any Enjoined Product, including but not limited to any company to which Emulex has previously directly or indirectly sold or offered for sale one or more of the Enjoined Products, and any company to which Emulex intends in the future directly or indirectly to sell or offer for sale one or more of the Enjoined Products.

IT IS FURTHER ORDERED that, within 15 days from the date of this signed Permanent Injunction, Emulex shall file with the Court and serve on all parties a notice

stating the names and addresses of each party that it has notified in compliance with this section.

## IX.  Continuing Jurisdiction

The Court specifically retains jurisdiction to enforce, modify, extend, or terminate this Permanent Injunction as the equities may require upon a proper showing, and to adopt procedures for resolution of any dispute whether a product not specifically covered by this Permanent Injunction is more than colorably different from the adjudged infringing products.

Dated: _____          _____
                                        Hon. James V. Selna
                                        Judge, United States District Court

ACTIVEUS 93729284v6