EXHIBIT

A

## Liss, Jason H

| | |
|---|---|
| **From:** | Jonathan Lamberson [Lamberson@fr.com] |
| **Sent:** | Friday, March 30, 2012 6:17 PM |
| **To:** | Teran, Gregory; Liss, Jason H; smg@jmbm.com; Broadcom-Emulex; BroadcomEmulexService@tklaw.com |
| **Cc:** | WH Broadcom Emulex Service List |
| **Subject:** | RE: Broadcom v. Emulex: Filing of Proposed Injunction |

Greg,

Thank you for your response. It probably makes the most sense for us to have a telephonic meet and confer to discuss these issues in person. For example, I am not certain what you mean when you state that customers have "carte blanche" to expand their usage of the infringing products during the sunset. We have identified the specific configurations of products that we sell to our customers, and in order for a customer to continue purchasing these parts during the sunset, they must have previously purchased exactly the same part/configuration on or before 10/12/2011. The Court's order did not limit the *amount* of such products that Emulex could sell if customers meet this test.

Moreover, such sales are clearly permitted under Broadcom's own proposed injunction. Specifically, under your injunction, sunset sales are permitted to existing Emulex customers who have (i) qualified a '150 Enjoined Product or device that includes a '150 Enjoined Product for use in a particular customer platform prior to October 12, 2011, and (ii) placed a firm order for production quantities of that product for use in that particular platform. Once a customer meets these two tests, they are entitled to purchase as many of those sunset devices as they wish.

Your proposal to identify how our customer use our products is unworkable. Emulex does not know all of the devices its customers make and sell, or every usage of the accused products. Original Equipment Manufacturers ("OEMs") may purchase thousands of OneConnect PCIe cards or BE3 chips, and use them in a variety of different platforms. Resellers and Distributors don't typically identify their end customers or usages to Emulex, although it is also important to note that Distributors and Resellers by their nature would only be selling products previously qualified. For Original Design Manufacturers ("ODMs"), the accused products may be placed in multiple different customer devices or portions of devices for multiple different OEMs. These are levels of detail typically beyond Emulex's knowledge or control.

Please let me know when you would like to meet and confer regarding these issues. If you have an example of the type of "device" information you believe we should provide, please send it. If you have specific examples of information Broadcom possesses about its own sales of 10Gbps Ethernet cards that you believe Emulex may also possess, please identify that, as it may help focus our discussion.

Thank you,

Jonathan J. Lamberson
Fish & Richardson P.C.
500 Arguello St. Ste. 500
Redwood City, CA 94063
650-839-5076

---

**From:** Teran, Gregory [mailto:Gregory.Teran@wilmerhale.com]
**Sent:** Wednesday, March 28, 2012 11:28 AM
**To:** Jonathan Lamberson; Jason.liss@wilmerhale.com; smg@jmbm.com; Broadcom-Emulex; BroadcomEmulexService@tklaw.com
**Cc:** WH Broadcom Emulex Service List
**Subject:** RE: Broadcom v. Emulex: Filing of Proposed Injunction

Jonathan,

We acknowledge receipt of the list, but it fails to provide the information necessary to evaluate Emulex's compliance with the Court's Order.  It appears from your list that Emulex, contrary to representations made by counsel during argument, now regards any placement of a firm order for production quantities of an infringing product by any customer prior to the Sunset Period as grounds for continuing (and, in fact, expanding) sales of the infringing product to the customer, *carte blanche*, during the Sunset Period.

Putting aside for the moment any questions or disputes regarding whether Emulex's identification of initial "firm order" dates for production quantities of infringing products is accurate -- an issue to be explored once more pressing concerns about Emulex's compliance are addressed -- the Court's Order squarely contradicts Emulex's apparent position that a pre-Sunset Period firm order permits *carte blanche* sales during the Sunset Period.  Specifically, the Court stated that "Emulex would thus be permitted during the Sunset Period to sell only to an existing customer who has (a) qualified an infringing product <u>and only for the specific customer device(s) for which the infringing product has been qualified</u>; and (b) placed a firm order for production[] quantities prior to the commencement of the Sunset Period."   (Order at 18, emphasis added).  Thus, to begin any meaningful discussion, Emulex needs to identify "specific customer device(s) for which infringing products [have] been qualified," and for each such device, identify when a firm order for production quantities of infringing products to support that device was first placed.  The list you supplied fails to do these things.

