1

```
                  UNITED STATES DISTRICT COURT

                 CENTRAL DISTRICT OF CALIFORNIA

                       SOUTHERN DIVISION

                            - - -

       THE HONORABLE JAMES V. SELNA, JUDGE PRESIDING


    BROADCOM CORPORATION,
                 Plaintiff,
       vs.
                                          SACV-09-01058-JVS
    EMULEX CORPORATION,
    et al.,
                 Defendants.
    ---------------------------




               REPORTER'S TRANSCRIPT OF PROCEEDINGS

                      Santa Ana, California

                       December 12, 2011



                  SHARON A. SEFFENS, RPR
                  United States Courthouse
                  411 West 4th Street, Suite 1-1053
                  Santa Ana, CA  92701
                  (714) 543-0870
```

SHARON SEFFENS, U.S. DISTRICT COURT REPORTER

38

```
 1  Dr. Stojanovic presented undisputed evidence of
 2  infringement.  He did deal with the entirety of that
 3  limitation in Claim 8.  He recited it once or twice in its
 4  entirety.  It was a lot of words.  I asked him in subsequent
 5  questions as he went through product by product to refer it
 6  to it in shorthand, but he did testify each and every time
 7  that the entirety of that element was present.  Now there's
 8  a complete post-hoc argument here.  We didn't hear anything
 9  about this at trial.  Emulex never once raised this issue of
10  at a rate corresponding to a frequency offset.  Emulex will
11  have you believe now that this is the guts of the claim.
12  This is just merely what they can grasp at now in this
13  post-hoc argument.
14          THE COURT:  Whether they raised it earlier or not,
15  the record still has to sustain each and every part of the
16  limitation.
17          MR. MASSA:  It does.  Dr. Stojanovic testified
18  that the entirety of the limitation was met.  He testified
19  to that fact.  He was never crossed on that.  There was no
20  cross-examination whatsoever by Emulex as to at a rate
21  corresponding to a frequency offset.
22          THE COURT:  Did he address that specific part of
23  the claim?
24          MR. MASSA:  He addressed that specific part.  He
25  addressed the entirety of the claim limitation.
```

SHARON SEFFENS, U.S. DISTRICT COURT REPORTER

```
 1             THE COURT:  I know he addressed the entirety, but
 2    did he address that specific part?
 3             MR. MASSA:  I don't think he broke down the words
 4    and testified in small snippets, but what you need to look
 5    at is the claim limitation.  First you need to look at the
 6    claim in its entirety, but then he went limitation by
 7    limitation.  The technology involved here has to relate --
 8    as I analogized before to the thermostat where the
 9    temperature might be too hot, you turn on the part of the
10    circuitry that reduces the temperature.  The air
11    conditioner -- where it's too cold, you turn on the heat.
12    The rate examiner corresponding to the frequency that is
13    captured when the frequency offset increases, where the
14    frequency above the target.  Part of the circuitry turns
15    turns on which reduce that frequency offset.  When the
16    frequency is beneath, it turns on increased frequency.  So
17    the frequency offset is reduced.  Dr. Stojanovic testified
18    to that reduction in the frequency offset.  Claim 8 which is
19    a long claim talks about rotating at a rate corresponding to
20    frequency offset so as to reduce the frequency offset.
21             Both Dr. Stojanovic testified that the frequency
22    offset was reduced and significantly Dr. Nikolic agreed.  He
23    admitted that at least some of the time that frequency
24    offset was reduced it was reduced because that interpolator
25    was rotating at a rate corresponding to that frequency
```

1   offset.  If it was too hot it had to rotate one way it had
2   today he admit at least some defendant times it made that
3   limitation.
4           THE COURT:  Are you saying implicitly because it
5   reduced differential today to do?
6           MR. MASSA:  Implicit and explicit Dr. Nikolic
7   testified that element was met.  Emulex would have you
8   believe that's the guts of the claim.  They never asked once
9   Dr. Stojanovic about that.  He never asked Dr. Nikolic about
10  that.  What Dr. Nikolic was testifying to was the effect of
11  that rotation.  That's where the dispute was at trial.  If
12  we turn to Slide 4, this is Dr. Nikolic's direct testimony.
13  First of all, Stojanovic has testified that that element is
14  met.  He hasn't been crossed on it.  On direct, Dr. Nikolic
15  prompted by Mr. Barkan I am emphasizing for this to reduce
16  he recites the element so as to reduce the frequency offset
17  between the sampling signal and emphasize to reduce.
18  Mr. Barkan promises him because we have a writ are you
19  emphasized Stojanovic reduce in the claim language?
20          "A.  That's correct.
21          "Q.  As he went through it again, the emphasis was
22  entirely on the phase so as to reduce.  You have the
23  situation where Dr. Stojanovic testified that the whole
24  element was there.  It wasn't crossed on its presence, and
25  the only thing that Dr. Nikolic testifies about is the so as