| | |
|---|---|
| 1  WILLIAM F. LEE<br>   (admitted *pro hac vice*)<br>2  (william.lee@wilmerhale.com)<br>   DOMINIC E. MASSA<br>3  (admitted *pro hac vice*)<br>   (dominic.massa@wilmerhale.com)<br>4  JOSEPH J. MUELLER<br>   (admitted *pro hac vice*)<br>5  (joseph.mueller@wilmerhale.com)<br>   LOUIS W. TOMPROS<br>6  (admitted *pro hac vice*)<br>   (louis.tompros@wilmerhale.com)<br>7  WILMER CUTLER PICKERING<br>   HALE AND DORR LLP<br>8  60 State Street<br>   Boston, MA  02109<br>9  Telephone:  (617) 526-6000<br>   Facsimile:   (617) 526-5000<br>10<br>   Attorneys for Plaintiff and<br>11 Counterclaim Defendant<br>   BROADCOM CORPORATION<br>12 (Additional Counsel Listed on<br>   Signature Page) | PUBLIC<br><br>REDACTED<br><br>VERSION |

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| BROADCOM CORPORATION,<br><br>            Plaintiff,<br><br>       v.<br><br>EMULEX CORPORATION,<br><br>            Defendant.<br><br><br>And Related Counterclaims | CASE No. SACV09-1058 JVS (ANx)<br>consolidated SACV 10-03963-JVS (ANx)<br><br>**PLAINTIFF BROADCOM CORPORATION'S OPPOSITION TO DEFENDANT EMULEX CORPORATION'S EX PARTE APPLICATION FOR STAY OF PERMANENT INJUNCTION**<br><br>Before Hon. James V. Selna<br><br>~~FILED UNDER SEAL – CONTAINS HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY INFORMATION~~ |

# **TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................ 1

II. ARGUMENT ....................................................................................................... 1

    A. All Of The Alleged Harm Addressed In Emulex's Motion Has Already Been Considered By The Court. ......................... 1

    B. Emulex's Claims Of Anticipated Success On The Merits Of Its Forthcoming Appeal Are Unconvincing. ................................. 1

    C. The Case Law Quoted By Emulex Does Not Present A Compelling Argument For Staying The Injunction Pending The Outcome Of Emulex's Forthcoming Appeal. ............................................................................................. 2

    D. Staying The Injunction Will Subject Broadcom To Further Irreparable Harm. ........................................................... 3

    E. The Amount Of Time It Will Take To Resolve Emulex's Forthcoming Appeal Is Unknown. .............................................. 5

III. CONCLUSION ................................................................................................... 5

# TABLE OF AUTHORITIES

## CASES

*August Tech. Corp. v. Camtek, Ltd.*,
　2010 WL 3724590 (Fed. Cir. Sept. 20, 2010) ....................................................... 3

*Broadcom Corp. v. Qualcomm Inc.*,
　543 F.3d 683 (Fed. Cir. 2008) ............................................................................... 4

*iLight Techs., Inc. v. Fallon Luminous Products Corp.*,
　2009 WL 1939187 (Fed. Cir. July 1, 2009) .......................................................... 3

*Lincoln Nat'l Life Ins. Co. v. Transamerica Life Ins. Co.*,
　2009 WL 2903594 (Fed. Cir. Sept. 1, 2009) ......................................................... 3

*Mytee Products, Inc. v. Harris Research, Inc.*,
　2010 WL 3724587 (Fed. Cir. Sept. 16, 2010) ....................................................... 3

*SynQor, Inc. v. Artesyn Technologies, Inc.*,
　2011 WL 1362187 (Fed. Cir. April 11, 2011) ....................................................... 2

*SynQor, Inc. v. Artesyn Technologies, Inc.*,
　2011 WL 238645 (E.D. Tex. Jan. 24, 2011) ......................................................... 3

*SynQor, Inc. v. Artesyn Technologies, Inc.*,
　Case No. 2:07-cv-497, Dkt. No. 932 (E.D. Tex. Jan. 24, 2011) ..................... 2, 3

*Windsurfing Int'l, Inc. v. AMF, Inc.*,
　782 F.2d 995 (Fed. Cir. 1986) ............................................................................... 4

