UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 09-01058-JVS (ANx)<br>consolidated CV 10-03963-JVS (ANx) | Date | May 30, 2012 |
| Title | Broadcom Corp. v. Emulex Corp., et al. | | |

Present: The Honorable   James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS)**     **Order re Sunset Provision**

      The Permanent Injunction permits Emulex Corporation ("Emulex") to continue to sell products which infringe claim 8 of U.S. Patent No. 7,058,150 ("'150 Patent") and claim 7 of U.S. Patent No. 7,471,691 ("'691 Patent") under a so-called Sunset Provision. (Permanent Injunction, §§ II, IV, Docket No. 1095.) Emulex and Broadcom Corporation ("Broadcom") have provided extensive briefing concerning their efforts to reach agreement on the Emulex products which should be included.

      Having considered those filings, the Court instructs the parties to submit an Appendix to the Permanent Injunction which may be submitted under seal which shall identify each permissible Sunset Sale by Emulex device/original equipment manufacturer ("OEM") customer product combination ("device/customer product combinations") within ten days.

      Part A shall included all specific device/customer product combinations to which the parties agree.

      Part B shall include presently disputed device/customer product combinations, provided Emulex has offered in good faith to Broadcom documentary or testimonial evidence supporting inclusion under the Sunset Provision. As the parties are aware, inclusion under the Sunset Provision requires proof:

    That an existing Emulex customer (i) before the date of the relevant jury or Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 09-01058-JVS (ANx) consolidated CV 10-03963-JVS (ANx) | Date | May 30, 2012 |
| Title | Broadcom Corp. v. Emulex Corp., et al. | | |

determination,[1] qualified a '150 or '691 Enjoined Product or device that includes a '150 or '691 Enjoined Product for use in a particular customer platform; and (ii) before the date of the relevant jury or Court determination, placed a firm order for production quantities of that '150 or '691 Enjoined Product or device that includes a '150 or '691 Enjoined Product for use in that particular customer platform.

(Permanent Injunction, §§ II, p. 3; IV, p. 6.)

      Part B.1 shall include those devices for which the required showing for a given device/customer product combination has been made on the basis of documentary evidence.

      Part B.2 shall include those device/customer product combinations for which the required showing has been made, in whole in part, on the basis of a declaration. With respect to device/customer product combinations in Part B.2, Emulex shall use its best effort to secure from the customer documentary evidence or a further declaration from the customer that no documentary evidence is available for one or more elements of the required showing within twenty days. If Emulex cannot secure such further evidence, the device/customer product combination shall be removed from the Appendix, and shall be excluded from the Sunset Provision.

      Within 30 days and no later than 60 days from the date of this order, Broadcom may conduct discovery to challenge the inclusion of a device/customer product combination in Part B. Upon application, discovery may be taken on shortened notice. No later than 90 days from the date of this order Broadcom may move the Court for exclusion of any device/customer product combination in Part B. The burden on any such challenge shall be with Emulex to establish that a challenged device/customer product combination meets the requirements for Sunset Sales.

      In the event that litigation is initiated over a device/customer product combination, the Court will order the payment of attorney's fees and expenses where a party' position is not substantially justified. In the event that Part B is used as a means to

---

[1] The date for the '150 Patent is October 12, 2011, and the date for the '691 Patent is December 16, 2011.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-01058-JVS (ANx) consolidated CV 10-03963-JVS (ANx) | Date | May 30, 2012 |
|---|---|---|---|
| Title | Broadcom Corp. v. Emulex Corp., et al. | | |

exploit the Sunset Provision in the absence of good faith, the Court may upon application consider other remedies.

The Court excludes from the operation of the Sunset Provision any customer who is a distributor and not an OEM. The adoption of any Sunset Provision is an exercise in balancing competing considerations under the Court's discretion. At least at this time, Emulex is an adjudicated infringer. The purpose of the Sunset Provision is to provide some protection, but not perfect protection, to existing Emulex customers, i.e., OEMs. The Sunset Provision is not intended to provide for business as usual. The burden on the Court and the parties to ensure compliance with the Court's underlying requirements for Sunset Sales is simply to cumbersome and time consuming to warrant extension of Sunset Sales to distributors. Tracing parts to second and possibly third tiers of distribution is not practical.[2]

At the hearing, there was discussion of EMC and its use of a distributor, Info X Distribution, LLC, to secure Emulex components for its customers. The Court declines to make an exception for any particular distributor. The purpose of the Sunset Provision to permit continued supply to OEM customers and thus to end-users through their purchase of OEM products. The scope of the Sunset Provision will reduce adverse customer effects on a market basis, viewed from the perspective of OEMs generally or end-users generally. The Court acknowledged in adopting the Sunset Provision that there would be some OEM specific disruption because the conditions of the Sunset Provision could not be met. Such disruption, including potential disruption to distributors, is part of the balancing process that the Court has attempted to achieve. (See Memorandum of Decision re Injunctive Relief, p. 19, Docket No. 1090.)

The Court has concluded that there ought to be a limited exception for sales through a distributor occasioned by the emergency needs of an end user affecting health of the public (including without limitation hospitals), public safety (including without

---

[2]The Court does not believe that a quota system for distributors would address the basic problem. At oral argument, counsel for Emulex represented that in 2011 approximately 2,700 BE2 units, or about 10 percent of sales, and 3,700 BE3 units, or approximately 49 percent of sales, were made through distributors. This is not *de minimis*, and while a quota might be administratively manageable, it would not afford Broadcom the protection to which it is entitled.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | |
|---|---|---|
| Case No. | SACV 09-01058-JVS (ANx) consolidated CV 10-03963-JVS (ANx) | Date   May 30, 2012 |
| Title | Broadcom Corp. v. Emulex Corp., et al. | |

limitation law enforcement agencies and fire protection agencies), and governmental entities engaged in national defense.  It's the Court's intent to provide for emergency needs only to the extent that a sale directly to the relevant OEM would be permitted under the Sunset Provision, and this provision shall lapse when the Sunset Provisions lapses.  If such a need arises, Emulex shall provide  Broadcom a declaration from the affected end user stating (i) the identity of the end user; (ii) the circumstances which create the emergency need; (iii) the identity of the specific Enjoined Product(s) and quantity requested;  (iv) the OEM device into which the Enjoined Product(s) are to be installed; and (v) the identity of the distributor through which the proposed sale shall be made.  Within five days, Broadcom shall state whether its assents.  Any dispute which still exists may be presented to the Court on an *ex parte* basis.  This provision for emergency sales shall be deemed an amendment to the Permanent Injunction

Should the administration of the Sunset Provision prove unduly time consuming or cumbersome, the Court may revisit whether Sunset Sales should be restricted to those customer who had actually purchased production quantities of the infringing devices as of the relevant date of the applicable jury or Court determination and customers on Part A of the Appendix.  Many of the same practical considerations which govern the grant of injunctive relief are applicable to managing the Sunset Provision.  See National Resources Defense Council, Inc. v. U.S. E.P.A., 966 F.2d 1292, 1300 (9th Cir. 1992) ("Injunctive relief may be inappropriate where it requires constant supervision"); Desert Healthcare Dist. v. PacifiCare FHP, Inc., 94 Cal. App. 4th 781, 796 (2001) (supervision of injunction in health care field "would pull the court deep into the thicket of the health care finance industry, an economic arena that courts are ill-equipped to meddle in").

\

| | 00 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | kjt | |