UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| **BROADCOM CORPORATION,**<br><br>Plaintiff,<br><br>v.<br><br>**EMULEX CORPORATION,**<br><br>Defendant.<br><br>**And Related Counterclaims** | CASE No. SACV09-1058 JVS (ANx)<br>consolidated SACV10-3963-JVS (ANx)<br><br>**[PROPOSED] SECOND AMENDED PERMANENT INJUNCTION**<br><br>Hon. James V. Selna |

I.     **Prohibited Activities**

IT IS HEREBY ORDERED that the defendant Emulex Corporation ("Emulex"), any of its subsidiaries, and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with any or all of them who receive actual notice of this Permanent Injunction (all of said individuals and entities being referred to herein as "Enjoined Parties") are hereby permanently enjoined from infringing or inducing the infringement of claim 8 of U.S. Patent No. 7,058,150 ("Patent"), until the expiration of the patent, by:

(a) making, using, importing, selling, and/or offering to sell in the United States the BladeEngine 2 ("BE2"), BladeEngine 3 ("BE3"), and Lancer ("XE201") chips, or any device not colorably different therefrom (collectively, the "Enjoined Products"), or any device that includes any Enjoined Product (including, without limitation, Network Adapters, Network Interface Card ("NIC") devices, Converged Network Adapter ("CNA") devices, iSCSI Adapter devices, Converged Fabric Controllers, Ethernet Controller devices, and Application Specific Integrated Circuit (ASIC) devices); and/or

(b) assisting others in making, using, importing, selling, and/or offering to sell in the United States any Enjoined Product and/or any device that includes any Enjoined Product, by engaging in activities including, without limitation, the following:
(i) advertising, marketing, or otherwise promoting Enjoined Products and/or any device that includes any Enjoined Product; (ii) entering or fulfilling product orders, or setting, determining, or approving terms of sale, for Enjoined Products and/or any device that includes any Enjoined Product; (iii) providing customer service or other technical support relating to Enjoined Products and/or any device that includes any Enjoined Product; (iv) negotiating or entering into licensing, representative, reseller, or distributor agreements relating to Enjoined Products and/or any device that includes any Enjoined Product; (v) developing, designing, manufacturing, or having manufactured products not colorably different than Enjoined Products and/or any device that includes any Enjoined Product;

(vi) writing, modifying, or updating software for Enjoined Products and/or any device that includes any Enjoined Product; (vii) designing or modifying circuits for use in Enjoined Products and/or any device that includes any Enjoined Product; (viii) writing, modifying, or updating hardware description language code for use in the design or creation of Enjoined Products and/or any device that includes any Enjoined Product; (ix) taping out Enjoined Products; and/or (x) preparing documentation regarding the operation, use, or intended use of any Enjoined Products and/or any device that includes any Enjoined Product.

## II. Sunset Provision

With respect to Enjoined Products and devices that include an Enjoined Product, the injunction against activities listed in paragraphs (a) and (b) above shall be stayed until April 11, 2013, subject to the following limitations:

(a) Within 30 days after the close of each calendar quarter, Emulex shall pay to Broadcom an ongoing royalty, consisting of 9% of the selling price of theEnjoined Product, for sales (i) of Enjoined Products and devices that include an Enjoined Product (ii) in the United States, and (iii) occurring after October 12, 2011 ("Sunset Sales").

(b) Sunset Sales are permitted only to existing Emulex customers who (i) before October 12, 2011, qualified an Enjoined Product or device that includes an Enjoined Product for use in a particular customer platform; and (ii) before October 12, 2011, placed a firm order for production quantities of that Enjoined Product or device that includes an Enjoined Product for use in that particular customer platform. "Production quantities" are any purchases in excess of those necessary for testing and development. An infringing device sold under the Sunset Provision shall be in substantially the same design configuration as it was on October 12, 2011. Permitted Sunset Sales, if any, shall be specifically and exclusively identified in an Appendix to this Injunction, a draft of which shall be jointly submitted by the parties for the Court's consideration.

