# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| BROADCOM CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>EMULEX CORPORATION,<br><br>Defendant.<br><br>And Related Counterclaims | CASE No. SACV09-1058 JVS (ANx)<br>consolidated SACV 10-03963-JVS (ANx)<br><br>**ORDER ON JOINT STIPULATION TO DISMISS CERTAIN ALLEGATIONS WITH PREJUDICE**<br><br>Hon. James V. Selna |

Pursuant to Local Rule 7-1, Plaintiff and Counter-Defendant Broadcom Corporation ("Broadcom") and Defendant and Counter-Claimant Emulex Corporation ("Emulex") have stipulated as follows:

1. WHEREAS Broadcom alleges that Emulex infringes U.S. Patent No. 7,471,691 (the "'691 Patent"); U.S. Patent No. 7,450,500 (the "'500 Patent"); U.S. Patent No. 6,424,194 (the "'194 Patent"); U.S. Patent No. 7,486,124 (the "'124 Patent"); U.S. Patent No. 7,724,057 (the "'057 Patent"); and U.S. Patent No. 7,058,150 (the "'150 Patent"); (collectively, the "Asserted Patents");

2. WHEREAS Emulex has counterclaimed for a declaratory judgment that it does not infringe the Asserted Patents and that the Asserted Patents are

invalid; and

3. WHEREAS the parties have entered into an agreement dated July 3, 2012 and titled Patent License and Release Agreement, in which each has agreed to dismiss certain allegations relating to the Asserted Patents;

**IT IS HEREBY STIPULATED** that,

Subject to the Court's approval, the following claims shall be dismissed with prejudice:

The '691 Patent:

- Count Four of Broadcom's First Amended Complaint for Patent Infringement and Demand for Jury Trial ("Infringement of the '691 Patent");
- The Fourth Counterclaim of Emulex's Answer, Affirmative Defenses, and Counterclaims to Broadcom's First Amended Complaint ("Declaratory Judgment of Invalidity and Non-Infringement of U.S. Patent No. 7,471,691");

The '500 Patent:

- Count Five of Broadcom's First Amended Complaint for Patent Infringement and Demand for Jury Trial ("Infringement of the '500 Patent");
- The Fifth Counterclaim of Emulex's Answer, Affirmative Defenses, and Counterclaims to Broadcom's First Amended Complaint ("Declaratory Judgment of Invalidity and Non-Infringement of U.S. Patent No. 7,450,500");

Subject to the Court's approval, the following claims shall be dismissed without prejudice:

The '194 Patent:

- Count Six of Broadcom's First Amended Complaint for Patent

      Infringement and Demand for Jury Trial ("Infringement of the '194 Patent") only with respect to the following products: Zephyr and SOC 442, as those products are currently manufactured or have been manufactured in the past. Such dismissal shall not apply to any other accused product, nor shall it preclude Broadcom from asserting infringement based on the use of any component or portion of Zephyr and/or SOC 442 in any other product.

- The Sixth Counterclaim of Emulex's Answer, Affirmative Defenses, and Counterclaims to Broadcom's First Amended Complaint ("Declaratory Judgment of Invalidity and Non-Infringement of U.S. Patent No. 6,424,194") only with respect to the following products: Zephyr and SOC 442;

The '124 Patent:

- Count Eight of Broadcom's First Amended Complaint for Patent Infringement and Demand for Jury Trial ("Infringement of the '124 Patent") only with respect to the following products: Zephyr and SOC 442, as those products are currently manufactured or have been manufactured in the past. Such dismissal shall not apply to any other accused product, nor shall it preclude Broadcom from asserting infringement based on the use of any component or portion of Zephyr and/or SOC 442 in any other product.;
- The Eighth Counterclaim of Emulex's Answer, Affirmative Defenses, and Counterclaims to Broadcom's First Amended Complaint ("Declaratory Judgment of Invalidity and Non-Infringement of U.S. Patent No. 7,486,124") only with respect to the following products: Zephyr and SOC 442;

The '057 Patent:

- Count One of Broadcom's Complaint for Patent Infringement and Demand for Jury Trial in Case No. 10-CV-3963 ("Infringement of the '057 Patent") only with respect to the following products: Zephyr, as that products is currently manufactured or has been manufactured in the past. Such dismissal shall not apply to any other accused product, nor shall it preclude Broadcom from asserting infringement based on the use of any component or portion of Zephyr in any other product;
- The First Counterclaim of Emulex's Answer, Affirmative Defenses, and Counterclaim to Broadcom's Complaint for Patent Infringement and Demand for Jury Trial in Case No. 10-CV-3963 ("Declaratory Judgment of Invalidity and Non-Infringement of U.S. Patent No. 7,724,057") only with respect to the following products: Zephyr;

The '150 Patent:

- Count Eleven of Broadcom's First Amended Complaint for Patent Infringement and Demand for Jury Trial ("Infringement of the '150 Patent") only with respect to the following products: SOC 442, as that product is currently manufactured or has been manufactured in the past. Such dismissal shall not apply to any other accused product, nor shall it preclude Broadcom from asserting infringement based on the use of any component or portion of SOC 442 in any other product;
- The Eleventh Counterclaim of Emulex's Answer, Affirmative Defenses, and Counterclaims to Broadcom's First Amended Complaint ("Declaratory Judgment of Invalidity and Non-Infringement of U.S. Patent No. 7,058,150") only with respect to the following products: SOC 442.

