ORIGINAL

1   Robert W. Stone (Bar No. 163513)
    robertstone@quinnemanuel.com
2   QUINN EMANUEL URQUHART & SULLIVAN, LLP
    555 Twin Dolphin Drive, 5th Floor
3   Redwood Shores, California 94065
    Telephone: (650) 801-5000
4   Facsimile: (650) 801-5100

5   Adam B. Wolfson (Bar No. 262125)
    adamwolfson@quinnemanuel.com
6   QUINN EMANUEL URQUHART & SULLIVAN, LLP
    865 S. Figueroa, 10th Floor
7   Los Angeles, California 90017
    Telephone: (213) 443-3000
8   Facsimile: (213) 443-3100

9   Of Counsel:

10   Richard I. Werder, Jr. (*pro hac vice to be filed*)
    Alexander Rudis (*pro hac vice to be filed*)
11   QUINN EMANUEL URQUHART & SULLIVAN, LLP
    51 Madison Avenue, 22nd Floor
12   New York, New York 10010
    Telephone: (212) 849-7000
13   Facsimile: (212) 849-7100

14   Attorneys for Proposed Intervenor
    INTERNATIONAL BUSINESS
15   MACHINES CORPORATION

16                       UNITED STATES DISTRICT COURT

17             CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| 18  BROADCOM CORPORATION, | CASE No. SACV09-1058 JVS (ANx) consolidated SACV 10-03963-JVS (ANx) |
| 19            Plaintiff, | |
| 20     vs. | **INTERNATIONAL BUSINESS MACHINES CORPORATION'S MOTIONS TO INTERVENE AND TO STAY BRIEFING AND ARGUMENT ON BROADCOM'S MOTION TO EXCLUDE PENDING IBM'S MOTION TO INTERVENE** |
| 21  EMULEX CORPORATION, | |
| 22            Defendant. | |
| 23  And Related Counterclaims | |
| 24 | Date:     October 15, 2012 |
| 25 | Time:    1:30 PM<br>Place:   Courtroom 10C<br>Judge:   Hon. James V. Selna |

## NOTICE OF MOTION AND MOTION

TO THE COURT AND TO ALL PARTIES:

PLEASE TAKE NOTICE that on October 15, 2012, at 1:30 p.m., or as soon thereafter as the matter may be heard by the Honorable James V. Selna in Courtroom 10C, United States District Court for the Central District of California, Ronald Reagan Federal Building and Courthouse, 411 West Fourth Street, Santa Ana, California 92701-4516, Proposed Intervenor International Business Machines Corporation ("IBM") shall and hereby does move the Court for an order (a) allowing intervention, pursuant to Federal Rule of Civil Procedure 24, and (b) staying briefing and argument on Broadcom's August 28, 2012 motion to exclude.

These motions are made following the conferences of counsel pursuant to L.R. 7-3, which took place on September 4, 5, and 10. Plaintiff Broadcom Corporation opposes the motions, and Defendant Emulex Corporation does not oppose.

These motions are based on this Notice of Motion, the accompanying Memorandum of Points and Authorities that follows, the pleadings on file in this action, and any further evidence or argument that the Court may properly receive at or before the hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

On August 28, 2012, Plaintiff Broadcom Corporation ("Broadcom") filed a motion to exclude many of third party IBM's products – and only IBM's products – from the Sunset Provision associated with the Court's permanent injunction entered in this case (the "Motion")[1] (Dkt. 1251). In the days and weeks leading up to the Motion, IBM provided Emulex and Broadcom with discovery on why IBM's contracts with, and orders from, Emulex for Enjoined Products satisfied the Court's Sunset Provision. Despite this, Broadcom determined that it would seek to exclude IBM's products via the Motion. Broadcom has reached side-agreements with every other OEM similarly situated to IBM (despite its pleas to the Court in earlier briefing that money damages were insufficient). IBM is thus the only Emulex customer who must now face potential exclusion from the Sunset Provision and stands to lose its contractual rights to Emulex products in the immediate future (rather than at the end of the Court-ordered Sunset Period).

