Juanita R. Brooks (SBN 75934)
 *brooks@fr.com*
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

*(Additional counsel listed on signature page)*

Attorneys for Defendant and Counterclaimant
EMULEX CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

(SOUTHERN DIVISION)

| | |
|---|---|
| BROADCOM CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>EMULEX CORPORATION,<br><br>    Defendant.<br><br>And Related Counterclaims | Case No. CV 09-1058-JVS (ANx)<br><br>consolidated with CV 10-3963 JVS (ANx)<br><br>**DEFENDANT EMULEX CORPORATION'S RESPONSE TO BROADCOM'S EX PARTE APPLICATION FOR TEMPORARY STAY OF BRIEFING ON ITS MOTION TO EXCLUDE AND ON IBM'S MOTION TO INTERVENE**<br><br>Hon. James V. Selna |

In the last two days, IBM and Broadcom have each submitted requests to this Court asking that it stay the briefing of Broadcom's August 28, 2012 Motion to Exclude certain IBM products from the sunset provision of the injunction (Dkt. No. 1245). Emulex does not oppose staying the briefing of Broadcom's Motion to Exclude IBM in order that Broadcom and IBM may have time to negotiate a solution. However, for the reasons described below, Emulex respectfully requests that briefing on IBM's September 12, 2012 Motion to Intervene be allowed to proceed without a stay.

In IBM's September 12, 2012 Motion to Intervene, IBM requested that the briefing on Broadcom's Motion to Exclude be stayed pending a decision from the Court as to whether IBM would be allowed to intervene. As IBM is moving to intervene for the sole purpose of responding to Broadcom's Motion to Exclude IBM products, the parties and the Court will benefit from knowing in advance whether IBM's briefing and argument will be heard and considered in opposition to Broadcom's Motion. Emulex supports this proposal.

Broadcom's competing proposal would extend the parties' uncertainty as to whether IBM's arguments will ultimately be heard. Broadcom's September 13, 2012 Ex Parte Application for Temporary Stay of Briefing (D.I. 1254) proposes instead a uniform two-week stay for briefing on both Broadcom's Motion to Exclude and IBM's Motion to Intervene. This would result in the two motions being briefed and heard in parallel, which Emulex opposes. Broadcom's proposal would cause the strange result that at the time that opposition briefs were due, and even up to and during the hearing on the Motion to Exclude IBM, the parties would still not know whether IBM's brief opposing its exclusion from the sunset list would be considered by the Court. Broadcom's suggestion that IBM might be allowed to lodge, but not file, opposition briefs would do nothing to relieve this uncertainty and confusion. Emulex agrees with IBM that it makes more sense for the Motion to Intervene be decided *before* briefing on the Motion to Exclude proceeds.

As IBM explained in its Motion to Intervene, among all the Emulex customers with products on the sunset list, IBM alone has been singled out by Broadcom for exclusion from the list. IBM was also singled out by Broadcom for sunset-related discovery well in excess of that requested from any other Emulex customer. For example, Emulex has been working with OEM customers to provide Broadcom with documents that establish compliance with sunset criteria. For most customers, this amounted to less than a few dozen documents. However, IBM was pressured to collect and produce thousands of pages of documents. IBM was also the only Emulex OEM customer required to produce a witness for deposition during the sunset-related discovery period. Having been singled out by Broadcom for excess discovery, deposition, and now potential exclusion from the sunset list, IBM should have the opportunity to oppose Broadcom's efforts to exclude it from the sunset list, or at least, to be heard regarding its request to intervene before any opposition briefs on Broadcom's Motion to Exclude IBM are due.

As IBM explained in its Motion to Intervene, Broadcom's Motion to Exclude IBM focuses on "IBM-specific facts, documents, and business procedures." Although this litigation has provided Emulex's counsel with access to documents produced by IBM under the Protective Order, those documents are IBM internal documents and IBM's own counsel have deeper knowledge of and better access to the detailed information needed to respond. Emulex's counsel does not represent IBM, and cannot consult with IBM employees to prepare a response in the same way that IBM's counsel can. Moreover, Broadcom has not, and simply cannot articulate any prejudice that would occur if the Court were to consider IBM's arguments. Certainly, more information, explained by the entity with the greatest information on it, can only assist the Court in evaluating the documents, declaration, and deposition testimony from IBM. Broadcom cannot be heard to complain about any additional time involved in considering IBM's arguments since Broadcom itself

2

CASE NO. CV 09-1058-JVS (ANx)

1 has stated in several filings that it is seeking to push the hearing date out beyond the
2 normal briefing schedule for its own business reasons.
3       For these reasons, it is clear that IBM's own counsel are best situated to
4 protect IBM's interests, and IBM should be granted the opportunity to request
5 intervention for the limited purpose of opposing Broadcom's Motion to Exclude
6 IBM. Accordingly, Emulex requests that the Court allow briefing to proceed with
7 respect to IBM's Motion to Intervene, and requests that the Court stay briefing on
8 Broadcom's Motion to Exclude IBM until after IBM's Motion to Intervene is
9 decided.

11 Dated: September 14, 2012                     FISH & RICHARDSON P.C.
12                                               By: /s/ Erin C. Jones
                                                     Erin C. Jones

14                                               Attorneys for Defendant and
                                                 Counterclaimant
                                                 EMULEX CORPORATION

16 *Additional Counsel*

17 David M. Barkan (SBN 160825)
     barkan@fr.com
18 Jonathan J. Lamberson (SBN 239107)
     lamberson@fr.com
19 Erin C. Jones (SBN 252947)
     ejones@fr.com
20 FISH & RICHARDSON P.C.
   500 Arguello Street, Suite 500
21 Redwood City, California 94063-1526
   Telephone: (650) 839-5070
22 Facsimile: (650) 839-5071

23 Joseph V. Colaianni, Jr. (*pro hac vice*)
     colaianni@fr.com
24 FISH & RICHARDSON P.C.
   1425 K Street, N.W., 11th Floor
25 Washington, DC 20005
   Telephone: (202) 783-5070
26 Facsimile: (202) 783-2331

3

|    |                                                      |
|----|------------------------------------------------------|
| 1  | Thomas H. Reger II (*pro hac vice*)                  |
| 2  | reger@fr.com<br>FISH & RICHARDSON P.C.               |
| 3  | 1717 Main Street, Suite 5000<br>Dallas, Texas 75201  |
| 4  | Telephone: (214) 747-5070<br>Facsimile: (214) 747-2091 |
| 5  | Wasif H. Qureshi (*pro hac vice*)                    |
| 6  | qureshi@fr.com<br>FISH & RICHARDSON P.C              |
| 7  | One Houston Center<br>1221 McKinney Street, 28th Floor |
| 8  | Houston, Texas 77010<br>Telephone: (713) 654-5300    |
| 9  | Facsimile: (713) 652-0109                            |
| 10 | 50865618.doc                                         |

4

CASE NO. CV 09-1058-JVS (ANx)

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on September 14, 2012 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civ. L.R. 5-3.3. Any other counsel of record will be served by U.S. mail or hand delivery.

By: */s/ Erin C. Jones*
Erin C. Jones

50865618.doc