Juanita R. Brooks (SBN 75934)
*brooks@fr.com*
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, California 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

David M. Barkan (SBN 160825)
*barkan@fr.com*
Jonathan J. Lamberson (SBN 239107)
*lamberson@fr.com*
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, California 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Attorneys for Defendant and Counterclaimant
EMULEX CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

(SOUTHERN DIVISION)

BROADCOM CORPORATION,

Plaintiff,

v.

EMULEX CORPORATION,

Defendant.

And Related Counterclaims

Case No. CV 09-1058-JVS (ANx)

consolidated with CV 10-3963 JVS (ANx)

**EMULEX'S MOTION TO COMPEL DISCLOSURE OF SUNSET LICENSE AGREEMENTS**

Date: April 8, 2013
Time: 1:30 p.m.
Place: Courtroom 10C
Judge: Hon. James V. Selna

## I. INTRODUCTION

Emulex respectfully requests that the Court compel Broadcom to disclose and produce any and all licenses or agreements that it entered into with third parties authorizing purchases of the enjoined Emulex products. Emulex must know the terms upon which Broadcom granted such licenses, for several reasons. First,

Emulex must know the terms under which customers can continue receiving shipments of the enjoined products. Second, Emulex and the Court should be able to consider whether the injunction should be modified in light of these agreements. Third, the agreements may be relevant to the damages claimed in the upcoming retrial, currently scheduled for November 2013. Broadcom has refused to produce these agreements voluntarily, despite the fact that at least third parties [REDACTED] have consented to production of the agreements on an outside counsel only basis. For the reasons discussed below, Emulex's motion should be granted, and the Court should order Broadcom to produce these agreements to Emulex.

**II. STATEMENT OF FACTS**

Following a jury trial, this Court entered a permanent injunction on April 3, 2012, which was immediately effective except for a sunset provision that applied to a subset of products. (*See* Docket No. 1095.)

In June of 2012, Broadcom proposed, and the Court entered, an amendment to the injunction providing: "Nothing in this Permanent Injunction shall prohibit the Enjoined Parties from engaging in activities that are expressly authorized in writing by Broadcom. Such activities shall be specifically described in an Appendix to this Injunction." (*See* Docket No. 1199.) At the same time, Broadcom filed notices stating that it had authorized [REDACTED] Hewlett-Packard ("HP") to continue purchasing parts from Emulex during the Court-imposed sunset period, including parts that Broadcom had previously argued did not qualify for the Court's sunset list. (*See* Docket Nos. 1192, 1217.)

In July of 2012, Broadcom and Emulex entered into a settlement and license agreement that authorized Emulex to make and sell its fibre channel products, including the enjoined Lancer and SOC 442 products. (Docket No. 1235.)

In August through October of 2012, Broadcom and Emulex engaged in extensive discovery and motion practice [REDACTED] [REDACTED]. On October 22, 2012, Broadcom withdrew its motion to exclude

. (Docket No. 1272.) On December 21, 2012, Broadcom filed a notice stating that it has authorized IBM "to undertake certain activities relating to certain infringing and enjoined activities of Defendant Emulex Corporation." (Docket No. 1275.)

After the sunset list was finalized, Emulex requested that Broadcom produce "any and all licenses or agreements between Broadcom and any third party (including OEMs) for any of the patents or products involved in this lawsuit." (*See* Lamberson Decl. Ex. 1 [11/8/2012 Lamberson e-mail to Teran].) However, after several e-mail exchanges and phone calls, Broadcom has indicated that it would not voluntarily produce these agreements.

**III. ARGUMENT**

Broadcom's OEM licenses are relevant and should be produced for several reasons.

First, in order to conduct its business, Emulex must know the terms upon which its customers can continue purchasing its products.

[redacted] None of this necessary detail is found in the notices Broadcom filed with the Court.

Second, Emulex and the Court must understand whether the injunction should be amended or modified in light of Broadcom's licensing activities. This Court has broad discretion in shaping the form of injunctive relief. *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 394 (2006) ("the decision whether to grant or deny injunctive relief rests within the equitable discretion of the district courts, and that such discretion must be exercised consistent with traditional principles of equity, in patent disputes no less than in other cases governed by such standards"). Pursuant to Section VIII of the Second Amended Injunction, the Court "retains jurisdiction to enforce, modify, extend, or terminate this Permanent Injunction as the equities may require upon a proper showing." Docket No. 1236; *see also Crawford v. Honig*, 37 F.3d 485, 488 (9th Cir. 1994) ("district courts have continuing jurisdiction to enforce their injunctions"). Any decision that the Court makes concerning the prospective scope or application of the injunction should be informed by all relevant facts, and guided by sound principles of equity. *See, e.g., Apple, Inc. v. Samsung Elecs. Co.*, 2012 U.S. Dist. LEXIS 166724 (N.D. Cal. November 21, 2012) (ordering production of license agreement in permanent injunction proceeding).

As just one example of a provision that the Court may wish to modify in light of the Broadcom license agreements, the Court previously prohibited Emulex from selling the enjoined products to distributors largely based on concern about the diversion of distributor parts to OEM customers. (Docket No. 1174.) If the major OEMs are now licensed, the Court may wish to modify the injunction to again allow for distributor sales, since there is little risk that parts would be diverted to an OEM

not already licensed. It is also possible the Court may wish to make more significant modifications to the injunction, given the broad scope of Broadcom's licensing activities, which cut against Broadcom's earlier arguments that allowing such sales would cause Broadcom "irreparable harm." The Court, however, cannot conduct a full analysis without knowing the terms of the licensing agreements.

Third, these agreements may be relevant to the damages claimed in the upcoming retrial, currently scheduled for November 2013. For example, it is possible that Broadcom granted fully paid up licenses to any patents that cover the accused BE2 and BE3 products, which would exhaust Broadcom's ability to seek damages for these sales in the retrial. *See Quanta Computer, Inc. v. LG Elecs., Inc.*, 553 U.S. 617 (2008). Also, the royalty rates that Broadcom and third parties agreed to for the '150 patent may be relevant to Broadcom's damages claims for the Hairapetian patent family. (*Cf.* Docket No. 990 at 7-10 (addressing the relevance of the Alacritech license).)

Broadcom has objected that the license agreements contain confidential information. First, as noted above, [REDACTED] Second, the Court has entered a Protective Order (Docket No. 57), and Emulex has agreed to treat the production of any licenses as "Outside Attorneys' Eyes Only," which should satisfy Broadcom's confidentiality concerns. *C.f. Apple v. Samsung*, 2012 U.S. Dist. LEXIS 166724 at *16.

Because these license agreements are relevant for several reasons, and because Broadcom has not raised any claim of prejudice or any other evidentiary bar to their production, the Court should order Broadcom to immediately produce any such agreements.

## IV. CONCLUSION

For the reasons above, the Court should order Broadcom to disclose and produce any and all licenses or agreements that it has entered into with third parties authorizing purchases of the enjoined Emulex products.

Dated: March 4, 2013

FISH & RICHARDSON P.C.

By: ________________________
Jonathan J. Lamberson

Attorneys for Defendant and Counterclaimant
EMULEX CORPORATION

50886971.doc