Please confirm that by March 30 you will produce the required information regaring specific customer devices for which infringing products have been qualified, the dates of such qualification, the dates when firm orders for production quantities were first placed to support that device, and documentation corroborating Emulex's representations as to the above.  Emulex's continuing failure to produce this information frustrates our ability to confer as directed by the Court, and we expect that Emulex will rectify this failure promptly.

Thanks,
Greg

---

**From:** Jonathan Lamberson [mailto:Lamberson@fr.com]
**Sent:** Tuesday, March 27, 2012 1:04 AM
**To:** Liss, Jason H; smg@jmbm.com; Broadcom-Emulex; BroadcomEmulexService@tklaw.com
**Cc:** WH Broadcom Emulex Service List
**Subject:** RE: Broadcom v. Emulex: Filing of Proposed Injunction

Jason,

Our preliminary list of sunset products is attached.  Please note that this is a preliminary list based on our investigations to date.  We reserve the right to modify or amend the list as our investigations continue.  Please let me know if you would like to meet and confer regarding this list.  My availability tomorrow is limited, but I am generally available the rest of the week.

Please treat this list as Highly Confidential – Outside Attorneys' Eyes Only pursuant to the Protective Order.

Thank you,
Jonathan Lamberson

---

**From:** Liss, Jason H [mailto:Jason.Liss@wilmerhale.com]
**Sent:** Monday, March 26, 2012 8:56 PM
**To:** Jonathan Lamberson; smg@jmbm.com; Broadcom-Emulex; BroadcomEmulexService@tklaw.com
**Cc:** WH Broadcom Emulex Service List
**Subject:** RE: Broadcom v. Emulex: Filing of Proposed Injunction

Jonathan, see attached as filed.

Regards,

**Jason H. Liss | WilmerHale**
+1 617 526 6699
jason.liss@wilmerhale.com

---

**From:** Jonathan Lamberson [mailto:Lamberson@fr.com]
**Sent:** Monday, March 26, 2012 11:14 PM
**To:** Liss, Jason H; smg@jmbm.com; Broadcom-Emulex; BroadcomEmulexService@tklaw.com
**Cc:** WH Broadcom Emulex Service List
**Subject:** Re: Broadcom v. Emulex: Filing of Proposed Injunction


Jason,

I will be sending an initial list of parts tonight.

Regards,
Jonathan Lamberson
-------------------------
Sent from my BlackBerry Wireless Device

---

**From**: Liss, Jason H [mailto:Jason.Liss@wilmerhale.com]
**Sent**: Monday, March 26, 2012 10:12 PM
**To**: smg@jmbm.com; Broadcom-Emulex; BroadcomEmulexService@tklaw.com
**Cc**: WH Broadcom Emulex Service List <WHBroadcomEmulexServiceList@wilmerhale.com>
**Subject**: Broadcom v. Emulex: Filing of Proposed Injunction

Counsel:
Further to the meet and confer Friday between Mr. Barkan and Mr. Teran, please note that we intend to file an amended proposed form of injunction shortly.  Also, although Mr. Barkan discussed providing a list of products claimed to be covered under the sunset period, to our knowledge no such list has yet been provided.

Regards,

**Jason H. Liss | WilmerHale**
60 State Street
Boston, MA 02109 USA
+1 617 526 6699 (t)
+1 617 526 5000 (f)
jason.liss@wilmerhale.com

**Please consider the environment before printing this email.**

---

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

*****************************************************************************************
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized use or disclosure is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

IRS CIRCULAR 230 DISCLOSURE: Any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.(FR08-i203d)
*****************************************************************************************