## I. INTRODUCTION

As the Court correctly observed at the status conference on April 12, 2012, the concerns raised by Emulex Corporation ("Emulex") in its *Ex Parte* Application for a Stay of the Permanent Injunction ("Motion") were already considered, weighed, and taken into account by the Court when it entered the permanent injunction with a narrow sunset provision. (Status Conference Tr. 4/12/2012 at 32:3-10.) Nonetheless, Emulex now asks the Court to revisit its settled findings and conclusions by indefinitely staying the injunction pending the outcome of Emulex's forthcoming appeal to the Federal Circuit. For the reasons that follow, Emulex's Motion should be denied.

## II. ARGUMENT

### A. All Of The Alleged Harm Addressed In Emulex's Motion Has Already Been Considered By The Court.

All of the alleged harm that Emulex claims will result from the injunction if it is not stayed—and how any such alleged harm would balance against the irreparable harm to which Broadcom will be subjected if Emulex's infringement is not enjoined—was extensively briefed by the parties in the context of Broadcom's Motion for Entry of Permanent Injunction. The Court has already carefully considered the relative harm to Broadcom, Emulex, and the public in general and determined that the permanent injunction with its narrow sunset provision strikes an appropriate balance between these competing concerns.

Emulex has not presented any evidence that either was not or could not have been placed in front of the Court during the injunction briefing, and therefore has not provided any further reasons as to why the injunction should not take immediate effect.

### B. Emulex's Claims Of Anticipated Success On The Merits Of Its Forthcoming Appeal Are Unconvincing.

Emulex's Motion makes unpersuasive assertions regarding the likelihood

that Emulex's anticipated appeal will succeed on the merits.

          None of these arguments warrants staying the injunction pending the resolution of Emulex's forthcoming appeal.

    **C.**    **The Case Law Quoted By Emulex Does Not Present A Compelling Argument For Staying The Injunction Pending The Outcome Of Emulex's Forthcoming Appeal.**

The unpublished case from which Emulex quotes in support of the proposition that a stay of the injunction pending appeal would be appropriate (*i.e. SynQor, Inc. v. Artesyn Technologies, Inc.*, 2011 WL 1362187 (Fed. Cir. April 11, 2011)) (Motion at 2:3-12) is hardly compelling and is distinguishable on at least two fronts:

    (1)    In *SynQor*, the defendants sought a partial stay of the injunction only with respect to a specific subset of end customers. *Compare id.* at *1 ("a stay of the injunction is needed to allow their end customers, Cisco, Juniper, Fujitsu, Cray, Radisys, and Enterasys, to transition to non-infringing products") *with SynQor, Inc. v. Artesyn Technologies, Inc.*, Case No. 2:07-cv-497, Dkt. No. 932 ("Permanent Injunction") at 7 (E.D. Tex. Jan. 24, 2011) (identifying a non-exhaustive list of 14 end customers to whom infringing products were being sold).

    (2)    The defendants in *SynQor* sought a partial stay from the Federal

Circuit because the District Court declined the defendants' request to incorporate a sunset provision into the permanent injunction. *SynQor, Inc. v. Artesyn Technologies, Inc.*, 2011 WL 238645 at *7 (E.D. Tex. Jan. 24, 2011) ("Defendants propose that the injunction should exempt the sales of certain bus converters to certain customers at least until the termination of a transition period for each specified customer") and *9 ("the injunction will take effect immediately and will not exempt the sales of any bus converters"); *see also SynQor*, Case No. 2:07-cv-497, Dkt. No. 932 (no sunset provision present in Permanent Injunction).