(c) For each Sunset Sale, Emulex shall obtain from the purchasing customer written certification that the purchased Enjoined Product or device that includes the Enjoined Product shall be used only as specifically and exclusively identified in an Appendix to this Injunction. Such certification shall show the quantity of purchased Enjoined Products or devices that include an Enjoined Product. Within 15 days after the close of each calendar quarter, Emulex shall provide Broadcom with copies of all such certifications obtained during the immediately-preceding quarter.

(d) On or before the 15th day after the close of each calendar quarter, Emulex shall provide Broadcom with reports from which Broadcom can assess the proper royalties owed. Such reports shall provide, for each Sunset Sale made in the previous quarter, at least the following information: (i) identification of the Enjoined Product(s) sold or included in the device sold; (ii) in the case of sale of a device including an Enjoined Product, identification of the form factor in which the device is sold; (iii) the direct customer; (iv) the Emulex and customer identifiers for the Enjoined Product or device including an Enjoined Product sold (i.e., part number, SKU, etc.); (v) with reference to the specific and exclusive list of permitted Sunset Sales in an Appendix to this Injunction, identification of the customer platform for use in which the Enjoined Product or device including the Enjoined Product was sold; (vi) number of units sold; (vii) revenue received by Emulex; and (viii) bill-to, ship-to, and ship-from addresses.

### III. Territorial Limitation

The Enjoined Parties are not prohibited by this Injunction from offering to sell or selling Enjoined Products that are manufactured outside of the United States to customers located outside the United States.

### IV. Permissible "Design Around" Efforts

Nothing in this Permanent Injunction shall prohibit the Enjoined Parties from engaging in the design, development, or testing of any product or service which does not infringe the Patent. Nothing in this Permanent Injunction shall prohibit the Enjoined Parties from engaging in modification of any Enjoined Product so as to eliminate infringement, nor from engaging in design, development, or testing for said purpose.

### V. Permissible Technical Support

Nothing in this Permanent Injunction shall prohibit the Enjoined Parties from providing service or technical support for a Product for which Broadcom is or has been compensated under a jury's Verdict or for which the sale was permitted under provision II(b) above or provision VI below.

### VI. Other Permissible Activities

Nothing in this Permanent Injunction shall prohibit the Enjoined Parties from engaging in activities that are expressly authorized in writing by Broadcom. Such activities shall be specifically described in an Appendix to this Injunction.

### VII. Notice

IT IS FURTHER ORDERED that, within 15 days from the date of this signed Permanent Injunction, Emulex shall provide a copy of this Permanent Injunction to its officers, directors, agents, servants, representatives, attorneys, employees, subsidiaries and affiliates, and those persons in active concert or participation with them, including any and all manufacturers, distributors, retailers, service providers, licensees, and other persons who have been, or are reasonably expected to be, directly or indirectly involved

in the making, using, selling, offering for sale or importing of any Enjoined Product or any device containing any Enjoined Product, including but not limited to any company to which Emulex has previously directly or indirectly sold or offered for sale one or more of the Enjoined Products, and any company to which Emulex intends in the future directly or indirectly to sell or offer for sale one or more of the Enjoined Products.

   IT IS FURTHER ORDERED that, within 15 days from the date of this signed Permanent Injunction, Emulex shall file with the Court and serve on all parties a notice stating the names and addresses of each party that it has notified in compliance with this section.  Provided however, that Emulex is not required to renotify the parties listed in its April 18, 2012 Notice of Compliance.  (Dkt. No. 1107.)

## VIII. Continuing Jurisdiction

   The Court specifically retains jurisdiction to enforce, modify, extend, or terminate this Permanent Injunction as the equities may require upon a proper showing, and to adopt procedures for resolution of any dispute whether a product not specifically covered by this Permanent Injunction is more than colorably different from the adjudged infringing products.

Dated: _____

                                    _____
                                    Hon. James V. Selna
                                    Judge, United States District Court