It is further stipulated and agreed between the parties as follows:

(a) The SOC 442 was adjudicated to infringe the '150 Patent and was

included in the original Permanent Injunction. Pursuant to the Patent License and Release Agreement between Broadcom and Emulex ("Agreement") Emulex is licensed under certain Broadcom patents, including without limitation the '150 patent, to make, have made, use, sell, offer for sale, and/or import the SOC 442, as that product is currently manufactured or has been manufactured in the past. The parties have jointly agreed to request that the Court amend the Permanent Injunction to remove SOC 442 from the category of '150 Patent Enjoined Products. In the event that: (1) Emulex uses the SerDes component (or any component not colorably different from the structure found to infringe the '150 patent) from the SOC 442 in any other product or ; or (2) the Agreement terminates or expires, then (i) Broadcom may petition the Court to amend the Permanent Injunction to reinstate the SOC 442 as a '150 Patent Enjoined Product under the Permanent Injunction, and (ii) Emulex agrees that it shall not oppose any such petition.

(b) With respect to the Emulex Lancer (i.e. XE201) product, Emulex may make, have made, use, sell, offer for sale, and/or import Lancer only for certain fields of uses explicitly described in the Agreement. Broadcom agrees that Emulex activities that are licensed pursuant to the Agreement (within the fields of use) are authorized by Broadcom and therefore Broadcom will not allege that such activities infringe the '194 Patent, the '124 Patent, or the '057 Patent in the April 2013 infringement retrial.

## **ORDER**

Based on the foregoing stipulation of the parties, and good cause appearing, **IT IS ORDERED** that the following counts of Broadcom's Complaint and Emulex's Counterclaims are dismissed with prejudice:

The '691 Patent:

- Count Four of Broadcom's First Amended Complaint for Patent

    Infringement and Demand for Jury Trial ("Infringement of the '691 Patent");

- The Fourth Counterclaim of Emulex's Answer, Affirmative Defenses, and Counterclaims to Broadcom's First Amended Complaint ("Declaratory Judgment of Invalidity and Non-Infringement of U.S. Patent No. 7,471,691");

The '500 Patent:

- Count Five of Broadcom's First Amended Complaint for Patent Infringement and Demand for Jury Trial ("Infringement of the '500 Patent");
- The Fifth Counterclaim of Emulex's Answer, Affirmative Defenses, and Counterclaims to Broadcom's First Amended Complaint ("Declaratory Judgment of Invalidity and Non-Infringement of U.S. Patent No. 7,450,500");

Based on the foregoing stipulation of the parties, and good cause appearing, **IT IS ORDERED** that the following counts of Broadcom's Complaint and Emulex's Counterclaims are dismissed without prejudice:

The '194 Patent:

- Count Six of Broadcom's First Amended Complaint for Patent Infringement and Demand for Jury Trial ("Infringement of the '194 Patent") only with respect to the following products: Zephyr and SOC 442, as those products are currently manufactured or have been manufactured in the past. Such dismissal shall not apply to any other accused product, nor shall it preclude Broadcom from asserting infringement based on the use of any component or portion of Zephyr and/or SOC 442 in any other product.
- The Sixth Counterclaim of Emulex's Answer, Affirmative Defenses,

      and Counterclaims to Broadcom's First Amended Complaint ("Declaratory Judgment of Invalidity and Non-Infringement of U.S. Patent No. 6,424,194") only with respect to the following products: Zephyr and SOC 442;

The '124 Patent:

- Count Eight of Broadcom's First Amended Complaint for Patent Infringement and Demand for Jury Trial ("Infringement of the '124 Patent") only with respect to the following products: Zephyr and SOC 442, as those products are currently manufactured or have been manufactured in the past. Such dismissal shall not apply to any other accused product, nor shall it preclude Broadcom from asserting infringement based on the use of any component or portion of Zephyr and/or SOC 442 in any other product.;

- The Eighth Counterclaim of Emulex's Answer, Affirmative Defenses, and Counterclaims to Broadcom's First Amended Complaint ("Declaratory Judgment of Invalidity and Non-Infringement of U.S. Patent No. 7,486,124") only with respect to the following products: Zephyr and SOC 442;

The '057 Patent:

- Count One of Broadcom's Complaint for Patent Infringement and Demand for Jury Trial in Case No. 10-CV-3963 ("Infringement of the '057 Patent") only with respect to the following products: Zephyr, as that products is currently manufactured or has been manufactured in the past. Such dismissal shall not apply to any other accused product, nor shall it preclude Broadcom from asserting infringement based on the use of any component or portion of Zephyr in any other product;

- The First Counterclaim of Emulex's Answer, Affirmative Defenses,

and Counterclaim to Broadcom's Complaint for Patent Infringement and Demand for Jury Trial in Case No. 10-CV-3963 ("Declaratory Judgment of Invalidity and Non-Infringement of U.S. Patent No. 7,724,057") only with respect to the following products: Zephyr;

The '150 Patent:

- Count Eleven of Broadcom's First Amended Complaint for Patent Infringement and Demand for Jury Trial ("Infringement of the '150 Patent") only with respect to the following products: SOC 442, as that product is currently manufactured or has been manufactured in the past. Such dismissal shall not apply to any other accused product, nor shall it preclude Broadcom from asserting infringement based on the use of any component or portion of SOC 442 in any other product;
- The Eleventh Counterclaim of Emulex's Answer, Affirmative Defenses, and Counterclaims to Broadcom's First Amended Complaint ("Declaratory Judgment of Invalidity and Non-
- Infringement of U.S. Patent No. 7,058,150") only with respect to the following products: SOC 442.

A Second Amended Permanent Injunction will enter.

Dated: July 18, 2012

_____
Hon. James V. Selna
United States District Judge