Given these facts, IBM moves to intervene for the limited purpose of responding to Broadcom's Motion. While Broadcom states that "Emulex Bears the Burden to Establish Eligibility for Asserted Combinations," it is third party IBM that has primarily borne the heavy burden of responding to Broadcom's repeated requests for discovery, and the issues presented in Broadcom's Motion are fact-specific to IBM. IBM must therefore provide the necessary arguments and facts itself to explain why Broadcom's reasoning in the Motion is erroneous and internally inconsistent. Furthermore, there will be no delay or prejudice stemming from IBM's intervention because it simply seeks to respond to a motion. The substantive case is already decided; at this point, the only issue here is determining the scope and propriety of the Sunset Provision as it pertains to *IBM* products.

---

[1] All defined terms not otherwise defined in this memorandum of law have the meaning ascribed to them in Broadcom's Motion.

For these reasons, IBM's motion to intervene should be granted and IBM should be permitted to respond to the Motion.

## FACTUAL AND PROCEDURAL BACKGROUND

After finding that Emulex infringed the patents-in-suit, (Dkt. 863, 992, 994), the Court granted a permanent injunction that found its final form on July 17, 2012 ("Permanent Injunction"). (Dkt. 1236.) As part of this injunction, the Court ordered a Sunset Provision whereby existing Emulex customers who, before October 12, 2011, "qualified" and "placed an order" for "an Enjoined Product or device that includes an Enjoined Product for use in a particular customer platform," could continue to purchase Enjoined Products until the end of the Sunset Period. (*Id.* § II(b).) As required by the Court's May 30, 2012 Order re Sunset Provision ("Sunset Order"), (Dkt. 1174), the parties submitted a proposed Appendix A to the Permanent Injunction that listed, in Section B, "presently disputed device/customer product combinations" for inclusion in the Sunset Provision. (Dkt. 1174 at 1.)

Before and after the Sunset Order, IBM provided the parties with declarations, documents and deposition testimony regarding its products and orders from Emulex in an effort to demonstrate that it properly fell under the Sunset Provision. The discovery IBM provided, and the state at which its orders and contracts with Emulex had progressed before October 12, 2011, were such that there should be no dispute over the propriety of IBM's further purchases of Enjoined Products during the Sunset Period for the IBM products at issue in Broadcom's Motion. Nevertheless, Broadcom refused to accede IBM's showing, and the parties listed IBM's products incorporating Emulex Enjoined Products, and the combinations of Emulex Enjoined Products used therein, in Section B of the Appendix. (Motion at 8-9.)

In its Motion, the only customer products and combinations of Emulex Enjoined Products that Broadcom seeks to exclude from the Sunset Provision are those Emulex provides to IBM. (Motion at 9-20.) Broadcom does not seek to

exclude any other customers' products, nor does it seek to exclude those Emulex Enjoined Product combinations that are incorporated in other customers' products. (*Id.*) For whatever reason, Broadcom has singled IBM out and requests that the Court prohibit only IBM from purchasing the Enjoined Products from Emulex. Accordingly, IBM moves to intervene to protects its interests, as explained in detail and for the reasons discussed below.

## ARGUMENT

This motion to intervene may be granted on either of two alternative grounds. First, IBM is entitled to intervene as a matter of right under Federal Rule of Civil Procedure 24(a)(2). Second, in the alternative, IBM should be allowed to intervene pursuant to Federal Rule of Civil Procedure 24(b)(1) as a matter of this Court's discretion.

### I. IBM IS ENTITLED TO INTERVENE AS OF RIGHT

Under Federal Rule of Civil Procedure 24(a)(2), IBM is entitled to intervene as of right. Rule 24(a)(2) provides "the court *must* permit" intervention if: (1) the application is "timely," (2) the applicant "claims an interest relating to the property or transaction that is the subject of the action," (3) the applicant "is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest," and (4) the applicant's interest may not be "adequately represent[ed]" by the existing parties. Fed. R. Civ. P. 24(a)(2) (emphasis added).[2] These "requirements are broadly interpreted in favor of intervention." *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006). IBM's motion should be granted because it satisfies all four requirements.