By contrast, the permanent injunction entered by this Court incorporates a reasonable sunset provision. Yet rather than devote any significant effort to ensuring that it can document the eligibility of as many of its infringing products as possible for this provision, Emulex instead chose to devote significant time, effort, and briefing to rearguing its opposition to Broadcom's Motion for Permanent Injunction in order to seek a stay of the injunction in its entirety. Under the circumstances, granting such a stay would be particularly inequitable.[1]

**D. <u>Staying The Injunction Will Subject Broadcom To Further Irreparable Harm.</u>**

Consistent with Emulex's previous misinterpretation of what is eligible for the sunset provision, much of the product-specific focus in Emulex's Motion

---

[1] The Federal Circuit also does not grant stays of injunctions pending appeal as a matter of course. *See, e.g., August Tech. Corp. v. Camtek, Ltd.*, 2010 WL 3724590 at *1 (Fed. Cir. Sept. 20, 2010) (denying stay of injunction pending appeal); *Mytee Products, Inc. v. Harris Research, Inc.*, 2010 WL 3724587 at *1 (Fed. Cir. Sept. 16, 2010) (same); *Lincoln Nat'l Life Ins. Co. v. Transamerica Life Ins. Co.*, 2009 WL 2903594 at *1 (Fed. Cir. Sept. 1, 2009) (same); *iLight Techs., Inc. v. Fallon Luminous Products Corp.*, 2009 WL 1939187 at *1 (Fed. Cir. July 1, 2009) (same).

addresses

thus giving the impression that a stay of the injunction would only impact a limited subset of products.  Emulex's misinterpretation, however, was squarely rejected by the Court at the April 12, 2012 status conference.² To the extent Emulex is able to identify qualified products for the injunction's sunset provision, the total number of such products would likely be far fewer than it had envisioned when it drafted its Motion.  Thus, if the injunction is stayed, Emulex would be permitted to continue to sell a broad array of infringing products, thereby inflicting further immediate and irreparable harm upon Broadcom.³

---

² As Broadcom pointed out in the parties' recent Joint Status Report (filed under seal on April 11, 2012), and as the Court later observed at the status conference, Emulex's attempted interpretation of what would be eligible for the sunset provision was much broader than what was actually permitted by the injunction or intended by the Court.  As the Court clarified at the status conference, "It was not my intent that the word 'platform' be an umbrella . . . I contemplated specific models without the ability to put the devices into improved models."  (Status Conference Tr. 4/12/2012 at 3:23-4:3.)  In addition, Emulex also considered sales to distributors to be eligible for the sunset provision, an issue that the Court concretely resolved in ruling that such sales would not be allowed.  (*Id.* at 12:20-22, 23:16-23).

³ Emulex might well argue that this same fact supports the need for a stay in order to prevent further harm to its business and the business of its customers.  But "[o]ne who elects to build a business on a product found to infringe cannot be heard to complain if an injunction against continuing infringement destroys the business so elected." *Broadcom Corp. v. Qualcomm Inc.*, 543 F.3d 683, 704 (Fed. Cir. 2008) (quoting *Windsurfing Int'l, Inc. v. AMF, Inc.*, 782 F.2d 995, 1003 n.12 (Fed. Cir. 1986)).

### E. The Amount Of Time It Will Take To Resolve Emulex's Forthcoming Appeal Is Unknown.

In an attempt to legitimize its argument that the Court should stay the injunction until the Federal Circuit resolves its forthcoming appeal, Emulex asserts without foundation that it believes the appeal will be resolved within six months. (Motion at 1:6-10.) The Federal Circuit has neither set a briefing schedule nor indicated whether it will resolve Emulex's appeal on an expedited basis, and Emulex cannot control either the outcome or the timing of any resolution of its appeal. Emulex's conjecture as to the schedule should not entice the Court into further delaying the implementation of injunctive relief.

## III. CONCLUSION

For the foregoing reasons, Broadcom respectfully requests that the Court deny Emulex's *Ex Parte* Application for a Stay of the Permanent Injunction.

Dated: April 16, 2012          By: _____

CRAIG E. DAVIS
(craig.davis@wilmerhale.com)
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

WILLIAM F. LEE (admitted *pro hac vice*)
(william.lee@wilmerhale.com)
DOMINIC E. MASSA (admitted *pro hac vice*)
(dominic.massa@wilmerhale.com)
JOSEPH J. MUELLER (admitted *pro hac vice*)
(joseph.mueller@wilmerhale.com)
LOUIS W. TOMPROS (admitted *pro hac vice*)
(louis.tompros@wilmerhale.com)
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02129
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

Attorneys for Plaintiff
and Counterclaim Defendant
BROADCOM CORPORATION