#### A. IBM's Motion Is Timely

When determining the timeliness of a motion to intervene, courts must

---

[2] Although this case involves claims of patent infringement, Ninth Circuit law applies because this matter is not unique to patent law. *See Ericsson, Inc. v. Interdigital Commc'ns Corp.*, 418 F.3d 1217, 1220-21 (Fed. Cir. 2005).

consider (1) the stage of the proceeding at which the applicant seeks to intervene, (2) whether there is an adequate explanation for any delay, and (3) the "presence or absence of prejudice to other parties in connection with the proposed intervention." *Smith v. Marsh*, 194 F.3d 1045, 1050-52 (9th Cir. 1999). The "[m]ere passage of time alone is not determinative" on this issue. *Id.* at 1051 (citing *Orange Cty. v. Air California*, 799 F.2d 535, 537 (9th Cir. 1986)). Indeed, in the injunction context, decades may pass before parties affected by an injunction may determine it is necessary for them to intervene. *See, e.g., Southern Pacific Co. v. City of Portland*, 221 F.R.D. 637 (D. Or. 2004) (permitting residents in area affected by injunction to intervene in 50-year-old case because they had no need to enforce injunction until that time, and because there was no prejudice to the parties). Even in such situations, a motion to intervene will be considered timely if the movant demonstrates that the facts only recently established the need to intervene. *See generally id.*

   Here, of course, it is unquestionable that IBM moves to intervene in the final stages of the litigation. The need for this intervention, however, did not become apparent until recently. Until that point, IBM participated in the discovery mandated by the Sunset Provision in good faith, explained the facts necessary to warrant inclusion in Appendix A of the Sunset Provision, directly met and conferred with Broadcom and Emulex's counsel in order to abide by the Sunset Provision, and, in fact, provided more discovery than any other Emulex customer. Nevertheless, Broadcom has *not* sought to exclude those other Emulex customers from the Sunset Provision because of the side-agreements Broadcom reached with them. IBM thus had no reason to believe that it would be necessary to participate in this lawsuit until Broadcom filed its Motion, an action that changed the landscape and necessitated this limited intervention.

   Indeed, the limited nature of the intervention IBM seeks—*i.e.*, the right to respond to the Motion—demonstrates there is no prejudice to any party.

Broadcom's Motion proceeds from documents and information that IBM itself provided to Emulex and Broadcom, and it is not prejudicial for a party to receive opposition briefs from the entities that will be directly affected by proposed Court action. Further, Broadcom seeks to exclude *only* IBM's products from the Sunset Provision. Granting intervention here will not open the flood gates or invite further intervention requests from any other party. Instead, the Court will ensure that the only party who will be affected by the Motion—IBM—is permitted to weigh in on the request and seek to protect its contractual rights.

For these reasons, IBM's request to intervene is timely, thus establishing the first prong of the intervention as of right test.

**B. IBM Has a Protectable Interest in this Litigation**

Whether a movant "demonstrates sufficient interest in an action" to support intervention "is a 'practical, threshold inquiry,' and '[no]specific legal or equitable interest need to be established." *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 836 (9th Cir. 1996) (quoting *Greene v. United States*, 996 F.2d 973, 976 (9th Cir. 1993)). The movant must "establish that the interest is protectable under some law and that there is a relationship between the legally protected interest and the claims at issue." *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011). "An applicant demonstrates 'a significantly protectable interest' when 'the injunctive relief sought by plaintiffs will have direct, immediate, and harmful effects upon a third party's legally protectable interests.'" *Southwest Ctr. For Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001) (quoting *Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1494 (9th Cir. 1995), *abrogated on other grounds*, *Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011)). The Ninth Circuit has "recognized that contract rights are traditionally protectable interests." *Sequoia Forestkeeper v. U.S. Forest Serv.*, 2008 WL 324013, at *3 (E.D. Cal. Feb. 5, 2008) (citing *Berg*, 268 F.3d at 820); *see also Maclellan Ind. Servs. v. Local Union No. 1176*, 2006 WL 2884410, at *5 (N.D.

1 | Cal. Oct. 10, 2006) (finding that proposed intervenor asserted significantly
2 | protectable interest where contract rights would be affected by suit's outcome).
3 |      Here, there is no real dispute that IBM has a protectable interest in the
4 | litigation. IBM and Emulex entered into various contracts whereby Emulex agreed
5 | it would provide IBM with Enjoined Products at IBM's request. If Broadcom
6 | succeeds in its Motion, IBM—the only party Broadcom singled out in the Sunset
7 | Provision process—will be denied its rights under these contracts, thus negatively
8 | affecting IBM's protectable interests. Moreover, the Court itself previously noted
9 | that the purpose of the Sunset Provision was to ameliorate the effects on third party
10 | customers since replacing Emulex's chips was not an easy or straightforward task,
11 | and, specifically, the cessation of Emulex's devices would cause hardship to IBM by
12 | preventing it from meeting current and future customer needs. (Dkt. 1090 at 13-
13 | 18.) Accordingly, IBM satisfies this prong of the intervention as of right test. *See*
14 | *Berg*, 268 F.3d at 820; *Maclellan*, 2006 WL 2884410, at *5.

15 |     **C.**    **Disposition of this Case Will Impair or Impede IBM's Ability to**
16 |            **Protect Its Interest**

17 |      "If an absentee would be substantially affected in a practical sense by the
18 | determination made in an action, he should, as a general rule, be entitled to
19 | intervene...." Fed. R. Civ. P. 24 (Advisory Committee Notes). In the injunction
20 | context, such rights are clearly impaired if a party that may be affected by the
21 | proposed injunction is denied "any opportunity to argue the propriety of, or limit the
22 | scope of, the injunctive relief sought." *Forest Conservation Council*, 66 F.3d at
23 | 1498; *see also Greater Yellowstone Coalition v. Timchak*, 2008 WL 491141, at *4
24 | (D. Idaho Nov. 13, 2008) ("Unless made a party, a proposed intervenor cannot
25 | protect its interests by arguing against the propriety or scope of an injunction.").
26 |      Similar to the protectable interest inquiry, there can be no real dispute that,
27 | absent intervention, IBM's ability to protect its interests may be impaired by this
28 | case. The Motion itself demonstrates this fact. Broadcom seeks to exclude IBM

from the Sunset Provision, thus preventing IBM from securing Emulex Enjoined Products throughout the end of the Sunset Period. (*See* Motion at 9-20.) This is in direct contrast to every other Emulex customer listed in Appendix A, all of whom Broadcom permitted to remain on the Sunset Provision list without complaint. Even if IBM had not been singled out, the overall attempt to exclude it from the Sunset Provision directly relates to the propriety and scope of the injunction, and, "in a practical sense," clearly affects IBM's interests, including its protectable contract rights. Thus, the facts establish that IBM satisfies this prong of the intervention as of right test.

### D. Emulex Does Not Adequately Represent IBM's Interests

"The burden of showing inadequacy of representation is 'minimal' and satisfied if the applicant can demonstrate that representation of interests 'may be' inadequate." *Citizens for Balanced Use*, 647 F.3d at 898 (quoting *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003)). Three factors are relevant to this "minimal" showing: "(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Arakaki*, 324 F.3d at 1086.

While Emulex may be able to advocate for some of IBM's interests, it cannot adequately represent all of them as they pertain to Broadcom's Motion. As stated earlier, Broadcom's Motion centers around IBM-specific facts, documents, and business procedures. Although Emulex may have some insight into the "qualification" and firm order processes IBM employs for its products – *i.e.*, the focus of Broadcom's argument – Emulex certainly does not have the same grasp of the relevant facts as IBM, and cannot speak to that which occurs ***within the walls of IBM***. For that reason alone, Emulex cannot possibly adequately represent IBM's interests in responding to Broadcom's Motion. .

IBM's unique position vis-à-vis every other OEM customer in this litigation also demonstrates that it is the only entity that can adequately respond to Broadcom's Motion. Broadcom singles IBM out and seeks to exclude IBM's products from the Sunset Provision. No party to the litigation has an interest in IBM's products such that they would "undoubtedly" make IBM's arguments against the Motion. Further, IBM, as the party who provided the information that Broadcom decries in its Motion, is the only party that is properly situated to provide the necessary context and counterarguments to oppose the Motion. For these reasons, IBM satisfies the "minimal" showing required for this prong of the intervention as of right standard.

## II. IN THE ALTERNATIVE, THE COURT SHOULD GRANT IBM PERMISSION TO INTERVENE UNDER RULE 24(B)

IBM also satisfies the requirements for permissive intervention under Fed. R. Civ. P. 24(b)(1). Under Rule 24(b)(1), "[o]n timely motion, the court may permit anyone to intervene who: … (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). To determine whether to grant permissive intervention, a court should consider, "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Intervention under "Rule 24(b) does not require the potential intervenor to demonstrate a 'significant protectable interest.'" *Nikon Corp. v. ASM Lithography B.V.*, 222 F.R.D. 647, 651 (N.D. Cal. 2004) (quoting *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1107-08 (9th Cir. 2002)).

### A. IBM's Motion Is Timely

As explained above, IBM's motion is timely. Although the parties are in the final stages of this litigation, IBM has had to face, for the first time, a situation in which its products are the only OEM products called into question, and the facts surrounding Broadcom's motion cannot be adequately represented by Emulex on

behalf of a larger, collective group of Emulex customers. While Emulex may be able to advocate for some of IBM's interests, it cannot adequately represent all of them as they pertain to Broadcom's Motion. Broadcom does not challenge any other Emulex customer's right to remain on Appendix A to the Sunset Provision, and, at this point, IBM is in the best position to respond to Broadcom's IBM-specific motion. Given the limited nature of IBM's request, there will also be no prejudice to the parties since IBM merely seeks to respond to the Motion.

### B. There Is a Common Question of Law and Fact Between IBM's Claim and the Main Action

Similarly, the purpose for which IBM seeks intervention overlaps substantially with the only remaining question of fact in this case. Specifically, literally the only question pending before the Court is whether IBM's products should be excluded from Appendix A to the Sunset Provision. IBM seeks to intervene in order to directly respond to this issue because the facts upon which Broadcom relies in its Motion are derived from IBM documents and information. As discussed previously, no other party is in a position to adequately advocate or protect IBM's interests, and no other party has access to the same facts necessary for an adequate response to the Motion. The common questions between IBM's request to intervene and the overall case is thus clear.

Further, permitting IBM to intervene will not delay or prejudice the adjudication of the dispute because all IBM seeks is to respond to a pending motion (which is likely to be the final substantive motion of this case). Since the dispute has, of course, already been largely resolved, IBM's intervention will simply provide a complete record on which to decide this final issue. Accordingly, permissive intervention is appropriate.

## III. THE COURT SHOULD STAY BRIEFING AND ARGUMENT ON BROADCOM'S MOTION UNTIL IT RENDERS A DECISION ON IBM'S MOTION TO INTERVENE

On the current schedule, any responses to Broadcom's Motion are due on September 24, 2012. Given that IBM is not a party—yet it seeks to be one for the limited purpose of responding to the Motion—the relief IBM requests via its intervention motion will be moot if the Court does not extend the current Motion briefing and argument schedule. By ordering the requested schedule extension, the Court will ensure that the exclusion issue is fully addressed by all parties that are potentially affected by Broadcom's Motion. Further, Broadcom will not suffer any prejudice since (a) it has only moved to exclude IBM, the party seeking intervention, from the Sunset Provision; and (b) Broadcom's side agreements with other OEM Emulex customers ensure that Emulex's products will continue to be sold on the market during the Sunset Period.[3] The short delay IBM requests vis-à-vis its intervention motion will thus not affect the competitive landscape in any meaningful way except to preserve IBM's right to object to exclusion from a Sunset Provision the Court entered specifically for, *inter alia*, avoiding undue harm to third party OEMs.

## FED. R. CIV. P. 24(C) PLEADING

Pursuant to Federal Rule of Civil Procedure 24(c), IBM adopts by reference Emulex's Answer in this matter (Dkt. 96) to the extent it addresses Broadcom's request for a permanent injunction (at ¶ 101), and as that denial applies to the propriety of excluding IBM from the Sunset List.

---

[3] Indeed, in a September 11 meet and confer between Broadcom and IBM regarding this motion, Broadcom informed IBM and Emulex that it would independently seek a stay of briefing on both this motion and the exclusion motion if IBM moved to intervene at least until October 8, 2012.

## CONCLUSION

For the foregoing reasons, IBM respectfully submits that its motion to intervene, either as of right or by permission, should be granted, and that, until the Court renders an order on the motion to intervene, it stay briefing and argument on Broadcom's Motion.

DATED: September 12, 2012

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: /s/ Robert W. Stone /AR
Robert W. Stone
Adam B. Wolfson

Of Counsel:
Richard I. Werder, Jr. (*pro hac vice to be filed*)
Alexander Rudis (*pro hac vice to be filed*)

Attorneys for Proposed Intervenor
International Business Machines Corporation

-11-
IBM'S MOTION TO INTERVENE AND MOTION TO STAY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| BROADCOM CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>EMULEX CORPORATION,<br><br>Defendant.<br><br>And Related Counterclaims | CASE No. SACV09-1058 JVS (ANx)<br>consolidated SACV 10-03963-JVS (ANx)<br><br>**[PROPOSED] ORDER GRANTING INTERNATIONAL BUSINESS MACHINES CORPORATION'S MOTION TO STAY BRIEFING AND ARGUMENT ON BROADCOM'S MOTION TO EXCLUDE PENDING IBM'S MOTION TO INTERVENE**<br><br>Date:  October 15, 2012<br>Time:  1:30 PM<br>Place:  Courtroom 10C<br>Judge:  Hon. James V. Selna |

Before the Court is the Motion of International Business Machines Corporation ("IBM") requesting the Court enter an Order to stay briefing and argument on Broadcom's August 28, 2012 Motion to exclude certain products from the sunset provision pending a decision from the Court on IBM's Motion to Intervene in this case. Having considered the matter, the Court grants the Motion and hereby stays briefing and argument on Broadcom's August 28, 2012 Motion to exclude certain products from the sunset provision pending a decision from the Court on IBM's Motion to Intervene.

Dated: _____

                                                Hon. James V. Selna<br>
                                                United States District Judge

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| BROADCOM CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>EMULEX CORPORATION,<br><br>Defendant.<br><br>And Related Counterclaims | CASE No. SACV09-1058 JVS (ANx)<br>consolidated SACV 10-03963-JVS (ANx)<br><br>[PROPOSED] ORDER GRANTING INTERNATIONAL BUSINESS MACHINES CORPORATION'S MOTION TO INTERVENE AND TO STAY BRIEFING AND ARGUMENT ON BROADCOM'S MOTION TO EXCLUDE PENDING IBM'S MOTION TO INTERVENE<br><br>Date: October 15, 2012<br>Time: 1:30 PM<br>Place: Courtroom 10C<br>Judge: Hon. James V. Selna |

Before the Court is the Motion of International Business Machines Corporation ("IBM") requesting the Court enter an Order granting IBM's intervention in this case for the limited purpose of responding to Broadcom's August 28, 2012 Motion to exclude certain products from the sunset provision. Having considered the matter, the Court grants the Motion and hereby Orders that IBM may intervene in this case for the limited purpose of responding to Broadcom's August 28, 2012 Motion to exclude certain products from the sunset provision.

Dated: _____

                                                          _____
                                                          Hon. James V. Selna
                                                          United States District Judge

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and forgoing document has been served on September 12, 2012 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civ. L.R. 5-3.3. Any other counsel of record will be served by U.S. mail or hand delivery.

By: _____
Marjan Nassiri